1    RUSSELL J. FRACKMAN (SBN 49087), rjf@msk.com
     ALEXA L. LEWIS (SBN 235867), all@msk.com
2    MITCHELL SILBERBERG & KNUPP LLP
     11377 West Olympic Boulevard
3    Los Angeles, California 90064-1683
     Telephone: (310) 312-2000
4    Facsimile: (310) 312-3100
     Attorneys for Certain Defendants
5

6    DAVID H. STERN (SBN 196408)
     dstern@sonnenschein.com
7    A. VIOLET WALLACH (SBN 233651)
     vwallach@sonnenschein.com
8    SONNENSCHEIN NATH & ROSENTHAL LLP
     601 South Figueroa Street, Suite 2500
9    Los Angeles, California 90017-5704
     Telephone: (213) 623-9300
10   Facsimile: (213) 623-9924
     Attorneys for Certain Defendants

11                 UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13   Osama Ahmed Fahmy, | CASE NO. CV 07-05715-CAS (Ex) |
| 14          Plaintiff, | The Honorable Christina A. Snyder |
| 15          v. | **NOTICE OF MOTION AND MOTION OF CERTAIN DEFENDANTS TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 16   Jay-Z (aka Shawn Carter), Timothy | |
| 17   Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave | |
| 18   Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, | Date:         December 10, 2007 |
| 19   Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., | Time:        10:00 a.m. <br> Ctrm:        5 |
| 20   Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, | |
| 21   LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., | |
| 22   Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., | |
| 23   Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A- | |
| 24   Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, | |
| 25   Inc., Universal Music and Video Distribution, Inc., and Warner Music | |
| 26   Inc., | |
| 27         Defendants. | |

1

# **TABLE OF CONTENTS**

2

**Page(s)**

3   Preliminary Statement ................................................................. 3

4   Facts .......................................................................................... 3

5   Argument .................................................................................... 7

6   I.  BECAUSE NONPARTY EMI MUSIC ARABIA IS AN
    INDISPENSABLE PARTY, BUT CANNOT BE JOINED,
7   DISMISSAL IS REQUIRED UNDER FEDERAL RULES OF
    CIVIL PROCEDURE 12(b)(7) AND 19 ...................................... 7

8       A.  Pursuant to Rule 19(a), EMI Music Arabia Is A
9           Necessary Party. ......................................................... 8

10          1.  Complete Injunctive Relief Cannot Be Accorded
                Among Those Already Parties ................................. 9
11
            2.  EMI Music Arabia Has A Legally Protected
12              Interest In *Khosara Khosara* ................................ 10

13      B.  EMI Music Arabia Is An Indispensable Party Pursuant to
            Rule 19(b) ................................................................. 11
14
    II. IF THIS COURT DOES NOT DISMISS THE COMPLAINT
15      IN ITS ENTIRETY, PLAINTIFF'S FOURTH CLAIM FOR
        RELIEF, FOR UNFAIR COMPETITION, IS PREEMPTED
16      BY THE COPYRIGHT ACT. ................................................ 13

17  Conclusion ................................................................................ 17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP
28

1650355.4

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

# **FEDERAL CASES**

4

Compco Corp. v. Day-Brite Lighting, Inc.,

5

    376 U.S. 234 (1964) ................................................................. 16

6

Confederated Tribes v. Lujan,

7

    928 F.2d 1496 (9th Cir. 1990) ........................................... 9, 12

8

Cooper v. Digital Processing Systems, Inc.,

9

    182 F.R.D. 242 (N.D.Ohio 1998) ........................................... 7

10

Del Madera Properties v. Rhodes & Gardner, Inc.,

    820 F.2d 973 (9th Cir. 1987) .......................................... 13, 15

11

Endemol Entertainment B.V. v. Twentieth Television, Inc.,

12

    48 U.S.P.Q. 2d 1524 (C.D. Cal. 1998)............................ 13, 15

13

Fisher v. Dees,

14

    794 F.2d 432 (9th Cir. 1986) ................................................ 15

15

Hotvela Traditional Elders v. Indian Health Services,

16

    1 F.Supp.2d 1022 (D. Arizona 1997) ................................... 10

17

Kodakek v. MTV Networks, Inc.,

18

    152 F.3d 1209 (9th Cir. 1998) .............................................. 14

19

Lopez v. Martin Luther King, Jr. Hosp.,

20

    97 F.R.D. 24 (C.D. Cal. 1983) ............................................... 8

21

Los Angeles News Service v. Audio Video Reporting Services,

    1990 WL 456577 (C.D. Cal. 1990)...................................... 15

22

May Apparel Group, Inc. v. Ava Import-Export, Inc.,

23

    902 F.Supp. 93 (M.D.N.C. 1995).......................................... 8

24

MGIC Indemnity Corp. v Weisman,

25

    803 F.2d 500 (9th Cir. 1986) ............................................. 4, 6

26

Motown Records Corporation v. George A. Hormel & Co.,

27

    657 F.Supp. 1236 (C.D. Cal. 1987)...................................... 15

28

Mitchell
Silberberg &
Knupp LLP

1650355.4

ii

1

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

Night Hawk Ltd. v. Briarpatch Ltd., L.P.,
   2003 WL 23018833 (S.D.N.Y. 2003) ........................................ 11

Scott v. Kuhlmann,
   746 F.2d 1377 (9th Cir. 1984) ............................................. 4, 6

Scott v. Paramount Pictures Corp.,
   449 F. Supp. 518 (D.D.C. 1978) ............................................ 11

Tracfone Wireless, Inc. v. US/Intelicom, Inc.,
   202 F.R.D. 321 (S.D.Fla. 2001) ............................................. 7

Whitney, Atwood, Norcross Associates Inc. v. Architects
      Collaborative,
   18 U.S.P.Q.2d 1243 (D. Mass. 1991) ....................................... 11

Xerox Corporation v. Apple Computer, Inc.,
   734 F.Supp. 1542 (N.D. Cal. 1990) ........................................ 14

Yellowstone County v. Pease,
   96 F.3d 1169 (9th Cir. 1996) ............................................... 9

## FEDERAL STATUTES

Copyright Act, 17 U.S.C.,
      §§ 102, 103 ............................................................. 13
      § 102(a)(2) ............................................................. 14
      § 102(a)(5) ............................................................. 15
      § 106 .................................................................... 13
      §§ 106, 106a ........................................................... 16
      § 301 ............................................................... 13, 14, 16
      § 301(a) ................................................................ 13
      § 301(e) ................................................................ 16

Mitchell
Silberberg &
Knupp LLP

1650355.4

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

# STATE STATUTES

Cal. Bus. & Prof. Code § 17200 ................................................................ 7, 14, 15

California Civil Code § 3344.1 ................................................................ 16

# RULES

Federal Rules Of Civil Procedure
    Rule 12(b)(7) ................................................................ 7
    Rule 19 ................................................................ 7, 8
    Rule 19(a) ................................................................ passim
    Rule 19 (a)(1) ................................................................ 9
    Rule 19 (a)(2) ................................................................ 10
    Rule 19(b) ................................................................ 7, 11, 12

# OTHER AUTHORITIES

4 Moore's Federal Practice
    § 19.03[1] (3d ed 1998) ................................................................ 8

M. Nimmer, D. Nimmer, *Nimmer On Copyright*,
    § 12.03 (2000) ................................................................ 11

U.S. Constitution,
    Article I, Section 8, Clause 8 ................................................................ 16

Mitchell
Silberberg &
Knupp LLP

1650355.4

**TO ALL PARTIES AND THEIR COUNSEL:**

PLEASE TAKE NOTICE that on December 10, 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Christina A. Snyder, District Judge for the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, Kenji Kobayashi Music, Machine Shop Recordings LLC, Nondisclosure Agreement Music, Rob Bourdon Music, Warner Music, Inc., UMG Recordings, Inc., Roc-A-Fella Records, LLC, Universal Music & Video Distribution Corp., MTV Networks Enterprises, Inc., Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Timbaland Productions, Inc., Shawn Carter, Timothy Mosley and EMI Blackwood Music Inc. (collectively, the foregoing are referred to as "Defendants"), will and hereby do move this Court for an order dismissing the Complaint.

This motion is made pursuant to Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure, on the following grounds:  (1) EMI Music Arabia, Inc., a necessary and indispensable party, was not named as a defendant, and cannot be joined due to lack of personal jurisdiction; and, alternatively, (2) Plaintiff's claim for unfair competition is preempted by the Copyright Act.

This motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on November 12, 2007, and is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Request for Judicial Notice, the papers and pleadings on file in this action, any

1   further reply Defendants may make, and any argument or evidence presented prior

2   to or at the hearing on this motion.

3

4   DATED: November 19, 2007     RUSSELL J. FRACKMAN
                                  ALEXA L. LEWIS

5                                     MITCHELL SILBERBERG & KNUPP LLP

6

7                               By:   /s/ Alexa L. Lewis

8                                 Alexa L. Lewis
                                Attorneys for Defendants Rob Bourdon, Brad

9                                 Delson, Mike Shinoda, Dave Farrell, Joseph
                                Hahn, Chester Bennington, Big Bad Mr. Hahn

10                                 Music, Chesterchaz Publishing, Kenji
                                Kobayashi Music, Machine Shop Recordings

11                                 LLC, Nondisclosure Agreement Music, Rob
                                Bourdon Music, Warner Music, Inc., UMG

12                                 Recordings, Inc., Roc-A-Fella Records, LLC,
                                Universal Music & Video Distribution Corp.,

13                                 MTV Networks Enterprises, Inc., Paramount
                                Home Entertainment, Inc., and Paramount

14                                 Pictures Corporation

15

16   DATED:  November 19, 2007     SONNENSCHEIN NATH & ROSENTHAL LLP

17

18                               By:   /s/ David H. Stern
                                David H. Stern

19                                 Attorney for Defendants Timbaland
                                Productions, Inc., Shawn Carter, Timothy

20                                 Mosley and EMI Blackwood Music Inc.

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

1650355.4

## **Preliminary Statement**

This lawsuit follows on the heels of the recently dismissed related action Nafal v. Carter, No. CV 05-2480 SVW (PJWx).   This motion is directed to two defects in Plaintiff's Complaint.  ***First***, Plaintiff omits from this suit EMI Music Arabia, Inc. ("EMI Music Arabia"), which was named as a defendant in Nafal, but over which this Court determined it lacks personal jurisdiction.  However, as Plaintiff is well aware, one of Defendants' primary defenses to this copyright infringement action is that they received a license to use the musical composition at issue from EMI Music Arabia.  EMI Music Arabia had obtained via Plaintiff's predecessor, Baligh Hamdy, the right to license the musical composition.  Thus, EMI Music Arabia is a necessary and indispensable party to this action, but cannot be joined as a defendant; therefore, this action must be dismissed.  ***Second***, if this action is not dismissed, Plaintiff impermissibly re-characterizes his allegations of copyright infringement as a claim for unfair competition.  This claim is preempted by the Copyright Act, and must be dismissed.

## **Facts**

**Creation of *Khosara Khosara*:**  In or around 1957, Baligh Hamdy ("Hamdy"), an Egyptian composer, allegedly co-authored the musical composition *Khosara Khosara*.[1]  Complaint ¶ 8.  Hamdy died in 1993.  Complaint ¶ 9.  His heirs were his three siblings:  his sisters, Asmaa Abdel Hamid Hamdy and Safia Abdel Hamid Hamdy, and his brother, Morsy Saad El-Din Abdel Hamid Hamdy. Id.  After the deaths of Hamdy's sisters, the *Khosara Khosara* copyright interests, according to Plaintiff, were owned in varying percentages by other relatives of Hamdy, including a claimed partial ownership by Osama Ahmed Fahmy ("Plaintiff" or "Osama"), who is Hamdy's nephew.  See Complaint ¶ 9; Order

---

[1]     Hamdy wrote the music.  Complaint ¶ 8.  Mamoun El Shinnawy, not a party here, wrote the lyrics.  Id.

1    Granting Defendants' Motion for Summary Judgment on Plaintiff's Chain of Title

2    and Standing (the "Summary Judgment Order") at 6-7.[2]   At various times, the other

3    heirs granted general powers of attorney to Plaintiff to act on their behalf.

4    Complaint ¶ 9.

5        **The *Khosara Khosara* musical composition:**   On December 11, 1995, Sout

6    El Phan, an Egyptian company, and EMI Music Arabia, an entity whose principal

7    place of business is in Dubai, entered into an exclusive license agreement, whereby

8    Sout El Phan granted EMI Music Arabia, among other rights, the sole and

9    exclusive right to exploit Sout El Phan's catalogue anywhere in the world outside

10   of Egypt.[3]   See Order Setting Forth Partial Finding on Personal Jurisdiction and

11   Setting Schedule for Further Briefing ("Partial Personal Jurisdiction Order") at 6-

12   7.[4]   *Khosara Khosara* was covered by this agreement.   See Partial Personal

13   Jurisdiction Order at 7.

14       **Defendants' works:**   On December 28, 1999, Shawn Carter, the hip-hop

15   artist professionally known as Jay-Z, released an album entitled "Vol 3…Life and

16   Times of S. Carter." See Complaint ¶ 12.   It contained the song *Big Pimpin'*, which

17   was produced by Defendant Timothy Mosley.   Id.

18

19   _____

20   [2]      Defendants have requested that this Court take judicial notice of Judge
     Wilson's August 3, 2007 Summary Judgment Order, entered in Nafal v. Carter,
21   No. CV 05-2480 SVW (PJWx). MGIC Indemnity Corp. v Weisman, 803 F.2d 500,
     504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of
22   matters of public record outside the pleadings."); Scott v. Kuhlmann, 746 F.2d
     1377, 1378 (9th Cir. 1984) (taking judicial notice of record in prior action in
23   dismissing claim).

24   [3]      Defendants contend that earlier, on or about February 19, 1968, Hamdy
     entered into an agreement with Sout El Phan that, among other things, conveyed
25   the publishing rights to his compositions.

26   [4]      Defendants have requested that this Court take judicial notice of Judge
27   Wilson's April 21, 2006 Partial Personal Jurisdiction Order, entered in Nafal v.
     Carter, No. CV 05-2480 SVW (PJWx). MGIC Indemnity Corp., 803 F.2d at 504;
28   Scott, 746 F.2d at 1378.

Mitchell
Silberberg &
Knupp LLP

1650355.4

1    After "Vol 3… Life and Times of S. Carter" was released, Defendants

2    entered into an agreement clearing the rights to sample the musical composition

3    *Khosara Khosara* in *Big Pimpin.'*  <u>See</u>  Partial Personal Jurisdiction Order at  8.

4    Specifically, on March 30, 2001, Mosley entered into an agreement with EMI

5    Music Arabia.  <u>Id.</u>  In that agreement, EMI Music Arabia represented and

6    warranted that it controlled the copyright in the musical composition *Khosara*

7    *Khosara* throughout the world (excluding Egypt).  <u>Id.</u>  EMI Music Arabia licensed

8    the use of a portion of the musical composition *Khosara Khosara* in *Big Pimpin'*

9    by Mosley and his affiliates.  <u>Id.</u>

10    Several years later, on November 30, 2004, Jay-Z and the band Linkin Park

11    released the collaborative album "Collision Course."   Complaint ¶ 14. "Collision

12    Course" contains six "mash-ups," i.e., works consisting of two separate but

13    conjoined songs.  <u>Id.</u>  One of the tracks on  "Collision Course," *Big*

14    *Pimpin'/Papercut*, is a "mash-up" of Jay-Z's *Big Pimpin'* with Linkin Park's song

15    *Papercut*.  <u>Id.</u>

16    Still later, in or about April 2005, a documentary film entitled "Fade to

17    Black" was released.  Complaint ¶ 15. "Fade to Black" chronicles Jay-Z's final

18    performance before his retirement.  <u>Id.</u>  "Fade to Black" includes a live

19    performance of *Big Pimpin'*  by Jay-Z.  <u>Id.</u>

20    **<u>Nafal v. Carter</u>, No. CV 05-2480 SVW (PJWx):**  In or around 2000,

21    Amira Farouk Fathallah ("Amira"), a college student living in Bakersfield,

22    California, heard *Big Pimpin.'*   <u>See</u> Summary Judgment Order at 7.  Amira told

23    her father, Farouk Fathalla Sima ("Sima"), an Egyptian real estate businessman

24    also living in Bakersfield at the time, that she believed *Khosara Khosara* was used

25    in *Big Pimpin'*.  <u>Id.</u>  Sima in turn told Julian Nafal ("Nafal"), a fellow Bakersfield

26    resident whom he had met in connection with a real estate transaction.  <u>Id.</u>

27    Although neither Sima nor Nafal was in the music business,  and they did not have

28    any rights to *Khosara Khosara*, they formulated a plan to file a lawsuit.  <u>Id.</u>

Mitchell
Silberberg &
Knupp LLP
1650355.4

MOTION TO DISMISS

1    Sima and Nafal sought out Hamdy's nephew, Osama.  <u>See</u> Summary

2    Judgment Order at 7.  Osama (as "agent" of the copyright owners), Sima, and

3    Nafal entered into a series of agreements, including:  (1) a January 27, 2001

4    "Agency Contract and Agreement" between Osama and Sima; (2) a January 27,

5    2001 "License Agreement" between Osama and Sima; (3) a February 21, 2001

6    "Joint Venture Agreement" between Sima and Nafal; and (4) a January 30, 2005

7    Assignment Agreement between Sima and Nafal.  <u>Id.</u> at 7-11.  The purpose of

8    these agreements was to designate Nafal as a plaintiff in place of the Hamdy heirs,

9    finance the lawsuit, and divide any recovery.  <u>Id.</u>

10    After these agreements were signed, six years after Defendants' release of

11    "Vol 3… Life and Times of S. Carter," and over five years since Nafal, Sima, and

12    Osama became aware of the potential claims, Nafal filed an action in this Court

13    against various Defendants, including EMI Music Arabia, who were allegedly

14    involved with *Big Pimpin'* and *Big Pimpin'/Papercut.*  <u>See</u> Partial Personal

15    Jurisdiction Order, Summary Judgment Order.  On August 16, 2006, Judge Wilson

16    found that there was no personal jurisdiction over EMI Music Arabia.[5]  <u>See</u> Order

17    Dismissing EMI Music Arabia for Lack of Personal Jurisdiction ("Personal

18    Jurisdiction Order").  On August 3, 2007, he found that Nafal lacked standing to

19    bring his lawsuit, and dismissed it.  <u>See</u> Summary Judgment Order.

20    **<u>Fahmy v. Carter</u>, No. CV 07-5715 CAS(Ex):**  On August 31, 2007, seven

21    and a half years after Defendants' release of "Vol 3… Life and Times of S.

22    Carter," and over six years since he became aware of a potential claim, Plaintiff

23    Osama Ahmed Fahmy filed this lawsuit, alleging (1) copyright infringement of the

24    musical composition *Khosara Khosara* by *Big Pimpin'*; (2) copyright infringement

25

26    _____
     [5]    Defendants have requested that this Court take judicial notice of Judge
     Wilson's August 16, 2006 Personal Jurisdiction Order, entered in <u>Nafal v. Carter</u>,
27    No. CV 05-2480 SVW (PJWx).  <u>MGIC Indemnity Corp.</u>, 803 F.2d at 504; <u>Scott</u>,
     746 F.2d at 1378.

28

of the musical composition *Khosara Khosara* by *Big Pimpin'/Papercut*; (3) copyright infringement of the musical composition *Khosara Khosara* in "Fade to Black;" and (4) unfair competition based on the above-alleged infringing conduct pursuant to Cal. Bus. & Prof. Code § 17200 and the common law.  EMI Music Arabia is not one of the twenty-eight named defendants.

## <u>Argument</u>

**I.**   **BECAUSE NONPARTY EMI MUSIC ARABIA IS AN INDISPENSABLE PARTY, BUT CANNOT BE JOINED, DISMISSAL IS REQUIRED UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(7) AND 19**.

A motion to dismiss may be brought for "failure to join a party under Rule 19."  Fed.R.Civ.Pro. 12(b)(7).  Rule 19 requires a two part analysis:  ***first***, whether the nonparty is "necessary" under Rule 19(a); and ***second***, whether that party "indispensable" under Rule 19(b).  "If a person as described in [Rule 19(a)] cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  Fed.R.Civ.Pro. 19(b).

In <u>Nafal v. Carter</u>, Judge Wilson determined that the Court lacked personal jurisdiction over EMI Music Arabia.  Because EMI Music Arabia is a necessary party, but cannot be joined, this lawsuit should be dismissed.  <u>See</u> <u>Tracfone Wireless, Inc. v. US/Intelicom, Inc.</u>, 202 F.R.D. 321 (S.D.Fla. 2001) (granting motion to dismiss by alleged patent infringer; assignor of patent rights was indispensable party to infringement action over whom personal jurisdiction could not be obtained);  <u>Cooper v. Digital Processing Systems, Inc.</u>, 182 F.R.D. 242 (N.D.Ohio 1998) (finding that patent licensee was indispensable party over whom the Court did not have personal jurisdiction, and granting motions to dismiss); <u>May Apparel Group, Inc. v. Ava Import-Export, Inc.</u>, 902 F.Supp. 93 (M.D.N.C. 1995)

1   (in trademark infringement action brought by manufacturer of children's clothing,

2   competitor's motion to dismiss granted because competitor's chief executive

3   officer, over whom the Court did not have personal jurisdiction, was indispensable

4   party).

6       **A.**    <u>**Pursuant to Rule 19(a), EMI Music Arabia Is A Necessary Party.**</u>

7   Federal Rule of Civil Procedure 19(a) provides in part:

8       "A person who is subject to service of process and whose

9       joinder will not deprive the court of jurisdiction over the

10       subject matter of the action shall be joined as a party in

11       the action if (1) in the person's absence complete relief

12       cannot be accorded among those already parties, or (2)

13       the person claims an interest to the subject of the action

14       and is so situated that the disposition of the action in the

15       person's absence may (i) as a practical matter impair or

16       impede the person's ability to protect that interest or (ii)

17       leave any of the persons already parties subject to a

18       substantial risk of incurring double, multiple or otherwise

19       inconsistent obligations by reason of the claimed

20       interest.  If the person has not been so joined, the court

21       shall order that the person be made a party."

22   Because of the importance of the policies underlying Rule 19 (avoidance of

23   duplicative or multiple litigation, avoidance of prejudice to absent parties,

24   avoidance of prejudice to the defendant), the Rule's necessary party analysis is

25   applied liberally.  4 <u>Moore's Federal Practice</u> § 19.03[1] (3d ed 1998); <u>see also</u>

26   <u>Lopez v. Martin Luther King, Jr. Hosp.</u>, 97 F.R.D. 24, 29 (C.D. Cal. 1983) ("Rule

27   19 matters should be governed by practical considerations," and dismissing on

1    grounds that nonparty was indispensable party whose joinder would defeat Court's

2    jurisdiction).

3    　　　"Rule 19(a) contemplates a two-part analysis to aid in determining if an

4    absent party is necessary. First, the court must consider if complete relief is

5    possible among those parties already in the action. Second, the court must consider

6    whether the absent party has a legally protected interest in the outcome of the

7    action." <u>Confederated Tribes v. Lujan</u>, 928 F.2d 1496, 1499 (9th Cir. 1990).

8    Despite the fact that the law only requires that one of the two prongs be met,

9    <u>Yellowstone County v. Pease</u>, 96 F.3d 1169, 1172 (9th Cir. 1996), as discussed

10   below, EMI Music Arabia meets both.

11

12   　　**1.**　　**Complete Relief Cannot Be Accorded Among Those**

13   　　　　　　**Already Parties**

14   　　　The Notes of the Advisory Committee on the 1966 Amendments to Rule 19

15   explain subsection (a)(1) as follows:

16   　　　　　"Clause (1) stresses the desirability of joining those

17   　　　　　persons in whose absence the court would be obliged to

18   　　　　　grant partial or 'hollow' rather than complete relief to the

19   　　　　　parties before the court.  The interests that are being

20   　　　　　furthered here are not only those of the parties, but also

21   　　　　　that of the public in avoiding repeated lawsuits on the

22   　　　　　same essential subject matter."

23   In his prayer for relief, in addition to damages, Plaintiff seeks broad injunctive

24   relief encompassing "any…works and materials substantially copying or

25   reproducing the music to 'Khosara Khosara.'"  Complaint at pp. 16-17.  "The

26   relevant question in Rule 19(a) must be whether success in the litigation can afford

27   plaintiffs the relief for which they have prayed." <u>Confederated Tribes</u>, 928 F.2d at

28   1501.

Mitchell
Silberberg &
Knupp LLP

1650355.4

9

1    Even if Plaintiff were able to obtain an injunction to prevent Defendants

2    from manufacturing, distributing and selling, respectively, *Big Pimpin,' Big*

3    *Pimpin'/Papercut*, and "Fade To Black," this would not resolve the issue.  The

4    agreement between Sout El Phan and EMI Music Arabia, from which Defendants

5    obtained their rights to sample *Khosara Khosara*, provides that EMI Music Arabia

6    has the exclusive right to exploit *Khosara Khosara* anywhere in the world outside

7    of Egypt.  See Partial Personal Jurisdiction Order at 6-7.  An injunction that

8    covered only the current Defendants would of course, be hollow.  The only way for

9    Plaintiff to achieve any meaningful injunctive relief would be to cut off the

10   allegedly unauthorized exploitation of *Khosara Khosara* at the source, which is

11   EMI Music Arabia.  See Hotvela Traditional Elders v. Indian Health Services, 1

12   F.Supp.2d 1022, 1026 (D. Arizona 1997) (complete injunctive relief not possible

13   where allegedly infringing activity could survive injunction by means of a different

14   funding source). Accordingly, only through the joinder of EMI Music Arabia can

15   the interests of the current parties and the public be satisfied.

16

17          **2.     EMI Music Arabia Has A Legally Protected Interest In**

18                 ***Khosara Khosara***

19          Subsection (a)(2) of Rule 19 is predicated on the fact that "the [non-party]

20   claims an interest relating to the subject matter of the action."  In discussing the

21   nature of such an interest, at least with respect to copyright claims, Nimmer notes:

22                 "It would seem that joinder should occur if an issue is

23                 raised as to the validity of the copyright upon which the

24                 rights of the person to be joined, as well as those of the

25                 plaintiff, rest.  On the other hand, if the only issue is as to

26                 whether defendant engaged in unlawful copying then

27                 ordinarily no joinder is required."

Mitchell
Silberberg &
Knupp LLP

1650355.4

28

1   M. Nimmer, D. Nimmer, *Nimmer On Copyright*, § 12.03 at 12-68 (2007)

2   ("Nimmer"). <u>See also</u> 17 U.S.C. §501(b) ("The court may require the joinder…of

3   any person having or claiming an interest in the copyright.")

4     This is precisely such a case.  The "only issue" is not whether Defendants

5   engaged in unlawful copying.  Defendants' primary defense rests on whether EMI

6   Music Arabia can establish its rights (which it licensed to Defendants) in *Khosara*

7   *Khosara*.  In such a circumstance, Nimmer explains:

8       "If a defendant in an infringement action raises as a

9       defense a license from a third party, thereby raising as an

10      issue the validity of the copyright held by such third

11      party, it has been said that such third party is an

12      indispensable party in an action against the licensee."

13  Nimmer at §12.03 at 12-69.  <u>See also</u> <u>Night Hawk Ltd. v. Briarpatch Ltd., L.P.</u>,

14  2003 WL 23018833 at *3-5 (S.D.N.Y. 2003) (third party was indispensable, and

15  dismissing action); <u>Whitney, Atwood, Norcross Associates Inc. v. Architects</u>

16  <u>Collaborative</u>, 18 U.S.P.Q.2d 1243, 1245 (D. Mass. 1991) ("an interest in a full

17  and fair adjudication of the issues presented here requires that the [third party] be

18  present," and ordering dismissal if the absent party could not feasibly be joined);

19  <u>Scott v. Paramount Pictures Corp.</u>, 449 F. Supp. 518, 520 (D.D.C. 1978) ("[The

20  third parties] are indispensable parties to this litigation…Should this matter

21  proceed to trial an adverse judgment against the present defendants would certainly

22  affect their interests").

23

24  **B.**  <u>**EMI Music Arabia Is An Indispensable Party Pursuant to Rule**</u>

25     <u>**19(b)**</u>

26    Having established that EMI Music Arabia is a "necessary" party pursuant to

27  Rule 19(a), the next step is a Rule 19(b) analysis.  "If a person as described in

28  [Rule 19(a)] cannot be made a party, the court shall determine whether in equity

1    and good conscience the action should proceed among the parties before it, or

2    should be dismissed, the absent person being thus regarded as indispensable."

3    Fed.R.Civ.P. 19(b).

4         Rule 19(b) provides a four-part test to determine whether a "necessary" non-

5    party is "indispensable":  (1) prejudice to any party or to the absent party; (2)

6    whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy,

7    even if not complete, can be awarded without the absent party; and (4) if the

8    plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  In

9    the Ninth Circuit, if a nonparty cannot be joined (for example, if the Court lacks

10   personal jurisdiction), the test for whether a party is "indispensable" is essentially

11   the same as the test for whether a party is "necessary." <u>Confederated Tribes</u>, 928

12   F.2d at 1499.  Because EMI Music Arabia is a necessary party, this Court need not

13   consider the four factors enumerated by Rule 19(b).  However, a consideration of

14   those factors also leads to the conclusion that EMI Music Arabia is an

15   indispensable party.

16        Defendants would be prejudiced if this lawsuit proceeded without EMI

17   Music Arabia.  Plaintiff challenges EMI Music Arabia's right to give Defendants a

18   license. Complaint ¶ 18.  EMI Music Arabia is, therefore, critical to Defendants'

19   license defense.  Defendants would, for example, be hard-pressed to obtain critical

20   testimony on that issue.  Moreover, EMI Music Arabia would be prejudiced if this

21   case were allowed to proceed.  If Plaintiff is able to obtain a judgment, EMI Music

22   Arabia's interest in *Khosara Khosara* will be diminished, if not rendered valueless.

23   EMI Music Arabia's warranties and representations to Defendants concerning

24   *Khosara Khosara* are directly called into question by this action, which implicates

25   potential indemnity actions.  The payment it received for the licensed use by

26   Defendants will have been without consideration on its part.  Other potential U.S.

27   licensees or uses will be curtailed.  Relief cannot be shaped to lessen this prejudice.

28   As discussed above, in Section I(A)(1), a complete remedy cannot be awarded in

Mitchell
Silberberg &
Knupp LLP

1650355.4

MOTION TO DISMISS

1  EMI Music Arabia's absence.  Finally, if this action is dismissed for nonjoinder,

2  Plaintiff does have an adequate remedy, in that he could bring suit in the Southern

3  District of New York.  See Personal Jurisdiction Order at 5.

4

5  **II.   IF THIS COURT DOES NOT DISMISS THE COMPLAINT IN ITS**

6  **ENTIRETY, PLAINTIFF'S FOURTH CLAIM FOR RELIEF, FOR**

7  **UNFAIR COMPETITION, IS PREEMPTED BY THE COPYRIGHT**

8  **ACT.**

9  Section 301(a) of the Copyright Act, 17 U.S.C. §301(a), provides:

10  "On and after January 1, 1978, all legal or equitable

11  rights that are equivalent to any of the exclusive rights

12  within the general scope of copyright as specified by

13  section 106 in works of authorship that are fixed in a

14  tangible medium of expression and come within the

15  subject matter of copyright as specified by sections 102

16  and 103, whether created before or after that date and

17  whether published or unpublished, are governed

18  exclusively by this title. Thereafter, no person is entitled

19  to any such right or equivalent right in any such work

20  under the common law or statutes of any State."

21  The Copyright Act thus preempts state law claims which (1) concern "works

22  of authorship" that are within the subject matter of copyright, and (2) are

23  equivalent to any of the exclusive rights granted to the copyright owner.  Del

24  Madera Properties v. Rhodes & Gardner, Inc., 820 F.2d 973, 976 (9th Cir. 1987).

25  The purpose of Section 301 is to "accomplish [] the general federal policy of

26  creating a uniform method for protecting and enforcing certain rights in intellectual

27  property by preempting other claims." Endemol Entertainment B.V. v. Twentieth

28  Television, Inc., 48 U.S.P.Q. 2d 1524, 1526 (C.D. Cal. 1998).

Mitchell
Silberberg &
Knupp LLP

1650355.4

13

Plaintiff has attempted to recast his copyright infringement claims as a state law claim. This tactic is precisely what section 301 was intended to avoid. See Xerox Corporation v. Apple Computer, Inc., 734 F.Supp. 1542, 1545 (N.D. Cal. 1990) ("Xerox argues that [a copyright] infringement action would not afford the relief it desires. But that claim, even if true, does not authorize this court to permit Xerox to fashion a substitute remedy.")  Plaintiff's claim for unfair competition under the common law and California and Business Professions Code § 17200 *et seq*. is predicated solely on Defendants' alleged infringing use of *Khosara Khosara*.  See Complaint ¶¶ 43, 45.  This claim therefore meets the two-prong test of section 301.

**First**, *Khosara Khosara*, as a musical composition, falls squarely within the subject matter of copyright and is fixed within a tangible medium of expression. See 17 U.S.C. § 102(a)(2).  **Second**,  the alleged conduct that gives rise to Plaintiff's unfair competition claim -- Defendants' various uses of *Khosara Khosara* -- is the same conduct (and therefore seeks vindication of the same rights) that give rise to the claims for copyright infringement.   See Complaint ¶ 43 (incorporating by reference into unfair competition claim same allegations on which copyright claims are based).

This precise situation was addressed in Kodakek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998).  The plaintiff contended that defendants had engaged in unfair competition within the meaning of § 17200 *et seq*. through their unauthorized use of an allegedly copyrighted cartoon character.  The Ninth Circuit quickly concluded that this claim was preempted:

> "[Kokakek's] unfair competition claim incorporates by reference paragraphs from the copyright infringement claim.  The paragraphs of consequence state that defendants released a cartoon derived from his drawings without his authorization and released merchandise

1                derived from his drawings without his authorization.

2                Kodakek's complaint expressly bases his unfair

3                competition claim on rights granted by the copyright

4                act....Thus, it is clear that Kodakek's state law unfair

5                competition claim is based solely on rights equivalent to

6                those protected by the federal copyright laws. Kodakek

7                seeks to protect his 1991 drawings.  It is undisputed that

8                those drawings are 'pictorial works' that can be

9                copyrighted. 17 U.S.C.  §102(a)(5).  Thus, the work he

10              seeks to protect is clearly a work that falls within the

11              'subject matter' of the Copyright Act.  Thus, both prongs

12              of the preemption analysis are met, and Kodakek's unfair

13              competition claim is preempted."

14  See also Del Madera Properties, 820 F.2d 973 (9th Cir. 1987) (claims for unfair

15 competition and unjust enrichment based upon misappropriation of a Tentative

16 Map and the effort to create it dismissed as preempted);  Fisher v. Dees, 794 F.2d

17 432 (9th Cir. 1986) (California common law unfair competition claim arising out

18 of defendant's parody recording of plaintiff's copyrighted musical composition

19 was preempted); Endemol Entertainment, 48 U.S.P.Q. 2d 1524 (C.D. Cal. 1998)

20 (breach of implied contract claim under state law based upon the taking of

21 plaintiff's idea for a television program failed to state a cause of action because

22 preempted); Los Angeles News Service v. Audio Video Reporting Services, 1990

23 WL 456577 (C.D. Cal. 1990) (claim for unfair competition under § 17200 et. seq.

24 arising out of the defendant's unauthorized use of its copyrighted videotapes was

25 preempted); Motown Records Corporation v. George A. Hormel & Co., 657

26 F.Supp. 1236 (C.D. Cal. 1987) (state unfair competition claim preempted, as "[t]he

27 essence of plaintiff's complaint is derived from defendants' alleged unauthorized

28 use of a copyrighted musical composition").

1    Plaintiff's Fourth Claim for Relief may be attempting to avoid obvious

2  preemption by alleging:  "Under the international treaties entered into by the

3  United States…the rights of integrity owned by a foreign national of a signatory

4  country such as Egypt, are entitled to protection against their violation within the

5  United States, protection extending beyond the provisions of Sections 106 and

6  106a of the Copyright Act," Complaint ¶ 44, and "Defendants' actions have

7  violated, among other independent standards of conduct, the policies reflected in

8  the United States' subscription to the international treaties…and the policies

9  reflected in California Civil Code Section 3344.1."[6]  Complaint ¶ 46.  To the extent

10 that Plaintiff contends that he is exempt from the preemptive effect of § 301

11 because he is suing on a foreign work, to which certain international treaties may

12 apply, that argument is belied by the language of the statute.  Section 301(e) of the

13 Copyright Act provides:  "The scope of Federal preemption under this section is

14 not affected by the adherence of the United States to the Berne Convention or the

15 satisfaction of obligations of the United States thereunder."

16    Accordingly, Plaintiff's unfair competition claim is preempted and should be

17 dismissed with prejudice.[7]

18

19

20

21

22

23  [6]    Plaintiff's reference to §3344.1, California's right of publicity statute, is entirely inapposite, as he has not alleged a right of publicity claim.

24

25  [7]    The result would be the same under the 1909 Copyright Act, in effect when *Khosara Khosara* was created.  See Compco Corp. v. Day-Brite Lighting, Inc., 376

26 U.S. 234, 237 (1964) ("Today we have held…that when an article is unprotected by a patent or copyright, state law may not forbid others to copy that article. To

27 forbid copying would interfere with the federal policy, found in Art. I, s 8, cl. 8, of the Constitution and in the implementing federal statutes, of allowing free access to

28 copy whatever the federal patent and copyright laws leave in the public domain").

Mitchell
Silberberg &
Knupp LLP

1650355.4

16

1

## **Conclusion**

2          For the foregoing reasons, this Court should dismiss the Complaint without

3    leave to amend.

4

5    DATED: November 19, 2007          RUSSELL J. FRACKMAN
                                       ALEXA L. LEWIS
6                                      MITCHELL SILBERBERG & KNUPP LLP

7

8                                      By:   /s/ Alexa L. Lewis
                                             Alexa L. Lewis
9                                            Attorneys for Defendants Rob Bourdon, Brad
                                             Delson, Mike Shinoda, Dave Farrell, Joseph
10                                           Hahn, Chester Bennington, Big Bad Mr. Hahn
                                             Music, Chesterchaz Publishing, Kenji
11                                           Kobayashi Music, Machine Shop Recordings
                                             LLC, Nondisclosure Agreement Music, Rob
12                                           Bourdon Music, Warner Music, Inc., UMG
                                             Recordings, Inc., Roc-A-Fella Records, LLC,
13                                           Universal Music & Video Distribution Corp.,
                                             MTV Networks Enterprises, Inc., Paramount
14                                           Home Entertainment, Inc., and Paramount
                                             Pictures Corporation
15

16

17   DATED:  November 19, 2007          SONNENSCHEIN NATH & ROSENTHAL LLP

18
                                        By:   /s/ David H. Stern
19                                           David H. Stern
                                             Attorney for Defendants Timbaland
20                                           Productions, Inc., Shawn Carter, Timothy
                                             Mosley and EMI Blackwood Music Inc.
21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP   28

1650355.4

17