UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

| Present: The Honorable | Christina A. Snyder, Judge | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(7)** (filed November 19, 2007)

## I.   INTRODUCTION

On August 31, 2007, plaintiff Osama Ahmed Fahmy initiated the instant suit against defendants herein.[1] Plaintiff alleges claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (claims one, two and three) and for violation of Cal. Bus. & Prof. Code §§ 17200 et seq. (claim four).[2] Plaintiff alleges that

---

[1] Defendants are Jay-Z (aka Shawn Carter) ("Jay-Z"), Timothy Mosley, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc.

[2] Previously, Ahab Joseph Nafal ("Nafal") filed suit against Jay-Z and others in the case entitled Ahab Joseph ("Julian") Nafal v. Shawn Carter, et al., Case No. CV 05-2480 SVW (PJWx) (C.D. Cal. 2005) ("Nafal Action"). Nafal asserted claims similar to those alleged herein: that the song "Big Pimpin,'" and variations thereof, infringed Nafal's co-ownership interest in an exclusive license to use the Egyptian musical composition, "Khosara, Khosara." Defs.' Req. Judicial Notice ("Defs.' RJN"), Ex. 3 ("Aug. 3, 2007 Order, Nafal Action") at 44. Nafal claimed that he had acquired his interest in a license for "Khosara, Khosara" pursuant to a January 27, 2005 written agreement. Id. at 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

defendants infringed his copyright interest in the Egyptian musical composition, "Khosara, Khosara," by performing, recording, and transmitting the song "Big Pimpin'" and its variations.

On November 19, 2007, all defendants, except Kyambo Joshua, EMI Music Publishing Ltd., and Radical Media, filed the instant motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7). Defendants also filed a separate request for judicial notice.³ Plaintiff filed his opposition thereto on November 27, 2007. On November 27, 2007 plaintiff also requested that the Court take judicial notice of certain other documents in deciding the present motion.⁴ On December 3, 2007, defendants filed their reply. Defendants also filed various evidentiary objections to the declarations and exhibits submitted with plaintiff's opposition.⁵ Plaintiff filed an

---

However, the court determined that Nafal was in fact a non-exclusive licensee, authorized to prosecute an action against alleged infringers. Id. at 73. The court dismissed the case, concluding that Nafal lacked standing to maintain the lawsuit. Id. at 73-74.

³ Defendants request that the Court judicially notice Judge Wilson's orders in the Nafal Action. Defs.' RJN, Exs. 1-3. The Court may take judicial notice of matters of public record outside the pleadings without converting the instant motion to dismiss into a motion for summary judgment. See MGIC Indem. Corp. v. Wesman, 803 F.2d 500, 503 (9th Cir. 1986). The Court GRANTS the request.

⁴ Plaintiff requests that the Court judicially notice Judge Wilson's April 21, 2006 order in the Nafal action as well as Nafal defendants' April 23, 2007 motion for summary judgment. Pl.'s Req. Judicial Notice ("Pl.'s RJN") (Nov. 27, 2007), Ex. T; Pl.'s Supp. Req. Judicial Notice ("Pl.'s Supp. RJN") (Nov. 27, 2007), Ex. U. As stated above, the Court may take judicial notice of its own records, and documents that are public records and capable of accurate and ready confirmation by sources that cannot reasonably be questioned. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (courts may take judicial notice of matters of public record outside the pleadings); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."). The Court GRANTS plaintiff's requests.

⁵ Because the Court does not rely on any declaration or exhibit to which objection is made, other than Exhibit R to the Declaration of Edward Lear filed on November 27,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

opposition thereto on December 6, 2007.  On December 10, 2007, the Court held a hearing on defendants' motion to dismiss plaintiff's complaint, but considered only defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7).  The Court issued its tentative ruling granting defendants' motion to dismiss the complaint for failure to join an indispensable party, EMI Music Arabia, Incorporated ("EMI Music Arabia") over which this Court allegedly lacks personal jurisdiction.  After hearing the parties' arguments, the Court continued the hearing on defendants' motion to dismiss, and granted the parties forty-five (45) days within which to conduct limited discovery.

The parties have conducted limited discovery.  On February 29, 2008, plaintiff filed his supplemental brief in opposition to defendants' instant motion to dismiss.  Plaintiff also submitted various exhibits in support thereof.[6]  On February 28, 2008, defendants filed their supplemental brief in support of their motion to dismiss.  Also on February 25, 2008, plaintiff filed an ex parte application for preliminary or alternative relief.  On February 27, 2008, defendants filed an opposition to plaintiff's ex parte application.[7]  A hearing was held on March 3, 2008.  Thereafter, the Court took defendants' motion under submission.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges that Baligh Hamdy ("Hamdy"), an Egyptian composer, co-authored the musical composition "Khosara, Khosara."  Compl. ¶ 8.  According to plaintiff, Hamdy wrote the music in or about 1957.  Id.  Plaintiff alleges that thereafter, Hamdy authorized Mamoun El Shinnaway to author lyrics for the musical composition.

---

2007, the Court DENIES defendants' evidentiary objections as moot.  With regard to the objections to Exhibit R, the Court overrules the same.  To the extent that defendants claim that plaintiff or any other person violated the protective order in the Nafal Action, defendants must seek relief from Judge Wilson.

[6] The Court hereby takes judicial notice of Exhibit F to the Declaration of Edward Lear filed on February 19, 2008, in support of plaintiff's supplemental brief.

[7] In light of the Court's ruling herein, the Court DENIES the relief requested in plaintiff's ex parte application.  Moreover, to the extent that plaintiff seeks to add another defendant, plaintiff is directed to file a properly noticed motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

Id. Plaintiff alleges that in or about 1960, Egyptian vocalist Abdel Halim Hafez ("Hafez") recorded "Khosara, Khosara" for use in the Egyptian film "Fata Ahlami," with Hamdy's authorization. Id. Hamdy allegedly retained all copyrights in the musical composition "Khosara, Khosara," but licensed the right to reproduce and distribute Hafez's recorded composition. Id. In or about 1960, Hamdy also allegedly registered his copyright in the "Khosara, Khosara" musical composition pursuant to Egyptian law. Id. ¶ 9.

Hamdy died in 1993. Id. Plaintiff alleges that upon Hamdy's death, Hamdy's three siblings, Morsi, Asmaa, and Safia, inherited his copyright interests in "Khosara, Khosara." Id. Plaintiff claims that after Safia and Asmaa's deaths, Morsi and Asmaa's four children, one of whom is plaintiff, jointly owned the "Khosara, Khosara" copyright interests. Id. Plaintiff alleges that he has the general power of attorney to act on behalf of the Hamdy heirs. Id. Plaintiff alleges that in or about 1995, Morsi and Asmaa's children "licensed the right to mechanically reproduce the 'Khosara, Khosara' composition and [Hafez's] 1960 Sound Recording without change or alteration, onto records, cassettes, and cartridges." Id. ¶ 10. According to plaintiff, "[p]ursuant to this license, . . . [Hafez's] 1960 Sound Recording of 'Khosara, Khosara' was published in or about 1997, as a track on an album title 'The Movie Collection,' containing original movie soundtracks sung by Abdel Halim Hafez." Id.

Plaintiff alleges that in approximately 1999 defendants Jay-Z and Timothy Mosley authored and then recorded a musical work entitled "Big Pimpin,'" wherein the rap/hip-hop artist Jay-Z sings rap lyrics over a "recording . . . of the musical composition of 'Khosara, Khosara.'" Id. ¶¶ 3, 12. Plaintiff alleges that Jay-Z and Timothy Mosley then released a CD entitled "Jay-Z Volume III: Life and Times of S. Carter," ("Life and Times") which contains the song "Big Pimpin.'" Id. ¶ 12. Subsequently, Jay-Z and the band Linkin Park performed a new musical work entitled "Big Pimpin'/Papercut" at a concert known as "Collision Course."[8] Id. ¶ 14. Plaintiff alleges that this work also infringes the musical composition "Khosara, Khosara." Id. Jay-Z and Linkin Park released a DVD with a recording of the their "Collision Course" live performance, and a CD with a studio recording of the song "Big Pimpin'/Papercut" in or about November 2004. Id. Later, in or about April 2005, defendants Jay-Z and Paramount Pictures Corporation released a documentary film entitled "Fade to Black." Id. ¶ 15. Plaintiff

---

[8] Linkin Park consists of defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn and Chester Bennington. Compl. ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL. | | |

alleges that the film's soundtrack includes the musical composition "Khosara, Khosara." Id. Plaintiff further alleges that in recent years defendants Jay-Z, Timothy Mosely, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington and the various corporate entity defendants "released and or distributed other, as-yet-unidentified, music-video, film and artistic works that substantially copy the creative elements of the 'Khosara, Khosara,' musical composition, all without license or other permission." Id. ¶¶ 5, 16.

### III.  LEGAL STANDARDS

####   A.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) permits a Court to dismiss an action for failure to join a party whose presence is needed for just adjudication under Fed. R. Civ. P. 19. "Rule 19 of the Federal Rules of Civil Procedure sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is 'indispensable.'" Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).

Federal Rule of Civil Procedure 19(a)(1), which governs joinder of necessary parties, provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Ninth Circuit has held that a party may be "necessary" pursuant to Fed. R. Civ. P. 19(a) in either of two ways. Las Vegas Events, 375 F.3d at 879. First, under Fed. R. Civ. P. 19(a)(1), a party is necessary if complete relief cannot be granted in its absence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

Id. "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Id. Alternatively, a party is necessary pursuant to Fed. R. Civ. P. 19(a)(2), if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Id. at 880. Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).[9] Finally, the moving party bears the burden of proving that joinder is necessary. Id. Once the court determines that a party should be joined, the court must determine whether joinder is feasible. Fed. R. Civ. P. 19(a)-(b).

If a necessary party cannot be joined the court must consider the following factors in deciding whether to dismiss the action because the party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). However, none of the aforementioned factors is dispositive. Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir. 2006).[10]

---

[9] "Rule 19(b) provides that if a person meeting the elements of Rule 19(a) cannot be joined, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Las Vegas Events, 375 F.3d at 878.

[10] The determination of possible prejudice to an existing defendant or to an absent party under Fed. R. Civ. P. 19(b) is essentially the same as the analysis under Fed. R. Civ. P. 19(a). Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

**B.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

---

1499 (9th Cir. 1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(7)

Defendants argue that plaintiff's complaint should be dismissed for failure to join EMI Music Arabia over whom this Court allegedly lacks personal jurisdiction.

EMI Music Arabia is a corporation existing under the laws of the United Arab Emirates, with its principal place of business in Dubai, United Arab Emirates. Pl.'s RJN (Nov. 27, 2007), Ex. T ("April 21, 2006 Order, Nafal Action") at 5-6.[11] EMI Music Arabia appears to have obtained a license to the song "Khosara, Khosara" from Sout El Phan Company ("Sout El Phan"), an Egyptian entity, pursuant to a December 11, 1995 agreement.[12] Id. at 7; Declaration of Edward O. Lear ("Lear Decl.") (Nov. 27, 2007), Ex.

---

[11] Neither party seems to dispute the factual findings in Judge Wilson's April 21, 2006 order regarding EMI Music Arabia. Accordingly, the Court considers these facts to be true for purposes of this motion.

[12] It is unclear how Sout El Phan obtained its license to "Khosara, Khosara." According to defendants, "on or about February 19, 1968, Hamdy entered into an agreement with Sout El Phan that, among other things, conveyed the publishing rights to his composition." Defs.' Mot. at 4 n.3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

R ("License Agreement") at EMI003.[13] Pursuant to this agreement, Sout El Phan granted EMI Music Arabia the sole and exclusive right to exploit every sound recording in Sout El Phan's catalogue throughout the world, excluding Egypt. Pl.'s RJN (Nov. 27, 2007), Ex. T ("April 21, 2006 Order, Nafal Action") at 6-7; Lear Decl. (Nov. 27, 2007), Ex. R ("License Agreement") at EMI005.[14]

     After Jay-Z released "Big Pimpin'" as a track on the album "Life and Times," Chris Ancliff, acting on behalf of EMI Music Arabia, sent counsel for the producers and creators of "Big Pimpin'" a demand letter dated October 30, 2000. Pl.'s RJN (Nov. 27, 2007), Ex. T ("April 21, 2006 Order, Nafal Action") at 7-8. In that letter, Chris Ancliff asserted that Big Pimpin' infringed "Khosara, Khosara." Id. Thereafter, negotiations ensued. Id. at 8. Then, on March 30, 2001, EMI Music Arabia entered into an agreement ("Settlement Agreement") with Timbaland and its affiliates, wherein EMI Music Arabia released its copyright infringement claims against Timbaland and its affiliates in consideration of payment of $100,000. Id. EMI Music Arabia represented that "it was sole exclusive licensee worldwide, except for Egypt, of 'Khosara, Khosara.'" Id. EMI Music Arabia also agreed to indemnify Timbaland and its affiliates against claims for breach of its warranty to the effect that it was the exclusive licensee of "Khosara, Khosara." Id. Pursuant to the Settlement Agreement, EMI Music Arabia granted Timbaland and its affiliates "'the right to exploit ["Big Pimpin'"] in perpetuity, throughout the world, excluding Egypt, free and clear of any claim by [EMI Music Arabia] that such exploitation in any way violates any of EMI's copyright interests in ["'Khosara, Khosara'"].'" Id.

     Defendants argue that EMI Music Arabia is a necessary party within the meaning of Fed. R. Civ. P. 19(a) because plaintiff cannot obtain complete relief in the absence of its joinder. Mot. at 9 (citing Fed. R. Civ. P. 19(a)(1); Confederated Tribes v. Lujan, 928 F.2d 1496, 1501 (9th Cir. 1990) ("The relevant question in Rule 19(a) must be whether success in the litigation can afford plaintiffs the relief for which they have prayed.").

---

    [13] On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), the Court may consider facts presented through affidavits and other outside the pleadings evidence. McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960).

    [14] "Catalogue" is defined as "the entire catalogue of sound records owned or controlled by [Sout El Phan]." Lear Decl. (Nov. 27, 2007), Ex. R ("Licensing Agreement") at EMI0003.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

Defendants contend that EMI Music Arabia is a necessary party because plaintiff "seeks broad injunctive relief encompassing 'any . . . works and materials substantially copying or reproducing the music 'Khosara Khosara.'" Mot. at 9 (citing Compl. at 16-17). Defendants argue that plaintiff cannot enjoin all allegedly infringing uses of "Khosara, Khosara," without seeking to enjoin EMI Music Arabia, the source of the "allegedly unauthorized exploitation." Mot. at 10.

Defendants further argue that EMI Music Arabia is a necessary party because it claims a copyright interest in "Khosara, Khosara." Id. at 10-11. Defendants contend that their "defense rests on whether EMI Music Arabia can establish its rights (which it licensed to Defendants) in ' Khosara Khosara.'" Id. at 11 (citing M. Nimmer & D. Nimmer, 3 Nimmer on Copyright, § 12.03 (2007) ("If a defendant in an infringement action raises as a defense a license from a third party, thereby raising as an issue the validity of the copyright held by such third party, it has been said that such third party is an indispensable party in an action against the licensee.").

First, the Court turns to whether EMI Music Arabia is a necessary party because complete relief cannot be accorded without it. In the instant action, plaintiff requests that the Court:

> restrain[] and enjoin[] defendants, their agents, and all persons acting in concert with them from manufacturing, reproducing, distributing, advertising, marketing, promoting, offering for sale, selling, performing, displaying, adapting or licensing any of their "Big Pimpin'/ Papercut" musical works and any other works and materials substantially copying or reproducing the musical composition "Khosara, Khosara."

Compl. at 16-17. The Court finds defendants' argument that plaintiff cannot seek to enjoin all allegedly infringing uses of "Khosara, Khosara," without joining EMI Music Arabia unpersuasive in light of plaintiff's requested relief. Here, the Court could effectively enjoin defendants from making unauthorized use of "Khosara, Khosara" in the future without enjoining EMI Music Arabia. Complete relief as it pertains to the present case need not be read as broadly as defendants' suggest. See Judge Schwarzer, Judge Tashima & Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 7:68(a) (2006) (citing Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm., 662 F.2d 534, 537 (9th Cir. 1981)). Moreover, an absent party is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

necessary under Fed. R. Civ. P. 19(a) simply because an existing defendant needs to obtain evidence from that absent party or because the absent party may ultimately be required to indemnify an existing defendant. Judge Schwarzer, Judge Tashima & Judge Wagstaffe, The Rutter Group Guide: Federal Civil Procedure Before Trial, 7:73-7:73.1 (citing cases). Accordingly, the Court declines to grant defendants' motion to dismiss on this ground.

Next, the Court turns to whether joinder is necessary to prevent potential prejudice to the interests of (1) an existing party and/or (2) the party sought to be joined. "'Interest'" under Fed. R. Civ. P. 19(a) is "determined from a practical, and not a technical, perspective." Aguilar v. Los Angeles County, 751 F.2d 1089, 1093 (9th Cir. 1985). For purposes of Fed. R. Civ. P. 19(a), a court need not determine that an absent party actually possesses an interest in the subject matter of pending litigation. Nor can a plaintiff controvert a movant's contention that an absent party is necessary under Fed. R. Civ. P. 19 by simply asserting that the absent party does not possess a legally protected interest. Am. Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1023 (9th Cir. 2002) (citing Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992)). For purposes of Fed. R. Civ. P. 19(a), an absent party need only claim an interest in the subject matter of the litigation that is not "patently frivolous." Shermoen, 982 F.2d at 1317; Potawatomi Nation v. Norton, 248 F.3d 993, 998 (10th Cir. 2001). Thus, while plaintiff may ultimately be able to establish that EMI Music Arabia does not actually own the copyright interests at issue here, that is not dispositive for present purposes.

It appears that EMI Music Arabia obtained a license to the musical composition "Khosara, Khosara" from Sout El Phan. Declaration of Christopher Ancliffe ("License Agreement") at EMI0003 (dated Dec. 11, 1995), EMI0004 (stating that agreement is valid for ten years and six months). To the extent that EMI Music Arabia no longer has a copyright interest in "Khosara, Khosara," it is not clear how its interests would be adversely affected if this lawsuit were allowed to proceed.

Defendants, in both the Nafal Action and in this case, contend that they obtained a license from EMI Music Arabia to utilize the musical composition "Khosara, Khosara." See e.g., Pl's RJN (Nov. 27, 2007), Ex. U (Defs.' April 23, 2007 Mot. Summ. J., Nafal Action) at 22 ("Defendants raise as a defense a license of the musical composition ['Khosara, Khosara'] from Hamdy to Sout El Phan and from Sout El Phan to EMI Music Arabia."). "The Settlement Agreement conferred on Timbaland and its affiliates 'the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

right to exploit ("Big Pimpin'") in perpetuity, throughout the world, excluding Egypt, free and clear of any claim by [EMI Music Arabia] that such exploitation in any way violates any of EMI's copyright interests in ['Khosara, Khosara']." Defs.' RJN, Ex. 1 ("April 21, 2006 Order, Nafal Action") at 11). In the Nafal Action, Judge Wilson characterized defendants' relationship with EMI Music Arabia as one of licensor and licensee, stating that "EMI Music Arabia did not engage in any activities in California when it *licensed*, through the Settlement Agreement, 'Khosara, Khosara' to the producers and creators of 'Big Pimpin.''" Defs.' RJN, Ex. 1 ("April 21, 2006 Order, Nafal Action") at 20 (emphasis added). While the Settlement Agreement does not expressly convey or even mention a license, in this Court's December 10, 2007 tentative order, the Court noted that under both the 1909 and 1976 Copyright Acts, a nonexclusive license may be conveyed orally or even impliedly from conduct. M. Nimmer & D. Nimmer, 3 Nimmer on Copyright §10.03[A][7] (citing cases). However, plaintiff has now produced evidence demonstrating that in the Nafal action, EMI Music Arabia took the position that the Settlement Agreement does not license "Khosara, Khosara," or any rights whatsoever, to defendants. See Lear Decl. in Support of Suppl. Brief (Feb. 19, 2008). Ex., F (EMI Music Arabia's Brief Rebutting Personal Jurisdiction filed in the Nafal Action).

Moreover, it appears that plaintiff's copyright interests in "Khosara, Khosara," are superior to those of EMI Music Arabia, i.e., that plaintiff and the other Hamdy heirs whom he represents, inherited all of Hamdy's interests in "Khosara, Khosara." Defendants have not disputed this representation. Courts have declined to find that an absent party is a necessary or an indispensable party when the plaintiff prosecuting the lawsuit is the author of the work and when the absent party is a mere licensee. See e.g., Gilliam v. Am. Broadcasting Cos., 538 F.2d 14, 26 (2d Cir. 1976); but see Whitney, Atwood, Norcross Assoc., Inc. v. Architects Collaborative, Inc., 1991 U.S. Dist. LEXIS 225, at *3 (D. Mass. 1991) ("The defendant argues as a defense to the infringement charge, that plaintiff transferred its copyrights to the Commonwealth. As a result, the resolution of this action will necessarily involve a determination of the rights owned by the Commonwealth. Therefore, even though the Commonwealth itself has apparently not claimed an interest in the copyright, an interest in a full and fair adjudication of the issues presented here requires that the Commonwealth be present.").

In light of the foregoing, the Court cannot determine whether EMI Music Arabia possesses interests in the subject matter of this lawsuit sufficient to make it a necessary party. Nor can the Court determine that failing to join EMI Music Arabia will prejudice defendants since defendants' relationship with EMI Music Arabia is unclear. Due to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

lack of clarity regarding the need to join EMI Music Arabia in the instant action, the Court declines to find that EMI Music Arabia is a necessary party at this time.

If <u>arguendo</u> EMI Music Arabia were considered a necessary party, based on the present record, the Court finds that it is not an indispensable party.

As stated above, the Court considers four factors in deciding whether an absent party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Because the Court cannot determine what, if any, rights EMI Music Arabia has in "Khosara, Khosara," or what, if any, rights defendants licensed from EMI Music Arabia, the Court cannot determine, at this time, whether a judgment rendered without adding EMI Music Arabia would prejudice it or defendants. Additionally, the fact that plaintiff may be without an adequate remedy if the Court were to dismiss the instant action weighs against granting defendants' motion, particularly in light of the Court's uncertainty about each parties' interests in the musical composition "Khosara, Khosara." It appears from Judge Wilson's orders in the <u>Nafal</u> Action, that EMI Music Arabia is not subject to personal jurisdiction in the state of California.[15]  At the hearing held on December 10, 2007, defendants' counsel represented that in the Settlement Agreement, EMI Music Arabia had consented to jurisdiction in New York. However, after reviewing the Settlement Agreement it is now clear that EMI Music Arabia did not consent to

---

[15] For the first time in his supplemental brief, plaintiff states that he does not concede that the Court lacks personal jurisdiction over EMI Music Arabia. However, plaintiff has not taken any steps to add EMI Music Arabia as a party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

jurisdiction in New York.  Because a court in New York may not be able to exercise personal jurisdiction over EMI Music Arabia, plaintiff may not be able to sue EMI Music Arabia there.

      Based on the foregoing, the Court DENIES defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) without prejudice.  Defendants may later renew their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

motion if they can adduce facts more clearly showing EMI Music Arabia's interests in the instant matter.

### B.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Alternatively, in the event that the Court declines to dismiss the instant action under Fed. R. Civ. P. 12(b)(7), defendants seek to dismiss plaintiff's fourth claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), arguing that it is preempted by Section 301(a) of the Copyright Act of 1976, 17 U.S.C. § 301(a).[16]

The Ninth Circuit has adopted a two-part test to determine whether state law is preempted by the Copyright Act. Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1138 (9th Cir. 2006). First, a court must determine "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, assuming that it does, [the court] must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." Id. at 1138-39 (footnotes omitted).

Plaintiff's fourth claim, brought pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq., and the common law, is based, inter alia, on allegations that

> Defendants have distorted and mutilated and otherwise modified the "Khosara, Khosara" musical composition, including but not limited to arranging the music with foul, salacious and sexually explicit language, synchronizing it with foul, salacious and sexually explicit images, and suggesting that the music has a Caribbean origin. They have also, within packaging and marketing materials, made reference to their use of the work "Khosara, Khosara" in a manner suggesting approval by the Hamdy heirs. Such acts are prejudicial to the honor and reputation of Baligh Hamdy.

Compl. ¶ 45.

The Court concludes the first prong of the test is satisfied because plaintiff's fourth claim is predicated on allegations that defendants used the musical composition "Khosara, Khosara" in their song "Big Pimpin.'" The musical composition "Khosara,

---

[16] While it is not clear whether the 1909 or the 1976 Copyright Act applies, it appears that the result is the same under either Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL. | | |

Khosara," is undisputably within the scope of the subject matter of copyright. See 17 U.S.C. § 10 (1909 Act) (musical works are within the subject matter of copyright); 17 U.S.C. § 102 (1976 Act) (same).

The Court next turns to whether the rights asserted under California law are equivalent to the rights protected under the Copyright Act. In Del Madera Props. v. Rhodes & Gardner, 820 F.2d 973 (9th Cir. 1987), the Ninth Circuit held that

> To satisfy the "equivalent rights" part of the preemption test . . . the . . . alleged misappropriation . . . must be equivalent to rights within the general scope of copyright as specified by section 106 of the Copyright Act. Section 106 provides a copyright owner with the exclusive rights of reproduction, preparation of derivative works, distribution, and display. To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights.

Id. at 977.

"[T]he mere presence" of an additional or different element does not distinguish a state law claim from a claim in copyright." Laws, 448 F.3d at 1144. Instead, the elements of the state law claim must "transform the nature of the action. Id.

Plaintiff argues that his fourth claim is not preempted because he seeks relief for defendants' false indication that the Hamdy heirs endorsed "Big Pimpin.'" However, the gravamen of plaintiff's fourth claim is that defendants used "Khosara, Khosara" in the song "Big Pimpin.'" See e.g., Motown Record Corp. v. George A. Hormel & Co., 657 F. Supp. 1236, 1239 (C.D. Cal. 1987) (concluding that plaintiff's claim that defendant's violated Cal. Bus. & Prof. Code 17200 and 17500 by producing and broadcasting a commercial, which falsely implied that "that the Composition and . . . image of the Supremes were utilized with the permission of Motown and Jobete" was preempted by the Copyright Act); Silicon Image, Inc. v. Analogix Semiconductor, Inc., 2007 U.S. Dist. LEXIS 39599, at *24 (N.D. Cal. 2007) ( distinguishing Motown Record Corp., because "Silicon Image does not allege that Analogix has created the false impression that its reproduction of the Silicon Image  software is authorized -- which would amount to copyright infringement claim."). From the complaint, it appears that plaintiff's fourth claim seeks to assert rights that are equivalent to rights protected under the Copyright Act. See M. Nimmer & D. Nimmer, 3 Nimmer on Copyright, § 1.01[B][1] ("Thus, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

essence, a right that is 'equivalent to copyright' is one that is infringed by the mere act of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV07-5715 CAS (Ex) | Date | March 19, 2008 |
|---|---|---|---|
| Title | *OSAMA AHMED FAHMY V. JAY-Z (AKA SHAWN CARTER), ET AL.* | | |

reproduction, performance, distribution or display."). Plaintiff's state law claim is therefore preempted by the Copyright Act.

## V.   CONCLUSION

Based on the foregoing, the Court DENIES defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(7) without prejudice. However, the Court GRANTS defendants' motion to dismiss plaintiff's fourth claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |