1  RUSSELL J. FRACKMAN (SBN 49087)
   rjf@msk.com
2  ALEXA L. LEWIS (SBN 235867)
   all@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Universal Music Group
   Distribution, Corp. f/k/a Universal
7  Music & Video Distribution, Corp.

8             UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| Osama Ahmed Fahmy, an individual, | CASE NO. CV 07-05715 CAS (PJWx) |
|---|---|
| Plaintiff, | The Honorable Christina A. Snyder |
| v. | **ANSWER TO COMPLAINT OF DEFENDANT UNIVERSAL MUSIC GROUP DISTRIBUTION, CORP. F/K/A UNIVERSAL MUSIC & VIDEO DISTRIBUTION, CORP.** |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc., | |
| Defendants. | |

Mitchell Silberberg & Knupp LLP

1768914.1

ANSWER TO COMPLAINT

1    Defendant Universal Music Group Distribution, Corp. f/k/a Universal Music
2    & Video Distribution, Corp. ("Defendant"), answers the Complaint of Osama
3    Ahmed Fahmy ("Plaintiff") as follows:

### JURISDICTION AND VENUE

5    1.   The allegations contained in paragraph 1 are legal conclusions to
6    which a response is not required. To the extent the allegations in paragraph 1 are
7    factual in nature, Defendant denies each and every allegation set forth therein.

### PARTIES

9    2.   Answering the first and second sentences of paragraph 2, Defendant
10   lacks information sufficient to form a belief as to the truth of said allegations and
11   on that basis denies each and every allegation set forth therein; and answering the
12   third sentence of paragraph 2, denies each and every allegation set forth therein.

13   3.   Answering paragraph 3, Defendant admits the allegations in the first
14   sentence of paragraph 3; lacks information sufficient to form a belief as to the truth
15   of the allegations in the second sentence of paragraph 3, and on that basis denies
16   each and every allegation set forth therein; and denies each and every remaining
17   allegation set forth in paragraph 3.

18   4.   Answering paragraph 4, Defendant lacks information sufficient to
19   form a belief as to the truth of said allegations and on that basis denies each and
20   every allegation set forth therein.

21   5.   Answering paragraph 5, Defendant lacks information sufficient to
22   form a belief as to the truth of said allegations and on that basis denies each and
23   every allegation set forth therein.

24   6.   Defendant admits that it is a corporate entity that has been identified in
25   product packaging as having participated in the distribution of the album entitled
26   *Vol. 3…Life and Times of S. Carter*. Answering the remaining allegations in
27   paragraph 6, Defendant lacks information sufficient to form a belief as to the truth

of said allegations and on that basis denies each and every allegation set forth therein.

7.  Answering paragraph 7, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.  Answering the final sentence of paragraph 8, Defendant denies each and every allegation set forth therein.  Answering the remainder of paragraph 8, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

9.  Answering paragraph 9, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

10.  Answering paragraph 10, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

11.  Answering paragraph 11, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

12.  Answering paragraph 12, Defendant admits that the album *Vol. 3...Life and Times of S. Carter*, which contains a sound recording entitled "Big Pimpin,'" was released in or about December 1999.  Answering the remaining allegations in paragraph 12, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

13.  Answering the first sentence of paragraph 13, Defendant admits that distribution of the album *Vol. 3...Life and Times of S. Carter* has continued from

its original release through the present.  Defendant denies each and every remaining allegation set forth in paragraph 13.

14.	Answering paragraph 14, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

15.	Answering paragraph 15, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

16.	Answering the first sentence of paragraph 16, Defendant denies each and every allegation set forth therein.  Answering the second sentence of paragraph 16, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

17.	The allegations contained in paragraph 17 are legal conclusions to which a response is not required.  To the extent the allegations in paragraph 17 are factual in nature, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

18.	The allegations contained in paragraph 18 are legal conclusions to which a response is not required.  To the extent the allegations in paragraph 18 are factual in nature, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

## ANSWER TO FIRST CLAIM FOR RELIEF

19.	Answering paragraph 19, Defendant incorporates by reference its answers to paragraphs 1 through 18 above, as if set forth in full herein.

20.	Answering paragraph 20, Defendant denies each and every allegation set forth therein.

21. Answering paragraph 21, Defendant denies each and every allegation set forth therein.

22. Answering paragraph 22, Defendant denies each and every allegation set forth therein.

23. Answering paragraph 23, Defendant denies each and every allegation set forth therein.

24. Answering paragraph 24, Defendant denies each and every allegation set forth therein.

25. Answering paragraph 25, Defendant denies each and every allegation set forth therein.

26. Answering paragraph 26, Defendant denies each and every allegation set forth therein.

27. Answering paragraph 27, Defendant denies each and every allegation set forth therein.

## ANSWER TO SECOND CLAIM FOR RELIEF

28. Answering paragraph 28, Defendant incorporates by reference its answers to paragraphs 1 through 18 above, as if set forth in full herein.

29. The allegations contained in paragraph 29 are not directed against Defendant and as such no answer to paragraph 29 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

30. The allegations contained in paragraph 30 are not directed against Defendant and as such no answer to paragraph 30 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

31. The allegations contained in paragraph 31 are not directed against Defendant and as such no answer to paragraph 31 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

32. The allegations contained in paragraph 32 are not directed against Defendant and as such no answer to paragraph 32 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

33. The allegations contained in paragraph 33 are not directed against Defendant and as such no answer to paragraph 33 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

34. The allegations contained in paragraph 34 are not directed against Defendant and as such no answer to paragraph 34 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

35. The allegations contained in paragraph 35 are not directed against Defendant and as such no answer to paragraph 35 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

36. Answering paragraph 36, Defendant incorporates by reference its answers to paragraphs 1 through 18 above, as if set forth in full herein.

37. The allegations contained in paragraph 37 are not directed against Defendant and as such no answer to paragraph 37 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

38. The allegations contained in paragraph 38 are not directed against Defendant and as such no answer to paragraph 38 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

39. The allegations contained in paragraph 39 are not directed against Defendant and as such no answer to paragraph 39 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

40. The allegations contained in paragraph 40 are not directed against Defendant and as such no answer to paragraph 40 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

41. The allegations contained in paragraph 41 are not directed against Defendant and as such no answer to paragraph 41 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

42. The allegations contained in paragraph 42 are not directed against Defendant and as such no answer to paragraph 42 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

## ANSWER TO FOURTH CLAIM FOR RELIEF

43. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 43 is required. To the extent any answer is required, Defendant incorporates by reference its answers to paragraphs 1 through 37 above, as if set forth in full herein.

44. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 44 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

45. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 45 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

46. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 46 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

47. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 47 is required. To the extent any answer is required, Defendant denies each and every allegation set forth therein.

## PRAYER FOR RELIEF

48. Defendant denies that Plaintiff is entitled to recover any of the damages, injunctive or other relief sought in his Prayer for Relief, and denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

49. The Complaint fails to state facts sufficient to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

50. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Standing)

51. Plaintiff lacks standing to bring this action or any claim against Defendant for the relief sought herein.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary and Indispensable Parties)

52. The Complaint fails to name necessary or indispensable parties, including persons and entities that own the allegedly infringed works, as alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Independent Creation)

53.  Defendant's works were the result of Defendant's independent creation.

## SIXTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

54.  Plaintiff's causes of action, and each of them, and his injunctive and restitution remedies, are barred in light of the fact that Plaintiff has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Not Recoverable)

55.  Plaintiff is barred from any recovery of attorneys' fees, because, in bringing this action, Plaintiff has not alleged any basis upon which attorneys' fees are recoverable.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

56.  Plaintiff is barred by the doctrine of laches from asserting any of his claims for relief.

## NINTH AFFIRMATIVE DEFENSE
### (Waiver)

57.  Plaintiff has, through his actions, conduct, delay, and failure to act, waived any right to relief.

## TENTH AFFIRMATIVE DEFENSE

**(Estoppel)**

58.  Plaintiff is estopped by his own acts and omissions from asserting any claims in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

**(*De Minimis*)**

59.  To the extent any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use is *de minimis* and not actionable.

## TWELFTH AFFIRMATIVE DEFENSE

**(Authorization, License, Acquiescence, Ratification, Consent)**

60.  To the extent any of the acts or omissions averred in the Complaint occurred, those acts were authorized, licensed, acquiesced in, ratified, or consented to it, expressly, by implication, or by conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Lack of Willfulness)**

61.  Defendant has not willfully infringed any alleged copyright in the Plaintiff's purported work.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Failure to Comply with Statutory Requirements)**

62.  Plaintiff has failed to comply with the registration, deposit, and other statutory requirements that are conditions precedent to maintaining this action and/or to the recovery of statutory damages and attorneys' fees.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Work for Hire)

63. To the extent Baligh Hamdy wrote or contributed to "Khosara Khosara," such contribution was a work made for hire.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

64. Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

65. To the extent Defendant engaged in any act averred by Plaintiff, it did so innocently and in good faith.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Originality)

66. Plaintiff's causes of action are barred as the portion of the Plaintiff's work alleged to have been infringed is not original.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Protectability)

67. Plaintiff's causes of action are barred as the portion of the Plaintiff's work alleged to have been infringed is not protectable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Forfeiture by General Publication)

68. Plaintiff's works are in the public domain by reason of the alleged author's sale of said works without affixing any copyright notice thereto.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Fair Use)

69. To the extent any copyrightable elements from the allegedly infringed work was used in allegedly infringing works and were not independently created, such use constituted fair use.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not Copyrightable Expression)

70. Plaintiff's claims are barred, in whole or in part, because there is no infringement of copyrightable expression.

WHEREFORE, Defendant prays:

1. That Plaintiff take nothing by the Complaint, and that the Complaint, and each claim for relief therein, be dismissed with prejudice;

2. For Defendant's attorneys' fees and full costs incurred herein; and

3. For such other relief as the Court deems just and proper.

DATED: April 3, 2008         RUSSELL J. FRACKMAN
                             ALEXA L. LEWIS
                             MITCHELL SILBERBERG & KNUPP LLP


                             By: /s/ Alexa L. Lewis
                             Alexa L. Lewis

                             Attorneys for Defendant Universal Music Group Distribution, Corp. f/k/a Universal Music & Video Distribution, Corp.