1  DAVID H. STERN (SBN 196408)
   dstern@sonnenschein.com
2  A. VIOLET WALLACH (SBN 233651)
   vwallach@sonnenschein.com
3  SONNENSCHEIN NATH & ROSENTHAL LLP
   601 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5704
   Telephone:  (213) 623-9300
5  Facsimile:  (213) 623-9924

6  Attorneys for Shawn Carter p/k/a Jay-Z

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      WESTERN DIVISION

11

12  Osama Ahmed Fahmy, an individual,        No. CV 07-05715-CAS (Ex)

13              Plaintiff,                    The Honorable Christina A. Snyder

14         v.                                 DEFENDANT SHAWN CARTER
                                              P/K/A JAY-Z'S ANSWER TO
15  Jay-Z (aka Shawn Carter), Timothy         COMPLAINT
    Mosely, Kyambo Joshua, Rob
16  Bourdon, Brad Delson, Mike
    Shinoda, Dave Farrell, Joseph Hahn,
17  Chester Bennington, Big Bad Mr.
    Hahn Music, Chesterchaz Publishing,
18  EMI Blackwood Music Inc., EMI
    Music Publishing Ltd., Kenji
19  Kobayashi Music, Lil Lulu
    Publishing, Machine Shop
20  Recordings LLC, Marcy Projects
    Productions II, Inc., MTV Networks
21  Enterprise Inc., Nondisclosure
    Agreement Music, Paramount Home
22  Entertainment, Inc., Paramount
    Pictures Corporation, Radical Media,
23  Rob Bourdon Music, Roc-A-Fella
    Records LLC, Timbaland Productions
24  Inc., UMG Recordings, Inc.,
    Universal Music and Video
25  Distribution Inc., and Warner Music
    Inc.,
26              Defendants.

27

28

                              -1-

30319896\V-1

1      Defendant Shawn Carter, p/k/a "Jay-Z" ("Defendant"), hereby answers

2  plaintiff Osama Ahmed Fahmy's Complaint as follows:

3                          **JURISDICTION AND VENUE**

4      1.   Defendant responds that the allegations contained in paragraph 1 of the

5  Complaint state legal conclusions to which no response is required.  To the extent the

6  allegations in paragraph 1 are factual in nature, Defendant denies each and every

7  remaining allegation set forth therein.

8                               **Parties**

9      2.   Answering the first and second sentences of paragraph 2, Defendant lacks

10  information sufficient to form a belief as to the truth of said allegations and on that

11  basis denies each and every allegation set forth therein; and answering the third

12  sentence of paragraph 2, denies each and every allegation set forth therein.

13      3.   Defendant admits that he is an entertainer professionally known as "Jay-

14  Z". Defendant further admits that Timothy Mosley is a music producer who has

15  written musical compositions and that Mosley is a producer of "Big Pimpin", which

16  appears on an album by the Defendant entitled Vol. *3 . . . Life and Times of S. Carter.*

17  Defendant denies the remaining allegations in paragraph 3.

18      4.   Defendant admits that the individuals referenced in paragraph 4 are

19  members of the band "Linkin Park," but lacks knowledge or information sufficient to

20  form a belief as to the truth of the allegations in paragraph 4, and, on that basis,

21  denies said allegations.

22      5.   Defendant lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations in paragraph 5, and on that basis denies said allegations,

24  but avers that the "Big Pimpin'/Papercut" collaboration featured Linkin Park and the

25  Defendant.

26      6.   Defendant lacks knowledge or information sufficient to form a belief as to

27  the truth of the allegations in paragraph 6, and on that basis denies said allegations,

28

30319896\V-1

but avers that the musical work "Big Pimpin" features vocals by Defendant and was released on the CD, *Jay-Z Vol. 3 . . . Life and Times of S. Carter.*

7.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies said allegations.

### Allegations Common to All Claims

8.   Answering the final sentence of paragraph 8, Defendant denies each and every allegation set forth therein.  Answering the remainder of paragraph 8, Defendant lacks information sufficient to form a belief as to the truth of said allegations and on that basis denies each and every allegation set forth therein.

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies said allegations.

10.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis denies said allegations.

11.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis denies said allegations.

12.   Answering the final sentence of paragraph 12, Defendant admits that the album *Vol. 3...Life and Times of S. Carter*, which contains a sound recording entitled "Big Pimpin,'" was released in or about December 1999.  Defendant denies the remaining allegations contained in paragraph 12.

13.   Answering the first sentence of paragraph 13, Defendant admits that distribution of the album *Vol. 3...Life and Times of S. Carter* has continued from its original release through the present.  Defendant denies each and every remaining allegation set forth in paragraph 13.

14.   Defendant avers that Defendant performed a joint concert with Linkin Park, promoted as the "Collision Course" concert, and that portions of this concert

-3-

1    were embodied on a sound recording entitled *Collision Course*, which was

2    commercially released in 2004 and continues to be distributed today, and contains a

3    version of the musical composition "Big Pimpin'/Papercut".  Defendant denies each

4    and every remaining allegation set forth in paragraph 14.

5         15.  Defendant denies the allegations in paragraph 15, but avers that

6    Defendant was featured in a film called "*Fade to Black*", which was commercially

7    released in 2005 and this contained "Big Pimpin".

8         16.  Answering the first sentence of paragraph 16, Defendant denies each and

9    every allegation set forth therein.  Answering the second sentence of paragraph 16,

10   Defendant lacks information sufficient to form a belief as to the truth of said

11   allegations and on that basis denies each and every allegation set forth therein.

12        17.  Defendant responds that the allegations contained in paragraph 17 of the

13   Complaint are legal conclusions to which no response is required.  To the extent the

14   allegations in paragraph 17 are factual in nature, Defendant lacks knowledge or

15   information sufficient to form a belief as to the truth of the remaining allegations in

16   paragraph 17, and, on that basis, denies said allegations.

17        18.  Defendant responds that the allegations contained in paragraph 18 of the

18   Complaint state legal conclusions to which no response is required.  To the extent the

19   allegations in paragraph 18 are factual in nature, Defendant lacks knowledge or

20   information sufficient to form a belief as to the truth of the remaining allegations in

21   paragraph 18.

                              **First Claim For Relief**

22

23        19.  In response to paragraph 19, Defendant incorporates, repeats and realleges

24   each of his responses to paragraphs 1 to 18 as if fully stated herein.

25        20.  Defendant denies each and every allegation set forth in paragraph 20.

26        21.  Defendant denies each and every allegation in paragraph 21.

27        22.  Defendant denies each and every allegation in paragraph 22.

28        23.  Defendant denies each and every allegation in paragraph 23.

30319896\V-1

24. Defendant denies each and every allegation set forth in paragraph 24.

25. Defendant denies each and every allegation in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

**Second Claim For Relief**

28. In response to paragraph 28, Defendant incorporates, repeats and realleges each of his responses to paragraphs 1 to 18 as if fully stated herein.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant admits the allegation in the first sentence of paragraph 31. Defendant denies each and every remaining allegation in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies each and every allegation in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

**Third Claim For Relief**

36. In response to paragraph 36, Defendant incorporates, repeats and realleges each of his responses to paragraphs 1 to 18 as if fully stated herein.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 37.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

**Fourth Claim For Relief**

43. This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 43 is required. To the extent

30319896\V-1

any answer is required, Defendant incorporates by reference its answers to paragraphs 1 through 37 above, as if set forth in full herein.

44.    This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 44 is required.  To the extent any answer is required, Defendant denies each and every allegation set forth therein.

45.    This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 45 is required.  To the extent any answer is required, Defendant denies each and every allegation set forth therein.

46.    This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 46 is required.  To the extent any answer is required, Defendant denies each and every allegation set forth therein.

47.    This claim for relief has been dismissed pursuant to the Court's Order of March 20, 2008, and as such no answer to paragraph 47 is required.  To the extent any answer is required, Defendant denies each and every allegation set forth therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to recover any of the damages, injunctive or other relief sought in his Prayer for Relief, and denies each and every allegation contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

### (Statute of Limitations)

1.    This action is barred, in whole or in part, under the Statute of Limitations.

### SECOND DEFENSE

### (Failure to State a Claim for Relief)

2.    The Complaint, and each cause of action therein, fails to state a cause of action.

30319896\V-1

## THIRD DEFENSE

### (Waiver/Estoppel)

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

## FOURTH DEFENSE

### (Laches)

4.    Plaintiff is barred by the equitable doctrine of laches from asserting any of the alleged equitable claims for relief.

## FIFTH DEFENSE

### (Unclean Hands)

5.    Plaintiff's claims are barred, in whole or in part, by fraud, mistake and/or the doctrine of unclean hands.

## SIXTH DEFENSE

### (Not Copyrightable Expression)

6.    Plaintiff's claims are barred, in whole or in part, because there is no infringement of copyrightable expression.

## SEVENTH DEFENSE

### (Independent Creation)

7.    Defendant's works were the result of Defendant' independent creation.

## EIGHTH DEFENSE

### (De Minimis)

8.    To the extent any copyrightable elements from any of the allegedly infringed works were used in allegedly infringing works and were not independently created, such use is de minimis and not actionable.

## NINTH DEFENSE

### (Fair Use)

9.    To the extent any copyrightable elements from any of the allegedly infringed works were used, such use constituted fair use.

-7-

30319896\V-1

## TENTH DEFENSE

### (Standing)

10. Plaintiff has no standing to bring this action, in whole or in part, because he does not own valid copyrights of the musical compositions and/or recordings at issue.

## ELEVENTH DEFENSE

### (Invalid Copyright Registration)

11. Plaintiff claims for statutory damages are barred, in whole or in part, because Plaintiff has not filed proper or timely copyright registrations.

## TWELFTH DEFENSE

### (Authorized Use)

12. Plaintiff's claims are barred, in whole or in part, by virtue of licenses granted for the musical compositions and/or sound recordings at issue.

## THIRTEENTH DEFENSE

### (Failure to Join Necessary and Indispensable Parties)

13. The Complaint fails to name necessary or indispensable parties, including those persons and entities that own the allegedly infringed works, as alleged in the Complaint.

## FOURTEENTH DEFENSE

### (Adequate Remedy at Law)

14. Plaintiff's causes of action, and each of them, and his injunctive and restitution remedies, are barred in light of the fact that Plaintiff has an adequate remedy at law.

## FIFTEENTH DEFENSE

### (Attorneys' Fees Not Recoverable)

15. Plaintiff is barred from any recovery of attorneys' fees, because, in bringing this action, Plaintiff has not alleged any basis upon which attorneys' fees are recoverable.

-8-

30319896\V-1

## SIXTEENTH DEFENSE

### (Authorization, License, Acquiescence, Ratification, Consent)

16.  To the extent any of the acts or omissions averred in the Complaint occurred, which Defendant denies, those acts were authorized, licensed, acquiesced in, ratified, or consented to it, expressly, by implication, or by conduct.

## SEVENTEENTH DEFENSE

### (Lack of Willfulness)

17.  Defendant has not willfully infringed any alleged copyright in the Plaintiff's purported work.

## EIGHTEENTH DEFENSE

### (Failure to Comply with Statutory Requirements)

18.  Plaintiff has failed to comply with the registration, deposit, and other statutory requirements that are conditions precedent to maintaining this action and/or to the recovery of statutory damages and attorneys' fees.

## NINETEENTH DEFENSE

### (Work for Hire)

19.  To the extent Baligh Hamdy wrote or contributed to "Khosara Khosara," such contribution was a work made for hire.

## TWENTIETH DEFENSE

### (Good Faith)

20.  To the extent Defendant engaged in any act averred by Plaintiff, it did so innocently and in good faith.

## TWENTY-FIRST DEFENSE

### (Lack of Protectability)

21.  Plaintiff's causes of action are barred as the portion of the Plaintiff's work alleged to have been infringed is not protectable.

30319896\V-1

1

## TWENTY-SECOND DEFENSE

2

## (Forfeiture by General Publication)

3      22.  Plaintiff's works are in the public domain by reason of the alleged

4  author's sale of said works without affixing any copyright notice thereto.

5

WHEREFORE, Defendant prays:

6

7      1.      That Plaintiff take nothing by the Complaint, and that the Complaint, and

each claim for relief therein, be dismissed with prejudice;

8      2.      For Defendant's attorneys' fees and full costs incurred herein; and

9

10     3.      For such other relief as the Court deems just and proper.

11  Dated:  April 3, 2008            SONNENSCHEIN NATH & ROSENTHAL LLP

12

13                                  By _____

14                                          David H. Stern

15                                  Attorneys for Shawn Carter p/k/a Jay-Z

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-