UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-05715 CAS (PJWx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter) et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) MOTION TO QUASH SERVICE OF PROCESS AND DISMISS** (filed 8/18/08)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of September 8, 2008, is hereby vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION AND BACKGROUND

Plaintiff Osama Ahmed Fahmy filed the instant action for copyright infringement on August 31, 2007. Among the defendants listed in the action is EMI Publishing Ltd. ("EMI"), a limited company organized under the laws of the United Kingdom, with its principal place of business in London.[1] Mot. at 1-2.

---

[1] The other defendants named in the complaint are Mike Shinoda; Dave Farrell; Joseph Hahn; Chester Bennington; Big Bad Mr. Hahn Music; Chesterchaz Publishing; EMI Blackwood Music, Inc.; Kenji Kobayashi Music; Lil Lulu Publishing; Machine Shop Recordings LLC; Marcy Projects Productions II, Inc.; MTV Networks Enterprise, Inc; Nondisclosure Agreement Music; Paramount Home Entertainment, Inc; Paramount Pictures Corporation; Radical Media; Rob Bourdon Music; Roc-A-Fella Records LLC; Timbaland Productions, Inc; UMG Recordings, Inc; Universal Music and Video Distribution, Inc; Warner Music, Inc; Jay-Z; Timothy Mosely; Kyambo Joshua; Rob Bourdon; and Brad Delson. On August 6, 2008, the Court dismissed the action without prejudice as to defendants Kyambo Joshua; Lil Lulu Publishing; Marcy Projects Productions II, Inc.; and Radical Media for plaintiff's failure to comply with the Local Rules, Federal Rules of Civil Procedure, and orders of the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-05715 CAS (PJWx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter) et al. | | |

Defendant EMI alleges that in September 2007, plaintiff attempted to serve EMI by having copies of the summons, complaint, and accompanying papers delivered to Cathy Krieger, at an office address for the Corporation Service Company ("CSC") in Albany, NY.  Mot at 2.  Defendant alleges that CSC returned the documents to plaintiff's counsel on or around September 27, 2007, indicating that it was not a registered agent for service of process for EMI, and therefore could not receive service.  Mot at 2.

On July 18, 2008, this Court issued an order directing plaintiff to show cause why the instant action should not be dismissed for lack of prosecution as to five defendants, including EMI, for whom plaintiff had not yet shown proof of service.

On July 30, 2008, plaintiff submitted to the Court a proof of service, signed by a representative of Janney and Janney Attorney Service, Inc. and dated October 3, 2007. The proof of service stated that Janney and Janney had served EMI, through delivery of copies of the summons, complaint, and accompanying papers to Cathy Krieger, "authorized agent for service of process" at the Albany address for CSC on September 28, 2007.

On August 18, 2008, defendant filed the instant motion to quash service of process and dismiss.  On August 27, 2008, plaintiff filed a non-opposition to defendant's motion, stating that plaintiff does not oppose quashing service, but requesting that the Court grant a 90-day extension to allow plaintiff to serve EMI.  Defendant filed a reply on August 29, 2008.  After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

### A.   Motion to Quash

Defendant alleges sufficient facts to show that quashing service of process is appropriate, and plaintiff does not oppose defendant's motion to quash.  For the forgoing reason, the court GRANTS defendant's motion to quash.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-05715 CAS (PJWx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter) et al. | | |

### B.   Motion to Dismiss

Defendant moves for dismissal with prejudice of the instant action as to defendant pursuant to Fed. R. Civ. P. 12(b)(5) and Fed R. Civ. P. 41(b).  Where insufficient service of process is shown, courts have broad discretion to either extend the time for service or to dismiss the action without prejudice.  Oyama v. Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).  However, service should generally be quashed and the action should be preserved if the plaintiff has a reasonable prospect of properly serving defendant.  Lamm v. Bumbo, 2008 U.S. Dist. LEXIS 39042 at *30 (N.D. Cal. 2008) (citing Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985)); McKinney v. Apollo Group, Inc., 2008 U.S. Dist. LEXIS 56324 at *14 (S.D. Cal. 2008)).

A district court may also dismiss with prejudice pursuant to Fed. R. Civ. P. 41(b) where failure to serve process amounts to a failure to prosecute.  Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1278 (1980).  In determining whether the action should be dismissed, the Court must weigh conflicting policy considerations, including the interest in efficient administration of judicial business, the risk that delay will prejudice defendant, and "the policy favoring disposition of cases on their merits."  Id. at 1278-79.

Plaintiff has a reasonable prospect of properly serving defendant in this case.  See Lamm, 2008  U.S. Dist. LEXIS 39042 at *30.  Furthermore, because defendant has notice of the suit and discovery is still ongoing, any prejudice to defendant caused by the delay in service of process does not rise to a level sufficient to warrant dismissal with prejudice.  See Nealey, 662 F.2d at 1279.  Moreover, the policy favoring disposition on the merits weighs in favor of allowing defendant additional time to serve process.  See id.

For the forgoing reasons, the Court DENIES defendant's motion to dismiss.  The Court GRANTS plaintiff's request for 90 days in which to properly file service of process on defendant.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |