UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers): Defendant EMI's Motion to Dismiss for Lack of Personal Jurisdiction** (filed 10/9/2008)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 3, 2008, is hereby vacated, and the matter is hereby taken under submission.

**I.     INTRODUCTION**

On August 31, 2007, plaintiff Osama Ahmed Fahmy filed the instant action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.[1] Plaintiff alleges that defendants infringed his copyright interest in the Egyptian musical composition, "Khosara, Khosara." Among the defendants listed in the action is EMI Publishing Ltd. ("EMI"), a limited company organized under the laws of the United Kingdom, with its principal place of business in London.[2] Mot. at 1.

---

[1] Plaintiff's complaint also alleged a claim for violation of Cal. Bus. & Prof. Code §§ 17200 et seq. On March 19, 2008, the Court granted defendant's motion to dismiss this claim for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

[2] The other defendants named in the complaint are Mike Shinoda; Dave Farrell; Joseph Hahn; Chester Bennington; Big Bad Mr. Hahn Music; Chesterchaz Publishing; EMI Blackwood Music, Inc.; Kenji Kobayashi Music; Lil Lulu Publishing; Machine Shop Recordings LLC; Marcy Projects Productions II, Inc.; MTV Networks Enterprise, Inc; Nondisclosure Agreement Music; Paramount Home Entertainment, Inc; Paramount Pictures Corporation; Radical Media; Rob Bourdon Music; Roc-A-Fella Records LLC; Timbaland Productions, Inc; UMG Recordings, Inc; Universal Music and Video

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

EMI filed the instant motion to dismiss for lack of personal jurisdiction on October 9, 2008. Plaintiff filed an opposition on October 21, 2008. A reply was filed on October 27, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.     BACKGROUND**

Plaintiff alleges that Baligh Hamdy ("Hamdy"), an Egyptian composer, co-authored the musical composition "Khosara, Khosara." Compl. ¶ 8. According to plaintiff, Hamdy wrote the music in or about 1957. Id. Plaintiff alleges that thereafter, Hamdy authorized Mamoun El Shinnaway to author lyrics for the musical composition. Id. Plaintiff alleges that in or about 1960, Egyptian vocalist Abdel Halim Hafez ("Hafez") recorded "Khosara, Khosara" for use in the Egyptian film "Fata Ahlami," with Hamdy's authorization. Id. Hamdy allegedly retained all copyrights in the musical composition "Khosara, Khosara," but licensed the right to reproduce and distribute Hafez's recorded composition. Id. In or about 1960, Hamdy also allegedly registered his copyright in the "Khosara, Khosara" musical composition pursuant to Egyptian law. Id. ¶ 9.

Hamdy died in 1993. Id. Plaintiff alleges that upon Hamdy's death, Hamdy's three siblings, Morsi, Asmaa, and Safia, inherited his copyright interests in "Khosara, Khosara." Id. Plaintiff claims that after Safia and Asmaa's deaths, Morsi and Asmaa's four children, one of whom is plaintiff, jointly owned the "Khosara, Khosara" copyright interests. Id. Plaintiff alleges that he has the general power of attorney to act on behalf of the Hamdy heirs. Id. Plaintiff alleges that in or about 1995, Morsi and Asmaa's children "licensed the right to mechanically reproduce the 'Khosara, Khosara' composition and [Hafez's] 1960 Sound Recording without change or alteration, onto records, cassettes, and cartridges." Id. ¶ 10. According to plaintiff, "[p]ursuant to this license, . . . [Hafez's] 1960 Sound Recording of 'Khosara, Khosara' was published in or

---

Distribution, Inc; Warner Music, Inc; Jay-Z; Timothy Mosely; Kyambo Joshua; Rob Bourdon; and Brad Delson. On August 6, 2008, the Court dismissed the action without prejudice as to defendants Kyambo Joshua; Lil Lulu Publishing; Marcy Projects Productions II, Inc.; and Radical Media for plaintiff's failure to comply with the Local Rules, Federal Rules of Civil Procedure, and orders of the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

about 1997, as a track on an album title 'The Movie Collection,' containing original movie soundtracks sung by Abdel Halim Hafez." Id.

Plaintiff alleges that in approximately 1999 defendants Jay-Z and Timothy Mosley authored and then recorded a musical work entitled "Big Pimpin,'" wherein the rap/hip-hop artist Jay-Z sings rap lyrics over a "recording . . . of the musical composition of 'Khosara, Khosara.'" Id. ¶¶ 3, 12. Plaintiff alleges that Jay-Z and Timothy Mosley then released a CD entitled "Jay-Z Volume III: Life and Times of S. Carter," ("Life and Times") which contains the song "Big Pimpin.'" Id. ¶ 12. Subsequently, Jay-Z and the band Linkin Park performed a new musical work entitled "Big Pimpin'/Papercut" at a concert known as "Collision Course."[3] Id. ¶ 14. Plaintiff alleges that this work also infringes the musical composition "Khosara, Khosara." Id. Jay-Z and Linkin Park released a DVD with a recording of their "Collision Course" live performance, and a CD with a studio recording of the song "Big Pimpin'/Papercut" in or about November 2004. Id. Later, in or about April 2005, defendants Jay-Z and Paramount Pictures Corporation released a documentary film entitled "Fade to Black." Id. ¶ 15. Plaintiff alleges that the film's soundtrack includes the musical composition "Khosara, Khosara." Id. Plaintiff further alleges that in recent years defendants Jay-Z, Timothy Mosely, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington and the various corporate entity defendants "released and or distributed other, as-yet-unidentified, music-video, film and artistic works that substantially copy the creative elements of the 'Khosara, Khosara,' musical composition, all without license or other permission." Id. ¶¶ 5, 16.

Plaintiff alleges that EMI, along with other corporate defendants, are "identified on product packaging and/or public filings as having participated in the creation, release, distribution and sale" of the allegedly infringing compositions "Big Pimpin'" and "Big Pimpin'/Papercut." Compl. ¶¶ 5-6. Plaintiff alleges that EMI and other corporate defendants "actively engaged in the infringing conduct, possessed the ability and right to supervise one or more of those acts while also benefitting directly and financially from them, or knowingly contributed to, participated in, or otherwise assisted the infringing acts." Compl. ¶¶ 26, 33.

---

[3] Linkin Park consists of defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn and Chester Bennington. Compl. ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

### III. LEGAL STANDARD

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific. A court has general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

The standard for establishing general jurisdiction is "fairly high" and requires that the defendant's contacts be substantial enough to approximate physical presence. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. (finding no general jurisdiction when the corporation was not registered or licensed to do business in California, paid no taxes, maintained no bank accounts, and targeted no advertising toward California). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

(2) the claim must arise out of or result from the defendant's forum-related activities; and
(3) exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Where a court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiff's version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, supra, 27 F. Supp. 2d at 1181.

## IV. DISCUSSION

EMI argues that the Court does not have general or specific jurisdiction over EMI, and that, therefore, EMI must be dismissed as a party in the instant action. Plaintiff, however, argues that this Court does have personal jurisdiction over EMI because EMI consented to the Court's jurisdiction in a related matter. Furthermore, plaintiff argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

that the Court has personal jurisdiction over EMI because EMI is involved in the licensing chain with respect to "Khosara, Khosara."

### A.  CONSENT TO JURISDICTION

Plaintiff first argues that EMI has waived its personal jurisdiction challenge, because EMI consented to personal jurisdiction in this Court in a related matter, Nafal v. Shawn Carter et al., CV 05-2480, before the Honorable Stephen Wilson.  In that case, plaintiff Ahab Joseph Nafal claimed ownership of a one-half interest in "Khosara, Khosara," and alleged that various defendants, including EMI, violated his copyright interest through their involvement in the recording and distribution of "Big Pimpin.'"  Plaintiff argues that EMI consented to jurisdiction in that suit by answering the complaint, providing discovery responses, and filing a summary judgment motion, and that the Court found EMI to be the prevailing party in that litigation.  Opp'n at 6.  Therefore, plaintiff argues, EMI has waived its jurisdictional challenge in the instant action.

Plaintiff's argument, however, is insufficient to establish that the Court has personal jurisdiction over EMI, given that the Ninth Circuit held in Dow Chemical Co v. Calderon, 422 F.3d 827 (9th Cir. 2005) that a defense on the merits in a suit brought by one party does not constitute consent to jurisdiction in a suit brought by a different party.  In Dow Chemical, the Court held that, although defendants had consented to jurisdiction in a previous action involving the same transaction and occurrence against a different plaintiff, defendants had not waived their personal jurisdiction objection in the subsequent action.  Id. at 835-36.  In so deciding, the Ninth Circuit distinguished two out-of-circuit decisions which had found that "personal jurisdiction exists where a defendant also independently seeks *affirmative* relief in a separate action before the same court concerning the same transaction or occurrence," on the basis that defendants in Dow Chemical had not sought *affirmative* relief in the first suit, but instead were defendants in that action.  See id. at 834 (emphasis in original); General Contracting & Trading Co. v. Interpole, Inc., 940 F.2d 20 (1st Cir 1991); International Transactions Limited v. Embotelladora Agral Regiomontana S.A. de C.V., 277 F. Supp. 2d 654 (N.D. Tex. 2002).  The Court held that "[w]ithout an independent affirmative decision to seek relief in our courts, there can be no imputation of a conscious decision to settle all aspects of a dispute here."  Dow Chemical, 422 F.3d at 836.  Similarly, in the instant action, EMI did not affirmatively seek relief in this Court in the previous Nafal action.  Instead, EMI was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

defendant in that suit. Thus, under Dow Chemical, EMI's defense in the Nafal suit does not establish that EMI has waived its personal jurisdiction objection in the instant action. See id.

Furthermore, although plaintiff cites Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994 (1st Cir. 1983) to support its position, that case is not on point, because it did not involve the question of whether consent to jurisdiction in one suit acted as a waiver of a personal jurisdiction challenge in a subsequent suit. In Marcial Ucin, the Court held that it had jurisdiction over a defendant where the defendant had filed a general appearance and participated in numerous depositions, but four years later moved to dismiss for lack of personal jurisdiction. See id. at 997. The Court held that jurisdiction was appropriate, because defendant's conduct "was sufficiently dilatory and inconsistent with its assertion of lack of in personam jurisdiction to constitute a waiver of the defense. Id. Here, by contrast, there is no indication that EMI's motion to dismiss in the instant action is untimely.

### B.     GENERAL AND SPECIFIC JURISDICTION

Plaintiff argues that the Court has personal jurisdiction over EMI, because EMI is involved in the licensing chain with respect to "Khosara, Khosara." However, based on the record before the Court, the Court cannot conclude that it has personal jurisdiction over EMI based on this fact alone. In its opposition, plaintiff requests an opportunity to depose the person at EMI who is most knowledgeable about EMI's licensing rights regarding "Khosara, Khosara." Opp'n at 8. The Court finds granting this request to be appropriate, because information gained from such a deposition may be useful to the Court in its determination of whether the Court has personal jurisdiction over EMI.

### V.     CONCLUSION

For the foregoing reasons, the Court continues the hearing on this matter for sixty (60) days, to January 5, 2009 at 10:00 a.m., and orders EMI to produce for deposition the individual at EMI most knowledgeable about licensing rights that EMI has regarding "Khosara, Khosara."

IT IS SO ORDERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | October 29, 2008 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |