

ROBERT S. BESSER (SBN 46541)
LAW OFFICES OF ROBERT S. BESSER
1221 Second Street, Suite 300
Santa Monica, California 90401
TEL: (310) 394-6611
FAX: (310) 394-6613

Attorneys for Intervenor
AHAB JOSEPH ("JULIAN") NAFAL

proposed order lodged
A/Complaint in Intervention
lodged

FILED
CLERK, U.S. DISTRICT COURT

MAR - 9 2009

CENTRAL DISTRICT OF CALIFORNIA
BY

RECEIVED
BUT
NOT FILED

MAR - 9 2009

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

OSAMA AHMED FAHMY, an individual

Plaintiff,

vs.

JAY-Z aka SHAWN CARTER, TIMOTHY MOSELY, et al.,

Defendants.

Case No. CV07-05715 CAS PJW

**NOTICE AND MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date:      April 13, 2009
Time:      10:00 a.m.
Ctrm.:     5

PLEASE TAKE NOTICE that on April 13, 2009 at 10:00 a.m. , in Courtroom 5 of the United States District Court for the Central District of California, located at 312 N. Spring St. Los Angeles, California 90012, Intervenor AHAB JOSEPH ("JULIAN") NAFAL ("NAFAL") will, and hereby does, move this Court for an order permitting him to intervene in the above-captioned matter.

This motion is made on the grounds that NAFAL claims an interest in the copyright that is the subject of this action, that NAFAL is so situated that disposing of this action without NAFAL will impair his ability to protect his interest, and that his interest cannot be adequately represented by the existing

-1-

parties. Accordingly, NAFAL is entitled to intervene in this action as a matter of right pursuant to *Federal Rules of Civil Procedure* ("FRCP") 24(a), or alternatively, by permission pursuant FRCP 24(b).

Pursuant to Local Rule 7-3, this motion is made following Intervenor's counsel's unsuccessful attempts to resolve the issues raised in this motion by conferring with counsel for Plaintiff and for Defendants herein which occurred on February 20, 2009 and February 24, 2009.

This motion is based on the attached Memorandum of Points and Authorities, the [PROPOSED] Complaint in Intervention for Copyright Infringement, Declarations of AHAD JOSEPH NAFAL and ROBERT S. BESSER, all filed and served herewith, the court record in this case, and such other evidence and/or argument as may be presented at or before the time of the hearing.

Dated: March 6, 2009

LAW OFFICES OF ROBERT S. BESSER

By: _____

ROBERT S. BESSER
Attorney for Intervenor
AHAB JOSEPH ("JULIAN") NAFAL

-2-

MEMORANDUM OF POINTS AND AUTHORITIES

I.   INTRODUCTION AND FACTS

NAFAL owns an exclusive license to exercise all rights of the copyright holder in the music of the song "Khosara, Khosara," which is the copyright at issue in this action.

NAFAL's rights stem from a License Agreement dated November 1, 2001 between the Plaintiff herein, OSAMA AHMED FAHMY ("FAHMY") and Farouk Fathalla Sima ("Sima")(the "License Agreement"). FAHMY, as the "Copyright Holder of all copyrights relating to the music of the song 'Khosara, Khosara'," granted Sima "an exclusive license to use the products which incorporate any of the intellectual property included within the Copyrights" whose territory includes "all places on Earth" with the exception of Egypt. FAHMY also granted Sima the right to "prosecute all parties believed to be responsible for infringement" of Khosara, Khosara in his own name. The rights granted to Sima are subject only to payment to FAHMY of 60% (sixty percent) of the proceeds as defined.[1] Attached to the Declaration of Ahab Joseph Nafal ("NAFAL Decl.") as Exhibit A is a true and correct copy of the License Agreement.

On January 7, 2005, Sima assigned NAFAL one-half of Sima's rights under the License Agreement (the "2005 Assignment Agreement") - with FAHMY's express, written consent. Attached to the NAFAL Decl. as Exhibit C is a true and correct copy of the 2005 Assignment Agreement.

On April 1, 2005, Nafal filed suit for copyright infringement of the song "Khosara, Khosara" in this Court, entitled <u>Nafal v. Shawn Carter, et al.</u>, USDC

---

[1] The License Agreement was amended on October 30, 2004 to extend its term, reduce the percentage paid to FAHMY to 50% (Fifty Percent), and to specifically provide that "no right of termination may be exercised if any litigation . . . has been . . . initiated with respect to the song, "Khosara, Khosara. . . ."  Attached to the NAFAL Declaration as B is a true and correct copy of The Amendment to License Agreement.

-3-

Case No. CV 05-2480 SVW (the "2005 Litigation"), alleging the same claims against most of the same defendants as are present in this action. When Nafal's standing to bring suit was challenged, Nafal requested that FAHMY join as a Plaintiff in the action, but FAHMY refused.

On August 3, 2007, Judge Wilson granted the defendants' motion for summary judgment on the issue of Nafal's standing and dismissed the 2005 Litigation with prejudice. On September 19, 2007, Nafal duly perfected an appeal of the dismissal which is currently pending in the Ninth Circuit.

Effective October 1, 2008, Sima assigned to NAFAL the remaining one-half interest in the License Agreement (the "2008 Assignment Agreement"). Attached to the NAFAL Decl. as Exhibit A is a true and correct copy of the 2008 Assignment Agreement.

Through this chain of title, NAFAL can establish that he owns 100% of the exclusive license to commercially exploit the copyright in "Khosara, Khosara" and to prosecute a claim for its infringement.

This motion is timely and will cause no undue delay or prejudice to the existing parties. NAFAL has significant protectable interests both in the copyright and in a potential recovery against Defendants that cannot be adequately protected by FAHMY because FAHMY now claims that NAFAL has no such rights.

## II.    NAFAL IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

FRCP 24 provides, in pertinent part:

(a)    "On timely motion, the court must permit anyone to intervene who:

...

(2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

-4-

---

*NOTICE OF MOTION AND MOTION TO INTERVENE*

Rule 24 is to be broadly construed in favor of the prospective intervenor. Arakaki v. Cayentano 34 F.3d 1078, 1082-1083 (9th Cir. 2003), citing Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). Under Rule 24(a), a person "retains *the right* to intervene" if the conditions of Rule 24(a) are satisfied. UMG Recordings, Inc. v. Hummer Winblad, 2007 U.S. Dist. Lexis 25175, p. 4 (N.D. Cal. 2007)(Emphasis in original). In the Ninth Circuit, there are four requirements for intervention as of right under Rule 24(a)(2): the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the subject of the action; (3) the applicant must be so situated that disposition of the matter may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties. Intel Coporation v. Insurance Company of the State of Pennsylvania, 2009 U.S. Dist. LEXIS 3337, p. 3., citing Northwest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996). All four of these requirements have been met in this motion.

A.    This motion is timely and should be granted.

In the Ninth Circuit, the timeliness of a motion to intervene depends upon three criteria: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." UMG, *supra*. However, the concept of timeliness is a flexible one. Blake v. Pallan, 554 F.2d 947, 951-52 (9th Cir. 1977). The court is thus charged with reviewing all of the circumstances.

Although the Complaint in this action was filed on August 31, 2007, the action is still in its early stages. There is a motion for review of and relief from the Magistrate's order of February 5, 2009 pending (set for hearing on March 16, 2009) (Dkt No. 167) as well as a motion to dismiss one of the defendants for lack

-5-

of jurisdiction (set for hearing on March 30, 2009)(Dkt. No. 173).

The Pre-Trial Conference was recently continued to May 11, 2009. Dkt. No. 158. At this point, none of the merits of the case have been resolved one way or the other.

Both sides are equally familiar with NAFAL's contentions regarding his rights to commercially exploit "Khosara, Khosara" and sue for its infringement. Defendants will not be prejudiced by NAFAL's intervention because NAFAL's claims against them are essentially the same as the claims already asserted by FAHMY in this action and by Nafal against substantially the same Defendants in the 2005 Litigation. Similarly, NAFAL's claims against Plaintiff FAHMY arise out of the same facts and transactions that are involved in this action. NAFAL's claims, if proven, will directly affect the progress and outcome of this case.

The reason that NAFAL is filing this motion now and not some time ago is that NAFAL has only recently acquired his 100% interest in the License Agreement.

B.     Nafal claims a "significant protectable interest" in the Khosara, Khosara copyright.

The requirement of "protectability" in the context of intervention was formulated by the United States Supreme Court in <u>Donaldson v. United States,</u> 400 U.S. 517, L.Ed. 2d 580, 91 S.Ct. 534 (1970) and fleshed out by the Ninth Circuit in <u>Portland Audubon Society v. Hodel</u>, 866 F.2d 302 (9th Cir.), *cert denied*, 492 U.S. 911, 106 L.Ed.2d 577, 109 S.Ct. 3229 (1989).

The "interest" to be protected under Rule 14(a) must be "direct, non-contingent, substantial and legally protectable." <u>Dilks v. Aloha Airlines</u>, 642 F.2d 1155, 1156-57 (9th Cir. 1981).

The chain of title upon which NAFAL relies for his claim leads directly to an exclusive license from FAHMY to commercially exploit Khosara, Khosara and

-6-

to sue for infringement.[2]  Both owners of copyrights and exclusive licensees of copyrights may enforce a copyright or a license (*See*, <u>Halicki Films, LLC v. Sanderson Sales and Marketing</u>, 547 F.3d 1213, 1220 (9th Cir. 2008); <u>Sybersound Records, Inc. v. UAV Corp.</u>, 517 F.3d 1137, 1144 (9th Cir. 2008), citing 17 U.S.C. §501(b)(conferring standing only on the beneficial owners of an exclusive right who is entitled to institute an action for any infringement).

As an exclusive licensee, NAFAL has standing to sue for infringement of Khosara, Khosara and to collect any amounts recovered by virtue of an action for infringement, subject to sharing such amounts with Osama on a percentage basis. See Paragraph 6 of the License Agreement.

FAHMY is expected to argue that he terminated the original License Agreement and therefore any assignment of the rights created under it are now void.  However, NAFAL contends that even if FAHMY attempted to terminate the license, he did not do so in compliance with its own terms and therefore the purported termination, by the express terms of the license, is void and of no effect. These issues will directly affect the ultimate outcome of this action.

It is clear that all of the issues between the existing parties and the proposed intervenor are so interwoven as to require adjudication in the same action.

C.    <u>Nafal's interests will be severely compromised by adjudication of this action without him and his interests cannot be adequately represented by the existing parties.</u>

The burden of showing inadequacy of representation is

---

[2]    "Courts are to take all well-pleaded, non-conclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." <u>Southwest Center for Biological Diversity v. Berg</u>, 268 F.3d 810, 820 (9th Cir. 2001).

-7-

minimal and is satisfied if it is shown that representation of the applicant's interest 'may be' inadequate. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983).

In this case, NAFAL has claims against both Plaintiff and Defendant and so it is impossible for either side to adequately represent NAFAL's interests.

As alleged in the Complaint in Intervention, FAHMY has challenged the existence of NAFAL's rights and has been openly hostile to him and to his claims. As also alleged, NAFAL has an enforceable claim for copyright infringement against Defendants.

## III. NAFAL IS ENTITLED TO PERMISSIVE INTERVENTION

Rule 24 also provides, in pertinent part:

> "(b)(1) On timely motion, the court may permit anyone to intervene who:
>
> ...
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> ...
>
> (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Unlike Rule 24(a), Rule 24(b) does not require the potential intervenor to demonstrate a "significant protectable interest." See, Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1107-1108 (9th Cir. 2002). There is no requirement under Rule 24(b) that the intervenor have a direct personal or pecuniary interest in the subject of the litigation.

Permissive intervention pursuant Rule 24(b)requires only that an independent ground for jurisdiction exists, that the motion is timely and that there is a claim or defense shared with the original action. See, Kootenai, supra at 1107. UMG Recordings, supra.

The primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on its merits. Beckman Industries, Inc. v. International Insurance

-8-

Company, 966 F.2d 470, 472 (9th Cir. 1992). The claims between the Plaintiff, Defendants and Intervenor are all substantially based on the same facts, circumstances and transactions: They should be litigated on their merits in one proceeding.

The independent ground for jurisdiction for intervention is federal question pursuant to the Copyright Act (28 U.S.C. §1337). Moreover, as set forth *supra.*, this motion to intervene is timely and there are both claims and defenses shared with the existing action.

Finally, Rule 24(c) requires that when exercising its discretion to grant permissive intervention, the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Again, as set forth above, an intervention will neither unduly delay or prejudice any of the original parties' rights.

## III.   CONCLUSION

For all the foregoing reasons, Intervenor respectfully requests that his motion be granted.

Dated: March 6, 2009                   LAW OFFICES OF ROBERT S. BESSER

By: _____
ROBERT S. BESSER
Attorneys for Intervenor
AHAB JOSEPH NAFAL

-9-

## *PROOF OF SERVICE*

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action.

On March 6, 2009, I served the foregoing document described as:
***NOTICE OF MOTION TO INTERVENE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF***
on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

❏　**BY PERSONAL SERVICE:** I caused the above-referenced document(s) to be delivered by messenger service for delivery to the above address.

■　**BY MAIL AS FOLLOWS:** The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after service of deposit for mailing in affidavit.

❏　**BY FACSIMILE MACHINE:** The foregoing document was transmitted to the above-named persons by facsimile transmission on said date, and the transmission was confirmed as complete and without error.

Executed on March 6, 2009, at Santa Monica, California.

❏　(State)　　I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

■　(Federal)　I declare under penalty of perjury under the laws of the United States that service was made at the direction of a Member of the Bar of this Court.

**Sherri Bernhardt**
———————————————
TYPE OR PRINT NAME

————————————————
SIGNATURE

———————————————————————————————
*Name of Document*

ALL PURPOSE POS (2).wpd

## SERVICE LIST

Edward O. Lear
Edward O. Lear Law Offices
5200 W. Century Blvd., Suite 940
Los Angeles,CA  90045

David H. Stern
Winston and Strawn LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543

Christine Lepera
Sonnenschein Nath & Rosenthal
1221 Avenue of the Americas, 25th Floor
NewYork, New York  10020-6700

Russel J. Frackman
Alexa L. Lewis
MITCHELL SILBERBERG & KNUPP
11377 West Olympic Blvd
Los Angeles, CA  90064

William J. Briggs, II
Henry L.Self, III
Lavely & Singer
2029 Century Park East, Suite 2400
Los Angeles, CA  90067-2906

Anais Violet Wallach
Sonnenschein Nath and Rosenthal
601 South Figueroa ST, Suite 1500
Los Angeles, CA  90017