UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Potential Intervenors: | |
| Edward Lear | Robert Besser | |

**Proceedings:**   **Ahab Joseph Nafal's Motion to Intervene** (filed 4/16/2009)

## I.   INTRODUCTION AND BACKGROUND

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("Fahmy") filed the instant action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.[1]  Plaintiff alleges that defendants infringed his copyright interest in the Egyptian musical composition, "Khosara, Khosara."[2]  Mot. at 1.

---

[1] Plaintiff's complaint also alleged a claim for violation of Cal. Bus. & Prof. Code §§ 17200 et seq.  On March 19, 2008, the Court granted defendant's motion to dismiss this claim for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

[2] The other defendants named in the complaint are Mike Shinoda; Dave Farrell; Joseph Hahn; Chester Bennington; Big Bad Mr. Hahn Music; Chesterchaz Publishing; EMI Blackwood Music, Inc.; Kenji Kobayashi Music; Lil Lulu Publishing; Machine Shop Recordings LLC; Marcy Projects Productions II, Inc.; MTV Networks Enterprise, Inc; Nondisclosure Agreement Music; Paramount Home Entertainment, Inc; Paramount Pictures Corporation; Radical Media; Rob Bourdon Music; Roc-A-Fella Records LLC; Timbaland Productions, Inc; UMG Recordings, Inc; Universal Music and Video Distribution, Inc; Warner Music, Inc; Jay-Z; Timothy Mosely; Kyambo Joshua; Rob Bourdon; and Brad Delson.  On August 6, 2008, the Court dismissed the action without prejudice as to defendants Kyambo Joshua; Lil Lulu Publishing; Marcy Projects Productions II, Inc.; and Radical Media for plaintiff's failure to comply with the Local Rules, Federal Rules of Civil Procedure, and orders of the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

    On April 16, 2009, Ahab Joseph Nafal, aka Julian Nafal ("Nafal") filed the instant motion to intervene. On May 4, 2009, defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, Kenji Kobayashi Music, Machine Shop Recordings LLC, Nondisclosure Agreement Music, Rob Bourdon Music, Warner Music, Inc., UMG Recordings, Inc., Roc-A-Fella Records, LLC, Universal Music Group Distribution, Corp. f/k/a Universal Music & Video Distribution, Corp., MTV Networks Enterprises, Inc., EMI Blackwood Music Inc., Timbaland Productions, Inc., Shawn Carter, Timothy Mosley, Paramount Home Entertainment, Inc., and Paramount Pictures Corporation filed a notice of non-opposition to the motion to intervene. Fahmy filed an opposition to Nafal's motion to intervene on May 18, 2009. A reply was filed on May 26, 2009. A hearing was held on June 22, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Fahmy's Complaint

    Fahmy alleges that Baligh Hamdy ("Hamdy"), an Egyptian composer, co-authored the musical composition "Khosara, Khosara." Compl. ¶ 8. According to Fahmy, Hamdy wrote the music in or about 1957. Id. Fahmy alleges that thereafter, Hamdy authorized Mamoun El Shinnaway to author lyrics for the musical composition. Id. Fahmy alleges that in or about 1960, Egyptian vocalist Abdel Halim Hafez ("Hafez") recorded "Khosara, Khosara" for use in the Egyptian film "Fata Ahlami," with Hamdy's authorization. Id. Hamdy allegedly retained all copyrights in the musical composition "Khosara, Khosara," but licensed the right to reproduce and distribute Hafez's recorded composition. Id. In or about 1960, Hamdy also allegedly registered his copyright in the "Khosara, Khosara" musical composition pursuant to Egyptian law. Id. ¶ 9.

    Hamdy died in 1993. Id. Fahmy alleges that upon Hamdy's death, Hamdy's three siblings, Morsi, Asmaa, and Safia, inherited his copyright interests in "Khosara, Khosara." Id. Fahmy claims that after Safia and Asmaa's deaths, Morsi and Asmaa's four children, one of whom is Fahmy, jointly owned the "Khosara, Khosara" copyright interests. Id. Fahmy alleges that he has the general power of attorney to act on behalf of the Hamdy heirs. Id. Fahmy alleges that in or about 1995, Morsi and Asmaa's children "licensed the right to mechanically reproduce the 'Khosara, Khosara' composition and [Hafez's] 1960 Sound Recording without change or alteration, onto records, cassettes,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

and cartridges." Id. ¶ 10. According to Fahmy, "[p]ursuant to this license, . . . [Hafez's] 1960 Sound Recording of 'Khosara, Khosara' was published in or about 1997, as a track on an album title 'The Movie Collection,' containing original movie soundtracks sung by Abdel Halim Hafez." Id.

Fahmy alleges that in approximately 1999 defendants Jay-Z and Timothy Mosley authored and then recorded a musical work entitled "Big Pimpin,'" wherein the rap/hip-hop artist Jay-Z sings rap lyrics over a "recording . . . of the musical composition of 'Khosara, Khosara.'" Id. ¶¶ 3, 12. Fahmy alleges that Jay-Z and Timothy Mosley then released a CD entitled "Jay-Z Volume III: Life and Times of S. Carter," ("Life and Times") which contains the song "Big Pimpin.'" Id. ¶ 12. Subsequently, Jay-Z and the band Linkin Park performed a new musical work entitled "Big Pimpin'/Papercut" at a concert known as "Collision Course."³ Id. ¶ 14. Fahmy alleges that this work also infringes the musical composition "Khosara, Khosara." Id. Jay-Z and Linkin Park released a DVD with a recording of their "Collision Course" live performance, and a CD with a studio recording of the song "Big Pimpin'/Papercut" in or about November 2004. Id. Later, in or about April 2005, defendants Jay-Z and Paramount Pictures Corporation released a documentary film entitled "Fade to Black." Id. ¶ 15. Fahmy alleges that the film's soundtrack includes the musical composition "Khosara, Khosara." Id. Fahmy further alleges that in recent years defendants Jay-Z, Timothy Mosely, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington and the various corporate entity defendants "released and or distributed other, as-yet-unidentified, music-video, film and artistic works that substantially copy the creative elements of the 'Khosara, Khosara,' musical composition, all without license or other permission." Id. ¶¶ 5, 16.

Fahmy alleges that corporate defendants, are "identified on product packaging and/or public filings as having participated in the creation, release, distribution and sale" of the allegedly infringing compositions "Big Pimpin'" and "Big Pimpin'/Papercut." Compl. ¶¶ 5-6. Fahmy alleges that corporate defendants "actively engaged in the infringing conduct, possessed the ability and right to supervise one or more of those acts while also benefitting directly and financially from them, or knowingly contributed to, participated in, or otherwise assisted the infringing acts." Compl. ¶¶ 26, 33.

---

³ Linkin Park consists of defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn and Chester Bennington. Compl. ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

/ / /
/ / /

### B. Nafal's Proposed Complaint in Intervention and the <u>Nafal</u> Action

In Nafal's "Proposed First Amended Complaint in Intervention" ("FACI"), Nafal alleges that he owns an exclusive license to exercise all rights of the copyright holder in "Khosara, Khosara." FACI ¶ 5. Nafal alleges that his right stems from a November 1, 2001 License Agreement between Fahmy and Farouk Fathalla Sima ("Sima"), which granted to Sima "an exclusive license to use the products which incorporate any of the intellectual property included within the Copyrights" whose territory includes 'all places on Earth" with the exception of Egypt. FACI ¶ 5. Nafal alleges that the License Agreement also granted Sima the right to "prosecute all parties believed to be responsible for infringement" of Khosara, Khosara. FACI ¶ 5. Nafal alleges that the rights granted to Sima were subject only to a payment to Fahmy of 60 percent of the proceeds as defined. FACI ¶ 5. Nafal alleges that the License Agreement was amended on October 30, 2004 to extend its term and to reduce the percentage paid to Fahmy to 50 percent, as well as to specifically provide that "no right of termination may be exercised if any litigation . . . has been . . . initiated with respect to the song Khosara, Khosara . . . " FACI ¶ 6.

Nafal alleges that on January 7, 2005, Sima assigned one-half of Sima's rights under the License Agreement to Nafal, with Fahmy's express, written consent. FACI ¶ 7. Nafal alleges that on October 1, 2008, Sima assigned to Nafal the remaining one-half interest in the License Agreement. FACI ¶ 8. Nafal alleges that, therefore, through chain of title, he owns 100 percent of an exclusive license to commercially exploit the copyright in Khosara, Khosara and to prosecute infringement claims. FACT ¶ 9.

Nafal's FACI notes that on April 1, 2005, Nafal filed suit for copyright infringement of the song "Khosara, Khosara" in this Court in the action <u>Nafal v. Shawn Carter, et al.</u>, 540 F.Supp.2d 1128 (C.D. Cal. 2007) (the "<u>Nafal</u> action") before the Honorable Stephen V. Wilson. FACI ¶ 10. Nafal's suit named most of the defendants sued in the instant action. Nafal alleges that, when Nafal's standing to bring suit was challenged in the <u>Nafal</u> action, Nafal requested that Fahmy join as a plaintiff in the action, but that Fahmy refused. FACI ¶ 10.

On August 3, 2007, Judge Wilson granted defendants' motion for summary judgment on Nafal's chain of title and standing in the <u>Nafal</u> action. <u>Nafal v. Carter</u>, 540 F.Supp.2d 1128 (C.D. Cal. 2007). Although the Court "tentatively" concluded that Sima

Case 2:07-cv-05715-CAS-PJW   Document 212   Filed 06/22/09   Page 5 of 13   Page ID #:2986

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

obtained an exclusive license in Khosara, Khosara under the 2005 License Agreement between Sima and Fahmy, the Court found that the Assignment Agreement to Nafal did not confer upon Nafal a co-exclusive license which would permit him to proceed with a lawsuit. Id. at 1144. The Court found that, under the terms of the License Agreement, Nafal was "prohibited from exercising any decisionmaking authority over almost every portion of the License Agreement" and that "[t]he Assignment Agreement leaves [Nafal] utterly impotent to decide how and when to enforce the License Agreement against infringers." Id. at 1142. The Court therefore held that Nafal was not a co-exclusive licensee, because "he is at best a glorified non-exclusive licensee to whom Sima may from time to time assign a cause of action."[4] Id. at 1143. Because "[t]he bare assignment of an accrued cause of action" was held to be impermissible under 17 U.S.C. § 501(b) in Silvers v. Sony Pictures Entertainment, Inc., 402 F.3d 881 (9th Cir. 2005), the Court determined that Nafal lacked standing to bring his copyright infringement suit. Nafal has appealed the Court's decision, and the appeal is currently pending in the Ninth Circuit. Mot. at 4.

In his first claim for relief in the FACI, Nafal alleges that he is entitled to all copyright infringement damages awarded to Fahmy. Fahmy further alleges claims for breach of contract against Fahmy and breach of the covenant of good faith against Fahmy, alleging that Fahmy improperly refused to cooperate with, and acted to thwart, Nafal in the Nafal action, and intentionally and knowingly waited to file his own suit for infringement in order to exclude Nafal.

### C. The Santa Barbara Action

A second action filed by Nafal is currently pending in Santa Barbara County Superior Court ("the Santa Barbara action") against K. Andrew Kent; David King; Rincon Venture Law Group; Alejandro P. Gutierrez; Hataway, Perrett, Webster, Powers, Chrisman, & Gutierrez; and Does 1-50.[5] In Nafal's second amended complaint ("SAC")

---

[4] The Court further held that "even if Plaintiff were deemed a co-exclusive licensee, the 1909 [Copyright] Act would require him to join Sima and the Hamdy heirs in this action through the filing of a first amended complaint." Nafal, 540 F.Supp.2d at 1144.

[5] Fahmy requests that the Court take judicial notice of the Nafal's SAC in the Santa Barbara Action. See RJN Ex. A. Under Fed. R. Evid. 201, a court may take judicial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

in the Santa Barbara action, filed on February 13, 2009, Nafal alleges that defendant attorneys, retained by Nafal, "fail[ed] to properly draft [Nafal's] underlying rights agreement (the assignment of an interest in the License from Sima) in which [Nafal] acquired his underlying rights to the song Khasara Khasara and fail[ed] to take appropriate action to protect [Nafal's] interests resulting in the granting of a Motion for Summary Judgment by Defendants in Nafal v. Carter, et al. . . ." SAC ¶ 15. Nafal also alleges that defendants conspired with Fahmy, and that "[p]ursuant to this conspiracy, Defendants advised [Fahmy] that he should become the lead plaintiff in the [Nafal action] and that if [Nafal] refused to cooperate, [Fahmy] should refrain from joining in the [Nafal action], await the ultimate defeat of [Nafal] in the [Nafal action] and then, with the assistance of Defendants . . . commence a new copyright action against the same defendants for the same claims as asserted by [Nafal] in the [Nafal action]." SAC ¶ 26. Nafal alleges claims for (1) legal malpractice; (2) breach of contract; and (3) breach of fiduciary duty.

### III.  LEGAL STANDARD

####   A.  INTERVENTION OF RIGHT

Rule 24(a) provides as follows:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

---

notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these elements must be demonstrated in order to provide a non-party with a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

### B. PERMISSIVE INTERVENTION

Permissive intervention pursuant to Fed. R. Civ. P 24(b) may only be granted where the proposed intervenor demonstrates (1) independent grounds for jurisdiction; (2) that the motion to intervene is timely; and (3) that the applicant's claim or defense has a question of law or fact in common with the main action. League of United Latin Am. Citizens, 131 F.3d at 1308. In considering timeliness of the motion, the Court considers "the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay." Id.

### IV. DISCUSSION

Nafal seeks to intervene in order to "protect his claim to copyright damages, if any, recovered by FAHMY and to seek relief from FAHMY for his breach of the License Agreement." Mot. at 4.

### A. Intervention as a Matter of Right

#### 1. Timeliness

The timeliness of a motion to intervene depends upon three criteria: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996). Nafal argues that although the complaint in this action was filed on August 31, 2007, the proceedings are still in the early stages. Mot. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

Nafal notes that the pretrial conference on the first phase of the case is set for August 10, 2009, and argues that it is necessary and logical that Nafal be involved in this first phase, which is devoted to the issue of standing. Mot. at 6. Nafal argues that no parties will be prejudiced by Nafal's intervention, because both sides are familiar with his contentions. Mot. at 6.

Fahmy, however, argues that Nafal's attorney attended a hearing in this action on December 10, 2007, and that Nafal's attorney had expressed an awareness of this action even prior to that date. Opp'n at 10; Declaration of Edward O. Lear ¶ 6-7. Therefore, Fahmy, argues, Nafal improperly delayed moving to intervene. Opp'n at 11, citing United States v. Oregon, 913 F.2d 576, 589 (9th Cir. 1990) ("[a] party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation"). Fahmy argues that nothing in Nafal's motion purports to explain why he waited 18 months or more to move to intervene. Opp'n at 11. Fahmy further argues that it makes no difference that the pretrial conference has been continued to August 2009, because "[i]ntervention has been denied even at the pretrial stages when a lot of water [has] passed under . . . [the] litigation bridge." Opp'n at 11, quoting U.S. v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004).

Fahmy also argues that he would be prejudiced by Nafal's intervention in this action. Fahmy argues that he and his co-owners of the copyright are "elderly" and that they "have a legitimate and compelling interest in avoiding any further delay in the resolution of this matter which, among other things, seeks to vindicate Baligh Hamdy's name and the integrity of a musical composition, 'Khosara Khosara," beloved by many in the Arab world." Opp'n at 12. Fahmy argues that intervention would dramatically delay trial, because Fahmy would be required to (1) challenge the adequacy of Nafal's pleading; (2) to depose Sima about the true scope and intent of the original Fahmy-Sima license, Sima's performance, Fahmy's termination of the agreement, and Nafal's alleged purchase[6]; (3) depose witnesses revealed in the Santa Barbara action "to be knowledgeable about Nafal's contention that he lost the Nafal v. Carter suit because of a purported conspiracy between Fahmy and Nafal's former attorneys, and Nafal's

---

[6] Fahmy argues that Sima is not a key non-party witness and is a resident of Alexandria, Egypt, which, Fahmy argues, would further cause discovery delays. Opp'n at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

contentions that he and Sima performed all agreements they entered whereas Fahmy did not." Opp'n at 13. Furthermore, Fahmy argues that complications will arise from the fact that Nafal's interests are essentially adverse to the interests of every other party to this litigation. Opp'n at 13. Fahmy also argues that allowing Nafal to intervene will raise the potential for inconsistent verdicts in this action and the Santa Barbara action. Opp'n at 14.

### 2. Significant Protectable Interest Relating to Subject of the Action

"An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims." Donnely v. Glicman, 159 F.3d 405, 409 (9th Cir. 1998).

#### i. Protectable Interest

Nafal argues that he has a protectable interest in the Khosara, Khosara copyright. Mot. at 6. Nafal argues that "[t]he chain of title upon which Nafal relies for his claim leads directly to an exclusive license from Fahmy to commercially exploit Khosara, Khosara and to sue for infringement." Mot. at 7, citing Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 820 (9th Cir. 2001) ("[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections"). Nafal further argues that he "has standing to sue for infringement of Khosara, Khosara and to collect any amounts recovered by virtue of an action for infringement brought by the Licensor, subject to sharing such amounts with FAHMY in accordance with the terms of the License Agreement." Mot. at 7.

Fahmy, however, counters that Nafal has no significant protectable interest in the subject matter of this case, and that in fact, Nafal is attempting to avoid the holding in the Nafal action, wherein the Court held that Nafal is not an exclusive licensee with standing to pursue any claim that the copyright in Khosara, Khosara was infringed. Fahmy argues that, based on the holding in the Nafal action, intervention is inappropriate. See also Hulex Music v. Santy, 698 F.Supp. 1024, 1029 (D.N.H. 1988) ("A copyright infringement action may only be brought by the legal or beneficial owner of a copyright, and joinder or intervention is limited to persons having or claiming an interest in the copyright"), citing 17 U.S.C. § 501(b) ("[t]he court may require the joinder, and shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

permit the intervention, of any person having or claiming an interest in the copyright").[7]

Fahmy further argues that the only thing that has allegedly changed since Judge Wilson's decision is Nafal's alleged purchase of the remaining one-half of the license agreement. Opp'n at 2. Fahmy argues that this alleged purchase is immaterial, because Nafal could not have acquired in 2008 any additional rights in any Fahmy Sima 'license' for two reasons. First, Fahmy argues that he terminated the Sima License Agreement on September 27, 2007, over a year before Nafal tried to acquire rights in it. Opp'n at 15. Nafal, however, contends that even if Fahmy attempted to terminate the License Agreement, he did not do so in compliance with the License Agreement's terms, and therefore the termination is void. Mot. at 7. Second, Fahmy argues that the 2008 Assignment Agreement could not make Nafal an exclusive licensee as a matter of law, because Ninth Circuit law requires a copyright licensor's consent to assignment, and that Fahmy never gave such consent and that Nafal's FACI does not allege any such consent. Opp'n at 15, citing Harris v. Emus Records Corp., 734 F.2d 1329, 1334 (9th Cir. 1984) ("a copyright license can not be transferred by the licensee without authorization").

### ii.     Relationship

Fahmy also argues that there is no relationship between the state-law contract claims that Nafal seeks to assert in his FACI and the copyright infringement claims asserted in Fahmy's complaint. Opp'n at 18, citing Donnelly, 159 F.3d 405, 510 (9th Cir. 1998) ("[a]n applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant").

Fahmy also argues that Nafal's FACI raises new collateral issues that will cause substantial delay in these proceedings and would dramatically expand the scope of the instant dispute. Opp'n at 5.

### 3.     Whether Disposition of the Action may Impair Party's Ability to Protect Interest

---

[7] However, the Ninth Circuit has noted that there is a circuit split as to whether "an intervenor-applicant must also independently satisfy Article III standing to intervene as of right" and that the Ninth Circuit has not yet definitively ruled on this issue. Prete v. Bradbury, 438 F.3d 949, 956 n.8 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

Fahmy argues that denying intervention will not impair Nafal's rights to assert his breach of contract claims against Fahmy in another forum. Fahmy notes that "[n]umerous courts have held that the burden of duplicative litigation is not the sort of impairment caused by the resolution of the underlying lawsuit." Opp'n at 19, quoting In re Napster, 2007 U.S. Dist. LEXIS 25175 *25 (N.D. Cal. 2007); see also California ex rel. Lockyer v. U.S., 450 F.3d 436, 442 (9th Cir. 2006) ("[e]ven if this lawsuit would affect the proposed intervenors' interests, their interests might not be impaired if they have 'other means' to protect them"). In addition, Fahmy argues that the allegations that Fahmy refused to cooperate with Nafal are central to the pending Santa Barbara action against Nafal's former attorneys, and that Nafal therefore cannot show that he has no alternate venue for asserting his claims. Opp'n at 3, 7.

Furthermore, Fahmy argues that state court is a more appropriate forum for Nafal's action, because Nafal's claims are all state law claims, and that although the first claim for relief is styled as "[f]or the Copyright Infringement Damages awarded Plainitff," Nafal has not asserted any copyright infringment claims against defendants, nor is he relying on copyright law. Opp'n at 20.

### 4. Adequate Representation by Existing Parties

Nafal argues that because he is adverse in this action to both Fahmy and defendants, it is impossible for either side to adequately represent his interests. Mot. at 8. Fahmy, however, argues that Nafal basically claims a right to share in Fahmy's recovery from defendant, and that "there is no reason to think that Fahmy will not seek to maximize that recovery and thus adequately protect the interests that Nafal claims vis-a-vis the defendants." Opp'n at 20, citing Arakai v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003) ("[w]hen an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises . . . If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation"). Furthermore, Fahmy argues that [w]here, as here, the proposed intervenor claims to be adverse to both sides of the pending litigation, with completely new and largely unrelated claims, the 'adequate representation' factor does not contribute in a meaningful way to the analysis." Opp'n at 22.

Nafal counters that in fact, Fahmy can not adequately represent Nafal's interest, because under the terms of the License Agreement, Fahmy has granted away his ability to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

do so, and that therefore, "[i]n the absence of Nafal in this action, Fahmy runs the very real risk that Defendants will argue that Fahmy's right to seek damages for copyright infringement exists only in Egypt. In so far as the rest of the world is concerned, and most particularly, the United States, the right to pursue damages for copyright infringement rests exclusively with Nafal" Reply at 5.

### 5. Conclusion

The Court concludes that Nafal is not entitled to intervention as a matter of right. First, the Court finds that Nafal's motion to intervene is untimely. This action was filed in August 2007, and the evidence indicates that Nafal had notice of the action for a substantial amount of time before moving to intervene. Nafal presents no explanation as to why he delayed in seeking intervention. Furthermore, the Court finds that Fahmy would be prejudiced by Nafal's intervention, as such intervention would significantly widen the scope of issues and would likely cause substantial delay in the proceedings.

Furthermore, it appears to the Court that Nafal is attempting to relitigate the holding in the <u>Nafal</u> action, in which the Court held that Nafal was not an exclusive licensee with standing to pursue any claim that the copyright in Khosara, Khosara was infringed. Nafal has failed to demonstrate any changed circumstances that would warrant a finding that Nafal could, in fact, be an exclusive licensee with a significant protectable interest in this action. In addition, there is no indication that denying intervention would impair Nafal's ability to pursue any state law contract claims against Fahmy in another forum.

Therefore, the Court DENIES Nafal's motion to intervene as a matter of right.

### B. Permissive Intervention

Nafal argues that he is entitled to permissive intervention. Mot. at 8. Nafal argues that (1) there are independent grounds for jurisdiction pursuant to the Copyright Act; (2) the motion to intervene is timely; and (3) the claims between Fahmy, Nafal, and defendants are based on the same facts, circumstances, and transactions, and they should therefore be litigated in the same proceeding.

Fahmy, however, argues that Nafal's complaint in intervention does not share any common question of law or fact with the underlying dispute alleged in Fahmy's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 22, 2009 |
|---|---|---|---|
| Title | Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al. | | |

complaint. Opp'n at 23. Fahmy further argues that there is no basis for the Court's independent jurisdiction over the FACI, as it asserts no claim under the Copyright Act, and in any event, Nafal has no standing to assert such a claim. Opp'n at 24, citing Durgom v. Janowiak, 74 Cal.App.4th 178, 182 (1999) ("[t]he mere fact that a controversy involves a patent or copyright does not give rise to federal jurisdiction"); Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1194 (7th Cir. 1987) ("a dispute over the terms of a copyright license is not deemed to arise under the Copyright Act"); Yount v. Acuff Rose-Opryland, 103 F.3d 830, 834-45 (9th Cir. 1996) ("royalty rights reserved in a contract transferring a copyright are a concern of state contract law only and are not a concern of federal law at all"). Furthermore, Fahmy reiterates his arguments that Nafal's motion is not timely.

The Court finds that permissive intervention is inappropriate. As stated herein, the Court finds Nafal's motion to intervene to be untimely, and that Nafal's allegations are outside of the scope of the issues in the instant action. The Court DENIES Nafal's motion for permissive intervention.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Nafal's motion to intervene.

IT IS SO ORDERED

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |