| | |
|---|---|
| 1 | RUSSELL J. FRACKMAN (SBN 49087) |
|   | rjf@msk.com |
| 2 | ALEXA L. LEWIS (SBN 235867) |
|   | all@msk.com |
| 3 | MITCHELL SILBERBERG & KNUPP LLP |
|   | 11377 West Olympic Boulevard |
| 4 | Los Angeles, California 90064-1683 |
|   | Telephone: (310) 312-2000 |
| 5 | Facsimile: (310) 312-3100 |
| 6 | Attorneys for Defendants |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, | CASE NO. CV 07-05715-CAS (Ex) |
| Plaintiff, | The Honorable Christina A. Snyder |
| v. | |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc., | DEFENDANTS' *EX PARTE* APPLICATION FOR MODIFICATION OF SCHEDULING ORDER TO ALLOW FOR RESUMED MEDIATION AFTER MOTIONS FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION ON AFFIRMATIVE DEFENSES OF LACHES AND STATUTE OF LIMITATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[DECLARATION OF ALEXA L. LEWIS AND [PROPOSED] ORDER FIELD CONCURRENTLY HEREWITH] |
|  | Date: N/A<br>Time: N/A<br>Ctrm: 5 |
| Defendants. | |

## EX PARTE APPLICATION

Pursuant to Local Rule 7-19 and Federal Rule of Civil Procedure 16, Defendants apply to the Court *ex parte* for an order modifying the scheduling order in this matter to facilitate a resumed mediation. On November 19, 2009, the parties attended a mediation before Judge Woehrle, after which Judge Woehrle issued an Order stating:

> "Settlement conference held. No agreement is reached at this time. Counsel are to contact the court clerk to schedule a further settlement conference following ruling on intended summary judgment and/or summary adjudication motions concerning statute of limitations and laches defenses."

Declaration of Alexa L. Lewis ("Lewis Decl.") ¶ 4, Ex. 2. However, Defendants' statute of limitations and laches defenses are not part of Phase I of this case, which is limited to chain of title issues. Therefore, Defendants request that the Court issue an order modifying the current scheduling order as follows:

(1) Defendants' motion for summary judgment or summary adjudication on the defenses of laches and the statute of limitations shall be filed within ninety (90) days of entry of a new scheduling order, with the parties to conduct mutually agreed upon discovery on those issues, if any.

(2) If Defendants' motion does not dispose of the case in its entirety, the parties shall return to Judge Woehrle for resumed mediation at the earliest mutually convenient date after the entry of the order on Defendants' motion for summary judgment or summary adjudication on the defenses of laches and the statute of limitations.

(3) If the resumed mediation does not result in a settlement of the action, Plaintiff's motion on chain of title shall be filed within ninety (90) days after the completion of the resumed mediation, with the parties to conduct depositions of the

parties' respective experts whose declarations are to be submitted in connection with that motion.

Good cause exists to grant Defendants' Application on the grounds that the early adjudication of the issues of laches and the statute of limitations, which currently are not at issue in this phase of this lawsuit, is in the interest of judicial economy, will minimize the litigation expenses of the parties and the time of the Court, and will either dispose of the entire case (thereby obviating motion practice on the complex issue of chain of title) or allow the parties to return to a second session of mediation that will have a significantly greater chance of success than the initial session.

This Application is based on the instant Application, the attached Memorandum of Points and Authorities, the Declaration of Alexa Lewis, the pleadings and documents on file in this matter, and such additional evidence and oral argument as may be presented at or before the hearing on this Application.

Counsel for Defendants advised counsel for Plaintiff of this Application on December 21, 2009. See Lewis Decl. ¶ 5, Ex. 3. Counsel for Defendants has indicated that he would oppose any such Application. See id.

DATED: January 4, 2010           RUSSELL J. FRACKMAN
                                 ALEXA L. LEWIS
                                 MITCHELL SILBERBERG & KNUPP LLP


                                 By: /s/ Alexa L. Lewis
                                 Alexa L. Lewis
                                 Attorneys for Defendants

**Preliminary Statement**

Pursuant to Local Rule 7-19 and Federal Rule of Civil Procedure 16, Defendants respectfully submit this application for an order modifying the scheduling order to permit the affirmative defenses of laches and the statute of limitations to be litigated first by way of motion for summary judgment or summary adjudication.

**Factual Background**

This lawsuit concerns the purported copyright infringement of a circa-1960 Egyptian musical composition called "Khosara Khosara" in a 1999 song entitled "Big Pimpin'" by the artist Jay-Z. Defendants, a group of performing artists, record companies, music publishers, and motion picture studios, allege that they were licensed to use a sample of "Khosara Khosara" in "Big Pimpin.'" More critically for the purposes of this *ex parte* application, Defendants also allege that (1) Plaintiff's claims are barred in their entirety by laches, and (2) the statute of limitations bars recovery of a significant portion of any damages that may be available to Plaintiff.

The allegedly infringing work was first released in 1999. Plaintiff was aware of his claim at the latest in 2000 and waited until 2007 to bring suit; and, in the period between the time Plaintiff learned of his claim and bringing suit, critical documents vanished, key witnesses died, and Defendants conducted numerous business transactions and spent large sums of money in reliance on their right to exploit the allegedly infringing composition, "Big Pimpin'." Further, the Copyright Act bars the recovery of damages that accrued more than three years before commencement of suit. Plaintiff filed suit in 2007, but nevertheless claims entitlement to very large damages that allegedly accrued between 1999 and 2004, which Defendants contend are not recoverable.

This lawsuit is trifurcated, with only chain of title at issue in this Phase. Lewis Decl. ¶ 2, Ex. 1. This Application is made by all Defendants that appeared and remain in the case.[1]

On November 19, 2009, the parties attended a mediation before Judge Woehrle. Lewis Decl. ¶ 3. In addition to their counsel, two of Defendants' client representatives attended in person, and numerous additional representatives attended telephonically. Id. At the mediation, it became clear (and Judge Woehrle and all parties agreed) that a resolution of this matter would only be possible after Defendants' laches and statute of limitations defenses were adjudicated, because those defenses would either dispose of this lawsuit entirely, or greatly narrow the amount of any potential damages. Id. Judge Woehrle acknowledged that reality in her order:

> "Settlement conference held. No agreement is reached at this time. Counsel are to contact the court clerk to schedule a further settlement conference following ruling on intended summary judgment and/or summary adjudication motions concerning statute of limitations and laches defenses."

Lewis Decl. ¶ 4, Ex. 2.

Defendants would like to return to a second session of mediation as soon as possible, while minimizing the expenditure of legal fees in the interim. At the mediation, Plaintiff also expressed an interest in returning for a second session. However, Defendants' statute of limitations and laches defenses are not encompassed within the Phase I chain of title issues. Motion practice and, if needed, trial of Phase I on chain of title, will present complex issues and be time-consuming and expensive. For example, Phase I entails the analysis of approximately fifty

---

[1] On June 22, 2009, this Court granted the motion of EMI Music Publishing Ltd. to dismiss for lack of personal jurisdiction. Docket No. 211.

years of documents drafted primarily in Arabic, and expert testimony on issues of Egyptian and United States law in connection therewith.

Therefore, after the mediation Defendants suggested to Plaintiff the possibility of modifying the current schedule so that the parties may first engage in motion practice on the statute of limitations and laches defenses, after which they would attend a second mediation session. Lewis Decl. ¶ 5, Ex. 3. Defendants would have preferred to request this modified schedule via stipulation; however, despite several requests and suggestions by Defendants, Plaintiff has been unwilling to agree to such a modification. Id. Although Defendants do not see the need for any discovery in connection with the laches and statute of limitations defenses, they requested Plaintiff to identify the specific discovery he believes necessary. Plaintiff has failed to do so. Id.

Pursuant to this Court's Scheduling Order, the Court will hold a pretrial conference in connection with Phase I on February 8, 2010. Lewis Decl. ¶ 6, Ex. 4.

### Argument

I. ***Ex Parte* Relief Is Warranted.**

*Ex parte* relief is proper where: (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) where the moving party is without fault in creating the situation necessitating *ex parte* relief. Mission Power Engineering Co. v. Continental Cas. Co., 883 F. Supp. 448, 492 (C.D. Cal. 1995). With regard to the first Mission Power factor, a regularly noticed motion could not be heard until after the deadline to file motions for summary judgment in connection with Phase I. With regard to the second Mission Power factor, *ex parte* relief here has not been necessitated by any lack of diligence or misconduct. Since the initial mediation session (and given the Thanksgiving, Christmas and New Years holidays), Defendants have been attempting to reach an agreed-upon proposed schedule with Plaintiff, but have not been able to do so.

Mitchell Silberberg & Knupp LLP
2483550.3
5
EX PARTE APPLICATION

Accordingly, Defendants now bring this Application for the following modification of the schedule in this matter:

(1) Defendants' motion for summary judgment or summary adjudication on the defenses of laches and the statute of limitations shall be filed within ninety (90) days of entry of a new scheduling order, with the parties to conduct mutually agreed upon discovery on those issues, if any.

(2) If Defendants' motion does not dispose of the case in its entirety, the parties shall return to Judge Woehrle for resumed mediation at the earliest mutually convenient date after the entry of the order on Defendants' motion for summary judgment or summary adjudication on the defenses of laches and the statute of limitations.

(3) If the resumed mediation does not result in a settlement of the action, Plaintiff's motion on chain of title shall be filed within ninety (90) days after the completion of the resumed mediation, with the parties to conduct depositions of the parties' respective experts whose declarations are to be submitted in connection with that motion.

## II. Good Cause Exists for Modifying the Scheduling Order.

Pursuant to Federal Rule of Civil Procedure 16, a schedule may be modified for good cause and with the Court's consent. In this case, good cause exists for modification of the Scheduling Order to allow for the adjudication of Defendants' laches and statute of limitations defenses.

In order to adjudicate the complex chain of title, the parties at a minimum must present the opinions of their respective Cairo-based Egyptian law experts (who have not yet been designated or had their depositions taken) and present briefs analyzing numerous contract documents and correspondence – some dating from approximately fifty years ago, and many of which were originally drafted in Arabic – in the context of Egyptian and United States law. Both parties will incur significant expense, but even after the parties and this Court spend the time and

resources required to reach a determination on chain of title, the resolution of that issue (regardless of how it is resolved) will not result in a return to a second mediation session.  As Judge Woehrle discerned, a resumed mediation would only be appropriate after adjudication of Defendants' statute of limitations and laches defenses.

        Defendants' statute of limitations and laches defenses are, in contrast to chain of title issues, streamlined and capable of speedy resolution, and should not require expert testimony or numerous Arabic language documents.  Defendants' motion on the statute of limitations will narrow the issues and clarify that Plaintiff is not entitled to recover damages from the years 1999 to 2004, which constitute the vast majority of potential damages if Plaintiff ultimately prevails.  Moreover, Defendants' laches motion, which will focus on Plaintiff's failure to bring suit until 2007 despite having been on notice of his claims since 1999 or 2000, is potentially dispositive.  Therefore, the Scheduling Order in this case should be modified to allow Defendants to first bring a motion for summary judgment or summary adjudication in connection with the laches and the statute of limitations defenses.

## Conclusion

        For all the foregoing reasons, Defendants respectfully request that this *Ex Parte* Application be granted, and that this Court issue an order modifying the Scheduling Order as set forth herein.

DATED: January 4, 2010        RUSSELL J. FRACKMAN
                                      ALEXA L. LEWIS
                                      MITCHELL SILBERBERG & KNUPP LLP


                              By: /s/ Alexa L. Lewis
                                Alexa L. Lewis
                                Attorneys for Defendants