1  EDWARD O. LEAR, State Bar No. 132699
2  **CENTURY LAW GROUP LLP**
3  5200 W. Century Blvd., Suite 345
   Los Angeles, California  90045
4  Telephone: (310) 642-6900
   Facsimile: (310) 642-6910
5
6  Attorneys for Plaintiff
   OSAMA AHMED FAHMY
7
8            **UNITED STATES DISTRICT COURT**
9        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10

11  OSAMA AHMED FAHMY, an           Case No.: CV 07-05715-CAS (Ex)
    individual,
12                                   Honorable Christina A. Snyder
13              Plaintiff,          **PLAINTIFF OSAMA AHMED**
                                     **FAHMY'S OPPOSITION TO**
14       vs.                         **DEFENDANTS' EX PARTE**
                                     **APPLICATION FOR**
15  Jay-Z (aka Shawn Carter), Timothy  **MODIFICATION OF**
    Mosely, Kyambo Joshua, Rob       **SCHEDULING ORDER**
16  Bourdon, Brad Delson, Mike Shinoda,
    Dave Farrell, Joseph Hahn, Chester **[DECLARATION OF EDWARD**
17  Bennington, Big Bad Mr. Han Music, **LEAR FILED CONCURRENTLY**
    Chesterchaz Publishing, EMI       **HEREWITH]**
18  Blackwood Music Inc., EMI Music
    Publishing Ltd., Kenji Kobayashi
19  Music, Lil Lulu Publishing, Machine
    Shop Recordings LLC, Marcy Projects
20  Productions II, Inc., MTV Networks
    Enterprise Inc., Nondisclosure
21  Agreement Music, Paramount Home
    Entertainment, Inc., Paramount
22  Pictures Corporation, Radical Media,
    Rob Bourdon Music, Roc-A-Fella
23  Records LLC, Timbaland Productions,
    Inc., UMG Recordings, Inc., Universal
24  Music and Video Distribution Inc., and
    Warner Music Inc.,
25
26              Defendants.
27
28

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ........................................................1

II.     ARGUMENT ..............................................................4

  A.    **Defendants Have Not Met Their Burden of Proving This Case Must Be Further Bifurcated** ...........................................................4

    1.    Plaintiff Has A Right To A Jury Trial Of His Copyright Infringement Claims, Which Should Not Be Imperiled By Bifurcation. ...................................5

    2.    Defendants Cannot Show Any Prejudice From A Single Trial Of The Whole Case That Would Outweigh The Prejudicial Delay And Multiplication Of Disputes That Would Necessarily Attend Separate Trials And Discovery Periods. ...........................................................6

  B.    **Adjudication Of Phase 1 Issues Should Not Be Delayed.** ........................7

  C.    **Discovery And Trial Should Not Be Further Segmented Into A Laches/Statute Of Limitations Phase.** ................................................8

  D.    **Plaintiff's Advanced Age Supports Early, Not Delayed, Trial Setting.**12

III.     CONCLUSION. ...........................................................12

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                           **PAGE**

3  **CASES**

4  *Armstrong v. Virgin Records, Ltd*., 91 F.Supp.2d 628,  54 U.S.P.Q.2d      11

5  1539 (S.D.N.Y.  2000)

6  *Bridgeport Music Inc. v. Rhyme Syndicate Music,* 376 F.3d 615 (6th     10
   Cir. 2004)
7

8  *Computer Assoc. Int'l v. Simple.com, Inc.*, 247 F.R.D. 63 (E.D.N.Y.      4, 5
   2007)

9  *Country Floors, Inc. v. Gepner*, 930 F.2d 1056 (3d Cir. 1991)            9

10 *Couveau v. American Airlines, Inc.*, 218 F.3d 1078 (9th Cir. 2000)     9

11 *Cranston Print Works Co. v. J. Mason Products*, 1999 Copr.L.Dec. ¶       4, 5

12 27,855, 49 U.S.P.Q.2d 1669, 1998 WL 799171 (S.D.N.Y. 1998)

13 *Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001)                5

14 *Data General Corp. v. Grumman Systems Support Corp.*, 795                6

15 F.Supp. 501 (D.Mass. 1992)

16 *Espino v. Ocean Cargo Line, Ltd.*, 382 F.2d 67 (9th Cir. 1967)         9

17 *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998)      5, 6

18 *City of Fresno v. United States*, 2007 WL 1100501 (ED Cal. 2007)        12

19 *High Tymes Production, Inc. v. PRN Productions, Inc.,* 1994 WL           9

20 16460309 (S.D.Ohio 1994)

21 *Hoste v. Radio Corporation of America*, 654 F.2d 11, 212 U.S.P.Q.        9

   153 (6th Cir. 1981)
22

23 *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30 (D.Del. 1995)        6

   *Johnson v. Tuff N Rumble Management, Inc.*, 2000 WL 690287               6, 7
24 (E.D.La. 2000)

25 *Polar Bear Productions Inc. v. Timex Corporation*, 384 F.3d 700 (9th  10

26 Cir. 2004)

27 *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994)         10

28

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99 (N.D. Cal. 1992)  5, 7

*Ulloa v. Universal Music and Video* Distribution, 303 F.Supp.2d 409, 2004 Copr.L.Dec. ¶ 28,745, 70 U.S.P.Q.2d 1835 (S.D.N.Y. 2004)  4

*United States v. Shell Oil Co.*, 1992 WL 144296 (CD Cal. 1992)  12

*WeddingChannel.com, Inc. v. The Knot, Inc.*, 2004 WL 2984305 * 1 (S.D.N.Y. 2004)  4, 5, 7

*Willemijn Houdstermaatschaapij BV v. Apollo Computer*, 707 F.Supp. 1429 (D. Del. 1989)  7

*William Hablinski Architecture v. Amir Construction, Inc.*, 2005 WL 4658149 (C.D. Cal. 2005)  7

**STATUTES**

Fed. R. Civ. Proc. 42(b)  4

iv

## I.      INTRODUCTION

Plaintiff is the nephew and heir of Baligh Hamdy, one of the giants of modern Middle Eastern music.  Among a long list of musical works by Hamdy, he authored the musical composition "Khosara, Khosara."[1]  Plaintiff sues for infringement of the copyright in that musical composition.

By ex parte application, the defendants in this case say there's a dire need to discard the scheduling order first fashioned by this Court (upon defendants' urging) back in May 2008, and to replace it with a brand new method for segmenting this case.  According to defendants, throwing away the last two years of case preparation and creating a new segmentation for the case is necessary because it might lead to resolution of the lawsuit.

The surest way to resolve most lawsuits fully and finally is to schedule a full trial on the merits.  Settlement negotiations take on a more serious, urgent tenor when the parties' date with the jury looms.  And if negotiations fail, the case is ready to tried on all disputed issues, claims and defenses by judge and jury.

The surest way to foster interminably long delays in the final resolution of this case is to oversegment discovery, pre-trial and trial in the manner defendants advocate.

There are almost too many reasons to count why defendants' ex parte application should be denied.  For instance, defendants seek yet another bifurcation of this case (technically, then, a trifurcation).  It is their burden to establish competent evidence and authority for their request, and to establish plaintiff would not be prejudiced by further delaying the scheduling of this case for a full trial before a jury.  Even a cursory review of their ex parte shows they failed.  Replete with "lawyers' representations" about supposedly material facts, but devoid of admissible evidence, or even citation to applicable law on the representations they

---

[1] Because it was originally written in Arabic, the title's transliteration into English has seen numerous alternative spellings.

1   make about legal issues, the ex parte does not support an order virtually discarding
2   the Phase 1 Pre-Trial Conference (chain of title/standing) we'd been preparing for,
3   nor one departing from regularly setting this case for full trial on the merits.

4     The ex parte application also makes incredible claims, in light of the history
5   of this case and common sense.  Over two years ago, defendants filed a motion to
6   dismiss on the purported ground that a non-party, EMI Music Arabia, was an
7   indispensable party (Docket No.13).  Defendants represented that EMI Music
8   Arabia had given them permission to copy "Khosara, Khosara" within a host of
9   different musical works released by them.  Although that motion was denied
10  (Docket No. 69), at the initial status conference in May 2008, defendants professed
11  that the crucial issue in the case was Plaintiff's chain of title and standing, together
12  with the issue of their supposedly having received some form of permission to use
13  "Khosara Khosara."  In response, the Court's scheduling order (Docket 84) gave
14  priority to this issue, scheduling a pretrial conference that would address the issue
15  as "Phase 1," and would thereafter set trial for the remaining issues.

16    To those who follow American rap music, it is no secret that the song "Big
17  Pimpin" released by the recording artist-defendant Jay-Z—one of several different
18  alleged infringing works in this case—is one of his best known songs.  One would
19  think defendants eager to proceed with the Phase 1 adjudication, so they could
20  demonstrate that, not only does Plaintiff lack title to the "Khosara Khosara"
21  musical composition authored by his uncle, not only does Plaintiff lack standing to
22  sue defendants for infringing that composition, but also that all the musical works
23  Jay-Z, Mosely and the other defendants released *were fully authorized.*  Instead,
24  defendants would like to turn this case's trial preparation into hopscotch.
25  Defendants have found the chain of title, standing, and permission issues are not
26  favorable to them, so they want at almost all costs to have an order prohibiting
27  plaintiff from now moving immediately for summary adjudication confirming what
28  Plaintiff explained about these same issues in his November 2007 filing (Docket

2

Nos. 16 and 17), and adversely ruling against defendants, while we shift over to a new segmentation of the case defendants now represent will work out better for them, and, in the end, be a good deal for Plaintiff and the Court as well. That's neither fair nor efficient.

Another reason to deny the ex parte is that defendants have not adequately shown why they're ill prepared for Phase 1 summary adjudication. Plaintiff submitted his Phase 1 arguments and evidence in his November 2008 Opposition (Docket 16-17) to defendants' "indispensable party" motion to dismiss. Defendants even argued in their Reply (Docket No. 22) that Plaintiff's Opposition was a premature motion for summary adjudication. It is absurd for a collection of well established record company and recording artist defendants to contend that, despite 26 months of litigation, they are unable to respond to Plaintiff's evidence and also need to save on the cost of translating whatever evidence they never got around to translating before.

Defendants' contentions about laches and statute of limitations are just as fishy. Plaintiff's Complaint alleges that defendants spawned a multitude of music, video, and motion picture works that copied the "Khosara Khosara" musical composition. Under the copyright act, each of these works is considered a separate "infringement," for which its own independent accrual period applies. As we explain below, the laches if a fact intensive determination; requires proof of both unreasonable delay and resulting prejudice to the defendant; and is properly made only from a view of the totality of the circumstances. A statute of limitations determination, for each separate alleged infringing work, also requires consideration of a broad range of factors that closely intertwine with the factors relevant to trial of the plaintiff's case in chief.

Last, Plaintiff rejects any notion that he will benefit by an order prohibiting Phase 1 adjudication from proceeding, and confining further litigation to a new Phase that will solely allow defendants to file for adjudication of their purported

1  laches and statute of limitations defenses.  *See* Lear Declaration filed concurrently
2  herewith.  Plaintiff is in his seventies.  He co-owns the "Khosara Khosara"
3  composition with his sisters, who are of the same age, and his uncle (Baligh
4  Hamdy's brother) who is in his nineties.  While he would welcome any reasonable
5  settlement offer, his priority is to vindicate what he believes was a grave injustice:
6  that defendants stole the music of a third world composer, copied into a whole host
7  of different musical works, made what appears to be a boatload of money from
8  their infringements, accepted critical acclaim for copied music, and have forced
9  Plaintiff to undertake expensive litigation in a foreign land to vindicate a wrongful,
10  unauthorized copying in a manner they never would accept for a third party to do
11  with defendants' own original music.

12  **II.   ARGUMENT**

13       **A.    Defendants Have Not Met Their Burden of Proving This Case**
14            **Must Be Further Bifurcated**

15       Rule 42(b) gives the Court discretion to order a separate trial of certain
16  issues "in furtherance of convenience or to avoid prejudice, or when separate trials
17  will be conducive to expedition and economy."  *Fed. R. Civ. Proc. 42(b)*.
18  However, the Court must "always preserv[e] inviolate the right of trial by jury as
19  declared by the Seventh Amendment to the Constitution or as given by a statute of
20  the United States."  *Id.*

21       "Separate trials are the exception, not the rule."  *Cranston Print Works Co.*
22  *v. J. Mason Products*, 1999 Copr.L.Dec. ¶ 27,855, 49 U.S.P.Q.2d 1669, 1998 WL
23  799171 at * 3 (S.D.N.Y. 1998); *Computer Assoc. Int'l v. Simple.com, Inc.*, 247
24  F.R.D. 63, 67 (E.D.N.Y. 2007) ("In all cases, including patent cases, bifurcation is
25  the exception, not the rule."); *WeddingChannel.com, Inc. v. The Knot, Inc.*, 2004
26  WL 2984305 * 1 (S.D.N.Y. 2004) (bifurcation is the exception not the rule).

27       In *Ulloa v. Universal Music and Video* Distribution, 303 F.Supp.2d 409,
28  2004 Copr.L.Dec. ¶ 28,745, 70 U.S.P.Q.2d 1835 (S.D.N.Y. 2004), which also

4

1   involved claims of music copyright infringement, several defendants who are also

2   defendants in this case – *i.e.*, Universal Music and Video Distribution, Roc-A-Fella

3   Records LLC, and Shawn Carter a/k/a "Jay Z" – sought bifurcation shortly before

4   trial. 303 F.Supp.2d at 419. The District Court summarily denied the request for

5   bifurcation, and instead directed the parties "to commence damages discovery

6   immediately." *Id.* This Court should likewise brush aside any suggestion that this

7   case should be bifurcated or trifurcated, and order the defendants to proceed with

8   compliance with their discovery obligations in preparing this case for trial on its

9   merits.

10       Defendants, as the parties seeking bifurcation, "bear the burden of

11   demonstrating that they will be prejudiced if a separate trial is not granted."

12   *Cranston*, 1998 WL 799171 at * 3 (denying bifurcation in a copyright infringement

13   case); *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D.

14   Cal. 1992) ("As the party seeking bifurcation, Uniphase has the burden of proving

15   that bifurcation is justified given the facts in this case … but has not met that

16   burden."); *Computer Assoc.,* 247 F.R.D. at 67 ("the moving party bears the burden

17   of establishing that bifurcation is warranted"); *WeddingChannel.com*, 2004 WL

18   2984305 at 1 (same).

19           1.    <u>Plaintiff Has A Right To A Jury Trial Of His Copyright</u>

20                 <u>Infringement Claims, Which Should Not Be Imperiled By</u>

21                 <u>Bifurcation</u>.

22       While a district court has discretion with regard to ordering separate trials

23   under Rule 42(b), "this discretion is limited by constitutional restraints." *Danjaq*

24   *LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). Copyright infringement

25   claims for damages have historically been tried to juries. *See Feltner v. Columbia*

26   *Pictures Television, Inc.*, 523 U.S. 340, 348-51 (1998). Indeed, in *Feltner* the

27   Supreme Court held that even when a plaintiff elects statutory damages under the

28   Copyright Act, "the Seventh Amendment provides a right to a jury trial on all

issues pertinent to an award of [such damages] including the amount itself." *Id.* at 355.

Plaintiff demanded a jury trial in his original Complaint, and has not waived his right to a jury trial of all issues pertinent to his claim for damages resulting from defendants' copyright infringement.

Plaintiff's constitutional right to a jury trial is a compelling reason to *deny* bifurcation. For example, in *Johns Hopkins University v. Cellpro*, 160 F.R.D. 30 (D.Del. 1995), the District Court denied bifurcation of trial and discovery in part because of jury trial concerns: "Assuming for the purposes of this motion that one panel of jurors should hear and resolve the liability and damage issues (and the factual basis for the plaintiff's willfulness claim), staying discovery and holding separate trials raises practical problems, including the risk we will lose jurors between the first and second trial." *Id.* at 35.

Bifurcation was also denied in *Data General Corp. v. Grumman Systems Support Corp.*, 795 F.Supp. 501 (D.Mass. 1992) – a copyright infringement case – because the parties had demanded trial by jury. *Id.* at 503. "In the interest of fairness to the parties and judicial economy, the case should be tried as a whole to the same jury." *Id.*

Bifurcation of trial and/or discovery in this case would put Plaintiff's constitutional right to a jury trial at risk, unnecessarily. Any request by defendants for further segmentation of this case should therefore be denied.

> 2.  Defendants Cannot Show Any Prejudice From A Single Trial Of The Whole Case That Would Outweigh The Prejudicial Delay And Multiplication Of Disputes That Would Necessarily Attend Separate Trials And Discovery Periods.

In *Johnson v. Tuff N Rumble Management, Inc.*, 2000 WL 690287 (E.D.La. 2000), a music copyright infringement case, the District Court observed that "considerable delay" that is prejudicial to a plaintiff "will result if the Court orders

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

1  separate trials and separate discovery periods." *Id.* at * 2 (denying bifurcation).

2  "[L]ogic dictates that holding two trials, as opposed to one, will inevitably cause

3  delay in resolution of the instant case." *Spectra-Physics*, 144 F.R.D. at 101.  This

4  Court denied bifurcation of liability and damages in the copyright infringement

5  case of *William Hablinski Architecture v. Amir Construction, Inc.*, 2005 WL

6  4658149 (C.D. Cal. 2005), in part because it recognized that "any attempt to

7  separate the two issues … would delay rather than expedite the trial." *Id.* at * 7.

8         The same is true in this case.  Plaintiff will be prejudiced if the final

9  resolution of this case is delayed by bifurcation, or worse trifurcation, with a stay

10  or limitation on the scope of discovery for purposes of different phases of the trial.

11         Prejudicial delay is also inevitable because bifurcation, and limits on

12  permissible discovery in different "phases," would unavoidably lead to

13  unnecessary additional disputes, which would in turn delay trial.  As

14  *WeddingChannel.com* observed:  "[W]ith bifurcation, disputes would inevitably

15  arise about whether a particular interrogatory, deposition question, or document

16  request is relevant to infringement, validity, willfulness or all of those issues,

17  further complicating and protecting the discovery process.  This factor militates

18  against [the] motion to bifurcate and stay." 2004 WL 2984305 at * 1, *citing*

19  *Willemijn Houdstermaatschaapij BV v. Apollo Computer*, 707 F.Supp. 1429, 1435

20  (D. Del. 1989) ("[I]t appears inevitable that, if the motion to bifurcate were

21  granted, both the discovery process and the liability trial would be repeatedly

22  delayed by disputes regarding the discoverability or admissibility of evidence.").

23     **B.    Adjudication Of Phase 1 Issues Should Not Be Delayed.**

24         By vague representation, not admissible evidence, defendants now assert

25         that

26  proceeding with adjudication of Phase 1 issues will be complicated and expensive.

27  Defendants miss the irony in suggesting to a third world Plaintiff they and/or their

28  counsel are not up to this work or its expense.

1    Their unsupported contention about 50 years of chain of title documents is
2    pure hyperbole.  We invite the Court to consider, preliminarily, the actual evidence
3    defendants claim is too complicated and expensive to deal with.  It is in the record
4    at Docket 17 (Declaration of Professor/Dr. Mohamed-Hossam Loutfi).  A few
5    supplemental facts are in the record, too, at Docket 204 (Request for Judicial
6    Notice attaching Mr. Fahmy's declaration and a supplemental declaration of Dr.
7    Loutfi).  As the Court may see, Egyptian law is simple, not complex.  Everything is
8    governed by statute.  Inheritances are strictly statutory and always the same.
9    Baligh Hamdy's copyright is on file with the Egyptian copyright society.  The
10   statutory inheritance of his estate, passing to Plaintiff's mother, is in the public
11   record too.  The inheritance from Plaintiff's mother to plaintiff and his sisters
12   likewise is in the public record. Similarly, as Dr. Loutfi's declaration explains, by
13   express statute, Egypt prohibits—and makes null and void--any general transfer by
14   an author to a third party of the right to make derivative works that alter a
15   copyright work.  The right to authorize derivative works altering a copyright work
16   remains with an author for his or her life, and then descends to the author's
17   statutory heirs. This principle is not unusual at all; even Nimmer discusses the fact
18   that France and many other foreign countries operate under this statutory
19   prohibition on general transfers of the author's "moral rights."
20   In reality, a couple of statutes, Baligh Hamdy's copyright registration, the
21   statutory inheritance documents, Plaintiff's deposition testimony from a year ago,
22   and Dr. Loutfi's declaration from two years ago, will be at issue when Plaintiff
23   moves for summary adjudication on Phase 1 issues.  Defendants could not possibly
24   need to avoid that motion for the reasons they offer.

25   **C.    Discovery And Trial Should Not Be Further Segmented Into A**
26   **Laches/Statute Of Limitations Phase**.

27   It will be impossible for Plaintiff to adequately prepare for adjudication of
28   laches and statute of limitations defenses without significant discovery that has

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

1  never occurred.  And the necessary discovery overlaps closely with discovery

2  otherwise necessary for preparation of this case for full trial on the merits.

3         Defendants gloss over the real laches inquiry.  Laches requires not just

4  delay, but delay that is unreasonable, **and** a resulting prejudice to the

5  defendant.  *Hoste v. Radio Corporation of America*, 654 F.2d 11, 212

6  U.S.P.Q. 153 (6th Cir. 1981) (reversing summary judgment on grounds of

7  laches:  "Thus there was no evidence of prejudice to them by reason of the

8  plaintiff's delay in filing this action. A showing of prejudice is a requirement

9  for application of the doctrine of laches." 654 F.2d at 12.)  The

10 determination of laches thus involves a "close scrutiny of the particular facts

11 and a balancing of the respective interests and equities of the parties."

12 *Country Floors, Inc. v. Gepner*, 930 F.2d 1056,1066 (3d Cir.

13 1991)(trademark case).  *See also Espino v. Ocean Cargo Line, Ltd.*, 382

14 F.2d 67, 70(9th Cir. 1967)(in admiralty case, Ninth Circuit held "intensive

15 exploration of the relevant circumstances" was necessary to determine

16 prejudice element of laches defense).

17        The Ninth Circuit holds, "Because the application of laches depends

18 on a close evaluation of all the particular facts in a case, it is seldom

19 susceptible of resolution by summary judgment."  *Couveau v. American*

20 *Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000).  Further, laches may be

21 refused application where a defendant's intentionally infringed.  *High Tymes*

22 *Production, Inc. v. PRN Productions, Inc.,* 1994 WL 16460309 (S.D.Ohio

23 1994).  *High Tymes* involved claim of copyright infringement in plaintiff's

24 music in a song recorded by Prince.  The District Court denied the

25 defendant's motion for summary judgment on grounds of laches, and also

26 denied the defendant's motion for protective order to prevent plaintiff from

27 taking Prince's deposition.  Whether the infringement was deliberate is

28 relevant to a laches defense, and the magistrate found it significant that

1   Prince did not submit a declaration that he did not know anything about
2   copying.

3          In this case, Plaintiff alleges that defendants created multiple
4   infringing works. among others things, several different albums contain
5   versions of "Big Pimpin'"; an unplugged (acoustic) version of the song was
6   released, as were instrumental and radio-edit (clean-language) versions; in
7   November 2004 a joint CD/DVD "Collision Course" was released, in which
8   Jay-Z and the band Linkin Park "mashed" (i.e., combined) "Big Pimpin"
9   with lyrics Linkin Park had previously sung on another of that band's songs;
10  in April 2005 *Fade to Black*, a film produced by Jay-Z, was released with a
11  version of "Big Pimpin'" on its soundtrack; and in approximately 2005
12  ringtones and call backs featuring "Big Pimpin'" were released. Under the
13  Copyright Act, each of these derivative works is considered a separate harm
14  that is actionable as an independent infringement. *Bridgeport Music Inc. v.*
15  *Rhyme Syndicate Music,* 376 F.3d 615, 621 (6th Cir. 2004). A cause of
16  action accrues when a plaintiff knows of the infringement or is chargeable
17  with such knowledge. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481
18  (9th Cir. 1994). If an infringement is continuing (*i.e.*, distribution and sale
19  continue), then all damage occurring within the Copyright Act's three-year
20  statutory period is recoverable. Further, damage occurring outside that
21  three-year window is permissible so long as the copyright owner did not
22  discover and could not reasonably have discovered the particular
23  infringement during the period prior to the three year window. *Polar Bear*
24  *Productions Inc. v. Timex Corporation*, 384 F.3d 700, 706 (9th Cir. 2004).

25         Thus, before any adjudication with respect to laches and statute of
26  limitations occurs, Plaintiff must be allowed discovery of all relevant facts
27  and circumstances that could bear on the adjudication. As just a few
28  examples, Plaintiff must be allowed to discovery the circumstances of each

separate infringing work's creation, including what defendants knew about the source of the alleged infringing music in those works. Plaintiff also needs to determine each separate work that has been released by defendants, exactly when and where it was released. Plaintiff contends that he has never lived anywhere other than in Egypt and knows no English, among other things. He contends he was not aware of the alleged multiple infringements. Whether any of the infringing works was released in Egypt and how released or publicized in Egypt would be relevant to any determination of whether it was reasonably for an individual in his seventies, a lifelong resident of Egypt, with no knowledge of or interest in American rap music, should at any particular point in time reasonably have known of each of the various infringing works released by defendants.

Plaintiff would also need discovery of all facts relevant to defendants' claims of prejudice. *See Armstrong v. Virgin Records, Ltd*., 91 F.Supp.2d 628, 54 U.S.P.Q.2d 1539 (S.D.N.Y. 2000). The District Court found triable issues regarding the statute of limitations, including about when the plaintiff knew about sampling of his song, and when the cause of action accrued, as well as triable issues about laches. The case mentions, as possible forms of prejudice, licensing and investment in advertising and product development. Id. at 644. In a digital age, it would seem a stretch for well established recording artists and producers like Jay-Z, Mosely and the Linkin Park band to demonstrate that they suffered prejudicial delay from musical works from which they handsomely profited, whose future unauthorized sale could easily be pulled from further Itunes download offerings, and whose future unauthorized performance at concerts could just as easily be avoided.

In short, proper discovery of the facts and circumstances that may be relevant to a laches or statute of limitations determination will necessarily involve the same facts and events that must be discovered in preparing this

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION

1  case for trial on the merits.

2      **D.   Plaintiff's Advanced Age Supports Early, Not Delayed, Trial**

3        **Setting**

4      Plaintiff is in his seventies.  His co-owners in the "Khosara Khosara"

5  Copyright, his sisters and his uncle Morsy, are in their seventies and nineties

6  respectively.  Case law recognizes this to be reason for facilitating early trial, and

7  certainly a ground for refusing unnecessary delay.  *See City of Fresno v. United*

8  *States*, 2007 WL 1100501 (ED Cal. 2007); *United States v. Shell Oil Co.*, 1992 WL

9  144296 (CD Cal. 1992).

10  **III.   CONCLUSION.**

11      Plaintiff should be allowed to proceed promptly with his motion for

12  summary adjudication of Phase 1 issues.  No further limitation should be placed on

13  the preparation of this case for trial.  Full trial on the merits should be scheduled.

15  Dated:  January 7, 2010        CENTURY LAW GROUP LLP

18                          Edward O. Lear

19                          Attorneys for Plaintiff

                        OSAMA AHMED FAHMY