EDWARD O. LEAR, State Bar No. 132699
**CENTURY LAW GROUP**
5200 W. Century Blvd. #940
Los Angeles, CA 90045
Phone (310) 642-6900
Fax (310) 642-6910

Attorney for Plaintiff
OSAMA AHMED FAHMY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual, | Case No.: CV 07-05715-CAS (Ex) |
| Plaintiff, | **DECLARATION OF EDWARD O. LEAR IN SUPPORT OF PLAINTIFF'S MOTION FOR AN ORDER SPECIFYING MATERIAL FACTS AND ISSUES OF LAW, INCLUDING FOREIGN LAW, THAT EXIST WITHOUT SUBSTANTIAL CONTROVERSY** |
| v. | |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprise Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings, Inc., Universal Music and Video Distribution Inc., and Warner Music Inc. | Date: October 18, 2010<br>Time: 10:00 a.m.<br>Ctrm: 5 |
| Defendants. | |

1

2

## **DECLARATION OF EDWARD O. LEAR**

3  I, EDWARD O. LEAR, do hereby declare as follows:

4      1.    I am an attorney at law duly licensed to practice before all courts
5  within the State of California. I have personal knowledge of the facts set forth
6  herein and would and could competently testify hereto if called upon to do so.

7      2.    A true and correct copy of the declaration of Gregory N. Albright is
8  attached hereto as Exhibit 1. As stated in Paragraph 5 of Mr. Albright's declaration,
9  that declaration attaches the SACERAU certificate for the registration of the
10  copyright in the "Khosara, Khosara" musical composition; and the Egyption writs
11  of inheritance for Baligh Hamdy's estate, which have been consularized.   Mr.
12  Albright's declaration explains, as background information, the steps by which the
13  consularized documents were obtained. However, the writs of inheritance are self-
14  authenticating pursuant to Rule 44(a)(2) of the Federal Rules of Civil Procedure and
15  Federal Rule of Evidence 902(3), which have the same requirements for
16  authentication of foreign public documents. Federal Rule of Evidence 902(3) states
17  in pertinent part:

18          "Extrinsic evidence of authenticity as a condition precedent to
19          admissibility is not required with respect to the following:…(3) A
20          document purporting to e executed or attested in an official capacity by
21          a person authorized by the laws of a foreign country to make the
22          execution or attestation, and accompanied by a final certification as to
23          genuineness of the signature and official position (A) of the executing
24          or attesting person, or (B) of any foreign official whose certificate of
25          genuineness of signature and official position relates to the execution
26          or attestation or is in a chain of certificates of genuineness of signature
27          and official position relating to the execution or attestation.  A final
28          consul general, consul, vice consul, or consular agent of the United

States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States."

In addition, the SACERAU Copyright Certificate is authenticated in Paragraph 6 of the May 8, 2006 Declaration of Professor-Doctor Mohamed Hossam Loutfi, filed concurrently herewith.

3.    A true and correct copy of the February 12, 2009 Deposition of Mr. Fahmy Vol. I, 40:1-14 is attached hereto as Exhibit 2.

4.    A true and correct copy of the February 13, 2009 Deposition of Mr. Fahmy Vol. II, 160:3–160:14 is attached hereto as Exhibit 3.

5.    A true and correct copy of Plaintiff's Responses to Defendant Roc-A-Fella Records' First Set of Interrogatories is attached hereto as Exhibit 4.  Plaintiff's Responses to Defendant Roc-A-Fella Records' First of Set of Interrogatories is attached to bring the Court's attention to Response to Special Interrogatory Number 4 which states the facts that Plaintiff bases his claim for copyright ownership in the musical composition, "Khosara, Khosara."

6.    Exhibits 1 through 4 support the following facts:

    a.    Under Egyptian succession laws, Mr. Morsy Saad El-Din inherited a 50% ownership interest in "Khosara Khosara," and his sisters – Ms. Safia Abdel Hamid Hamdy Morsy, and Ms. Asmaa Abdel Hamid Hamdy – each inherited a 25% ownership interest in the composition.  See Exhibit 1, pg. 5.

    b.  On December 12, 1993, Ms. Safia Abdel Hamid Hamdy Morsy died, and her 25% ownership interest in the "Khosara Khosara" musical composition was inherited by her two siblings, Ms. Asmaa Abdel Hamid Hamdy and Mr. Morsy Saad El-Din.  See Exhibit 1, pg. 12.

    c.  Under Egyptian succession laws, Mr. Morsy Saad El-Din inherited 2/3 of Ms. Safia Abdel Hamid Hamdy Morsy's 25% ownership

interest in the "Khosara Khosara" musical composition, and Ms. Asmaa Abdel Hamid Hamdy inherited the remaining 1/3. See Exhibit 1, pg. 12.

d. Thus, upon Ms. Safia Abdel Hamid Hamdy Morsy's death, the copyright ownership in the "Khosara Khosara" musical composition was held jointly, in the following percentages: Mr. Morsy Saad El-Din owned 2/3, and Ms. Asmaa Abdel Hamid Hamdy owned 1/3. See Exhibit 1, pg. 12.

e. On December 26, 2002, Ms. Asmaa Abdel Hamid Hamdy died, and her four children inherited her 1/3 interest in the "Khosara Khosara" musical composition, as follows: (1) Mr. Ossama Fahmy – 2/5; (2) Ms. Iman Fahmy – 1/5; (3) Ms. Ayah Fahmy – 1/5; and (4) Ms. Omneya Fahmy – 1/5. See Exhibit 1, pg. 8.

f. Mr. Morsy Saad El-Din continued to own the remaining 2/3 interest in the "Khosara, Khosara" musical composition. See Exhibit 1, pg. 12.

7. Immediately following the February 8, 2010 pretrial conference in this case, I confirmed to the defendants' counsel that Plaintiff's expert for Phase One issues would be Dr. Loutfi, and that Dr. Loutfi's reports were his 2006 and 2009 Declarations, which have previously been filed with this Court and served on defendants. Despite having had months to locate and disclose an expert in response to Plaintiff's confirmation that he would be relying on Dr. Loutfi's declarations for Phase One expert issues, Defendants still have yet to disclose any rebuttal expert and still have not served any rebuttal expert report.

///

///

///

DECLARATION OF EDWARD O. LEAR

1        I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct. Executed this __th day of September 2010, at Los

3    Angeles, California.

4

5

6

7

8    Edward O. Lear, Esq.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**DECLARATION OF EDWARD O. LEAR**

# **EXHIBIT 1**

1  EDWARD O. LEAR, State Bar No. 132699
   **CENTURY LAW GROUP**
2  5200 W. Century Blvd. #940
   Los Angeles, CA 90045
3  Phone (310) 642-6900
   Fax (310) 642-6910

4  Attorney for Plaintiff
5  OSAMA AHMED FAHMY

6                    **UNITED STATES DISTRICT COURT**
7              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8  | OSAMA AHMED FAHMY, an individual, | Case No.: CV 07-05715-CAS (Ex) |

9         Plaintiff,

10  v.                                    **DECLARATION OF GREGORY N.**
                                          **ALBRIGHT IN SUPPORT OF MOTION**
                                          **TO DISMISS**

11  Jay-Z (aka Shawn Carter), Timothy Mosely,
12  Kyambo Joshua, Rob Bourdon, Brad Delson,       Date:   December 10, 2007
    Mike Shinoda, Dave Farrell, Joseph Hahn,        Time:   10:00 a.m.
13  Chester Bennington, Big Bad Mr. Hahn Music,    Ctrm:   5
    Chesterchaz Publishing, EMI Blackwood
14  Music Inc., EMI Music Publishing Ltd., Kenji
    Kobayashi Music, Lil Lulu Publishing,
15  Machine Shop Recordings LLC, Marcy
16  Projects Productions II, Inc., MTV Networks
    Enterprise Inc., Nondisclosure Agreement
17  Music, Paramount Home Entertainment, Inc.,
    Paramount Pictures Corporation, Radical
18  Media, Rob Bourdon Music, Roc-A-Fella
19  Records LLC, Timbaland Productions Inc.,
    UMG Recordings, Inc., Universal Music and
20  Video Distribution Inc., and Warner Music
    Inc.
21         Defendants.

22

23

24

25

26

27

28

---

DECLARATION OF GREGORY N. ALBRIGHT

1

## **DECLARATION OF GREGORY N. ALBRIGHT**

2  I, Gregory N. Albright, declare as follows:

3      1.      I am an attorney licensed to practice law in the State of California. I am
4  admitted to practice before this Court. In 2006 I was one of the attorneys
5  representing the plaintiff in the lawsuit *Nafal v. Carter, et al.*, USDC Case No. CV
6  05-2480 SVW (PJWx) regarding the musical composition "Khossara, Khossara."
7  Except with respect to matters stated upon information and belief, which I believe to
8  be true, all of the facts stated herein are within my own personal knowledge and, if I
9  were called upon to do so, I could and would competently testify thereto.

10      2.      In March 2006, I went to Cairo, Egypt for the purpose of consulting
11  with Egyptian lawyers and obtaining their assistance in authenticating certain
12  documents pertinent to the chain of title to the copyright in Khossara, Khossara. I
13  met with El Sayed Mohamed El Sayed Ammar and Tamim Foda, both lawyers with
14  the firm Al-Kamel Law, located in 6th of October City, Giza, Egypt. Messrs.
15  Ammar and Foda told me that they are familiar with (a) the requirements of
16  Egyptian law regarding authentication of documents for use in proceedings abroad,
17  (b) the official seals of the Egyptian Ministries of Justice and Foreign Affairs, and
18  (c) the authenticity that is attested when those official seals are affixed to a
19  document. They advised me that the exclusive procedure for authenticating official
20  documents in Egypt for use in proceedings abroad is the procedure that is described
21  in the following paragraph.

22      3.      Official documents are issued pursuant to the provisions of Egyptian
23  law that governs the issuance of the relevant documents. A writ of inheritance is
24  issued by an Egyptian judge for the purpose of determining the heirs of a decedent.
25  The writ is then stamped by the court clerk, after payment of the necessary fees. In
26  the event the writ is to be used abroad, the document is first authenticated by the
27  Ministry of Justice. The Ministry of Justice authenticates the writ issued by the
28  Egyptian court with the signature of a competent official of the Ministry of Justice,

-1-

1 and by affixing the official seal of the Ministry of Justice on the document. The
2 document is then authenticated by the Ministry of Foreign Affairs, which
3 authenticates the signature of the competent official who signed on behalf of the
4 Ministry of Justice. The Ministry of Foreign Affairs authenticates the document
5 with the signature of a competent official of the Ministry of Foreign Affairs and by
6 affixing the official seal of the Ministry of Foreign Affairs on the document. The
7 document is then authenticated, or consularized, by a consular official at the
8 Embassy of the United States in Cairo.

9     4.     I asked that Al-Kamel follow the procedures described in paragraph 3
10 above with respect to documents pertinent to the chain of title to the copyright in
11 Khossara, Khosarra. I was present when Mr. Ammar personally contacted Mr.
12 Ossama Fahmy by telephone to obtain the original writs of inheritance issued by the
13 Egyptian court with respect to Baligh Hamdy and his heirs. I also asked that Al-
14 Kamel obtain the SACERAU certificate for Khossara, Khossara. I also asked the
15 Al-Kamel attorneys to follow the authentication procedure set forth in paragraph 3
16 above with respect to the writs of inheritance and the SACERAU certificate, and I
17 am informed and believe that they did so.

18     5.     True and correct copies of the authenticated and consularized
19 documents that Al-Kamel provided to me are attached hereto as Exhibit A, and
20 include what am I informed are, and believe to be, the original Arabic language
21 SACERAU certificate regarding the musical composition Khossara, Khossara;
22 original Arabic language writs of inheritance regarding Baligh Hamdy and his heirs;
23 official English language translations of the SACERAU certificate and the writs of
24 ///
25 ///
26 ///
27 ///
28 ///

-2-
DECLARATION OF GREGORY N. ALBRIGHT

1  inheritance; and certificates issued by the Vice Consul of the Embassy of the United
2  States in Cairo regarding the foregoing documents.

3       I declare under penalty of perjury under the laws of the United States that the
4  foregoing is true and correct. Executed this 3rd day of December 2007, at Cambria,
5  California.

6
7
8                                   _____
9                                        Gregory N. Albright
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    -3-

# EXHIBIT A

**EGYPT** ]
**CITY OF CAIRO** ]  **SS:**
**EMBASSY OF THE UNITED** ]
**STATES OF AMERICA** ]

I certify that the official of the Ministry of
Foreign Affairs named below, whose true signature and
official seal are respectively subscribed and affixed
To the annexed document, was on this day, empowered
to act to the official capacity designated in the
annexed document, to which faith and credit are due.

For the contents of the annexed document, the Embassy
assumes no responsibility.

**Maha Saber Tawfik**
Name of Egyptian Ministry of
Foreign Affairs Official


**Eric Meyer**
**Vice Consul**
Embassy of the United
States of America, Cairo, **Egypt**

**May 8, 2006**

Eration al Real Estate
Plicity and Notori
lation department
Translation No 3

Author Composers and Publishers Society
SACERAU



Cairo on: 28/03/2006

# CERTIFICATE

**To whom it may concern**

The Authors, Composers and Publishers Society in the Arab Republic of Egypt, known by the name of (SACERAU), hereby certifies that the song (Khossara Khossara), written by Mr. Maamoun El Shenawy and composed by Mr. Baleegh Hamdi, both members of the Egyptian Society SACERAU, which song is registered in the Society's Registers under No. 3799 dated 17/06/1960, for its use outside the Arab Republic of Egypt.

This is a certificate by us to this effect

Signed by:
Omar Batteesha
Head of the Society

### The Real Estate Registration and Notarization Department
### The Notary Public Office

#### Registration Minutes No. 4160 E of 2006

On this day of Thursday March 30th 2006 this document was signed by:

Mr. Omar Osman Hussein Batteesha, pursuant to National ID Card No. 1800838, in his capacity as the Chairman of the Board of Directors of the Authors, Composers and Publishers Society, in accordance to the Board's decision of 11/06/2001, and a certificate issued from the Central Society at the Ministry of Social Affairs on 16/07/2001. We hereby certify the aforementioned.

The Notarial                                          949268/30/03/2006

Signed, Stamped & Sealed



عضو الاتحاد الدولي لجمعيات المؤلفين والملحنين            عضو المكتب الدولي للتسجيل الميكانيكي

*Sacerau*

جمعية المؤلفين والملحنين والناشرين

ساسيرو

القاهرة في : ٢٠٠٦/٣/٢٨

**شـــهـــادة لمن يهمه الأمر**

تشهد جمعية المؤلفين والملحنين والناشرين بجمهورية مصر العربية المعروفة باسـم
(ساسيرو ) بان أغنية ( خسارة خسارة ) من تأليف الأستاذ / مأمون الشـــناوى وتلحيـن
الأستاذ / بليغ حمدي أعضاء الجمعية المصرية الساسيرو ومسجلة بسجلات الجمعية تحت
رقم ٣٧٩٩ بتاريخ ١٩٦٠/٦/١٧ و ذلك لاستخدامها خارج جمهورية مصر العربية.

وهذه شهادة منا بذلك دون أدنى مسئولية ،،،،

رئيس/الجمعية

عمر بطيشة



مصلحة الشهر العقاري والتوثيق

مكتب توثيق

محضر توثيق رقم ٠ ١٦ ٤ ٩ ح لسنة ٢٠٠٦

في يوم الخميس الموافق ٢ / ٧ /٢٠٠٦ قد تم التوقيع على هذا من:-

الأستاذ عمر عثمان حسين بطيشة الثابت الشخصية بموجب بطاقة رقم قومى ١٨٠٠٨٣٨ بصفته
رئيس مجلس إدارة جمعية المؤلفين والملحنين والناشرين وذلك طبقـــا لقـــرار المجلـس يـوم
١١/٦/٢٠٠١ وشهادة صادرة من إدارة الجمعيات المركزية بوزارة الشـــئون الإجتماعيـة فـى
١٦/٧/٢٠٠١ وهذا تصديق منا بذلك.

الموثق

١٠ ش الألفي – القاهرة – تليفون : ٥٧٤٣٨٣٥ – ٥٧٤٣١٦٦ – فاكس ٥٧٤٠٢٦٥ (٢٠٢) – رقم بريدي ١١١١١

| EGYPT | ] | |
|---|---|---|
| CITY OF CAIRO | ] | SS: |
| EMBASSY OF THE UNITED | ] | |
| STATES OF AMERICA | ] | |

I certify that the official of the Ministry of
Foreign Affairs named below, whose true signature and
official seal are respectively subscribed and affixed
To the annexed document, was on this day, empowered
to act to the official capacity designated in the
annexed document, to which faith and credit are due.

For the contents of the annexed document, the Embassy
assumes no responsibility.

Maha Saber Tawfik
Name of Egyptian Ministry of
Foreign Affairs Official

Eric Meyer
Vice Consul
Embassy of the United
'tates of America, Cairo, Egypt

May 8, 2006

Cairo First Instance Court
Translation Department

In The Name of Allah The Rahman The Merciful

The Arab Republic of Egypt
Ministry of Justice
Misr el gedida court of personal status
For Legal Administration

Court Certification

On this Saturday 30th October 1993, upon the request submitted by Mr. Morsy Saad El Din Abdel Hamid registered under no. 1362/1993 inheritances, in which he requests the confirmation of the death and the inheritance herein thereafter mention and after taking the legal procedures and it was proved that it compiles with what is stated in his request.

The court

I, Mohamed Hamdi, the judge, made sure that the late Mr. Baleegh Adbel Hamid died on 12/9/1993 and his lawful estate was evoluted in his adult brother Morsy Saad El Din Abdel Hamid and his adult sisters Safeya and Asma Adbel Hamid Hamdi who shall receive all his estate as a lawful right in compliance with Muslim's law. The male is twice the female.

Without a partner or no other inheritor except them and I made sure that there is no due will and accordingly I authorize the attestation.

This copy is drawn up and delivered to the requester under no. 4786 on 17/11/1993, after paying the due fees with receipt no.596960 on 17/11/1993.

Translation: Walaa Mahmoud Antar.
Edited on 13/4/2006.



جمهورية الجزئية للأحوال الشخصية

الولاية على النفس

إعــــلام شرعي

في يوم السبت الموافق ٧٠/ ١٠/ ١٩٩٢م، بناء على الطلب المقـدم من
السيد / مرسي سعد الديم عبد الحميد حمدي والمقيد برقم ١٣٦٢ لسنة ١٩٩٢
رأينا أن الراغب فيه تحقيق وفاة ووراثة من سيذكر وبعد إنخاذ الإجراءات القانونيـة :

المحكمــــة

ريئـــس المحكمــ قرورفاتي
الرحـوم ١ بلغ عبد الحميد حمدي محمد حمدي بتاريخ ١٢/ ٩/ ١٩٩٣ الأشهار

وإذن الشرعي في إخوانه بالعقيم مرسى سعد الديم ٢ حفيظ
٢ اسما عبد الحميد حمدي ويستقدم جميع تركته
تعميما للذكر منعت للذكر

فقط بدون شريك ولا وارث له سواه ولا وصية لوصية واجبة ، وقررنا ضبط الإشهار .

أمين السـر                          السكرتيـر
إمضــاء .                          إمضا٠

عدد الطالب برقم ٨٣٦ ملغ أصول في ١٧/ ١١/ ٩٢
بالقسيمة رقم ٩٦٩٠ في ٧٢/ ١١/ ٩٢

رئيس القلم

٩٢/١٧

| EGYPT | ] | |
| CITY OF CAIRO | ] | SS: |
| EMBASSY OF THE UNITED | ] | |
| STATES OF AMERICA | ] | |

I certify that the official of the Ministry of
Foreign Affairs named below, whose true signature and
official seal are respectively subscribed and affixed
To the annexed document, was on this day, empowered
to act to the official capacity designated in the
annexed document, to which faith and credit are due.

For the contents of the annexed document, the Embassy
assumes no responsibility.

Maha Saber Tawfik
Name of Egyptian Ministry of
Foreign Affairs Official

Eric Meyer
Vice Consul
Embassy of the United
States of America, Cairo, Egypt

May 8, 2006

North Cairo First Instance Court
Translation Department

In The Name of Allah The Rahman The Merciful

The Arab Republic of Egypt
Ministry of Justice
Misr el gedida court of personal status
For Legal Administration

——— Court Certification ———

On this Saturday 26th January 2003, upon the request submitted by Mr.
Osama Ahmed Fahmy registered under no. 2274/2002 inheritances, in which
he requests the confirmation of the death and the inheritance herein
thereafter mention and after taking the legal procedures and it was proved
that it compiles with what is stated in his request.

———→ The court

I, Tawfik Salam , the judge, made sure that the late Mrs. Asma Adbel Hamid
Hamdi died on 26/12/2002 and his lawful estate was evoluted in her adult
sons and daughters ; Osama, Amina, Aya and Eman sons and daughters of
Ahmed Fahmy who shall receive all her estate as a lawful right in
compliance with Muslim's law. The male is twice the female.

Without a partner or no other inheritor except them and I made sure that
there is no due will and accordingly I authorize the attestation.

This copy is drawn up and delivered to the requester under no.876 on
3/2/2003, after paying the due fees with receipt no.199268 on 3/2/2003.

Translation: Walaa Mahmoud Antar
Edited on: 13/4/2006

MAR 4 2008 10:10AM   HP LASERJET 3200

P.10

بسم الله الرحمن الرحيم

جمهورية مصر العربية

وزارة .. العـدل ............

محكمة جنوب الجيزة ... الجزئية للأحوال الشخصية

الولاية على النفس

الرقم قـ ..

قر يوم .............. سنة ...... هـ الموافق ١ /١ / ٢٠٠٣ م بناء على

الطلب المقدم من السيد/ .................... ك ........... والمقيد برقم .......... لسنة ـ ـ ـ

وراثات الراغب فيه تحقيق وفاة ووراثة ............... ويذكر بعد ، وبعد اتخاذ الإجراءات القانونية وتبين

مطابقتها لما جاء بالطلب،

... تحكمــت

ـــــ " تحكق لدينا نحن/ ................ المحكمة وفاة المرحوم/

.................... بتاريخ ٢٥ / ١٩ / ٢٠٠٠ والعقار . إرثه الشرعي

.......................

................................

فقط دون شريك ولا وارث له سواهم ولا .... من الأجنبية رأثية ، وقررنا ضبط الإشهاد " .

أمين السـر                                                    المحكمة

إمضاء .........                         الإمضاء

حررت هذه الصورة طبعاً ........ وسلمت للطالب بأقم ................ صدر في ............

بعد سداد الرسم المقرر وقدره/ ................ بالتسوية رقم ........... في ..........

أستر .............                        المصور                  الأرشيف

رئيس ..............

(١٥)

EGYPT                    ]
CITY OF CAIRO            ]      SS:
EMBASSY OF THE UNITED    ]
STATES OF AMERICA        ]

I certify that the official of the Ministry of
Foreign Affairs named below, whose true signature and
official seal are respectively subscribed and affixed
To the annexed document, was on this day, empowered
to act to the official capacity designated in the
annexed document, to which faith and credit are due.

For the contents of the annexed document, the Embassy
assumes no responsibility.

Maha Saber Tawfik
Name of Egyptian Ministry of
Foreign Affairs Official

Eric Meyer
Vice Consul
Embassy of the United
States of America, Cairo, Egypt

May 8, 2006

North Cairo First Instance Court
Translation Department

In The Name of Allah The Rahman The Merciful

The Arab Republic of Egypt
Ministry of Justice
Misr el gedida court of personal status
For Legal Administration

Court Certification

On this Saturday 12th December 1993, upon the request submitted by Mr.
Morsy Saad El Din Abdel Hamid registered under no. 1591/1993
inheritances, in which he requests the confirmation of the death and the
inheritance herein thereafter mention and after taking the legal procedures
and it was proved that it compiles with what is stated in his request.

The court

I, Gamal Abdel Wahhab, the judge, made sure that the late Mrs. Safeya
Adbel Hamid Hamdi died on 26/10/1993 and his lawful estate was evoluted
in her adult brother Morsy Saad El Din Abdel Hamid and her adult sister
Asma Adbel Hamid Hamdi who shall receive all his estate as a lawful right
in compliance with Muslim's law. The male is twice the female.

Without a partner or no other inheritor except them and I made sure that
there is no due will and accordingly I authorize the attestation.

This copy is drawn up and delivered to the requester under no. 5316 on
22/12/1993, after paying the due fees with receipt no.515858 on 22th of
December 1993:

Translation: Walaa Mahmoud Antar.
Edited on: 13/4/2006.

الجزئية للأحوال الشخصية
للولاية على النفس

**إعــلام شـرعـى**

من يوم ‫ ‬الأحد ‫ ‬الموافق ‫١٩٩٧/٣/١٦‬ م. بنــاء علــى ‫ ‬من
السيد /‫ ‬عـز الدين عبد الحميد ‫ ‬والمقيد برقم ‫١٩٩٤ ‬لسنة

وراثـــات‫ ‬الـراغـب فيه تحقيق وفـاة وراثــة‫ ‬مـن ‫ ‬، ويعـد إتخــاذ
الإجـراءات القـانونية:

**المحكمة**

• تمثل لدينا نحن / جمال عبد الـــــهاد‫ ‬عربي ‫ ‬المحكمة بتاة
المرحومة ‫ ‬مصطفى عبد الحميد عربى مرسى ‫ ‬بتاريخ ‫١٩٩٧/٧/٣‬
وانحصار إرثها الشرعى فى ‫ ‬تقريبا بالفيب ورثته عد الدين عبد الحميد
...

‫ ‬نقط بين شرين لا يحاير لـ سواهم ولاستحق لوصية واجبة ورقدينا ضبط الإشهاد •

أمين السر
المحكمة

إمضاء ‫ ‬إمضاء

حررت هـذه الصـورة ‫ ‬لتسلـم للطالب برقم ‫ ‬يـسـد قينى /‫١٩٩٧‬ م
بعد سداد الرسم المقرر والذى ‫ ‬بالنسبة رقم ‫ ‬بالجدول ‫١٩٩٧/١٢/‬ م

المراجع

‫١٩٢/١٢٢‬

(۱۳)

North Cairo First Instance Court
Translation Department

In The Name of Allah The Rahman The Merciful

The Arab Republic of Egypt
Ministry of Justice
Misr el gedida court of personal status
For Legal Administration

Court Certification

On this Saturday 12th December 1993, upon the request submitted by Mr.
Morsy Saad El Din Abdel Hamid registered under no. 1591/1993
inheritances, in which he requests the confirmation of the death and the
inheritance herein thereafter mention and after taking the legal procedures
and it was proved that it compiles with what is stated in his request.

The court

I, Gamal Abdel Wahhab, the judge, made sure that the late Mrs. Safeya
Adbel Hamid Hamdi died on 26/10/1993 and his lawful estate was evoluted
in her adult brother Morsy Saad El Din Abdel Hamid and her adult sister
Asma Adbel Hamid Hamdi who shall receive all his estate as a lawful right
in compliance with Muslim's law. The male is twice the female

Without a partner or no other inheritor except them and I made sure that
there is no due will and accordingly I authorize the attestation.

This copy is drawn up and delivered to the requester under no. 5316 on
22/12/1993, after paying the due fees with receipt no.515858 on 22th of
December 1993;

Translation: Walaa Mahmoud Antar.
Edited on: 13/4/2006



محكمة شمال القاهرة الابتدائية

القلم المدني        محضر تصديق

نحن المستشار / رئيس المحكمة /

نصدق على توقيع السيد / كبير الكتاب / رئيس القلم / كاتب أول محكمة

على المحرر المذكور وبخاتم المحكمة المسئول في جمهورية

مصر العربية

دون تحميل الدولة

رئيس القلم المدني رئيس محكمة شمال القاهرة الابتدائية

وزارة خارجية جمهورية مصر العربية
مكتب تصديقات المصدقين

جمهورية مصر العربية

From: alkamel +2028326440-50 To: Fax#0018055570480 2008 Time: 04:35:02 Page 4 of 17



Apr 08 06 04:45p    From: 'alkamel  +2028328440-50  To: Fax#0018055570480    Date:28/04/2006 Time: 04:35:02    Page 5 of 17









Authors, Composers and Publishers Society
SACERAU

Cairo on: 28/03/2006

## CERTIFICATE

**To whom it may concern**

' The Authors, Composers and Publishers Society in the Arab Republic of Egypt, known by the name of (SACERAU), hereby certifies that the song (Khossara Khossara), written by Mr. Maamoun El Shenawy and composed by Mr. Baleegh Hamdi, both members of the Egyptian Society SACERAU, which song is registered in the Society's Registers under No. 3799 dated 17/06/1960, for its use outside the Arab Republic of Egypt.

This is a certificate by us to this effect

Signed by:
☆ Omar Batteesha
Head of the Society

#### The Real Estate Registration and Notarization Department
#### The Notary Public Office

**Registration Minutes No. 4160 E of 2006**

On this day of Thursday March 30th 2006 this document was signed by:

Mr. Omar Osman Hussein Batteesha, pursuant to National ID Card No. 1800838, in his capacity as the Chairman of the Board of Directors of the Authors, Composers and Publishers Society, in accordance to the Board's decision of 11/06/2001, and a certificate issued from the Central Society at the Ministry of Social Affairs on 16/07/2001. We hereby certify the aforementioned.

The Notarial                                          949268/30/03/2006

Signed, Stamped & Sealed

# EXHIBIT 2

1               UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3

4

5   OSAMA AHMED FAHMY,          )  Case No.
    an individual,              )  CV 07-05715 CAS (PJWx)
6                               )
                  Plaintiff,    )
7                               )
          vs.                   )
8                               )
    JAY-Z (aka Shawn Carter),   )       VOLUME I
9   et al.,                     )
                                )
10               Defendants.    )    (Pages 1 - 132)
                                )
11  _____

12

13

14                    CERTIFIED COPY

15

16

        DEPOSITION OF OSAMA AHMED FAHMY FATHALLAH
17
              Thursday, February 12, 2009
18

19

20

21

22

23
    REPORTED BY:
24  Ingrid Suarez Egnatuk
    CSR No. 3098
25
    File No.:  2-7-091

The
Egnatuk
Agency

CERTIFIED SHORTHAND REPORTERS
2420 West Carson St.
Suite 210
Torrance, California 90501
(310) 787-3240

                                              1

1      Q.   I just want to ask you a few questions

2   about the other heirs of Baligh Hamdy.

3           First of all, who -- who are the other

4   heirs?

5      A.   The other heirs on the death of Baligh

6   Hamdy, 1993, are three.   There are three siblings.

7   Morsy Saad El-Din, Safia Hamdy, Asmaa Hamdy.

8           40 or 45 days after the passing, Safia

9   passed away.   Her heirs were two -- two siblings,

10  Morsy Saad El-Din and Asmaa Hamdy.   In 2002, Asmaa

11  Hamdy passed away.

12          Until now, the legal heirs are Morsy Saad

13  El-Din, Osama Fahmy, Omneya Fahmy, Ayah Fahmy, Iman

14  Fahmy, until now.

15     Q.   Do all of the heirs live in Egypt, sir?

16     A.   Yes.

17     Q.   How old is your Uncle Morsy?

18     A.   About 90.

19     Q.   Is he in good health?

20     A.   Yes.

21     Q.   Are the other heirs, who I assume are

22  younger, in good health?

23     A.   Yes.

24     Q.   Have you ever discussed with the other

25  heirs whether they would join with you in this

                                              40

# EXHIBIT 3

1            UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3

4

5    OSAMA AHMED FAHMY,         )   Case No.
     an individual,            )   CV 07-05715 CAS (PJWx)
6                              )
                Plaintiff,     )
7                              )
          vs.                  )
8                              )
     JAY-Z (aka Shawn Carter), )      VOLUME II
9    et a.,                    )
                               )
10              Defendants.     )   (Pages 133 - 250)
                               )

11

12

13              ＯＲＩＧＩＮＡＬ ＣＯＰＹ

14

15

16          DEPOSITION OF OSAMA AHMED FAHMY FATHALLAH

17              Friday, February 13, 2009

18

19

20

21

22                                        The
23                                        Egnatuk
     REPORTED BY:                         Agency
24   Ingrid Suarez Egnatuk
     CSR No. 3098              CERTIFIED SHORTHAND REPORTERS
25                             2420 West Carson St.
     File No.:  2-8-091        Suite 210
                               Torrance, California 90501    133
                               (310) 787-3240

1       THE WITNESS: Nothing. Don't worry.

2   BY MR. FRACKMAN:

3       Q.    When Baligh Hamdy died, who were his

4   heirs?

5       A.    Morsy Saad El-Din, Safia Hamdy, Asmaa

6   Hamdy.

7       Q.    Asmaa was your mother?

8       A.    Yes.

9       Q.    And when did she die, sir?

10      A.    1992.

11      Q.    And Safia was your aunt?

12      A.    Yes.

13      Q.    And when did she die?

14      A.    The same year, October, 1993.

15      Q.    Did you ever give a copy of Exhibit 113 to

16  Mr. Sima or his lawyer?

17      A.    He requested from me. I wasn't

18  documenting everything that was requested from me.

19  But whatever Sima's attorney requested from me, I

20  gave. I wasn't documenting whatever I was sending

21  for him.

22      Q.    Do you recall, other than maybe Mr. Sima

23  or his lawyer and your lawyer, Mr. Lear, whether you

24  have ever given a copy of Exhibit 113 to anyone

25  else?

160

# EXHIBIT 4

1  EDWARD O. LEAR, State Bar No. 132699
   **CENTURY LAW GROUP LLP**
2  5200 W. Century Blvd. #345
   Los Angeles, CA 90045
3  Phone (310) 642-6900
   Fax (310) 642-6910
4
   Attorney for Plaintiff
5  OSAMA AHMED FAHMY

6
            **UNITED STATES DISTRICT COURT**
7
        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
8

9  | OSAMA AHMED FAHMY, an individual, | Case No.: CV 07-05715-CAS (Ex) |
10

11 | Plaintiff, |

12 | v. | **PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT ROC-A-FELLA RECORDS' FIRST SET OF INTERROGATORIES** |

13 | Jay-Z (aka Shawn Carter), Timothy |
14 Mosely, Kyambo Joshua, Rob Bourdon,
15 Brad Delson, Mike Shinoda, Dave Farrell,   Action Filed:      August 31, 2007
   Joseph Hahn, Chester Bennington, Big Bad   Discovery Cut-Off: None
16 Mr. Hahn Music, Chesterchaz Publishing,    Trial date:        None
17 EMI Blackwood Music Inc., EMI Music
   Publishing Ltd., Kenji Kobayashi Music,
18 Lil Lulu Publishing, Machine Shop
19 Recordings LLC, Marcy Projects
   Productions II, Inc., MTV Networks
20 Enterprise Inc., Nondisclosure Agreement
21 Music, Paramount Home Entertainment,
   Inc., Paramount Pictures Corporation,
22 Radical Media, Rob Bourdon Music, Roc-
23 A-Fella Records LLC, Timbaland
   Productions Inc., UMG Recordings, Inc.,
24 Universal Music and Video Distribution
25 Inc.,   and Warner Music Inc.
                  Defendants.
26

27

28

1

**PLAINTIFF 'S SUPPLEMENTAL RESPONSES TO SPECIAL INTERROGATORIES (SET NO. ONE)**

1    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Osama

2  Ahmed Fahmy ("Plaintiff") hereby supplements his response the First Set of

3  Interrogatories propounded by Defendant Roc-A-Fella Records ("Defendant") as follows:

4                          **PRELIMINARY STATEMENT**

5    Plaintiff has not yet fully completed the investigation of the facts relating to this

6  case and has not yet fully completed discovery in this action.  All of the responses

7  contained herein are based solely upon information and documents, which are presently

8  available to, and specifically known by Plaintiff and disclose only those contentions,

9  which presently occur to Plaintiff.  It is anticipated that further discovery, independent

10 investigation, legal research and analysis will supply additional facts and lead to

11 additions, changes, and variations from the answers herein.

12    The following interrogatory responses are given without prejudice to Plaintiff's

13 right to produce evidence or witnesses, which Plaintiff may later discover. Plaintiff

14 accordingly reserves the right to change any and all responses herein as additional facts

15 are ascertained, witnesses identified and legal research is completed.  The responses

16 contained herein are made in good faith in an attempt to supply as much factual

17 information and as much specification of legal contention as is presently known and shall

18 in no way prejudice Plaintiff in relation to further discovery and proceedings.

19                          **GENERAL OBJECTIONS**

20    Plaintiff objects to each and every Interrogatory to the extent it seeks information

21 protected from discovery by the attorney-client privilege, the attorney work-product

22 doctrine or other applicable privileges.

23    Plaintiff objects to each and every Interrogatory to the extent it seeks the

24 disclosure of information protected by the right of privacy of Plaintiff and/or third parties.

25    Plaintiff objects to each and every Interrogatory to the extent it is overbroad and

26 immaterial to the subject matter of this lawsuit.

27    Plaintiff objects to each and every Interrogatory to the extent it seeks information

28 that is not relevant to the claims or defenses of any party to the pending action.

2

1      Plaintiff objects to each and every Interrogatory on the ground that they
2 individually and taken as a whole are overly broad, unduly burdensome, duplicative,
3 oppressive, and designed solely for the purpose of harassing Plaintiff.

4      Plaintiff objects to each and every Interrogatory to the extent it seeks information
5 equally or more available to, or in the possession, custody, or control of Defendant.

6      Plaintiff objects to each and every Interrogatory as overly broad, unduly
7 burdensome and oppressive to the extent it seeks information relating to documents not in
8 Plaintiff's possession, custody, or control.

9      Additionally, Plaintiff and his attorneys have relied upon translators in preparing
10 Plaintiff's responses. As such, Plaintiff reserves the right to amend any answer to the
11 extent necessary in order to correct any error, problem, or miscommunication due to
12 translation of Defendant's requests or Plaintiff's responses.

13

14                 **SUPPLEMENTAL INTERROGATORY RESPONSES**

15                     (supplement indicated in boldface)

16 **SPECIAL INTERROGATORY NO. 1:**

17      IDENTIFY all PERSONS involved in the creation of the musical composition
18 "Khosara Khosara," and describe what each such PERSON did.

19 **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

20      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
21 seeks information that is not relevant or not reasonably calculated to lead to discovery of
22 admissible evidence, and is vague and ambiguous as to the phrase "musical composition"
23 and "did." Plaintiff further objects to this Interrogatory to the extent it seeks information
24 not known to Plaintiff, equally known to Defendants, or exclusively known to Defendants
25 or third parties. Subject to these and the foregoing General Objections, Plaintiff responds
26 as follows:

27      Baligh Hamdy, composed/wrote the musical composition; Mamoun El Shinnaway, wrote
28 the lyrics.

1    **SPECIAL INTERROGATORY NO. 2:**

2         IDENTIFY each PERSON who ever has had any ownership interest in the musical

3    composition "Khosara Khosara," and for each such PERSON, state the nature and the

4    amount of the ownership interest and the inclusive dates of the ownership interest.

5    **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

6         Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

7    seeks information that is not relevant or not reasonably calculated to lead to discovery of

8    admissible evidence, and is vague and ambiguous as to the phrases and terms "any

9    ownership interest," "musical composition," "nature and the amount of the ownership

10   interest," and "inclusive dates of the ownership interest." Plaintiff further objects to this

11   Interrogatory to the extent it seeks information not known to Plaintiff, equally known to

12   Defendants, or exclusively known to Defendants or third parties. Subject to these and the

13   foregoing General Objections, Plaintiff responds as follows:

14        **Baligh Hamdy and upon his death, all Baligh Hamdy heirs as identified in**

15   **official inheritance documents produced in response to Defendant Roc-A-Fella**

16   **Records, LLC's Second Request for Production of Documents (specifically,**

17   **documents bate stamped as 415-439; 566-577) have owned and/or do own interests**

18   **in the musical composition "Khosara Khosara."**

19   **SPECIAL INTERROGATORY NO. 3:**

20        IDENTIFY each PERSON who ever has had any ownership interest in a sound

21   recording of the musical composition "Khosara Khosara," and for each such PERSON,

22   state the nature and the amount of the ownership interest and the inclusive dates of the

23   ownership interest.

24   **SUPPLEMENTAL RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

25        Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

26   seeks information that is not relevant or not reasonably calculated to lead to discovery of

27   admissible evidence, and is vague and ambiguous as to the phrases and terms "any

28   ownership interest," "sound recording of the musical composition," "nature and the

4

1   amount of the ownership interest," and "inclusive dates of the ownership interest."

2   Plaintiff further objects to this Interrogatory to the extent it seeks information not known

3   to Plaintiff, equally known to Defendants, or exclusively known to Defendants or third

4   parties. Subject to these and the foregoing General Objections, Plaintiff responds as

5   follows:

6         **Plaintiff notes that his Complaint does not presently allege a claim for**

7   **infringement of a sound recording copyright. However, as a gesture of good faith,**

8   **Plaintiff will nevertheless provide what responsive facts he is presently aware of.**

9   **Plaintiff is informed and believes that a copyright registration for a sound recording**

10   **of "Khosara, Khosara" was issued by the Egyptian copyright society (SACERAU)**

11   **in the name of Sout El Phan Co. Defendants have already produced in this action a**

12   **copy of this sound recording copyright certificate. Plaintiff also is informed and**

13   **believes that a sound recording of "Khosara, Khosara" was released by Arc**

14   **Records. Plaintiff does not know whether a proper mechanical license was obtained**

15   **by Arc Records in connection with this sound recording, nor does he presently have**

16   **information concerning this recording that extends beyond the documents**

17   **concerning Arc Records that defendants have produced. Plaintiff does not presently**

18   **have sufficient information to determine whether and to what extent there has**

19   **existed one or more sound recordings owned in whole or in part by Baligh Hamdy,**

20   **and, on Baligh Hamdy's death, by his heirs. Plaintiff presently lacks sufficient**

21   **knowledge to be able to respond as to the existence, nature or ownership of**

22   **additional sound recordings.**

23   **SPECIAL INTERROGATORY NO. 4:**

24         State each and every fact on which you base YOUR claim of copyright ownership

25   in the musical composition

26   **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

27         Plaintiff objects to this Interrogatory to the extent it seeks information protected by

28   the attorney-client privilege. Plaintiff further objects to this Interrogatory on the grounds

1   it is overly broad, compound, seeks information that is not relevant or not reasonably
2   calculated to lead to discovery of admissible evidence, and is vague and ambiguous as to
3   the phrases and terms "copyright ownership." Plaintiff further objects to this
4   Interrogatory to the extent it seeks information not known to Plaintiff, equally known to
5   Defendants, or exclusively known to Defendants or third parties. Subject to this and the
6   forgoing General Objections, Plaintiff responds as follows:

7        Plaintiff refers Defendant to documents already produced in this matter, **including**
8   **documents bate stamped 286-290; 340-343; 365-366; 412-439; 478-479; 446-449;**
9   **492; 566-577; 541-548**. Baligh Hamdy wrote the musical composition "Khosara
10   Khosara." The copyright claim in the "Khosara, Khosara" musical composition was
11   properly registered under Egyptian law, in Mr. Hamdy's name as author and copyright
12   owner. At all times through his death in 1993, Mr. Hamdy retained full copyright
13   ownership of the "Khosara, Khosara" musical composition. Upon Baligh Hamdy's
14   death, copyright ownership of "Khosara, Khosara" was inherited by Hamdy's three
15   siblings, Morsi, Asmaa and Safia. Safia died later in 1993, and Asmaa in 2002. Since
16   approximately December 2002, copyright ownership of "Khosara, Khosara" has been
17   jointly held by Morsi and Asmaa's four children, one of whom is Plaintiff. Plaintiff also
18   holds a general power of attorney to act on behalf of the other co-owners of the copyright
19   to "Khosara, Khosara."

20   **SPECIAL INTERROGATORY NO. 5:**

21        IDENTIFY all PERSONS who have had or who you believe have had any
22   knowledge or information concerning YOUR claim of copyright ownership in the
23   musical composition "Khosara Khosara."

24   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

25        Plaintiff objects to this Interrogatory to the extent it seeks information protected by
26   the attorney-client privilege. Plaintiff further objects to this Interrogatory on the grounds
27   it is overly broad, compound, seeks information that is not relevant or not reasonably
28   calculated to lead to discovery of admissible evidence, and is vague and ambiguous as to

6

1  the phrases and terms "concerning" and "musical composition." Subject to this and the
2  forgoing General Objections, Plaintiff responds as follows:

3      Plaintiff refers Defendant to documents already produced in this matter, **including**
4  **documents bate stamped 286-290; 340-343; 365-366; 412-439; 478-479; 446-449;**
5  **492; 566-577; 541-548**. Baligh Hamdy; Mamoun El Shinnaway; all Baligh Hamdy
6  beneficiaries; Egypt's Association of Authors, Composer, and Publishers, SACERAU.

7  **SPECIAL INTERROGATORY NO. 6:**

8      IDENTIFY all DOCUMENTS that refer to YOUR claim of copyright ownership
9  in the musical composition "Khosara Khosara," including but not limited to documents
10 no longer in existence or which cannot be located.

11 **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

12     Plaintiff objects to this Interrogatory to the extent it seeks information protected by
13 the attorney-client privilege. Plaintiff further objects to this Interrogatory on the grounds
14 it is overly broad, compound, seeks information that is not relevant or not reasonably
15 calculated to lead to discovery of admissible evidence, and is vague and ambiguous as to
16 the phrases and terms "refer to" and "musical composition." Subject to this and the
17 forgoing General Objections, Plaintiff responds as follows:

18     Plaintiff refers Defendant to documents already produced in this matter, **including**
19 **documents bate stamped 286-290; 340-343; 365-366; 412-439; 478-479; 446-449;**
20 **492; 566-577; 541-548**.

21 **SPECIAL INTERROGATORY NO. 7:**

22     IDENTIFY each and every jurisdiction in which any ownership in the musical
23 composition "Khosara, Khosara" was registered.

24 **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

25     Plaintiff objects to this Interrogatory on the grounds it is overly broad, seeks
26 information that is not relevant or not reasonably calculated to lead to discovery of
27 admissible evidence, and is vague and ambiguous as to the phrases and terms "any
28 ownership," "musical composition," and "registered." Subject to this and the forgoing

7

1 | General Objections, Plaintiff responds as follows:

2 | Egypt

3 | **SPECIAL INTERROGATORY NO. 8:**

4 | IDENTIFY each and every license or assignment (written or oral) to exploit any
5 | rights in the musical composition "Khosara, Khosara."

6 | **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

7 | Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
8 | seeks information that is not relevant or not reasonably calculated to lead to discovery of
9 | admissible evidence, and is vague and ambiguous as to the phrases and terms "license or
10 | assignment (written or oral)," "any rights" and "musical composition." Plaintiff further
11 | objects to this Interrogatory to the extent it seeks information not known to Plaintiff,
12 | equally known to Defendants, or exclusively known to Defendants or third parties.
13 | Subject to these and the foregoing General Objections, Plaintiff responds as follows:

14 | Plaintiff refers Defendant to documents already produced in this matter, **including**
15 | **documents bate stamped 534-541; 558-566**.

16 | **SPECIAL INTERROGATORY NO. 9:**

17 | For each license or assignment of the musical composition "Khosara Khosara,"
18 | IDENTIFY the material terms, including, if applicable, (a) the licensee or assignee; (b)
19 | the licensor or assignor; (c) the effective date; (d) the term; (e) the territory; (t) the nature
20 | of the use; (g) the name of the album on which the composition was to be used (including
21 | the record label and catalog number, if known); (h) the artist who performed the
22 | composition on the album on which the composition was to be used; (i) the financial
23 | terms (including but not limited to any advance, any minimum guarantee, and any royalty
24 | on a per unit or any other basis); and (j) any other terms that you contend were material to
25 | the license or assignment.

26 | **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

27 | Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
28 | seeks information that is not relevant or not reasonably calculated to lead to discovery of

8

1  admissible evidence, and is vague and ambiguous as to the phrases and terms "musical

2  composition," "nature of use," "financial terms," and "any other terms that you contend

3  were material to the license or assignment." Plaintiff further objects to this Interrogatory

4  to the extent it seeks information not known to Plaintiff, equally known to Defendants, or

5  exclusively known to Defendants or third parties. Subject to these and the foregoing

6  General Objections, Plaintiff responds as follows:

7      Plaintiff refers Defendant to documents already produced in this matter, **including**

8  **documents bate stamped 534-541; 558-566**.

9  **SPECIAL INTERROGATORY NO. 10:**

10     For each license or assignment IDENTIFIED in response to Interrogatory No. 8,

11  IDENTIFY each and every PERSON who was involved in the negotiation of that license

12  or assignment, and describe what each PERSON did in connection therewith.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

14     Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

15  seeks information that is not relevant or not reasonably calculated to lead to discovery of

16  admissible evidence, and is vague and ambiguous as to the phrases and terms "involved

17  in the negotiation," "in connection therewith." Plaintiff further objects to this

18  Interrogatory to the extent it seeks information not known to Plaintiff, equally known to

19  Defendants, or exclusively known to Defendants or third parties. Subject to these and the

20  foregoing General Objections, Plaintiff responds as follows:

21     Plaintiff refers Defendant to documents already produced in this matter, **including**

22  **documents bate stamped 534-541; 558-566**.

23  **SPECIAL INTERROGATORY NO. 11:**

24     IDENTIFY each and every written or oral agreement between Baligh Hamdy or

25  any of his heirs or representatives, on the one hand, and SOUT EL PHAN, on the other

26  hand, relating to or involving "Khosara Khosara."

27  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

28     Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

9

1  seeks information that is not relevant or not reasonably calculated to lead to discovery of

2  admissible evidence, and is vague and ambiguous as to the phrase "written or oral

3  agreement." Plaintiff further objects to this Interrogatory to the extent it seeks

4  information not known to Plaintiff, equally known to Defendants, or exclusively known

5  to Defendants or third parties. Subject to these and the foregoing General Objections,

6  Plaintiff responds as follows:

7      Plaintiff refers Defendant to documents already produced in this matter, **including**

8  **documents bate stamped 534-541; 558-566**.

9  ## SPECIAL INTERROGATORY NO. 12:

10     For each agreement IDENTIFIED in response to the preceding Interrogatory,

11  IDENTIFY each and every PERSON who was involved in the negotiation of that

12  agreement, and describe what each PERSON did in connection therewith.

13  ## RESPONSE TO SPECIAL INTERROGATORY NO. 12:

14     Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

15  seeks information that is not relevant or not reasonably calculated to lead to discovery of

16  admissible evidence, and is vague and ambiguous as to the phrases and terms "involved

17  in the negotiation"and "in connection therewith." Plaintiff further objects to this

18  Interrogatory to the extent it seeks information not known to Plaintiff, equally known to

19  Defendants, or exclusively known to Defendants or third parties. Subject to these and the

20  foregoing General Objections, Plaintiff responds as follows:

21     Plaintiff refers Defendant to documents already produced in this matter, **including**

22  **documents bate stamped 534-541; 558-566**.

23  ## SPECIAL INTERROGATORY NO. 13:

24     IDENTIFY each PERSON who has had any COMMUNICATION with SOUT EL

25  PHAN relating to the musical composition "Khosara Khosara," and state (a) when that

26  COMMUNICATION took place, (b) whether it was written or oral, (c) the participants,

27  and (d) its content.

28  / / /

10

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

2      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

3  seeks information that is not relevant or not reasonably calculated to lead to discovery of

4  admissible evidence, and is vague and ambiguous as to the phrases and terms "relating

5  to," "musical composition," "participants," and "its contents." Plaintiff further objects to

6  this Interrogatory to the extent it seeks information not known to Plaintiff, equally known

7  to Defendants, or exclusively known to Defendants or third parties. Subject to these and

8  the foregoing General Objections, Plaintiff responds as follows:

9      Plaintiff refers Defendant to documents already produced in this matter, **including**

10 **documents bate stamped 368-371; 481-488; 457-458; 534-541; 558-566; 587-608.**

11 **SPECIAL INTERROGATORY NO. 14:**

12     IDENTIFY each PERSON who has had any COMMUNICATION with SOUT EL

13 PHAN relating to a sound recording of the musical composition "Khosara Khosara," and

14 state (a) when that COMMUNICATION took place, (b) whether it was written or oral,

15 (c) the participants, and (d) its content.

16 **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

17     Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,

18 seeks information that is not relevant or not reasonably calculated to lead to discovery of

19 admissible evidence, and is vague and ambiguous as to the phrases and terms "relating

20 to," "sound recording of the musical composition," "participants," and "its contents."

21 Plaintiff further objects to this Interrogatory to the extent it seeks information not known

22 to Plaintiff, equally known to Defendants, or exclusively known to Defendants or third

23 parties. Subject to these and the foregoing General Objections, Plaintiff responds as

24 follows:

25     Plaintiff refers Defendant to documents already produced in this matter, **including**

26 **documents bate stamped 368-371; 481-488; 457-458; 534-541; 558-566; 587-608.**

27 **SPECIAL INTERROGATORY NO. 15:**

28     IDENTIFY each PERSON who has had any COMMUNICATION with EMI

11

1  MUSIC ARABIA relating to the musical composition "Khosara Khosara," and state (a)
2  when that COMMUNICATION took place, (b) whether it was written or oral, (c) the
3  participants, and (d) its content.

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

5      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
6  seeks information that is not relevant or not reasonably calculated to lead to discovery of
7  admissible evidence, and is vague and ambiguous as to the phrases and terms "relating
8  to," "musical composition," "participants," and "its contents." Plaintiff further objects to
9  this Interrogatory to the extent it seeks information not known to Plaintiff, equally known
10 to Defendants, or exclusively known to Defendants or third parties. Subject to these and
11 the foregoing General Objections, Plaintiff responds as follows:

12      Plaintiff refers Defendant to documents already produced in this matter, **including**
13 **documents bate stamped 284-288; 290; 371**.

14 **SPECIAL INTERROGATORY NO. 16:**

15      IDENTIFY each PERSON who has had any COMMUNICATION with EMI
16 MUSIC ARABIA relating to a sound recording of the musical composition "Khosara
17 Khosara," and state (a) when that COMMUNICATION took place, (b) whether it was
18 written or oral, (c) the participants, and (d) its contents.

19 **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

20      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
21 seeks information that is not relevant or not reasonably calculated to lead to discovery of
22 admissible evidence, and is vague and ambiguous as to the phrases and terms "relating
23 to," "sound recording of the musical composition," "participants," and "its contents."
24 Plaintiff further objects to this Interrogatory to the extent it seeks information not known
25 to Plaintiff, equally known to Defendants, or exclusively known to Defendants or third
26 parties. Subject to these and the foregoing General Objections, Plaintiff responds as
27 follows:

28      Plaintiff refers Defendant to documents already produced in this matter **including**

12

1  documents bate stamped 284-288; 290; 371.

2  **SPECIAL INTERROGATORY NO. 17:**

3      IDENTIFY each PERSON who has or had any knowledge of whether any
4  agreements between Baligh Hamdy or any of his heirs or representatives, on the one
5  hand, and SOUT EL PHAN, on the other hand, included rights in the musical
6  composition "Khosara Khosara," and if so, the nature of such rights.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

8      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
9  seeks information that is not relevant or not reasonably calculated to lead to discovery of
10  admissible evidence, and is vague and ambiguous as to the phrases and terms "any of his
11  heirs or representatives," "rights in the musical composition," and "nature of such rights."
12  Plaintiff further objects to this Interrogatory to the extent it seeks information not known
13  to Plaintiff, equally known to Defendants, or exclusively known to Defendants or third
14  parties. Subject to these and the foregoing General Objections, Plaintiff responds as
15  follows:

16      Plaintiff refers Defendant to documents already produced in this matter, **including**
17  **documents bate stamped 368-371; 457-458;481-488; 534-541; 558-565; 587-608.**

18  **SPECIAL INTERROGATORY NO. 18:**

19      IDENTIFY each PERSON who has or had any knowledge of whether any
20  agreement between SOUT EL PHAN and EMI MUSIC ARABIA included rights in the
21  musical composition "Khosara Khosara" and if so, the nature of such rights.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

23      Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
24  seeks information that is not relevant or not reasonably calculated to lead to discovery of
25  admissible evidence, and is vague and ambiguous as to the phrases and terms "any
26  agreement," "rights in the musical composition," and "nature of such rights." Plaintiff
27  further objects to this Interrogatory to the extent it seeks information not known to
28  Plaintiff, equally known to Defendants, or exclusively known to Defendants or third

13

1 | parties. Subject to these and the foregoing General Objections, Plaintiff responds as
2 | follows:

3 | Plaintiff refers Defendant to documents already produced in this matter, **including**
4 | **documents bate stamped 284-288; 290; 371**.

5 | **SPECIAL INTERROGATORY NO. 19:**

6 | IDENTIFY each PERSON who has had any COMMUNICATION with any of the
7 | DEFENDANTS relating to the musical composition "Khosara Khosara" and state (a)
8 | when that COMMUNICATION took place, (b) whether it was written or oral, (c) the
9 | participants, and (d) its content.

10 | **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

11 | Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
12 | seeks information that is not relevant or not reasonably calculated to lead to discovery of
13 | admissible evidence, and is vague and ambiguous as to the phrases and terms "relating
14 | to," "musical composition," "participants," and "its contents." Plaintiff further objects to
15 | this Interrogatory to the extent it seeks information protected by the attorney-client
16 | privilege. Plaintiff further objects to this Interrogatory to the extent it seeks information
17 | not known to Plaintiff, equally known to Defendants, or exclusively known to Defendants
18 | or third parties. Subject to these and the foregoing General Objections, Plaintiff responds
19 | as follows:

20 | Plaintiff refers Defendant to documents already produced in this matter, **including**
21 | **documents bate stamped 284-288; 290; 371**.

22 | **SPECIAL INTERROGATORY NO. 20:**

23 | IDENTIFY any COMMUNICATIONS between YOU, on one hand, and any of
24 | the DEFENDANTS, on the other hand, and state (a) when that COMMUNICATION
25 | took place, (b) whether it was written or oral, (c) the participants, and (d) its content.

26 | **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

27 | Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
28 | seeks information that is not relevant or not reasonably calculated to lead to discovery of

14

1 | admissible evidence, and is vague and ambiguous as to the phrases and terms
2 | "participants" and "its contents." Plaintiff further objects to this Interrogatory to the
3 | extent it seeks information protected by the attorney-client privilege. Plaintiff further
4 | objects to this Interrogatory to the extent it seeks information not known to Plaintiff,
5 | equally known to Defendants, or exclusively known to Defendants or third parties.
6 | Subject to these and the foregoing General Objections, Plaintiff responds as follows:

7 | Plaintiff has had no communication with Defendants outside of this litigation.

8 | **SPECIAL INTERROGATORY NO. 21:**

9 | IDENTIFY the date and circumstances under which YOU first learned or believed
10 | that the musical composition "Khosara Khosara" was sampled in "Big Pimpin.'"

11 | **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

12 | Plaintiff objects to this Interrogatory on the grounds it is overly broad, compound,
13 | seeks information that is not relevant or not reasonably calculated to lead to discovery of
14 | admissible evidence, and is vague and ambiguous as to the phrases and terms
15 | "circumstances," "musical composition," and "sampled." Subject to these and the
16 | foregoing General Objections, Plaintiff responds as follows:

17 | Plaintiff does not recall the date when he first learned "Khosara Khosara" had
18 | been sampled.

19 | **SPECIAL INTERROGATORY NO. 22:**

20 | Describe any and all actions taken by YOU concerning the musical composition
21 | "Khosara Khosara" once you learned or believed that the musical composition "Khosara
22 | Khosara" was sampled in "Big Pimpin. '"

23 | **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

24 | Plaintiff objects to this Interrogatory to the extent it seeks information protected by
25 | the attorney-client privilege. Plaintiff further objects to this Interrogatory on the grounds
26 | it is overly broad, seeks information that is not relevant or not reasonably calculated to
27 | lead to discovery of admissible evidence, and is vague and ambiguous as to the phrases
28 | and terms "actions," "musical composition," and "sampled." Plaintiff further objects to

15

1   this Interrogatory to the extent it seeks information equally known to Defendants.

2   Subject to these and the foregoing General Objections, Plaintiff responds as follows:

3      Plaintiff filed this lawsuit.

4   **SPECIAL INTERROGATORY NO. 23:**

5      IDENTIFY how and when YOU first informed each of the DEFENDANTS that

6   YOU claimed to own any rights in and to the musical composition "Khosara Khosara."

7   **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

8      Plaintiff objects to this Interrogatory to the extent it seeks information protected by

9   the attorney-client privilege. Plaintiff further objects to this Interrogatory on the grounds

10   it is overly broad, compound, seeks information that is not relevant or not reasonably

11   calculated to lead to discovery of admissible evidence, and is vague and ambiguous as to

12   the phrases and terms "first informed," "claimed to own," and "any rights in and to the

13   musical composition," and "sampled." Plaintiff further objects to this Interrogatory to the

14   extent it seeks information equally known to Defendants. Subject to these and the

15   foregoing General Objections, Plaintiff responds as follows:

16      Defendants were likely first informed when Plaintiff's attorneys first contacted

17   Defendants' attorneys.

18

19   DATED: January 22, 2009           **CENTURY LAW GROUP LLP**

20

21

22

23                           Edward O. Lear, Esq.

24                           Attorney for Plaintiff

25                           OSAMA AHMED FAHMY

26

27

28

16

# **VERIFICATION**

I, Osama Ahmed Fahmy, am the Plaintiff in the within matter. I have read PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES and verify that the matters stated th0erein are true and accurate with the exception of those matters which are based upon my information or belief.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February _11_ , 2009, at Los Angeles, CA.

Osama Ahmed Fahmy
Osama Ahmed Fahmy

10