RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
ALEXA L. LEWIS (SBN 235867)
all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>  Plaintiff,<br><br>v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>  Defendants. | CASE NO. CV 07-05715-CAS (Ex)<br><br>The Honorable Christina A. Snyder<br><br>**REPLY IN SUPPORT OF DEFENDANTS'** ***EX PARTE*** **APPLICATION SEEKING A BRIEFING SCHEDULE IN CONNECTION WITH PLAINTIFF'S MOTION FOR AN ORDER SPECIFYING MATERIAL FACTS AND ISSUES OF LAW, INCLUDING FOREIGN LAW, THAT EXIST WITHOUT SUBSTANTIAL CONTROVERSY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[SUPPLEMENTAL DECLARATION OF ALEXA L. LEWIS FILED CONCURRENTLY HEREWITH]<br><br>Date:  N/A<br>Time:  N/A<br>Ctrm:  5 |

Defendants submit this Reply in support of their *ex parte* application seeking (1) a briefing schedule in connection with Plaintiff's motion for summary judgment, and (2) a stay of discovery during the pendency of that motion. Defendants have attempted to keep this reply as short as possible, and request that the Court schedule a telephonic conference or hearing on these issues should such a conference be helpful to the Court.

Plaintiff's opposition to Defendants' *ex parte* application is disingenuous and continues the gamesmanship that has permeated this motion since the hearing in February. The parties did reach an agreement, but not the one that Plaintiff recites. Plaintiff agreed to stipulate to a schedule ***without*** further discovery. That schedule would permit Plaintiff's motion to be heard without months of delay and then would permit Defendants to file their motion directed to the statute of limitations and laches, which Magistrate Judge Woehrle noted would be necessary to have any meaningful settlement discussions. However, Plaintiff revoked his agreement. Plaintiff's opposition completely omits that fact (and the Gonzalez declaration is affirmatively misleading on that point). In addition:

- Plaintiff waited over five months to file his motion, which the Court requested be heard by May and which is based on two expert declarations executed in, respectively, 2006 and 2009 (notwithstanding Plaintiff's claim, Defendants never received the 2009 declaration until the filing of Plaintiff's motion).
- Plaintiff did not communicate with Defendants after April, and when he did file his motion (on Yom Kippur) he failed to first contact Defendants either to meet and confer or to discuss a briefing schedule.
- Plaintiff set the hearing on his motion on the shortest possible notice. Even after he filed his motion, he did not contact Defendants' counsel (in fact, he left town). His statement now that he "expected and

intended that a reasonable briefing schedule could be negotiated by the parties," Lear Decl. ¶ 6, does not ring true.

- Plaintiff does not disclose that, in the discussions that ended in April, he refused to follow the procedure outlined at the hearing in February (namely, that Plaintiff would file his motion and supporting declarations, that Defendants would take Plaintiff's expert's deposition and then file their opposition, and then Plaintiff would take Defendants' expert deposition and file his reply). He also does not disclose that he refused in April to agree that both sides would bring their experts to California. Instead, he simply filed his motion.

- Even now, Plaintiff does not propose any way to resolve the logistical issues in connection with depositions – that is, how, for example, Defendants are supposed to take Plaintiff's Cairo-based expert's deposition in order to file their opposition prior to October 25, 2010. Plaintiff does not even agree to bring his expert to California for a deposition.

- Plaintiff fails to explain why depositions are necessary, since both his original notice and his current request do not leave sufficient time for an Egyptian expert to travel to Los Angeles for Defendants to take a deposition and for Defendants to file an opposition. His claim that Defendants want to deny Plaintiff a reasonable amount of time to develop a rebuttal and to "hobble" his ability to respond does not explain why his motion provided to him only one week for a reply.

- Plaintiff does not explain why he agreed to a discovery stay *twice* this week, then reneged both times. See Supp. Lewis Decl. ¶ 9.

- Plaintiff implies that Defendants were somehow at fault for not disclosing their expert. See Opp. at 5. Not so. There was no schedule for expert disclosure, Plaintiff never sought a schedule, and as

2
*EX PARTE* APPLICATION

Defendants have told Plaintiff, Defendants could not reasonably be expected to select and disclose an expert without first seeing Plaintiff's motion papers. Even the law cited by Plaintiff does not concern the disclosure of expert witnesses in summary judgment motion practice.

In sum, Plaintiff's recitation of the events beginning at the February hearing through yesterday are wrong, and omits significant points. Defendants continue to believe that the relief requested in their *ex parte* application is appropriate. As stated in Defendants' *ex parte* papers, counsel for Defendants attempted to reach a stipulated briefing schedule. Because no agreement was reached at the end of the business day on September 21, they thought it prudent to file their *ex parte* application while negotiations continued. Defendants' caution was warranted. As set forth in the accompanying Supplemental Declaration of Alexa L. Lewis, Plaintiff's counsel agreed to a compromise proposal, Defendants' counsel drafted a stipulation reflecting that agreement, but then Plaintiff's counsel reneged on the parties' agreement.

Defendants believe that an Order from this Court in the form of the Proposed Order submitted with their *ex parte* application is the appropriate and best way to proceed. That Order requested that Defendants' opposition would be due on October 18, 2010, Plaintiff's reply would be filed on October 25, 2010, the hearing on the motion would be set for November 8, 2010, and there would be no discovery in the interim.

A suspension of discovery makes sense for a plethora of reasons, and in fact the schedule based on Plaintiff's original notice would have made discovery impossible. This is true because in order for expert depositions to take place, Plaintiff's expert, who is located in Cairo, Egypt, would have to obtain a visa and make travel arrangements to come to the United States (and Defendants' expert would have to travel from wherever he or she is located). In addition, allowing expert discovery during the pendency of Plaintiff's motion for summary judgment

would be expensive, time-consuming, and unnecessary. (As stated in Defendants' *ex parte* application, even Plaintiff believed that no discovery is needed, given that he set his original briefing schedule on the shortest possible notice.) Therefore, if discovery were allowed, the hearing on Plaintiff's motion would be delayed by months.

As discussed here and in Defendants' *ex parte* application, the relief sought by Defendants in their *ex parte* application is appropriate, will save great delays in deciding Plaintiff's motion (which is just the first step in this litigation), will save the parties significant expenses and is justified in view of Plaintiff's dilatory conduct and the manner and timing of Plaintiff's motion. Defendants wish to have Plaintiff's motion resolved as soon as is feasible, so that they can bring their motion for summary judgment on laches and statute of limitations, and end the unjustified expense of this litigation. To the extent that the Court chooses a different schedule than that in the Proposed Order, Defendants request that the Court implement the *entire* agreement reached by the parties before Plaintiff revoked his consent, which includes the filing of an opposition and a reply without additional discovery. *See* Supp. Lewis Decl. ¶ 8.

Respectfully submitted,

DATED: September 23, 2010    RUSSELL J. FRACKMAN
ALEXA L. LEWIS
MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Alexa L. Lewis
Alexa L. Lewis
Attorneys for Defendants