RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
ALEXA L. LEWIS (SBN 235867)
all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevar
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>          Defendants. | Case No. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY**<br><br>Date:      February 28, 2011<br>Time:     10:00 a.m.<br>Ctrm.:     5 |

3535630.5

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ................................................................................... 2

ARGUMENT ............................................................................................................ 6

I. Plaintiff's Motion to Exclude Dr. Zohny Should be Denied Because Daubert Does Not Apply In This Context .......................................... 6

II. Plaintiff's Motion to Exclude Dr. Zohny Should be Denied Because Dr. Zohny Offers Relevant Testimony Under Rule 44.1. ................. 7

CONCLUSION ....................................................................................................... 11

Mitchell Silberberg & Knupp LLP

3535630.5

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bitumenes Orinoco, S.A. v. New Brunswick Power Holding Corp.*,
  2007 WL 485617 (S.D.N.Y. 2007) .................................................................... 9

*Bostrom v. Seguros Tepeyac, S.A.*,
  225 F. Supp. 222 (N.D. Tex. 1963) .................................................................. 8

*Bowers v. Nat'l Collegiate Athletic Ass'n*,
  564 F. Supp. 2d 322 (D.N.J. 2008) .................................................................. 9

*Canales Martinez v. Dow Chem. Co.*,
  219 F. Supp. 2d 719 (E.D. La. 2002) .......................................................... 6, 8

*Frye v. Ayers*,
  2009 WL 1312924 (E.D. Cal. 2009) ................................................................ 7

*Grupo Televisa, S.A., v. Telemundo Commc'ns. Group, Inc.*,
  2005 WL 5955701 (S.D. Fla. 2005) ................................................................ 7

*Hermosilla v. Coca-Cola Co.*,
  717 F. Supp. 2d 1297 (S.D. Fla. 2010) ........................................................... 7

*HFGL Ltd. v. Alex Lyon & Son Sales Managers & Auctioneers*,
  264 F.R.D. 146 (D.N.J. 2009) .......................................................................... 6

*Kalmich v. Bruno*,
  553 F.2d 549 (7th Cir. 1977) ........................................................................... 8

*Lithuanian Commerce Corp. v. Sara Lee Hosiery*,
  177 F.R.D. 245 (D.N.J. 1997) ...................................................................... 6, 7

*Nabulsi v. Al Nahyan*,
  2009 WL 1658017 (S.D. Tex. 2009) ................................................................ 9

*Salinas v. Amteck*,
  682 F.Supp.2d 1022 (N.D. Cal. 2010) ............................................................. 6

Mitchell Silberberg & Knupp LLP
3535630.5

ii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 44.1 ............................................................. 1, 6, 7, 8

Federal Rule of Evidence 702 ........................................................................... 1, 6, 7

Mitchell Silberberg & Knupp LLP

3535630.5

iii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

**PRELIMINARY STATEMENT**

Plaintiff's motion to exclude the testimony of Defendants' expert on foreign law, Dr. Ahmed Y. Zohny, is a meritless, tactical move, filed in a belated attempt to bolster Plaintiff's chances in connection with his summary judgment motion. Not only is it based on incorrect legal standards, it also is factually inaccurate and completely mischaracterizes Dr. Zohny's qualifications to offer guidance to this Court regarding the primary issue of foreign law before it: comparison of certain aspects of Egyptian and American approaches to copyright law. Specifically, Dr. Zohny's function is to assist the Court in distinguishing between Egyptian economic rights and Egyptian moral rights in a case brought under American copyright law, which does not have a moral rights system. In contrast, Plaintiff's expert admittedly has *no* expertise in comparative law (or U.S. law).

As a threshold matter, Plaintiff's motion is based on the incorrect premise that the Court's "gatekeeping" role under Daubert applies to expert testimony that is intended for consideration by the Court under Federal Rule of Civil Procedure 44.1, as opposed to testimony meant for consideration by the trier of fact under Federal Rule of Evidence 702. This is not the law, and for this reason alone, Plaintiff's motion fails.

Beyond this, however, Dr. Zohny is eminently suited to offer his submitted testimony under Rule 44.1. In contrast to the misleading and selective statements recited in Plaintiff's motion, and as evidenced by Dr. Zohny's sworn declaration and deposition testimony, Dr. Zohny holds Egyptian and American law degrees, is admitted to appear before Egyptian courts, and regularly conducts research and teaching regarding the distinction between the American and Egyptian legal systems, *including* in the area of intellectual property. Although this Court is not required to conduct a Daubert-style inquiry to determine Dr. Zohny's expertise or the "admissibility" of his testimony, his expertise encompasses Egyptian law,

Mitchell Silberberg & Knupp LLP

3535630.5

1

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

Egyptian intellectual property, and can thus offer relevant guidance to this Court in its determination of comparative law.

## FACTUAL BACKGROUND

On September 17, 2010, Plaintiff filed a motion for summary judgment based on a theory that Defendants' had violated Plaintiff's moral rights, which is currently set for hearing on February 28, 2011. Docket Nos. 226, 239. That motion seeks the following order:

> "(1) that Baligh Hamdy authored and owned the copyright in the 'Khosara, Khosara' musical composition;
>
> (2) that the copyright, insofar as it includes 'moral rights' in Egypt and the exclusive right to make derivative works, descended to and is controlled by Hamdy's heirs'
>
> (3) that Plaintiff Osama Fahmy is a Hamdy heir, and a co-owner of the 'Khosara, Khosara' copyright;
>
> (4) that [Fahmy] has standing, for purposes of the trial of claims that defendants' works infringed that copyright; and
>
> (5) that defendants do not have a grant of permission to make derivative works from the 'Khosara, Khosara' musical composition."

Docket No. 226. Several of these claims involve issues of Egyptian law. Therefore, both Plaintiff and Defendants retained experts to provide testimony on foreign law, particularly with regard to (2) and (5). Defendants retained Hossam Loutfi, an Egyptian academic and attorney trained in Paris. Plaintiffs retained Dr. Zohny, a lawyer, consultant, and academic trained in Cairo and in the United States.

Plaintiff claims that Defendants took the position that depositions of these experts were unnecessary in an effort to prevent Dr. Zohny's deposition. Mot. at 3. This is not so. Rather, after reviewing the Declaration of Plaintiff's expert, it became obvious why no depositions (and, indeed, no dueling experts) were necessary. Boiled down, the parties' respective experts agree on the only relevant point of foreign law before this Court: that moral and financial rights are different.

2

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

Mitchell Silberberg & Knupp LLP

3535630.5

1  The parties' experts disagree on whether those rights are transferable, but Loutfi's
2  testimony on that point is unsupported. Finally, Loutfi's opinion that those rights
3  were not transferred by Defendants' chain of title not only is incorrect, but it is
4  unsupported by any evidence or testimony about Egyptian law concerning
5  interpretation of contracts, and, moreover, is irrelevant as a matter of expert
6  testimony, for the ultimate construction of the contracts is for the Court to decide.

7  After Plaintiff insisted that both experts be deposed, a briefing schedule on
8  Plaintiff's motion for summary judgment was set to accommodate those depositions
9  (one of whom travelled to Los Angeles from Cairo, and the other of whom travelled
10 to Los Angeles from Washington, D.C.). Docket No. 239. Defendants deposed
11 Hossam Loutfi on November 12, 2010 (in which he testified that his only task had
12 been to evaluate whether moral rights were violated), and filed their opposition to
13 Plaintiff's motion for summary judgment (which is supported in part by an
14 accompanying Declaration by Dr. Zohny), on December 13, 2001. Docket Nos.
15 240-47. Thereafter, Plaintiff deposed Dr. Zohny on December 21 and 22, 2010, and
16 filed his reply on January 17, 2011. Docket Nos. 249-55. On January 31, 2011, on
17 the shortest possible notice, Plaintiff filed the instant motion to exclude Dr. Zohny's
18 testimony, and noticed it for February 28, 2011, the same day as the hearing on his
19 motion for summary judgment. Docket No. 256.

20 In his motion to exclude Dr. Zohny's testimony, Plaintiff selectively cited a
21 portion of Dr. Zohny's deposition transcript regarding his expertise in Egyptian
22 intellectual property law as purported "evidence" that he lacks expertise. The full
23 passage is as follows:

24 > Q. And is that expertise based on anything other than the two consulting assignments that you have had that you have mentioned and
25 > the teaching that you have mentioned at the University of Maryland?

26 > MR. FRACKMAN: He's also mentioned other stuff, like studying.

27 > THE WITNESS: Okay. Let me please rephrase -- what is the meaning of 'expertise'? Expertise means knowledge, skills and abilities. Okay?
28 > So actually I do have the knowledge, okay, about Egyptian intellectual

Mitchell Silberberg & Knupp LLP

3535630.5

3

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S
DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

property rights, and also I do have knowledge about U.S. intellectual property rights. I know -- I know the difference. Okay? The skills of how you push papers in front of the court and meeting deadlines, whatever, you know what I mean, I don't have expertise in this. Okay? But I do have -- I am competent to advise on the differences between the Egyptian intellectual property right, because I can read in English and Arabic. I am trained lawyer. I am trained – my first law degree is from Egypt. My second law degree, LL.M., is from the U.S.A., from the American University, Washington College of Law. So my expertise is in this area between Egyptian and the American law. But I cannot claim I am expert in – on U.S. intellectual property law or Egyptian intellectual property law. But I am an expert in this area between them.

Declaration of Edward O. Lear In Support of Plaintiff's Motion to Exclude, Docket No. 256-3 ("Lear Decl."), Ex. A at 31:13-32:12. Plaintiff's attempts to cherrypick Dr. Zohny's testimony to create "evidence" that is inaccurate out of context, and is flatly contradicted by Dr. Zohny's complete testimony, should be disregarded.

Dr. Zohny has testified that:

- He is an "international lawyer, consultant, and academic" whose practice "concerns comparative legal issues in the United States, Egypt, and other Arab countries, specifically with regard to commercial and transactional law, international trade, and intellectual property rights." Declaration of Ahmed Y. Zohny, Ph.D., L.L.B., L.L.M. in support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, Docket No. 242-2 ("Zohny Decl.") at ¶ 1.

- He holds a law degree from Ain Shams University in Cairo, Egypt, a Ph.D. in Public and International Affairs from the University of Pittsburgh, and an L.L.M. from American University in Washington, D.C. Id.

- He has taught for nearly twenty years at institutions including John Hopkins University, the Kogod School of Business at American University, and the University College at University of Maryland, Zohny Decl. at ¶ 1, and his teaching duties included teaching international copyright law, including differences between moral and economic rights and between the "Anglo" and "French" systems. Lear Decl., Ex. A at 16:22-17:16.

- He is a member of the District of Columbia Bar and is admitted to plead before the Egyptian Court of Appeals. Zohny Decl. at ¶ 1.

Mitchell Silberberg & Knupp LLP

3535630.5

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

- He is fluent in Arabic. <u>Id.</u>

- He considers himself to have expertise in the field of Egyptian intellectual property law. Lear Decl., Ex. A at 31:2-5 ( "Q: Do you -- is it your position that you have an expertise in Egyptian intellectual property law? A. Yes.")

Plaintiff claims in his motion that Defendants' counsel "interfered" with Dr. Zohny's deposition by instructing him not to answer several questions. This is not the case. Over two days of deposition, Plaintiff's counsel submitted Dr. Zohny to repeated harassing and irrelevant questions on topics such as the following:

- A previously not produced, incomplete and unauthenticated transcript of a morning show radio interview with one of Defendants. <u>See</u> Lear Decl., Ex. A at 94:7-97:22.

- Whether Dr. Zohny believed that photocopying a piece of paper with a musical notation on it would be a reproduction. <u>Id.</u> at 115:16-116:7.

- A copyright certificate for a work admittedly not at issue in this lawsuit. <u>Id.</u> at 122:5-25.

- Whether Dr. Zohny believed that one could replay the song "Hard Knock Life" (not at issue in this litigation) in a movie about Nazi skinheads (also not at issue here) by obtaining a mechanical license. <u>Id.</u> at 123:1-20.

- Whether Dr. Zohny's opinion would be changed in the (hypothetical) event a document in Defendants' chain of title were voided by an Egyptian court. (That document was never produced.) Lear Decl., Ex. B at 204:16-208:21.

Defendants' counsel invited Plaintiff's counsel to call the magistrate judge to seek a ruling on the propriety of his questions, and Plaintiff's counsel refused to do so. <u>See</u> Lear Decl., Ex. A at 124:15-25; 133:3-13.

Mitchell Silberberg & Knupp LLP

3535630.5

5

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

# ARGUMENT

## I. Plaintiff's Motion to Exclude Dr. Zohny Should be Denied Because Daubert Does Not Apply In This Context.

Both parties' experts on summary judgment are offered pursuant to Federal Rule of Civil Procedure 44.1. See Docket No. 226. That Rule states:

> In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1. Daubert motions are, quite simply, legally inapplicable to Rule 44.1 experts, and Plaintiff's references to Daubert are in error.

*First*, Plaintiff's motion is based on the unsupported assertion that "[t]he Court's evaluation of the qualifications of a purported expert on foreign law, and the reliability of his or her opinion, is properly informed by the standards that the courts apply in deciding Daubert challenges to experts on questions of fact." Mot. at 6. However, Rule 44.1 clearly states that materials considered by a court in the determination of foreign law need ***not*** be admissible under the Federal Rules of Evidence. Plaintiff's motion, which substitutes Daubert standards for Federal Rule of Civil Procedure 44.1, should be denied on this ground alone.[1] HFGL Ltd. v. Alex Lyon & Son Sales Managers & Auctioneers, 264 F.R.D. 146, 148-49 (D.N.J. 2009); Canales Martinez v. Dow Chem. Co., 219 F. Supp. 2d 719, 723-24 (E.D. La. 2002); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 245, 264 (D.N.J. 1997), rev'd in part on other grounds, 179 F.R.D. 450 (D.N.J. 1998).

---

[1] To the same end, the burden is not on Defendants in this motion. Mot. at 2-3. Plaintiff's citation of Salinas v. Amteck, 682 F.Supp.2d 1022 (N.D. Cal. 2010), for this proposition is inapposite, because Salinas actually cites to the standards under Federal Rule Evidence 702 and under Daubert, not under Federal Rule of Civil Procedure 44.1.

Mitchell Silberberg & Knupp LLP

3535630.5

6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

*Second*, under Rule 44.1, "the court's determination must be treated as a ruling on a question of law." Federal Rule of Evidence 702 only applies to testimony that is directed toward the trier of fact:

> If scientific, technical, or other specialized knowledge will ***assist the trier of fact to understand the evidence or to determine a fact in issue***, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702 (emphasis added). Here, where the testimony is offered not to the trier of fact but to the Court itself for determination of issues of law, Daubert concerns regarding "gatekeeping" do not apply. Frye v. Ayers, 2009 WL 1312924, *4 (E.D. Cal. 2009); Grupo Televisa, S.A., v. Telemundo Commc'ns. Group, Inc., 2005 WL 5955701, *7 (S.D. Fla. 2005); Lithuanian Commerce, 177 F.R.D. at 264.

## II. Plaintiff's Motion to Exclude Dr. Zohny Should be Denied Because Dr. Zohny Offers Relevant Testimony Under Rule 44.1.

Even if testimony offered under Rule 44.1 can, under certain circumstances, properly be the subject of a motion to exclude, such circumstances are hardly met in this case. Dr. Zohny holds Egyptian and American law degrees, and is admitted to the bar in both countries.[2] Zohny Decl. at ¶ 1. His practice "concerns comparative legal issues in the United States, Egypt, and other Arab countries, specifically with regard to commercial and transactional law, international trade, and intellectual property rights." Id. He has taught for nearly twenty years at institutions including John Hopkins University, the Kogod School of Business at American University,

---

[2] See Hermosilla v. Coca-Cola Co., 717 F. Supp. 2d 1297, 1302 n.2 (S.D. Fla. 2010) ("When analyzing foreign law, district courts may rely on affidavits of foreign attorneys.") (citing Trinidad Foundry & Fabricating, Ltd. v. M/V K.A.S. Camilla, 966 F.2d 613, 615 (11th Cir. 1992) and Whallon v. Lynn, 230 F.3d 450, 458 (1st Cir. 2000) (relying on affidavit of Mexican attorney)).

Mitchell Silberberg & Knupp LLP

3535630.5

7

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

1  and the University College at University of Maryland, id., and his teaching duties
2  included teaching international copyright law, including differences between moral
3  and economic rights and between the "Anglo" and "French" systems.  Lear Decl.,
4  Ex. A at 16:22-17:16.

5      The testimony of experts like Dr. Zohny, who offer the court relevant
6  guidance on issues of comparative law, are routinely considered under Rule 44.1.[3]
7  See Canales Martinez, 219 F. Supp. 2d at 723-24 ("by any standard," expert who
8  was professor and had conducted research on Latin America was qualified to opine
9  on comparative law issues involving Latin American legal systems).  Here, just as in
10 Canales, Dr. Zohny's purpose is to help explain to the Court the relevant differences
11 between extremely different legal systems.  When he last reviewed the Nimmer
12 treatise (which he did review) is completely irrelevant.  Indeed, it is Plaintiff's
13 expert, Hossam Loutfi, who offers absolutely no relevant guidance to the Court in
14 navigating a claim framed as grounded in moral rights.  Loutfi admittedly has no
15 expertise in U.S. law or comparative law, and offers nothing to this Court other than
16 citation to Egyptian statutes and reference to a single untranslated case.

17     The cases cited by Plaintiff are readily distinguishable.  Bostrom v. Seguros
18 Tepeyac, S.A., 225 F. Supp. 222 (N.D. Tex. 1963) rev'd in part, 347 F.2d 168 (5th
19 Cir. 1965), involved a putative "expert" on Mexican law who was a German-born
20 American who had never been licensed to practice law in any jurisdiction, had no
21 formal training in Spanish, and admitted difficulty speaking the language.  Id. at
22 230.  (Moreover, the case was decided prior to the 1966 revision of Rule 44.1, which
23 changed determinations of foreign law from issues of fact to issues of law.)  In
24 Nabulsi v. Al Nahyan, 2009 WL 1658017 (S.D. Tex. 2009), the putative expert on

---

[3] Courts even accept the testimony of foreign attorneys whose qualifications cannot be probed at all.  Kalmich v. Bruno, 553 F.2d 549, 555 n.4 (7th Cir. 1977) (unsworn opinion letter of foreign attorney properly considered as proof of foreign law).

the law of the United Arab Emirates was actually from Pakistan, did not hold himself out as having any expertise in UAE law, was not licensed to practice in the UAE, had never appeared before a UAE court, and did not cite any UAE law in his written declaration.  Id. at *3.  Finally, in Bitumenes Orinoco, S.A. v. New Brunswick Power Holding Corp., 2007 WL 485617 (S.D.N.Y. 2007), the expert in question conceded that he was not an expert on the relevant topic, and in deposition, contradicted his own declaration testimony.  Id. at *19 n.21.  Here, Dr. Zohny testified that he *does* have expertise in the field of Egyptian intellectual property law.  Lear Decl., Ex. A at 31:2-5; 31:16-19 ("So actually I do have the knowledge, okay, about Egyptian intellectual property rights, and also I do have knowledge about U.S. intellectual property rights.").  Plaintiff's assertion that Dr. Zohny did not do so is entirely disingenuous, in that it takes a snippet of deposition testimony, in which Dr. Zohny was explaining his special expertise in comparative law, completely out of context.  See Bowers v. Nat'l Collegiate Athletic Ass'n, 564 F. Supp. 2d 322, 348-50 (D.N.J. 2008) (refusing to exclude expert; noting that motion took deposition testimony out of context, and overstated significance of other portions).

Plaintiff's assertion that Dr. Zohny's testimony is not relevant also fails.  First, Dr. Zohny does have expertise in Egyptian intellectual property law and commercial law, Lear Decl., Ex. A at 31:2-5, and therefore offers relevant testimony regarding the transferability of economic rights to "Khosara, Khosara." Moreover, Dr. Zohny's comparative law background allows him to render relevant testimony regarding the importance of distinguishing between economic rights and moral rights under Egyptian law given the absence of a moral rights system in United States copyright law.  Both of these topics are directly relevant to major arguments in Defendants' opposition to Plaintiff's motion for summary judgment.

Mitchell Silberberg & Knupp LLP

3535630.5

9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

|   |   |
|---|---|
| 1 | Notably, Plaintiff's motion is silent on the actual substance of Dr. Zohny's |
| 2 | testimony with regard to Egyptian law.  Indeed, where Plaintiff has chosen to |
| 3 | address this substance at all (as in his Reply in support of his summary judgment |
| 4 | motion), he has chosen to mischaracterize this testimony at nearly every turn.  For |
| 5 | example, in rebuttal to the cursory analysis of certain agreements provided by |
| 6 | Plaintiff's expert, Dr. Zohny's declaration analyzed the numerous documents in |
| 7 | Defendants' chain of title in full, quoting extensively from them and placing them in |
| 8 | the context of his foregoing analysis of Egyptian law.  See Zohny Decl., ¶¶ 12-20. |
| 9 | In his Reply memorandum, Plaintiff oddly pronounced this "the classic *ipse dixit*," |
| 10 | claiming that "Dr. Zohny merely describes the documents generally and, without |
| 11 | pointing to any language that was effective to transfer the rights in question, pulls |
| 12 | out of thin air a broad conclusion that every conceivable right must have somehow |
| 13 | been conveyed."  Reply at 11.  Plaintiff likewise charged that "[Dr. Zohny] admitted |
| 14 | that he did not consider whether Defendants created derivative works without the |
| 15 | consent of the owner of the exclusive right to make derivative works," when Dr. |
| 16 | Zohny did no such thing.  Id.  In fact, the actual question asked was "Did you |
| 17 | consider *that* Defendants created" such works without authorization.  Lear Decl., |
| 18 | Ex. A at 117:3-6 (emphasis added).  To this question, Dr. Zohny's response was |
| 19 | obviously "no," since, as detailed in his declaration, it was his opinion based on |
| 20 | analysis of Defendants' chain of title that, putting aside issues of moral rights with |
| 21 | no bearing in a U.S. context, the relevant economic rights had been conveyed to |
| 22 | authorize use of a verbatim sample of "Khosara, Khosara."  Freed from Plaintiff's |
| 23 | mischaracterizations and selective quotations, Dr. Zohny's testimony is more than |
| 24 | supported by his particular expertise in Egyptian law and in comparative law more |
| 25 | generally. |
| 26 |   |
| 27 |   |
| 28 |   |

Mitchell Silberberg & Knupp LLP

3535630.5

10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY

## **CONCLUSION**

As set forth herein, Defendants respectfully request that Plaintiff's motion to exclude the testimony of Dr. Zohny be denied.

DATED: February 7, 2011

RUSSELL J. FRACKMAN
ALEXA L. LEWIS
MITCHELL SILBERBERG & KNUPP LLP


By: /s/ Alexa L. Lewis
    Alexa L. Lewis
    Attorneys for Defendants

Mitchell Silberberg & Knupp LLP

3535630.5

11

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO EXCLUDE TESTIMONY OF DR. AHMED Y. ZOHNY