RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
ALEXA L. LEWIS (SBN 235867)
all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>                    Plaintiff,<br><br>            v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>                    Defendants. | Case No. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        N/A<br>Time:        N/A<br>Ctrm:        5 |

Mitchell
Silberberg &
Knupp LLP

3525238.3

Ex Parte Application

1    PLEASE TAKE NOTICE that Defendants will and do hereby apply to the
2 Court *ex parte* for leave to file their Surreply in Opposition to Plaintiff's Motion for
3 Summary Judgment to address new evidence and new arguments raised in Plaintiff's
4 Reply in support of its Motion for Summary Judgment. Defendants' proposed
5 Surreply, and supporting Declaration, are attached as Exhibits A and B to the
6 Declaration of Alexa L. Lewis in Support of Defendants' *Ex Parte* Application for
7 Leave to File Surreply, filed herewith.
8    Good cause exists for this Application because in his Reply and in a new ten-
9 page expert declaration and exhibits, Plaintiff for the first time raises arguments that
10 he could have, and should have, raised in his initial papers.
11    Pursuant to Local Rule 7-19, Defendants contacted counsel for Plaintiff by e-
12 mail on February 7, 2011, to ask if Plaintiff would consent to this Application.
13 Declaration of Alexa L. Lewis ("Lewis Decl."), Ex. C.  Plaintiff's counsel has
14 indicated that he will oppose this Application. Id.

17 DATED: February 7, 2011         RUSSELL J. FRACKMAN
                                   ALEXA L. LEWIS
18                                 MITCHELL SILBERBERG & KNUPP LLP

20                                 By: /s/ Alexa L. Lewis
21                                     Alexa L. Lewis
                                       Attorneys for Defendants

Mitchell Silberberg & Knupp LLP

3525238.3

1
Ex Parte Application

Defendants respectfully submit the following *Ex Parte* Application for Leave to File a Surreply in Opposition to Plaintiff's Motion for Summary Judgment. The Declaration of Alexa L. Lewis in Support of Defendants' *Ex Parte* Application attaches, as Exhibit A, the [Proposed] Surreply, and as Exhibit B, the Declaration in support of the [Proposed] Surreply.

Plaintiff for the first time in his Reply memorandum raises new fundamental arguments – indeed, a entirely new theory of the case – that he could have, and should have, raised in his initial memorandum. In particular, Plaintiff attempts to abandon the argument underpinning his original motion for summary judgment: that his claim alleges and is founded upon an infringement of moral rights. Plaintiff's initial memorandum claimed categorically that "Plaintiff's complaint does not allege that Defendants' infringed what Egypt calls the ***economic rights*** in a copyrighted work" and even used the heading "Egyptian Law Governs The Moral Rights At Issue In This Case." Plaintiff's Memorandum of Points and Authorities in Support of Motion for an Order Specifying Material Facts and Issues of Law, including Foreign Law, that Exist Without Substantial Controversy at 7, 22 (emphasis added). Plaintiff's expert likewise described his task as "very limited – to speak about the – whether there is a moral rights infringement or not." Surreply Decl., Ex. 1 at 108:8-16. In response, Defendants focused on Plaintiff's moral rights claim in their Opposition to Plaintiff's Motion for Summary Judgment.

Plaintiff's Reply radically changes his previous positions. He now states: "The argument that Plaintiff's copyright infringement claim is based upon Egyptian moral rights is a red herring. Plaintiff makes no such claim." Plaintiff's Reply Memorandum of Points and Authorities in Support of Motion for an Order Specifying Material Facts and Issues of Law, Including Foreign Law that Exist Without Substantial Controversy at 11. For the first time in this briefing, Plaintiff sets out an array of arguments claiming Defendants infringed the exclusive right to prepare derivative works under 17 U.S.C. § 106(2). By waiting until his Reply brief

1 to raise these new arguments, Plaintiff has improperly denied Defendants the
2 opportunity to address and rebut them.  Badell v. Celtic Life Ins. Co., 159 F. Supp.
3 2d 1186, 1195-96 (N.D. Cal. 2001) (denying summary judgment where argument
4 introduced in reply).

5     In addition, Plaintiff puts before this Court new evidence that has never before
6 been presented to Defendants, in the form of a new declaration of his expert filed
7 with his Reply. By failing to file this Declaration until his Reply brief, Plaintiff has
8 also deprived Defendants of the ability to address Plaintiff's new evidence.  For
9 example, for the first time Plaintiff's expert purports to characterize numerous
10 documents in Defendants' chain of title, which he did not previously do.  See Loutfi
11 Reply Decl., ¶ 12.  He also refers to a completely new exhibit (Loutfi Reply Decl., ¶
12 14, Ex. A), and Plaintiff for the first time lodges both the recording and lyrics to
13 "Big Pimpin" and makes arguments related to them.  This too warrants granting
14 Defendants' *Ex Parte* Application.  In Re Hansen Natural Corp. Sec. Litig., 527 F.
15 Supp. 2d 1142, 1150 n.2 (C.D. Cal. 2007) ("[T]he Court will not consider new
16 evidence presented for the first time in a Reply.") (citing United States v. Patterson,
17 230 F.3d 1168, 1172 (9th Cir. 2000)).

18     For the above reasons, Defendants respectfully request that their *Ex Parte*
19 Application be granted, and their [Proposed] Surreply and supporting Declaration be
20 filed.

21     Respectfully submitted,

23 DATED: February 7, 2011   RUSSELL J. FRACKMAN
                             ALEXA L. LEWIS
24                           MITCHELL SILBERBERG & KNUPP LLP

26                           By: /s/ Alexa L. Lewis
                             Alexa L. Lewis
27                           Attorneys for Defendants

Mitchell Silberberg & Knupp LLP
3525238.3

2
Ex Parte Application