BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Peter Shimamoto (State Bar No. 123422)
  pshimamoto@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Osama Ahmed Fahmy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>　　　　　Defendants. | Case No. 07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**NOTICE OF MOTION AND MOTION BY PLAINTIFF OSAMA AHMED FAHMY FOR CIVIL CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN SUPPORT THEREOF**<br><br>Judge: Hon. Christina A. Snyder<br>Date:　Monday, May 20, 2013<br>Time:　10:00 a.m.<br>Crtrm.: 5, Spring Street Courthouse<br><br>Trial Date: None Set |

368318.1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN
SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 20, 2013, at 10:00 a.m, or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff Osama Ahmed Fahmy ("Fahmy") will and hereby does move (1) for an Order holding defendants in contempt and imposing sanctions for their failure to produce any of the discovery regarding concert revenues and advertising mandated by the Court's December 9, 2011 Order (Dkt. No. 309) ("2011 Order") or, in the alternative, (2) for an Order to show cause why defendants should not be held in contempt for violating the 2011 Order.

The 2011 Order requires defendants "to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom." More than 16 months have passed since the Court issued the 2011 Order, and defendants have not produced any of the discovery ordered by the Court. Defendants therefore should be held in contempt and sanctions imposed.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 22 and April 5, 2013.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities and Declaration of Peter Shimamoto in support thereof, the files in this action, and all other matters properly presented to the Court prior to its ruling on this motion.

368318.1

-1-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN SUPPORT THEREOF

| | | |
|---|---|---|
| 1 | Dated: April 15, 2013 | BROWNE GEORGE ROSS LLP |
| 2 | | Peter W. Ross |
| | | Keith J. Wesley |
| 3 | | Peter Shimamoto |
| 4 | | By  /s/ Peter Shimamoto |
| 5 | |      Peter Shimamoto |
| 6 | | Attorneys for Plaintiff Osama Ahmed Fahmy |

368318.1

-2-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN
SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff has been forced to bring this motion due to defendants' blatant refusal to comply with a clear Order of the Court that was issued more than sixteen months ago ("Order"). On December 9, 2011, the Court issued an Order regarding defendants' motion for partial summary judgment with respect to the statute of limitations and plaintiff's motion for partial summary judgment regarding concert revenues. (Shimamoto Decl. Ex. A [Dkt. No. 309]) With respect to concert revenues, the Court held there is a triable issue of fact regarding whether the concert revenues plaintiff seeks are properly considered direct profits. The Court further ordered defendants to provide discovery regarding concert revenues and advertising:

> [D]efendants are directed to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom.

(*Id.* at 17)

Although more than sixteen months have passed since the Court issued its Order, defendants have failed to produce any of the discovery ordered by the Court, and have refused to do so.

Defendants therefore should be held in contempt and sanctioned for their violation of the Order. Those sanctions should include (1) a daily fine until defendants fully comply with the Order and (2) payment of plaintiff's attorneys' fees incurred in connection with this motion.

## II. STATEMENT OF FACTS

Plaintiff is the nephew and heir of the late Baligh Hamdy, one of Egypt's most popular composers. Plaintiff inherited and owns, together with other Hamdy heirs, the copyright to the musical composition *Khosara, Khosara*. Defendants have copied and used *Khosara, Khosara* without permission in multiple musical and

368318.1

-1-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN SUPPORT THEREOF

other works, such as *Big Pimpin'*, *Big Pimpin'/Papercut* and variations thereof. Plaintiff filed a complaint for copyright infringement and unfair business practices five and a half years ago, on August 31, 2007.

On August 25, 2011, Plaintiff filed a motion for an Order specifying issues of law that exist without controversy with respect to concert revenues. (Dkt. No. 277) Defendants' filed their opposition papers on September 26, 2011. Among other things, defendants noted that plaintiff had served discovery requests seeking documents regarding concert revenues, including:

> (a) all concerts at which Big Pimpin' was performed, the venue, the date, the attendance, the other performers, and other songs performed, and (b) promotional, marketing, and advertising materials for the concerts.[1]

(Shimamoto Decl. Ex. B [Dkt. No. 284] at 17)

Defendants argued that plaintiff should not be permitted to receive any of the concert revenue and advertising discovery sought because plaintiff purportedly was not entitled to any portion of concert revenues as a matter of law.[2] (*Id.* at 17-18)

The Court heard argument on plaintiff's motion (together with defendants' motion for partial summary judgment regarding the statute of limitations) on November 14, 2011. (Dkt. No. 308)

On December 9, 2011, the Court issued its ruling on the parties' motions. (Dkt. No. 309) With respect to plaintiff's motion, the Court held there are triable issues of fact regarding whether the concert revenues plaintiff seeks constitute direct

---

[1] The document requests seeking discovery regarding concert revenues and advertising are attached to the Shimamoto Declaration as Exhibits C and D. (Shimamoto Decl. Ex. C [Requests 59-63 and 65] and Ex. D [Requests 101, 103]) Plaintiff served the same requests on each defendant.

[2] Each side also filed surreply briefs. (*See* Dkt. Nos. 304, 307)

368318.1

-2-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN SUPPORT THEREOF

profits for purposes of the Copyright Act, and whether there is a "causal nexus" between defendants' alleged infringement and the concert revenues. The Court stated:

> The Court also concludes that there is a triable issue of fact whether the concert revenues plaintiff seeks are properly considered direct profits. The Court reserves judgment as to whether plaintiff is able to prove the requisite causal nexus. The Court therefore DENIES plaintiff's motion for an order specifying that concert revenues are recoverable as a matter of law. **However, defendants are directed to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom**.

(Shimamoto Decl. Ex. A at 17) (emphasis added).

Although the Order was issued over sixteen months ago, defendants have failed to produce any of the concert revenue and advertising information ordered by the Court and have refused to do so. (Shimamoto Decl. ¶¶2-3)

## III.   ARGUMENT

Courts have the inherent power to enforce compliance with their orders through civil contempt. *Federal Trade Comm'n v. Productive Marketing, Inc.*, 136 F. Supp.2d 1096, 1107 (C.D. Cal. 2001). In addition, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that a court may impose a variety of sanctions for failure to comply with a court order regarding discovery. Those sanctions include treating such failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

The party seeking contempt must establish the failure to comply by clear and convincing evidence. *Federal Trade Comm'n*, 136 F. Supp.2d at 1107. Willfulness is not necessary for civil contempt. Thus, "civil contempt may be established even though the failure to comply with the court order was unintentional." *Perry v.*

368318.1

-3-

*O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985). Substantial compliance with the order is a defense to a motion for civil contempt. *Federal Trade Comm'n*, 136 F. Supp.2d at 1107.

The court has broad discretion in determining what sanctions to impose and their amount, including a daily fine, compensatory fine, attorneys' fees or coercive incarceration. *Nikko Materials USA, Inc. v. R.E. Service Co.*, 2006 WL 1749550, at *3 (N.D. Cal. June 22, 2006).

Here, there can be no dispute that defendants have failed to comply with the Court's Order. Defendants acknowledged in their opposition to plaintiff's motion that plaintiff had served discovery requests seeking documents regarding defendants' concert revenues and advertising. The Court's Order expressly ordered defendants "to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom." More than sixteen months have passed since the Court issued its Order. Defendants have not produced any of the concert discovery ordered by the Court, and have refused to do so.

It therefore is clear that defendants have violated the Court's Order. Defendants should be held in contempt, and sanctions imposed on them. Plaintiff suggests that the following sanctions be imposed on defendants collectively:

1. A fine of $500 for each day after the Court issues its Order finding defendants liable for contempt, until defendants produce all of the documents ordered by the Court.

2. Plaintiff's reasonable attorneys' fees incurred in connection with this motion. Plaintiff will file with the Court documentation establishing its fees once the Court determines that plaintiff is entitled to recover his fees.

In the alternative, plaintiff requests that the Court issue an order requiring defendants to show cause why they should not be held in contempt.

## IV. CONCLUSION

Defendants have blatantly violated a clear Order of the Court that was issued more than 16 months ago. Defendants should be held in contempt, and sanctions imposed on them.

Dated: April 15, 2013

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Peter Shimamoto

By    /s/ Peter Shimamoto
       Peter Shimamoto

Attorneys for Plaintiff Osama Ahmed Fahmy

368318.1

-5-

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CIVIL CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF PETER SHIMAMOTO IN SUPPORT THEREOF