UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Peter Ross | Russell Frackman |

**Proceedings:** MOTION FOR CONTEMPT (Docket #329, filed April 15, 2013)\

MOTION FOR PROTECTIVE ORDER (Docket #332, filed May 13, 2013)

## I. INTRODUCTION

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("plaintiff") filed suit against defendants Jay-Z, (aka Shawn Carter) ("Jay-Z"), Timothy Mosley, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc, alleging various claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.

On December 9, 2011, the Court issued an order granting defendants' motion for summary judgment with respect to statute of limitations, and denied plaintiff's motion for summary judgment, which sought a ruling that concert revenues are recoverable as a matter of law. Following this ruling, the parties engaged in settlement discussions that were, ultimately, unsuccessful. Further background facts are known to the parties.

On April 15, 2013, plaintiff filed a motion for contempt, seeking an order finding defendants in contempt for not producing discovery related to concert revenues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Defendants filed an opposition on May 20, 2013, and plaintiff filed a reply on May 24, 2013.

On May 13, 2013, defendants filed a motion for a protective order, seeking an order stating that they have no obligation to produce discovery related to concert revenues until after the Court rules on their motion for summary judgment on the issue of laches. See Motion for Summary Judgment, Dkt. #336. Plaintiff filed an opposition to this motion on May 20, 2013, and defendants replied on May 24, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.  Contempt**

    **A.  Legal Standard**

To find a party in civil contempt for violating a court order, the moving party must establish: "(1) that [defendant] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order." In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993). The defendant's conduct "need not be willful" to violate a consent judgment, and there is "no good faith exception to the requirement of obedience"—other than one's good faith interpretation of a provision of the court's order. Id. Additionally, the moving party must carry its burden of establishing a violation of the order by clear and convincing evidence; a preponderance of the evidence is insufficient. Id. Moreover, "contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 465 (9th Cir. 1989).

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986). Coercive fines, or any portion thereof, are payable to the Court rather than to the opposing party. Id. When imposing a coercive civil contempt sanction, a court should consider: (1) the character and magnitude of the harm from continued noncompliance; (2) the probable effectiveness of any sanctions in achieving future compliance; (3) the amount of defendant's financial resources; and (4) the willfulness of the violating party. See U.S. v. United Mine Workers of America, 330 U.S. 258,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

303–304 (1946); General Signal Corp, 787 F.2d at 1380.  The amount of a compensatory fine, on the other hand, should be based upon the movant's actual losses suffered as a result of the violation.  Id.; see also Shuffler v. Heritage Bank, 720 F.2d 1141, 1148 (9th Cir. 1983).

### B. Analysis

Plaintiff argues that defendants should be held in contempt for failing to produce discovery related to concert revenues.  Plaintiff contends that by failing to produce this discovery, defendants violated the Court's December 9, 2011 summary judgment order, which concluded with the following language:

> The Court also concludes that there is a triable issue of fact whether the concert revenues plaintiff seeks are properly considered direct profits. The Court reserves judgment as to whether plaintiff is able to prove the requisite causal nexus. The Court therefore DENIES plaintiff's motion for an order specifying that concert revenues are recoverable as a matter of law. *However, defendants are directed to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom.*

Dkt. #309 at 17 (emphasis added).

Defendants do not deny that they have failed to produce certain discovery related to concert revenues.  They contend, however, that because the language at the conclusion of the Court's December 9, 2011 summary judgment order did not refer to any specific discovery responses or requests, it is not sufficiently specific and definite to form the basis of a finding of contempt.  Defendants further point out that they have served responses and objections to particular concert revenue requests for productions propounded by plaintiff, but that these discovery requests are not the subject of the instant motion, and that plaintiff has neither moved to compel production nor even challenged defendants objections.  Without a court order requiring defendants to comply with a specific discovery request, defendants conclude that a finding of contempt is inappropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

The Court concludes that there is no basis for finding defendants in contempt. The language at the conclusion of the Court's December 9, 2011 order sets out a broad duty on the part of defendants to comply with concert revenue discovery. This order is not sufficiently specific to provide the foundation for a finding of contempt. Balla 869 F.2d at 465. Moreover, by objecting to specific discovery requests propounded by plaintiff, defendants are not necessarily acting in a manner inconsistent with the Court's order, but merely asserting their rights related to the discovery process. By ordering defendants to respond to a particular kind of discovery request, the Court's order did not strip defendants of their rights in the discovery process. Consequently, because there is no showing or argument that defendants have improperly resisted any specific discovery request, a finding of contempt would be improper.

**III.  Protective Order**

   **A.   Legal Standard**

Federal Rule of Civil Procedure 26(c), entitled "protective orders," provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
. . .
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters

Fed. R. Civ. Proc. 26(c)(1). This rule gives district courts "extensive control" over the discovery process. United States v. Columbia Broadcasting System, Inc., 666 F.2d 364, 369 (9th Cir. 1982). "Thus a court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." 8A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2036 (3d. Ed.) (Updated April 2013). Nonetheless, a protective order should only issue if the party seeking the burden articulates specific prejudice or harm that will result in the absence of an order. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | June 10, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

**B.   Analysis**

Defendants seek an order delaying discovery related to concert revenues until after the Court rules on its May 20, 2013 motion for summary judgment.  That motion is currently set for hearing on August 12, 2013.  Defendants explain that a protective motion is warranted because no discovery related to concert revenues will be necessary if the Court grants the May 20, 2013 motion for summary judgment.  Defendants acknowledge that, as a general matter, discovery should not be delayed for the sole reason that a dispositive motion for summary judgment has been filed, but contend that a protective order should issue here because the discovery related to concert revenues is uniquely burdensome and complex.

The scope of the concert revenue discovery at issue in this case is broad.  It encompasses several concerts dating back to 2004, and could involve combing through multifaceted revenue streams related to the many concerts that have taken place.  Given the burdensome nature of the discovery at issue, the fact that defendants only seek a short delay in the commencement of this discovery, and the fact that defendants' pending motion could obviate the need for the discovery, the Court finds that a protective order should issue.

**IV.   CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for contempt.  Additionally, the Court hereby GRANTS defendants' motion for a protective order.  Concert discovery shall be deferred until after the Court issues a ruling on defendants' motion for summary judgment filed May 20, 2013.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |