UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Myra Ponce | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Peter Shimamoto  Russell Frackman
  Alexa Lewis

**Proceedings:** MOTION FOR SUMMARY JUDGMENT (Docket #336, filed May 20, 2013)

## I. INTRODUCTION

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("plaintiff") filed suit against defendants Jay-Z, (aka Shawn Carter) ("Jay-Z"), Timothy Mosley, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc, alleging various claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.

On May 20, 2013, defendants filed a motion for summary judgment, asserting the defenses of laches and estoppel. Plaintiff filed an opposition on July 1, 2013, and defendants filed a reply on July 29, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not in dispute. This case concerns the rights to the musical composition *Khosara Khosara*, which was written in 1957 by the Egyptian composer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Baligh Hamdy ("Hamdy"). Defendants' Statement of Undisputed Facts ("Def. SUF") ¶ 1; Plaintiff's Statement of Genuine Disputes ("Ptf. SGD") ¶ 1. Plaintiff is an heir of Hamdy, and since Hamdy's death in 1993, plaintiff has managed Hamdy's estate. Def. SUF ¶ 2; Ptf. SGD ¶ 2.

In 1968, Hamdy entered into agreements conveying his rights to *Khosara Khosara* to Sout el Phan, a music company. Def. SUF ¶ 3; Ptf. SGD ¶ 3. This agreement was renewed in 1995, when plaintiff, acting on behalf of Hamdy's estate, entered into a new agreement with Sout el Phan. Def. SUF ¶ 4; Ptf. SGD ¶ 4. This new agreement confirmed Sout el Phan's rights to *Khosara Khosara*. Id.[1] Sout el Phan, in turn, conveyed its rights to *Khosara Khosara* to EMI Music Arabia ("EMI") in December 1995. Def. SUF ¶ 5; Ptf. SGD ¶ 5.[2]

The song *Big Pimpin'*, which allegedly infringes *Khosara Khosara*, was released on December 28, 1999. Def. SUF ¶ 6; Ptf. SGD ¶ 6. Shortly after the release, EMI claimed that Timothy Mosley ("Mosley"), the producer of *Big Pimpin'*, was infringing EMI's rights in *Khosara Khosara*. Def. SUF ¶ 18; Ptf. SGD ¶ 18. EMI and Mosley reached a settlement on March 30, 2011, the terms of which granted Mosley the right to use *Khosara Khosara* free and clear of any copyright claim by EMI. Def. SUF ¶¶ 19 – 20; Ptf. SGD ¶¶ 19 – 20. This settlement extended not only to Mosley, but any other entity or individual involved in the exploitation of *Big Pimpin'*. Def. SUF ¶ 20; Ptf. SGD ¶ 20, LiCasli Decl., Dkt. #336, Ex. 2 § 1.A. In connection with the settlement, EMI warranted that it was the sole, exclusive licensee under copyright for *Khosara Khosara*, for the world excluding Egypt. Def. SUF ¶ 21; Ptf. SGD ¶ 21.

Around the same time, the Island Def Jam Music Group, which released the album containing *Big Pimpin'*, received notice of a claim by ARC Music Incorporated asserting that *Big Pimpin'* infringed a recording of *Khosara Khosara* purportedly owned by ARC

---

[1] Plaintiff does not dispute that the 1968 and 1995 agreements were executed and encompass some rights to *Khosara Khosara*, but disputes whether the agreement conveyed the right to create derivative works. Ptf. SGD ¶¶ 3 – 4.

[2] There are two EMI entities involved in this case: EMI Recorded Music, and EMI Music Arabia. The differences between these entities are immaterial for purposes of this motion, so the Court refers to both entities interchangeably as "EMI."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Music Incorporated. Def. SUF ¶ 22; Ptf. SGD ¶ 22. This claim was resolved in a manner that provided all defendants a right to use the ARC Music Incorporated recording of *Khosara Khosara*. Def. SUF ¶ 23; Ptf. SGD ¶ 23 (intended scope of settlement not disputed).

During the time these settlements were reached, neither Mosley nor any other defendant was contacted by plaintiff. Def. SUF ¶ 24; Ptf. SGD ¶ 24. Commencing in March 2001, however, plaintiff hired David Braun ("Braun")—a well-known music intellectual property attorney with the law firm Akin, Gump, Strauss, Hauer & Feld—to investigate the claims that EMI had asserted against Mosley, and to determine how EMI had obtained its claimed rights in *Khosara Khosara*. Def. SUF ¶ 25; Ptf. SGD ¶ 25. In connection with this investigation, Braun wrote a series of letters to EMI, and in response EMI asserted that it held rights to publish *Khosara Khosara* and distribute recordings including that composition. Def. SUF ¶¶ 27 – 31; Ptf. SUF ¶¶ 27 – 31. In these letters, Braun stated that he knew EMI had asserted an infringement claim arising out of *Big Pimpin'*, and also knew that EMI received payment in connection with a settlement of that claim. Def. SUF ¶ 30; Ptf. SUF ¶ 30. Additionally, an EMI attorney specifically asserted to Braun that EMI had rights authorizing it to publish *Big Pimpin'*. Def. SUF ¶ 32; Ptf. SUF ¶ 32.

Following the correspondence between Braun and EMI, plaintiff did not assert any claim against any defendant in this case, nor did plaintiff contest EMI's assertion that it held rights to publish and distribute *Khosara Khosara*. Def SUF ¶ 34; Ptf. SUF ¶ 34. The first time any defendant was sued for the infringements alleged in this case was April 1, 2005, when the case Nafal v. Shawn Carter, Case No. CV 05-2480-SVW-PJWx ("Nafal"), was filed by Julian Nafal. Plaintiff's Statement of Undisputed Facts ("Ptf. SUF") ¶ 19; Defendants' Statement of Genuine Disputes ("Def. SGD") ¶ 19. In Nafal, the plaintiff alleged copyright infringement claims concerning *Khosara Khosara* against several of the defendants in this case. See Nafal v. Carter, 540 F. Supp. 2d 1128, 1130 (C.D. Cal. 2007). The district court dismissed Nafal because Julian Nafal lacked standing to pursue copyright claims arising out of *Khosara Khosara*. Ptf. SUF ¶ 21; Def. SGD ¶ 21.

After the events in 2001, several defendants created derivative works exploiting *Big Pimpin'*, particularly, the works "Collision Course," "Fade to Black," and "MTV Ultimate Mash-Ups." These works incorporate performances of *Big Pimpin'* or utilize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

portions of a recording of *Big Pimpin'*. Def. SUF ¶¶ 38 – 39, 49 – 52, 55 – 56; Ptf. SGD ¶¶ 38 – 39, 49 – 52, 55 – 56. At least sixteen defendants are involved in this lawsuit only due to their role in the creation of these derivative works, and had no involvement in the creation of *Big Pimpin'*. Def. SUF ¶ 70; Ptf. SGD ¶ 70 (undisputed).[3] In connection with the creation and exploitation of these derivative works, several defendants made various warranties and representations regarding the right to use *Big Pimpin'*.[4] Additionally, "[d]efendants invested millions of dollars and the time and effort necessary to create, manufacture, produce, distribute, and sell their works." Def. SUF ¶ 69; Ptf. SGD ¶ 69 (investment of money, time, and effort is undisputed).

Additionally, since 2001, several individuals related to this case have died. These individuals include:

- Hamdy's sister, who was alive when Hamdy entered into his agreements with Sout el Phan. Def. SUF ¶ 71; Ptf. SGD ¶ 71.

- Mahmoud Loutfi, who knew about the subject matter of this lawsuit, and provided purportedly relevant information having to do with the facts of this case to Braun, plaintiff, and Sout el Phan. Def. SUF ¶ 72; Ptf. SGD ¶ 72.

---

[3] These defendants are: Chester Bennington, Rob Bourdon, Brad Delson, Joseph Hahn, Dave Farrell, Mike Shinoda, Warner Music Inc., Paramount Home Entertainment Inc., Paramount Pictures Corporation, MTV Networks Enterprises Inc., Radical Media, Marcy Projects Productions II, Lil Lulu Publishing, Chesterchaz Publishing, Big Bad Mr. Hahn Music, and Kenji Kobayashi Music. See Def. SUF ¶ 70; Ptf. SGD ¶ 70; Def. Mot. SJ, Dkt. #336, at 16 n. 7.

[4] See Def. SUF ¶ 65 ("In connection with the agreement by and between Defendants concerning 'Collision Course,' 'Fade to Black,' and 'MTV Ultimate Mash-Ups,' certain Defendants provided various warranties and representations with respect to the use of *Big Pimpin'* and agreed to indemnify their licensees."); Ptf. SGD ¶ 65 (not disputing that the warranties and representations were made).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

- Braun, the attorney who contacted EMI on plaintiff's behalf.[5]

- Chad Butler, an artist featured on the album on which *Big Pimpin'* appears. Def. SUF ¶ 75; Ptf. SGD ¶ 75.

- Morsy Saad el-Din and Haitham Hamdy, two of Hamdy's family members who purportedly have knowledge relevant to this action. Def. SUF ¶ 76; Ptf. SGD ¶ 76.

- Magdi Amorousi, the president of Sout el Phan and individual who represented Sout el Phan in connection with its agreement to transfer the rights to *Khosara Khosara* to EMI, died in October 2002. Def. SUF ¶ 13; Ptf. SGD ¶ 13.

Additionally, Sout el Phan has been subjected to a complex acquisition and litigation process, and is now operated by a court-appointed custodian. Def. SUF ¶ 79; Ptf. SGD ¶ 79. Defendant also contends, but plaintiff disputes, that plaintiff has allowed several relevant documents to become lost or destroyed, including documents related to the relationship between Hamdy, EMI, and Sout el Phan. Def. SUF ¶ 78; Ptf. SGD ¶ 78.

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v.

---

[5] Braun's deposition was taken in connection with Nafal. Defendant contends, however, that his memory of some important facts had faded by the time of his deposition, a contention which plaintiff disputes. See Def. SUF ¶ 74; Ptf. SUF ¶ 74.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

IV. ANALYSIS

    A.    Laches

Defendants argue that they are entitled to summary judgment because plaintiff's claims are barred by the defense of laches. "Laches is an equitable defense that prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." Danjaq LLC v. Sony Corp., 263 F.3d 942, 950 – 951 (9th Cir. 2001). To assert a laches defense, a defendant must demonstrate that (1) a lengthy delay in the enforcement of plaintiff's rights took place, (2) the delay was unreasonable, and (3) the defendant suffered prejudice due to the delay.[6] Id. at 951; Petrella v. Metro-Goldyn-

---

[6] As noted in Judge Fletcher's concurrence in Petrella, "[t]here is a severe circuit split on the availability of a laches defense in copyright cases," and the Ninth Circuit's law is "the most hostile to copyright owners of all the circuits." Petrella v. Metro-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Mayer, Inc., 695 F.3d 946, 951 (9th Cir. 2012). The defense of laches is inapplicable, however, if a defendant's infringement is willful. Id. at 957. "Whether a plaintiff's conduct constitutes laches in any given circumstance is an issue of fact." Petrella, 695 F.3d at 951.

The Court considers the elements of the laches defense in turn.

    1.    Length of Delay

The first step in the laches analysis is calculating the period of delay. The relevant period of delay "is the period from when the plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation of the lawsuit in which the defendant seeks to counterpose the laches defense." Danjaq, 263 F.3d at 952. When determining the length of delay, the inquiry focuses on the plaintiff's delay in initiating litigation, not on the defendants' knowledge of the plaintiff's potential claim. Id. at 953.

The length of the period of delay is critical to a laches analysis because, among other reasons, it determines which party bears the burden of proof. "If any part of the alleged wrongful conduct occurred outside of the limitations period, courts presume that the plaintiff's claims are barred by laches." Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 997 (9th Cir. 2006); Petrella, 695 F.3d at 951. Since the statute of limitations for a claim of copyright infringement is three years, if the period of delay is greater than three years in a copyright case, the plaintiff bears the burden of showing that laches is inapplicable. Petrella, 695 F.3d at 951. The plaintiff can, however, rebut the presumption by introducing evidence showing that any delay was reasonable or that defendants did not suffer prejudice due to the delay. See A.C. Aukerman Co. v. R.L. Chaides Const. Co., 960 F.2d 1020, 1038 (Fed. Cir. 1992); In re Katz Interactive Call Processing Patent Litigation, 882 F. Supp. 2d 1123, 1145 (C.D. Cal. 2010).

---

Goldwyn-Mayer, Inc., 695 F.3d 946, 958 (9th Cir. 2012) (Fletcher, J., Concurring). Plaintiff asserts that the doctrine of laches does not even apply in the context of copyright claims, but recognizes that this argument is contrary to Ninth Circuit law, and explains that he is reserving his right to challenge Ninth Circuit law regarding laches on appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*** AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | *August 12, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

While there are factual disputes regarding the precise date on which plaintiff first learned of the claims in this lawsuit, the parties agree that by March 2001 at the latest, plaintiff had knowledge of infringement claims arising out of *Big Pimpin'*. Def. SUF ¶ 25; Ptf. SGD ¶ 25. Since this lawsuit was initiated on August 31, 2007, plaintiff's delay for purposes of laches is no less than six and a half years.

Plaintiff resists this conclusion on two grounds, neither of which is availing. First, plaintiff argues that the relevant termination date for the period of delay should not be the date when this lawsuit was initiated, but instead should be April 1, 2005, the filing date of Nafal. According to plaintiff, the filing date of Nafal marks the end of the period of delay because it asserted the same claims at issue in this case, which put defendants on notice regarding these claims and allowed them to preserve evidence or otherwise alter their future course of conduct.

The Court rejects this argument, because, as stated above, the period of delay is measured by reference to the plaintiff's delay in initiating litigation, not the defendant's knowledge of the potential claims for infringement. Danjaq, 263 F.3d at 953. Consequently, even if the filing of the Nafal case put defendants on notice regarding the claims plaintiff is asserting in this case, that fact is not relevant to calculating the period of delay.

Second, plaintiff argues that even if the period of delay for *Big Pimpin'* began in March 2001, the period of delay for the works "Collision Course," "Fade to Black," and "Ultimate Mash-Ups" should have a later beginning date. The period of delay for these works, according to plaintiff, should begin no earlier than their release dates, which occurred in either late 2004 or 2005.

Plaintiff's argument is inconsistent with Ninth Circuit law regarding the computation of the period of delay. In Danjaq, the Ninth Circuit explained that when distinct works contain the same "allegedly infringing aspect," then those two works "should be treated identically for purposes of laches." Danjaq, 263 F.3d at 953. Under this rule, the laches inquiry is not concerned with when each allegedly infringing work is released. Instead, the determinative fact is the release date for the initial infringing work in a series of works embodying that infringing conduct. Here, the allegedly infringing aspect of *Big Pimpin'* is identical to the allegedly infringing aspect of the other works at issue. This is apparent because the other works at issue reproduce portions of *Big*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

*Pimpin'*, and therefore the infringing aspects of *Big Pimpin'* are recreated in the other works at issue.

Consequently, because all of the works at issue in this case contain the same allegedly infringing aspects, the period of delay of six and a half years is identical for all works at issue in this case. Additionally, because the period of delay exceeds the three year limitations period, plaintiff bears the burden of rebutting the presumption that laches applies in this case.

        2.      Reasonableness of Delay

The next element of laches is the reasonableness of the delay. "In determining reasonableness, courts look to the cause of the delay." Danjaq, 263 F.3d at 954. "Delay has been held permissible, among other reasons, when it is necessitated by exhaustion of remedies through the administrative process; when it is used to evaluate and prepare a complicated claim; and when its purpose is to determine whether the scope of proposed infringement will justify the cost of litigation." Petrella, 695 F.3d at 952 (quoting Danjaq, 263 F.3d at 954). Because the period of delay exceeds three years, plaintiff bears the burden of proving that his delay was reasonable. Petrella, 695 F.3d at 951; Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 839 – 840 (9th Cir. 2002).

Here, plaintiff asserts three justifications for his delay in bringing suit. First, plaintiff argues that delay is justified because he is asserting a complicated claim in this lawsuit, and used the period of delay to evaluate and investigate this claim. While, as stated above, this is a legally cognizable justification for delay, plaintiff has introduced no evidence that he was investigating or evaluating his claim during the period of delay. Instead, the undisputed facts show that plaintiff took no action during the period of delay, but instead relied on the efforts of Farouk Sima ("Sima"), a non-party who offered to assist plaintiff with filing the claims in this action, to act on plaintiff's behalf. Ptf. SUF ¶ 8; Def. SGD ¶ 8. Moreover, plaintiff has produced no evidence showing that he took any steps to ensure that Sima took any steps to prosecute the claims asserted in this action. Nor has plaintiff introduced any evidence that Sima or anyone else was evaluating or investigating the claims during the period of delay, with the exception of the brief investigation conducted by Braun in 2001. Consequently, because plaintiff bears the burden of rebutting the presumption that laches applies in this case, the Court rejects this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

     Second, plaintiff argues that his delay is reasonable due to his lack of sophistication and lack of familiarity with the United States court system, culture, and society. Plaintiff claims, and defendant does not dispute, that plaintiff does not speak English, conducted neither business nor personal affairs in the United States prior to this lawsuit, lacked access to the Internet or a computer prior to this lawsuit, is unfamiliar with United States media and popular culture, and had not traveled to the United States prior to this lawsuit. Ptf. SUF ¶¶ 3 – 6; Def. SGD ¶¶ 3 – 6. These considerations do not justify plaintiff's delay. As an initial matter, plaintiff cites no authority, and the Court finds none, supporting the proposition that a party's lack of business sophistication and familiarity with American society and legal practice can justify a delay in bringing suit. Regardless, even if lack of sophistication could excuse delay in some cases, plaintiff's lack of sophistication does not appear relevant here because the undisputed facts show that knowledgeable individuals were retained to act on plaintiff's behalf to prosecute plaintiff's claims. Among others, Braun, a United States intellectual property lawyer, contacted EMI on plaintiff's behalf and otherwise investigated plaintiff's claims. Because plaintiff admits that he had the assistance of sophisticated professionals to prosecute his claim, his personal lack of sophistication cannot justify the delay in this case.

     Third, plaintiff argues that his delay was reasonable in light of the fact that the Nafal case was filed on April 1, 2005, and plaintiff relied on Nafal to vindicate the rights he is asserting in this action. Plaintiff fails to explain, however, why it was reasonable for him to rely on the Nafal lawsuit to vindicate his claims, or why plaintiff's failure to participate in that lawsuit was reasonable. Moreover, even if it was somehow reasonable for plaintiff to rely on the Nafal lawsuit to vindicate his claims, at most this explanation accounts for two years of plaintiff's delay. The four years of delay preceding Nafal's filing is left unexplained. Since a four year delay is presumed to be unreasonable for purposes of laches, plaintiff cannot rely on the Nafal case alone to justify his delay. Petrella, 695 F.3d at 951.

     Accordingly, the Court finds that plaintiff has failed to meet his burden of justifying his delay in bringing this lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*** AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

    3.    Prejudice

The final element of the laches defense is prejudice. Prejudice is a crucial part of the laches analysis because "[t]he very purpose of laches as an equitable doctrine—and the reason that it differs from a statute of limitations—is that the claim is barred because the plaintiff's delay occasioned the defendant's prejudice." Danjaq, 263 F.3d at 955. Because the period of delay exceeded three years, plaintiff bears the burden of establishing that defendants suffered no prejudice. Petrella, 695 F.3d at 951; Jarrow Formulas, Inc., 304 F.3d at 839 – 840.

Courts have recognized two distinct forms of prejudice in connection with the laches doctrine: expectations-based prejudice and evidentiary prejudice. Petrella, 695 F.3d at 953. Expectations-based prejudice exists where a defendant "took actions or suffered consequences that it would not have, had the plaintiff brought the suit promptly." Id. A defendant can demonstrate expectations-based prejudice by proving that, during the period of delay, it invested money to expand its business based on its presumed rights. Id.; Miller v. Glenn Miller Productions, Inc., 454 F.3d 975, 999 (9th Cir. 2006). Evidentiary prejudice "includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." Danjaq, 263 F.3d at 955. Either form of prejudice establishes laches. Petrella, 695 F.3d at 953.

Defendants claim that both forms of prejudice exist in this case. Regarding expectations-based prejudice, it is undisputed that during the period of delay, defendants invested time, effort, and millions of dollars to promote and distribute the allegedly infringing works at issue in this case. Def. SUF ¶ 69; Ptf. SGD ¶ 69. Additionally, defendants entered into accounting and royalty payment contracts as a result of their exploitation of the allegedly infringing works. Def. SUF ¶ 68; Ptf. SGD ¶ 68. Defendants claim that this investment of time and resources demonstrates that expectations based prejudice exists in this case.

In response, plaintiff claims that no expectations based prejudice exists because there is a triable issue of fact regarding whether defendants would have acted differently if plaintiff had filed this suit earlier. In support of this argument, plaintiff asserts that defendants have not ceased exploiting the allegedly infringing works since the commencement of this lawsuit. Plaintiff reasons that because defendants did not alter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*** AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | *August 12, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

their conduct when his claim was filed in 2007, they would not have altered their conduct had he filed his claim earlier.[7]

    Here, the Court finds that the undisputed facts show that the requirement of prejudice is satisfied. Defendants' investment of time, effort, and money based upon the assumption that they could lawfully exploit *Big Pimpin'* squarely meets the definition of expectations based prejudice. "To the extent [defendants] should be proved wrong in their legal assumption through this litigation, the anticipated profits from these investments . . . would wind up in [plaintiff's] pocket. That is the essence of expectations-based prejudice." Petrella, 695 F.3d at 955; Miller, 454 F.3d at 999 ("A defendant may establish prejudice by showing that during the delay, it invested money to expand its business or entered into business transactions based on his presumed rights."). Moreover, although plaintiff has asserted that defendants would not have acted differently if this suit had been filed sooner, this assertion is not relevant, because the Ninth Circuit has held that a defendant can demonstrate expectations based prejudice "without any assertion that he would have acted differently had the suit been filed sooner." Id. at 954.

    Expectations-based prejudice alone satisfies laches, Petrella, 695 F.3d at 953, but the Court will also address defendants' assertion that evidentiary prejudice exists. While defendants argue that many important witnesses have died, defendants' central contention is that evidentiary prejudice exists due to Magdi Amorousi's ("Amorousi") death in October 2002. Defendants point out that Amorousi had a central role in this case as the

---

[7] Additionally, plaintiff argues that the Court should not find that expectations based prejudice exists because several defendants have not filed declarations explaining what prejudice each particular defendant suffered. This argument is unavailing, for two reasons. First, because the period of delay exceeds three years, plaintiff bears the burden of rebutting the presumption that laches is applicable, and therefore cannot defeat summary judgment through an assertion that defendants have not provided affirmative evidence of prejudice. Petrella, 695 F.3d at 951; Jarrow Formulas, Inc., 304 F.3d at 839 – 840 (prejudice presumed if period of delay exceeds limitations period). Second, the critical facts underlying expectations based prejudice—namely, the extensive investment of time, money, and energy by defendants—are not dispute. Def. SUF ¶¶ 68 – 69; Ptf. SGD ¶¶ 68 – 69.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

president and attorney for Sout el Phan, and in fact was personally involved in both Sout el Phan's acquisition of rights to *Khosara Khosara* from Hamdy, and Sout el Phan's transfer of those rights to EMI. Def. SUF ¶¶ 3 – 5; Ptf. SGD ¶¶ 3 – 5 (not disputing Amorousi's involvement in the transactions). The loss of this key witness, according to defendants, establishes evidentiary prejudice.

Amorousi's death is sufficient to demonstrate evidentiary prejudice. As plaintiff does not dispute, Amorousi acted on Sout el Phan's behalf in connection with two critical transactions underlying defendants' claimed chain of title: the transaction between Hamdy and Sout el Phan, and the transaction between Sout el Phan and EMI. Due to Amorousi's death, defendants cannot rely on his testimony to prove that these transactions provided them with the right to create and exploit *Big Pimpin'*. This loss of a central witness falls squarely within the definition of evidentiary prejudice. A.C. Aukerman Co., 960 F.2d at 1033 ("Evidentiary, or 'defense,' prejudice may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the . . . death of a witness. . . ."); Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1227 (9th Cir. 2012).[8] Accordingly, evidentiary prejudice exists in this case.[9]

Therefore, the Court concludes that the element of prejudice is satisfied, and therefore that defendants have satisfied all of the elements of the laches defense.

---

[8] Defendants also assert that evidentiary prejudice exists because David Braun recently died. While Braun had a central role in the events underlying this case, it is unclear whether his death alone would create sufficient evidentiary prejudice to justify summary judgment, because defendants had an opportunity to take his deposition in connection with Nafal. Although defendants assert that Braun's memory regarding many events had faded, the deposition would allow defendants to present at least some of Braun's testimony in their defense. Since Amorousi's death provides a sufficient basis upon which to conclude that evidentiary prejudice exists, however, the Court need not resolve this issue.

[9] In fact, in plaintiff's briefing regarding evidentiary prejudice, plaintiff does not address defendants' contention that they have suffered evidentiary prejudice due to Amorousi's death. See Plaintiff's Opposition at 18 – 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

    4.    Defenses

    Plaintiff argues that even if defendants can satisfy the elements of laches, two grounds remain for denying summary judgment, either in whole or in part. First, plaintiff argues that, as a matter of law, laches does not provide a defense to a claim for prospective injunctive relief. While this may be true in some situations, where, as here, "the feared future infringements are identical to the alleged past infringements," laches bars claims for prospective injunctive relief. Danjaq, 263 F.3d at 959; Petrella, 695 F.3d at 958 (Fletcher, J., concurring).

    Second, plaintiff argues that defendants' motion should be denied because laches is unavailable when a defendant's infringement is willful. Petrella, 695 F.3d at 956 n.4. "In the copyright infringement context, 'willful' means acting with knowledge that one's conduct constitutes copyright infringement." Dolman v. Agee, 157 F.3d 708, 715 (9th Cir. 1998). Willfulness can be demonstrated by showing that the defendant was actually aware that its conduct was infringing, or "that the defendant's actions were the result of reckless disregard for or willful blindness to the copyright holder's rights." Washington Shoe Co. v. A-Z Sporting Goods, Inc., 704 F.3d 668, 674 (9th Cir. 2011). If, however, a defendant has a reasonable and good faith belief that its conduct does not constitute infringement, there is no willful infringement. Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1228 (9th Cir. 2012).

    Plaintiff argues that defendants' infringement was willful during two time periods. The first is the period between the original release of *Big Pimpin'*, which occurred on December 28, 1999, and the EMI settlement, which occurred on March 30, 2001 (the "pre-settlement period"). During the pre-settlement period, plaintiff argues that Mosley, Carter, and the other defendants involved in the exploitation and production of *Big Pimpin'* had no basis on which to claim any right to use *Khosara Khosara*. Without any basis on which to claim a right to use *Khosara Khosara*, plaintiff claims that there are triable issues of fact regarding whether defendants' recklessly disregarded the fact that *Big Pimpin'* infringed the rights of whoever held the copyright to *Khosara Khosara*.

    The second willful infringement period, according to plaintiff, began in 2006, when the 1995 agreement between Sout el Phan and EMI conveying the rights to *Khosara Khosara* purportedly expired (the "post-expiration period"). Ptf. SUF ¶ 23. Plaintiff claims that defendants' infringement was willful during the post-expiration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*** AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | *August 12, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

period because the agreement between EMI and Sout el Phan is the ultimate source of all defendants' claimed right to create or promote a derivative work based on *Khosara Khosara*. Plaintiff concludes that once that chain of title was broken in 2006, defendants could not longer claim colorable title to *Khosara Khosara*, and therefore any infringement during this period was willful.

    Additionally, plaintiff argues that even if he has not yet produced evidence tending to show that there are triable issues of fact regarding willful infringement during either the pre-settlement period or the post-expiration period, the Court should defer ruling on this motion under Federal Rule of Civil Procedure 56(d) to allow him to take discovery on the issue of willful infringement during these periods. In particular, plaintiff asserts that he has not been able to take discovery regarding what steps defendants took to determine the scope of EMI's rights in *Khosara Khosara*, nor has he been able to take depositions and related discovery to probe the grounds upon which defendants believed they were entitled to use *Khosara Khosara* during the pre-settlement period. Until he is allowed to take this discovery, plaintiff argues that any ruling on defendants' motion would be premature.

    In response, defendants argue that plaintiff has produced no evidence showing that any defendant engaged in willful infringement during the pre-settlement period, and therefore that summary judgment cannot be denied on this basis because plaintiff bears the burden of proof on this issue. Moreover, defendants argue that there is no need to defer ruling on this issue in order to grant plaintiff discovery, because plaintiff has made no showing that there are any particular facts he will uncover that will demonstrate willful infringement.

    Additionally, regarding the post-expiration period, defendants argue that neither EMI nor Sout el Phan has taken the position that their agreement expired in 2006, and that in the absence of any such assertion by the contracting parties, it is unreasonable to conclude that the agreement expired. Defendants further argue that even if the agreement between EMI and Sout el Phan did expire, this fact is not relevant, because at most it could show that Sout el Phan may have asserted a claim for willful infringement. The expiration of the agreement, according to defendants, does not provide a basis upon which plaintiff can assert a claim of willful infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

  Federal Rule of Civil Procedure 56(d) provides the applicable legal standard for determining whether a court may defer considering a motion for summary judgement where, as here, the non-moving party asserts that "it cannot present facts essential to justify its opposition."  Under Rule 56(d), a general assertion that discovery is incomplete does not provide grounds for deferring resolution of a motion for summary judgment.  Instead, "[t]o obtain relief under Rule 56(d), the plaintiff must show (1) that she has set forth in affidavit form the specific facts that she hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."  Grant v. Unifund CCR Partners, 842 F. Supp. 2d 1234, 1242 (C.D. Cal. 2012) (quoting State of Cal. v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)).

  As an initial matter, the Court observes that plaintiff does not dispute, nor could he, that no willful infringement occurred between the pre-settlement period and post-expiration period.  During this time, the settlement with EMI provided defendants with a reasonable basis upon which to believe that their use of *Big Pimpin'* would not give rise to an infringement claim arising out of *Khosara Khosara*.  In particular, the settlement with EMI gave defendants colorable title to produce *Big Pimpin'* and derivative works created using *Big Pimpin'*, and under those circumstances, there is no willful infringement.  Evergreen, 697 F.3d at 1228 ("Willfulness does not exist . . . where infringing works were produced under color of title, such as a reasonable belief that the infringer possesses a license or implied license.").  It is therefore appropriate to conclude that summary judgment can be granted in defendants' favor regarding willful infringement between the pre-settlement period and the post-expiration period.

  Turning to the pre-settlement period, however, the Court finds that plaintiff should be granted discovery to uncover facts tending to show that defendants engaged in willful infringement during this period.  Prior to the settlement with EMI, defendants did not possess colorable title to use *Khosara Khosara* to create *Big Pimpin'*.  Therefore, plaintiff may seek facts tending to show that defendants' use of *Khosara Khosara* during the pre-settlement period was reckless or willfully blind with respect to his rights.[10]  If plaintiff

---

[10] Plaintiff does not contend that any defendant knew specifically about his claim to own *Khosara Khosara* during this period, but instead contends that the defendants who exploited *Khosara Khosara* during this period were reckless or willfully blind to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

*** AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | *August 12, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

uncovers such evidence, the evidence could create a triable issue of fact regarding the willfulness exception to laches. Washington Shoe Co., 704 F.3d at 674 (reckless disregard or willful blindness can constitute willful infringement). Accordingly, it is appropriate to defer ruling on defendants' motion for summary judgment regarding infringements during the pre-settlement period until further discovery has taken place. Once further discovery has taken place, the Court will consider whether there are triable issues of fact regarding willful infringement during the pre-settlement period.

Regarding the post-expiration period, however, the Court finds that there is no basis on which to grant plaintiff additional discovery, and that there are no triable issues of fact regarding willful infringement during this period. As stated above, Rule 56(d) only provides grounds for deferring a ruling in favor of further discovery if the sought after facts are essential to contesting the motion for summary judgment. Here, however, the facts plaintiff seeks are not relevant to proving that plaintiff can assert a willful infringement claim arising out of conduct in the post-expiration period. Even if plaintiff proved that the agreement between EMI and Sout el Phan expired in 2006, and that defendants were fully aware of the expiration, this would only prove that defendants were on notice that their conduct infringed Sout el Phan's rights to *Khosara Khosara*. Facts about the expiration of the agreement do not show that defendants either knew or were reckless regarding the possibility that their conduct infringed the rights asserted by plaintiff, and therefore the expiration of the agreement cannot create a triable issue of fact regarding willful infringement of plaintiff's rights during the post-expiration period. Washington Shoe Co., 704 F.3d at 674; Arclightz and Films Pvt. Ltd. v. Video Palace, Inc., 303 F. Supp. 2d 356, 361 – 362 (S.D. N.Y. 2003) ("To prove willfulness, plaintiffs must show that the infringer had actual or constructive knowledge that it was infringing the plaintiffs' copyrights or else acted in reckless disregard of the high probability that it was infringing plaintiffs' copyrights.").

Plaintiff resists this conclusion on the grounds that the Court's reasoning misconstrues the willfulness exception to laches. According to plaintiff, any willful infringement by a defendant bars the defendant from asserting the doctrine of laches as to that infringing conduct. Applying that principle here, plaintiff concludes that the

---

rights of any individual who held a copyright to *Khosara Khosara*, and therefore, by necessary implication, were reckless or willfully blind with regard to plaintiff's rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

willfulness exception to laches is satisfied as long as plaintiff shows willful infringement of Sout el Phan's rights or some other individual's rights, and that plaintiff need not show willful infringement of his own alleged rights.

Plaintiff cites no authority supporting this interpretation of the willfulness exception to laches, and the Court rejects it as inconsistent with the principles by which the Ninth Circuit has interpreted this exception. In Danjaq, when determining how to define the willfulness exception to laches, the Ninth Circuit explained that the doctrine of willful infringement developed in the context of statutory damages should be used as a model for the willfulness exception to laches. Danjaq, 263 F.3d at 957 ("Rather than imposing wholesale a new set of standards upon this already complex area of law, we accept the parties' invitation to adopt the definition of 'willful infringement' that is used elsewhere in the Copyright Act.") (citing 17 U.S.C. § 504(c)(2)). This reasoning suggests that a plaintiff should be able to assert the willfulness exception to laches only under circumstances that would also allow the plaintiff to seek enhanced statutory damages for willful infringement under 17 U.S.C. § 504(c)(2). Therefore, insofar as plaintiff is suggesting that he should be able to assert the willfulness exception to laches based on the fact that Sout el Phan—not plaintiff—has a claim for willful infringement, plaintiff's argument is contrary to the Ninth Circuit's directive that willful infringement should be given a uniform definition throughout the Copyright Act. Consequently, plaintiff may not invoke the willfulness exception to laches based on its assertion that Sout el Phan may be able to assert a claim for willful infringement based upon defendants conduct in the post-expiration period.

Accordingly, with respect to conduct during the pre-settlement period, the Court defers ruling on defendants' motion for summary judgment in order to allow plaintiff to pursue discovery regarding whether any defendants exploiting *Big Pimpin'* during this time period engaged in willful infringement. Regarding all conduct following the pre-settlement period, however, the Court finds that defendants should be granted summary judgment on the issue of laches.

**B. Estoppel**

Additionally, defendants argue that they are entitled to summary judgment under the doctrine of estoppel. In particular, defendants argue that because plaintiff failed to challenge EMI's authority to grant defendants the right to use *Khosara Khosara* in 2001,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

plaintiff is barred from contesting whether EMI could validly grant defendants those rights through settlement agreements.

"Equitable estoppel applies in both law and equity to deny a litigant the right to plead or prove an otherwise important fact because of something he has done or omitted to do." DeCarlo v. Archie Comic Publications, Inc., 127 F. Supp. 2d 497, 509 (S.D. N.Y. 2001). "Principles of estoppel applicable elsewhere in the law apply equally to copyright infringement actions." 4 Nimmer on Copyright § 13.07, 13-284; Hampton v. Paramount Pictures Corp., 279 F.2d 100, 104 (9th Cir. 1960). To establish the defense of estoppel, four elements must be present: (1) the plaintiff must know the facts underlying the defendant's alleged infringement, (2) the plaintiff must intend the defendant to rely upon the plaintiff's conduct or must act in a way that gives the defendant the right to believe plaintiff intended reliance, (3) the defendant must be ignorant of the true facts, and (4) the defendant must rely on the plaintiff's conduct to its detriment. Hadady Corp. v. Dean Witter Reynolds, 739 F. Supp. 1392, 1399 (C.D. Cal. 1990); Hampton, 279 F.2d at 104.

Here, the Court finds that summary judgment cannot be granted in defendants' favor on the defense of estoppel because, among other reasons, there are disputed questions of fact regarding the second element of the defense. As an initial matter, there is no evidence that plaintiff intended defendants to rely on his silence. Therefore, summary judgment could only be granted if the undisputed facts show that defendants justifiably believed that plaintiff never intended to assert the infringement claims he is pursuing in this action.

Defendants argue that plaintiff's silence and inaction led them to reasonably believe that plaintiff would never challenge their right to exploit *Big Pimpin'*. It is true that, in some cases, "[s]ilence or inaction in the face of an explicit contrary assumption by the opposing party may be sufficient to induce justifiable reliance by a defendant that a plaintiff will not later assert a claim." DeCarlo, 127 F. Supp. 2d at 510; Hampton, 279 F.2d at 104 ("A holding out may be accomplished by silence and inaction."). Here, however, there are genuine factual disputes regarding whether plaintiff's silence gave defendants a right to believe that plaintiff would never assert an infringement claim. See DeCarlo, 127 F. Supp. at 511 n.81 (noting that "a defense of estoppel often raises issues of fact."). Specifically, because there was no contact between plaintiff and defendants prior to this lawsuit, and because plaintiff only remained silent regarding his claims for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**\* AMENDED CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | **\*August 12, 2013** |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

six years, there are triable issues of fact regarding whether it was reasonable for defendants to believe that plaintiff never intended to bring a claim.[11]

Accordingly, the Court denies defendants' motion for summary judgment insofar as it is based on the defense of estoppel.

**V.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion for summary judgment in part, and defers ruling on the motion in part. As explained above, the Court grants summary judgment in defendants' favor regarding all conduct taking place after the pre-settlement period, i.e., all conduct after March 30, 2001. Regarding the pre-settlement period, the Court defers ruling on defendants' motion for summary judgment until plaintiff has conducted discovery regarding willful infringement during that period.

IT IS SO ORDERED.

|  | 00 | : | 40 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[11] The Court acknowledges that in DeCarlo, summary judgment on the second element of estoppel was granted in the defendants' favor based on the plaintiff's silence and inaction. In DeCarlo, however, the plaintiff's period of silence was roughly thirty-five years, far longer than the period of silence in this case, and therefore a different result is warranted here. See DeCarlo, 127 F. Supp. 2d at 509 – 510.