UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): MOTION FOR ORDER FOR ENTRY OF JUDGMENT (Docket #381, filed September 23, 2013)

I.  INTRODUCTION AND BACKGROUND

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("plaintiff") filed suit against defendants Jay-Z, (aka Shawn Carter) ("Jay-Z"), Timothy Mosley, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc, alleging various claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, et seq. The gravamen of plaintiff's claims is that defendants' song *Big Pimpin'* infringes plaintiff's rights in the song *Khosara Khosara*.

The facts of this case are complex. They are set forth in greater detail in the Court's August 12, 2013 order, dkt. #380, (the "Amended Order" or "Am. Summ. J. Order") and the Court's December 9, 2011 order, dkt. #309 (the "2011 Order"). For the purposes of the motion now before the Court, it is sufficient to state that the Court has previously identified three relevant periods in the sequence of events giving rise to this action. The first period, called the "pre-settlement period" is the period between the original release of the song *Big Pimpin'*, which occurred on December 28, 1999, and the March 30, 2001 settlement between *Big Pimpin'* producer Timothy Mosley and EMI, whereby EMI granted Mosley the right to use *Khosara Khosara* free and clear of any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

copyright claim by EMI. The second period, called the "interim period," is the period between March 30, 2001, and 2006. In 2006, according to plaintiff, the 1995 agreement between Sout el Phan and EMI conveying the rights to *Khosara Khosara* purportedly expired. Plaintiff's Statement of Undisputed Facts ("Ptf. SUF") ¶ 23. The third period, called the "post-expiration period," is the period after the expiration of the agreement between Sout El Phan and EMI in 2006.

In the 2011 Order, this Court granted defendants' motion for partial summary judgment, finding that the statute of limitations barred plaintiff from recovering damages resulting from any alleged copyright infringement occurring prior to August 31, 2004. 2011 Order 16. In the Amended Order, this Court granted in part defendants' motion for partial summary judgment, finding that the defense of laches barred plaintiff's claims arising from all conduct occurring during the interim period and the post-expiration period. Am. Summ. J. Order 20. The Court deferred ruling as to conduct occurring during the pre-settlement period to permit plaintiff to conduct additional discovery in order to show that defendants willfully infringed plaintiff's rights to *Khosara Khosara*, thereby defeating the laches defense for that period. Id.

Defendants filed a motion for entry of judgment on September 23, 2013. Dkt. #381. Plaintiff filed an opposition on September 30, 2013, dkt. #382, and defendants filed a reply on October 7, 2013, dkt. #383. The Court held a hearing on October 21, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    ANALYSIS**

Defendants contend that final judgment should now be entered in their favor as to all of plaintiff's claims, for two reasons. First, defendants argue that the Court concluded in the 2011 Order that plaintiff could not recover damages for any infringements occurring prior to August 31, 2004. Mot. Entry J. 3-5 (relying on 2011 Order 16-17). Second, defendants argue that the Court found in the Amended Order that laches barred recovery for any conduct occurring during the interim period (March 30, 2001 to 2006) and the post-expiration period (2006 to the present). Id. at 4-5 (relying on Am. Summ. J. Order 14-18). Therefore, according to defendants, the combined effect of laches and the statute of limitations is that plaintiff's claims are barred for all time periods. The Court will address the application of defendants' arguments to each of the three relevant time periods in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

### A. The Pre-settlement Period

Defendants contend that the three-year statute of limitations for copyright infringement claims bars plaintiff from recovering damages for any infringement occurring prior to August 31, 2004. Mot. Entry J. 3-5. Defendants argue that, even if additional discovery reveals evidence of willful infringement during the pre-settlement period such that laches is inapplicable, that evidence would be of no avail to plaintiff because the statute of limitations bars any claims based on infringements occurring during that period. Reply Mot. Entry J. 2-3. The Court agrees. This Court previously found that the statute of limitations for copyright infringement claims barred plaintiff from recovering damages for any copyright infringement occurring before August 31, 2004. 2011 Order 4-8; 16-17. Therefore, even if plaintiff were to uncover evidence of willful infringement in the pre-settlement period (December 28, 1999, through March 30, 2001) through additional discovery, such evidence would be irrelevant because it would not affect the applicability of the statute of limitations. See Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 (9th Cir. 2002) (noting that laches and the statute of limitations are distinct defenses). The Court accordingly reconsiders its previous ruling permitting plaintiff to conduct additional discovery as to willful infringement in the pre-settlement period.

### B. The Interim Period

In the Amended Order, the Court concluded that laches barred plaintiff's claims arising from defendants' conduct during the interim period. Am. Summ. J. Order 16. The Court explained that the settlement agreement between defendants and EMI provided defendants with "colorable" title to produce *Big Pimpin'* and associated derivative works, and that no willful infringement can occur under those circumstances. Id. (citing Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1228 (9th Cir. 2012) for the proposition that "[w]illfulness does not exist . . . where infringing works were produced under color of title").

Plaintiff argues that this portion of the Court's prior ruling should be vacated because a finding of willful infringement during any time period would eliminate a laches defense for all time periods. Opp. Mot. Entry J. 2, 9-10. Thus, plaintiff argues, if additional discovery were to uncover evidence of willful infringement during any of the three periods at issue, laches would be unavailable as a defense for all three periods. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

The Court is unpersuaded by this argument for two reasons. First, plaintiff cites no authority in support of this argument. Second, this argument contradicts the Evergreen Safety Council court's statement, cited above, that "[w]illfulness does not exist . . . where infringing works were produced under color of title." 697 F.3d at 1228.

Plaintiff next argues that the Ninth Circuit's recent decision in Rock River Communications, Inc. v. Universal Music Group, Inc., 730 F.3d 1060 (9th Cir. 2013) mandates that the Court's ruling regarding the interim period be vacated. Opp. Mot. Entry J. 1, 3-6. However, Rock River is not applicable to this case. Rock River concerned a dispute between two record companies, plaintiff Rock River Communications ("Rock River") and defendant Universal Music Group ("UMG") over who owned the rights to several early recordings by Bob Marley and the Wailers. 730 F.3d at 1062.

In the district court, Rock River sought to hold UMG liable for intentional interference with prospective economic advantage based on cease and desist letters and threats of litigation that UMG directed at Rock River's business partners. Id. at 1067. The crux of Rock River's claim was that UMG's threats wrongfully blocked Rock River from distributing an album of Marley remixes. Id. at 1062. The Ninth Circuit reversed the district court's grant of summary judgment in a portion of the opinion not relevant to this case. Id. at 1065-67.[1]

In the portion of the opinion relevant here, UMG unsuccessfully argued that the district court's grant of summary judgment should be affirmed because its pre-litigation communications to Rock River's business partners were immune from suit based on the Noer-Pennington doctrine. Id. at 1068. The Ninth Circuit rejected this argument, agreeing with the district court that Rock River demonstrated a triable issue of fact as to

---

[1]To the extent that plaintiff relies on that portion of the opinion, that reliance is misplaced. There, the Ninth Circuit held that, in an action for intentional interference with prospective economic advantage, the defendant bears the burden of proving that the plaintiff's business expectancy is invalid or illegal; a plaintiff in such an action need not prove the validity of its business expectancy in its case in chief. Id. The Ninth Circuit's holding on that issue is inapplicable here because it is undisputed that a defendant asserting a laches defense bears the burden of establishing the elements of laches.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

whether UMG's pre-litigation communications were a "sham," and therefore not protected by Noer-Pennington immunity. Id.

UMG sought to rely on a 2003 contract with another record company as evidence that UMG "honestly believed" that it held the rights to the disputed Marley recordings, and that its litigation threats were not a "sham," but rather were made in good faith. Id. Both the Ninth Circuit and the district court found the 2003 contract to be insufficient evidence of good faith because, during discovery, Rock River uncovered evidence that UMG was "acutely aware of significant holes in its own chain of title . . . at the time of the 2003 [contract]." Id.

Plaintiff seeks to analogize the 2003 contract in Rock River to the settlement agreement between EMI and defendants in the present case. According to plaintiff, Rock River stands for the proposition that "the mere fact that a defendant obtained a license for the work at issue does not conclusively establish good faith." Opp. Mot. Entry J. 3. Rather, "discovery can reveal that the defendant's actions were not reasonable." Id. Therefore, plaintiff argues, it should be granted additional discovery to investigate whether defendants knew that they were engaged in copyright infringement during the interim period in spite of the existence of the EMI settlement agreement. Id. at 6.

The Court is unpersuaded by plaintiff's argument. Rock River was not a copyright infringement case, and the Ninth Circuit opinion in that case did not purport to express a view on the standard for willful copyright infringement, either as an exception to the laches defense or in any other context. Rather, the portion of the Rock River holding cited by plaintiff addressed the type of evidence sufficient to prevent application of the "sham" exception to Noer-Pennington immunity. See 730 F.3d at 1067-69. The Court declines to extend Rock River to the willful copyright infringement arena. Accordingly, the Court declines to reconsider its prior order granting summary judgment to defendants as to infringement in the interim period based on the defense of laches.

### C.   The Post-Expiration Period

In the Amended Order, the Court found that summary judgment should be granted in favor of defendants, based on the defense of laches, as to all infringements alleged to have occurred during the post-expiration period. Am. Summ. J. Order 17. In so finding, the Court concluded that plaintiff would have to show that defendants were on notice that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

they were infringing plaintiff's copyright in *Khosara Khosara* in order to meet his burden of establishing willful copyright infringement. Id. The Court further concluded that it would be insufficient for plaintiff to show that defendants knew that they were infringing someone else's rights in *Khosara Khosara*. Id.

Summary judgment was therefore appropriate because, the Court concluded, even if plaintiff were to prove that defendants were aware that the agreement between EMI and Sout El Phan expired in 2006, that fact would only support the conclusion that defendants willfully infringed Sout El Phan's rights to *Khosara Khosara*; such fact would not support the proposition that defendants were aware that they were infringing plaintiff's rights to the song. Id.

Plaintiff requests that the Court now reconsider this ruling. Opp. Mot. Entry J. 6-9. Plaintiff argues that there is no authority indicating that a finding of willful copyright infringement requires the plaintiff to show that the defendant knew the true identity of the copyright holder. Id. at 7. According to plaintiff, Ninth Circuit authority requires only that a plaintiff show that a defendant knew that it was engaged in infringement of some copyright. Id. at 8-9.

The Court finds plaintiff's argument persuasive, and concludes that plaintiff should be permitted to conduct discovery as to what defendants knew during the post-expiration period.[2] Further discovery is appropriate because plaintiff need only show that defendants knew that they were infringing some copyright in *Khosara Khosara* in order to defeat laches; plaintiff need not show that defendants were aware that they were infringing plaintiff's copyright.[3] The Court's conclusion rests on three grounds.

---

[2]According to defendants, plaintiff's argument should be rejected because it is contrary to what the Court found in the Amended Order. Mot. Entry J. 6-9; Reply Mot. Entry J. 6. While the Court agrees that plaintiff's argument is contrary to the Court's conclusion in the Amended Order regarding willful infringement in the post-expiration period, the Court now finds that its prior conclusion should be reconsidered, for the reasons set forth below.

[3]The court does not revisit its prior conclusion that the standard for willful infringement in the context of laches is the same as the standard for awarding statutory damages for willful copyright infringement under 17 U.S.C. § 504(c)(2). See Am. Order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

    First, although there appears to be no relevant case law, the statutory language of the Copyright Act implies that a plaintiff seeking statutory damages for willful infringement need only show that the defendant knowingly engaged in copyright infringement. In this regard, the statute first sets forth the amount of statutory damages recoverable for willful infringement. 17 U.S.C. § 504(c)(2). The statute then states that a court may reduce statutory damages to $200 per infringement in cases in which the "infringer was not aware and had no reason to believe that his or her acts constituted <u>an infringement of copyright</u>." 17 U.S.C. § 504(c)(2) (emphasis added). This language implies that willfulness consists of an act of infringement, coupled with the knowledge that the act constitutes copyright infringement generally, and not just infringement of the plaintiff's copyright.

    Second, the Ninth Circuit Model Jury Instruction for willful infringement under 17 U.S.C. § 504(c)(2) states that an infringement is willful if "the defendant knew that [his] acts <u>infringed the copyright</u>." 9th Cir. MJI 17.27 (emphasis added). The language in the instruction does not require a showing that a defendant knew that his acts infringed the copyright asserted by plaintiff. Third, a leading secondary authority, like the Model Jury Instruction, makes no reference to a requirement that a willful infringer know the true identity of the holder of the copyright he is infringing. <u>See</u> <u>Nimmer on Copyright</u> § 14.04[B][3][A] at 14-77 (2013) (stating that "willfully," in the context of statutory damages, means "with knowledge that the defendant's conduct constitutes copyright infringement").[4] For these reasons, the Court finds that plaintiff should be permitted to conduct additional discovery as to willful infringement in the post-expiration period.[5]

---

Summ. J. 18 (citing <u>Danjaq LLC v. Sony Corp.</u>, 263 F.3d 942, 957 (9th Cir. 2001)).

    [4]The Court rests its conclusion on the statutory language, the Model Jury Instruction, and secondary authority because it has been unable to locate caselaw that directly controls the scenario present here, in which the alleged willful infringer may have been on notice that its activity constituted copyright infringement, but argues that it thought it was infringing a different individual's copyright.

    [5]Defendants argue that "EMI granted Defendants perpetual rights and there is no claim by anyone that those rights were terminated." Reply Mot. Entry J. 6. At the least, defendants argue that "silence in the face of Defendants' continued exploitation would give defendants a colorable claim to a continued or implied license." <u>Id.</u> at n.4. It would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715 CAS (PJWx) | Date | December 3, 2013 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

    Defendants also argue that sixteen defendants are involved in this action solely due to conduct occurring after the conclusion of the pre-settlement period.[6] Mot. Entry J. 9-10.  Defendants contend that summary judgment should be entered as to these defendants based on the Court's prior ruling that laches barred recovery for infringements occurring after the conclusion of the pre-settlement period.  Id.  Since, as stated above, the Court now concludes that plaintiff is entitled to conduct additional discovery as to willful infringement in the post-expiration period, it is premature for the Court to consider whether summary judgment should be granted as to these defendants.

### III.    CONCLUSION

    In accordance with the foregoing, the Court hereby DENIES defendants' motion for entry of judgment.

    The Court RECONSIDERS its prior ruling regarding discovery as to willful infringement in the pre-settlement period, and now concludes that plaintiff shall not be permitted to conduct additional discovery as to willful infringement during that period.

    The Court DECLINES to reconsider its prior ruling denying plaintiff the opportunity to conduct discovery as to willful infringement during the interim period.

    The Court RECONSIDERS its ruling regarding discovery as to willful infringement in the post-expiration period.  Plaintiff shall have until **March 3, 2014**, to conduct additional discovery as to willful infringement during the post-expiration period.

    IT IS SO ORDERED.

---

be premature for the Court to address these arguments before granting plaintiff the opportunity to conduct discovery as to willfulness in the post-expiration period.

    [6]The sixteen defendants are: Chester Bennington, Rob Bourdon, Brad Delson, Joseph Hahn, Dave Farrell, Mike Shinoda, Warner Music Inc., Paramount Home Entertainment, Inc., Paramount Pictures Corporation, MTV Network Enterprises Inc., Machine Shop Recordings LLC, Chesterchaz Publishing, Rob Bourdon Music, Big Bad Mr. Hahn Music, Nondisclosure Agreement Music, and Kenji Kobayashi Music.  Mot. Entry J. 9.