1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2     pross@bgrfirm.com
   Keith J. Wesley (State Bar No. 229276)
3     kwesley@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff
   Osama Ahmed Fahmy
7

8            UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  Osama Ahmed Fahmy, an individual,      | Case No. 07-CV-05715 CAS (PJWx)

12              Plaintiff,                  | The Hon. Christina A. Snyder

13         vs.                             | **PLAINTIFF'S *EX PARTE***
                                           | **APPLICATION FOR ORDER**
14  Jay-Z (aka Shawn Carter), Timothy      | **CLARIFYING THAT FACT**
    Mosely, Kyambo Joshua, Rob Bourdon,    | **DISCOVERY IS OPEN FOR ALL**
15  Brad Delson, Mike Shinoda, Dave        | **PURPOSES; DECLARATION OF**
    Farrell, Joseph Hahn, Chester          | **KEITH J. WESLEY**
16  Bennington, Big Bad Mr. Hahn Music,
    Chesterchaz Publishing, EMI            | Judge: Hon. Christina A. Snyder
17  Blackwood Music, Inc., EMI Music       | Date:   TBD
    Publishing Ltd., Kenji Kobayashi       | Time:   TBD
18  Music, Lil Lulu Publishing, Machine    | Crtrm.: 5, Spring Street Courthouse
    Shop Recordings, LLC, Marcy Projects
19  Productions II, Inc., MTV Networks      | Discovery Cut-Off: October 31, 2014
    Enterprises Inc., Nondisclosure        | Trial Date: May 12, 2015
20  Agreement Music, Paramount Home
    Entertainment, Inc., Paramount Pictures
21  Corporation, Radical Media, Rob
    Bourdon Music, Roc-A-Fella Records,
22  LLC, Timbaland Productions, Inc.,
    UMG Recordings, Inc., Universal
23  Music and Video Distribution, Inc., and
    Warner Music Inc.,
24
               Defendants.
25

26

27

28
   448214.1

   PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CLARIFYING THAT FACT DISCOVERY IS OPEN FOR
   ALL PURPOSES; DECLARATION OF KEITH J. WESLEY

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date to be determined by the Court, in Courtroom 5 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, before the Honorable Christina A. Snyder, plaintiff Osama Ahmed Fahmy ("Plaintiff") will and hereby does apply to the Court *ex parte* for an Order clarifying that fact discovery in this action is open for all purposes.

This application is being made pursuant to Central District Local Rule 7-19 and on the grounds that Defendants are categorically refusing to discuss (let alone appear for) depositions or produce relevant written discovery until this Court clarifies the scope of discovery. More specifically:

On December 3, 2013, this Court ruled that Plaintiff's claims for copyright infringement prior to June 2006 were barred as a matter of law under the doctrine of laches, but that Plaintiff would be afforded an opportunity to conduct discovery on the issue of the defendants' willfulness from June 2006 to the present. (Dkt. 386 at 8.)

On May 19, 2014, the United States Supreme Court issued its opinion in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, __ S.Ct. __, 2014 WL 2011574 (May 19, 2014), holding that "[l]aches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window [of 17 U.S.C. §507(b)]." *Id.* at *4.

Following that ruling, the parties met and conferred on the effect of *Petrella* and <u>agreed</u> that Plaintiff's claims for liability and actual damages are <u>not</u> barred under the doctrine of laches. (The parties disagreed over whether *Petrella* compels this Court to deny summary judgment on the remedies of the defendants' wrongful gain and injunctive relief. That disagreement is the subject of a pending motion – Dkt. 401 – scheduled to be heard on July 21, 2014.)

1    Even though the parties agree that laches does not bar Plaintiff's claims on

2    liability and for actual damages, Defendants have taken the position that discovery

3    is still limited to the question of whether they willfully infringed from June 2006 to

4    the present.  And apparently until this Court clarifies that discovery is open for all

5    purposes, Defendants are refusing to, for example, schedule or appear for deposition

6    or produce documents related to any issue other than their willfulness from June

7    2006 to the present.  There is no valid reason, however, for maintaining that

8    limitation now that the parties agree – and *Petrella* holds – that Plaintiff's claims for

9    liability and actual damages are <u>not</u> barred by the doctrine of laches.

10    *Ex parte* relief is necessary because the discovery cut-off in this case is set for

11    October 31 and expert reports are due on November 10.  Therefore, if the Court

12    does not clarify the scope of discovery before the July 21 hearing on Plaintiff's

13    motion for reconsideration, approximately 20 percent of the remaining discovery

14    period will be wasted because Defendants will continue to refuse to participate in

15    discovery.  Moreover, Plaintiff has filed a motion to compel with the Magistrate

16    Judge (Dkt. 402), which is set for hearing on July 9, 2014, but the Magistrate Judge

17    may not know the scope of discovery currently intended by this Court, thus resulting

18    in a delay in a ruling on the motion.  This is particularly significant since this case

19    has been pending for nearly seven years, yet Plaintiff has not been afforded the

20    opportunity to take a single deposition of an adverse fact witness.

21    Therefore, to prevent further delay and to ensure Plaintiff is able to start

22    immediately obtaining discovery (or orders compelling discovery), Plaintiff

23    respectfully requests the Court to clarify that discovery is open for all purposes.

24    On June 10, 2014, Plaintiff provided notice of his intention to file this

25    application to counsel for Defendants, Russell Frackman and Alexa Lewis of

26    Mitchell Silberberg & Knupp, LLP, 11377 W. Olympic Blvd., Los Angeles, CA

27    90064, (310) 312-2000, all@msk.com, rjf@msk.com.

28

1       This motion is based upon this Notice of Motion, the Memorandum of Points

2  and Authorities in support thereof, the Wesley Declaration, the files in this action,

3  and all other matters properly presented to the Court prior to its ruling.

4

5  DATED:  June 11, 2014           BROWNE GEORGE ROSS LLP
                               Peter W. Ross

6                               Keith J. Wesley

7

8                   By       s/ Keith J. Wesley
                                 Keith J. Wesley

9                Attorneys for Plaintiff Osama Ahmed Fahmy

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

1.    Introduction. ................................................................................................1

2.    Relevant Facts and Procedural History...................................................2

3.    The Court Should Enter An Order Clarifying That Discovery Is Open
      For All Purposes. .....................................................................................4

DECLARATION OF KEITH J. WESLEY ................................................................9

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CLARIFYING THAT FACT DISCOVERY IS OPEN FOR
ALL PURPOSES; DECLARATION OF KEITH J. WESLEY

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Danjaq LLC v. Sony Corp.*,
    263 F.3d 942 (9th Cir. 2001) ............................................................... 6

*Feist Pubs., Inc. v. Rural Tel. Serv. Co., Inc.*,
    499 U.S. 340 (1991) ..................................................................... 5-6

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
    676 F.3d 841 (9th Cir. 2012) ............................................................... 6

*McRoberts Software, Inc. v. Media 100, Inc.*,
    329 F.3d 557 (7th Cir. 2003) ............................................................... 7

*On Davis v. Gap, Inc.*,
    246 F.3d 152 (2d. Cir. 2001) ............................................................... 7

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    __ S.Ct. __ (May 19, 2014) ..................................................... 1, 2, 3, 4, 5

*Polar Bear Productions, Inc. v. Timex Corp.*,
    384 F.3d 700 (9th Cir. 2004) ............................................................... 6

**Federal Statutes**

17 U.S.C.
    §504(b) ............................................................................... 6, 7
    §507(b) ................................................................................. 3

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.    Introduction.**

Plaintiff respectfully applies *ex parte* for an Order clarifying that fact discovery is open for all purposes. *Ex parte* relief is necessary for the following reasons:

- The parties <u>agree</u> that, following *Petrella v. Metro-Goldwyn-Mayer, Inc.*, ___ S.Ct. ___, 2014 WL 2011574 (May 19, 2014), Plaintiff's claims (a) that Defendants infringed upon Plaintiff's copyright and (b) for actual damages are <u>not</u> barred under the doctrine of laches. Therefore, those claims are proceeding to trial, and (due to the Court's prior limitations on the scope of discovery) Plaintiff has not yet had the opportunity to obtain discovery related thereto.

- Defendants nevertheless have taken the position that this Court's pre-*Petrella* decision (Dkt. 386) – which afforded Plaintiff the right to discover information solely related to whether Defendants' post-June 2006 allegedly infringing acts were willful – remains binding. And Defendants are using the Court's pre-*Petrella* limitation on discovery – and/or the uncertainty over whether the Court's pre-*Petrella* limitation still applies – as grounds to refuse to schedule and/or appear for deposition and to refuse to produce basic written discovery on subjects the parties agree are no longer subject to summary judgment due to laches.

- Unless this Court clarifies the scope of discovery, over a month of discovery – *i.e.*, over 20 percent of the remaining fact discovery period – will be wasted, with Defendants continuing to refuse to participate in discovery until this Court rules on Plaintiff's motion for

-1-

1  reconsideration set for hearing on July 21. And, in the interim, the

2  Magistrate Judge too may be uncertain as to the current scope of

3  discovery when ruling on a pending motion to compel defendants'

4  depositions, set for July 9, which will likely result in those depositions

5  being delayed for months.

6  • Finally, there is no logical reason to continue to limit discovery to the

7  issue of whether Defendants' post-June 2006 infringement was willful.

8  The parties now agree that laches does not bar Plaintiff's claim for

9  liability and actual damages. Therefore, Plaintiff is entitled to

10  discovery on all issues related to its copyright claim, including, for

11  example, whether Defendants copied Plaintiff's work, whether they had

12  access to Plaintiff's work, whether they infringed willfully, and the

13  nature and amount of revenue and profit generated from their use of

14  Plaintiff's work.

15  For those reasons, Plaintiff respectfully requests the Court to issue an Order

16  clarifying that fact discovery is open for all purposes.

17

18  **2.   Relevant Facts and Procedural History.**

19  Plaintiff filed this copyright infringement case on August 31, 2007. (Dkt. 1.)

20  On May 20, 2013, Defendants requested summary judgment on the basis of the

21  equitable doctrines of laches and estoppel. (Dkt. 336.) On August 15, 2013, the

22  Court granted Defendants' motion for summary judgment, based on the doctrine of

23  laches, for "all conduct taking place after the pre-settlement period, i.e., all conduct

24  after March 30, 2001," and deferred ruling on the pre-settlement period until after

25  Plaintiff was afforded discovery related thereto. (Dkt. 377 at p. 20.) The Court

26  denied summary judgment on the basis of estoppel. (*Id.*) On December 3, 2013,

27  the Court reconsidered its August 15 ruling, prohibited discovery related to the pre-

28

-2-

settlement period, but deferred ruling on laches during the "post-expiration period"
– *i.e.*, from June 2006 to the present – until after Plaintiff was afforded discovery
related thereto. (Dkt. 386.)

On May 19, 2014, the United States Supreme Court issued its opinion in
*Petrella v. Metro-Goldwyn-Mayer, Inc.*, __ S.Ct. __, 2014 WL 2011574 (May 19,
2014), holding that "[l]aches . . . cannot be invoked to preclude adjudication of a
claim for damages brought within the three-year window [of 17 U.S.C. §507(b)]."
*Id.* at *4.

Following the issuance of *Petrella*, counsel for Plaintiff wrote counsel for
Defendants an email requesting answers to the following questions:

> 1. Will defendants stipulate that Judge Snyder's summary judgment order on laches is now void in light of Petrella?
>
> 2. When can we expect defendants to produce their concert revenue data?
>
> 3. When and where are the witnesses whose depositions we noticed – i.e., Messrs. Carter and Mosley – available to be deposed?

(Wesley Decl., Ex. 1.)  Defendants responded that they would not stipulate that the
Court's summary judgment order was void, and that they would not engage in any
"discovery activity" until the Court held a status conference. (*Id.*)  During a
telephonic meet and confer, Defendants clarified that they agreed that Plaintiff's
claim for actual damages was no longer barred by the doctrine of laches, but they
believed Plaintiff's claims for wrongful profits and injunctive relief remained barred
notwithstanding *Petrella*. (Wesley Decl., ¶3.)

On June 2, 2014, the Court entered an Amended Order re: Joint Stipulation re:
Pretrial and Trial Dates. (Dkt. 398.)  The Court set the factual discovery cut-off for
October 31, 2014 and the deadline for expert reports for November 10, 2014. (*Id.*)
The Court did not order that discovery would be limited in any way. (*Id.*)

On June 6, 2014, Plaintiff filed a motion for reconsideration, seeking an Order

confirming that, under *Petrella*, the doctrine of laches does not, as a matter of law, bar any form of relief sought by Plaintiff.  The motion is set for hearing on July 21, 2014.  (Dkt. 401.)

Defendants continue to maintain their position that they will not even discuss deposition scheduling (let alone appear for deposition or produce certain written discovery such as evidence of their relevant profits or revenues) until the Court clarifies the scope of discovery.  Because Defendants should be required to appear for deposition regardless of the scope of discovery – *i.e.*, they have information relevant to post-June 2006 willfulness as well as many other issues – Plaintiff filed a motion to compel those depositions on June 10, 2014.  (Dkt. 402.)  That motion is set to be heard by Magistrate Judge Walsh on July 9, 2014.

In opposing the motion, Defendants take the position that no depositions (or other discovery outside the scope of the Court's December 3, 2013 Order related to laches) can occur until after this Court rules on Plaintiff's motion for reconsideration – *i.e.*, no sooner than July 21.  Thus, to prevent more than a month of the discovery period from being wasted due to gridlock, Plaintiff now applies *ex parte* for an Order clarifying that fact discovery is open for all purposes.

3. **The Court Should Enter An Order Clarifying That Discovery Is Open For All Purposes.**

This case has been pending for nearly seven years.[1]  During that time, Plaintiff has been denied the opportunity to depose any fact witnesses, including the defendants, and has been denied basic written discovery on issues related to liability

---

[1]  By comparison, the analogous *Petrella* case was filed two years <u>after</u> this case and has made it through discovery, a Ninth Circuit appeal, and Supreme Court review.

1    and damages.[2] Not surprisingly, therefore, delay continues to be a favored weapon

2    in Defendants' arsenal.

3        Defendants' current tactic is to use this Court's prior Order limiting discovery

4    to an issue related to laches – or to use the uncertainty as to whether that Order

5    remains controlling – as an excuse to refuse to schedule or sit for depositions or

6    participate fully in written discovery.  In other words, Defendants have unilaterally

7    imposed a stay on discovery.

8        Of course, the Court could wait until it hears Plaintiff's motion for

9    reconsideration, set for hearing on July 21, before weighing in on the scope of

10   discovery.  But there are two problems with that solution, which has necessitated

11   seeking relief *ex parte*.

12       First, there is no logical reason for the delay because the information Plaintiff

13   seeks – *i.e.*, depositions of Defendants and written discovery on profit and revenue –

14   is discoverable regardless of whether the Court grants or denies Plaintiff's motion

15   for reconsideration.

16       More specifically, regarding the depositions, Defendants have relevant

17   knowledge on essentially every issue related to liability – from whether they had

18   access to the copyright at issue, to whether they copied the copyright at issue, to

19   whether they continued to infringe willfully.[3]  *See, e.g., Feist Pubs., Inc. v. Rural*

20   _____

21   [2]   Plaintiff was previously prohibited from noticing depositions of the defendants

22   or other witnesses with personal knowledge related to copyright infringement
     because discovery had been limited to issues related to Plaintiff's ownership of the

23   copyright at issue, as opposed to infringement and/or monetary relief.

24   [3]   Although the parties agree that the defense of laches cannot bar Plaintiff's claims

25   as a matter of law following the Supreme Court's decision in *Petrella, supra*, at *13,
     the Supreme Court left open the possibility that a defendant could still attempt to

26   invoke laches to attempt to limit remedies after trial.  Therefore, Plaintiff should still

27   be entitled to discover information related to Defendants' laches defense – *e.g.*,
     whether Defendants infringed willfully and whether they were prejudiced from the

28   (footnote continued)

-5-

1  *Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991) (copying is element of copyright

2  infringement claim); *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841,

3  846 (9th Cir. 2012) (copying may be shown through defendant's access to

4  copyrighted work); 17 U.S.C. §504(b) (plaintiff may recover defendant's wrongful

5  profit as remedy for copyright infringement).  They also have knowledge of the

6  identities of other witnesses who have relevant knowledge and whom Plaintiff may

7  want to contact, depose and/or subpoena for documents.  And regardless of how this

8  Court rules on Plaintiff's motion for reconsideration, all of these subjects will

9  remain discoverable.

10        Written discovery on Defendants' profits and revenues also remains relevant

11  regardless of how this Court rules on Plaintiff's motion for reconsideration.  To be

12  sure, Defendants will ask this Court to rule, as a matter of law, that Plaintiff cannot

13  disgorge their ill-gotten profits due to the doctrine of laches.  However, even if this

14  Court were to agree with Defendants and summarily adjudicate Plaintiff's claim for

15  wrongful profits (it should not, for the reasons explained in Plaintiff's motion for

16  reconsideration), the relevant profits and revenues would remain discoverable

17  because they are necessary for an evaluation and calculation of Plaintiff's actual

18  damages.[4]  That is so because one form of actual damages that may be available in a

19  copyright case is hypothetical lost licensing fees.  *Polar Bear Productions, Inc. v.*

20  *Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004) ("[I]t is not improper for a jury to

21  consider either a hypothetical lost license fee or the value of the infringing use to the

22  _____

23  timing of Plaintiff's filing of the suit.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956

     (9th Cir. 2001) (willful infringement is bar to laches, which also requires prejudice

24  to defendant caused by delay in filing suit).

25  [4]    Under the Copyright Act, a plaintiff may recover (a) its own actual damages,

26  and/or (b) the defendant's wrongful profits.  17 U.S.C. §504(b).  Those monetary

     remedies "are distinct."  *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700,

27  707-08 (9th Cir. 2004).

28

-6-

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CLARIFYING THAT FACT DISCOVERY IS OPEN FOR ALL PURPOSES; DECLARATION OF KEITH J. WESLEY

infringer to determine actual damages, provided the amount is not based on undue speculation."), quoting *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566 (7th Cir. 2003); *On Davis v. Gap, Inc.*, 246 F.3d 152, 164-72 (2d. Cir. 2001) ("We conclude that Section 504(b) permits a copyright owner to recover actual damages, in appropriate circumstances, for the fair market value of a license covering the defendant's infringing use.").  In other words, a copyright owner may be compensated in an amount equal to the licensing fee it should have received had Defendants not infringed.  In order to calculate the amount of actual damages under a lost license fee framework, the percentage rate must be applied to Defendants' revenues and/or profits.  Therefore, regardless of Plaintiff's claim for a disgorgement of wrongful profits, Plaintiff requires Defendants' financial statements in order to calculate its actual damages – a form of relief that even Defendants admit remains available.

Second, a delay of even a month will be severely prejudicial to Plaintiff. Defendants have had years to obtain discovery from Plaintiff related to their defenses.  Plaintiff now has approximately five months to obtain fact discovery to support its claims that Defendants infringed its copyright and that it is entitled to relief.  Plaintiff is not complaining about that timing – indeed, Plaintiff requested it because he is extremely anxious to finally get to trial.  However, the timing only works if Defendants cooperate in the discovery process.

By seeking to put discovery on ice until July 21 (or a date thereafter when the Court rules on Plaintiff's pending motion), Defendants are doing the opposite of cooperating.  They are unilaterally causing over 20 percent of the remaining fact discovery period to be wasted.  And by refusing to even schedule depositions until after July 21, depositions will no doubt be delayed until August or even September. That is particularly troubling and prejudicial in that the case requires scheduling depositions of high profile witnesses such as Jay-Z and Timbaland (which

1  oftentimes is challenging), and, more importantly, Plaintiff requires time, following
2  those depositions, to evaluate, propound and obtain follow up discovery.
3  Furthermore, expert reports are due in early November. Plaintiff needs discovery to
4  begin immediately so that it can start funneling information to its experts and so that
5  they can begin formulating their opinions. A delay of even a month severely
6  prejudices Plaintiff and its experts.

7       In sum, Plaintiff strongly desires to keep the Court's current case
8  management schedule, and Plaintiff suspects the Court too is ready for a final
9  resolution of this case by 2015. Unfortunately, absent an Order clarifying that
10 discovery is open for all purposes, Plaintiff's hands are tied, and further delays
11 appear inevitable. Plaintiff asks the Court for help.

12
13       Respectfully Submitted:
14 DATED: June 11, 2014            BROWNE GEORGE ROSS LLP
                                   Peter W. Ross
15                                 Keith J. Wesley
16
                                   By      s/ Keith J. Wesley
17                                         Keith J. Wesley
18                                 Attorneys for Plaintiff Osama Ahmed Fahmy
19
20
21
22
23
24
25
26
27
28
                                   -8-

# DECLARATION OF KEITH J. WESLEY

I, Keith J. Wesley, declare and state as follows:

1.     I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am a partner with the firm of Browne George Ross LLP, counsel of record for Plaintiff Osama Ahmed Fahmy in this matter. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.     Appended hereto as Exhibit 1 is a true and correct copy of email correspondence between myself and counsel for Defendants on May 21-22, 2014.

3.     On May 28, 2014, I met and conferred via telephone with counsel for Defendants, Russell Frackman and Alexa Lewis, regarding the effect of the Supreme Court's *Petrella* decision and other pending issues in this case. Counsel for Defendants stated that they agreed that Plaintiff's claim for actual damages from August 31, 2004 to the present would no longer be barred as a matter of law, in light of *Petrella*. They represented, however, that they believed Plaintiff's claim for a disgorgement of wrongful gain and injunctive relief remained barred as a matter of law following *Petrella*. I disagreed, and everyone on the call agreed that no further progress could be made via meeting and conferring. During the call, counsel for Defendants also confirmed that they would not provide dates for depositions, produce their noticed witnesses for depositions, or produce documents related to, for example, relevant profits or revenue until after this Court ruled on Plaintiff's motion for reconsideration.

/ / /
/ / /
/ / /
/ / /
/ / /

-9-

1    4.    On June 10, 2014, I gave *ex parte* notice to counsel for Defendants.
2  Appended hereto as Exhibit 2 is a true and correct copy of my email providing said
3  notice.
4        Executed this 11th day of June, 2014, at Los Angeles, California.
5        I declare under penalty of perjury under the laws of the United States of
6  America that the foregoing is true and correct.

7

8                                    s/ Keith J. Wesley
                                     Keith J. Wesley
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER CLARIFYING THAT FACT DISCOVERY IS OPEN FOR
ALL PURPOSES; DECLARATION OF KEITH J. WESLEY

# EXHIBIT 1

**Keith Wesley**

| | |
|---|---|
| **From:** | Lewis, Alexa <all@msk.com> |
| **Sent:** | Thursday, May 22, 2014 1:24 PM |
| **To:** | Keith Wesley |
| **Cc:** | Peter Ross; Frackman, Russell; Lepera, Christine |
| **Subject:** | RE: Proposed Schedule, etc. in Fahmy v. Jay Z [IWOV-DOCSLA.FID289315] |
| **Attachments:** | Stipulated Proposed Schedule (6121879).doc |

Keith,

Attached is Defendants' redline of Plaintiff's proposed schedule. To answer your questions, we do not agree that the Court's Order is void in light of Petrella, and will not so stipulate. There continue to be significant issues regarding laches that must be dealt with, and we think that it would be most appropriate for the Court to hold a status conference prior to the imposition of any new schedule, or engaging in any discovery. Moreover, if Plaintiff is seeking reconsideration of the Court's Order, the proper procedure is to file a motion for reconsideration.

Subject to the results of a status conference or a motion for reconsideration, Defendants would tentatively agree to the schedule as set forth in the attached redline, which moves your proposed dates out by approximately two months.

Best,

Alexa

---

**From:** Keith Wesley [mailto:kwesley@bgrfirm.com]
**Sent:** Thursday, May 22, 2014 10:16 AM
**To:** Lewis, Alexa; Frackman, Russell
**Cc:** Peter Ross
**Subject:** RE: Proposed Schedule, etc. in Fahmy v. Jay Z [IWOV-DOCSLA.FID289315]

Dear Counsel:

Please provide any comments or proposed changes to the stip I circulated yesterday, or let me know when I will receive your comments so we can plan accordingly. As you know, the stip is due today.

Thanks in advance.

Keith

---

**From:** Keith Wesley
**Sent:** Wednesday, May 21, 2014 10:27 AM
**To:** all@msk.com; Frackman, Russell
**Cc:** Peter Ross
**Subject:** Proposed Schedule, etc. in Fahmy v. Jay Z [IWOV-DOCSLA.FID289315]

Dear Counsel:

As you know, we are required to file a new proposed schedule by tomorrow. Attached is a draft with our proposal. Please let me know if you are amenable to it. If not, please add your proposal underneath ours.



Also, please provide your position or call me to discuss the following issues:

1. Will defendants stipulate that Judge Snyder's summary judgment order on laches is now void in light of Petrella?
2. When can we expect defendants to produce their concert revenue data?
3. When and where are the witnesses whose depositions we noticed – i.e., Messrs. Carter and Mosley – available to be deposed?

Best Regards,

Keith



**Keith J. Wesley, Esq.**
**Browne George Ross LLP**
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
T 310.274.7100
F 310.275.5697
kwesley@bgrfirm.com

www.bgrfirm.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT 2

**Keith Wesley**

| | |
|---|---|
| **From:** | Keith Wesley |
| **Sent:** | Tuesday, June 10, 2014 5:46 PM |
| **To:** | 'Frackman, Russell'; all@msk.com |
| **Cc:** | Peter Ross |
| **Subject:** | Fahmy v. Jay-Z:  Ex Parte Notice [IWOV-DOCSLA.FID289315] |

Dear Counsel:

Please take notice that we intend to apply ex parte to Judge Snyder for an order clarifying that discovery is open for all purposes – i.e., it is not limited solely to whether Defendants' post-June 2006 infringement was willful.  I anticipate we will file our application tomorrow.  Based on prior communications with you, I am confident you intend to oppose, but please let me know if I am mistaken.  According to Judge Snyder's chamber's rules, the opposing party has 48 hours to oppose an ex parte application.

Best,

Keith



**Keith J. Wesley, Esq.**
**Browne George Ross LLP**
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
T 310.274.7100
F 310.275.5697
kwesley@bgrfirm.com

www.bgrfirm.com

1

EXHIBIT 2