UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Keith Wesley     Russell Frackman
    Alexa Lewis

**Proceedings:**     (In Chambers:) MOTION FOR RECONSIDERATION OF THE COURT'S ORDERS REGARDING LACHES (Dkt. #401, filed June 6, 2014)

## I. INTRODUCTION AND BACKGROUND

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("plaintiff") filed suit against defendants Jay-Z, (aka Shawn Carter) ("Jay-Z"), Timothy Mosley, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc., alleging various claims of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101, et seq. The gravamen of plaintiff's claims is that defendants' song *Big Pimpin'* infringes plaintiff's rights in the song *Khosara Khosara*.

The facts of this case are complex. They are set forth in greater detail in the Court's December 9, 2011 order, dkt. #309 (the "2011 Order"), the Court's August 12, 2013 order, dkt. #380, (the "Amended Order"), and the Court's December 3, 2013 order (the "Reconsideration Order"), dkt. #386. In the 2011 Order, this Court granted defendants' motion for partial summary judgment, finding that the statute of limitations barred plaintiff from recovering damages resulting from any alleged copyright infringement occurring prior to August 31, 2004. 2011 Order at 16. In the Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Order, this Court granted in part defendants' motion for partial summary judgment, finding that the defense of laches barred plaintiff's claims arising from all conduct occurring from March 30, 2001, to the present. Am. Order at 20. The Court deferred ruling as to conduct occurring prior to March 30, 2001, to permit plaintiff to conduct additional discovery in order to show that defendants willfully infringed plaintiff's rights to *Khosara Khosara*, thereby defeating the laches defense for that period. Id. That period, defined as the "pre-settlement period" in the Amended Order and the Reconsideration Order, is the period between the original release of the song *Big Pimpin'*, which occurred on December 28, 1999, and the March 30, 2001 settlement between *Big Pimpin'* producer Timothy Mosley and EMI, whereby EMI granted Mosley the right to use *Khosara Khosara* free and clear of any copyright claim by EMI.

Thereafter, defendants filed a motion for entry of judgment on September 23, 2013. Dkt. #381. There, defendants argued that, in light of the Court's prior grant of summary judgment as to damages incurred prior to August 31, 2004, see 2011 Order, discovery as to the pre-settlement period was inappropriate because, regardless of whether laches barred plaintiff's claims as to that period, the statute of limitations barred plaintiff from obtaining relief. In the course of the briefing on that motion, the parties also provided further argument as to whether plaintiff should be permitted to conduct additional discovery as to conduct occurring after 2006, for the purpose of demonstrating willful infringement during that period. That period, defined as the "post-expiration period" in the Amended Order and the Reconsideration Order, encompasses the time after the expiration of the expiration of the settlement agreement between Mosley and EMI. In the Reconsideration Order, the Court found that plaintiff should be permitted the opportunity to conduct additional discovery as to willful infringement during the post-expiration period. The Court reasoned that evidence of willful infringement could potentially bar defendants from asserting the defense of laches. The Court also found that discovery as to the pre-settlement period was not appropriate in light of the Court's prior grant of summary judgment in the 2011 Order, based on the statute of limitations. Dkt. #386.

Then, on May 19, 2014, the Supreme Court issued its decision in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014). There, the Court held that "[l]aches . . . cannot be invoked to preclude adjudication of a claim for damages brought within the three-year [statute of limitations]." Id. at 1967. The Court further held that "in extraordinary circumstances, laches may bar . . . the particular [equitable] relief requested

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

by the plaintiff," and can also "be brought to bear at the remedial stage, in determining appropriate injunctive relief, and in assessing the 'profits of the infringer . . . attributable to the infringement.'" Id. (citing 17 U.S.C. § 507(b)).

In the wake of Petrella, plaintiff filed a motion for reconsideration on June 6, 2014, dkt. #401, arguing that the Court's prior orders should be vacated insofar as they found that laches bars plaintiff's claims. Defendants filed an opposition on June 30, 2014, dkt. #411, and plaintiff replied on July 7, 2014, dkt. #416. The Court held a hearing on July 21, 2014, and thereafter took this matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Fed. R. Civ. P. 59(e)

"There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

### B.    Local Rule 7-18

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL　　'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

### III. ANALYSIS

#### A. Petrella

In Petrella, the plaintiff, Paula Petrella, sued United Artists Corporation, a subsidiary of Metro-Goldwyn-Mayer, Inc. (collectively, "MGM"), alleging copyright infringement. The basis for Petrella's copyright infringement suit was a screenplay which was initially registered with the Copyright Office in 1963. Petrella renewed the copyright in 1991, after she inherited the renewal rights. In 1998, Petrella's attorney informed MGM that Petrella had obtained the copyright in the screenplay. The attorney also asserted that the critically acclaimed film *Raging Bull* was a derivative work of the screenplay, and that any exploitation of *Raging Bull* infringed Petrella's copyright. Petrella "repeatedly threatened to take legal action" against MGM, but did not do so until 2009. MGM moved for summary judgment on several grounds, including laches. MGM argued that Petrella's 18-year delay from the time that she obtained the copyright to the time she filed suit was "unreasonable and prejudicial to MGM." The district court granted MGM's motion for summary judgment, and the Ninth Circuit affirmed. The Supreme Court reversed, holding that laches cannot be invoked to preclude adjudication of a claim for damages brought within the three-year statute of limitations for copyright infringement claims. Petrella, 134 S. Ct. at 1967 (citing 17 U.S.C. § 507(b)). However, the Court also left open the possibility that laches could be invoked in two circumstances.

　　　　1. "Curtailment" of Equitable Relief at the "Outset of the Litigation"

First, the Court held that, in "extraordinary circumstances," laches could still bar a copyright infringement plaintiff from obtaining certain types of equitable relief "at the very outset of the litigation," if such relief would result in undue hardship to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

defendant. See id. at 1977-78. The Court cited Chirco v. Corsswinds Communities, 474 F.3d 227 (6th Cir. 2007), as an example of this circumstance. In Chirco, the plaintiffs alleged that the defendants used the plaintiffs' copyrighted architectural design in planning and building a housing development. Id. at 230. The plaintiffs took no action to halt the housing development until more than 168 units were built, even though the plaintiffs were aware of the infringement before the defendants broke ground on the development. Id. The district court granted summary judgment to defendants on the grounds of laches. Id. The Sixth Circuit reversed in part and affirmed in part. The Sixth Circuit first held, based on reasoning similar to that in Petrella, that laches did not bar the entire action because the Copyright Act's statute of limitations provided the sole benchmark for determining the timeliness of the plaintiffs' suit. Id. at 231.

However, the Sixth Circuit also held that the plaintiffs, if successful on the merits, would be precluded by laches from "procur[ing] the destruction of buildings already occupied, sold, or substantially constructed" because such relief "smacks of . . . inequity." Id. at 236. The Sixth Circuit reached this conclusion because the plaintiffs "deliberately delayed" filing suit even as "advertisements about the development were disseminated, as construction . . . began," and as units were sold and occupied. Id. at 235.[1] Thus, the Petrella Court left open the possibility that laches could still be invoked to bar a copyright infringement plaintiff from obtaining certain types of equitable relief in certain extraordinary circumstances, such as those present in Chirco, even before liability is adjudicated. However, the Petrella Court also held that the equitable relief sought by Paula Petrella, namely, "disgorgement of unjust gains and an injunction against future infringement," were not barred at the outset of the litigation because such relief "would

---

[1] Similarly, the Court cited New Era Publications International v. Henry Holt & Co., 873 F.2d 576, 584-85 (2d Cir. 1989), as another illustration of a situation in which laches might be invoked to curtail the "relief equitably awardable." Petrella, 134 S. Ct. at 1977. There, the Second Circuit held that laches barred injunctive relief to a copyright infringement plaintiff who, despite earlier knowledge of the alleged infringement, delayed filing suit until the allegedly infringing book was "printed, packed, and shipped." 873 F.2d at 584-85. The Second Circuit "relegat[ed plaintiff] to its damages remedy" and declined to provide injunctive relief because it would have "result[ed] in the total destruction of the work." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

not result in 'total destruction' of [*Raging Bull*], or anything close to it." Petrella, 134 S. Ct. at 1978.

      2.      Limiting Relief at the "Remedial Stage"

      Second, the Petrella Court held that laches may "warrant limiting relief at the remedial stage." Id. As applied specifically to Petrella, the Court held that, "[s]hould Petrella ultimately prevail on the merits," the district court may take account of several factors (the "Petrella factors"), in determining whether to limit the equitable relief available to plaintiff. These factors are: "MGM's alleged reliance on Petrella's delay," including "MGM's early knowledge of Petrella's claims, the protection MGM might have achieved through pursuit of a declaratory judgment action, the extent to which MGM's investment was protected by the separate-accrual rule," and other factors. Id. at 1978-79. In this portion of the opinion, the Court cited Haas v. Leo Feist, Inc., 234 F. 105, 107-08 (S.D.N.Y.) (Hand, J.), as an example of an instance when a court "adjudicat[ed a] copyright infringement suit on the merits," but observed that, "in awarding profits, account may be taken of [the] copyright owner's inaction until [the] infringer had spent large sums exploiting the work at issue." Petrella, 134 S. Ct. at 1979 (citing Haas, 234 F. at 107-08).

      In Haas, the plaintiffs, individuals named Haas, Cahalin, and Deutsch, sued the defendants, Leo Feist, Inc. and an individual named Piantadosi, alleging infringement of the plaintiffs' copyright in a song entitled "You Will Never Know How Much I Really Cared." 234 F. at 105-06. After a trial, Judge Hand found that the defendants were liable based on their composition and distribution of a song entitled "I Didn't Raise My Boy to be a Soldier. Id. Regarding the remedies due to plaintiffs, the Judge Hand stated that the plaintiffs' "right to damages . . . is unquestionable." Id. at 107. The court also stated that "a decree for an accounting of profits will go against both defendants." Id. However, the court noted that two of the three plaintiffs, Cahalin and Haas, learned of the infringement in December 1914 and January 1915, respectively, but did not consult a lawyer until March 1915, and did not file suit until January 1916, "at which time the [infringing] song had long since run its course." Id. at 105-06. Accordingly, the court ordered that, after a full accounting of the defendants' profits had been completed, the master should consider whether any award of profits should be reduced or eliminated as to Cahalin and Haas in order to take account of their delay in bringing suit. Id. at 108-09.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

**B.     The Present Motion**

1.     Vacatur of the Court's Prior Findings Regarding Laches

Plaintiff argues that the Amended Order and the Reconsideration Order should be vacated, to the extent that they found plaintiff's claims to be barred by laches.  According to plaintiff, Petrella represents an intervening change in the law governing laches that justifies reconsideration of the Court's prior orders pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7-18.  The Court agrees.  As stated above, Petrella holds that laches is not a bar to the adjudication of claims for damages brought within the Copyright Act's three-year statute of limitations.  This holding represents a substantial change in the law governing laches in the Ninth Circuit, which, prior to the Supreme Court's ruling, was "the most hostile to copyright owners of all the circuits" in its application of laches.  Petrella v. Metro-Goldwyn-Mayer, Inc., 695 F.3d 946, 958 (Fletcher, J., concurring), reversed and remanded, Petrella, 134 S. Ct. at 1979.  Moreover, while Petrella does not banish laches from Copyright law altogether, it narrows its applicability to two scenarios, neither of which is present in this case.

First, this case does not present "extraordinary circumstances" that justify "curtailment of the relief equitably awardable" at the "outset of the litigation."  See Petrella, 134 S. Ct. at 1977.  This is so because, like in Petrella, an award of defendants' profits or an injunction against future infringement "would not result in 'total destruction' of [*Big Pimpin'*], or anything close to it."  See id. at 1978.  Defendants respond that extraordinary circumstances exist in the present case because, as a result of plaintiff's delay in bringing suit, defendants have suffered evidentiary prejudice from the death of a key witness, Magdi Amorousi, and have suffered expectations-based prejudice because they made substantial investments in the exploitation of *Big Pimpin'* in reliance on the assumption that there were no "unasserted claims" of copyright infringement.  Mot. Recons. at 5.  While the Court recognizes, as it found in the Amended Order, that defendants have suffered prejudice as a result of plaintiff's delay, this prejudice does not rise to the level of the "extraordinary circumstances" present in Chirco or New Era.  Accordingly, the Court concludes that it is not appropriate to curtail plaintiff's entitlement to equitable relief at this stage.

Next, it would be premature for the Court to consider whether it should "limit[] relief at the remedial stage" because the record has not yet been sufficiently developed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

regarding liability, or the scope of any potential award of defendants' profits. Both the language in Petrella, as well as its citation to Haas, demonstrate that any adjustments to equitable remedies at the "remedial stage" should occur after the record has been fully developed, both as to liability and remedies. In this regard, in Petrella, the Court stated that, on remand, the district court should examine a number of factors to determine the appropriate equitable relief "[s]hould Petrella ultimately prevail on the merits." 134 S. Ct. at 1978 (emphasis added). The Petrella factors, set forth in Section II(A)(2) above, are to be considered in "adjusting injunctive relief or profits." Id. at 1979. Taken together, these statements suggest that, absent "extraordinary circumstances," laches has no role in a copyright infringement action until after a full adjudication has occurred as to liability, damages, and equitable relief. At that point, Petrella instructs the Court to consider whether the awardable equitable relief should be "adjust[ed]." Id. Similarly, in Haas, the only case cited by the Court in its discussion of adjustments to equitable relief, the case proceeded to trial, the plaintiffs prevailed on the merits, and Judge Hand ordered a full accounting of profits as to all defendants, in spite of the prejudicial delay of some of the plaintiffs. Only then, after the accounting, did Judge Hand suggest that some adjustment was proper to take account of the plaintiffs' delay. Haas, 234 F. at 109.

      Defendants resist this conclusion, arguing that the undisputed facts cited in the Amended Order are sufficient to show that the equitable relief available to plaintiff should be adjusted now, and that this Court should find that plaintiff is not entitled to any of defendants' profits. In support of this argument, defendant provides an analysis of the Petrella factors. The Court finds this argument unpersuasive. While these factors may or may not weigh in favor of an adjustment to the equitable relief available to plaintiff after a full adjudication on the merits, Petrella instructs that such an adjustment is not appropriate at this stage.

      Finally, two additional considerations weigh against barring plaintiff from obtaining defendants' profits at this stage. First, facts elicited during discovery may be relevant to the Court's analysis of the Petrella factors. Second, defendants' position forecloses the possibility of a reduced award of infringer's profits because defendants seek to bar any investigation of defendants' profits whatsoever. It would be impossible to reduce an award of infringer's profits without first knowing what the infringers' profits are.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

2. Bifurcation of Liability and Damages

In the event that the Court does not bar plaintiff from obtaining equitable relief, defendants request that the Court bifurcate the trial and discovery in this matter into two phases: (1) liability and damages; and (2) equitable remedies. Defendants argue that this procedure would save the parties from needlessly discovering and calculating defendants' profits from the alleged infringement of plaintiff's copyright in *Khosara Khosara*, prior to any determination as to whether defendants are liable for infringement in the first instance. Plaintiff responds that bifurcation would require substantial duplication of effort, including the necessity of conducting two trials, resulting in witnesses having to testify twice. Plaintiff also states that bifurcation would result in additional costs, in the form of extra expert witness fees, as well as additional travel and lodging expenses for plaintiff, who resides in Egypt.

The Court agrees with plaintiff, and finds that bifurcation is inappropriate because it would result in substantial duplication of effort by all parties, and would further delay the resolution of this action, which has been pending before this Court for almost seven years. Cf. Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 866 (C.D. Cal. 1994) (finding that bifurcation of willfulness issue in patent infringement case from trial as to validity and infringement would "only complicate the instant proceedings and cause needless delay"). Indeed, the interests of judicial economy and the speedy resolution of cases weigh strongly in favor of discovery and trial in this action proceeding in the ordinary manner.

At oral argument, defendants argued that bifurcation is also appropriate because the amount of defendants' profits attributable to the alleged infringement of plaintiff's copyright in *Khosara Khosara* would be determined by the Court, and not a jury. Thus, according to defendants, bifurcation would require minimal duplication of effort because a second jury trial would not be necessary on the issue of defendants' profits. The Court finds this argument unpersuasive. Defendants' argument is grounded in the Supreme Court's statement in Petrella that the recovery of a copyright infringer's profits has a "protean character." Petrella, 134 S. Ct. at 1967 n.1. The Supreme Court found that this "protean character' justified treating the remedy of infringer's profits as equitable for the purposes of its decision in Petrella. However, Petrella makes no reference to whether the amount of an infringer's profits is properly tried to a jury or to a court. Moreover, it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | July 21, 2014 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

would be inappropriate for the Court to rule on that issue here because the parties have not briefed it.

Finally, the answer to that question has little bearing on whether bifurcation is appropriate because, as plaintiff notes, the amount of an infringer's profits may be relevant to the calculation of actual damages.  See Polar Bear Productions, Inc. v. Timex Corp., 384 F.3d 700, 709 (9th Cir. 2004) ("It is not improper for a jury to consider either a hypothetical lost license fee or the value of the infringing use to the infringer to determine actual damages, provided the amount is not based on 'undue speculation.'" (quoting McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 566 (7th Cir. 2003))).  Thus, evidence regarding the amount of defendants' profits that are attributable to the alleged infringement may be relevant to the jury's determination of a damages award, and therefore would be an appropriate subject of discovery prior to an adjudication of liability and damages.

## IV.     CONCLUSION

In accordance with the foregoing, plaintiff's motion for reconsideration is GRANTED.  To the extent that the Amended Order and the Reconsideration Order found that laches barred plaintiff's claims, those orders are hereby VACATED.

IT IS SO ORDERED.

|  | 00 | : | 40 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |