UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715-CAS (PJWx) | | Date | November 24, 2014 |
|---|---|---|---|---|
| Title | *Osama Ahmed Fahmy v. Jay-Z et al.* | | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|
| Jacob Yerke | XTR 11/24/2014 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Christina Johnson<br>Keith Wesley | Linda Burrow<br>Alexa Lewis<br>David Steinberg<br>Eric Pettit |

**Proceedings:** **Order re:** Plaintiff's Motion to Compel (Doc. No. 429)

Before the Court is Plaintiff Osama Ahmed Fahmy's motion to compel further discovery from Defendants. (Doc. Nos. 429.) Plaintiff requests: 1) information regarding Defendants' revenue from concerts at which the allegedly infringing work (*Big Pimpin'*) was performed; 2) license agreements for other music sampled by Defendants Jay-Z (aka Shawn Carter) and Timbaland (aka Timothy Mosely); 3) a multi-track recording of the song; and 4) responses to interrogatories regarding revenues and expenses related to the song. Plaintiff also seeks sanctions for the costs and attorney's fees incurred in bringing the motion.

Defendants filed a joint brief opposing the motion. (Opposition.) Defendant Carter joined in portions of that opposition but also filed his own brief. (Carter Opposition.) For the following reasons, the motion is granted in part and denied in part, each side to pay their own costs and attorney's fees.

Defendants' Concert Revenue

In Requests for Production Nos. 131-136, Plaintiff seeks information regarding revenue from concerts at which *Big Pimpin'* was performed. He hopes that by obtaining this data he will be able to discern what portion of the concert revenue is attributable to the song *Big Pimpin'* and recover damages based on that calculation. He claims that the Court already ruled that he was entitled to this information in its December 9, 2011, Summary Judgment Order (Doc. No. 309) and that such revenue is likely to be the largest component of his damages.

Defendants oppose the motion. They argue that the concert revenue data is irrelevant because it is not possible to segregate the value of a single song from a concert. Defendants Carter and Mosely point out that they have already produced all documents relating to performance royalties earned from *Big Pimpin'* during the statutory period. (Opposition at 5; Carter Opposition at 2.) They, too, cite the Court's summary judgment order and argue that it supports their position that additional discovery is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715-CAS (PJWx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | *Osama Ahmed Fahmy v. Jay-Z et al.* | | |

warranted because Plaintiff has failed to establish a nexus between his song and any concert revenues.

The Court reads the December 9, 2011 Order more broadly than Defendants. Based on its reading of that order, the Court orders Defendants Carter and Mosely to produce discovery relating to the concert revenues no later than December 19, 2014. (The other Defendants have represented that they do not have any documents relating to concert revenues and have agreed to reduce the representation to writing. They should do so no later than December 5, 2014.)

License Agreements

In Requests for Production Nos. 170-172, Plaintiff seeks to compel Defendants to produce license agreements relating to other sampling used in songs by Carter and Mosely. Plaintiff argues that these licenses are relevant to establish the fair market value of a license for *Khosara, Khosara*, the work allegedly infringed in *Big Pimpin'*.

Defendants disagree. They contend that Defendants' other license agreements are irrelevant because so many variables contribute to the value of a sampling license, such as the popularity and familiarity of the sampled work, the use and prominence of the track in the song for which it was licensed, the period in which it was licensed, the terms of the license, and the sophistication and leverage of the licensing parties. (Opposition at 8-12; Carter Opposition at 10-11.) They argue that, in order to obtain this discovery, Plaintiff must first establish that the requested licenses are comparable to what Defendants would have paid to sample *Khosara, Khosara* in 1999. In addition, they argue that it would be an enormous burden to turn over the agreements for every sample used by Jay-Z and Timbaland in their decades-long careers and that this burden outweighs any value to the information. (Opposition at 8-12; Carter Opposition at 12-13.)

The Court sides with Plaintiff. Obviously there are differences with every sampling license. But that is what experts are for. They can evaluate the songs, the sampling, and the licenses and compare them with one another to determine how comparable they are. They can then present their views to the factfinder and the factfinder can determine which side's argument is more reasonable.

The issue that remains is the scope of the production. Defendants argue that requiring production of all of the licenses over several decades would be burdensome, though they do not seem to know how many licenses there are. Plaintiff argues that, without that information, the Court cannot find that production would be burdensome. Despite the lack of concreteness, the Court will side with Defendants and, at least initially, only require them to produce their sampling licensing agreements for the two year period before and after the release of *Big Pimpin'*, from Jan 1, 1998 to December 31, 2001. The Court presumes that those licensing agreements would be the most relevant for establishing the fair market value of a hypothetical license of *Khosara, Khosara* in 1999. If, after receiving these license agreements, Plaintiff and his experts do not believe that they have sufficient information to establish the market value of the sampling license, Plaintiff may return and seek additional years/licenses and the Court will determine at that time if he is entitled to more.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715-CAS (PJWx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | *Osama Ahmed Fahmy v. Jay-Z et al.* | | |

Multi-Track Recording

Plaintiff requests that Defendants produce a multi-track recording of *Big Pimpin'*. Defendants have represented that they do not have possession, custody, or control of the multi-track recording. (Opposition at 6; Carter Opposition at 13.) Because the Court cannot order Defendants to produce something that they do not have, Plaintiff's request is denied.

Defendants have reported that the Los Angeles Police Department has the multi-track recording. Plaintiff may subpoena the LAPD for it or a copy of it. Defendants are to cooperate in providing Plaintiff with any additional information they have to help Plaintiff track down where in LAPD the recording is being held.

Interrogatory Responses

Finally, Plaintiff seeks to compel Defendants to respond to Interrogatories 26-29, which pertain to finances, revenues, and expenses related to *Big Pimpin'*. Defendants oppose the motion, pointing out that these interrogatories are beyond the 25 allowed under Rule 33 and that Plaintiff never obtained a court order or a stipulation before propounding them. Defendants further note that they have already agreed to make their accounting witnesses available for deposition and that Plaintiff will be able to learn what he needs to know in those depositions.

Plaintiff does not dispute that these interrogatories exceed the 25 interrogatory limit under Rule 33 and that he propounded them without obtaining a stipulation or permission from the Court to exceed the limit. He argues, however, that they are necessary because the financial information produced by Defendants is cryptic and he cannot understand it without further explanation.

The Court finds that the information is critical to Plaintiff's case and, had Plaintiff approached the Court with a request to exceed the 25 interrogatory limit before propounding the interrogatories, it would have allowed him to do so. For these reasons, the Court orders Defendants to respond to Interrogatories Nos. 26-29. The Court will, however, stay this part of the order until after Plaintiff deposes the accounting witnesses. If Plaintiff is satisfied after the depositions that he has the information he needs, Defendants will not have to respond to these interrogatories. If not, they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5715-CAS (PJWx) | Date | November 24, 2014 |
|---|---|---|---|
| Title | *Osama Ahmed Fahmy v. Jay-Z et al.* | | |

will. Either side may arrange for a hearing on the telephone if there is a dispute surrounding this part of the order.

      The Court finds that there was merit to both sides' positions and that the issues raised herein were legitimate discovery disputes. As such, the parties will bear their own costs and attorney's fees.

cc: all counsel of record

S:\PJW\Cases-X\Fahmy v. Jay Z\MO_P's motion to compel discovery Nov 2014.wpd

|  | : | 43 |
|---|---|---|
| Initials of Preparer | sr | |