BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Christina J. Johnson (State Bar No. 228869)
  cjohnson@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Osama Ahmed Fahmy

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>　　　　　　Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2**<br><br>Date:　January 12, 2015<br>Time:　11:00 a.m.<br>Crtrm.: 5<br><br>Pretrial Conference:<br>　　April 27, 2015, at 11:00 a.m.<br>Jury Trial Date:<br>　　May 12, 2015, at 9:30 a.m. |

491147.3

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION. ...........................................................................................1

II.  STANDARD OF REVIEW. ..........................................................................2

III. THE MAGISTRATE JUDGE'S ORDER SHOULD NOT BE ALTERED. ......................................................................................................3

    A.    The Concert Revenue Discovery Is Relevant. .......................................3

        1.    Plaintiff Was Not Required To Prove A Causal Nexus Between Jay-Z's Concert Revenues And The Infringement Before Obtaining Discovery Related To Those Revenues. ..........3

            a.    A Plaintiff Is Not Required To *Prove* His Entitlement To Damages Before Discovering Information Related Thereto. ............................................3

            b.    Jay-Z Cannot Cite A Single Case Supporting His Proposed New Framework Of Damages Discovery. .........4

        2.    Even Without Any Concert Revenue Discovery, Plaintiff Has Adduced Evidence Of A Relationship Between The Revenue And *Big Pimpin*. ............................................................6

            a.    Jay-Z Has Refused To Produce Discovery Relevant To The Relationship Between His Concert Revenue And *Big Pimpin*. ..................................................................6

            b.    Plaintiff Has Evidence Showing A Connection Between Concert Revenue And *Big Pimpin*. ......................7

    B.    The Burden In Producing The Concert Revenue Discovery Does Not Far Outweigh Its Relevance. ..........................................................9

    C.    Corrections To The Record. ................................................................12

IV.  CONCLUSION .............................................................................................13

491147.3

-i-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Balsley v. LFP, Inc.*,
    691 F.3d 747 (6th Cir. 2012) .................................................................................................. 5

*Beinin v. Center for The Study of Popular Culture*,
    2006 WL 4547171 (N.D. Cal. Oct. 31, 2006) ......................................................................... 3

*Bigelow v. RKO Radio Pictures, Inc.*,
    327 U.S. 251 (1946) ............................................................................................................... 12

*Bookhamer v. Sunbeam Products, Inc.*,
    2012 WL 5269677 (N.D. Cal. Oct. 23, 2012) ......................................................................... 2

*Burns v. Imagine Films Entertainment, Inc.*,
    164 F.R.D. 589 (W.D.N.Y. 1996) ........................................................................................... 3

*Caffey v. Cook*,
    409 F. Supp. 2d 484 (S.D.N.Y. 2006) ................................................................................. 9, 11

*Ellis v. J.P. Morgan Chase & Co.*,
    2014 WL 1510884 (N.D. Cal. Apr. 1, 2014) ........................................................................ 6, 8

*Forouhar v. Statoil ASA*,
    2011 WL 4080862 (N.D. Cal. Sept. 13, 2011) ........................................................................ 2

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
    772 F.2d 505 (9th Cir. 1985) ........................................................................................ 5, 11, 12

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
    2012 WL 849167 (S.D.Cal. Mar. 13, 2012) ......................................................................... 2, 3

*Grimes v. City & County of San Francisco*,
    951 F.2d 236 (9th Cir. 1991) .................................................................................................. 2

*Jarvis v. A & M Records*,
    827 F. Supp. 282 (D.N.J. 1993) .............................................................................................. 5

*Jarvis v. K2 Inc.*,
    486 F.3d 526 (9th Cir. 2007) .................................................................................................. 5

*Jones v. Sweeney*,
    2008 WL 3892111 (E.D. Cal. Aug. 21, 2008) .................................................................... 6, 11

# TABLE OF AUTHORITIES
## (cont'd)

Page(s)

*Mackie v. Rieser*,
 296 F.3d 909 (9th Cir. 2002) ...................................................................................5

*Merritt v. Int'l Bros. of Boilermakers*,
 649 F.2d 1013 (5th Cir. 1981) .................................................................................2

*Polar Bear Prods., Inc. v. Timex Corp.*,
 384 F.3d 700 (9th Cir. 2004) ...................................................................................5

*Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*,
 2011 WL 1434626 (D. Kan. Apr. 14, 2011) ...........................................................4

*Rich v. Shrader*,
 2013 WL 3710806 (S.D. Cal. July 11, 2013) .........................................................5

*Systems Am., Inc. v. Rockwell Software, Inc.*,
 2007 WL 1593219 (N.D. Cal. June 1, 2007) .........................................................4

*Universal Pictures Co. v. Harold Lloyd Corp.*,
 162 F.2d 354 (9th Cir. 1947) .................................................................................12

*Urband & Lazar Music Pub., Inc. v. Carter*,
 2009 WL 799759 (E.D. La. 2009) ..........................................................................4

**RULES**

Local Rule 37 ..............................................................................................................13

491147.3

-iii-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

## I.  INTRODUCTION.

Magistrate Judge Walsh did not clearly err or apply the wrong legal standard when compelling defendant Jay-Z to produce discovery related to revenue from concert performances.  To the contrary, the Magistrate Judge's ruling is logical and consistent with bedrock principles of copyright remedies and civil discovery, as well as a prior Order of this Court.

More specifically, the ruling is predicated on the following reasoning:

(1)  In this copyright infringement case, Plaintiff claims a portion of the profit from concerts wherein the infringing musical work (*Big Pimpin*) was performed.

(2)  This Court previously ruled that whether Jay-Z's profit from concerts is "direct" or "indirect" is an issue of fact, Doc. 309 at 16.  In other words, this Court acknowledged that, pursuant to controlling Ninth Circuit authority, Plaintiff has a legally cognizable claim to a portion of Jay-Z's concert revenue.  And the factfinder would ultimately determine (a) whether the concert revenue was related to the infringement, and, if so, whether the relationship was direct or indirect (which would affect the parties' respective burdens of proof in proving the amount of wrongful gain), and (b) the amount of wrongful gain, if any, to be disgorged.  To give Plaintiff an opportunity to prove his position on these points, the Court ordered Jay-Z "to respond to discovery requests that go to both the manner of advertising concerts as well as the revenues derived therefrom." *Id.* at 17.

(3)  The issues of (a) how Jay-Z was compensated for shows in which *Big Pimpin* was performed, and (b) the amount of such compensation are therefore relevant.

(4)  Thus, under the Federal Rules of Civil Procedure, Plaintiff is entitled to discovery related to (a) how Jay-Z was compensated for shows in which *Big Pimpin* was performed, and (b) the amount of such compensation.

The Magistrate Judge did not err, let alone clearly err, in so holding.  His

491147.3

-1-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

ruling should not be reversed.

## II.     STANDARD OF REVIEW.

Jay-Z is correct that the Magistrate Judge's ruling may be modified solely if it "is clearly erroneous or is contrary to law." Doc. 442 at 8:11-12. Plaintiff also agrees that the "clearly erroneous" standard is significantly deferential. *Id.* at n.3.

Plaintiff, however, disagrees that the "contrary to law" standard equates to *de novo* review. Although some district courts in this circuit have said that, the Ninth Circuit has held the opposite. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) ("[p]retrial orders of a magistrate under 636(b)(1)(A) are not subject to *de novo* determination"; and "[t]he reviewing court may not simply substitute its judgment for that of the deciding court."), quoting *Merritt v. Int'l Bros. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981); see also *Bookhamer v. Sunbeam Products, Inc.*, 2012 WL 5269677, at *2 (N.D. Cal. Oct. 23, 2012). Pursuant to the more deferential review endorsed by the Ninth Circuit in *Grimes*, an order is "contrary to law" only "if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Forouhar v. Statoil ASA*, 2011 WL 4080862, at *1 (N.D. Cal. Sept. 13, 2011); see also *Gabriel Techs. Corp. v. Qualcomm Inc.*, 2012 WL 849167 at **1-2 (S.D.Cal. Mar. 13, 2012) ("[D]ecisions by a magistrate judge regarding the scope and nature of discovery are 'afforded broad discretion.'").

Plaintiff respectfully submits that this Court should follow *Grimes* and its progeny. Regardless, the correct meaning of "contrary to law" is ultimately an academic question. Because the Magistrate Judge did not err at all, the standard of review is a distinction without an effect on the proper disposition of the motion.

491147.3

-2-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

## III. THE MAGISTRATE JUDGE'S ORDER SHOULD NOT BE ALTERED.

### A. The Concert Revenue Discovery Is Relevant.

Discovery related to Jay-Z's concert revenue is relevant to (a) whether Plaintiff is entitled to a portion of that revenue as a remedy for copyright infringement, and (b) the amount to which Plaintiff is entitled. The Magistrate Judge did not clearly err or apply the wrong law in so holding. None of Jay-Z's arguments to the contrary are persuasive.

### 1. Plaintiff Was Not Required To Prove A Causal Nexus Between Jay-Z's Concert Revenues And The Infringement Before Obtaining Discovery Related To Those Revenues.

#### a. A Plaintiff Is Not Required To *Prove* His Entitlement To Damages Before Discovering Information Related Thereto.

Where a civil case has not been bifurcated, a party is entitled to discovery regarding damages even though the party has not yet proven that damages will be awarded by (or even get to) the trier of fact. Doc. 433, Reply in Support of Motion to Compel, at 2:5-4:24. That principle applies equally in copyright cases involving claims for the defendant's wrongful gain.[1]

---

[1] *Id.* at 3:2-4:24, citing *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592 (W.D.N.Y. 1996) (ordering discovery because "[a]s public association of Backdraft with the Backdraft Attraction promoted or elevated the public's interest in the Backdraft Attraction, some profits of the Backdraft Attraction *may* be indirectly attributable to any infringement of the Plaintiffs' screenplays, and the information requested in the Discovery Request *may* be relevant in calculating the damages for any infringement."); *Beinin v. Center for The Study of Popular Culture*, 2006 WL 4547171, at *3 (N.D. Cal. Oct. 31, 2006) ("The Center argues that Beinen will not be able to prove a sufficient nexus between the use of the photograph and other revenues so as to permit recovery of such 'indirect profits.' The Center may well ultimately be able to persuade the trial judge or a trier of fact that issues of causation (footnote continued)

### b. Jay-Z Cannot Cite A Single Case Supporting His Proposed New Framework Of Damages Discovery.

Jay-Z asked the Magistrate Judge to disregard the standard framework of civil discovery described *supra*. Jay-Z asked him to conclude that, before a plaintiff may obtain damages discovery, the plaintiff first must affirmatively *prove* an entitlement to damages. Of course, the entire *raison d'etre* of discovery is to aid a party in unearthing evidence that will assist in proving a claim; it is not a reward to a party who demonstrates he can already prove his claim. Therefore, it comes as no surprise that Jay-Z could not cite to the Magistrate Judge a single case supporting his novel proposal. And how can a Magistrate Judge's decision be "contrary to law" when the party challenging that decision cannot cite a single contrary case that is on point?

Nor did Jay-Z remedy this deficiency in his briefing before this Court. Most

---

and speculation preclude recovery for some or all of the 'indirect profits,' but that is a question that must be decided on a complete factual record. As limited, these requests are reasonably calculated to lead to the discovery of admissible evidence."); *Systems Am., Inc. v. Rockwell Software, Inc.*, 2007 WL 1593219, at *2 (N.D. Cal. June 1, 2007) (("Rockwell points to the fact that Systems America must establish a 'causal link' between Rockwell's alleged infringement and the sales of other non-infringing products before it can recover any profits from those other sales. [But] Rockwell relies on cases discussing the circumstances under which indirect profits are *recoverable* at trial on a full record; such cases are only indirectly relevant to the question of what is *discoverable*."); see also *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, 2011 WL 1434626, at *1 (D. Kan. Apr. 14, 2011) (rejecting argument that the court "should make a threshold determination that there is evidence to support certain types of damages in this case in order for them to be relevant and discoverable" because "[t]his is not the standard"); *Urband & Lazar Music Pub., Inc. v. Carter*, 2009 WL 799759, at *1 (E.D. La. 2009) (compelling revenue from sale of album even though infringing song did not appear thereon because "there was speculation as to whether the allegedly infringing song would appear on Carter's studio album 'Tha Carter III.' Ultimately, it did not; however, plaintiff submits that it 'created a buzz' and free advertising for Carter.").

491147.3

-4-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

of the cases to which he cites hold that the <u>recovery</u> of <u>indirect</u> profits is possible only when a causal connection is established by the plaintiff at trial.[2]  Here, however, the profits from Jay-Z shows may be deemed direct, thus shifting the burden to him to prove that they were not caused by the infringement.  Doc. 309 at 12; see also *Balsley v. LFP, Inc.*, 691 F.3d 747, 770 (6th Cir. 2012) (where allegedly infringing photograph was published in Hustler magazine, plaintiff sustained initial burden in proving amount of wrongful profit by submitting evidence of revenue from the magazine issue, even though defendant argued that none of the profit was attributable to the infringing picture).

Regardless, the more fundamental point is that <u>discoverability</u> is wholly separate and distinct from <u>recoverability</u>.  If the opposite were true, and discoverability equated to recoverability, then every civil case would be bifurcated, and no damages discovery would occur until after a jury found liability.  Indeed, taken to its logical conclusion, Jay-Z's framework would put an end to civil discovery as we know it.  After all, if discovery is only available if a party has proven his or her claim or defense, then what's the need for discovery at all?  Just proceed straight to trial.

Other cases cited by Defendant do not even pertain to damages-related discovery at all, but merely embody the axiom that discovery must be "relevant."  *See, e.g.*, *Rich v. Shrader,* 2013 WL 3710806, at *8 (S.D. Cal. July 11, 2013) ("The

---

[2]  *See, e.g.*, *Jarvis v. K2 Inc.*, 486 F.3d 526, 533 (9th Cir. 2007) (damages evidence too speculative to support finding in trial court); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (recovery denied); *Mackie v. Rieser*, 296 F.3d 909, 916 (9th Cir. 2002) (denying summary judgment because "we conclude that Mackie has not proffered nonspeculative evidence that is sufficient to create a triable issue of fact"); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985) (trial court was allowed to disregard a measure of damages at the judgment stage); *Jarvis v. A & M Records*, 827 F. Supp. 282, 294 n.6 (D.N.J. 1993) (claims for profits denied as too speculative).

491147.3

-5-

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

Court concurs that the majority of Plaintiff's requests are a fishing expedition into issues that are not relevant to Plaintiff's theory of liability detailed above."); *Ellis v. J.P. Morgan Chase & Co.*, 2014 WL 1510884, at *3 (N.D. Cal. Apr. 1, 2014) (a letter deemed irrelevant and non-discoverable).

In sum, there is not a single federal case supporting the novel rule that Jay-Z asked the Magistrate Judge to apply. It is Jay-Z's position, not that of the Magistrate Judge, that is "contrary to law."[3]

### 2. Even Without Any Concert Revenue Discovery, Plaintiff Has Adduced Evidence Of A Relationship Between The Revenue And *Big Pimpin*.

#### a. Jay-Z Has Refused To Produce Discovery Relevant To The Relationship Between His Concert Revenue And *Big Pimpin*.

The wall Jay-Z has erected to prohibit access to his concert revenue has blocked more than Plaintiff's ability to discover the <u>amount</u> of that revenue. He – along with his current promoter Live Nation – has categorically blocked Plaintiff from discovering all information related to concert revenues.[4] For example,

---

[3] Plaintiff is not so bold as to tell this Court what it meant when it ordered the defendants "to respond to discovery requests that go to both the manner of advertising concerts and the revenues derived therefrom." Jay-Z tries to do so, Doc. 442 at 11:16-12:9, but he did not make that argument to the Magistrate Judge, and thus it is waived. *Jones v. Sweeney*, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) ("Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief."). Regardless, the language in the prior Order is plain and unambiguous; it speaks for itself.

[4] The fact that Jay-Z has produced information related to performance royalties, Doc. 442 at 13:1-16, is a red herring at best. A defendant is required to produce discovery on all categories of claimed damages, not just those that the defendant thinks are most suitable to the case.
(footnote continued)

491147.3

-6-

Plaintiff has no idea how Jay-Z has made money from any of his performances (e.g., lump sum payments, percentage of ticket revenue, something else?), whether Jay-Z is paid a premium for shows at which he performs certain hits such as *Big Pimpin*, whether the agreements between Jay-Z and his promoters require him to perform hits such as *Big Pimpin*, etc. Those questions, and more, are relevant to the existence of a connection between the infringing work and revenue from concerts at which it is performed.[5]

### b. Plaintiff Has Evidence Showing A Connection Between Concert Revenue And *Big Pimpin*.

Nevertheless, even without access to a single shred of discovery from the defendants or related persons and entities on the subject of concert revenue, Plaintiff has still adduced evidence showing a reasonable relationship and/or causal connection between *Big Pimpin* and Jay-Z's concert revenue. The evidence supports the following material points.

First, Jay-Z performs *Big Pimpin* at the vast majority, if not all, of his concerts.[6] Doc. 433 at 6:5-14 & n.4.

Second, although Jay-Z claims that he does not use *Big Pimpin* to advertise

---

[5] Moreover, the amount of revenue from each show may also tend to show a connection between the revenue and *Big Pimpin*. For example, if Jay-Z makes more at the shows at which *Big Pimpin* is performed, that could be a qualitative indication that he profits from performing the infringing work.

[6] Jay-Z's attorneys say he did not in fact perform *Big Pimpin* at every single show, Doc. 442 at 14:25-26, but Jay-Z himself could not recall a single concert at which he did not perform the song, Doc. 429 at 2, quoting Jay-Z depo at 133:16-23, and the lone set list to which Jay-Z's attorneys cite is contradicted by a MTV article that describes Jay-Z performing *Big Pimpin* at the tour in question. Doc. 433-3, Wesley Decl., Ex. 9. Regardless, if Jay-Z performed *Big Pimpin* at 95% of his shows, Plaintiff's point – i.e., that Jay-Z fans want, and have come to expect, him to perform *Big Pimpin* – is still supported by the evidence.

491147.3
-7-
PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

his concerts, third parties do. *Id.* at 7:4-8:1. For example:

- Ticketmaster's Jay-Z webpage touts Jay-Z's album "Vol. 3 Life and Times of S. Carter … with hits like 'Big Pimpin.'" Doc. 433-2, Ex. 2 (PL 00624).

- StubHub's Jay-Z webpage describes a typical Jay-Z concert experience as follows: "You have been waiting for months, if not years, for this night to come and finally as the lights lower you begin to see Jay Z making his way out onto the stage. The crowd erupts in applause as the talented performer approaches the mic. A hush falls aver the crowd as Jay Z thanks them and launches into a fan favorite like **Big Pimpin'**." *Id.* (PL 00626) (emphasis added).

- Media outlets create the expectation among the purchasing public that they will hear *Big Pimpin* at Jay-Z's concerts. For example:

  - An article describing this year's Magna Carter World Tour entitled "Jay-Z in Cleveland: What to expect when the 'Magna Carter World Tour' comes to The Q Wednesday night" states: "While Jay-Z is sure to play more than a dozen songs from his latest album 'Magna Carter Holy Grail' (and rightfully so), recent performances have featured a run of back-to-back songs that looks something like: '**Big Pimpin'**,' 'N\*\*\*a What, N\*\*\*a Who (Originator 99),' 'Dirt Off Your Shoulder' and 'I Just Wanna Love You (Give It To 2 Me).' *Id.* (PL 00628) (emphasis added).

  - A *Boston Magazine* article titled "Six things to Know About Beyonce and Jay Z's 'On The Run' Tour" states: "Expect everything (literally everything) from Jay's '**Big Pimpin**' and 'Coco Ford' to Yonce's 'Love on Top' and 'XO,' as well as

couple collabs like 'Drunk in Love' and 'Part II (On the Run).'"

*Id.* (PL 00630) (emphasis added).

<u>Third</u>, the success of *Big Pimpin* had a material effect on the upward trajectory of Jay-Z's career.  Doc. 433 at 8:2-21.  It is no exaggeration that Jay-Z would not be the musical icon that he is today but for a handful of cross-over hits that resonated with mainstream America.  One of the handful is *Big Pimpin*.

Plaintiff unearthed evidence of the foregoing (a) without any discovery from Jay-Z or related entities, and (b) prior to any expert testimony and discovery.  If Plaintiff's showing of relevance is inadequate to obtain discovery on concert revenue, then concert revenue may as well be deemed off limits in any copyright infringement case.  That, however, is not the law, as this Court correctly held in its December 9, 2011 Order.[7]  Doc. 309 at 10-16; see also *Caffey v. Cook*, 409 F. Supp. 2d 484, 502-04 (S.D.N.Y. 2006) (awarding wrongful profits in copyright infringement case based on revenue from concerts wherein the infringing compilation was performed).

**B.   <u>The Burden In Producing The Concert Revenue Discovery Does Not Far Outweigh Its Relevance.</u>**

The Magistrate Judge did not clearly err or apply the wrong law in rejecting Jay-Z's argument that the burden of producing concert revenue discovery far outweighs its relevance.  That is true for several reasons.

<u>First</u>, the only evidence of burden came in the form of a declaration of Jay-Z's accountant, Kashyap Bakhai.  (Doc. 432, Bakhai Decl.)  The Magistrate Judge did not clearly err in discounting or ignoring that evidence for several reasons.

---

[7]   Nor <u>should</u> it be the law in a time when, due to the decline of album sales, revenue from performances is an increasingly integral source of income for many performing artists.

- Mr. Bakhai's estimate that the production would take "hundreds of hours" was vague and boilerplate. Missing is any indication of, for example, (a) where, how, or in what form the requested information is maintained, (b) who would be responsible for compiling the information, or (c) what, if anything, was done to investigate the purported burden.

- Mr. Bakhai strongly implies that neither he nor anyone associated with him has even started to look for the requested information.[8] (*Id.*, ¶7 ("We would need to search on a concert-by-concert basis for invoices and other contemporaneous documents reflecting concert revenues paid to Mr. Carter and the overhead associated with the generation of those revenues.").) Moreover, the motion itself adds the caveat "even if such documents exist", which indicates that no one else affiliated with Jay-Z has bothered to look for them either. Doc. 442 at 18:2-3.

- The declaration came from a witness with strong ties to Jay-Z, thus raising the specter of bias.

- The implication in the declaration that no person or entity has an active electronic database documenting the amount of concert revenue from any Jay-Z shows is incredible. Concert promoters – particularly sophisticated entities who promote large-scale shows such as Jay-Z concerts – have a compelling interest in determining how much money they made and paid (or have to pay) to artists, vendors, venues, etc. Their entire business, and the businesses of others involved in the

---

[8] Considering this Court's December 2011 Order directing the defendants to respond to concert revenue-related discovery, Jay-Z's failure even to begin searching for concert revenue discovery is either disingenuous or irresponsible. Either way, any cry of burden should now ring hollow.

491147.3
-10-
PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF
NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

shows, depends on those figures. It defies credulity that no one affiliated with Jay-Z has readily accessible information related to the revenue from his shows.[9]

Based on the factors above, the Magistrate Judge could have found that the Bakhai declaration consisted of nothing more than self-serving speculation designed to create an appearance of burden that may not really exist.[10]

<u>Second</u>, even if the Bakhai declaration is accepted at face value, the Magistrate Judge did not clearly err in finding that the burden described therein did not substantially outweigh the importance of the requested information. Moreover, the Magistrate Judge could have noted that Jay-Z is positioned financially to be able to handle the claimed burden without it becoming truly "undue."

<u>Third</u>, Jay-Z's argument about the burden of proving a reasonable apportionment of concert revenues was waived because it was not presented to the Magistrate Judge. *Jones*, *supra*, 2008 WL 3892111, at *2. Regardless, even if the argument had been preserved, it would not have changed the outcome. The question of a reasonable apportionment is a challenge in every copyright case. The factors listed by Jay-Z on pages 18 and 19 of the motion were present in *Frank Music*; they were present in *Caffey*; and they are present in this case. No court has ever held that the burden of apportioning a particular category of wrongful profits is a ground for denying those profits altogether. Indeed, the Supreme Court and Ninth Circuit have

---

[9] Plaintiff served a document subpoena on Jay-Z's current promoter, Live Nation. It refused to comply with the subpoena until the Magistrate Judge issued his ruling. Apparently, it is now refusing to comply until this Court reviews the ruling.

[10] Any concerns regarding confidentiality are adequately addressed by the stipulated protective order governing disclosures in this litigation. Plaintiff's counsel takes seriously its obligations under that order, and there is no reason to believe its handling of the information at issue herein would be any different than its handling of other confidential documents previously produced in this litigation (and in other litigations involving similarly sensitive information).

held the opposite – i.e., that the burden of apportioning wrongful gain (and corresponding risk that the plaintiff may be overcompensated) should be borne by the infringer.  *See, e.g., Frank Music Corp.,* 772 F.2d at 514 ("Any doubt as to the computation of costs or profits is to be resolved in favor of the plaintiff."); *Universal Pictures Co. v. Harold Lloyd Corp.*, 162 F.2d 354, 369 (9th Cir. 1947), quoting *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 265 (1946) ("The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.").

In sum, the Magistrate Judge did not clearly err or apply the wrong law in overruling Jay-Z's "undue burden" objection.

### C. Corrections To The Record.

Plaintiff feels compelled to respond to two other implications in Jay-Z's motion.  The implications were not necessary to the motion.  Nor are they relevant to the Court's disposition of the motion.  Nevertheless, because Jay-Z injected them into the written record of this case, Plaintiff briefly and reluctantly responds thereto.

First, Jay-Z implies that Plaintiff did not pursue concert revenue discovery with any urgency.  In support of that implication, Jay-Z notes that (a) as of December 2011, Plaintiff had not served discovery related to concert revenues, "despite having litigated this case for more than four years," and (b) Plaintiff delayed in following up on the objections lodged to Plaintiff's requests for concert revenue discovery.  Doc. 442 at 4:14-27.  What Jay-Z inexplicably omits is that this Court had barred Plaintiff from seeking the aforementioned discovery during the "more than four years" prior to the December 2011 Order.  As this Court may recall, discovery in this case was phased and/or stayed for almost its entire lifespan.  (A chronology of the phases and stays is set forth at Doc. 433 at page 10.)  It is beyond the pale for Jay-Z to contend that Plaintiff should be faulted for failing to pursue concert revenue discovery earlier, when Jay-Z knows full well (and relied upon to

491147.3

-12-

his benefit) the phasing and stays that tied Plaintiff's hands.

<u>Second</u>, Jay-Z represents that Plaintiff made "an end-run around Local Rule 37," implying that Plaintiff unilaterally chose not to comply with that local rule. Doc. 442 at 6:11-12.  That is not true either.  In initiating the Motion to Compel, Plaintiff's counsel contacted Magistrate Judge Walsh's clerk by telephone prior to submitting the dispute in writing, <u>as previously directed by Magistrate Judge Walsh</u>. Although Plaintiff agreed with the Magistrate Judge's alternative procedure for evaluating this discovery dispute, it was the Magistrate Judge – not Plaintiff – who directed how the briefing and hearing of the Motion to Compel should proceed. And the defendants were not excluded from the process at all.

## IV.   CONCLUSION.

For all of the reasons set forth above and in Plaintiff's motion to compel, Plaintiff respectfully requests that the Court deny Jay-Z's Motion for Review and order him to produce the requested discovery forthwith.

Dated:  December 16, 2014         BROWNE GEORGE ROSS LLP
                                  Peter W. Ross
                                  Keith J. Wesley
                                  Christina J. Johnson

                                  By:   s/ Keith J. Wesley
                                        Keith J. Wesley
                                  Attorneys for Plaintiff Osama Ahmed Fahmy

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On December 16, 2014, I served true copies of the following document(s) described as **PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(A) AND L.R. 72-2** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 16, 2014, at Los Angeles, California.

Diane Torosvan

491147.3

PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN C. CARTER (PKA JAY-Z)'S MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division - Case No. 2:07-CV-05715 CAS (PJWx)**

| | |
|---|---|
| Linda M. Burrow<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.: (213)629-9040<br>Fax: (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Jay-Z (aka Shawn Carter) |
| Russell J. Frackman, Esq.<br>Alexa L. Lewis, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Tel.: (310)312-2000<br>Fax: (310)312-3100<br>Email: rjf@msk.com<br>all@msk.com | Attorneys for Defendants Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc. |

491147.3