1  CALDWELL LESLIE & PROCTOR, PC
   LINDA M. BURROW, State Bar No. 194668
2    *burrow@caldwell-leslie.com*
   ERIC S. PETTIT, State Bar No. 234657
3    *pettit@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Defendant
   SHAWN C. CARTER (pka Jay Z)

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  OSAMA AHMED FAHMY, an          Case No. 07-CV-05715 CAS (PJWx)
    individual,
                                   The Honorable Christina A. Snyder
12            Plaintiff,

13       v.                        **REPLY IN SUPPORT OF**
                                   **DEFENDANT SHAWN C. CARTER**
14  JAY-Z (aka SHAWN CARTER),      **(PKA JAY Z)'S MOTION FOR**
    TIMOTHY MOSELY, KYAMBO         **REVIEW OF NON-DISPOSITIVE**
15  JOSHUA, BOB BOURDON, BRAD      **RULING OF MAGISTRATE**
    DELSON, MIKE SHINODA, DAVE     **UNDER FRCP 72(a) AND L.R. 72-2**
16  FARRELL, JOSEPH HAHN, CHESTER
    BENNINGTON, BIG BAD MR. HAHN
17  MUSIC, CHESTERCHAZ
    PUBLISHING, EMI BLACKWOOD
18  MUSIC, INC., EMI MUSIC         Date:    January 12, 2015
    PUBLISHING LTD., KENJI         Time:    11:00 a.m.
19  KOBAYASHI MUSIC, LIL LULU      Ctrm:    5
    PUBLISHING, MACHINE SHOP
20  RECORDINGS, LLC, MARCY
    PROJECTS PRODUCTIONS II, INC.,
21  MTV NETWORKS ENTERPRISES
    INC., NONDISCLOSURE            Discovery Cutoff: Nov. 28, 2014
22  AGREEMENT MUSIC, PARAMOUNT     Trial Date:       May 12, 2015
    HOME ENTERTAINMENT, INC.,
23  PARAMOUNT PICTURES
    CORPORATION, RADICAL MEDIA,
24  ROB BOURDON MUSIC, ROC-A-
    FELLA RECORDS, LLC,
25  TIMBALAND PRODUCTIONS, INC.,
    UMG RECORDINGS, INC.,
26  UNIVERSAL MUSIC AND VIDEO
    DISTRIBUTION, INC., AND WARNER
27  MUSIC INC.,

28            Defendants.

CALDWELL
LESLIE &
PROCTOR

1
2

# **TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION .......................................................................... 1

II.    THE MAGISTRATE'S ORDER WAS CONTRARY TO LAW .................... 3

A.     Plaintiff Fails to Show Any "Causal Nexus" Between "Khosara Khosara" and Mr. Carter's Concert Revenues ........................................ 3

B.     Mr. Carter Has Already Produced Concert-Related Discovery, Which Confirms The Lack Of A Causal Nexus ................................. 5

C.     The Magistrate's Order Should Be Reversed ................................ 7

1.     Plaintiff Mischaracterizes the Relevant Law and Facts ............... 7

(a)     Although Plaintiff Incorrectly Asserts Otherwise, This Court Reviews the Magistrate's Order *De Novo* ....... 7

(b)     Plaintiff Mischaracterizes His Own Position Below in an Effort to Avoid the Standard of Review .................. 8

(c)     Plaintiff Mischaracterizes Mr. Carter's Position ............... 9

2.     Plaintiff's Purported "Evidence" Does Not Satisfy His Threshold Burden ........................................................ 11

III.   COMPLIANCE WITH THE MAGISTRATE'S ORDER WOULD IMPOSE AN UNDUE BURDEN THAT FAR OUTWEIGHS ANY PROBATIVE VALUE OF THE DISCOVERY PLAINTIFF SEEKS .......... 14

A.     The Magistrate's Order Neither Addressed The Burden Of Compliance Nor Disputed The Credibility Of The Bakhai Declaration ...................................................................... 14

B.     Plaintiff's Attacks On Mr. Bakhai's Credibility Are Unwarranted And Lack Merit .................................................................. 14

C.     Gathering And Producing Confidential Concert Revenues Will Impose An Undue Burden And Needlessly Complicate Issues At Trial ...................................................................................... 16

IV.    CONCLUSION .......................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
  508 F.Supp. 798 (S.D.N.Y. 1981), *modified*, 722 F.2d 988 (2d Cir. 1983) ........................................................................................... 2

*Balsley v. LFP, Inc.*,
  691 F.3d 747 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 944 (2013) ....................... 5

*Beinin v. Center for The Study of Popular Culture*,
  No. C06-2298JWRS, 2006 WL 4547171 (N.D. Cal. Oct. 31, 2006) .................. 10

*Blundell v. County of Los Angeles*,
  467 Fed. Appx. 595 (9th Cir. 2012) ....................................................... 8

*Burns v. Imagine Films Entm't, Inc.*,
  164 F.R.D. 589 (W.D.N.Y 1996) ................................................. 10, 12

*Burns v. Imagine Films Entm't, Inc.*,
  No. 92-CV-2438, 2001 WL 34059379 (W.D.N.Y. Aug. 23, 2001) ............... 4, 10

*Caffey v. Cook*,
  409 F.Supp.2d 484 (S.D.N.Y. 2006) ........................................................ 4

*Crispin v. Christian Audigier, Inc.*,
  717 F.Supp.2d 965 (C.D. Cal. 2010) .................................................. 7, 11

*Dash v. Mayweather*,
  731 F.3d 303 (4th Cir. 2013) ...................................................... 3, 16, 17

*Ellis v. J.P. Morgan Chase & Co.*,
  No. 12-cv-03897-YGR (JCS), 2014 WL 1510884 (N.D. Cal. Apr. 1, 2014) ................................................................................... 3, 10, 11

*Forouhar v. Asa*,
  No. C 10-3623 SBA, 2011 WL 4080862 (N.D. Cal. Sept. 13, 2011) ................. 8

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,
  772 F.2d 505 (9th Cir. 1985) ................................................................ 4

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
   2012 WL 849167 (S.D. Cal. Mar. 13, 2012)........................................................8

*Grimes v. City & County of San Francisco*,
   951 F.2d 236 (9th Cir. 1991) ..............................................................................8

*Jarvis v. A&M Records*,
   827 F.Supp. 282 (D.N.J. 1993) ..........................................................................4

*Jarvis v. K2 Inc.*,
   486 F.3d 526 (9th Cir. 2007) ..............................................................................4

*Jones v. Sweeney*,
   No. 1:04-CV-6214 AWI DLB, 2008 WL 3892111 (E.D. Cal. Aug.
   21, 2008) .............................................................................................................9

*Mackie v. Reiser*,
   296 F.3d 909 (9th Cir. 2002) ........................................................................5, 17

*Mattel, Inc. v. MGA Entm't, Inc.*,
   No. CV 04-9049 DOC, 2010 WL 3705864 (C.D. Cal. Sept. 2, 2010) ................2

*Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*,
   917 F.Supp. 717 (S.D. Cal. 1996) ......................................................................7

*MJG Enters., Inc. v. Cloyd*,
   No. CV-10-0086-PHX-MHM, 2010 WL 3842222 (D. Ariz. Sept.
   27, 2010) ...........................................................................................................13

*Polar Bear Prods., Inc. v. Timex Corp.*,
   384 F.3d 700 (9th Cir. 2004) ..........................................................................4, 5

*Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*,
   2011 WL 1434626 (D. Kan. Apr. 14, 2011) ....................................................11

*Rich v. Shrader*,
   No. 09-CV-0652-AJB(BGS), 2013 WL 3710806 (S.D. Cal. July 11,
   2013) ................................................................................................1, 3, 10, 11

*Rogers v. Koons*,
   960 F.2d 301 (2d Cir. 1992) .............................................................................17

*Systems America, Inc. v. Rockwell Software, Inc.*,
   No. C03-02232 JF(RS), 2007 WL 1593219 (N.D. Cal. June 1, 2007) ...............10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Ortiz-Merida*,
      224 Fed. Appx. 583 (9th Cir. 2007) ..................................................... 13

*Urband & Lazar Music Pub., Inc. v. Carter*,
      No. 08-3566, 2009 WL 799759 (E.D. La. Mar. 23, 2009).................................. 10

**STATUTES**

17 U.S.C. § 504(b) ........................................................................... 16

**OTHER AUTHORITIES**

Fed.R.Civ.P. 26(b)(1) .............................................................. 1, 3, 10

Fed.R.Civ.P. 26(b)(2)(C) ............................................................... 16

CALDWELL
LESLIE &
PROCTOR

REPLY IN SUPPORT OF DEFENDANT CARTER'S MOTION FOR REVIEW OF MAGISTRATE ORDER

# I.    INTRODUCTION

In granting Plaintiff's Motion to Compel, the Magistrate Judge construed this Court's December 2011 Order (ECF No. 309) to require Defendant Carter to produce highly-sensitive documents containing nearly ten years of concert revenues and associated costs, even if, as is the case here, Plaintiff cannot offer any evidence that those revenues are in any way relevant to this case.  For *any* portion of Mr. Carter's concert revenues to be recoverable (and thus for the amount of those revenues to be relevant), Plaintiff will have to prove that consumers purchased tickets to Jay Z concerts because—and only because—of the use of the musical composition "Khosara Khosara" in the song *Big Pimpin'*.  Plaintiff offers no such evidence whatsoever, but relies instead on rank speculation and surmise, none of which satisfies Plaintiff's threshold burden to show a "causal nexus" between the alleged infringement and Mr. Carter's concert profits.  *See* Fed.R.Civ.P. 26(b)(1); *see also Rich v. Shrader*, No. 09-CV-0652-AJB(BGS), 2013 WL 3710806, at *8-9 (S.D. Cal. July 11, 2013) (denying motion to compel production of documents where plaintiff failed to meet his burden to show relevance).

Plaintiff argued below, and the Magistrate Judge agreed, that Plaintiff need not establish the relevance of Mr. Carter's concert revenues, based on this Court's December 2011 Order rejecting Plaintiff's request that this Court establish Plaintiff's entitlement to concert revenues as a matter of law.  *See* ECF No. 429 at 2 ("Motion to Compel") (citing ECF No. 309 at 17); ECF No. 436 at 1-2 ("Magistrate's Order").  The Magistrate Judge misconstrued this Court's December 2011 Order, and the Magistrate's Order should therefore be reversed for at least the following reasons:

- *First*, the December 2011 Order does not relieve Plaintiff of his burden to show that Mr. Carter's concert revenues are related to the use of "Khosara Khosara" when *Big Pimpin'* is performed—the only way in which they could be relevant.  Indeed, Plaintiff not only fails to meet

this burden, he fails to mention "Khosara Khosara" in his Opposition at all.  *See generally* ECF No. 443.  At most, Plaintiff establishes what is not in dispute—that *Big Pimpin'* is played in most, although not all, of Mr. Carter's concerts.  Plaintiff offers no evidence, however, that any consumer purchased a ticket to any Jay Z concert to hear "Khosara Khosara," and in the absence of such evidence, Mr. Carter's concert revenues are wholly irrelevant.

- *Second*, Plaintiff's Opposition ignores the fact that Mr. Carter has produced evidence of record sales and performance royalties, which are relevant to Plaintiff's damage calculation (and which themselves must be apportioned between the use of "Khosara Khosara" and the myriad other factors to which these revenues can be attributed).  *See ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 508 F.Supp. 798, 799-800 (S.D.N.Y. 1981), *modified*, 722 F.2d 988 (2d Cir. 1983) (listing "performance royalties," but not concert profits, as among the categories of damages that may be attributed to the unauthorized use of Plaintiff's composition in the George Harrison hit "My Sweet Lord," which infringed Plaintiff's work).

- *Third*, Plaintiff fails to contravene the evidence showing that the burden on Mr. Carter of producing his concert revenue information would be immense, and would far outweigh any potential relevance of that information to Plaintiff's claim.  *See Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049 DOC (RNBx), 2010 WL 3705864, at *1 (C.D. Cal. Sept. 2, 2010) (rejecting discovery where potential relevance was "greatly outweighed" by the burden on the producing party).

- *Fourth*, Plaintiff fails to provide *any* rubric or guidelines for how concert profits could be apportioned to the alleged use Plaintiff's composition to one song performed at concerts and to what extent, *see*

REPLY IN SUPPORT OF DEFENDANT CARTER'S MOTION FOR REVIEW OF MAGISTRATE ORDER

*Dash v. Mayweather*, 731 F.3d 303, 326 (4th Cir. 2013) (rejecting expert report on the ground that it failed to establish any connection between alleged infringement and the defendant's profits), further evidence that no "nexus" between Mr. Carter's concert profits and "Khosara Khosara" exists.

Plaintiff has had ample opportunity, in the fourteen years since he discovered Defendants' alleged infringement, *see* ECF No. 309 at 2, and in the more than seven years since he filed this case, to adduce evidence linking Mr. Carter's concert profits to the alleged use of a portion of "Khosara Khosara" in *Big Pimpin'*. Plaintiff's Opposition—like his previous filings—contains no evidence of any such nexus, and the only reasonable conclusion is that no evidence does, or ever will, exist as any such claim to a miniscule portion of concert profits is complete speculation, at best. Plaintiff cannot rely on speculation alone. This Court should reverse the Magistrate's Order and deny Plaintiff's Motion to Compel Mr. Carter to produce his concert revenues.

## II.   THE MAGISTRATE'S ORDER WAS CONTRARY TO LAW

### A.   *Plaintiff Fails to Show Any "Causal Nexus" Between "Khosara Khosara" and Mr. Carter's Concert Revenues*

As set forth in detail in Mr. Carter's opening brief, Plaintiff is not entitled to *any* discovery unless he can satisfy the relevancy requirements in Federal Rule of Civil Procedure 26(b)(1), and the Magistrate's Order to the contrary was in error. *See, e.g., Ellis v. J.P. Morgan Chase & Co.*, No. 12-cv-03897-YGR (JCS), 2014 WL 1510884, at *3 (N.D. Cal. Apr. 1, 2014); *Rich*, 2013 WL 3710806, at *8. The issue is *not*, as Plaintiff seems to claim, whether he can show that Mr. Carter performed *Big Pimpin'* in concert, a fact that is not in dispute. *See* ECF No. 436 at 1. Instead, as this Court observed in its December 2011 Order, Plaintiff must establish a "causal nexus" between the use of "Khosara Khosara" when *Big Pimpin'* is performed in concert and Mr. Carter's profits from those concerts—in other words, that the

alleged use of a portion of "Khosara Khosara" in *Big Pimpin'* was the reason consumers purchased tickets to Mr. Carter's concerts, even though they would not know, at the time they purchased tickets, whether *Big Pimpin'* or "Khosara Khosara" would even be performed.  *See* ECF No. 309 at 11; *see also, e.g., Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (rejecting claims for profits that are only "remotely and speculatively attributable to [the] infringement") (citation omitted); *Jarvis v. A&M Records*, 827 F.Supp. 282, 294 n.6 (D.N.J. 1993) (holding that plaintiff's "profits from defendants' performances of plaintiff's song . . . must be denied as too speculative").  Plaintiff offered no evidence of such a nexus, either below or in his Opposition.  Indeed, Plaintiff does not mention "Khosara Khosara" in his Opposition at all, much less offer any evidence, authority or argument to support the notion that any portion of concert profits are attributable to the possibility that one may hear a portion of "Khosara Khosara" if and when *Big Pimpin'* is performed.  *See generally* ECF No. 443.[1]

Although Plaintiff appears to believe that the relevance requirement does not apply to damages discovery, *see, e.g.,* ECF No. 443 at 3, 5, Plaintiff cites to no case—because there is none—that permits damages discovery in the absence of any evidence whatsoever that such damages could ever be recoverable.  *Cf. Jarvis v. K2 Inc.*, 486 F.3d 526, 534 (9th Cir. 2007) (observing that "[e]xcessively speculative claims of damages are to be rejected"); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985) (concluding that "[i]n a copyright action, a trial court is entitled to reject a proffered measure of damages if it is too speculative"); *see also Burns v. Imagine Films Entm't, Inc.*, No. 92-CV-2438, 2001

---

[1] In arguing that he is entitled to discovery on concert revenues in the absence of a showing of a "causal nexus," Plaintiff mischaracterizes *Caffey v. Cook*, 409 F.Supp.2d 484 (S.D.N.Y. 2006).  *See* ECF No. 443 at 9.  In *Caffey*, the plaintiffs held the copyright for the entire show at issue—a compilation of musical compositions and associated dialogue—not for any particular song or sample within a song.  409 F.Supp.2d at 486.

WL 34059379, at *4 (W.D.N.Y. Aug. 23, 2001) (requiring the plaintiff to show a "causal nexus" between the alleged infringement and the claimed damages). Particularly in a case like this, where there are "virtually endless permutations to account for an individual's decision" to purchase tickets, *see Mackie v. Reiser*, 296 F.3d 909, 916 (9th Cir. 2002), the onus is on Plaintiff to show that "Khosara Khosara"—not Mr. Carter's popularity, or the popularity of the other artists with whom he has shared billing (including Kanye West, Mary J. Blige and Beyonce), or any other song or piece of music, or any other factor—was the reason any consumer purchased a ticket to any of Mr. Carter's concerts. *See Mackie*, 296 F.3d at 915 (observing that "[i]n a copyright action, a trial court is entitled to reject a proffered measure of damages if it is too speculative") (internal citation and quotation marks omitted). Plaintiff offers no basis for how sales of tickets to Mr. Carter's concerts could be attributable to the use of the "Khosara Khosara" sample, and, in the absence of such a basis, Plaintiff is not entitled to discovery on Mr. Carter's concert revenues.

This "nexus" requirement is not, as Plaintiff implies, limited to indirect profits cases. *See* ECF No. 443 at 4-5. To the contrary, as the court stated in *Balsley v. LFP, Inc.*, 691 F.3d 747 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 944 (2013) (a case cited by Plaintiff), even in direct profits cases, the burden is on the plaintiff to show that the defendant's revenues bear a "reasonable relationship—relevance, in other words—to the infringing activity." 691 F.3d at 769; *see also Polar Bear Prods.*, 384 F.3d at 708 ("reaffirm[ing] the principle that a plaintiff in a § 504(b) action must establish this causal connection, and that this requirement is akin to tort principles of causation and damages").

### B.   *Mr. Carter Has Already Produced Concert-Related Discovery, Which Confirms The Lack Of A Causal Nexus*

It is not the case, as Plaintiff argues (and as the Magistrate Judge seemed to agree), that this Court has already ordered Mr. Carter to disclose revenues for every

CALDWELL
LESLIE &
PROCTOR

-5-

concert at which *Big Pimpin'* was performed.  *See* ECF No. 443 at 1; *see also* ECF No. 433 at 10.  To the contrary, the Court, in denying Plaintiff's motion for partial summary judgment on concert revenues, directed Defendants to respond to discovery requests concerning "both *the manner of advertising concerts* as well as *the revenues derived therefrom.*"  ECF No. 309 at 17 (emphases added); *see also* ECF No. 357 at 3.  Consistent with the Court's orders, Defendants have produced documents showing "the manner of advertising concerts," and those documents make clear that neither Mr. Carter nor anyone acting on his behalf ever used *Big Pimpin'*, let alone the "Khosara Khosara" sample, to advertise or promote his appearances.  *See* ECF No. 432 (Pettit Decl. ¶¶ 2-4, Exh. D).[2]  These advertisements alone (if they existed) would not satisfy Plaintiff's burden.  The fact that Plaintiff has failed even to produce a single such advertisement, however, confirms that Plaintiff cannot show any causal nexus here.

Plaintiff speculates—for the first time in his Opposition—that there may be documents showing "whether Jay-Z is paid a premium for shows at which he performs certain hits such as *Big Pimpin'*" or "whether the agreements between Jay-Z and his promoters require him to perform hits such as *Big Pimpin'*," and claims that by failing to produce concert revenue information, Mr. Carter has interfered with Plaintiff's ability to prove the requisite nexus.[3]  ECF No. 443 at 6-7.  Plaintiff did not raise this argument below (either in his Motion to Compel or his Reply), but

---

[2] The fact that Mr. Carter has produced these documents belies Plaintiff's assertion that Mr. Carter "has categorically blocked Plaintiff from discovering all information related to concert revenues," and has denied Plaintiff "access to a single shred of discovery … on the subject of concert revenue…."  *See* ECF No. 443 at 6-7.

[3] Of course, to the extent Plaintiff seeks discovery concerning songs "like" or "such as" *Big Pimpin'*, such evidence would be wholly irrelevant, as such hypothetical songs are not alleged to contain any portion of "Khosara Khosara."  The only marginal relevance would concern *Big Pimpin'* itself, and even then, only to the extent that these agreements also required Mr. Carter to incorporate the "Khosara Khosara" sample in each live performance.

even if he had, he offers no basis, in either fact or law, for his speculation as to whether such documents even exist.  In any event, if Plaintiff were really interested in determining whether Mr. Carter were required to perform, or received a premium for performing, *Big Pimpin'*, the remedy would be for Plaintiff to serve interrogatories or other targeted discovery inquiring *whether* such contract provisions exist, not the broad requests for *all* of Mr. Carter's concert revenues and related agreements.  Plaintiff has never sought such discovery, and cannot be heard to complain that such information has never been produced.[4]

### C.    The Magistrate's Order Should Be Reversed

#### 1.    Plaintiff Mischaracterizes the Relevant Law and Facts

Plaintiff's efforts to defend the Magistrate's Order are based, not in law or in fact, but in wholesale misrepresentations of the applicable authority and the record before this Court.  As set forth below, taking into account the correct standards, and applying those standards to the actual facts, it is clear that the Magistrate's Order was contrary to law, and should be reversed.

##### (a)    Although Plaintiff Incorrectly Asserts Otherwise, This Court Reviews the Magistrate's Order *De Novo*

The law in this Circuit is clear—this Court must make an "independent review" of the Magistrate Judge's legal determinations.  *See Crispin v. Christian Audigier, Inc.*, 717 F.Supp.2d 965, 971 (C.D. Cal. 2010); *see also Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) (providing that a Magistrate Judge's order is subject to "*de novo* review by the district court on issues of law").

Plaintiff, however, citing *Grimes v. City & County of San Francisco*, 951 F.2d 236 (9th Cir. 1991), argues that Magistrate's Order is entitled to more deferential

---

[4] If Plaintiff were to serve such interrogatories, he would learn that there are no such incentives or requirements.

1   review.  *See* ECF No. 443 at 2.  In *Grimes*, the Ninth Circuit reversed a district

2   court's *sua sponte* decision to modify a magistrate judge's order imposing discovery

3   sanctions on a party so as to redirect the payment of those sanctions from the

4   opposing party to non-party charities, finding the district court's decision to be an

5   "abuse of discretion" with "no basis in law."  *Id.* at 241.  *Grimes* thus concerned the

6   district court's modification of an award of sanctions, which it correctly concluded

7   was not entitled to *de novo* review.  *See id.*; *see also, e.g., Blundell v. County of Los*

8   *Angeles,* 467 Fed. Appx. 595, 597 (9th Cir. 2012) ("We review discovery sanctions

9   for an abuse of discretion").  It did not concern a question of law, as is the case here,

10  which *Grimes* and its progeny all recognize is subject to more stringent review.  *See,*

11  *e.g., Forouhar v. Asa*, No. C 10-3623 SBA, 2011 WL 4080862, at *1 (N.D. Cal.

12  Sept. 13, 2011) (describing the "contrary to law" standard as whether the magistrate

13  applied "an incorrect legal standard or fail[ed] to consider an element of the

14  applicable standard"); *see also Gabriel Techs. Corp. v. Qualcomm Inc.*, 2012 WL

15  849167, at *1 (S.D. Cal. Mar. 13, 2012) (recognizing that a magistrate's order "is

16  'contrary to law' when it fails to apply *or misapplies* relevant statutes, *case law*, or

17  rules of procedure") (internal citation omitted) (emphases added).

               **(b)**      **Plaintiff Mischaracterizes His Own Position Below in**

19                            **an Effort to Avoid the Standard of Review**

20       Plaintiff not only asks this Court to apply an incorrect standard, but claims,

21  inexplicably, that he "is not so bold as to tell this Court" how to interpret its

22  December 2011 Order.  ECF No. 443 at 6, n.3.  That is, in fact, *exactly* what

23  Plaintiff does, both in his Opposition and in his Motion to Compel, in which he

24  claimed that "th[is] Court explicitly directed Defendants to respond to Plaintiff's

25  discovery requests seeking concert revenues."  *See* ECF No. 429 at 2.  Indeed,

26  Plaintiff offered no evidence of a causal nexus between performances of *Big*

27  *Pimpin'* that include "Khosara Khosara" and Mr. Carter's concert revenues, but

28

1  instead relied entirely on his interpretation of this Court's prior orders, which he

2  claimed relieved him of that burden.  *See id.*; *see also* ECF No. 433 at 1-2.

3      Nor is there any merit to Plaintiff's assertion that *Mr. Carter* failed to raise

4  (and has therefore waived) arguments relating to his interpretation of the Court's

5  December 2011 Order.  *See* ECF No. 443 at 6, n.3.  The entire issue before the

6  Magistrate Judge was whether this Court's December 2011 Order required Mr.

7  Carter to produce concert revenue information.  *See* ECF No. 436 at 1-2.  Indeed,

8  the proper interpretation of the December 2011 Order was the sole basis for the

9  Magistrate Judge's decision granting Plaintiff's Motion to Compel.  *See id.* at 2

10 ("The Court reads the December 9, 2011 Order more broadly than Defendants.

11 Based on its reading of that order, the Court orders Defendant[] Carter…to produce

12 discovery relating to the concert revenues").  Plaintiff's inexplicable and

13 unsupported "waiver" argument must therefore be rejected.[5]

14      **(c)    Plaintiff Mischaracterizes Mr. Carter's Position**

15      Plaintiff further attempts to obfuscate the issues by claiming that, if Mr.

16 Carter were correct, "before a plaintiff may obtain damages discovery, [he] first

17 must affirmatively *prove* an entitlement to damages."  ECF No. 443 at 4 (emphasis

18 in original).  Mr. Carter does not suggest that Plaintiff is required to *prove* liability,

19 as Plaintiff suggests.  Rather, as Mr. Carter has repeatedly made clear, *see* ECF No.

20 432 at 4-5; ECF No. 442 at 13-14, the issue is not one of *proof*, but of relevancy—

---

22 [5] The case on which Plaintiff relies to support his waiver claim demonstrates the

23 absurdity of his position.  In *Jones v. Sweeney*, No. 1:04-CV-6214 AWI DLB, 2008

   WL 3892111 (E.D. Cal. Aug. 21, 2008), the Plaintiff failed to submit *any* opposition

24 at all to the motion to compel heard and decided by the magistrate judge, and thus

   "did not make the arguments found in his objections to the Magistrate Judge['s

25 order]." *Id.* at *2.  Here, by contrast, arguments relating to the proper interpretation

26 of the Court's December 2011 Order were not only made by both sides below, but

   the Magistrate Judge's consideration of those competing interpretations formed the

27 entire basis of his decision to grant Plaintiff's Motion to Compel concert revenue

28 information.

Plaintiff, as the requesting party, has the burden of showing that the information he seeks could be relevant. *See* Fed.R.Civ.P. 26(b)(1); *see also Ellis*, 2014 WL 1510884, at *3; *Rich*, 2013 WL 3710806, at *8.[6]  Plaintiff fails entirely to meet that burden here.

Plaintiff's failure to meet his burden is made clear by the cases on which he relies.  In each of those cases, the plaintiff submitted evidence of a causal nexus between the discovery sought and the alleged infringement—evidence that is wholly absent here.  *See Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 590-91 (W.D.N.Y 1996) (granting motion to compel where the plaintiff had supplied evidence that the infringement was a "but for" cause of the defendant's profits).[7]  Plaintiff's other cases also cite evidence that the *defendant* used the alleged infringement to advertise and promote non-infringing activities or products.  *See Beinin v. Center for The Study of Popular Culture*, No. C06-2298JWRS, 2006 WL 4547171, at *3 (N.D. Cal. Oct. 31, 2006) (finding that the defendant had used the plaintiff's photograph "in its advertising, promotion, solicitation and/or fundraising activities"); *Systems America, Inc. v. Rockwell Software, Inc.*, No. C03-02232 JF(RS), 2007 WL 1593219, at *23 (N.D. Cal. June 1, 2007) (pointing to "unrebutted evidence that Rockwell touted its ability to offer [the alleged infringing software] in connection with its sales and marketing of all the products in issue"); *Urband &*

---

[6] Plaintiff's attempt to distinguish *Rich* and *Ellis* on the ground that they do not concern damages discovery but "merely embody the axiom that discovery must be 'relevant,'" *see* ECF No. 443 at 5-6, is unavailing, as Plaintiff cites to no case—and there is none—that relieves a plaintiff from his duty to establish the relevance of the damages discovery he seeks.

[7] Although, in *Burns*, the magistrate judge ordered discovery on the profits for the *Backdraft* attraction based on the evidence before it at the time, the district court ultimately granted the defendants' motion for summary judgment on the ground that the "Plaintiffs have not offered any reasonably accurate method of calculating profits from the theme park that are attributable to infringements in the film." *Burns*, 2001 WL 34059379, at *4.

1  *Lazar Music Pub., Inc. v. Carter*, No. 08-3566, 2009 WL 799759, at *2 (E.D. La.

2  Mar. 23, 2009) (permitting discovery based on the revenues from selling products

3  that the defendant had advertised through the unauthorized use of the plaintiff's

4  copyrighted materials).[8]  Unlike in these cases, the record evidence here contains *no*

5  evidence that Mr. Carter featured "Khosara Khosara" or even *Big Pimpin'* in any of

6  his concert advertisements or promotional materials, nor is there any evidence that

7  any concertgoer purchased a ticket *because* of "Khosara Khosara" and not any other

8  factor.

9         **2.       Plaintiff's Purported "Evidence" Does Not Satisfy His**

10                    **Threshold Burden**

11        The Magistrate Judge misapplied this Court's December 2011 Order when he

12  relieved Plaintiff of his burden to show *any* nexus between "Khosara Khosara" and

13  Mr. Carter's concert profits, and the Magistrate's Order was therefore contrary to

14  law.  *See Crispin*, 717 F.Supp.2d at 971.  Moreover, it is clear from the record that

15  Plaintiff *cannot* meet his burden, and thus Plaintiff's Motion to Compel should have

16  been denied.

17        On reply before the Magistrate Judge, Plaintiff attempted to establish this

18  nexus solely through third-party documents that mention *Big Pimpin'* as among the

19  kind of songs one might here at a Jay Z concert, and other similar documents.  *See*

20  ECF No. 433 at 7-8.  Even if Plaintiff could rely on evidence first submitted on

21  reply (which as described below, he cannot), none of Plaintiff's new arguments

22  support a connection between concert ticket sales and any alleged infringement of

23  "Khosara Khosara."  First, the fact that Mr. Carter performs *Big Pimpin'* at *most* Jay

24  ─────────────────────

25  [8] In the other case cited by Plaintiff, *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise

26  Corp.*, the court shifted the burden to the defendant to prove that the information

27  plaintiff sought to discover is *not* relevant.  2011 WL 1434626, at *2 (D. Kan. Apr. 14, 2011).  This burden shifting is not the law in this District.  *See, e.g., Ellis*, 2014

28  WL 1510884, at *3; *Rich*, 2013 WL 3710806, at *8.

Z concerts, *see id.* at 7 , is not the issue.  The evidence does not imply that concertgoers purchase tickets because they hope to hear a portion of "Khosara Khosara" in *Big Pimpin'* instead of any of the other myriad reasons why fans go to concerts, or even the many reasons other than the alleged use of "Khosara Khosara" for why fans may want to hear *Big Pimpin'*.

Second, Plaintiff simply speculates, but offers no facts showing, that fans expect to hear *Big Pimpin'* when they purchase concert tickets.  *See id.* at 7-8 .  In the first instance, whether fans expect to hear *Big Pimpin'* is not the point —the question is whether any consumers purchased tickets solely because of "Khosara Khosara."  In any event, Plaintiff fails even to provide "evidence" that fans actually expect to hear *Big Pimpin'* and fails to show that any single song actually drives ticket sales.  Plaintiff relies solely on statements from third parties, such as Ticketmaster and StubHub, which do nothing more than identify *Big Pimpin'* as among a list of songs one might expect to hear at a Jay Z concert.  *See* ECF No. 433 at 7-8; *see also* ECF No. 443 at 8-9.  As with any artist, fans may purchase tickets, in part, on the expectation that they will hear *some* of Mr. Carter's older works.  There is, however, no evidence that fans purchased tickets to hear *Big Pimpin'* or any other specific song, let alone evidence that the ticket buying decision was driven by the "Khosara Khosara" sample.

Third, Plaintiff claims, again without evidence, that Mr. Carter "would not be the musical icon that he is today but for a handful of cross-over hits [including *Big Pimpin'*] that resonated with mainstream America."  ECF No. 443 at 9.  In contrast to *Burns,* in which there was no dispute that the Universal Studios "Backdraft" attraction would not have existed if the allegedly infringing motion picture had never been made, 164 F.R.D. at 590-91, there is no evidence that Mr. Carter's fame depends entirely on *Big Pimpin'* or any single song, and certainly no evidence that

the use of "Khosara Khosara" played any role in creating that fame.[9]  Indeed, a recent Billboard article identifying "Jay-Z's 20 Biggest Billboard Hits" does not include *Big Pimpin'* at all.  *See, e.g.,*

http://www.billboard.com/articles/list/1568783/jay-z-20-biggest-billboard-hits; *see also* http://www.popmatters.com/post/173126-the-top-20-jay-z-songs-to-date/P3/ (list of Jay Z's top twenty songs that does not include *Big Pimpin'*).  Attributing Mr. Carter's success to a single song that he released fifteen years ago is absurd on its face, but more important, Plaintiff fails to explain how any of Mr. Carter's concert profits can be attributed to one sample in one of the many songs in Mr. Carter's repertoire.

Finally, as noted above, the Magistrate Judge did not consider any of the purported "evidence" Plaintiff improperly submitted in connection with his reply, and this Court should likewise decline to do so here.  *See, e.g. United States v. Ortiz-Merida*, 224 Fed. Appx. 583, 585 (9th Cir. 2007) ("As a general rule, issues raised for the first time in the reply brief are waived.") (internal citation and quotations omitted); *MJG Enters., Inc. v. Cloyd*, No. CV-10-0086-PHX-MHM, 2010 WL 3842222, at *6 (D. Ariz. Sept. 27, 2010) ("The Ninth Circuit has consistently held that where new arguments and new evidence is submitted for the first time in a reply brief, the arguments and evidence may be stricken.") (collecting cases).

---

[9] Nor is it clear how Plaintiff defines "mainstream America," which "hits" he defines as "crossover," or the basis for Plaintiff's opinion that Mr. Carter's popularity depends on those unnamed songs.

## III. COMPLIANCE WITH THE MAGISTRATE'S ORDER WOULD IMPOSE AN UNDUE BURDEN THAT FAR OUTWEIGHS ANY PROBATIVE VALUE OF THE DISCOVERY PLAINTIFF SEEKS

### A. *The Magistrate's Order Neither Addressed The Burden Of Compliance Nor Disputed The Credibility Of The Bakhai Declaration*

Plaintiff falsely asserts in his Opposition that the Magistrate Judge (1) "reject[ed] Jay-Z's argument that the burden of producing concert revenue discovery far outweighs its relevance"; and (2) "discount[ed] or ignor[ed]" the declaration of Mr. Carter's financial advisor, Kashyap Bakhai, regarding that burden (the "Bakhai Declaration"). ECF No. 443 at 9-11. The Magistrate Judge, however, based his decision solely on his interpretation of the December 2011 Order, not on the burden to Mr. Carter of complying with that Order, and nothing in the Magistrate's Order reflects any judgment on Mr. Bakhai's credibility. *See* ECF No. 436 at 1-2. As a result, the deferential "clearly erroneous" standard Plaintiff proffers, *see* ECF No. 443 at 2, does not apply.

### B. *Plaintiff's Attacks On Mr. Bakhai's Credibility Are Unwarranted And Lack Merit*

Regardless of the standard of review, Plaintiff's attacks on Mr. Bakhai's credibility are unavailing. *See* ECF No. 443 at 10. First, while Plaintiff contends that Mr. Bakhai's estimate of the burden involved in gathering concert revenue is "vague and boilerplate," *see id.*, the portion of his declaration that Plaintiff quotes actually describes, *with specificity*, the substantial steps would need to be taken:

> "We would need to search on a concert-by-concert basis
> for invoices and other contemporaneous documents
> reflecting concert revenues paid to Mr. Carter and the
> overhead associated with the generation of those
> revenues."

*Id.* (quoting Bakhai Declaration).  Plaintiff fails to explain what additional information he believes would be necessary for Mr. Bakhai to establish the extent of Mr. Carter's burden in producing the discovery sought by Plaintiff.

Second, Plaintiff claims that Mr. Bakhai's declaration implies that Mr. Carter has not begun the process of gathering responsive information.  Even if this were true (and it is not), the status of Mr. Carter's document production has nothing to do with Mr. Bakhai's credibility.  Moreover, while Plaintiff claims Mr. Carter should have begun gathering documents in December 2011, *see* ECF No. 443 at n.8, Plaintiff did not even serve damages discovery until 2012, and, upon receiving Defendants' timely objections, failed to meet and confer until late 2014.  *See* ECF No. 442 at 4-6.  It would make no sense for Mr. Carter to incur the substantial cost of gathering documents *before* the question of whether he was obligated to even produce documents, and what documents he was required to produce, was resolved.

Third, although Plaintiff complains that Mr. Bakhai has strong ties to Mr. Carter, "thus raising the specter of bias," *see* ECF No. 443 at 10, he fails to explain who other than someone with such ties could know the extent of the burden Mr. Carter would suffer if forced to gather and produce documents.  Plaintiff's invocation of bias, if accepted, would preclude the Court from crediting the testimony of *anyone* with information relevant to this dispute.

Finally, Plaintiff claims that Mr. Carter overstates his burden, based on Plaintiff's unsupported speculation that "concert promoters" must (in Plaintiff's view) maintain "active electronic database[s] documenting the amount of concert revenue from…Jay-Z shows."  ECF No. 443 at 10.  Not only does Plaintiff fail to offer any basis for this belief, but even if his speculation were accurate, he does not explain why *Mr. Carter*, who is not a "concert promoter," would have access to such databases.

## C.    Gathering And Producing Confidential Concert Revenues Will Impose An Undue Burden And Needlessly Complicate Issues At Trial

Nor is there any merit to Plaintiff's assertion that, even crediting the Bakhai Declaration, Mr. Carter has not established an undue burden because "the Magistrate Judge *could* have noted that Jay-Z is positioned financially to be able to handle the claimed burden without it truly becoming 'undue.'"  ECF No. 443 at 11 (emphasis added).  The Magistrate Judge, however, did not inquire into Mr. Carter's finances or base his decision on Mr. Carter's financial condition, and Plaintiff's conjecture as to what the Magistrate Judge *could* have held is both speculative and irrelevant.

More important, Plaintiff cites neither to any evidence of Mr. Carter's "financial position" nor to any authority holding that the relevancy requirement is trumped by a defendant's potential wealth, much less any authority holding that a party must comply with burdensome and irrelevant discovery simply because they can afford to do so.  Regardless of Mr. Carter's financial status, he should not be forced to bankroll Plaintiff's fishing expedition into Mr. Carter's highly sensitive concert revenue information.  Instead, the Court must determine whether the burden or expense of the discovery outweighs its likely benefit.  *See* Fed.R.Civ.P. 26(b)(2)(C).  Given Plaintiff's failure to establish that the concert revenue discovery he is pursuing has any probative value whatsoever, the burden on Mr. Carter need not be excessive to be undue.

Finally, Plaintiff fails entirely to address the burden on this Court should Plaintiff be permitted to pursue his claim for concert revenues.  Plaintiff is entitled only to a share of only those profits attributable to the use of "Khosara Khosara." *See* 17 U.S.C. § 504(b); *see Dash*, 731 F.3d at 326 (observing that, when "the infringement occurs as a small part of a much larger work, the fact finder properly focuses not on the profit of the work overall, but only on the profit that the infringement contributes") (internal citation and quotation marks omitted).  As set

1   forth in detail in Mr. Carter's opening brief, even for tickets purchased by

2   consumers who expected—or even hoped—to hear Mr. Carter perform *Big Pimpin'*

3   including the "Khosara Khosara" sample (and Plaintiff offers no evidence that there

4   are any such consumers), the Court would need to determine whether—and how

5   many—concertgoers purchased tickets solely to hear "Khosara Khosara," instead of

6   the other myriad factors that drive concert revenues.  *See Mackie*, 296 F.3d at 916

7   (describing the "virtually endless permutations to account for an individual's

8   decision" to purchase tickets).  These factors include, but are not limited to—Mr.

9   Carter's own popularity, *see, e.g., Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir.

10  1992) (holding that the artist Jeff Koons was not liable for profits due to his "own

11  notoriety and his related ability to command high prices for his work"); the

12  popularity of other artists with whom Mr. Carter performs; the relative value of

13  "Khosara Khosara" to the other elements of *Big Pimpin'*; the relative interest in the

14  dozens of other songs Mr. Carter performs live; and the value of seeing any artist

15  live, including the social aspects of experiencing music in a crowd—all of which

16  will vary from concert to concert and from concertgoer to concertgoer.  *See Mackie*,

17  296 F.3d at 916 (finding the plaintiff's damage theory "no less speculative than [the

18  court's] effort . . . to enumerate even a relatively short list of the myriad factors that

19  could influence an individual's purchasing decision").  Plaintiff offers no framework

20  by which the parties' experts—and ultimately the jury—could assess whether any

21  portion of concert profits are attributable to the use of "Khosara Khosara" in *Big*

22  *Pimpin'*, much less how one would determine with any reasonable certainty what

23  that percentage would be, all but conceding the impossibility of the task.  *See, e.g.,*

24  *Dash*, 731 F.3d at 333 (rejecting expert report on the ground that it failed to

25  establish any connection between alleged infringement and the defendant's

26  profits).[10]

27  _____

28  [10] While Plaintiff claims Mr. Carter waived this issue by failing to raise it below, *see*

## IV.    CONCLUSION

Plaintiff again fails to meet his threshold burden to show that Mr. Carter's concert revenue information is in any attributable to "Khosara Khosara" and thus relevant to the issues in this case.  *See* December 2011 Order (ECF No. 309) at 17 ("reserv[ing] judgment as to whether plaintiff is able to prove the requisite causal nexus").  This Court should therefore grant Mr. Carter's motion, reverse the Magistrate's Order and deny Plaintiff's motion to compel Mr. Carter's concert revenues.

DATED:  December 23, 2014                   Respectfully submitted,

                                            CALDWELL LESLIE & PROCTOR, PC
                                            LINDA M. BURROW
                                            ERIC S. PETTIT


                                            By _____/s/_____
                                                 LINDA M. BURROW
                                            Attorneys for Defendant SHAWN C. CARTER
                                            (professionally known as "JAY Z").

_____

ECF No. 443 at 11, the difficulties inherent in trying to apportion revenues goes directly to the questions of whether there is any relationship between "Khosara Khosara" and Mr. Carter's concert profits, and whether any minimal relevance of Mr. Carter's concert revenues outweighs the substantial burden of producing that information, issues that were squarely before the Magistrate Judge.