1 | BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
2 |   pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
3 |   kwesley@bgrfirm.com
Christina J. Johnson (State Bar No. 228869)
4 |   cjohnson@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
5 | Los Angeles, California 90067
Telephone: (310) 274-7100
6 | Facsimile: (310) 275-5697

7 | Attorneys for Plaintiff
Osama Ahmed Fahmy

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

| | |
|---|---|
| Osama Ahmed Fahmy, an individual, | Case No. 07-CV-05715 CAS (PJWx) |
| Plaintiff, | The Hon. Christina A. Snyder |
| vs. | **PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' LICENSE AFFIRMATIVE DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc., | *[SEPARATE STATEMENT OF UNDISPUTED FACTS AND SUPPORTING EVIDENCE FILED CONCURRENTLY HEREWITH]*<br><br>Judge:  Hon. Christina A. Snyder<br>Date:    March 30, 2015<br>Time:   10:00 a.m.<br>Crtrm.: 5, Spring Street Courthouse<br><br>Trial Date:  May 12, 2015 |
| Defendants. | |

501041.2

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 30, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, plaintiff Osama Ahmed Fahmy ("Plaintiff") will and hereby does move the Court for an Order granting summary judgment in favor of Plaintiff on Defendants' license affirmative defense.

This motion is being made pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The motion is based on the following grounds:

- The agreement that purportedly grants Defendants a license to use *Khosara Khosara – i.e.*, a 2001 settlement agreement between Defendant Timothy Mosley and EMI Music Arabia ("EMI Arabia") (the "2001 Settlement Agreement") – is void as a matter of law because the owners of the copyrighted *Khosara Khosara* musical composition did not consent to it.

- Even if the 2001 Settlement Agreement had conveyed a valid license to Defendants, the license would have expired on June 10, 2007 because the rights EMI Arabia supposedly possessed in *Khosara Khosara* in 2001 expired on June 10, 2007.

- Even if the 2001 Settlement Agreement had conveyed a valid license to Defendants, any provision purporting to convey the right to publicly perform *Khosara Khosara* at concerts is invalid and unenforceable because the licensor (EMI Arabia) did not own that right to convey.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 23, 2015, as explained in more detail in the accompanying Declaration of Keith J. Wesley.  Wesley Decl., ¶2.

This motion is based upon this Notice of Motion, the Memorandum of Points

1  and Authorities in support thereof, the accompanying Declarations of Keith J.

2  Wesley and Osama Ahmed Fahmy, the files in this action, and all other matters

3  properly presented to the Court prior to its ruling.

4

5  DATED: February 2, 2015          BROWNE GEORGE ROSS LLP
                                     Peter W. Ross
6                                    Keith J. Wesley
                                     Christina J. Johnson
7

8                                    By: _____s/ Keith J. Wesley_____
                                             Keith J. Wesley
9

10                                   Attorneys for Plaintiff Osama Ahmed Fahmy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

1. Introduction................................................................................................3

2. Relevant Facts and Procedural History.................................................4

    A.   Plaintiff Files This Copyright Infringement Case, Which Is Initially "Phased"....................................................................................4

    B.   Plaintiff Requests Partial Summary Judgment On Several Issues Related To The Chain Of Title Of The *Khosara Khosara* Copyright...................................................................................................4

    C.   In Opposition To Plaintiff's Motion, Defendants Assert They Have A License To Use The *Khosara Khosara* Copyright In *Big Pimpin'*. ....................................................................................................5

    D.   This Court Grants In Part And Denies In Part Partial Summary Judgment........................................................................................6

    E.   Discovery Is Opened For All Purposes. ...............................................7

3. Defendants Bear The Burden Of Producing Specific Evidence To Show They Possess A Valid License To Exploit *Khosara Khosara*.........................7

4. Summary Judgment Should Be Granted In Favor Of Plaintiff On Defendants' License Defense. .................................................................8

    A.   The 2001 Settlement Agreement Is Not A Valid, Enforceable License Because The Copyright Owners Did Not Consent To It. .........9

        (1)   Under United States law, an exclusive licensee of a copyright cannot sublicense the copyright without the consent of the copyright owner.......................................9

        (2)   Under Egyptian law, an exclusive licensee of a copyright cannot sublicense the copyright without the consent of the copyright owner. ............................... 10

        (3)   The owners of the *Khosara Khosara* copyright did not consent to the 2001 Settlement Agreement. .............................. 12

    B.   Even If The 2001 Settlement Agreement Contained A License, The License Would Have Expired On June 10, 2007. ......................... 13

        (1)   The 1995 Sout El Phan/EMI Arabia Agreement expired on June 10, 2007. .......................................................... 14

        (2)   EMI Arabia could not have licensed Defendants any right to use *Khosara Khosara* after June 10, 2007 because EMI Arabia had no valid rights after June 10, 2007. .......................... 14

501041.2

-i-

# TABLE OF CONTENTS
### (cont'd)

|  |  |  | Page |
|---|---|---|---|
|  | (3) | All uses of *Khosara Khosara* after June 10, 2007 are unlicensed. | 15 |
| C. |  | Even If The 2001 Settlement Agreement Contained A License, It Cannot Extend To Public Performance Of *Khosara Khosara* At Concerts Because The Licensor (EMI Arabia) Did Not Possess That Right To Convey. | 15 |
|  | (1) | Copyright law provides a "bundle of rights" to the copyright owner or its licensee, including the right of public performance of a musical composition. | 15 |
|  | (2) | A copyright owner may license less than all of his rights and retain those rights that were not specifically licensed. | 16 |
|  | (3) | No defendant has a valid license to publicly perform *Khosara Khosara* at concerts. | 17 |
| 5. | Conclusion. |  | 18 |

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

4

<u>FEDERAL CASES</u>

5 *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ...................................................................................8

6

7 *Bhan v. NME Hosps., Inc.*,
929 F.2d 1404 (9th Cir. 1991) .................................................................8

8

*Bourne v. Walt Disney Co.*,
9 68 F.3d 621 (2d Cir. 1995) .......................................................................7

10 *Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*,
441 U.S. 1, 99 S. Ct. 1551, 60 L. Ed. 2d 1 (1979) ...............................16

11

*Delacroix v. Lublin Graphics, Inc.*,
12 993 F. Supp. 74 (D. Conn. 1997) ..........................................................14

13 *Effects Assoc., Inc. v. Cohen*,
908 F.2d 555 (9th Cir. 1990).............................................................15, 16

14

15 *Fairbank v. Wunderman Cato Johnson*,
212 F.3d 528 (9th Cir. 2000) ...................................................................8

16

*FTC v. Stefanchik*,
17 559 F.3d 924 (9th Cir. 2009) ...................................................................8

18 *Gardner v. Nike, Inc.*,
279 F.3d 774 (9th Cir. 2002).................................................................9, 10

19

20 *Hampton v. Paramount Pictures Corp.*,
279 F.2d 100 (9th Cir. 1960)..................................................................17

21

*In re Boyajian*,
22 564 F.3d 1088 (9th Cir. 2009) ...............................................................14

23 *In re Trans-United Indus., Inc.*,
351 F.2d 605 (2d Cir. 1965) ..................................................................14

24

25 *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .................................................................................8

26

*Oddo v. Ries*,
27 743 F.2d 630 (9th Cir. 1984) ...................................................................7

28

-iii-

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

**<u>TABLE OF AUTHORITIES</u>**
**(cont'd)**

<u>Page(s)</u>

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
    668 F.3d 1148 (9th Cir. 2012)..................................................................15

*S.O.S., Inc. v. Payday, Inc.*,
    886 F.2d 1081 (9th Cir. 1989)..................................................................17

*Silvers v. Sony Pictures Entmt., Inc.*,
    402 F.3d 881 (9th Cir. 2005) (en banc) ......................................................16

*Twentieth Century Music Corp. v. Aiken*,
    422 U.S. 151, 95 S.Ct. 2040, 45 L.Ed.2d 84 (1975) ..................................15

*Ward v. Nat'l Geographic Society*,
    208 F. Supp. 2d 429 (S.D.N.Y. 2002) ......................................................10

**<u>FEDERAL STATUTES</u>**

17 U.S.C.A. § 106 ..................................................................................15

17 U.S.C.A. § 106(4)..............................................................................15

United States Copyright Act ..................................................................9, 15

**<u>OTHER AUTHORITIES</u>**

2002 Egyptian Copyright Act (Law No. 82 of 2002 Pertaining to the Protection of
    Intellectual Property Rights), Article 149 ..................................10, 11, 16

H.R. Rep. No. 94-1476............................................................................16

Restatement (Second) of Contracts § 336(1), cmt. B........................................14

1.   **Introduction.**

In this case, plaintiff Osama Ahmed Fahmy ("Plaintiff") claims that various musical artists and music companies ("Defendants") infringed upon his copyright in the musical composition *Khosara Khosara*.  Plaintiff's infringement claim is based on Defendants' use of a portion of the *Khosara Khosara* copyright as the "hook" in the hit Jay-Z song *Big Pimpin'* (and works derived from *Big Pipmin'*).  In response, Defendants have raised an affirmative defense that they possess a license to use the *Khosara Khosara* musical composition in *Big Pimpin'* (and in the derivative works).

This Court previously ruled that a genuine issue of disputed fact exists as to whether the agreements upon which Defendants rely grant them the right to make a derivative work from *Khosara Khosara*.  [Dkt. No. 271 (Order on Motion for Partial Summary Judgment) at 16-19.]  The jury need not decide that issue, however.  That is so because Defendants' claimed license is invalid as a matter of law for other reasons, not previously raised to or addressed by this Court.

- First, the agreement that purportedly grants Defendants a license to use *Khosara Khosara* – *i.e.*, a March 2001 settlement agreement between Defendant Timothy Mosley (aka "Timbaland") ("Mosley") and EMI Music Arabia ("EMI Arabia") (the "2001 Settlement Agreement") – is void as a matter of law because the owners of the copyrighted *Khosara Khosara* musical composition did not consent to it.

- Second, even if the 2001 Settlement Agreement had conveyed a valid license to Defendants, the license would have expired on June 10, 2007 because the rights EMI Arabia supposedly possessed in *Khosara Khosara* in 2001 expired on June 10, 2007.

- Third, Defendants' alleged license does not extend to the right to publicly perform *Khosara Khosara* at concerts because EMI Arabia did not own or possess that right and therefore could not have conveyed it.

For those reasons, as explained in more detail below, Plaintiff respectfully requests an Order adjudicating in his favor Defendants' license defense.  In the alternative, Plaintiff respectfully requests an Order holding that Defendants had no license to use *Khosara Khosara* at all after June 10, 2007 or to publicly perform *Khosara Khosara* at concerts at any time.

## 2. **Relevant Facts and Procedural History**.

### A. **Plaintiff Files This Copyright Infringement Case, Which Is Initially "Phased".**

Plaintiff filed this copyright infringement case on August 31, 2007.  [Dkt. No. 1 (Complaint).]  Plaintiff is an heir of the famous Egyptian composer Baligh Hamdy ("Hamdy").  *Id.*  He asserts that Defendants infringed upon a copyright he owns in the Hamdy musical composition *Khosara Khosara.*  *Id.*  He claims that Defendants created, distributed, and/or performed the song *Big Pimpin'*, which uses a portion of the *Khosara Khosara* composition as its hook.  *Id.*  In other words, Plaintiff contends *Big Pimpin'* is derivative of, and contains protectable expression from, the *Khosara Khosara* composition; thus, *Big Pimpin'* infringes upon Plaintiff's copyright.  Notwithstanding the filing of this suit, Defendants continue to distribute and/or perform *Big Pimpin'* to this day, without permission from, or compensation to, Plaintiff.

The Court initially ordered that this case would be handled in phases.  The first phase related to whether Plaintiff owned a valid copyright in *Khosara Khosara.* [Dkt. No. 361 (Declaration of Edward O. Lear, ¶¶3-4) & Dkt. No. 84 (May 19, 2008 Scheduling Order).]

### B. **Plaintiff Requests Partial Summary Judgment On Several Issues Related To The Chain Of Title Of The *Khosara Khosara* Copyright**.

On September 17, 2010, Plaintiff filed a Motion for Partial Summary Judgment as to Material Facts and Issues of Law, Including Foreign Law, That Exist

1   Without Substantial Controversy.  [Dkt. No. 226  (Motion for Partial Summary

2   Judgment).]  Plaintiff requested an Order that, as a matter of law, (a) Plaintiff co-

3   owns the *Khosara Khosara* copyright, (b) Plaintiff has standing to sue for

4   infringement of that copyright, and (c) Defendants do not have permission to make

5   derivative works from the *Khosara Khosara* copyright.  *Id.*

        **C.**       **In Opposition To Plaintiff's Motion, Defendants Assert They Have**

6  

7                 **A License To Use The *Khosara Khosara* Copyright In *Big Pimpin'*.**

8         In opposing Plaintiff's motion, Defendants contended they had a "license" to

9   use *Khosara Khosara* in *Big Pimpin'*.  [Dkt. No. 242 (Opposition re Motion for

10   Partial Summary Judgment) at 17:9-19:7.]  They reasoned that (a) a company called

11   EMI Arabia claimed to be an exclusive licensee of the copyright in the *Khosara*

12   *Khosara* musical composition; and (b) defendant Timothy Mosley had entered into

13   the 2001 Settlement Agreement wherein EMI Arabia had released Mosley and

14   related persons and entities from claims based on their exploitation of *Big Pimpin'*;

15   therefore, (c) Defendants possessed a license to use *Big Pimpin'* and any derivative

16   works derived therefrom until the end of time.  *Id.*

17         Defendants asserted that the rights they were purportedly granted had been

18   conveyed through a series of documents – *i.e.*, a "chain of title" – consisting of the

19   following:

20       •   A 1968 agreement between Hamdy and the Egyptian record company

21           Sout el Phan.

22       •   An August 8, 1995 agreement between Plaintiff and Sout el Phan.

23       •   A December 11, 1995 agreement between Sout El Phan and EMI

24           Arabia.

25       •   The March 2001 agreement between EMI Arabia and Mosley.

26

27

28

501041.2

1  [*Id.*; *see also* Dkt. No. 271 at 16:8-18 (listing "relevant documents to determine the

2  chain of title").]  (The aforementioned documents are appended to the Wesley

3  Declaration as Exhibits 1-4.)

4       In reply, Plaintiff denied that Defendants had ever possessed a valid license,

5  noting that (a) EMI Arabia did not possess any right to make derivative works from

6  the *Khosara Khosara* musical composition; and therefore, (b) EMI Arabia could not

7  have granted (and did not grant) Defendants a license to use *Khosara Khosara* in a

8  derivative work – *i.e., Big Pimpin'*.  [Dkt. No. 249 (Reply in Support of Motion for

9  Partial Summary Judgment).]  Plaintiff also noted that EMI Arabia itself had

10  represented under oath that it had <u>not</u> conveyed to Defendants any license to use

11  *Khosara Khosara*.  [Dkt. No. 242-1 (Declaration of Edward O. Lear In Support of

12  Plaintiff's Reply), ¶2 & Exh. 1 (Declaration of Adrian Cheesley, ¶3).]

13       Moreover, nowhere in the settlement agreement is there an express grant of a

14  license to use or exploit *Khosara Khosara* in any way.  Rather, EMI Arabia merely

15  represents that <u>it</u> alone will not sue based on <u>its</u> rights.  There is no representation

16  that <u>the copyright owner</u> will not sue based on <u>his or her</u> rights.  There is no

17  representation that the copyright owner had consented to the settlement agreement,

18  nor that the copyright owner intends it to constitute a license, nor that the settlement

19  is in resolution of all potential claims, including those of the copyright owner, based

20  upon Defendants' exploitation of *Khosara Khosara*.  That language is simply not

21  there.

22      **D.**    <u>**This Court Grants In Part And Denies In Part Partial Summary**</u>

23          <u>**Judgment.**</u>

24       This Court granted Plaintiff's motion in part.  It held the following as a matter

25  of law:

26      •    "Baligh Hamdy authored and owned the copyright in the '*Khosara,*

27          *Khosara*' musical composition";

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1   • "[P]laintiff Osama Fahmy is a Hamdy heir, and a co-owner of the
2   'Khosara, Khosara' copyright;

3   • "[P]laintiff Osama Fahmy has standing to bring claims that defendants'
4   work infringed the 'Khosara, Khosara' copyright."

5   [Dkt. No. 271 at 18:17-21.]

6   The Court, however, concluded that a triable issue of fact exists as to whether
7   Defendants possessed a license to make derivative works from the *Khosara Khosara*
8   composition. *Id.* at 19:26-20:3.

9   **E.    Discovery Is Opened For All Purposes.**

10   Following issuance of the aforementioned Order – i.e., from approximately
11   May 2011 through July 2014 – the parties engaged in substantial additional motion
12   practice on a variety of legal issues.  They also, during this period, participated in
13   settlement conferences and attempted to resolve the case with the assistance of a
14   Magistrate Judge.

15   Discovery remained phased or stayed during the May 2011 through July 2014
16   period.  On August 4, 2014, discovery was opened for all purposes.  [Dkt. No. 418
17   (Minutes of Motion Hearing re Plaintiff's Motion for Reconsideration of the Court's
18   Orders Regarding Laches).]

19   Pursuant to the operative scheduling order governing this case, February 2,
20   2015 is the final day to file motions, and the case is set for a jury trial on May 12,
21   2015.  [Dkt. No. 399.]

22   **3.    Defendants Bear The Burden Of Producing Specific Evidence To Show**
23   **They Possess A Valid License To Exploit *Khosara Khosara*.**

24   "A license is a defense to infringement . . . and thus must be affirmatively
25   pleaded." *Oddo v. Ries*, 743 F.2d 630, 634 n.6 (9th Cir. 1984).  The burden of
26   proving whether an alleged infringer possesses a valid license falls on the alleged
27   infringer.  *Bourne v. Walt Disney Co.*, 68 F.3d 621, 630-31 (2d Cir. 1995).

28   501041.2

-7-

1    Where, as here, the non-moving party bears the burden of proof, the moving

2 party satisfies its burden merely by "showing – that is, pointing out through

3 argument to the district court – that there is an absence of evidence to support the

4 non-moving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528,

5 532 (9th Cir. 2000).  Once the moving party points out an absence of evidence to

6 support the non-moving party's case, the burden shifts to the non-moving party to

7 produce "specific evidence, through affidavits or admissible discovery material, to

8 show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th

9 Cir. 1991).

10    Of course, even if the non-moving party submits evidence, summary

11 judgment must still be granted against it if a reasonable jury could not find in its

12 favor based upon that evidence.  *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir.

13 2009), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986); see also

14 *Bhan*, 929 F.2d at 1409 (The "opponent must do more than simply show that there is

15 some metaphysical doubt as to the material facts."), quoting *Matsushita Electric*

16 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

17 **4.    Summary Judgment Should Be Granted In Favor Of Plaintiff On**

18        **Defendants' License Defense.**

19    There are three alternative bases upon which summary judgment (or, in the

20 alternative, partial summary judgment) should be granted on Defendants' license

21 defense:

22    (1)  As a matter of law, an exclusive licensee cannot sublicense its rights in a

23 copyright without the copyright owner's consent, and the copyright owners here

24 never consented to the 2001 Settlement Agreement or any other license Defendants

25 claim to possess.

26    (2)  Even assuming *arguendo* that the 2001 Settlement Agreement conveyed a

27 valid license to Defendants, the license expired on June 10, 2007 and therefore did

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1   not authorize any use of *Khosara Khosara* thereafter.

2       (3)  Even assuming *arguendo* that the 2001 Settlement Agreement conveyed a

3   valid license to Defendants, any provision purporting to convey the right to publicly

4   perform *Khosara Khosara* at concerts is invalid and unenforceable because the

5   licensor (EMI Arabia) did not own that right to convey.

6       **A.     The 2001 Settlement Agreement Is Not A Valid, Enforceable**

7            **License Because The Copyright Owners Did Not Consent To It.**

8       Under both United States and Egyptian copyright law,[1] an exclusive licensee

9   of a copyright cannot "sublicense" the copyright – i.e., convey rights to the

10  copyright to a third party – without the consent of the copyright owner.  The owners

11  of the *Khosara Khosara* copyright did not consent to the 2001 Settlement

12  Agreement.  Therefore, the 2001 Settlement Agreement is not a valid, enforceable

13  license.

14          **(1)     Under United States law, an exclusive licensee of a copyright**

15               **cannot sublicense the copyright without the consent of the**

16               **copyright owner.**

17      Under the United States Copyright Act, absent the consent of the copyright

18  owner, a putative sublicense of a copyright is invalid.  *Gardner v. Nike, Inc.*, 279

19  F.3d 774, 779-80 (9th Cir. 2002) ("[W]e hold that the 1976 Act does not allow a

20  copyright licensee to transfer its rights under an exclusive license, without the

21  consent of the original licensor.").  The *Gardner* court explained the reason for this

22  requirement:

23              Placing the burden on the licensee assures that the licensor

24              will be able to monitor the use of the copyright.  [citation

25              omitted]  In this case, Nike, the copyright owner, agreed to

---

[1]   Plaintiff is an Egyptian residing in Egypt; Defendants are American individuals
and entities.

501041.2                                    -9-

1
2
3
4
5

> allow Sony the use of MC Teach in a broad range of
> products.  Sony assigned this right to Gardner without
> receiving the consent of Nike.  Consequently, Nike had no
> role in determining *whether Gardner would be an*
> *appropriate sublicensee.*"

6   *Gardner*, 279 F.3d at 781 (emphasis added); see also *Ward v. Nat'l Geographic*

7   *Society*, 208 F. Supp. 2d 429, 442 (S.D.N.Y. 2002) (noting the "strong policy

8   reasons to place the burden on the licensee to get the licensor's explicit consent" to

9   any sublicense, including "[t]he owner's ability to monitor use would be jeopardized

10  by allowing sublicensing without notice.").  In sum, under U.S. copyright law,

11  failure to obtain the consent of a copyright owner invalidates a sublicense conveyed

12  by an exclusive licensee to a third-party sublicensee.  *Gardner*, 279 F.3d at 781.

13  **(2)   Under Egyptian law, an exclusive licensee of a copyright**
14  **cannot sublicense the copyright without the consent of the**
15  **copyright owner.**

16       Egyptian copyright law is consistent with U.S. law on the point of law

17  described immediately above.[2]  Under Egyptian copyright law:

18       The author and his universal successor shall have the
19       exclusive right to authorize or prevent any form of
20       exploitation of his work . . . .

21  Wesley Decl., ¶10, Exh. 6 (2002 Law, Article 147).

22

23

---

24  [2]   Defendants' expert on Egyptian copyright law and this Court previously applied
25  the 2002 Egyptian Copyright Act (Law No. 82 of 2002 Pertaining to the Protection
    of Intellectual Property Rights) ("2002 Law"), Article 149) to the issue of whether
26  there was a continuous "chain of title" related to rights in *Khosara Khosara*.  [Dkt.
    No. 242-2 (Declaration of Ahmed Y. Zohny In Support of Defendants' Opposition
27  to Plaintiff's Motion), ¶10); Dkt. No. 271 at 15:19-22.]

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1    <u>The author</u> shall have the right to transfer to a third party

2    all or some of his economic rights stated in this Law.

3    Such a transfer shall be certified in writing and contain an

4    explicit and detailed indication of each right to be

5    transferred with the extent and purpose of transfer and the

6    duration and place of exploitation.  <u>The author</u> shall be the

7    owner of all economic rights <u>other than what he has</u>

8    <u>explicitly signed</u>.  Authorization <u>by the author</u> to exploit

9    any of the economic rights relating to a work does not

10    mean authorization to exploit other economic rights

11    relating to the same work.

12  *Id.* (2002 Law, Article 149) (emphasis added).

13       That a copyright owner must consent to any sublicensing of his copyright is

14  consistent with the general framework of Egyptian copyright law.  Under Egyptian

15  copyright law, certain "moral" rights are "imprescriptible and inalienable."  *Id.* at

16  Article 143.  One of the moral rights is "[t]he right to prevent any modification

17  considered by the author as distortion or mutilation of the work."  *Id.*  This provision

18  contemplates that the original author will be aware of, and have consented to, the

19  licensed use of his copyright by any third party.  After all, how can the author

20  "consider" whether or not he views a sublicensee's putative modification of his

21  copyright "as distortion or mutilation of the work" if he is not even aware of the

22  sublicensee or the intended modification?  Generally requiring the author's consent

23  to any sublicense, therefore, ensures that a licensee will not authorize a modification

24  to the work that the author considers a "distortion or mutilation."

25       In sum, under both United States and Egyptian copyright law, a valid

26  copyright sublicense requires the consent of the copyright owner.

27

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

(3) **The owners of the *Khosara Khosara* copyright did not consent to the 2001 Settlement Agreement.**

It is undisputed that the owners of the *Khosara Khosara* copyright never consented to the 2001 Settlement Agreement that purportedly licenses Defendants the right to use *Khosara Khosara*. Statement of Uncontroverted Facts and Conclusions of Law ("SUFCL") No. 1. Therefore, even assuming the 2001 Settlement Agreement could be considered a "license,"[3] it would be void under both United States and Egyptian law.

Indeed, this case is a perfect example of the importance of the requirement that a copyright owner be afforded the opportunity to consider any potential sublicense of his copyright. Here, a music company (EMI Arabia) that had no direct relationship with the copyright owner or his heirs purported to grant Defendants the right to use the opening bars of *Khosara Khosara* repeatedly, until the end of time, in conjunction with lyrics such as the following:

- "You know I thug em, fuck em, love em, leave em. Cause I don't fuckin need em. Take em out the hood, keep em lookin good. But I don't fuckin feed em."
- "I'm a pimp in every sense of the word, bitch."
- "In the cut where I keep em, till I need a nut, till I need to beat the guts" (a lyric Jay-Z describes in his autobiography as "two of the most selfish, least romantic ways to describe sex you can imagine");

---

[3]  As explained *supra*, Plaintiff does not believe the 2001 Settlement Agreement could be considered a license, particularly where the claimed licensor, EMI Arabia, has averred under penalty of perjury that the document is <u>not</u> a license. [Dkt. No. 242-1 (Declaration of Edward O. Lear In Support of Plaintiff's Reply), ¶2 & Exh. 1 (Declaration of Adrian Cheesley, ¶3.)] Nevertheless, the Court need not reach that issue because even if the 2001 Settlement Agreement were a license that the licensor had actually intended to convey, it would be unenforceable for the reasons discussed herein.

501041.2

-12-

1        •  "Heart cold as assassins, I got no passion.  I got no patience.  And I

2           hate waitin.  Hoe get yo' ass in.  And let's RI-I-I-I-IDE check em out

3           now."

4        •  "Standin on the corner of my block hustlin.  Still getting that cane, half

5           what I paid slippin right through customs.  It'll sell by night it's

6           eggshell white…I got so many grams if the man find out, it will land

7           me in jail for life."

8  Wesley Decl., ¶11 & Exh. 7 (excerpt from Jay-Z's autobiography *Decoded*).

9        Absent the rule requiring the consent of the copyright owner to any

10  sublicense, the owners of *Khosara Khosara* would be powerless to stop the

11  continued exploitation and degradation of their composition.  According to

12  Defendants, the law holds that the owners of *Khosara Khosara* forfeited, for free

13  and for all eternity, and without their knowledge or consent, their right to prevent

14  Defendants from using *Khosara Khosara* in a vulgarity-laden song about sex,

15  abusing women, and drug dealing.  The law does not so hold.  Nor should the law

16  permit the inequitable result Defendants seek to impose on Plaintiff.

17        In short, because Plaintiff did not consent to the 2001 Settlement Agreement,

18  that document cannot constitute an enforceable license.  The Court should therefore

19  hold, as a matter of law, that Defendants have never possessed a valid, enforceable

20  license to use *Khosara Khosara*.

21    **B.**    **Even If The 2001 Settlement Agreement Contained A License, The**

22             **License Would Have Expired On June 10, 2007.**

23        Defendants' purported license is, in turn, predicated upon the license that EMI

24  Arabia had received from Sout El Phan in 1995.  Thus, when EMI Arabia's rights in

25  *Khosara Khosara* expired, so, too, did Defendants' purported rights.

26

27

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

**(1)** **The 1995 Sout El Phan/EMI Arabia Agreement expired on June 10, 2007.**

The 1995 Sout El Phan/EMI Arabia agreement expired on June 10, 2007. SUFCL No. 2. The 1995 Agreement had a term of 10 years and six months. Wesley Decl., Exh. 3 at EMI0004 (defining "Term" as "the period commencing on the date of this agreement and expiring on the date falling 10 (ten) years and 6 (six) months later."). It was signed on December 11, 1995. *Id.* at EMI0003. Therefore, it was originally set to expire on June 10, 2006. The parties, however, amended the agreement to add an additional year to the term, agreeing that it would expire on June 10, 2007. Wesley Decl., Exh. 5. Therefore, it should be undisputed that the 1995 Sout El Phan/EMI Arabia agreement expired on June 10, 2007.

**(2)** **EMI Arabia could not have licensed Defendants any right to use *Khosara Khosara* after June 10, 2007 because EMI Arabia had no valid rights after June 10, 2007.**

It goes without saying that a licensee cannot sublicense rights that it does not itself possess (or that are more expansive than the rights that it possesses). *See, e.g., Delacroix v. Lublin Graphics, Inc.,* 993 F. Supp. 74, 82 (D. Conn. 1997) (copyright licensee could only assign those contract rights which it still possessed). *See also In re Boyajian*, 564 F.3d 1088, 1091 (9th Cir. 2009) ("under general principles of assignment law an assignee steps into the shoes of the assignor"); *In re Trans-United Indus., Inc.*, 351 F.2d 605, 606 (2d Cir. 1965) ("an assignee gets no better rights than those of his assignor"); Restatement (Second) of Contracts § 336(1), cmt. B ("[T]he assignment of a non-negotiable contractual right ordinarily transfers what the assignor has but only what he has. The assignee's right depends on the validity and enforceability of the contract creating the right, and is subject to limitations imposed by the terms of that contract.").

Just as a tenant with a one-year lease could not validly sublet her apartment

1   for 10 years, a copyright licensee with an eleven-and-a-half year license could not

2   validly sublicense the right to use the copyright forever.  Here, however, according

3   to Defendants, a licensee (EMI Arabia) who had certain rights in the copyright

4   through June 10, 2007 purportedly licensed those rights to Defendants for all

5   eternity.

6           **(3)**    **All uses of *Khosara Khosara* after June 10, 2007 are**

7                   **unlicensed.**

8         Because no valid license existed – and therefore no valid sublicense to

9   Defendants, or any of them – after June 10, 2007, by definition *any* exploitation of

10   *Khosara Khosara* by Defendants after that date was unlicensed.  Plaintiff requests

11   an Order holding, as a matter of law, that any uses of *Khosara Khosara* by

12   Defendants after June 10, 2007 were unlicensed.

13         **C.**    **Even If The 2001 Settlement Agreement Contained A License, It**

14              **Cannot Extend To Public Performance Of *Khosara Khosara* At**

15              **Concerts Because The Licensor (EMI Arabia) Did Not Possess**

16              **That Right To Convey.**

17           **(1)**    **Copyright law provides a "bundle of rights" to the copyright**

18                   **owner or its licensee, including the right of public**

19                   **performance of a musical composition.**

20         A copyright owner under United States copyright law is granted a bundle of

21   different rights.  17 U.S.C.A. § 106; *Effects Assoc., Inc. v. Cohen*, 908 F.2d 555, 559

22   (9th Cir. 1990).  One right in the bundle is "in the case of . . . musical . . . works . . .,

23   to perform the copyrighted work publicly."  17 U.S.C.A. § 106(4); see also *Range*

24   *Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1153 (9th Cir. 2012), citing

25   *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157, 95 S.Ct. 2040, 45

26   L.Ed.2d 84 (1975) ("A…singer who performs a copyrighted musical composition in

27   such a public place without a license is thus clearly an infringer under the Copyright

28

501041.2

-15-

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1   Act.  The entrepreneur who sponsors such a public performance for profit is also an

2   infringer—direct or contributory.").  Egyptian law is in accord.  Wesley Decl., Ex. 6

3   (2002 Law, Article 147) (public performance is one of several rights possessed by

4   author of copyright).

5           **(2)**    **A copyright owner may license less than all of his rights and**

6               **retain those rights that were not specifically licensed.**

7         A license of one "exclusive right" does not necessarily encompass the others.

8   Rather, the various "sticks" in the "bundle of rights" are severable.  *Broad. Music,*

9   *Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 11, 99 S. Ct. 1551, 1558, 60 L. Ed.

10   2d 1 (1979) ("Members [of ASCAP] retain the rights individually to license public

11   performances, along with the rights to license the use of their compositions for other

12   purposes."); *Effects Assoc., supra*, at 559.  In other words, a singer could exclusively

13   license to a third party the right to sell records including his song, while nevertheless

14   retaining his exclusive right to publicly perform the song.

15         Moreover, even the individual exclusive rights are divisible.  *Silvers v. Sony*

16   *Pictures Entmt., Inc.*, 402 F.3d 881, 887 (9th Cir. 2005) (en banc) ("*each*

17   *subdivision* of an exclusive right may be *owned and enforced* separately"), quoting

18   H.R. Rep. No. 94-1476, at 61, reprinted in 1976 U.S.C.C.A.N. at 5674.  In other

19   words, a singer could exclusively license the right to broadcast his song on the radio,

20   while retaining the exclusive right to publicly perform the song live at concerts.

21         Egyptian law is in accord on those points.  Wesley Decl., ¶10 & Exh. 6 (2002

22   Law), Article 149 ("The author shall have the right to transfer to a third party all <u>or</u>

23   <u>some</u> of his economic rights stated in this Law.") (emphasis added).

24         Finally, under both United States and Egyptian law, the license must clearly

25   convey the nature and scope of the right that is being transferred.[4]  See, e.g.,

26   

27   [4]   Any putative license "must be construed in accordance with the purposes
underlying federal copyright law"; "[c]hief among those purposes is the protection

28   (footnote continued)

501041.2

-16-

1   *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 103 (9th Cir. 1960) (license
2   that permitted licensee "to make reproduction of the photoplays and to license the
3   use thereof" did not give licensee "the right to sell such reproductions"); see also
4   Wesley Decl., ¶10 & Exh. 6 (2002 Law, Article 149) ("Such a transfer shall be
5   certified in writing and contain an explicit and detailed indication of each right to be
6   transferred with the extent and purpose of transfer and the duration and place of
7   exploitation").

8           **(3)     No defendant has a valid license to publicly perform *Khosara***
9                     ***Khosara* at concerts.**

10          To have effectively conveyed the right to publicly perform *Khosara Khosara*
11  at concerts, EMI Arabia had to have possessed that right itself.  It did not.  The 1968
12  and 1995 agreements that purported to make EMI Arabia an exclusive licensee of
13  the *Khosara Khosara* copyright do not convey the exclusive right to publicly
14  perform *Khosara Khosara* at concerts.  SUFCL No. 3.

15          In sum, the purported licensor of the right to publicly perform *Khosara*
16  *Khosara* at concerts (EMI Arabia) did not possess that right to convey; therefore,
17  Defendants could not have licensed that right from EMI Arabia.  Plaintiff requests
18  an Order finding, as a matter of law, that any public performances of *Khosara*
19  *Khosara* by Defendants at concerts were unlicensed.

20
21
22
23
24
25
26
27  of the author's rights."  *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir.
    1989).
28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1  **5.    Conclusion.**

2      Plaintiff respectfully requests an Order adjudicating in his favor Defendants'

3  affirmative license defense.  In the alternative, Plaintiff respectfully requests an

4  Order holding that Defendants had no license to use *Khosara Khosara* after June 10,

5  2007 or to publicly perform *Khosara Khosara* at concerts at any time.

6

7  Dated:  February 2, 2015                    BROWNE GEORGE ROSS LLP
                                               Peter W. Ross
8                                              Keith J. Wesley
                                               Christina J. Johnson
9

10                                  By      s/ Keith J. Wesley
11                                          Keith J. Wesley

12                                  Attorneys for Plaintiff Osama Ahmed Fahmy

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
501041.2

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this
action.  I am employed in the County of Los Angeles, State of California.  My
4  business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

5

On February 2, 2015, I served true copies of the following document(s)
described as **PLAINTIFF'S NOTICE OF MOTION FOR PARTIAL
6  SUMMARY JUDGMENT ON DEFENDANTS' LICENSE AFFIRMATIVE
DEFENSE; MEMORANDUM OF POINTS AND AUTHORITIES IN
7  SUPPORT THEREOF** on the interested parties in this action as follows:

8

### SEE ATTACHED SERVICE LIST

9

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed
the document(s) with the Clerk of the Court by using the CM/ECF system.
10  Participants in the case who are registered CM/ECF users will be served by the
CM/ECF system.  Participants in the case who are not registered CM/ECF users will
11  be served by mail or by other means permitted by the court rules.

12

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
13  of a member of the bar of this Court at whose direction the service was made.

14

Executed on February 2, 2015, at Los Angeles, California.

15

16

/s/ Kathy Hall
Kathy Hall

17

18

19

20

21

22

23

24

25

26

27

28

501041.2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE

1

**SERVICE LIST**

2

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

3

**United States District Court, Western Division –**
**Case No. 2:07-CV-05715 CAS (PJWx)**

4

5   Linda M. Burrow                                      Attorneys for Defendant
    CALDWELL LESLIE                                      Jay-Z (aka Shawn Carter)
6   725 South Figueroa Street, 31st Floor
    Los Angeles, California 90017
7   Tel.:  (213)629-9040
    Fax:  (213)629-9022
8   Email: burrow@caldwell-leslie.com

9

10  Russell J. Frackman, Esq.                            Attorneys for Defendants
    Alexa L. Lewis, Esq.                                 Timothy Mosely, Kyambo
11  MITCHELL SILBERBERG & KNUPP LLP                      Joshua, Rob Bourdon, Brad
    11377 West Olympic Boulevard                         Delson, Mike Shinoda, Dave
12  Los Angeles, California 90064-1683                   Farrell, Joseph Hahn, Chester
    Tel.:  (310)312-2000                                 Bennington, Big Bad Mr. Hahn
13  Fax:  (310)312-3100                                  Music, Chesterchaz
    Email:  rjf@msk.com                                  Publishing, EMI Blackwood
14          all@msk.com                                  Music, Inc., EMI Music
                                                         Publishing Ltd., Kenji
15                                                       Kobayashi Music, Lil Lulu
                                                         Publishing, Machine Shop
16                                                       Recordings, LLC, Marcy
                                                         Projects Productions II, Inc.,
17                                                       MTV Networks Enterprises
                                                         Inc., Nondisclosure Agreement
18                                                       Music, Paramount Home
                                                         Entertainment, Inc., Paramount
19                                                       Pictures Corporation, Radical
                                                         Media, Rob Bourdon Music,
20                                                       Roc-A-Fella Records, LLC,
                                                         Timbaland Productions, Inc.,
21                                                       UMG Recordings, Inc.,
                                                         Universal Music and Video
22                                                       Distribution, Inc., and Warner
                                                         Music Inc.

23

24

25

26

27

28

S010041 2

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANTS'
LICENSE AFFIRMATIVE DEFENSE