| | |
|---|---|
| MITCHELL SILBERBERG & KNUPP LLP<br>RUSSELL J. FRACKMAN (SBN 49087)<br>rjf@msk.com<br>DAVID A. STEINBERG (SBN 130593)<br>das@msk.com<br>ALEXA L. LEWIS (SBN 235867)<br>all@msk.com<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Telephone:  (310) 312-2000<br>Facsimile:   (310) 312-3100<br><br>CHRISTINE T. LEPERA (Pro Hac Vice)<br>ctl@msk.com<br>MITCHELL SILBERBERG & KNUPP LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>Telephone:  (212) 509-3900<br>Facsimile:   (212) 509-7239<br><br>Attorneys for Various Defendants | CALDWELL LESLIE & PROCTOR, PC<br>LINDA M. BURROW (SBN 194668)<br>  burrow@caldwell-leslie.com<br>ERIC S. PETTIT (SBN 234657)<br>  pettit@caldwell-leslie.com<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017-5524<br>Telephone: (213) 629-9040<br>Facsimile: (213) 629-9022<br><br>Attorneys for Defendant Shawn Carter (pka Jay Z) |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>    Plaintiff,<br><br>    v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>    Defendants. | Case No. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   March 30, 2015<br>Time:   10:00 a.m.<br>Crtrm.: 5, Spring Street Courthouse<br><br>Pre-Trial<br>  Conference:   April 27, 2015<br>Trial:   May 12, 2015 |

Mitchell Silberberg & Knupp LLP

6732811.2

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
6732811.2

## I. THE FAHMY DECLARATION IS UNTIMELY AND MUST BE STRICKEN.

Local Rule 7-10 states in relevant part: "A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence." The hearing on Plaintiff's motion for summary judgment is scheduled for March 30, 2015. Therefore, pursuant to the Local Rules, Plaintiff's reply papers and evidence were due on March 16, 2015. Moreover, in this case, the parties specifically stipulated – and the Court specifically ordered – that Plaintiff's reply papers be filed on March 16, 2015. See Docket Nos. 454-455.

However, the Fahmy Declaration was not filed until March 18, 2015, two days late. See Docket No. 483. The Fahmy Declaration should be stricken as untimely. AJP Management v. U.S., 2000 WL 33122693 (C.D.Cal. 2000) ("Plaintiff's opposition papers to defendant's motion for summary judgment were due on October 24, 2000…Plaintiff did not file the declaration of A. Lavar Taylor until…the day before defendant's reply was due. The Court grants defendant's request to strike the Taylor declaration as untimely."); Walt Disney Productions v. Filmation Associates, 628 F.Supp. 871, 880 n.8 (C.D.Cal. 1986) (striking declarations not timely filed pursuant to the Local Rules).

## II. THE FAHMY DECLARATION DOES NOT COMPLY WITH THE FEDERAL RULES OF EVIDENCE AND MUST BE STRICKEN.

Local Rule 7-7 provides that "[d]eclarations shall contain only factual, evidentiary matter and shall conform as far as possible to the requirements of F.R.Civ.P. 56(c)(4)." "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).

Mitchell Silberberg & Knupp LLP

6732811.2

1

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

A declaration or affidavit may not state ultimate facts or conclusions of law or offer improper opinions or inadmissible hearsay. <u>See</u> Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 802; Fed .R .Evid. 601-602, 901-903; <u>see also</u> <u>Kim v. United States</u>, 121 F.3d 1269, 1276-77 (9th Cir. 1997) (striking hearsay). Declarations also must be made by a declarant with personal knowledge and must state facts rather than improper conclusions. <u>See</u> Fed. R. Evid. 601-602, 901-903; <u>see also</u> <u>Bank Melli Iran v. Pahlavi</u>, 58 F. 3d 1406, 1412 (9th Cir. 1995) (a declaration not made on personal knowledge is "entitled to no weight").

The Declaration of Osama Ahmed Fahmy ("Fahmy Declaration") fails to comply with the requirements of the Federal Rules of Evidence. Therefore, the Court should strike the material objected to below. <u>See</u>, e.g., <u>Sheet Metal Workers' Int'l Assoc. Local Union No. 359 v. Madison Indus. Inc.</u>, 84 F.3d 1186, 1193 (9th Cir. 1996) (affirming district court's order striking affidavits which lacked specific supporting facts); <u>Richardson v. Oldham</u>, 12 F.3d 1373, 1378 (5th Cir. 1994) (court may strike affidavit that lacks specific facts); <u>Reiffin v. Microsoft Corp.</u>, 158 F. Supp. 2d 1016, 1030-31 (N.D. Cal. 2001) (district court considered only those portions of the declarations clearly based on personal knowledge and struck remaining portions).

### A.   <u>Relevance</u>

Federal Rule of Civil Evidence 402 states that "Evidence which is not relevant is not admissible." "Relevant evidence" is defined by Federal Rule of Civil Procedure 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Irrelevant evidence may be disregarded by this Court. <u>U.S. v. Crenshaw</u>, 698 F.2d 1060, 1065 (9th Cir. 1983) (excluding affidavit as irrelevant); <u>Thomas v. Baca</u>, 514 F. Sup. 2d 1201, 1211 (C.D. Cal. 2007) (granting motion to strike irrelevant portions of declarations).

Mitchell Silberberg & Knupp LLP

6732811.2

2

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1  Thus, the Court should strike and disregard those portions of the Fahmy
2  Declaration set forth below.

### B. Prejudice.

Rule 403 of the Federal Rules of Evidence provides that " [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  The Fahmy Declaration not only is irrelevant to Plaintiff's claims (and otherwise inadmissible as set forth herein) but any probative value it theoretically might have is undercut by the improperly prejudicial effect it would have on the defense of the litigation.  Federal Rule of Evidence 403; See Plymack v. Copley Pharmaceutical, Inc. , 1997 WL 122801, *2-*3 (S.D.N.Y. March 17, 1997) (excluding evidence whose probative value was substantially outweighed by unfair prejudice, noting that evidence only concerned one of multiple defendants).

### C. Lack of Foundation/Personal Knowledge

Federal Rule of Evidence 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter . . . ."  Accordingly, declarations which are not based on personal knowledge are entitled to no weight.  Bank Melli Iran, 58 F.3d at 1412 ("declaration . . . entitled to no weight because the declarant did not have personal knowledge.")  The Fahmy Declaration fails to provide a sufficient foundation for the statements declared to.  It simply makes blind representations without laying a proper foundation.  Thus, the Court should strike and disregard those portions of the Fahmy Declaration set forth below.

Mitchell Silberberg & Knupp LLP

6732811.2

3

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF' S MOTION FOR PARTIAL SUMMARY JUDGMENT**

### D. Inadmissible Legal Conclusions.

Portions of the Fahmy Declaration should be stricken to the extent that it improperly purports to offer legal conclusions and interpret documents. See Fed .R. Evid. 701; YKK Corp. v. Jungwoo Zipper Co., Ltd., 213 F. Supp. 2d 1195, 1203 (C.D. Cal. 2002) (opinion excluded on basis that it contains legal conclusions, noting that testimony about a legal conclusion, or the legal implications of evidence is inadmissible under Rule 704). Thus, the Court should strike and disregard those portions of the Fahmy Declaration set forth below which purport to offer legal conclusions and interpret documents.

### E. Lack of Authentication

Federal Rule of Evidence 901 provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." A court may not consider unauthenticated documents. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990) ("It is well established that unauthenticated documents cannot be considered on a motion for summary judgment."). Documents must be authenticated by a person "through whom the exhibits could be admitted into evidence." Id. at 1542. This person must lay a proper foundation "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988). It is not enough that the declarant "characterizes the testimony as a 'true and correct copy.'" Id., citing United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1990). In that it is purportedly the product of a verbal translation by an unspecified individual, the Fahmy Declaration has not been properly authenticated, and should therefore be stricken and disregarded.

Mitchell Silberberg & Knupp LLP

6732811.2

4

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

### F. Best Evidence Rule

Federal Rule of Evidence 1002, commonly known as the "Best Evidence Rule," requires that "to prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided . . ." "When the contents of a writing are at issue, oral testimony as to the terms of the writing is subject to a greater risk of error than oral testimony as to events or other situations." Seiler v. Lucasfilm, Ltd., 808 F.2d 1316, 1318 (9th Cir. 1986). Thus, where the contents of a writing are sought to be proven, the proponent must submit the original document. In re Mullins, 125 B.R. 808, 811 (Bktcy. E.D. Cal. 1990); see also Seiler, 808 F.2d at 1319.

The Fahmy Declaration violates this rule to the extent that it attempts to testify to the contents of documents. The documents "speak for themselves" and are the best evidence of their contents. Statements concerning the contents of documents evade the very protections that the Best Evidence Rule seeks to establish. See Seiler, 808 F.2d at 1319. Therefore, the Court should disregard the testimony as to the contents of the writings and exclude such testimony from evidence.

## III. SPECIFIC OBJECTIONS.

Plaintiff has previously stated under oath that, other than a "few basic words and phrases," he neither reads nor speaks English. Declaration of Osama Ahmed Fahmy filed October 5, 2011 (Docket No. 294) at ¶ 2. Although Plaintiff's Reply Declaration attaches what purports to be an Arabic version, Defendants note that Plaintiff's signature appears on the English version, not the Arabic. As such, Plaintiff's Declaration is inadmissible under the Federal Rules of Evidence and is objectionable in its entirety. *See* FRE 602; FRE 604.

Mitchell Silberberg & Knupp LLP

6732811.2

5

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| Fahmy Declaration | Defendants' Objections |
|---|---|
| I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.<br><br>¶ 1, p. 1:3-5. | • FRE 602 (no foundation).<br>• FRE 1002 (best evidence). |
| In December 2002, I entered into the agreement attached as Exhibit 3.<br><br>¶ 4, p. 1:12. | • FRE 1002 (best evidence). |
| The purpose of the agreement was to grant Mohsen Mohammad Jaber and any assignee the right to distribute recordings of music composed by Baligh Hamdy, including a recording of *Khosara Khosara*, as performed by Abdel Halim Hafez.<br><br>¶ 4, p. 1:13-15. | • FRE 701, 702, 704 (improper legal conclusion).<br>• FRE 1002 (best evidence; "evidence" of unexpressed subjective intent should be disregarded, because "[t]he true intent of a party is irrelevant if it is unexpressed." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). |
| Prior to entering into the 2002 agreement, there was no discussion of an assignment of all ownership rights in *Khosara Khosara* to Mr. Jaber or his company.<br><br>¶ 5, p. 1:18-20. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or |

6

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Mitchell Silberberg & Knupp LLP

6732811.2

| Fahmy Declaration | Defendants' Objections |
|---|---|
| | mislead; vague and ambiguous to the extent that the other parties to any "discussion" are not identified).<br>• FRE 602 (no foundation).<br>• FRE 1002 (best evidence). |
| I never intended that the 2002 agreement would act as an assignment of all ownership rights in *Khosara Khosara* to Mr. Jaber or his company. ¶ 6, p. 1:21-22. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead).<br>• FRE 602 (no foundation).<br>• FRE 1002 (best evidence; "evidence" of unexpressed subjective intent should be disregarded, because "[t]he true intent of a party is irrelevant if it is unexpressed." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). |

7

DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Mitchell Silberberg & Knupp LLP

6732811.2

| **Fahmy Declaration** | **Defendants' Objections** |
|---|---|
| At the time I entered into the 2002 agreement, I understood and believed that, under Egyptian law, an author or his heirs could not give away the right to make a new arrangement of a musical composition and could not give away the right to use the musical composition with new lyrics or sounds. ¶ 7, p. 1:23-26. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead).<br>• FRE 602 (no foundation).<br>• FRE 701, 702, 704 (improper legal conclusion).<br>• FRE 1002 (best evidence). |
| Therefore, I had no intention of transferring to Mr. Jaber or his company those rights because I believed such a transfer was null and void. ¶ 7, p. 1:26-2:2. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead).<br>• FRE 602 (no foundation).<br>• FRE 1002 (best evidence; "evidence" of unexpressed subjective intent should be disregarded, because "[t]he true |

Mitchell Silberberg & Knupp LLP

6732811.2

8

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| Fahmy Declaration | Defendants' Objections |
|---|---|
| | intent of a party is irrelevant if it is unexpressed." *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). |
| At the conclusion of the 2002 agreement, I also clarified that I and the other copyright owners maintained our ownership rights to public performances and mechanical printing of the compositions listed in the agreement, including *Khosara Khosara*.<br>¶ 8, p. 2:3-6. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead).<br>• FRE 602 (no foundation).<br>• FRE 701, 702, 704 (improper legal conclusion).<br>• FRE 1002 (best evidence). |
| After I entered into the 2002 agreement, I continued to collect, on behalf of myself and the other owners of the *Khosara Khosara* composition, royalties from the performance and mechanical printing of the composition.<br>¶ 9, p. 2:7-9. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 602 (no foundation).<br>• FRE 1002 (best evidence). |

Mitchell Silberberg & Knupp LLP

6732811.2

9

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| Fahmy Declaration | Defendants' Objections |
|---|---|
| At the time when I entered into the 2002 agreement, I was in the process of attempting to pursue, through a designated representative named Farouk Sima, a copyright infringement claim in the United States based on the use of *Khosara Khosara* in *Big Pimpin'*.<br>¶ 10, p. 2:10-13. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead). |
| For example, attached as Exhibit 4 is a January 2001 agreement with Mr. Sima that was intended to permit him to bring an infringement claim against the song *Big Pimpin'*.<br>¶ 10, p. 2:13-15. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead). |
| I never would have transferred all ownership rights in *Khosara Khosara* while the infringement claim was still being pursued on behalf of me and the other copyright owners.<br>¶ 10, p. 2:15-17. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or |

10

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Mitchell Silberberg & Knupp LLP

6732811.2

| Fahmy Declaration | Defendants' Objections |
|---|---|
|  | mislead).<br>• FRE 701, 702, 704 (improper legal conclusion).<br>• FRE 1002 (best evidence). |
| Neither Mr. Gaber nor anyone affiliated with his record company have ever contacted me claiming they own all rights to the *Khosara Khosara* musical composition.<br><br>¶ 11, p. 2:18-20. | • FRE 402 (not relevant to the Court's determination on the present Motion).<br>• FRE 403 (argumentative; the probative value of this statement is substantially outweighed by its tendency to confuse and/or mislead). |

Dated: March 24, 2015     MITCHELL SILBERBERG & KNUPP LLP

By:/s/ David A. Steinberg
    Russell J. Frackman
    David A. Steinberg
    Alexa L. Lewis
    Christine T. Lepera
    Attorneys for Various Defendants

Dated: March 24, 2015     CALDWELL LESLIE & PROCTOR, PC

By:/s/ Linda M. Burrow
    Linda M. Burrow
    Eric S. Pettit
    Attorneys for Defendant
    Shawn Carter (pka Jay Z)

Mitchell Silberberg & Knupp LLP

6732811.2

11

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO REPLY DECLARATION OF OSAMA AHMED FAHMY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**