CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  burrow@caldwell-leslie.com
ERIC S. PETTIT, State Bar No. 234657
  pettit@caldwell-leslie.com
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendant
SHAWN C. CARTER (pka Jay Z)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

OSAMA AHMED FAHMY, an individual,

          Plaintiff,

      v.

JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, BOB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,

          Defendants.

Case No. 07-CV-05715 CAS (PJWx)

The Honorable Christina A. Snyder

**DEFENDANT SHAWN C. CARTER'S *EX PARTE* APPLICATION FOR STAY OF MAGISTRATE ORDER, OR, IN THE ALTERNATIVE, FOR ORDER SHORTENING TIME FOR HEARING ON MOTION FOR REVIEW OF NON-DISPOSITIVE RULING OF MAGISTRATE UNDER FRCP 72(a) AND L.R. 72-2; MEMORANDUM OF POINTS AND AUTHORITIES**

[*Ex Parte* Declaration of Eric S. Pettit with Exhibits; and Notice of Motion and Motion for Review and supporting declarations filed concurrently herewith]

[Proposed Order lodged concurrently herewith]

Complaint filed:    Aug. 31, 2007
Discovery Cutoff:  Nov. 28, 2014
Current Trial Date:  Oct. 13, 2015

CALDWELL
LESLIE &
PROCTOR

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2           Defendant Shawn C. Carter (professionally known as Jay Z), by and through

3    his attorneys of record, will and hereby does apply to the Court *ex parte* to stay

4    enforcement of the discovery order filed and served by the Honorable Magistrate

5    Judge Patrick J. Walsh on May 5, 2015, which requires Mr. Carter to "produce

6    documents that are responsive to Requests for Production Nos. 133 and 136 no later

7    than May 18, 2015." Dkt. No. 498 (the "May 2015 Order"). Mr. Carter specifically

8    requests that the Court extend the May 18, 2015 compliance date to permit full

9    briefing and an opportunity to be heard on his concurrently filed Motion for Review

10   of the May 2015 Order pursuant to Federal Rule of Civil Procedure 72(a) and Local

11   Rule 72-2.1 ("Motion for Review"). In the alternative, Mr. Carter will and hereby

12   does apply to the Court *ex parte* to permit his concurrently filed Motion for Review

13   to be heard on shortened time so that it may be considered and decided prior to the

14   May 18, 2015 compliance date established by the May 2015 Order.

15          **Compliance with Local Rules 7-3 and 7-19 and Court's Standing Order**

16          Mr. Carter's counsel met and conferred with Plaintiff's counsel on May 6,

17   2015 pursuant to Local Rule 7-3 regarding the Motion for Review. *See* Declaration

18   of Eric S. Pettit in Support of *Ex Parte* Application ("Pettit *Ex Parte* Decl."), ¶ 2.

19   During that conference, Mr. Carter's counsel requested that Plaintiff's counsel

20   stipulate to a briefing schedule and a short stay of the May 2015 Order to allow this

21   Court to adjudicate the Motion for Review. *See id.* While Mr. Gottfried initially

22   agreed to the proposed schedule, he later sent an email reneging on that agreement,

23   and informing counsel for Mr. Carter that he would have to ask this Court to hear

24   the Motion for Review on an *ex parte* basis. *See id.* ¶ 3, Exh. A (5/6/15 email from

25   J. Gottfried).

26          Mr. Carter's counsel called Plaintiff's counsel on May 11, 2015 to inform

27   Plaintiff that Mr. Carter intended to apply *ex parte* to stay the May 2015 Order

28   pending adjudication of the Motion for Review, or, alternatively, to have the Motion

CALDWELL
LESLIE &
PROCTOR
                                        -1-
_____
*EX PARTE* APPLICATION FOR STAY OR FOR ORDER SHORTENING TIME ON MOTION FOR REVIEW

for Review heard on shortened notice.  *See id.* ¶ 4.  Plaintiff's counsel indicated that Plaintiff opposes Mr. Carter's request to stay the Magistrate Judge's May 2015 Order pending adjudication of the Motion for Review on regular notice, and further opposes Mr. Carter's alternative request to have a full opportunity to be heard on the issues raised in the Motion for Review by allowing for expedited briefing and a hearing in advance of the May 18 compliance deadline in the May 2015 Order.  *See id.*, Exh. B (5/11/15 email from E. Pettit); ¶ 13, Exh. D (5/11/15 email from J Gottfried).

Mr. Carter's counsel also notified David Steinberg—who represents the defendants other than Mr. Carter in this action—of his intention to apply for relief from the May 2015 Order on an *ex parte* basis.  *See id.* ¶ 5.  Mr. Steinberg indicated that the other defendants did not object to Mr. Carter's *ex parte* application or to the concurrently filed Motion for Review.  *Id.*

Mr. Carter's *ex parte* application is based on this Notice, the accompanying Memorandum of Points and Authorities and *Ex Parte* Declaration of Eric S. Pettit with Exhibits, the Motion for Review and supporting declarations and exhibits filed concurrently with this application, and the entire record and pleadings and papers on file in this action.

DATED:  May 11, 2015                  Respectfully submitted,

                                      CALDWELL LESLIE & PROCTOR, PC
                                      LINDA M. BURROW
                                      ERIC S. PETTIT


                                      By    /s/
                                      _____
                                          LINDA M. BURROW
                                      Attorneys for Defendant SHAWN C. CARTER
                                      (professionally known as "JAY Z").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In his concurrently-filed Motion for Review, Defendant Shawn C. Carter (professionally known as Jay Z) seeks review of a May 5, 2015 order issued by Magistrate Judge Patrick J. Walsh in response to an email request from Plaintiff's counsel that purports to seek "clarification" of the Magistrate Judge's November 24, 2014 discovery order and this Court's January 12, 2015 affirmance, but which instead expands those orders to encompass additional documents which were beyond the scope of the original application and thus had not previously been ordered produced.  *See* Dkt. Nos. 436 (the "November 2014 Order"), 447 (the "January 2015 Order"), 498 (the "May 2015 Order"), and 501.[1]  The Magistrate Judge denied Mr. Carter and non-party Live Nation Entertainment, Inc. (whose confidential information is implicated by the Magistrate Judge's May 2015 Order) a meaningful opportunity to be heard, in violation of Local Rule 37, and ordered the production of highly-confidential documents that are not relevant to any of the issues in this case.  Unless stayed by this Court, the May 2015 Order requires Mr. Carter to produce these additional documents by May 18, 2015.  *See* Dkt. No. 498 at 2.

Plaintiff's email not only mischaracterized the nature of the prior discovery orders and the relief being sought, but also asked the Magistrate Judge to deny Mr. Carter his right to be heard, suggesting that the Magistrate Judge decide the issue without "extensive argument from the parties" and foreclose in advance any opportunity to seek reconsideration.  *See* Dkt No. 501 at 1.

Even after the Magistrate Judge ruled, Plaintiff persisted in his efforts to prevent Mr. Carter from being heard, by first agreeing to, and then refusing to agree

---

[1] The Magistrate Judge ordered that Plaintiff's email, along with the responding emails submitted by Mr. Carter and non-party Live Nation Entertainment, Inc., be filed collectively as a single document.  *See* Dkt. No. 501.

1  to, a stay of the May 2015 Order to allow for a reasonable briefing schedule, thus

2  necessitating this *ex parte* application.  *See* Pettit *Ex Parte* Decl., ¶¶ 2-3, Exh. A.

3      There is, however, no exigency.  Trial in this matter is not until October, and

4  Plaintiff has all but admitted that he will suffer no prejudice if this Motion for

5  Review is heard on regular notice.  In any event, any urgency (if there were any) is

6  of Plaintiff's own making, as he waited nearly two months after Mr. Carter

7  produced documents in response to this Court's January 2015 Order to raise his

8  purported objections with the Magistrate Judge.

9      This Court should not reward Plaintiff's conduct, but should instead grant this

10  *ex parte* application, stay the Magistrate's Judge's May 2015 Order, and allow Mr.

11  Carter's Motion for Review to be heard on regular notice on June 8, 2015.  In the

12  alternative, this Court should set a briefing schedule so that Mr. Carter's Motion for

13  Review can be heard in advance of the May 18 deadline set by the Magistrate Judge.

14  **II.   GOOD CAUSE EXISTS TO STAY THE MAGISTRATE'S ORDER OR,**

15  **ALTERNATIVELY, TO PERMIT MR. CARTER'S MOTION FOR**

16  **REVIEW TO BE HEARD ON SHORTENED TIME**

17      The Court may issue an *ex parte* order adjusting the schedule of discovery

18  and motion practice upon a showing of good cause for the *ex parte* relief.  *See*

19  William W. Schwarzer, *et al*., *Cal. Prac. Guide:  Fed. Civ. Proc. Before Trial*

20  ¶ 12:170 (The Rutter Group 2014).  Here, good cause exists to stay the May 18,

21  2015 deadline for Mr. Carter to produce additional discovery as required by the

22  Magistrate Judge's May 2015 Order or, alternatively, to have his Motion for Review

23  heard on shortened notice in advance of that deadline.

24      ***A.   The Magistrate Judge Granted Plaintiff's "Request For***

25      ***Clarification" Without Giving Mr. Carter A Reasonable Opportunity***

26      ***To Be Heard***

27      As described in greater detail in Mr. Carter's accompanying Motion for

28  Review, this dispute arises out of Plaintiff's April 17, 2015 email to Magistrate

1   Judge Walsh seeking "clarification" of the Magistrate Judge's November 2014

2   Order (*see* Dkt. No. 436), which this Court affirmed in January 2015.  *See* Dkt.

3   No. 447.  Plaintiff mischaracterized the relief he was seeking in his email, which

4   was not a "clarification" but in fact a significant expansion of the Magistrate Judge's

5   November 2014 Order and this Court's January 2015 Order to include

6   merchandising revenues and Mr. Carter's agreement with non-party Live Nation,

7   which Plaintiff had not previously sought, and which neither the Magistrate Judge

8   nor this Court had ordered produced.  Dkt. No. 501 at 1-4.  Plaintiff also asked the

9   Magistrate Judge to decide the issue without "extensive argument from the parties,"

10  and to deny Mr. Carter the opportunity to seek subsequent review.  Dkt. No. 501 at

11  1.  Plaintiff sent his email minutes after rejecting Mr. Carter's efforts to set a

12  reasonable briefing schedule on Plaintiff's document demand.  *See* Pettit *Ex Parte*

13  Decl., ¶ 6, Exh. C (4/17/15 email from J. Gottfried).

14         Because Plaintiff's request for "clarification" sought documents that had not

15  been addressed in Plaintiff's prior motion to compel, Mr. Carter emailed the

16  Magistrate Judge the same day, asking the Magistrate Judge to require Plaintiff to

17  comply with the mandatory procedures set forth in Local Rule 37 or, at a minimum,

18  to set a reasonable briefing schedule that would allow Mr. Carter and non-party Live

19  Nation to be heard on why the Plaintiff's effort to compel additional discovery

20  lacked merit.  *See* Dkt. No. 501 at 5-6.  The Magistrate Judge's clerk subsequently

21  assured counsel for Mr. Carter that he would have an opportunity to be heard on the

22  issues raised by Plaintiff's email.  *See* Pettit *Ex Parte* Decl., ¶¶ 8-9.

23         Nonetheless, the Magistrate Judge issued an order on May 5, 2015 "over

24  Plaintiff's and Live Nation's objections," granting Plaintiff's "request for

25  clarification" and requiring Mr. Carter to produce highly-confidential documents by

26  May 18, 2015, less than two weeks from the date of the Magistrate Judge's May

27  2015 Order, and thus prior to the time that Mr. Carter would even be required to

28  seek review under the Local Rules.  *See* Dkt. No. 498; *see also* Local Rule 72-2.1

1  (requiring a motion for review of a Magistrate Judge's non-dispositive order to be
2  filed within 14 days).

3  **B.    Mr. Carter Was Forced To Seek Ex Parte Relief Because Plaintiff**
4  **Refused To Stipulate To A Reasonable Briefing Schedule**

5  Even after the Magistrate Judge issued his May 2015 Order, Mr. Carter's
6  counsel attempted to avoid having to file this *ex parte* application by asking Plaintiff
7  to agree to a reasonable briefing schedule that would allow the issues to be brought
8  to this Court expeditiously, while giving Mr. Carter and Live Nation an opportunity
9  to be heard on Plaintiff's newly-asserted demands.  Pettit *Ex Parte* Decl., ¶ 2.
10 Within a day of receiving the Magistrate Judge's May 2015 Order, Mr. Carter's
11 counsel contacted Plaintiff's counsel, Jonathan Gottfried, to meet and confer
12 pursuant to Local Rule 7-3 regarding Mr. Carter's planned Motion for Review, and
13 to request that Plaintiff's counsel stipulate to a briefing schedule and short stay of
14 the May 2015 Order pending this Court's review.  *See id.*  While Mr. Gottfried
15 initially agreed to the proposed schedule, he later reneged on that agreement, and
16 informed Mr. Carter that he would have to ask this Court to hear his Motion for
17 Review on an *ex parte* basis.  *See id.* ¶ 3, Exh. A.

18 **C.    In The Absence Of Ex Parte Relief, Mr. Carter Will Not Have A**
19 **Meaningful Opportunity To Seek Review Of The Magistrate's Order**

20 Mr. Carter's counsel has moved quickly and diligently to meet and confer
21 with Plaintiff's counsel pursuant to Local Rule 7-3 and to file Mr. Carter's Motion
22 for Review well in advance of the 14-day deadline established by Federal Rule of
23 Civil Procedure 72(a) and Local Rule 72-2.1.  Because, however, the May 18, 2015
24 compliance deadline "remains in effect unless the ruling is stayed or modified by the
25 Magistrate Judge or the District Judge" pursuant to Local Rule 72-2.2, absent an
26 order staying the May 18, 2015 production date, Mr. Carter will be obligated to
27 comply with the Magistrate Judge's May 2015 Order before he has an opportunity
28 to challenge that order on the merits, thus eviscerating his right under Federal Rule

of Civil Procedure 72(a) and Local Rule 72-2.1 to seek review of the Magistrate Judge's non-dispositive ruling.  Forcing Mr. Carter to comply with the May 2015 Order before he has an opportunity to be heard will also prejudice non-party Live Nation, which has its own interest in preventing Plaintiff from obtaining a copy of its highly-confidential agreement with Mr. Carter—a document that has no relevance to the issues in this case.  *See* Dkt. No. 501 at 7 (4/17/15 email from Live Nation's counsel to Magistrate Judge's chambers).

### D.    *Plaintiff Will Not Be Prejudiced By A Short Extension Of The May 18, 2015 Deadline Pending Adjudication Of Mr. Carter's Motion*

While Mr. Carter and non-party Live Nation will suffer significant prejudice if the Magistrate Judge's May 2015 Order is not stayed, Plaintiff will suffer no prejudice from an order briefly delaying the May 18, 2015 compliance deadline to permit Mr. Carter's Motion for Review to be heard.  This case is not set for trial until October 13, 2015, none of the documents at issue in Mr. Carter's Motion for Review will have any impact on expert discovery, and there are no other constraints that require the immediate enforcement of the Magistrate Judge's May 2015 Order. *See* Pettit *Ex Parte* Decl., ¶ 11.

Indeed, Plaintiff all but admitted that he will not suffer prejudice by a brief stay of the Magistrate Judge's order, by expressing a "preference" that the May 18, 2015 compliance deadline be enforced, but identifying no harm that he would suffer if the Order were to be stayed.  Pettit *Ex Parte* Decl., ¶ 12, Exh. A.  In any event, any minimal prejudice would be the result of Plaintiff's own inaction, as he waited more than two months to bring his "request for clarification" after Mr. Carter produced documents in response to this Court's January 2015 Order.  *Id.* ¶ 12.

## III.    CONCLUSION

For all of the foregoing reasons, Mr. Carter respectfully requests that the Court stay the Magistrate Judge's May 2015 Order pending the adjudication of Mr. Carter's concurrently-filed Motion for Review, which Mr. Carter has noticed for

1  hearing on June 8, 2015.  In the alternative, Mr. Carter respectfully requests that the

2  Court set a briefing schedule so that Mr. Carter's Motion for Review can be heard

3  prior to the May 18, 2015 production date established by the May 2015 Order.

4

5  DATED:  May 11, 2015                    Respectfully submitted,

6                                          CALDWELL LESLIE & PROCTOR, PC

7                                          LINDA M. BURROW

8                                          ERIC S. PETTIT

9

10                                         By _____/s/_____

11                                              LINDA M. BURROW

12                                         Attorneys for Defendant

                                           SHAWN CARTER (pka Jay Z)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28