```
 1  BROWNE GEORGE ROSS LLP
    Peter W. Ross (State Bar No. 109741)
 2     pross@bgrfirm.com
    Keith J. Wesley (State Bar No. 229276)
 3     kwesley@bgrfirm.com
    Jonathan L. Gottfried (State Bar No. 282301)
 4     jgottfried@bgrfirm.com
    2121 Avenue of the Stars, Suite 2400
 5  Los Angeles, California 90067
    Telephone: (310) 274-7100 / Facsimile: (310) 275-5697
 6
    Attorneys for Plaintiff
 7  OSAMA AHMED FAHMY
 8
 9                   UNITED STATES DISTRICT COURT
10          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
11
```

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,<br><br>Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference:<br>September 14, 2015, at 11:00 a.m.<br><br>Jury Trial Date:<br>October 13, 2015, at 9:30 a.m. |

549363.1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Under Local Rule 16-4, plaintiff Osama Ahmed Fahmy ("Plaintiff") respectfully submits the following Memorandum of Contentions of Fact and Law.

## 1. Claims and Defenses.

### A. Identification of Claim.

Plaintiff plans to pursue a claim that the defendants infringed upon his copyright in the musical composition *Khosara Khosara* by creating, performing, and/or distributing the song *Big Pimpin'* or variations thereof.

### B. Elements of Claim.

To prove copyright infringement, the plaintiff must show:

1. He is the owner of a valid copyright; and
2. The defendant copied original elements from the copyrighted work.

Ninth Circuit Model Jury Instruction No. 17.4.

If infringement is proven, then the plaintiff is entitled to his actual damages suffered as a result of the infringement and any profits of the defendant attributable to the infringement. Ninth Circuit Model Jury Instruction No. 17.22; see also 17 U.S.C. § 504.

### C. Key Evidence in Support of Claim.

#### (1) Copyright Ownership.

The Court has already summarily adjudicated the issue of copyright ownership in Plaintiff's favor. On May 2, 2011, the Court ruled:

> The Court GRANTS plaintiff's motion for partial summary judgment with respect to the following issues: (1) that Baligh Hamdy authored and owned the copyright in the 'Khosara, Khosara' musical composition; (2) that plaintiff Osama Fahmy is a Hamdy heir, and a co-owner of the 'Khosara, Khosara' copyright; (3) that plaintiff Osama Fahmy has standing to bring claims that defendants' works infringed the 'Khosara, Khosara' copyright.

Dkt. 271 at 18:16-21.

### (2) Copying.

"The word 'copying' is shorthand for the infringing of any of the copyright owner's five exclusive rights, described at 17 U.S.C. § 106." *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n.3 (9th Cir. 1989).[1]

The evidence will show that a portion of the *Khosara Khosara* composition is "looped" – i.e., played over and over again – throughout *Big Pimpin'*. Any reasonable person who hears the two works would reach that conclusion. In addition, there is documentary evidence and testimony from the defendants themselves proving that each of them was involved in creating, performing, and/or distributing the song *Big Pimpin'* or variations thereof.

### (3) Damages.

The defendants have each provided sworn interrogatory responses detailing the revenues from exploiting *Big Pimpin'*. They have also produced documentary evidence of those revenues. They have also produced data indicating the percentage of downloads of *Big Pimpin'* compared to the downloads of other tracks on the relevant albums.

Plaintiff has retained an economic damages expert, Dr. Patrick Kennedy, to analyze and summarize the defendants' revenue and profit attributable to their

---

[1] The (now six) exclusive rights under 17 U.S.C. Section 106 are: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer or ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission."

exploitation of *Big Pimpin'*, as well as the digital download data. In addition, a marketing expert, Dr. Michael Kamins, conducted a survey of persons who purchased tickets to see Jay-Z in concert, in an effort to determine if their purchasing decisions were influenced in any way by *Big Pimpin'*. In addition, a longtime entertainment industry insider and expert, Sam Rubin, has offered opinions on the significance of *Big Pimpin'* to Jay-Z's career and the factors that drive consumers to purchase concert tickets.

### D. **Defenses.**

The defendants pled in excess of 20 affirmative defenses, many of which appear inapplicable to the facts at issue herein. At the Rule 16-2 meeting of counsel, defense counsel stated that they had not yet decided if they planned to abandon any of their defenses.

Nevertheless, it seems clear, at this stage, that the primary defense being relied upon by the defendants is a "license" defense – i.e., the defendants contend that, through a series of agreements (or "chain of title"), they have been granted a valid right to exploit *Khosara Khosara* in *Big Pimpin'*.[2]

As noted *infra*, Plaintiff contends that Egyptian law governs the defendants' license defense.

The 1954 Egyptian copyright law – i.e., the law in effect at the time of the first creation and publication of *Khosara Khosara* – states in relevant part[3]:

---

[2] Defendants also previously asserted the defenses of statute of limitations and laches. The Court has already ruled on those defenses at the pre-trial stage, holding that the statute of limitations limits the damage period to August 31, 2004 to the present, Dkt. 309, and that laches cannot preclude Plaintiff's claims (although it may be considered post-trial). Dkt. 418.

[3] A translation of relevant excerpts from the 1954 Law is attached hereto as Exhibit A. The current Egyptian copyright law – i.e., the 2002 Law – has similar requirements. See Articles 143, 145, 149. A translation of relevant excerpts from (footnote continued)

- "An author may transfer to a third party, all or part of the financial exploitation rights as prescribed in Articles 5, 6, and 7 of the present law. In order to complete such act of disposal, it shall be made in writing and shall determine expressly and in detail, every right separately, which is subject of such disposal act, along with indicating its range, its purpose, and the period and place of exploitation." Article 37.

- "All acts of disposal involving the rights prescribed in Article 5 (first clause), Article 7 (first clause) and Article 9 of the present law, shall be null and void."[4] Article 38.

In opposition to the defendants' license defense, Plaintiff will rely on the following evidence: (a) the agreements themselves, (b) contemporaneous written correspondence, (c) other license agreements, and (d) expert testimony. The evidence will show that the defendants did not enter into valid agreements that "expressly and in detail" – including indicating the range, purpose, and period and place of exploitation – convey the right to use *Khosara Khosara* in *Big Pimpin'* (or, more generally, to alter or add to *Khosara Khosara*). The evidence will also show that the defendants did not obtain the consent of the author or his heirs to introduce modifications in or additions to *Khosara Khosara*; therefore, any license to economically exploit *Khosara Khosara* in *Big Pimpin'* would be null and void.

### E. Evidentiary Issues.

The parties are in the process of formulating and conferring regarding

---

the 2002 Law is attached hereto as Exhibit B.

[4] Article 7, first clause, states that "[t]he author shall along have the right to introduce whatever modifications or changes he chooses in his compiled work." Article 9 states, in part, that "[t]he author shall alone have the right to relate his work himself, and to repel any encroachment on such right, as well as prevent any deletion or change in his compiled work."

motions *in limine*. Plaintiff anticipates that all significant evidentiary issues will be raised through those motions.

### F. Issues of Law.

Plaintiff submits that the following issues of law are germane to the case.

#### (1) Which Law Governs Which Issue.

This case involves a composition written by an Egyptian national in Egypt, which was first published in Egypt. The composition is culturally significant in Egypt. The case also involves agreements, relied upon by the defendants to support their "license" defense, which were entered into in Egypt by Egyptian nationals and/or companies. It is Plaintiff's position, therefore, that Egyptian law governs the determination of the ownership of the *Khosara Khosara* copyright, including whether the copyright was validly licensed or assigned. See Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971); see also *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90-92 (2d Cir. 1998).

#### (2) Whether, Under Egyptian Law, An Author's Consent is a Requisite Pre-Condition to an Alteration of, or Addition to, the Author's Licensed Copyright.

As explained *supra*, Egyptian copyright law authorizes transfers of copyright interests under certain circumstances. It is Plaintiff's position, however, that a blanket license to make derivative works that alter or add to the copyright is void under Egyptian law. See Ex. A, 1954 Law at Art. 38; Ex. B, 2002 Law at Art. 143. In the alternative, at the very least, regardless of the scope of the copyright license, the author is required to consent on a case-by-case basis to any alteration of his work. In other words, before a licensee of an Egyptian copyright can exploit a derivative work that alters or adds to the original work, the author must consent to that derivative work. See *id.*

### (3) The Relationship Between Willful Infringement and a Wrongful Profit Award.

As explained above, Plaintiff herein seeks an award of the defendants' wrongful profits attributable to the infringement. See 17 U.S.C. Section 504. Under that section, the plaintiff bears the burden of proving the defendants' sales revenue. The burden then shifts to the defendants to prove the following: (a) any expenses that were incurred to generate the wrongful revenue, and (b) any part of the revenue that is demonstrably not attributable to the use of the copyrighted work. Ninth Circuit Model Instruction No. 17.24. However, the Ninth Circuit has implied,[5] and some courts have held,[6] that a willful copyright infringer cannot deduct overhead. Some courts have also held that an apportionment between infringing and non-infringing elements may not be appropriate in cases of willful infringement. *Abkco Music, Inc. v. Harrisongs Music, Ltd.*, 508 F. Supp. 798, 801 n.10 (S.D.N.Y. 1981); see also *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995). Therefore, this Court must decide whether to follow or reject the cases cited above. Plaintiff submits that this Court should follow those decisions.

## 2. Bifurcation.

The Court previously denied the defendants' request to bifurcate the trial. Dkt. 418 at pp. 9-10. Plaintiff continues to believe bifurcation is inappropriate. The reasons underlying the Court's prior denial remain sound.

## 3. Jury Trial.

A timely demand for a jury trial was made in Plaintiff's complaint. Plaintiff

---

[5] *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985).

[6] E.g., *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) ("Overhead may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful."); see also Melville B. Nimmer, Nimmer on Copyright, § 14.03[C][3].").

submits that the issues herein are required to be tried to a jury. See, e.g., *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347-55 (1998) (describing history of trying copyright cases to juries and holding that the Seventh Amendment required trial by jury of statutory damage claim); *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977) (plaintiff has right to jury trial on issue of wrongful profits in copyright infringement case).

### 4. Attorney's Fees.

Plaintiff is not claiming an entitlement to attorney's fees.

### 5. Abandonment of Issues.

Plaintiff has not voluntarily abandoned any pleaded claims.

Dated: August 10, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Jonathan L. Gottfried

By:     s/ Keith J. Wesley
          Keith J. Wesley

Attorneys for Plaintiff Osama Ahmed Fahmy

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On August 10, 2015, I served true copies of the following document(s) described as **PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 10, 2015, at Los Angeles, California.

s/ Tamara L. Kawashima
Tamara L. Kawashima

549363.1

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division –
Case No. 2:07-CV-05715 CAS (PJWx)**

| | |
|---|---|
| Linda M. Burrow<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.: (213)629-9040<br>Fax: (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Andrew Bart, Esq.<br>Ava U. McAlpin, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212.891.1600<br>Fax: 212.891-1699<br>Email: abart@jenner.com<br>amcalpin@jenner.com | Lead Counsel for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Daniel A. Rozansky<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Tel.: (213) 239-5100<br>Fax: (213) 239-5199<br>drozansky@jenner.com | |

549363.1