BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697

Attorneys for Plaintiff
OSAMA AHMED FAHMY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,<br><br>Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 4: TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS**<br><br>Judge: Hon. Christina A. Snyder<br>Date: September 16, 2015<br>Time: 12:00 p.m.<br>Crtrm: 5 |

552185.1

## I. Introduction.

One of the issues that the jury will be tasked with deciding in this copyright infringement case is whether any defendant committed copyright infringement willfully. A finding of willfulness is significant for multiple reasons. If a defendant infringed willfully: (a) the defense of laches is inapplicable;[1] (b) the defendant cannot deduct taxes when calculating its wrongful gain;[2] (c) the defendant may not be able to deduct overhead when calculating its wrongful gain;[3] and (d) the defendant may not be able to apportion wrongful gain to non-infringing factors.[4] In addition, although it is not an affirmative defense, the defendants have pled "lack of willfulness" as such, thereby conceding that their intent is at issue. Dkt. 532 at 21:4-20; see also *id.* at 22:17-28 ("good faith" defense).

One way in which defendants accused of copyright infringement attempt to rebut a claim of willfulness is by testifying that they consulted an attorney. The form of such an "advice of counsel" defense can vary from the vague (*e.g.*, "I handed the issue over to legal"), to the specific (*e.g.*, "My attorney analyzed the copyright issue

---

[1] *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012), citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956-57 (9th Cir. 2001) ("The doctrine of laches does not apply in cases of willful infringement.").

[2] *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487-88 (9th Cir. 2000), citing *L.P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co.*, 277 U.S. 97, 99-100 (1928) (income taxes are not considered a "deductible expense" in cases of willful copyright infringement).

[3] *E.g., Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) ("Overhead may not be deducted from gross revenues to arrive at profits when an infringement was deliberate or willful."); see also Melville B. Nimmer, Nimmer on Copyright, § 14.03[C][3]; *cf. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985) (implying that overhead may not be deducted when calculating a willful copyright infringer's wrongful gain).

[4] *Abkco Music, Inc. v. Harrisongs Music, Ltd.*, 508 F. Supp. 798, 801 n.10 (S.D.N.Y. 1981); *see also Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995).

552185.1

PLAINTIFF'S MOTION *IN LIMINE* NO. 4: TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS

and provided me a memo explaining why there is no infringement, which I carefully read and relied upon"). But regardless of its form, the purpose of the defense is always the same – *i.e.*, trying to show that the defendant acted reasonably and in good faith by seeking the assistance of a legal professional. In other words, even if the lawyer's advice was wrong, and the defendant was actually doing something wrong, the mere fact that the defendant consulted a lawyer is evidence of the defendant's good and honest intentions.

If a defendant wants to testify in this manner, there are consequences; the defendant must waive the attorney-client privilege with regard to its relevant communications with its attorney. And if the defendant chooses to assert the privilege during discovery, then it waives the ability to rely on its consultation with its attorney as a sign of its good faith.

Here, the defendants repeatedly invoked the privilege to block discovery of communications between them and their attorneys. They did so even after being put on express notice that their decision would prohibit them from referencing their reliance on the advice of counsel at trial. Therefore, the defendants should be prohibited from referencing at trial their consultation with, or reliance on, any attorney.

## II. The Defendants Invoke the Privilege Throughout Discovery.

Throughout discovery, the defendants relied on the attorney-client privilege and attorney work product doctrine to block access to communications between the defendants and their attorneys around the time of the defendants' decision to exploit the allegedly infringing work, *Big Pimpin*.

The defendants withheld dozens of documents that purportedly reflected attorney-client communications and attorney work product. Wesley Decl., Ex. 1 (defendants' privilege log).

At the first deposition of a defendant, the deposition of Timothy Mosley, the following exchange occurred:

> Q. Prior to the release of Big Pimpin', did you personally turn over the master recording to any type of legal advisor?
>
> MS. LEPERA: Objection, asked and answered.
>
> A. Did I turn – yes, I turned it over to my legal just to get a double-check is this really license free. And to my knowledge she said it was cool.
>
> MS. LEPERA: I don't want you getting into any communications with your counsel.
>
> MR. WESLEY: Just for the record, Ms. Lepera – and we can talk about it later –
>
> MS. LEPERA: Right.
>
> MR. WESLEY: -- I'm not aware of an advice of counsel defense being asserted in this case, so I'm going to respect the privilege.
>
> I want to state on the record, though, that by protecting the privilege, in my view the advice of counsel privilege [sic] has been waived to the extent you later would want to assert.
>
> MS. LEPERA: I understand. We'll go down that road, we'll deal with it later.
>
> MR. WESLEY: Perfect.

Wesley Decl., Ex. 2, Mosley Depo at 45:1-46:2. Following that exchange, defense counsel reiterated that she would instruct the witness not to answer questions regarding communications between Mr. Mosley and his attorney on issues that went to Mr. Mosley's state-of-mind at the time of infringement. *Id.* at 90:11-91:21.

At subsequent depositions of the Rule 30(b)(6) representatives of the corporate defendants, defense counsel continued to instruct the witnesses not to divulge any attorney-client communications that went to their states-of-mind at the time of infringement. *See, e.g.*, Wesley Decl., Ex. 3, Trotman Depo at 67:23-68:21, 75:1-76:23; Ex. 4, Hamilton Depo at 78:2-79:14; Ex. 5, O'Rourke Depo at 29:3-10.

### III. The Defendants Should Be Precluded From Referencing Their Consultation With, Or Reliance On, Their Attorneys.

The Ninth Circuit has held that a party may not rely on legal advice as a

defense to an infringement action if the party has invoked the attorney-client privilege to prevent discovery concerning that legal advice. *See Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming exclusion of legal advice as a defense to willful infringement claim because defendant invoked attorney-client privilege to block discovery concerning that advice); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield."); *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) (granting motion *in limine* to prohibit defendant who had asserted privilege from relying on advice of counsel defense).

The aforementioned rule may apply even if the defendants deny they are formally asserting an "advice of counsel" defense. More specifically, defendants who invoke the privilege during discovery are barred at trial not just from explaining what their counsel told them; they are prohibited from testifying even regarding their act of seeking advice from counsel.[5] As another district court explained:

> Even if the Lee Defendants intend only to rely on the act of seeking advice from counsel to show they behaved in good faith, Plaintiffs are entitled to test the validity and sincerity of that action. In order for Plaintiffs to have a fair and adequate opportunity to test and rebut Defendants' allegations that they sought advice from counsel, Plaintiffs are entitled to know, for example, whether the Lee Defendants disclosed all material facts to counsel, whether counsel gave an otherwise well-informed opinion, did the Lee Defendants follow the advice from counsel.

*In re ML-Lee Acquisition Fund II, L.P.*, 859 F. Supp. 765, 767 (D. Del. 1994); *see also Arista Records LLC v. Lime Group LLC*, 2011 WL 1642434, at *3 (S.D.N.Y. 2011) ("a party need not explicitly rely on advice of counsel to implicate the

---

[5] For example, if Mr. Mosley were permitted to testify that he "handed the issue over to legal," then the inference the jury could reach is that Mr. Mosley's lawyers advised him that he could continue to exploit the infringing work, and Mr. Mosley relied in good faith on their advice. His testimony, while vague, could have the same effect as if he had formally asserted an "advice of counsel" defense.

privileged communications.  Instead, advice of counsel may be placed in issue where, for example, a party's state of mind, such as his good faith belief in the lawfulness of his conduct, is relied upon in support of a claim of defense…" (quoting *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP*, 2010 WL 4983183, at *3 (S.D.N.Y. Dec. 6, 2010)).[6]

Here, the defendants repeatedly invoked the privilege, which they were entitled to do.  Plaintiff respected their choice, as he was required to do.  The defendants' choice, however, had consequences under the governing law.  The defendants are now barred from using their act of consulting with an attorney as a basis for proclaiming their innocent intent. They should be barred from submitting testimony or argument regarding their consultation with, or reliance on, their attorneys.

Dated:  August 21, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Jonathan L. Gottfried

By:      s/ Keith J. Wesley

Attorneys for Plaintiff Osama Ahmed Fahmy

---

[6] Indeed, at least one defendant herein, UMG Recordings, Inc., vigorously, persuasively, and successfully argued that a defendant in a copyright case was barred from testifying about his good faith after he had invoked the privilege during discovery.  Gottfried Decl., Ex. Q, *Arista Records LLC, et al. v. Lime Wire LLC*, U.S. District Court, Southern District of New York Case No. 06-CV-05936-KMW-DCF, Memorandum of Law in Support of Plaintiffs' Motion In Limine To Preclude Any Argument Or Evidence Concerning Defendants' Purported Belief In The Lawfulness Of Their Conduct.

552185.1

-5-

PLAINTIFF'S MOTION *IN LIMINE* NO. 4:  TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On August 21, 2015, I served true copies of the following document(s) described as **PLAINTIFF'S MOTION IN LIMINE NO. 4: TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 21, 2015, at Los Angeles, California.

                                       /s Tamara L. Kawashima
                                       Tamara L. Kawashima

552185.1

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division –
Case No. 2:07-CV-05715 CAS (PJWx)**

| | |
|---|---|
| Linda M. Burrow<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.:  (213)629-9040<br>Fax:  (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Andrew Bart, Esq.<br>Ava U. McAlpin, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212.891.1600<br>Fax: 212.891-1699<br>Email:   abart@jenner.com<br>     amcalpin@jenner.com | Lead Counsel for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Daniel A. Rozansky<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Tel.: (213) 239-5100<br>Fax: (213) 239-5199<br>drozansky@jenner.com | |

552185.1


| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Russell J. Frackman, Esq.<br>David Steinberg, Esq.<br>Alexa L. Lewis, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Tel.:  310.312.2000<br>Fax:  310.312.3100<br>Email:  rjf@msk.com<br>        all@msk.com<br>        das@msk.com |
| 7<br>8<br>9<br>10 | Christine T. Lepera (Pro Hac Vice)<br>MITCHELL SILBERBERG & KNUPP LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>Tel.: 212.509-3900<br>Fax: 212.5097239<br>Email: ctl@msk.com |

Attorneys for Defendants Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.

552185.1

PLAINTIFF'S MOTION *IN LIMINE* NO. 4:  TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS