CHRISTINE LEPERA (Pro Hac Vice)
  ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANDREW H. BART (Pro Hac Vice)
  abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
  drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Counsel for Defendants – Continued after signatures

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>　　　　Defendants. | Case No. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE ACTUAL LICENSE VALUE OF *KHOSARA***<br><br>**Final Pretrial Conference**<br>Date:　　September 16, 2015<br>Time:　　12:00 p.m.<br>Ctrm:　　5<br><br>Action<br>Commenced: August 31, 2007<br>Trial:　　　October 13, 2015 |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** at the Pretrial Conference in this matter on September 16, 2015, at 12:00 p.m., or as soon thereafter as counsel may be heard in courtroom 5 of the federal courthouse located at 312 North Spring Street, Los Angeles, CA 90012, Defendants will and hereby do move for an order excluding any evidence or argument regarding what Plaintiff would or could have received for any license of *Khosara Khosara* as a measure of Plaintiff's actual damages.

This motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16-2.6, which took place on August 11, 2015. This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the supporting declaration of David A. Steinberg, any further briefing regarding this motion, the pleadings and evidence in the Court's file, and such other evidence and arguments that the Court may consider at the hearing on this motion.

DATED: August 21, 2015         MITCHELL SILBERBERG & KNUPP LLP

By:/s/David A. Steinberg
Christine Lepera
Russell J. Frackman
David A. Steinberg
Bradley J. Mullins
Attorneys for Various Defendants

Mitchell Silberberg & Knupp LLP

7043906.3/16922-00223

1

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE ACTUAL LICENSE VALUE OF *KHOSARA***

1 | DATED: August 21, 2015      JENNER & BLOCK LLP

By:/s/Daniel Rozansky
Andrew H. Bart
Daniel Rozansky
Attorneys for Defendant Shawn Carter (pka Jay Z)

Mitchell Silberberg & Knupp LLP

7043906.3/16922-00223

2

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE ACTUAL LICENSE VALUE OF *KHOSARA***

## MEMORANDUM OF POINTS AND AUTHORITIES

This Motion *in Limine* requests an order precluding Plaintiff from presenting evidence or argument at trial regarding what Plaintiff would or could have received for any license of *Khosara Khosara* ("*Khosara*") as a measure of Plaintiff's actual damages.

While Defendants do not believe that Plaintiff will be able to satisfy his burdens in establishing liability, in the event he does, Plaintiff should nonetheless be precluded from presenting evidence attempting to establish any measure of actual damages he may claim to have incurred as a result of the alleged use of *Khosara* in *Big Pimpin'*. In particular, Plaintiff should be precluded from attempting to establish a reasonable license fee as a measure of Plaintiff's actual damages. Throughout the course of discovery, Plaintiff has produced not a single shred of evidence, nor proffered any lay person or expert testimony, that would support any measure of actual damages, or any reasonable license fee.

Fact discovery has now long been closed. Plaintiff could not possibly have any justifiable excuse for failing to proffer any purported evidence of actual damages up until now. Allowing Plaintiff to attempt to present evidence, or otherwise prove at trial, any actual damages as a result of the alleged infringement would be unfairly prejudicial to Defendants. All such evidence much be excluded.

## LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009) (citation and quotation marks omitted). Motions *in limine* serve to "streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *Ellis v. Navarro*, 2012 U.S. Dist. LEXIS 116491, at *4 (N.D. Cal. Aug. 17, 2012) (citation omitted). Such motions may serve to preclude

Mitchell Silberberg & Knupp LLP
7043906.3/16922-00223

1

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE ACTUAL LICENSE VALUE OF *KHOSARA***

testimony or evidence that would "distract and possibly confuse the jury with marginally relevant matters and consume time, thereby unnecessarily delaying the proceedings." *Id.*, at *22.

Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires a party to provide initial disclosure of all documents in its possession that may be used to support its claims or defenses. Rule 26(e)(1)(A) provides that initial disclosures must be supplemented or corrected "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ." Rule 26(a)(3) requires in addition to initial disclosures that a party file within 30 days of trial or as otherwise ordered certain information about the evidence it may present at trial including identification of each document it intends to offer. Rule 37(c) states that if a party fails to disclose or supplement in accordance with Rule 26(a) or (e), the party will not be allowed to use that information at a hearing or at trial "unless the failure was substantially justified or is harmless." *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (Rule 37 "gives teeth" to provisions in Rule 26.)

## ARGUMENT

Even assuming that Plaintiff is able to carry his burden of proving infringement (and Defendants do not believe he will be able), it is also Plaintiff's burden to prove damages. As Plaintiff did not register the composition of *Khosara* with the United States Copyright Office prior to this lawsuit, he has no entitlement to statutory damages. *See*, *e.g.*, *Dos Santos v. Telemundo Communs. Group, LLC*, 2012 U.S. Dist. LEXIS 189524, at *22 n.6 (C.D. Cal. Dec. 19, 2012). Plaintiff's potential recovery is therefore limited to his actual damages, or Defendants' profits attributable to the infringement (and only to the extent such profits damages are not precluded by other equitable considerations, including laches).

Pursuant to § 504(b) of the Copyright Act, "Congress explicitly provides for two distinct monetary remedies—actual damages and recovery of wrongful profits. These remedies are two sides of the damages coin—the copyright holder's losses and the infringer's gains." *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700, 707-08 (9th Cir. 2004). Actual damages for copyright infringement "are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Id.*, at 708.

It is unquestionably Plaintiff's burden to come forward with affirmative admissible evidence in order to demonstrate any entitlement to actual damages. *See Crunchyroll, Inc. v. Pledge*, 2014 U.S. Dist. LEXIS 47025, at *13-14 (N.D. Cal. Mar. 31, 2014) (no actual damages where "Plaintiffs have failed to carry their burden of demonstrating their entitlement to actual damages under the Copyright Act.").

Here, Plaintiff's disclosures pursuant to Federal Rule of Evidence 26 failed to provide any information whatsoever regarding any actual damages incurred by Plaintiff. *See* Declaration of David A. Steinberg, Ex. 1. Nor has Plaintiff produced during discovery any documents or testimony that could even arguably been seen as evidencing any actual damages that might have been incurred by Plaintiff as a result of any alleged infringement of *Khosara*. For example, Plaintiff has not proffered any evidence that would or could in any way establish any lost license fees to Plaintiff due to any alleged infringement of *Khosara*, or that Plaintiff even could or would have ever licensed *Khosara* for a use such as *Big Pimpin'*. Without any such evidence, Plaintiff cannot recover actual damages, and should be barred from attempting to present evidence at this late stage. *See Crunchyroll, Inc.*, 2014 U.S. Dist. LEXIS 47025 at *10 ("no court has awarded a lost license fee in the absence of evidence that the copyright holder actually lost license fees" (citation

Mitchell Silberberg & Knupp LLP

7043906.3/16922-00223

3

**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE ACTUAL LICENSE VALUE OF *KHOSARA***

omitted)). Any argument that Plaintiff was entitled to actual damages would be nothing but sheer speculation, and therefore entirely untenable and impermissible. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985) ("In a copyright action, a trial court is entitled to reject a proffered measure of damages if it is too speculative.").

## CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* No. 4 to exclude evidence or argument regarding the actual license value of *Khosara* should be granted.

DATED: August 21, 2015          MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
Christine Lepera
Russell J. Frackman
David A. Steinberg
Bradley J. Mullins
Attorneys for Various Defendants

DATED: August 21, 2015          JENNER & BLOCK LLP

By: /s/Daniel Rozansky
Andrew H. Bart
Daniel Rozansky
Attorneys for Defendant Shawn Carter (pka Jay Z)