ANDREW H. BART (Pro Hac Vice)
  abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
  drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendant SHAWN CARTER (pka Jay Z)

CHRISTINE LEPERA (Pro Hac Vice)
  ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000

Attorneys for all other Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Bob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>Defendants. | Case No. 2:07-cv-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' APPLICATION TO FILE CERTAIN EXHIBITS UNDER SEAL**<br><br>Hearing Date: October 5, 2015<br>Time: 10:00 a.m.<br>Courtroom: 5 (Spring Street)<br><br>Complaint filed: Aug. 31, 2007<br>Discovery Cutoff: Nov. 28, 2014<br>Current Trial Date: Oct. 13, 2015 |

# NOTICE OF APPLICATION TO FILE UNDER SEAL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, on October 5, 2015, at 11:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the federal courthouse located at 312 North Spring Street, Los Angeles, CA 90012, Defendants will and hereby do apply, pursuant to Local Rule 79-5, Federal Rule of Civil Procedure 26(c), and the parties' Stipulated Protective Order entered by the Court (ECF Nos. 193, 197), for approval to file under seal certain exhibits attached to four declarations pertaining to Defendants' motions *in limine* and *Daubert* motions. Specifically, this application addresses the following exhibits:

1. Certain excerpts of the deposition testimony of Dr. Patrick Kennedy, which are attached as Exhibit 1 to the Declaration of Daniel A. Rozansky in Support of Defendants' Motion to Exclude the Portion of the Opinion of Dr. Patrick Kennedy Regarding Concert Revenues;

2. Certain excerpts of the deposition testimony of Dr. Kennedy, which are attached as Exhibit 3 to the Declaration of Daniel A. Rozansky to Exclude the "Expert" Report of Sam Rubin.

3. Dr. Kennedy's supplemental expert report, a full version of which is attached as Exhibit 3 to the Declaration of Daniel A. Rozansky in Support of Defendants' Motion to Exclude the Portion of the Opinion of Dr. Patrick Kennedy Regarding Concert Revenues, and an excerpt of which is attached as Exhibit 1 to the Declaration of Daniel A. Rozansky in Support of Defendants' Motion *in Limine* to Exclude Evidence of Merchandise Revenues.

This application is based on this Notice of Application to File Under Seal, the following Memorandum of Points and Authorities, the concurrently filed Declaration of Daniel A. Rozansky and the exhibits attached thereto, the concurrently lodged Proposed Order, the pleadings and evidence in the Court's

i
DEFENDANTS' APPLICATION TO FILE CERTAIN EXHIBITS UNDER SEAL

files, and any further evidence and oral argument that may be requested by the Court. Defendants have met and conferred with counsel for Plaintiff regarding this motion pursuant to Local Rule 7-3, and Plaintiff indicated that he does not oppose Defendants' application to file these exhibits under seal.

Dated: August 21, 2015

JENNER & BLOCK LLP

By: _____
Daniel A. Rozansky

Attorneys for Defendant
SHAWN CARTER (pka Jay Z)

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a copyright infringement action in which Plaintiff seeks to recover, among other damages, profits Defendants earned from public performances of the song *Big Pimpin'* that purportedly infringed Plaintiff's copyright in the song *Khosara Khosara*. Plaintiff's damage theory turns in large part on the revenues Defendants received from album sales, concert tickets, and other public performances – the bulk of which is contained in sensitive and highly confidential financial documents. To facilitate discovery and trial, the parties agreed that sensitive trade secret and confidential information – including sensitive "financial data" – would be designated as "confidential" or "highly confidential." Decl. of Daniel A. Rozansky ("Rozansky Decl.") ¶ 2; *id.*, Ex. 1 (hereinafter "Stipulated Protective Order") ¶ 3. The parties further agreed that any such information would be filed under seal in the event it was "used in any court proceeding in connection with this litigation." *Id.* ¶ 11. The parties memorialized this agreement in a Stipulated Protective Order entered by the Court. Rozansky Decl. ¶ 2; *id.*, Exs. 1-2.

In support of their motions *in limine* and *Daubert* motions, Defendants seek to file four exhibits (attached to declarations filed in support of certain motions) under seal. Those exhibits have never been filed with the Court in support of a dispositive motion, and they may therefore be filed under seal if "good cause" exists to prevent their disclosure to the public. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). This standard encompasses, among other things, "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978). And it is not an onerous standard: financial data may be filed under seal if a party "credibly assert[s] that such information is confidential and proprietary." *Phillips v. Kaiser Found. Health Plan, Inc.*, 953 F. Supp. 2d 1078, 1085 n.9 (N.D. Cal. 2011); *see*

1

*also Boldface Licensing + Branding v. By Lee Tillett, Inc.*, 940 F. Supp. 2d 1178, 1184 n.6 (C.D. Cal. 2013) (noting that "revenue figures" were filed under seal).

Here, Dr. Kennedy's expert report, supplemental report, and deposition testimony contain detailed information about Defendants' album sales, concert revenue, and other financial data. Dr. Kennedy's report is based on – and cites – certain confidential and highly confidential documents that were produced in the course of discovery in this action and are subject to the Stipulated Protective Order.[1] This information is sensitive and highly confidential. Defendants do not release their precise revenue figures to the public because it would cause them embarrassment and competitive harm. For that reason, Defendants designated Dr. Kennedy's report "highly confidential – for attorney's eyes only." The Stipulated Protective Order expressly requires that such information be filed under seal, *see* Stipulated Protective Order ¶ 11, and there is plainly good cause to do so.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their application to file certain exhibits under seal.

Dated: August 21, 2015                JENNER & BLOCK LLP

                                      By: _____
                                              Daniel A. Rozansky

                                      Attorneys for Defendant
                                      SHAWN CARTER (aka Jay Z)

---

[1] Indeed, the Magistrate Judge ordered that the financial documents on which Dr. Kennedy relies were to be "produced subject to a protective order" and mandated that they "not be disseminated to the public absent further order of the Court." ECF No. 498.