CHRISTINE LEPERA (Pro Hac Vice)
ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANDREW H. BART (Pro Hac Vice)
abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Counsel for Defendants – Continued after signatures

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Osama Ahmed Fahmy,

Plaintiff,

v.

Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,

Defendants.

Case No. CV 07-05715 CAS (PJWx)

The Honorable Christina A. Snyder

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 (TO PRECLUDE DEFENDANTS FROM REFERENCING THEIR CONSULTATION WITH, OR RELIANCE ON, THEIR ATTORNEYS)**

**Final Pretrial Conference**
Date: September 16, 2015
Time: 12:00 p.m.
Ctrm: 5

Action Commenced: August 31, 2007
Trial: October 13, 2015

# I. INTRODUCTION

Plaintiff's fourth motion *in limine* seeks to broadly prohibit Defendants "from referencing at trial their consultation with, or reliance on, any attorney." Mtn. at 2. Plaintiff's motion is premised upon his contention that Defendants withheld unspecified information on the basis of the attorney-client privilege, and thereby waived their ability to rely on "advice of counsel" to rebut Plaintiff's claim that Defendants "willfully" infringed Plaintiff's copyright. "Willfulness" is the only issue raised by Plaintiff allegedly relevant to this motion. Mtn. at 1.

Plaintiff's motion is flawed for at least three reasons. First, since Plaintiff can no longer argue "willfulness" for any period prior to June 1, 2006, based on the Court's prior rulings this issue is and should be moot. Second, as Plaintiff must concede, Defendants have not raised any "advice of counsel defense" or invoked the attorney-client privilege to prevent disclosure about any relevant issues. Third, the relief sought by Plaintiff is grossly overbroad, and wrongly seeks to preclude Defendants from even mentioning their attorneys in any context whatsoever.[1]

# II. ARGUMENT

## A. Plaintiff's Motion Is Largely Mooted By Prior Rulings

Plaintiff's motion is premised upon Plaintiff's erroneous and misleading contention that "[t]hroughout discovery, the defendants relied on the attorney-client privilege and attorney work-product doctrine to block access to

[1] Plaintiff grossly misstates the law when he argues that a finding of willfulness could prevent Defendants from deducting overhead from their gross revenue, or from apportioning profits between infringing and non-infringing uses. The law in the Ninth Circuit is the opposite. *See Oracle Int'l Corp. v. SAP AG*, 2012 U.S. Dist. LEXIS 74157, at *6-7 (N.D. Cal. May 29, 2012) ("The language of 17 U.S.C. § 504(b) does not support a rule that overhead expenses cannot be deducted from gross revenues to arrive at profits where the infringement was deliberate or willful."); *Assoc. Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251, 1255-56 (D. Nev. 2002) ("At trial, if it is clear that not all of the infringer's profits derived from the infringement, then the court ***must*** make some apportionment." (emphasis added) (citing *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828 (9th Cir. 1985)).

communications between the defendants and their attorneys around the time of the defendants' decision to exploit the allegedly infringing work, *Big Pimpin*." Mtn. at 2. As Plaintiff is aware, however, *Big Pimpin'* was originally released in 1999, and the vast majority of exploitation occurred before 2005. The "time of the defendants' decision to exploit the allegedly infringing work"—in particular Mr. Mosley's (which appears to be the focus of Plaintiff's motion)—must necessarily have occurred prior to those exploitations.

As set forth in Defendants' Motion *in limine* No. 2 (Dkt. No. 563), incorporated herein by reference, this Court's prior rulings have rendered any argument, documents or evidence alleged to show willful infringement prior to June 6, 2006 entirely irrelevant. Specifically, the Court has previously held that the March 30, 2001 agreement between Timothy Mosley and EMI Music Arabia "gave defendants colorable title to produce *Big Pimpin'* and derivative works," **thereby negating any allegation of willful infringement of *Khosara Khosara* until, at minimum, June 1, 2006** (Dkt. Nos. 380, 386). The Court also previously held that any evidence regarding alleged willful infringement prior to the March 30, 2001 agreement would also be irrelevant in light of the statute of limitations bar on any claim that accrued prior to August 31, 2004 (Dkt. Nos. 309, 386).

Accordingly, Plaintiff should be precluded from pursuing any effort whatsoever to establish that Defendants engaged in willful infringement prior to "at minimum" June 1, 2006. As such, there is no cause for Defendants to adduce any evidence of non-willfulness, including based on any advice of counsel defense, during any period prior to June 1, 2006. Plaintiff's motion *in limine* to exclude any "advice of counsel" defense prior to June 1, 2006 is therefore moot.

### B. Plaintiff Fails To Present Any Evidence That Defendants Withheld Specific Information After June 1, 2006 On The Basis Of Privilege

As for the time period after June 1, 2006, Plaintiff's motion *in limine* fails because Plaintiff has not identified any instance in which specific documents or

testimony relating to the post-June 1, 2006 period were withheld on the basis of attorney-client privilege. While Plaintiff broadly claims that Defendants utilized the attorney-client privilege to withhold documents or testimony "[t]hroughout discovery," Plaintiff has no support therefor on the motion and the evidence submitted with Plaintiff's motion reveals a much different story.

All of the dated documents on Defendants' privilege log (attached as Exhibit 1 to the Declaration of Keith J. Wesley ("Wesley Decl.") come from April 13, 2005 or earlier—*i.e.*, they fall within a time period during which the Court has already determined that any evidence of willfulness is irrelevant.[2] Nor has Plaintiff identified on this motion any instance where any particular document was withheld on the basis of privilege during the potentially relevant time, post-June 1, 2006.

The deposition testimony referenced by Plaintiff fails to support the motion. While Defendants' counsel gave general instructions to certain witnesses not to divulge privileged information, the actual deposition testimony referenced by Plaintiff fails to reveal any instance where a witness ***refused*** to answer a question on the basis of privilege. Mr. Mosley, for example, fully responded to the questions posed to him by Plaintiff's counsel—in fact, the block quotation from Mr. Mosley contained in Plaintiff's motion demonstrates that Mr. Mosley ***did*** testify regarding his consultation with counsel, and the advice given.[3] Declaration of David A. Steinberg ("Steinberg Decl."), Ex. 1 at 45:1-9.("I turned it over to my legal just to get a double-check is this really license free. And to my knowledge she said it was cool."). In response to later questions from Plaintiff's counsel, Mr. Mosley expressly testified (without privilege objection) regarding his practice of turning productions over to legal in order obtain clearance, and indicated that there

---

[2] The only exceptions are two undated documents. The descriptions of these documents, however, clearly state that they pertain to the film "Fade to Black," which was released in 2004.

[3] In any event, Mr. Mosley's involvement with the creation of the song *Big Pimpin'* occurred prior to that songs release in 1999, *i.e.*, during the period when this Court has already held evidence of purported willfulness to be irrelevant.

were no written communications with his counsel regarding the creation of *Big Pimpin'*. *Id.*, at 46:24-47:22; 77:4-79:25. Plaintiff's counsel never followed up with Defendants' counsel to further inquire about any purportedly privileged matters, because no testimony was ever actually withheld on the basis of privilege.

In the other three depositions referenced by Plaintiff (of Ms. Trotman, Mr. Hamilton, and Mr. O'Rourke), the witnesses never refused to answer on the basis of privilege, but rather simply testified that they did not have personal knowledge regarding the issues being inquired into. Wesley Decl., Ex. 3-5.

Simply put, Plaintiff has not identified any pertinent information that was withheld on the basis of privilege. Without any such withholding, there is no basis for Plaintiff to claim any waiver by Defendants. This fact alone distinguishes this case from those cited in Plaintiff's motion, none of which have any application to the facts at hand. *See Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (defendant "refused to answer questions regarding his interactions with counsel at this deposition"); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992) (defendant specifically claimed that its tax position was reasonable based on that advice, and attempted to withhold communications regarding that advice on the basis of privilege); *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) (defendant asserted attorney client privilege with respect to deposition questions about whether defendants sought or received advise from outside counsel on the issue of whether the conduct at issue would subject defendants to liability).

### C. <u>The Relief Sought By Plaintiff's Motion Is Grossly Overbroad</u>

Plaintiff's motion is also improper in that it seeks a level of preclusion that far exceeds any reasonable basis. Plaintiff is not merely seeking to preclude Defendants from asserting evidence in support of an "advice of counsel" defense (which was not interposed). Instead, Plaintiff seeks an order barring Defendants from submitting ***any*** testimony or argument regarding their consultation with, or

reliance on, their attorneys. That order would presumably bar Defendants from even stating the simple fact that they spoke to a lawyer, or learned something from lawyer, about any subject whatsoever—without any regard to whether Defendants have ever utilized the attorney-client privilege to withhold information on that topic! There is no basis in the law for such a broad preclusion order.

An example is illustrative here. As the Court is aware, one of Defendants' central defenses in this action is that they obtained a valid license to utilize the allegedly infringed composition *Khosara* as a result of a 2001 agreement between Mr. Mosley and EMI Music Arabia. As Mr. Mosley testified in his deposition (without objection), that such license agreement was negotiated through counsel. Steinberg Decl., Ex. 1 at 89:24-90:2. But under the broad order sought by Plaintiff, Mr. Mosley would not even be able to testify to the facts that lawyers assisted him with the license with EMI Arabia—despite the fact that such testimony has absolutely nothing to do with an "advice of counsel" defense, but rather relates to the facts underlying Defendants' license defense. Plaintiff should not be permitted to utilize this motion as a backdoor attempt to exclude proper testimony on relevant topics, such as Defendants' license defense and good faith reliance on such license.[4]

## CONCLUSION

For the above reasons, Plaintiff's Motion *in Limine* No. 4 should be denied.

[4] The cases cited by Plaintiff for the proposition that Defendants should be precluded from even testifying regarding the act of consulting with counsel—without regard to context—are not only entirely distinguishable, but also do not in any way support the broad relief sought by Plaintiff here. *See In re ML-Lee Acquisition Fund II, L.P.*, 856 F. Supp. 765, 768-69 (D. Del. 1994) (ordering defendants to produce limited privileged documents on specifically identified topics, where defendants affirmatively raised advice of counsel as to those specific topics as a defense to claims); *Arista Records LLC v. Lime Group LLC*, 2011 U.S. Dist. LEXIS 42881, at *11-12 (S.D.N.Y. 2011) (issuing limited order precluding defendants from "assert[ing] their alleged good faith belief in the lawfulness of their conduct," where defendants "repeatedly blocked Plaintiffs from conducting any discovery in their communications with counsel").

DATED: August 31, 2015

MITCHELL SILBERBERG & KNUPP LLP

By:/s/David A. Steinberg
Christine Lepera
Russell J. Frackman
David A. Steinberg
Bradley J. Mullins
Attorneys for Various Defendants

DATED: August 31, 2015

JENNER & BLOCK LLP

By:/s/Daniel Rozansky
Andrew H. Bart
Daniel Rozansky
Attorneys for Defendant Shawn Carter (pka Jay Z)

RUSSELL J. FRACKMAN (SBN 49087)
rjf@msk.com
DAVID A. STEINBERG (SBN 130593)
das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (CL 9311)
ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Various Defendants*

DANIEL A. ROZANSKY (SBN 161647)
drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

ANDREW H. BART (Pro Hac Vice)
abart@jenner.com
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
*Attorneys for Defendant SHAWN CARTER (pka Jay Z)*