BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697

Attorneys for Plaintiff
OSAMA AHMED FAHMY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual, | Case No. 2:07-CV-05715 CAS (PJWx) |
| Plaintiff, | The Hon. Christina A. Snyder |
| vs. | |
| JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC., | [PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER

Pretrial Conference:
September 16, 2015, at 12:00 p.m.

Jury Trial Date:
October 13, 2015, at 9:30 a.m. |
| Defendants. | |

52.4

1    Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS

2  ORDERED:

3    1.    The parties are:

4    Plaintiff Osama Ahmed Fahmy

5    Defendant Shawn Carter (Jay-Z)

6    Defendant Timothy Mosley (Timbaland)

7    Defendant Timbaland Productions, Inc.

8    Defendant Rob Bourdon

9    Defendant Brad Delson

10    Defendant Mike Shinoda

11    Defendant Dave Farrell

12    Defendant Joseph Hahn

13    Defendant Chester Bennington

14    Defendant Big Bad Mr. Hahn Music

15    Defendant Chesterchaz Publishing

16    Defendant Kenji Kobayashi Music

17    Defendant Machine Shop Recordings, LLC

18    Defendant Nondisclosure Agreement Music

19    Defendant Rob Bourdon Music

20    Defendant EMI Blackwood Music, Inc.

21    Defendant Warner Music, Inc.

22    Defendant UMG Recordings, Inc.

23    Defendant Roc-A-Fella Records, LLC

24    Defendant Universal Music Group Distribution Corp.

25    Defendant MTV Networks Enterprises, Inc.

26    Defendant Paramount Home Entertainment, Inc.

27    Defendant Paramount Pictures Corporation

28

52.4

1    Each of these parties has been served and has appeared.  All other parties

2    named in the pleadings and not identified in the preceding list are now dismissed.

3    The pleadings which raise the issues are:  (a) Plaintiff's August 31, 2007 Complaint;

4    (b) Defendants' Answers filed April 3, 2008 (Dkt. Nos. 70-81); (c) Defendants'

5    Memorandum of Contentions of Fact and Law (Dkt. No. 532); and (d) Trial Brief re:

6    Defendants' Request to Bifurcate and Resolve Foreign Law Issues First (Dkt. No.

7    568).[1]

8

9    2.    Federal jurisdiction and venue are invoked by Plaintiff upon the

10   following grounds:  Federal jurisdiction is invoked based on 28 U.S.C. Sections

11   1331 and 1338(a) because the action arises under the United States Copyright Act.

12   Venue is proper in this Court pursuant to 28 U.S.C. Sections 1391(b) and 1400(a)

13   because a substantial part of the events or omissions giving rise to the claims

14   asserted herein occurred within this district and the defendants may be found in this

15   district.

16

17   The facts requisite to federal jurisdiction are denied by Defendants as follows:

18   Defendants contend that under 17 U.S.C. 501(b), Plaintiff lacks standing to

19   pursue any remaining claims under 28 U.S.C. Sections 1391(b) and 1400(a)

20   pursuant to his assignment of all economic rights to a third party on or about

21   December 11, 2002 (the "December 2002 Agreement").

22

23   3.    Plaintiff estimates the trial to take 8 trial days.  Plaintiff previously

24   opposed defendants' request for bifurcation (Dkt. 416 at 19:9-24:10), which the

25   Court denied (Dkt. 418 at 9-10), and Plaintiff continues to oppose bifurcation.

26

---

[1]   Plaintiff does not believe the filings listed as (c) and (d) are "pleadings" and

therefore objects to their characterization as such.

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1

2      Defendants estimate the trial to take 12 trial days.  Defendants have requested

3  bifurcation of trial, which they submit is distinct from any previous request directed

4  to bifurcation of the entire action including discovery.  <u>See</u> Dkt. Nos. 532 and 568.

5  Defendants submit that Plaintiff's standing to assert any remaining claims should be

6  adjudicated by the Court first as a matter of foreign law pursuant to F.R.C.P. 44.1.

7  To the extent any trial is required thereafter, Defendants submit that a liability phase

8  would take 5 trial days, and a damages phase, if required, would take 7 trial days.

9

10     4.     Plaintiff contends that the trial is to be a jury trial.

11

12     Defendants contend that Plaintiff's standing to pursue any remaining claims is

13  a threshold issue of foreign law requiring determination by the Court under F.R.C.P.

14  44.1.  Defendants additionally contend that if any trial is required, certain additional

15  issues also will require determination by the Court as set forth in further detail

16  below.

17     At least seven (7) days prior to the trial date the parties shall lodge and serve

18  by e-mail, fax, or personal delivery:  (a) proposed jury instructions as required by

19  L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

20

21     5.     The following facts are admitted and require no proof:

22     a.     Baligh Hamdy was an Egyptian national.

23     b.     Plaintiff Osama Ahmed Fahmy is an heir of Baligh Hamdy.

24     c.     Plaintiff Osama Ahmed Fahmy resides in Egypt.

25     d.     Baligh Hamdy passed away in 1993.

26     e.     The album *Vol. 3... Life and Times of S. Carter* was released on or

27  about December 28, 1999.  This album contained a sound recording titled *Big*

28

1    *Pimpin'.*

2        f.    The album Jay-Z, *MTV Unplugged*, was released on or about December

3    18, 2001.

4

5        g.    A movie entitled *Fade to Black* depicting a 2003 concert at Madison

6    Square Garden in New York City was released theatrically on or about November 5,

7    2004.

8        h.    Defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell,

9    Joseph Hahn, and Chester Bennington are members of the band Linkin Park.  Big

10   Bad Mr. Hahn Music, Chesterchaz Publishing, Kenji Kobayashi Music,

11   Nondisclosure Agreement Music, and Rob Bourdon Music are the publishing

12   companies for these defendants.

13       i.    The album and DVD *Collision Course* was released on or about

14   November 29, 2004.

15       j.    Plaintiff filed this case on August 31, 2007.

16       k.    The album *Vol. I...The Hits Collection* was released on or about

17   November 22, 2010.

18

19       6.    The following facts, though stipulated, shall be without prejudice to

20   any evidentiary objection:

21       a.    Plaintiff has not registered any musical composition entitled *Khosara*

22   *Khosara,* or any variation thereof, with the United States Copyright Office.

23

24

25

26

27

28

52.4

-4-

7.     Claims, Defenses, and Key Evidence

**Plaintiff's Claims**

<u>**Plaintiff:**</u>

Plaintiff asserts the following:

(a)     Plaintiff plans to pursue a claim that the defendants infringed upon his copyright in the musical composition *Khosara Khosara* by creating, performing, and/or distributing the song *Big Pimpin'* or variations thereof.

(b)     The elements required to establish Plaintiff's claims are:

1.     Plaintiff is the owner of a valid copyright; and

2.     The defendant copied original elements from the copyrighted work.

Ninth Circuit Model Jury Instruction No. 17.4.

(c)     In brief, the key evidence Plaintiff relies on to support its claim is:

<u>Ownership</u>

The Court has already summarily adjudicated the issue of copyright ownership in Plaintiff's favor.  On May 2, 2011, the Court ruled:

> The Court GRANTS plaintiff's motion for partial summary judgment with respect to the following issues: (1) that Baligh Hamdy authored and owned the copyright in the 'Khosara, Khosara' musical composition; (2) that plaintiff Osama Fahmy is a Hamdy heir, and a co-owner of the 'Khosara, Khosara' copyright; (3) that plaintiff Osama Fahmy has standing to bring claims that defendants' works infringed the 'Khosara, Khosara' copyright.

Dkt. 271 at 18:16-21.

To the extent defendants intend to assert that the copyright is invalid, Plaintiff will rely upon the following evidence:  (a) the music itself, (b) documentary evidence, and (c) testimony from experts.

<u>Copying</u>

Plaintiff will rely on the following evidence to show copying:  (a) the music itself, (b) documentary evidence, (c) testimony from the defendants, and (d)

52.4

-5-

1  testimony from experts.

2

3  **Defendants:**

4  <center>**Defendants' Response to Plaintiff's Statement of Elements**</center>

5       Defendants submit that to the extent Baligh Hamdy was the author of a

6  musical composition known as *Khosara Khosara,* it is Plaintiff's burden to establish

7  the scope and content of that musical composition (hereafter, the alleged "*Khosara*

8  Composition") as opposed to the content of any sound recording.   See Defendants'

9  Motion in Limine No. 3 (Dkt. No. 564).

10       Additionally, as more fully set forth in Defendants' Trial Brief re:

11  Defendants' Request to Bifurcate and Resolve Foreign Law Issues First (Dkt. No.

12  568, incorporated herein by reference), Defendants submit Plaintiff has no standing

13  to pursue any remaining claims as a result of his assignment of all economic rights

14  in the *Khosara* Composition to a third party in December 2002.  In light of the

15  Court's Orders, it is Plaintiff's burden to show that after August 31, 2004, he

16  retained the exclusive rights in the *Khosara* Composition alleged to be infringed or

17  beneficial ownership thereof.[2]   17 U.S.C. 501(b); Ninth Circuit Model Jury

18  Instruction No. 17.10 (Sept. 2015 ed.).  Prior to any trial, it also is Plaintiff's burden

19  to show that during this remaining time period, he suffered an injury-in-fact

20  cognizable under Article III of the Constitution sufficient for subject matter

21  jurisdiction.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

22  Defendants submit that as a result of the Court's statute of limitations ruling in

23  December 2011, Plaintiff no longer has standing to pursue any remaining claims.

24       Defendants further submit that at trial, elements required for Plaintiff to

25  _____

26  [2] The Court's May 2011 Order stating that "Osama Fahmy has standing to bring
claims that defendants' works infringed the 'Khosara, Khosara' copyright" ***pre-***

27  ***dates*** this Court's December 9, 2011 ruling that the statute of limitations barred any
claims by Plaintiff prior to August 31, 2004.  (Dkt. No. 309.)

28

52.4

<center>-6-</center>

establish any claims must additionally include the following:

1. Plaintiff or his predecessors-in-interest complied with all applicable copyright notice requirements by placing a copyright notice on publicly distributed copies of the allegedly infringed work.  Ninth Circuit Model Jury Instruction No. 17.4 (Sept. 2015 ed.).

2. Plaintiff must meet all other applicable statutory rules, including as to registration of the *Khosara* Composition.

3. Plaintiff or his predecessors-in-interest independently created, and did not copy, the expressive elements alleged to have been infringed (including materials in the 1995 "lead sheet" but excluding any musical elements present in sound recordings not proven by Plaintiff to be part of the *Khosara* Composition itself).  See Ninth Circuit Model Jury Instruction No. 17.12 (Sept. 2015 ed.); Newton v. Diamond, 204 F.Supp.2d 1244, 1249-52 (C.D. Cal. 2002) ("Accordingly, the court must first determine what elements of Plaintiff's work are protected by his copyright in the musical composition, as opposed to those protected by the copyright in the sound recording, and 'filter out' the latter.").

4. The allegedly infringed material authored by Baligh Hamdy was of at least minimal creativity.  *Id.*

5. Defendants had access to Plaintiff's work, and there are substantial similarities between Defendants' work and original elements of the plaintiff's work.  Ninth Circuit Model Jury Instruction No. 17.15 (Sept. 2015 ed.).

6. Plaintiff must prove a non-speculative causal nexus between the *Khosara* Composition and each Defendant's profits.  *Mackie v. Rieser*, 296 F.3d, 909, 915-16 (9th Cir. 2002).

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

**Defendants' Affirmative Defenses**

**Defendants:**

Defendants plan to pursue all of the following affirmative defenses:[3]

### 1.    Statute of Limitations

The Court has already ruled that Plaintiff's purported claims are barred prior to August 31, 2004. See Dkt. No. 309 at 16.   Furthermore, Defendants assert that any attempt by Plaintiff's to seek avoidance of his December 2002 Agreement assigning all economic rights in the *Khosara* Composition to third party Mohsen Jaber also is barred as a result of the applicable statute of limitations or equivalent rules of prescription under Egyptian law.

### 2(a).   Failure to Join Necessary or Indispensable Parties

(b)    Elements:  In determining whether a party is "necessary" (or "required") under Federal Rule of Civil Procedure 19(a), a court must consider whether "complete relief" can be accorded among the existing parties, and whether the absent party has a "legally protected interest" in the subject of the suit. Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992).  A party is also "necessary" if disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. See Fed. R. Civ. P. 19; Shropshire v. Canning, 2011 U.S. Dist. LEXIS 4025, at *20-21 (N.D. Cal. Jan. 11, 2011).  The court must determine whether a necessary party that cannot be joined is

---

[3] Pursuant to L.R. 16-7.2, Defendants here set forth only affirmative defenses on which they bear the burden of proof, *i.e.*, "matters which would defeat Plaintiff's claim even if Plaintiff established the elements of the claim." See Appendix A to L.R. 16-7.2. At any trial, Defendants intend to pursue additional defenses as discussed *supra* and as set forth more fully in their Memorandum of Contentions of Fact and Law (Dkt. No. 532).

"indispensable" such that in "equity and good conscience" the suit cannot proceed and should be dismissed, including as a result of potential prejudice to either the absent or existing parties. <u>Shermoen</u>, 982 F.2d. at 1317-1319; Fed. R. Civ. P. 19(b). Plaintiff should not be permitted to pursue his claims if he has failed to join parties necessary/indispensable to this litigation, including, *inter alia*, Sout el Phan, Alam el Phan, Mohsen Jaber, EMI Music Arabia, or the other heirs to the Hamdy estate.

(c)   <u>Key evidence</u>: Key evidence that Defendants intend to use to demonstrate Plaintiff's failure to join necessary parties to this litigation includes (a) documentary evidence, (b) witness testimony, and (c) expert testimony. Without limitation, this would include Plaintiff's own testimony regarding the other purported heirs to Hamdy's estate and owners of the *Khosara* Composition, and evidence regarding Plaintiff's transfer of all economic rights in the *Khosara* Composition, as discussed *supra*.

### 3(a).   Independent Creation

(b)   Regarding any apportionment of profits subject to Plaintiff's ability to demonstrate a causal nexus, to the extent Plaintiff seeks to assert infringement by any musical element in *Big Pimpin'* other than those demonstrated to derive from the *Khosara* Composition, Defendants intend to rebut that by demonstrating the authors' independent creation. 17 U.S.C. § 504(b); Ninth Circuit Model Jury Instruction 17.22 (Sept. 2015 ed.).

(c)   <u>Key evidence</u>: Key evidence that Defendants intend to use to support their affirmative defense of independent creation includes (a) documentary evidence (including musical evidence), (b) witness testimony, and (c) expert testimony. Without limitation, this would include testimony of the authors of *Big Pimpin'*, Defendants Carter and Mosley, and their expert L. Ferrara.

### 4(a).   Adequate Remedy at Law

(b)   <u>Elements</u>: Plaintiff is not entitled to equitable relief if there is an

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1   adequate remedy at law in the form of money damages, and there is no risk of

2   irreparable injury.  See Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381

3   (1992).

4         (c)     Key evidence: Key evidence that Defendants intend to use to

5   support their affirmative defense that Plaintiff is not entitled to equitable relief

6   because of an adequate remedy at law includes (a) documentary evidence, and (b)

7   witness testimony.  Without limitation, this would include (i) the availability of

8   money damages in the event infringement is found, and (ii) the lack of risk of

9   irreparable injury as demonstrated by Plaintiff's nearly seven year delay in asserting

10  any claim.

11        **5(a).   Laches**

12        (b)     Elements: This Court has already ruled that Plaintiff's lengthy

13  delay between 2000 and 2007 satisfied the conditions of laches by imposing both

14  expectations-based and evidentiary prejudice on Defendants.  Dkt. No. 380 at 11-13.

15  The elements of laches are satisfied where a plaintiff unreasonably delays in

16  bringing suit and where defendants suffer prejudice as a result.  See Kling v.

17  Hallmark Cards Inc., 225 F.3d 1030, 1036 (9th Cir. 2000).  Even where not barring

18  claims entirely, laches may "warrant limiting relief at the remedial stage."  Petrella

19  v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962, 1978 (2014).

20        Following the Supreme Court's ruling in Petrella, the Court vacated

21  only those aspects of the Court's laches rulings that barred Plaintiff's claims, but did

22  not otherwise disturb the Court's factual and legal findings as to Plaintiff's delay

23  and the prejudice caused thereby to Defendants.  See Dkt. No. 418 at 10 (vacating

24  orders only "to the extent that [they] found that laches barred plaintiff's claims").

25  These undisturbed findings also included the Court's holdings that (1) any discovery

26  seeking to uncover evidence of alleged willful infringement prior to Defendant

27  Mosley's 2001 settlement agreement with EMI Music Arabia "would be irrelevant"

28

52.4

-10-

as it "would not affect the applicability of the statute of limitations" (Dkt. No. 386 at 3), and that (2) as a result of Defendants' reasonable reliance on the 2001 agreement with EMI Music Arabia, and through at least June 2006, [4] Defendants had at least "colorable title" and could not have willfully infringed the *Khosara* Composition (Dkt. No. 380 at 16; Dkt. No. 386 at 5, 8).

(c)    Key Evidence: To any extent necessary at trial, Defendants intend to introduce (a) documentary evidence, and (b) witness testimony supporting (i) Plaintiff's knowledge and delay in commencing suit; (ii) Defendants' lack of knowledge of Plaintiff's claim, reliance, and the unavailability of a declaratory judgment action; and (iii) the various forms of expectations-based and evidentiary prejudice incurred by Defendants as a result.

**6(a).  Waiver**

(b)    Elements:  "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it."  See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001), quoting United States v. King Features Entm't, Inc., 843 F.2d 394, 399 (9th Cir.1988).  Plaintiff intentionally surrendered his rights to the *Khosara* Composition by virtue of his assignment of all economic rights to a third party in December 2002.  Further, an implied waiver may arise through "conduct inconsistent with an intent to enforce" the rights asserted.  AirWair Int'l Ltd. v. Schultz, 2015 U.S. Dist. LEXIS 36195 at *27-28 (N.D. Cal. Mar. 23, 2015); Eliminator Custom Boats v. Am. Marine v. Am. Marine Holdings, Inc., 2007 U.S. Dist. LEXIS 96414 at *6 (C.D. Cal. Nov. 5, 2007), quoting Saverslak v. Davis-Cleaver Produce Co., 606 F.2d 208 (7th Cir. 1979)).

---

[4] The 2001 agreement with EMI Music Arabia granted rights in perpetuity. Assuming Plaintiff can demonstrate standing, he could not remotely meet his burden to show any willful conduct during the remaining post-June 2006 period.

1    (c)     Key evidence: The key evidence in support of Defendant's

2  affirmative defense of waiver is the same as that associated with their standing and

3  laches defenses.  See supra; Trial Brief re: Defendants' Request to Bifurcate and

4  Resolve Foreign Law Issues First (Dkt. No. 568).

5         **7(a).  Estoppel**

6    (b)     Elements: The elements of estoppel are: (1) Knowledge:

7  plaintiff's knowledge of the allegedly infringing conduct; (2)  Intent/Right to

8  Believe: plaintiff either intended reliance on his acts or omissions or acted or created

9  a right to believe he so intended; (3) Ignorance: defendant was ignorant of the true

10  facts; and (4) Reliance: defendant relied to his detriment.  See, e.g., DeCarlo v.

11  Archie Comic Pubs., 127 F. Supp. 2d 497, 509 (S.D.N.Y. 2001); Hadady Corp. v.

12  Dean Witter Reynolds, Inc., 739 F. Supp. 1392, 1399 (S.D. Cal. 1990).

13        Equitable estoppel "focuses on what the [accused infringer] has been led to

14  reasonably believe from the [claimant's] conduct."  Compaq Computer Corp. v.

15  Ergonome, Inc., 210 F. Supp. 2d 845, 849 (S.D. Tex. 2002).  See also, e.g., Carson

16  v. Dynegy, Inc., 344 F.3d 446, 453 (5th Cir. 2003) ("[I]t is accepted that estoppel

17  may be accomplished by a plaintiff's silence and inaction").  "Estoppel inures not

18  only to the benefit of a party, but also to those in privity with or who claim under

19  him whether as assignees or not."  Hayden v. Chalfant Press, Inc., 177 F. Supp. 303,

20  308 (S.D. Cal. 1959); see also Arctic Cat, Inc. v. Injection Research Specialists, Inc.,

21  362 F. Supp. 2d 1113, 1127 (D. Minn. 2005).   Defendants assert that Plaintiff

22  should be estopped from contesting the validity of the perpetual license received

23  under the 2001 EMI/Mosley Agreement as a consequence of Defendants' reliance

24  on his lengthy silence after the communications of David Braun (Plaintiff's lawyer)

25  with EMI on his behalf in 2001, which induced them to continue exploiting Big

26  Pimpin' in the good faith belief that any claims had been resolved.

27    (c)     Key evidence: The key evidence on which Defendants intend to

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1  rely to support their affirmative defense of equitable estoppel includes (a)

2  documentary evidence, and (b) witness testimony.  Without limitation, this would

3  include evidence regarding: (i) the communications between Braun and EMI Music

4  Arabia in 2001; (ii) EMI Music Arabia's unequivocal assertion that it owned

5  publishing rights in the *Khosara* Composition (reiterated to Braun by ARC Music);

6  (iii) Plaintiff's knowledge that EMI Music Arabia had made a claim against the

7  "producer" of *Big Pimpin'* and was entering into an agreement with him and

8  receiving payment; (iv) Plaintiff's subsequent years of silence in the face of open

9  and public exploitation of *Big Pimpin'*; (v) the reliance of EMI Music Arabia and

10 Mosley in granting and receiving the perpetual right to use the *Khosara*

11 Composition in connection with *Big Pimpin'*; and (vi) the inclusion of *Big Pimpin'*

12 in new exploitations in the face of Plaintiff's silence after receiving the perpetual

13 license.

14          **8(a).  *De Minimis***

15          (b)     Elements: A use of a copyrighted work is *de minimis* if the

16 average audience would not recognize the appropriation.  See Newton v. Diamond,

17 349 F.3d 591, 594 (9th Cir. 2003).  Even if Plaintiff is able to bear his burden of

18 demonstrating that he is the owner of any protectable expression in the *Khosara*

19 Composition, Plaintiff bears the burden of substantiating that some amount of

20 protectable expression of the *Khosara* Composition allegedly copied by *Big Pimpin'*

21 was more than *de minimis*.

22          (c)     Key evidence: The key evidence that Defendants will use to

23 support this affirmative defense includes (a) documentary evidence (including

24 musical evidence), (b) witness testimony, and (c) expert testimony.  Without

25 limitation, such evidence would include the works at issue (*i.e.*, the *Khosara*

26 Composition and *Big Pimpin'*), and the expert testimony of L. Ferrara.  This

27 evidence will show that, even if some of Defendants' profits can be attributed to the

28

52.4
                                    -13-

1  *Khosara* Composition, these profits are minimal.

2         **9(a).   Authorization, License, Acquiescence, Ratification, Consent**

3         (b)     <u>Elements</u>: Defendants have a valid perpetual license to exploit

4  *Khosara* based on an agreement with EMI Music Arabia, a license ratified and

5  consented to by Sout el Phan and its successor Alam el Phan, the current owner of

6  all economic rights in the *Khosara* Composition.  Defendants also are covered by

7  BMI licenses with respect to alleged public performances of the *Khosara*

8  Composition.  Because Defendants have a valid license permitting any use of the

9  *Khosara* Composition in connection with *Big Pimpin'*, none of their uses are

10  infringing.  <u>See</u> <u>Worldwide Church of God v. Phila. Church of God, Inc.</u>, 227 F.3d

11  1110, 1114 (9th Cir. 2000); <u>Freeplay Music, Inc. v. Cox Radio, Inc.</u>, 404 F. Supp.

12  2d 548, 552 (S.D.N.Y. 2005) (holding that defendant was not liable for copyright

13  infringement because the relevant "BMI licenses cover the public *performance* of

14  [the plaintiff's] compositions") (emphasis in original); <u>see</u> <u>also</u> <u>Broadcast Music,</u>

15  <u>Inc. v. Columbia Broad. Sys., Inc.</u>, 441 U.S. 1, 5 (1979).

16        Non-exclusive licenses "may…be granted orally, or may even be implied

17  from conduct.  When the totality of the parties' conduct indicates an intent to grant

18  such permission, the result is a nonexclusive license."  May 27, 2015 Order (Dkt.

19  No. 509) at 11, <u>quoting</u> 3 Nimmer on Copyright § 10.03[A][7] (Matthew Bender,

20  rev. ed. 2014).  "[A] nonexclusive license can be transferred…<u>by implication</u>." *Id.,*

21  <u>quoting</u> <u>Crispin v. Christian Audigier, Inc.</u>, 839 F. Supp. at 1092 (emphasis in

22  original), <u>citing</u> <u>Foad Consulting Grp., Inc. v. Azzalino</u>, 270 F.3d 821, 826–28 (9th

23  Cir. 2001).

24        (c) <u>Key evidence</u>: The key evidence Defendants intend to use to

25  support this affirmative defense with respect to their receipt of a license via the 2001

26  agreement with EMI Music Arabia includes (a) documentary evidence, (b) witness

27  testimony, and (c) expert testimony.  Without limitation, this would include the

28

52.4

1   agreements and correspondence that form Defendants' chain of title, testimony from

2   former employees of EMI Music Arabia regarding its contracts with Sout el Phan, in

3   addition to expert testimony of W. Abou Farhat, N. Shanmuganathan, and B. Kohn.

4           With respect to alleged infringements of the *Khosara* Composition at Jay Z

5   concerts, Defendants additionally intend to rely on documentary evidence and

6   business records from BMI, and testimony from Al Joulani regarding venue

7   licenses.  Any alleged uses of the *Khosara* Composition that occurred at Jay Z's

8   concerts were covered by the "BMI License."  *Khosara Khosara* belongs to BMI's

9   repertory under BMI's reciprocal agreements with entities such as the French

10  society SACEM.    Even apart from Defendants' license from EMI Music Arabia,

11  because a license exists for the public performance of the *Khosara* Composition at

12  concert venues where Jay Z performed, Plaintiff cannot validly claim that

13  Defendants infringed on his copyrights by publicly performing portions of the

14  *Khosara* Composition at concerts.

15          **10(a).  Unclean Hands**

16          (b)    <u>Elements</u>: Plaintiff has unclean hands if he violated conscience,

17  good faith or other equitable principles in prior conduct, or dirtied its hands in

18  acquiring the right presently asserted, and the alleged misconduct by Plaintiff relates

19  directly to the transaction concerning which the complaint is made.

20          <u>See</u> <u>Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.</u>, 890 F.2d 165, 173 (9th Cir.

21  1989).

22          (c)    <u>Key evidence</u>:  The key evidence in support of this defense is the

23  same as those set forth in connection with Defendants' estoppel defense.  <u>See</u>

24  section 7(c), *supra*.

25          **11(a). Lack of Protectability / Non-Copyrightable Expression**

26          (b)    <u>Elements</u>: Copyright protects only original works of authorship

27  fixed in a tangible medium of expression from which it can be perceived,

28

52.4                              **-15-**

1  reproduced, or otherwise communicated, either directly or with the aid of a machine

2  or device.  See Ninth Circuit Model Jury Instruction No. 17.2 (Aug. 2015 ed.).

3       (c)   Key evidence:  Evidence on which Defendants intend to rely to

4  demonstrate that Plaintiff cannot meet his burden of proof as to protectability of any

5  elements of the *Khosara* Composition alleged to be infringed in *Big Pimpin'* is the

6  same as for originality and includes (a) documentary evidence (including musical

7  evidence), (b) witness testimony, and (c) expert testimony.  Without limitation, this

8  would include evidence and testimony regarding (i) the 1995 lead sheet transcription

9  of the *Khosara* Composition; (ii) the ARC Music sound recording of *Khosara*

10  *Khosara*; and (iii) the composition and sound recording *Big Pimpin'*.

11      **12(a).  Fair Use**

12      (b)   Elements:  The following factors are relevant in determining

13  whether Defendant's alleged use of the *Khosara* Composition constitutes fair use

14  under 17 U.S.C. § 107:

15          a.   the purpose and character of the use, including whether such use

16             is of a commercial nature or is for nonprofit educational

17             purposes;

18          b.   the nature of the copyrighted work;

19          c.   the amount and substantiality of the portion used in relation to

20             the copyrighted work as a whole;

21          d.   the effect of the use upon the potential market for or value of the

22             copyright work.

23     See Ninth Circuit Model Jury Instruction No. 17.18 (Aug. 2015 ed.).

24      (c)   Key evidence: The key evidence that Defendants will rely on to

25  support the affirmative defense of fair use includes (a) documentary evidence

26  (including musical evidence), (b) witness testimony, and (c) expert testimony.

27  Without limitation, this would include evidence of (i) the nature of the alleged

28

52.4

1    sample with respect to the *Khosara* Composition taken as a whole, (ii) the

2    transformative nature of the use, and (iii) the lack of negative effect upon the

3    potential market for or value of the *Khosara* Composition.

4

5    **Plaintiff:**

6              **Plaintiff's Response to Defendants' Statement of Elements**

7         Plaintiff objects to the characterization or description of certain elements or

8    defenses set forth by Defendants above.  Where a defense is not listed below,

9    Plaintiff still disputes that Defendants can prove it.

10

11        1.      Statute of Limitations

12        The Court already ruled on this defense as a matter of law, limiting the

13   damages period to three years prior to the filing of the complaint.  While Plaintiff

14   objects to the ruling, and preserves its right to appeal it, there is nothing to try

15   related to Defendants' statute of limitations defense.

16        2.      Failure to Join Necessary or Indispensable Parties

17        Plaintiff objects to Defendants' recitation of the elements of this defense.

18   Plaintiff believes the elements are:

19        a.      A person who is subject to service of process and whose joinder will

20   not deprive the court of subject-matter jurisdiction must be joined as a party if:  (A)

21   in that person's absence, the court cannot accord complete relief among existing

22   parties; or (B) that person claims an interest relating to the subject of the action and

23   is so situated that disposing of the action in the person's absence may:  (i) as a

24   practical matter impair or impede the person's ability to protect the interest; or (ii)

25   leave an existing party subject to a substantial risk of incurring double, multiple, or

26   otherwise inconsistent obligations because of the interest.  Dkt. 69, Order Denying

27   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(7), quoting Fed. R. Civ. P.

28

1   19(a)(1).

2       b.      In addition, the Court has discretion to reject a challenge based on the

3   failure to join necessary or indispensable parties "if it appears that the defendant is

4   interposing that motion for its own defensive purposes, rather than to protect the

5   absent party's interests." *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*,

6   103 F.3d 888, 896 (9th Cir. 1996).

7       c.      Also, a party is not "necessary" if "its interest will be adequately

8   represented by existing parties to the suit." *Washington v. Daley*, 173 F.3d 1158,

9   1167 (9th Cir. 1999).

10      3.      Independent Creation

11      While "independent creation" is an affirmative defense to a claim of

12  copyright infringement, the defense Defendants actually seem to be asserting is not

13  an "independent creation" defense, but rather an attempt to apportion wrongful

14  profit to factors other than the infringement.  17 U.S.C. §504(b) ("In establishing the

15  infringer's profits . . . the infringer is required to prove . . . the elements of profit

16  attributable to factors other than the copyrighted work").

17      5.      Laches

18      Plaintiff agrees that laches involves an unreasonable delay that results in

19  prejudice to the defendant.  Plaintiff disagrees that findings in the Court's pre-

20  *Petrella* Order on laches, which was entered before Plaintiff had an opportunity to

21  depose a single defendant and has since been vacated, should control.  Moreover,

22  Defendants omit that laches is generally unavailable in cases of intentional

23  infringement.  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956-57 (9th Cir. 2001)

24  ("The doctrine of laches does not apply in cases of willful infringement.").

25      6.      Waiver

26      "In copyright, waiver or abandonment of copyright occurs only if there is an

27  intent by the copyright proprietor to surrender rights in his work." *A&M Records,*

28

52.4

-18-

1  *Inc. v. Napter, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001).  Therefore, Plaintiff

2  submits there is no "implied waiver" in copyright cases based on "conduct

3  inconsistent with an intent to enforce" the copyright.  *E.g.*, *Flo & Eddie, Inc. v.*

4  *Sirius XM Radio, Inc.*, __ F. Supp. 3d __, 2015 WL 235241, at *4 (S.D.N.Y. Jan.

5  15, 2015) ("waiver, like implied license, "may not be inferred from mere silence or

6  inaction").

7      7.      Estoppel

8      Defendants omit that a willful infringer is generally barred from asserting an

9  equitable estoppel defense.  *Wang Laboratories, Inc. v. Mitsubishi Electronics Am.,*

10 *Inc.*, 1994 WL 471414, at *2 (C.D. Cal. Mar. 3, 1994) ("Several courts . . . have

11 specifically stated that willful infringement may preclude the alleged infringer from

12 obtaining equitable estoppel").

13      9.      Authorization, License, Acquiescence, Ratification, Consent

14      Plaintiff submits that Egyptian law should govern the scope and validity of

15 Plaintiff's purported authorizations and/or licenses.  *Itar-Tass Russian News Agency*

16 *v. Russian Kurier, Inc.*, 153 F.3d 82, 84 (2d Cir. 1998); *Russian Academy of*

17 *Sciences v. Am. Geophysical Union*, 1998 WL 34333239, at *1 (D.D.C. 1998);

18 Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971).

19      Under Egyptian law, a valid license must:

20      (a) be in writing; and

21      (b) determine expressly and in detail, every right separately, along with

22 indicating its range, its purpose, and the period and place of exploitation.

23 Dkt. 531-1 at Page 7 of 34, 1954 Act, Article 37; *id.* at Page 17 of 34, 2002 Act,

24 Article 149.

25      In addition, any attempt to transfer the right to prevent certain forms of

26 modifications of the copyright shall be null and void.  Dkt. 531-1 at Page 4 of 34,

27 1954 Act, Article 7 (first clause); *id.* at Page 7 of 34, Article 38; *id.* at Page 17 of 34,

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

2002 Act, Articles 145 and 149.

Plaintiff asserts that there are no non-exclusive oral or implied licenses permitted under Egyptian copyright law.

8.     In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

**Plaintiff**

Plaintiff believes the following issues will be tried by the jury:

- Does Plaintiff own a valid copyright in the *Khosara Khosara* musical composition?
- Does *Big Pimpin* copy original elements from the *Khosara Khosara* musical composition?
- Did each defendant create, distribute, or perform *Big Pimpin*?
- Did each defendant own a valid license to use portions of *Khosara Khosara* in *Big Pimpin*?
- Did each defendant infringe the copyright in *Khosara Khosara* willfully?
- What is the amount of profits, if any, attributable to each defendant's infringement of *Khosara Khosara*?
- What are the amount of Plaintiff's actual damages, if any, caused by each defendant's infringement of *Khosara Khosara*?

Plaintiff believes the following issues will be determined by the Court:

- Do the equitable defenses of laches, equitable estoppel, waiver, or unclean hands bar or limit in any way Plaintiff's claims or remedies?

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

- Is Plaintiff entitled to injunctive relief, and, if so, in what form?
- Is Plaintiff entitled to an ongoing royalty from future exploitation of *Big Pimpin*, and, if so, in what amount?
- Is Plaintiff entitled to prejudgment interest, and, if so, in what amount?
- Is either party entitled to its costs of suit, and, if so, in what amount?
- Is any defendant entitled to its attorney's fees, and, if so, in what amount?

**Defendants**

As set forth in their Memorandum of Contentions of Fact and Law (Dkt. No. 532) and Trial Brief re: Defendants' Request to Bifurcate and Resolve Foreign Law Issues First (Dkt. No. 568), Defendants submit that the following issue requires determination by the Court prior to any jury trial:

- Whether, under Egyptian law, in December 2002, Plaintiff transferred all exclusive economic rights in the *Khosara* Composition to a third party and thus has no standing to pursue any remaining claims in this case.

In the event the Court determines Plaintiff does maintain standing to assert any remaining claims, Defendants submit that the following issues also require determination by the Court:

- The proper resolution of any remaining foreign law issues pursuant to F.R.C.P. 44.1.[5] This includes that the Court alone should hear testimony and evidence from the parties' respective Egyptian law experts: Mohamed

---

[5] The Court has already found that a transferable right to create adaptations or derivative works exists independently of inalienable moral rights under Egyptian law, and that moral rights existing in foreign jurisdictions do not have application in this action. Dkt. No. 271 at 15-16 & n. 8, 18; Dkt. No. 509 at 2, 9 n.6. As set forth in their Motion in Limine No. 1, Defendants submit that Plaintiff should not be permitted to reargue these settled issues of foreign law at trial. See Dkt. No. 562.

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

Hossam Loutfi and Walid Abou Farhat.  These witnesses were designated to testify as experts on Egyptian law.  Allowing these witnesses to testify to a jury would be improper and likely to create confusion.  Defendants submit that it is the Court's role to receive, consider, and evaluate expert testimony regarding foreign law, and, if necessary, to instruct the jury in accordance therewith.

- Whether all or some of the contracts at issue can be interpreted by the Court without need for a jury to resolve admissible conflicting parole evidence.

- To the extent not already determined by the Court in its prior Orders, all other equitable affirmative defenses, including laches, estoppel, waiver, and acquiescence.

- After applying the Court's prior findings regarding Defendants' laches defense, whether or to what extent Plaintiff is entitled to any portion of each Defendant's net profits directly attributable to the *Khosara* Composition.  See Petrella, 134 S.Ct. 1962.

- Can Plaintiff sustain its burden of proving there is a non-speculative, causal nexus between the alleged infringement by each defendant and the claimed net profits earned by each defendant as a result of their alleged infringement?

- If Plaintiff sustains its burden of proving a non-speculative, causal nexus between the alleged infringement by each defendant and the claimed net profits earned by each defendant as a result of their alleged infringement, what amount of the net profits has Plaintiff sustained its burden of proving is attributable to the alleged infringement?

- Can Plaintiff sustain its burden of proving that there is a non-speculative, causal nexus between the alleged infringement by each Defendant and the

52.4

-22-

1    claimed net profits earned by each Defendant from the sound recordings

2    containing *Big Pimpin'*?

3    • If Plaintiff can sustain its burden of proving that there is a non-speculative,

4      causal nexus between the alleged infringement by each Defendant and the

5      claimed net profits earned by each Defendant from the sound recordings

6      containing *Big Pimpin'*, what amount of net profits can be attributed to the

7      *Khosara* Composition.

8    • Can Plaintiff sustain its burden of proving that there is a non-speculative,

9      causal nexus between the alleged infringement by each Defendant and the

10     claimed net profits earned by each Defendant from ticket sales for Jay Z's

11     live concert performances at which *Big Pimpin'* was performed?

12   • If Plaintiff can sustain its burden of proving that there is a non-speculative,

13     causal nexus between the alleged infringement by each Defendant and the

14     claimed net profits earned by each Defendant from ticket sales for Jay Z's

15     live concert performances at which *Big Pimpin'* was performed, what

16     amount of net profits can be attributed to the *Khosara* Composition.

17   • Can Plaintiff sustain its burden of proving that there is a non-speculative,

18     causal nexus between the alleged infringement by each Defendant and the

19     claimed net profits earned by each Defendant from the merchandise sales

20     at Jay Z's live concert performances where *Big Pimpin'* was performed?

21   • If Plaintiff can sustain its burden of proving that there is a non-speculative,

22     causal nexus between the alleged infringement by each Defendant and the

23     claimed net profits earned by each Defendant from the merchandise sales

24     at Jay Z's live concert performances where *Big Pimpin'* was performed,

25     what amount of those net profits can be attributed to the *Khosara*

26     Composition.

27

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

- Were the alleged performances of *Big Pimpin'* that occurred at Jay Z's concerts covered by blanket licenses from BMI that include *Khosara Khosara*?

- Given Plaintiff's failure to bring an action for at least six years after first learning of *Big Pimpin',* is Plaintiff nevertheless entitled to injunctive relief, and, if so, in what form?

In the event Plaintiff is determined to have standing, Defendants submit that the following issues should be tried to a jury:

- What comprises the *Khosara* Composition allegedly authored by Baligh Hamdy?

- What comprises the copyright allegedly owned by Plaintiff?

- To what extent, if any, does *Big Pimpin'* contain original, protectable elements of the *Khosara* Composition allegedly owned by Plaintiff?

- Did Defendants receive a valid license to exploit *Big Pimpin'* to the extent that it incorporated any protectable element of the *Khosara* Composition?

- For each Defendant, did that defendant infringe exclusive rights in the *Khosara* Composition allegedly owned by Plaintiff?

- To what extent, if any, did any Defendant willfully infringe exclusive rights allegedly owned by Plaintiff in the *Khosara* Composition after June 1, 2006?

- To what extent, if any, has plaintiff proven that he has suffered actual damages attributable to each Defendant's alleged infringement of the *Khosara* Composition?

9.     All discovery is complete.

1      10.    All disclosures under F.R.Civ.P. 26(a)(3) have been made.

2      The joint exhibit list of the parties has been filed under separate cover as

3 required by L.R. 16-6.1.  Unless all parties agree that an exhibit shall be withdrawn,

4 all exhibits will be admitted without objection at trial, except those exhibits listed

5 below:

6      The objections and grounds therefor are contained in Exhibit A hereto.

7

8      11.    Witness lists of the parties have been filed with the Court.

9      Only the witnesses identified in the lists will be permitted to testify (other

10 than solely for impeachment).[6]

11      Each party intending to present evidence by way of deposition testimony will

12 mark such depositions in accordance with L.R. 16-2.7.  For this purpose, the

13 following depositions shall be lodged with the Clerk as required by L.R. 32-1:

14

15 **Plaintiffs:**

16      Hossam Loutfi

17      Walid Abou Farhat

18      Niri Shanmuganathan

19      David Braun

20

21 **Defendants:**

22      David Braun

23      Keith Cooper

24      Osama Ahmed Fahmy

25      Hossam Loutfi (November 12, 2010 and July 24, 2015)

26

27 [6] In the event of any unforeseen circumstances making any other witness otherwise legally unavailable, the Parties reserve the right to lodge such transcripts.

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1    Patrick Kennedy

2    Niri Shanmuganathan

3

4        12.    The following law and motion matters and motions in limine, and no

5    others, are pending or contemplated:

6

7        Plaintiff has filed six motions in limine – Dkt. 554, 556-560.  Plaintiff does

8    not contemplate filing any other motions prior to trial.

9

10       Defendants have filed 14 motions in limine, including *Daubert* motions.

11   These motions are:

12          • Motion in Limine No. 1 Regarding Settled Issues of Foreign Law (Dkt.

13            No. 562)

14          • Motion in Limine No. 2 Regarding Allegations of Willful Conduct

15            Prior to June 1, 2006 (Dkt. No. 563)

16          • Motion in Limine No. 3 To Exclude Argument Regarding Ownership

17            of the *Khosara* Composition (Dkt. No. 564)

18          • Motion in Limine No. 4 to Exclude Evidence or Argument Regarding

19            the Actual License Value of *Khosara* (Dkt. No. 565)

20          • Motion in Limine No. 5 to Exclude Evidence or Argument Relating to

21            Prior Allegations of Misconduct (Dkt. No. 546)

22          • Motion in Limine No. 6 to Exclude Evidence or Argument Relating to

23            Criminal Convictions or Other Criminal Conduct (Dkt. No. 547)

24          • Motion in Limine No. 7 to Exclude Evidence or Argument Relating to

25            Defendants' Financial Condition (Dkt. No. 548)

26          • Motion in Limine No. 8 to Exclude Concert Reviews, Books, and

27            Similar Evidence (Dkt. No. 549)

28

52.4

-26-

PROPOSED PRE-TRIAL CONFERENCE ORDER

- Motion in Limine No. 9 to Exclude Evidence of Merchandise Revenues filed by Defendant Jay-Z (Dkt. No. 550)
- *Daubert* Motion No. 1 to Exclude the Expert Opinion of Sam Rubin (Dkt. No. 551)
- *Daubert* Motion No. 2 to Exclude Plaintiff's Survey and the Testimony of Dr. Michael Kamins (Dkt. No. 552)
- *Daubert* Motion No. 3 to Exclude the Portion of the Opinion of Dr. Patrick Kennedy Regarding Concert Revenues (Dkt. No. 555)
- *Daubert* Motion No. 4 to Exclude or Limit the Testimony of Judith Finell (Dkt. No. 566)
- *Daubert* Motion No. 5 to Exclude the Testimony of Scott Marcus (Dkt. No. 567)

13.    Bifurcation of the following issues for trial is ordered.

**Plaintiff**

Plaintiff submits that the following issues should be ruled upon by the Court following the jury trial.  Otherwise, Plaintiff submits that all remaining issues should be tried to the jury.

- Do the equitable defenses of laches, equitable estoppel, waiver, or unclean hands bar or limit in any way Plaintiff's claims or remedies?
- Is Plaintiff entitled to injunctive relief, and, if so, in what form?
- Is Plaintiff entitled to an ongoing royalty from future exploitation of *Big Pimpin*, and, if so, in what amount?
- Is Plaintiff entitled to prejudgment interest, and, if so, in what amount?
- Is either party entitled to its costs of suit, and, if so, in what amount?

52.4

-27-

PROPOSED PRE-TRIAL CONFERENCE ORDER

- Is any defendant entitled to its attorney's fees, and, if so, in what amount?

**Defendants**

As set forth above (and more fully in their above-cited Memorandum of Contentions of Fact and Law and Trial Brief), Defendants submit that prior to any jury trial, the Court should determine whether, under Egyptian law, in December 2002, Plaintiff transferred all exclusive economic rights in the *Khosara* Composition to a third party, and thus has no standing to pursue any remaining claims in this case.

In the event the Court determines Plaintiff has standing, Defendants submit any resulting trial should be bifurcated as between liability and damages.

14.   The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated:   September 25, 2015

Honorable Christina A. Snyder

United States District Court Judge

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1          Approved as to form and content.

2   Dated:  September 4, 2015          BROWNE GEORGE ROSS LLP
                                       Peter W. Ross
3                                      Keith J. Wesley
                                       Jonathan L. Gottfried
4

5                                      By: _____s/ Keith J. Wesley_____
6                                               Keith J. Wesley

7                                      Attorneys for Plaintiff Osama Ahmed Fahmy

8
    Dated:  September 4, 2015          MITCHELL SILBERBERG & KNUPP LLP
9                                      Christine Lepera
                                       David A. Steinberg
10                                     Russell A. Frackman
                                       Bradley J. Mullins
11

12                                     By: _____s/ David A. Steinberg_____
13                                              David A. Steinberg

14                                     Attorneys for Various Defendants

15
    Dated:  September 4, 2015          JENNER & BLOCK LLP
16                                     Andrew H. Bart
                                       Daniel A. Rozansky
17                                     L. David Russell
                                       Ava U. McAlpin
18

19
                                       By: _____s/ Andrew H. Bart_____
20                                              Andrew H. Bart

21                                     Attorneys for Defendant Shawn Carter (pka Jay Z)

22

23

24

25

26

27

28

52.4                                     -29-
                        PROPOSED PRE-TRIAL CONFERENCE ORDER

# EXHIBIT A

550662.1

# EXHIBIT A

OSAMA AHMED FAHMY vs.          Case:  07-CV-05715 CAS (PJWx)
JAY-Z, ET AL.

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---------|-------------|------------------------|------------------------|
| 1 | Big Pimpin Video [Exhibit to Mosley deposition] | | Relevance<br>Rule 403 |
| 2 | Khusara Khusara – Hossam Ramzy Performance [Exhibit to Mosley deposition] | | Relevance<br>Authentication<br>Hearsay<br>Rule 403<br>Foundation<br>See Defendants' Motion in Limine ("MIL") No. 3<br><br>Defendants do not object for the limited purpose of reflecting the sound recording licensed by ARC to Defendants. |
| 3 | 2010 Interview of Timbaland by Ed Lover of the Ed Lover Radio Show [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation |
| 4 | Vol. 3 Life and Times of S. Carter [Exhibit to Mosley deposition] | | |
| 5 | Hossam Ramzy CD Best of Abdul Halim Hafiz [Exhibit to Mosley deposition] | | Relevance<br>Foundation<br>Rule 403<br>Authentication<br>Hearsay<br>See Defendants' MIL No. 3<br><br>Defendants do not object for the limited purpose of reflecting the sound recording licensed by ARC to Defendants. |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 6 | Best of Bellydance from Morocco, Egypt, Lebanon, Turkey [Exhibit to Mosley deposition] | | Relevance Authentication Hearsay Rule 403 Foundation |
| 7 | June 11, 1999 Agreement between Shawn Carter and Timbaland Productions, Inc. *(TB0001 - TB0019)* [Exhibit to Mosley deposition] | | Relevance |
| 8 | July 17, 2000 Report of Peter Oxendale *(DEFS1023 - DEFS1031)* [Exhibit to Mosley deposition] | | Relevance Authentication Hearsay Rule 403 Foundation |
| 9 | August 25, 2000 Letter Faxed from Jennifer Justice (Jay-Z Lawyer) to Louise West Re: EMI Music Arabia Claim *(RP6-0002 – RP6-0004)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | Relevance Hearsay Rule 403 Foundation |
| 10 | August 30, 2000 Letter from Jonathan Lieberman to Jennifer Justice re: ARC Claim received from Eatons Solicitors *(RP6-180 – RP6-183)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | Relevance Hearsay Rule 403 Foundation |
| 11 | September 7, 2000 Demand Letter from Chris Ancliff to Louise West Re: Khusara Khusara composition *(RP6-0048 – RP6-0049)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | |
| 12 | September 13, 2000 Letter Faxed from Tia Gilford to Eatons re: ARC Claim Asking For More Time to Respond to Demand *(RP6-0005 – RP6-0006)* | Authentication Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 13 | September 26, 2000 Letter from Gilford to Michael Eaton at Eatons Solicitors re: Big Pimpin/Khusara Khusara sample claim and attaching Lawrence Ferrara Report *(RP6-0043 – RP6-0044, RP6-0034- RP6-0040)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | Relevance Hearsay Rule 403 Foundation |
| 14 | October 9, 2000 Letter from Ancliff, EMI Recorded Music/EMI Music Arabia, to Gilford responding to Ferrara Report and reiterating demand *(RP6-0045 – RP6-0046)* | Authentication Hearsay Relevance Rule 403 | Relevance Hearsay Rule 403 |
| 15 | October 4, 2000 Letter from Peter Oxendale re "Khusara Khusara" as recorded by Hossam Ramzy C/W "Big Pimpin" as recorded by Jay-Z *(RP6-0007 – RP6-0018)* | Authentication Hearsay Relevance Rule 403 | Relevance |
| 16 | October 26, 2000 Letter and fax from Paul LiCalsi of Rubin Baum to Chris Ancliff, Esq. (EMI Music Arabia), Michael Eaton, Esq. (Eatons), and Louise West, Esq. (West Entertainment Services, Inc.) re: composition and sound recording claims *(RP6-0050 – RP60053)* | Authentication Hearsay Relevance Rule 403 | |
| 17 | October 30, 2000 Letter and fax from Chris Ancliff (EMI Music Arabia) to LiCalsi re "Big Pimpin"/"Khasara Khasara" *(RP6-0292 - RP6-00295)* | Authentication Hearsay Relevance Rule 403 | |
| 18 | October 30, 2000 Letter from Eatons to LiCalsi responding to October 26 Letter *(RP6-0020 – RP60021)* | Authentication Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 19 | November 29, 2000 Email from Jonathan Lieberman, Island Def Jam, to LiCalsi, cc'ing Jay-Z's attorneys re Big Pimpin – Timbaland – Sampling Claim *(RP6-0024 – RP6-0025)* | Authentication Hearsay Relevance Rule 403 | |
| 20 | December 29, 2000 Letter Faxed from Jennifer Justice to Jonathan Lieberman, Island Def Jam, cc's Shawn Carter, Michael Guido, Esq. re: Shawn Carter p/k/a "Jay-Z" w Timothy Mosley p/k/a "Timbaland"/"Big Pimpin"*(P6-0031 – P6-0033)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | Relevance Hearsay Rule 403 Foundation |
| 21 | March 14, 2001 Letter from Chris Bavitz of Rubin Baum to Michael Elkin, Esq. (Thelen Reid & Priest), Jonathan Lieberman, Esq. (The Island/Def Jam Music Group), Michael Guido, Esq. (Carroll, Guido & Groffman, LLP), Tia L. Gilford, Esq. (West Entertainment Services) re: "Big Pimpin"/"Khasara Khasara" enclosing draft settlement agreement, Confidential *(RP6-0312 – RP6-0322)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | |
| 22 | March 14, 2001 Email from Bavitz to Joe Mello (Thelen Reid) re: EMI/Timothy Mosley: Draft Settlement Agreement, Confidential *(RP6-0349 – RP60360)* | Authentication Hearsay Relevance Rule 403 | |
| 23 | March 21, 2001 Memo from Bavitz to Joseph Mello, cc's Michael Elkin, Esq. re: "Big Pimpin," Confidential *(RP6-0298 - RP6-0300)* | Authentication Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 24 | March 28, 2001 Memo from Joe Mello to Chris Bavitz cc's Michael Elkin re Big Pimpin' - EMI's lack of rights in Egypt, marked confidential *(RP6-0296)* | Authentication Hearsay Relevance Rule 403 | |
| 25 | March 29, 2001 Email from Judith Lamster (Thelen Reid) to Paul LiCalsi (Rubin Baum) cc's Michael Elkin (Thelen Reid) Re: Big Pimpin,' Confidential *(RP6-0332 – RP6-0333)* | Authentication Hearsay Relevance Rule 403 | |
| 26 | Letter dated April 2, 2001 from Joseph Mello (Thelen Reid) to Christopher Bavitz, Esq. (Rubin Baum) cc's Clark Miller, Esq. re Big Pimpin with attached settlement agreement, Confidential *(RP6-301 - RP6-309)* | Authentication Hearsay Relevance Rule 403 | Relevance Rule 403 Authentication Foundation Hearsay |
| 27 | April 5, 2001 Email from Chris Bavitz to Mello (Thelen Reid) cc's Paul Licalsi re: EMI/Big Pimpin, Confidential *(RP6-0311)* | Authentication Hearsay Relevance Rule 403 | Relevance Rule 403 Authentication Foundation Hearsay |
| 28 | April 5, 2001 Email from Bavitz (Timbaland Lawyer) to Mello (EMI Music Arabia Lawyer) cc's Paul Licalsi, Tia Gilford re: EMI/Big Pimpin, *(RFP6-0310)* | Authentication Hearsay Relevance Rule 403 | Relevance Rule 403 Authentication Foundation Hearsay |
| 29 | March 30, 2001 Settlement Agreement between Timothy Mosley and EMI Music Arabia, Confidential *(TB0020 – TB0029)* [Exhibit to Mosley deposition] | | |
| 30 | April 11, 2001 Letter from Chris Bavitz (Rubin Baum) to Joseph Mello (Thelen Reid) cc's Louise West, Esq., Tia Gilford, Esq. re: Big Pimpin, Confidential *(RP6-0330)* [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | Relevance Rule 403 Authentication Foundation Hearsay |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 31 | Settlement between Roc-A-Fella Records and ARC Music Incorporated, Confidential pursuant to Order of 1/18/08 *(DEFS0030 - DEFS0042)* [Exhibit to Mosley deposition] | | |
| 32 | April 4, 2007 Declaration of Jonathan Entwistle in support of Defendants' Motion for Summary Judgment [Confidential – Filed under Seal pursuant to 11/18/05 Protective Order] in Nafal v. Carter with exhibits *(DEFS1005 - DEFS1045)* | Relevance Rule 403 | |
| 33 | Credits for Big Pimpin from HBO Special On The Run | Relevance Rule 403 | FRCP 26/37 |
| 34 | Lyrics to Big Pimpin | | Relevance Rule 403 FRCP 26/37 |
| 35 | Excerpt from Rolling Stone listing Big Pimpin as #467 Greatest Songs of All-Time [Exhibit to Carter deposition] | | Hearsay Relevance Rule 403 Authentication Defendants' MIL No. 8 Foundation |
| 36 | Recording of Indian Flute -- Timbaland and Magoo [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation Defendants' MIL No. 5 |
| 37 | Recording of Toto la Mamposina – Curura [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation Defendants' MIL No. 5 |
| 38 | Recording of More Than a Woman [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation Defendants' MIL No. 5 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 39 | Recording by Mayada El Hennawy -- Alouli Ansa [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |
| 40 | Recording by Aaliyah – Don't Know What to Tell Ya [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |
| 41 | Recording of Batwannis Bik [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Defendants' MIL No. 5<br>Foundation |
| 42 | Recording of Petey Pablo's Raise Up [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |
| 43 | Recording of Inta Amri Best of Om Kolthoum from Hossam Ramzy [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |
| 44 | Recording of Indian Carpet excerpt from Timbaland Magoo's Indian Carpet [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |
| 45 | Recording of song by Lucio Dalla – Ulisse Coperto di Sale [Exhibit to Mosley deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Defendants' MIL No. 5 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 46 | Recording of Throw It On Me which is Timbaland featuring The Hives [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation Defendants' MIL No. 5 |
| 47 | Recording of Spazz by The Elastic Band [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation Defendants' MIL No. 5 |
| 48 | Recording of February 2, 2007 Interview on Elliot in the Morning [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation |
| 49 | February 9, 2007 article on MTV.com titled "Timbaland Still in Shock over Jay_Z, Madonna, Elton Collaborations" [Exhibit to Mosley deposition] | | Hearsay Relevance Rule 403 Authentication Foundation |
| 50 | Big Pimpin ASCAP Domestic Royalties and other documents, marked highly confidential attorneys' eyes only, redacted, (TM 1 - TM23) [Exhibit to Mosley deposition] | Authentication Hearsay Relevance Rule 403 | |
| 51 | Recording of Big Pimpin Jammy Jams – Once upon a Rhyme | | Rule 26/37 Relevance Rule 403 Authentication Foundation |
| 52 | Big Pimpin' (Lullaby Rendition of Jay-Z), http://jammyjams.bandcamp.com/track/big-pimpin-lullaby-rendition-of-jay-z [Exhibit to Carter deposition] | | Hearsay Relevance Rule 403 Authentication Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 53 | Recording - Screenshot Khusara Khusara Hossam Ramzy – Best of Abdul Halim Hafiz [Exhibit to Carter deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br>See Defendants' MIL No. 3<br><br>Defendants do not object for the limited purpose of reflecting the sound recording licensed by ARC to Defendants. |
| 54 | Recording - Screenshot Khosara Abdel Halim Hafez – Abd El Halim Hafez [Exhibit to Carter deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Authentication<br>Foundation<br><br>See Defendants' MIL No. 3 |
| 55 | Jay-Z Unplugged, CD (DEFS2772) [Exhibit to Carter deposition] | | |
| 56 | Jay-Z Linkin Park Collision Course CD [Exhibit to Carter deposition] | | |
| 57 | DVD titled Fade to Black (DEFS 2774) [Exhibit to Shawn Carter deposition] | | |
| 58 | CD of Jay Z, the Hits collection, Volume 1 [Exhibit to Carter deposition] | | |
| 59 | Jay-Z Concert Setlists (SCC000001-63, 70, 73-75, 158-188) [Exhibit to Carter deposition] | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 60 | 10/23/14 Printouts of Wikipedia articles related to tours: "On the Run Tour "Beyonce and Jay-Z," "Magna Carter World Tour," "Watch the Throne Tour," The Home & Home Tour," Heart of the City Tour" [Exhibit to Carter deposition] | | Defendants' MIL No. 8 Relevance Hearsay Rule 403 Authentication Foundation |
| 61 | October 17, 2014 Declaration of Kashyap Bakhai in support of defendant Shawn Carter (pka Jay Z)'s Production of documents (SCC000152 – SCC000154) [Exhibit to Carter deposition] | Hearsay Rule 403 | |
| 62 | Document titled Live Nation Touring Artist Business Plan (SCC000134 - SCC000139) [Exhibit to Carter deposition] | Rule 403 | Relevance Foundation |
| 63 | Document titled "Jay Shows/Festivals" 2011, 2010, 2009, 2008, 2004 (SCC000068-69) [Exhibit to Carter deposition] | Rule 403 | |
| 64 | Document titled Domestic Earnings History "Big Pimpin" Jay Z share, 2HO4 through 1 H 14 (SCC000156 – SCC000157) [Exhibit to Carter deposition] | Rule 403 | Relevance Foundation |
| 65 | Royalty Summary Artist Reporting Website Jay-Z track Big Pimpin' only, July 2004 through June 2014 (SCC000132 – SCC000133) [Exhibit to Carter deposition] | Rule 403 | Relevance Foundation |
| 66 | Document titled Analysis 1, Big Pimpin, Big Pimpin/Papercut EMI Music Publishing and Summary royalty statements (SCC000140 – SCC000151), Redacted, Highly Confidential Attorneys' Eyes Only [Exhibit to Carter deposition] | Rule 403 | Relevance Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 67 | Article titled "Hard Knock Life (Ghetto Anthem)" Jay-Z dated December 2010 | | Defendants' MIL No. 8 FRCP 26/37 Relevance Hearsay Authentication FRCP 403 Foundation |
| 68 | New York Times article dated April 3, 2008 titled "In Rapper's Deal, A New Model for Music Business" | | Defendants' MIL No. 8 FRCP 26/37 Relevance Hearsay Authentication FRCP 403 Foundation |
| 69 | Agreement dated April 1st, 1997 between EMI Blackwood Music, Inc. and Shawn Carter individually and d/b/a Lil Lu Lu Publishing (RP6-0061-88 – RP6-0090), highly confidential [Exhibit to Carter deposition] | | Relevance |
| 70 | June 12, 1997 Amended and Restated Agreement between Roc-A-Fella Records, LLC and Shawn Carter, Highly Confidential (RP6-0126-59) [Exhibit to Carter deposition] | | Relevance |
| 71 | July 15, 1999 Letter agreement between Roc-A-Fella Records and Shawn Carter, Highly Confidential (RP6-0099-106) [Exhibit to Carter deposition] | | Relevance |
| 72 | Defendants' Responses to Plaintiff's Second Set of Interrogatories [Exhibit to Desiderio deposition] | Relevance Rule 403 | Relevance |
| 73 | Plaintiff's Notice of Deposition of Defendant Paramount Pictures Corporation [Exhibit to Desiderio deposition] | Relevance Rule 403 | Relevance |
| 74 | Plaintiff's Notice of deposition of Defendant Warner Music, Inc. [Exhibit to Begyan deposition] | Relevance Rule 403 | Relevance |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 75 | Plaintiff's Notice of deposition of Defendant UMG Recordings, Inc. [Exhibit to Jason Gallien deposition] | Relevance Rule 403 | Relevance |
| 76 | Paramount Pictures Participation Statement from 12/01/12 to 11/30/13, Highly Confidential Attorneys' Eyes Only (PAR 31 – PAR 37) [Exhibit to Desiderio deposition] | Relevance Rule 403 | |
| 77 | Paramount Pictures Distribution Statement for period ending 5/31/2008 (SJ 0189), Highly Confidential [Exhibit to Desiderio deposition] | Relevance Rule 403 | |
| 78 | Handwritten Calculation [Exhibit to Desiderio deposition] | Relevance Rule 403 | |
| 79 | August 9, 2004 Agreement between Paramount Pictures, Marcy Projects, and Roc-A-Fella Records re: "Jay-Z Concert Film" aka "Fade to Black", Highly Confidential (SJ 0089 – SJ 0117) [Exhibit to Desiderio deposition] | | |
| 80 | Linkin Park/Jay-Z Mash-Up (Collision Course) Income Statement, Highly Confidential Attorneys' Eyes Only (U385) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 81 | Profit and Loss Statement for Jay-Z Linkin Park Collision Course Inception to 6/27/2014, Highly Confidential Attorneys' Eyes Only (W0007) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 82 | Warner Brothers Records, Linkin Park/Jay-Z Mash Up Profit Participating Statement for period ending June 27, 2014, Highly Confidential Attorneys' Eyes Only (LP1) [Exhibit to Begyan deposition] | Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 83 | Warner Brothers Records, Linkin Park Jay-Z mash up Profit Participation Statement for period 12-2009 for period ending September 25, 2009, Highly Confidential Attorneys' Eyes Only (W0902) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 84 | Summary of Jay-Z Linkin Park Collision Course digital activity period ending June 2014, Highly Confidential Attorneys' Eyes Only (W0008 – W0009) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 85 | Digital Activity in detail Excerpt from a 729-page spreadsheet excerpt, Highly Confidential Attorneys' Eyes Only (W0010 - W0019) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 86 | Physical sales activity Excerpt from 145-page spreadsheet Warner Music Group inventory system, Highly Confidential Attorneys' Eyes Only (W0757 – W 0766) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 87 | Chart titled RTD Through Period 12 2010 (Financial) P&L for Linkin Park/Jay-z-Mash U A2327V-01, Highly Confidential Attorneys' Eyes Only (W0739 - W0752) [Exhibit to Begyan deposition] | Relevance Rule 403 | |
| 88 | Profit and Loss Statement by Warner Music Group for 1/2011-9/2014, Highly Confidential Attorneys' Eyes Only (W0753-W0756) [Exhibit to Begyan deposition] | Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 89 | Email dated October 4, 2004 from Chip McLean to Danny Hayes cc's Ben Gaffin, mShefrin@firmentertainment.net, Susan Genco (WBR), Lenna Leib, Patrick Sabatini, RDeMarti@firmentertainment.net, RMcDermott@firmentertainment.net, re Mash Up – Checklist, redacted, marked confidential (DEFS 2893) | Authentication Hearsay Relevance Rule 403 | |
| 90 | Intentionally left blank | | |
| 91 | October 8, 2004 Agreement between Warner Brothers and MTV Networks, Confidential (SJ 0118-SJ 0126) [Exhibit to Begyan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 92 | October 12, 2004 Agreement between Warner Brothers and MTV Networks, confidential (SJ 1227 – 123) [Exhibit to Begyan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 93 | Agreement between Warner Brothers Records and Island Def Jam, Confidential (SJ 0133-SJ 0142 [Exhibit to Begyan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 94 | Intentionally left blank | | |
| 95 | November 2004 License Agreement between Warner Bros. Records Inc. and ARC Music Incorporated, Highly Confidential Attorneys' Eyes Only (DEFS 2872-2882) [Exhibit to Begyan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 96 | Document from EMI Music Publishing to Warner Bros. Records dated December 3, 2004 re Collision Course, marked confidential (SJ 0147-49) | Authentication Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 97 | Film Synchronization and Performance License dated December 7, 2004, marked confidential (SJ 0155-59) | Authentication Hearsay Relevance Rule 403 | |
| 98 | History of Air Dates, MTV Ultimate Mash-Ups: Jay-Z vs. Linkin Park, Confidential (SJ 0200 – SJ 0204) [Exhibit to Begyan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 99 | Summary Profit and Loss Statement for Big Pimpin' – collection of financial reports and first page is entitled Island Def Jam Music Group, A Division of UMG Recordings, Inc., Jay-Z Big Pimpin', (U00005-U0384) [Exhibit to Jason Gallien deposition] | Relevance Rule 403 | |
| 100-Z | Transcript of Timbaland interview dated February 2, 2007 [Exhibit to 12.21.2010 Zohny deposition] | Duplicative of Exhibit 48 | Hearsay Relevance Rule 403 Authentication Foundation |
| 100 | License agreement (00534-38) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 100A | License agreement [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 101-Z | Webpage printout from U.S. Copyright office dated December 20, 2010 [Exhibit to 12.21.2010 Zohny deposition] | Relevance Rule 403 Hearsay | |
| 101 | Arabic document dated January 27, 2001 prepared for Osama Ahmed Fahmy Fathallah to give permission to M. Sima to bring a lawsuit in the U.S. alleging that Khosara Khosara was infringed by Big Pimpin (00609 – 00615) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 102-Z | EMI Music Arabia document dated February 24, 1998 (EMI0028 - EMI0031) [Exhibit to 12.21.2010 Zohny deposition] | | Relevance Rule 403 |
| 102 | January 27, 2001 Agency Contract Agreement between Heirs of Baligh Abdel Hamdy and Mr. Farouk Mohamed Fathalla Sima [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 103-Z | Settlement agreement dated March 30, 2001 between Mosley and EMI, Confidential (TB0020 - TB0029) [Exhibit to 12.21.2010 Zohny deposition] | Duplicative of Exhibits 29 and 208 | |
| 103 | Arabic document – Society of Authors and Musical Composers and Publishers SAUCERAU Certificate re Khosara Khosara composed by Baligh Hamdy dated June 17, 1960 under No. 3799 (00549 – 00554) [Exhibit to 2.12.2009 Fahmy deposition] | | Hearsay Authentication Relevance Rule 403 Foundation |
| 104 | October 30, 2004 Amendment to License Agreement (00539 - 00540) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 105 | March 7, 2005 Addendum and Amendment to Exclusive License [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 106 | Letter dated March 2, 2001 from David A. Braun (Akin, Gump, Strauss) to Robert Flax (Executive Vice President, EMI Music Publishing) re: "Khasara Khasara" [Exhibit to 2.12.2009 Fahmy deposition] | Hearsay Relevance Rule 403 | |
| 107 | Arabic document - Letter dated 2001 (00555) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 | Relevance Rule 403 Authentication Hearsay Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---------|-------------|------------------------|------------------------|
| 108 | Letter dated April 29, 2001 from Mahmoud Loutfi to David A. Brown (00446) [Exhibit to 2.12.2009 Fahmy deposition] | | Relevance Rule 403 Authentication Best Evidence Hearsay Foundation |
| 109 | English translation of document: From Osama Ahmed (00443-00444) [Exhibit to 2.12.2009 Fahmy] | | Best Evidence Rule 403 Hearsay Foundation |
| 110 | Authorization dated June 2007 (00533) [Deposition exhibit to 2.12.2009 Osama Fahmy] | Relevance Rule 403 Hearsay | Relevance Rule 403 |
| 111 | Letter dated June 2007 from Osama Fahmy "Dear Mr. Rebeser" (00531-00532) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 112 | September 27, 2007 letter from Edward O. Lear to Farouk Fathallah Sima re: "License Agreement" re "Khosara Khosara"; Notice of Rescission and Termination (00618–00619) [Exhibit to 2.12.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 113 | Arabic Document -- February 1968 Agreement between Sout El Phan and Baligh Hamdy (00558-00660) [Exhibit to 2.13.2009 Fahmy deposition] | | |
| 114 | Arabic Document – Renewal of August 8, 1995 licensing agreement (00562 - 00565) [Exhibit to 2.13.2009 Fahmy deposition] | | |
| 115 | Arabic Document - August 12, 1995 Renewal of Feb. 1968 Agreement between Sout El Phan and Baligh Hamdy signed by Mr. Amrousi (P034, 00561) [Exhibit to 2.13.2009 Fahmy deposition] | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 116 | Arabic Document sent by Ahmed Fahmy Fathallah via fax and mail to EMI in Dubai, fax dated March 11, 1997 (00604 - 00605) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Rule 403 |
| 117 | Arabic Document -- Letter written by Osama Fahmy to EMI re cancel any deposit that took place under [EMI] knowledge about any genre from the melodies or the composing of and of the late musician Baligh Hamdy (00608, 00601) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Rule 403 |
| 118 | Arabic Document -- December 1997 Discharge and Declaration signed by Osama Fahmy in the amount of 23,564 (00599) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Rule 403 |
| 119 | Arabic Document -- January 1997 Certificate requested from SAUCERAU re Khosara Khosara (00324 - 00325) [Exhibit to 2.13.2009 Fahmy deposition] | Authentication Hearsay Relevance Rule 403 | Authentication Hearsay Relevance Rule 403 Foundation |
| 120 | Document, To Whom It May Concern, dated September 14, 2000 by Magdi El Amroussi (00290) [Exhibit to 2.13.2009 Fahmy deposition] | Authentication Hearsay Relevance Rule 403 | |
| 121 | English translation of document: Memo dated 2/10/2000 to Ms. Amira Farouk Fathallah from Magdi El Amrousi (P063) [Exhibit to 2.13.2009 Fahmy deposition] | | Authentication Best Evidence Hearsay Relevance Rule 403 Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 122 | Arabic document – December 11, 2002 document from Alam El Phan (Mr. Mosen Jaber, owner of Alam El Phan) signed by Osama Ahmed Fahmy Fathallah for receipt of payment in the amount of 115,000 Egyptian pounds (00584 - 00586) [Exhibit to 2.13.2009 Fahmy deposition] | | |
| 123 | Arabic document – Receipts of disbursements from Sout El Phan (00587 - 00598) [Exhibit to 2.13.2009 Fahmy deposition] | Relevance Rule 403 | |
| 124 | Arabic document (00556-557) [Exhibit to 2.13.2009 Fahmy deposition] | Relevance Rule 403 | |
| 125 | Arabic article in Al Ahram Al Arabi; http://arabi.ahram.org.eg/arabi/ahram/2000/8/8/ARTB2.HTM [Exhibit to 2.13.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 126 | "Baligh Hamdy decedent" distribution of shares (00622) [Exhibit to 2.13.2009 Fahmy deposition] | Relevance Rule 403 Hearsay | |
| 127 | Audiocassette, Abd El Halim Hafez (retained by plaintiff) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Rule 403 Authentication Foundation Hearsay See Defendants' MIL No. 3 |
| 128 | Videotape of movie FATA AHLAMI containing song Khosara Khosara (retained by plaintiff) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Rule 403 Authentication Foundation Hearsay See Defendants' MIL No. 3 |
| 129 | CD, Jay-Z, Vol. 3…Life and Times of S. Carter (Retained by Mr. Frackman) [Exhibit to 2.13.2009 Fahmy deposition] | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 130 | CD, Jay-Z, Linkin Park, COLLISION COURSE (Retained by Mr. Frackman)[Exhibit to 2.13.2009 Fahmy Deposition] | | |
| 131 | CD entitled Best of Abdul Halim Hafiz with the singer Hossam Ramzy (Retained by Mr. Frackman) [Exhibit to 2.13.2009 Fahmy deposition] | | Relevance Foundation Rule 403 Authentication Hearsay See Defendants' MIL No. 3<br><br>Defendants do not object for the limited purpose of reflecting the sound recording licensed by ARC to Defendants. |
| 132 | Copy of CD back cover entitled "Ammar El Sherei plays Abdel Halim Hafez," one of the songs is Khosara Khosara [Exhibit to 2.13.2009 Fahmy deposition] | | |
| 133 | Copy of Sheet Music, 00616-17[Exhibit to 2.13.2009 Fahmy deposition] | | Authentication Hearsay Foundation Subject to Defendants' MIL No. 3 |
| 134 | May 8, 2006 Declaration of Professor /Dr. Mohamed-Hossam Loutfi in support of Plaintiff's opposition to Defendants' Motion to Dismiss filed September 17, 2010 [Exhibit to 11.12.2010 Loutfi deposition] | | Subject to Defendants' MIL No. 1 |
| 135 | May 17, 2009 Supplemental Declaration of Professor/Dr. Mohamed-Hossam Loutfi [Exhibit to 11.12.2010 Loutfi deposition] | | Subject to Defendants' MIL No. 1 |
| 136 | Copy of Loutfi handwritten notes [Exhibit to 11.12.2010 Loutfi deposition] | Relevance Rule 403 Hearsay | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 137 | Web printouts re concerts | | Defendants' MIL No. 8<br>Relevance<br>Hearsay<br>Rule 403<br>Authentication<br>FRCP 26/37<br>Foundation |
| 138 | Unredacted version of Declaration of Charles Hamilton and Exhibits 1, 2, 3, 4, in support of Defendants' Motion for Summary judgment – Filed Under Seal [Exhibit to Hamilton deposition] | Relevance<br>Rule 403<br>Hearsay | |
| 139 | Series of E-mails dated on/around September 23, 2004, most recent email from Antoinette Trotman to Chip McLean, Antoinette Trotman cc's IDJ Business Affairs Temp, Michael Seltzer, Heath Kudler Re: Mash Up, redacted, Highly Confidential, Attorneys' Eyes Only (DEFS 3051 – DEFS 3055) [Exhibit to Hamilton deposition] | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 140 | E-mail correspondence between Universal and Warner, most recent email from Antoinette Trotman to Chip McLean cc's Heath Kudler, Davis, Vol. III, re: FW: Jay-Z Mash Up Information, redacted, Highly Confidential Attorneys' Eyes Only (DEFS 3059 – DEFS 3061) [Exhibit to Hamilton deposition] | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 141 | Series of Emails, most recent email from Chip McLean to Antoinette Trotman cc's Heath Kudler, Davis Vol, Allen Ian re: Jay-Z Mash Up Information, redacted, Highly Confidential Attorneys' Eyes Only, (DEFS 3066 – DEFS 3070) [Exhibit to Hamilton deposition] | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 142 | Unredacted version of Declaration of Elizabeth McNicoll and exhibits 1, 2, 3, 4 in support of Defendants' Motion for Summary Judgment-Filed Under Seal [Exhibit to O'Rourke deposition] | Relevance Rule 403 Hearsay | |
| 143 | Computer screen shots from the credits of "Fade to Black" [Exhibit to O'Rourke deposition] | Relevance Rule 403 | |
| 144 | Printout from Universal Music Website [Exhibit to Trotman deposition] | Relevance Rule 403 | |
| 145 | Printout from the Universal Music Web site entitled "Universal Music Group (UMG) Closes EMI Recorded Music Acquisit…"[Exhibit to Trotman deposition] | Relevance Rule 403 | |
| 146 | Print out from www.arabianbusiness.com entitled "Universal's EMI deal recreates MidEast's biggest record label" [Exhibit to Trotman deposition] | Relevance Rule 403 | Relevance |
| 147 | Chart listing Jay-Z shows from 8/1/2004 to 3/21/2008 (LN00001) [Exhibit 1 to A-Joulani deposition] | | Relevance |
| 148 | Document entitled "Jay Z Touring Settlements," Highly Confidential Attorneys' Eyes Only (SCC000189 – SCC000198) [Exhibit 2 to Al-Joulani deposition] | | Relevance |
| 149 | Chart entitled "Jay-Z-2008 Tour Dates" listing concerts with Live Nation between 2008 and 2014 (LN000007-18) [Exhibit 3 to Al-Joulani deposition] | | Relevance |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 150 | Document entitled "Jay Z Touring Settlements," Highly Confidential Attorneys' Eyes Only (SCC000199-SCC000209) [Exhibit 4 to Al-Joulani deposition] | | Relevance |
| 151 | Rebuttal Expert Witness Report of Bob Kohn [Exhibit to Kohn deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 152 | *Kohn on Music Licensing*, fourth edition, by Al Kohn and Bob Kohn [Exhibit to Kohn deposition] | Hearsay Relevance Rule 403 | |
| 153 | Billing Statements that document Kohn's work in current case [Exhibit to Kohn deposition] | Hearsay Relevance Rule 403 | |
| 154 | Document entitled Law Number 354 of the year 1954 Promulgating the Law on Protecting The Author's Right [Exhibit to Kohn deposition] | | |
| 155 | Document entitled Book 3, Copyright and Related Rights [Exhibit to Kohn deposition] | | |
| 156 | 1995 Sout El Phan/EMI Agreement (SJ 0017 – SJ 0043) [Exhibit to Kohn deposition] | Authentication Hearsay Relevance Rule 403 | |
| 157 | Fax enclosing original and translation of a certificate from Sacerau, (RPF6-0228 – RFP6-0234) [Exhibit to Kohn deposition] | | |
| 158 | Rebuttal Expert Report of Niri Shanmuganathan on English Law [Exhibit A to Shanmuganathan deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 159 | Expert Report on Mohamed-Hossam Loutfi with exhibits dated February 2015 [Exhibit B to Shanmuganathan deposition] | | Subject to Defendants' MIL No. 1 Relevance Rule 403 Hearsay Lacks Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 160 | Expert Report of Keith L. Cooper [Exhibit C to Shanmuganathan deposition] | | Relevance Rule 403 Hearsay Lacks Foundation |
| 161 | License Agreement dated December 11, 1995 (SJ 0017- SJ 0043) [Exhibit D to Shanmuganathan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 162 | Letter to Magdi El Amrousi dated April 23, 1996, Confidential, (EMA 0001-EMA 0002) [Exhibit E to Shanmuganathan deposition] | | |
| 163 | Agreement between Sout El Phan and Osama Fahmi with certificate of accuracy and translation (00562-00565) [Exhibit F to Shanmuganathan deposition] | Duplicative of Ex. 205 | |
| 164 | Cover and liner notes of CD by Abdel Halim Hafez [Exhibit G to Shanmuganathan deposition] | | |
| 165 | Letter to Pierre Henry, General Secretary, EMI Music Publishing France SA, (EMA 0004-EMA0006) [Exhibit H to Shanmuganathan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 166 | Settlement Agreement dated March 30, 2001, confidential, (SJ 0160 - SJ 0169) [Exhibit I to Shanmuganathan deposition] | Duplicative of Ex. 29 and 208 | |
| 167 | Weekly Law Reports 22 May 1998 [Exhibit J to Shanmuganathan deposition] | Hearsay Relevance Rule 403 | |
| 168 | Agreement 1997, Confidential (DEFS 2396- DEFS 2421) [Exhibit K to Shanmuganathan deposition] | | Relevance Rule 403 |
| 169 | Fax Message from M. El Amroussi to Adrian Cheesley EMI Music of Arabia dated December 2, 2000, Confidential, (EMA0069 - EMA0070) [Exhibit L to Shanmuganathan deposition] | Authentication Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 170 | Fax Message from Adrian Cheesley to M. El Amroussi – Sout El Phan dated December 18, 2000, Confidential, (EMA0072) [Exhibit M to Shanmuganathan deposition] | Authentication Hearsay Relevance Rule 403 | |
| 171 | Taylor Wessing Invoice of Dr. Shanmuganathan dated April 30, 2015 [Exhibit N to Shanmuganathan deposition] | Hearsay Relevance Rule 403 | Relevance |
| 172-179 | Intentionally left blank | | |
| 180 | Sam Rubin Invoice #352015 dated March 5, 2015 [Exhibit to Rubin deposition] | Hearsay Relevance Rule 403 | |
| 181 | Sam Rubin Invoice #6022015 dated June 2, 2015 [Exhibit to Rubin deposition] | Hearsay Relevance Rule 403 | |
| 182 | Expert Report of Sam Rubin [Exhibit to Rubin deposition] | | Hearsay Relevance Foundation Rule 403 Defendants' Daubert Motion No. 1 FRCP 702/703 |
| 183 | Twitter search printout from Samontv since: 2014-08001 until 2014-08-05 [Exhibit to Rubin deposition] | Relevance Rule 403 | |
| 184 | Jay Z concert set list at TD Garden, Boston, MA, USA [Exhibit to Rubin deposition] | | Authentication Foundation Hearsay Rule 403 |
| 185 | *Empire State of Mind* by Zack O'Malley Greenberg | | Defendants' MIL No. 8 Hearsay Foundation Relevance Rule 403 Authentication |
| 186 | *Decoded* by Jay Z | | Relevance Rule 403 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 187 | Email from Keith Wesley to Jeffrey Movit re: Marcus dated June 21, 2015 [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 | |
| 188 | Letter dated November 4, 2014 from Keith Wesley to Scott Marcus re: Expert Engagement in Fahmy v. Jay-Z, et al [Exhibit to Marcus deposition]. | Hearsay Relevance Rule 403 | |
| 189 | Expert Report of Lawrence Ferrara with exhibits [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 190 | Expert Report of Scott Marcus [Exhibit to Marcus deposition] | | Daubert Hearsay Relevance Rule 403 Lacks Foundation |
| 191 | Audio Exhibit 1 (11 Tracks) to Ferrara Report [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 192 | Visual Exhibit C (2 pages) [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 193 | Visual Exhibit C (39 pages) [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 194 | Visual Exhibit A. bates 00616-17 [Exhibit to Scott Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 195 | Visual Exhibit B, bates 00616-17 [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 196 | Visual Exhibit A Khusara Khusara [Exhibit to Marcus deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 197 | Rebuttal Report of Professor Scott Marcus dated March 29, 2015[Exhibit to Marcus deposition] | | Hearsay Relevance Rule 403 Lacks Foundation |
| 198 | Handwritten notes by Marcus [Exhibit to Marcus deposition] | Relevance Rule 403 | |
| 199 | Expert Report of Mohamed-Hossam Loutfi dated February 2015 with exhibits  [Exhibit to Farhat deposition] | | Subject to Defendants' MIL No. 1 Hearsay Relevance Rule 403 Lacks Foundation |
| 199A | Expert Report of Mohamed-Hossam Loutfi [Exhibit to Loutfi deposition] | Hearsay Relevance Rule 403 Lacks Foundation | Subject to Defendants' MIL No. 1 Hearsay Relevance Rule 403 Lacks Foundation |
| 200 | Rebuttal Report of Walid Abou Farhat with exhibits dated April 24, 2015 [Exhibit to Farhat deposition] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 201 | Arabic document, Egypt 1954 Copyright Act as amended (16 pages) [Exhibit to Farhat deposition] | | |
| 202 | Arabic document, Egypt 2002 Intellectual Property Law [Exhibit to Farhat deposition] | | |
| 203 | Law No. 82 of 2002 Pertaining to the Protection of Intellectual Property Rights [Exhibit to Farhat deposition] | | |
| 204 | Contract Agreement between Sout El Phan Company and Mr. Baleegh Hamdy, Arabic document and translation dated February 12, 1968 (00558-00560) [Exhibit to Farhat deposition] | | |
| 205 | Arabic agreement and translation dated August 8, 1995, (00562-00565 [Exhibit to Farhat deposition] | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 206 | Arabic document and translation dated August 12, 1995 (P034, 00561) [Exhibit to Farhat deposition] | | |
| 207 | 1995 Sout el Phan/EMI Agreement (SJ 0017- SJ 0043) [Exhibit to Farhat deposition] | Authentication Hearsay Relevance Rule 403 | |
| 208 | Settlement Agreement dated March 30, 2001, Confidential, (SJ 0160 – SJ0169) [Exhibit to Farhat deposition] | | |
| 209 | Summary of Royalty Account Licensor: Alam Al Phan, marked confidential, (EMA 0082- EMA 0083) [Exhibit to Farhat deposition] | FRCP 26/37 Relevance Rule 403 Hearsay Authentication | |
| 210 | Arabic agreement and translation dated December 11, 2002 (00584- 0586) [Exhibit to Farhat deposition] | | |
| 211 | Letter from Walid Abou Farhat to the kind attention of Mitchell Silberberg and Knupp LLP c/o David Steinburg and Jim Berkley dated April 24, 2015 re: Fees: Invoice April 1, 2015 [Exhibit to Farhat deposition] | Relevance Rule 403 Hearsay | Relevance |
| 212 | Document entitled "To Whom It May Concern," dated March 30, 1998, (EMI0030) [Exhibit to Farhat deposition] | | Lacks Foundation Authentication Rule 403 |
| 213 | Fax Message Sout El Phan dated January 26, 1998 from M. El Amroussi to Mr. Michael Lemesre E.M.I., (EMI0032- EMI0036) [Exhibit to Farhat deposition] | | |
| 214 | Letter from EMI Music of Arabia to Mr. Pierre Henry, General Secretary re Sout El-Phan Co, (EMA 0004- EMA 0006) [Exhibit to Farhat deposition] | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 215 | De la Pena & Holiday, LLP Invoice for services for February 2015, dated April 30, 2015 [Exhibit 215 to Cooper deposition] | Relevance<br>Rule 403<br>Hearsay | |
| 216 | Expert report of Keith L. Cooper dated February 23, 2015 [Exhibit to Cooper deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation |
| 217 | Keith Cooper's notes [Exhibit to Cooper deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Rule 26/37 |
| 218 | Rebuttal Report of Bob Kohn [Exhibit to Cooper deposition] | Hearsay<br>Relevance<br>Rule 403 | |
| 219 | Kohn On Music Licensing – Grant of Rights [Exhibit to Cooper deposition] | Relevance<br>Rule 403<br>Hearsay<br>Best Evidence | |
| 220 | Exclusive Writer and Co-Publishing Agreement dated September 15, 1997, redacted [Exhibit to Cooper deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation |
| 221-C | Keith Cooper CV [Exhibit to Cooper deposition] | | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Rule 26/37 |
| 221 | Expert Report of Dr. Jason King [Exhibit to King deposition] | Relevance<br>Rule 403<br>Hearsay<br>Lacks Foundation<br>Daubert | |
| 222 | Rebuttal Report of Dr. Jason King [Exhibit to King deposition] | Relevance<br>Rule 403<br>Hearsay<br>Lacks Foundation<br>Daubert | |
| 223 | Certificate regarding Khosara Khosara | | Hearsay<br>Relevance<br>Authentication<br>Lacks Foundation |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 224-227 | Deliberately left blank | | |
| 228 | Deposition of Mohamed-Hossam Mahmoud Loutfi Ibrahim [Exhibit to Loutfi deposition] | Relevance Rule 403 Vague Lacks Foundation Non-responsive | Subject to Defendants' MIL No. 1 |
| 229 | Order denying Plaintiff's motion to exclude testimony of Defendant's expert Ahmed Y. Zohny and granting in part and denying in part Plaintiff's motion for partial summary Judgment [Exhibit to Loutfi deposition] | Relevance Rule 403 | |
| 230 | Supplemental Declaration of Professor/Dr. Mohamed-Hossam Loutfi dated May 17, 2009 [Exhibit to Loutfi deposition] | Relevance Rule 403 | Subject to Defendants' MIL No. 1 |
| 231 | Invoice from M-H. Loutfi to Keith Wesley dated June 25, 2015 [Exhibit to Loutfi Deposition] | Relevance Rule 403 Hearsay | |
| 232 | Berne Convention for the Protection of Literary and Artistic Works [Exhibit to Loutfi deposition] | Relevance Rule 403 | |
| 233 | Sworn Arabic statement and certified translation dated August 12, 1995 [Exhibit to Loutfi deposition] | Duplicative of Ex. 115 and 206 | |
| 234-249 | intentionally left blank | | |
| 250 | Supplemental Report of Patrick F. Kennedy, Ph.D. dated July 17, 2015, including exhibits, marked highly confidential attorneys' eyes only [Exhibit to Kennedy deposition] | | Defendants' Daubert Motion No. 3 Relevance Hearsay Rule 403 Rule 702/703 |
| 251 | Report of Patrick F. Kennedy, Ph.D. dated February 20, 2015 [Exhibit to Kennedy deposition] | Relevance Rule 403 | Relevance Rule 403 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 252 | Expert Report of Dr. Michael Kamins in the case of Fahmy v. Jay-Z [Exhibit to Kennedy deposition] | | Defendants' Daubert Motion No. 2 Relevance Hearsay Rule 403 Rule 702/703 |
| 253-T | Torrey Partners invoice dated May 21, 2015 re: Fahmy v. Jay-Z, et al. for services rendered through May 21, 2015 [Exhibit to Kennedy deposition] | Hearsay Relevance Rule 403 | |
| 253 | Spectrum Associates Proposal to Conduct Jay-Z Concert Research dated January 11, 2015 [Exhibit to Kamins deposition] | Hearsay Relevance Rule 403 | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |
| 254 | Document entitled "New Summary Report" dated December 29, 2014 | | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |
| 255 | Spectrum Associates Invoice to Keith Wesley dated January 31, 2015 [Exhibit to Kamins deposition] | Hearsay Relevance Rule 403 | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |
| 256 | Billing letter to Keith Wesley from Dr. Michael Kamins dated March 31, 2015 [Exhibit to Kamins deposition] | Hearsay Relevance Rule 403 | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |
| 257 | Diagram drawn by witness [Exhibit to Kamins deposition] | Relevance Rule 403 | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |
| 258 | Document entitled "Data Set No. 400" [Exhibit to Kamins deposition] | Relevance Rule 403 | Defendants object to the extent that Dr. Kamins is precluded from testifying pursuant to Defendants' Daubert Motion No. 2. |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 259 | Rebuttal Expert Report of Dr. Michael Kamins in the case of Fahmy v. Jay-Z [Exhibit to Kamins deposition] | | Defendants' Daubert Motion No. 2<br>Relevance<br>Hearsay<br>Rule 403<br>Rule 702/703 |
| 262 | Judith Finell's Initial expert report [Exhibit to Finell's deposition] | | Daubert<br>Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation |
| 263 | Compilation of three engagement letters with letterhead of Judith Finell Music Services, Incorporated dated October 15, 2014, November 20, 2014, and March 4, 2015 [Exhibit to Finell's deposition] | Hearsay<br>Relevance<br>Rule 403 | |
| 264 | Compilation of invoices with letterhead Judith Finell Music Services dated October 15, 2014, November 20, 2014, and March 17, 2015 [Exhibit to Finell's deposition] | Hearsay<br>Relevance<br>Rule 403 | |
| 265 | Judith Finell's rebuttal report[Exhibit to Finell's deposition] | | Daubert<br>Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation |
| 266 | Excerpt from the Oxford Dictionary of Music[Exhibit to Finell's deposition] | Hearsay<br>Relevance<br>Rule 403 | |
| 267 | Dr. Ferrara's expert report[Exhibit to Finell's deposition] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation | |
| 268 | Decision from Bright Tunes Music Corp. v. Harrisongs Music, Ltd. also known as the My Sweet Lord George Harrison case [Exhibit to Finell's deposition] | Relevance<br>Rule 403 | Relevance<br>Rule 403 |
| 269-270 | Intentionally left blank | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 271 | Collision Course Digital Activity, highly confidential attorneys' eyes only (W4634-4635) | | See Opp. to Plaintiff's MIL No. 6 |
| 272 | Nielsen Sound Scan report Unplugged Album, U 0386-U0433, U 0556-U0559, marked Highly Confidential Attorneys' Eyes Only | | Hearsay<br>Rule 403<br>Relevance (see Opp. to Plaintiff's MIL No. 6)<br>Foundation |
| 273 | Nielsen Sound Scan report Vol. 3 Life and Times, U 0496-U0551, U 0552-U0555, marked Highly Confidential Attorneys' Eyes Only | | Hearsay<br>Rule 403<br>Relevance (see Opp. to Plaintiff's MIL No. 6)<br>Foundation |
| 274 | Nielsen Sound Scan report The Hits Collection, Volume 1, bates U 0434 – U0495, U 0552 – U0555, marked Highly Confidential Attorneys' Eyes Only | | Hearsay<br>Rule 403<br>Relevance (see Opp. to Plaintiff's MIL No. 6)<br>Foundation |
| 275 | Defendant Shawn C. Carter's Supplemental (PKA Jay-Z)'s Response to Plaintiff Osama Ahmed Fahmy's Second Set of Interrogatories dated June 19, 2015, and Documents Incorporated by Reference Therein | Pages 13-15 -- Hearsay | Relevance (see Opp. to Plaintiff's MIL No. 6) |
| 276 | Defendant EMI Blackwood Music, Inc.'s Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only (including exhibits) | | See Opp. to Plaintiff's MIL No. 6 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 277 | Supplemental Responses of Defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, Kenji Kobayashi Music, Machine Shop Recordings LLC, Nondisclosure Agreement Music, and Rob Bourdon Music to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only  (including exhibits) |  | See Opp. to Plaintiff's MIL No. 6 |
| 278 | Defendant MTV Networks Enterprises, Inc.'s Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only (including exhibits) |  | See Opp. to Plaintiff's MIL No. 6 |
| 279 | Defendants Paramount Home Entertainment, Inc., and Paramount Pictures Corporation's Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only  (including exhibits) |  | See Opp. to Plaintiff's MIL No. 6 |
| 280 | Supplemental Responses of Defendant Timothy Mosley and Timbaland Productions, Inc. to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only  (including exhibits) | Page 10 – Hearsay, relevance, Rule 403 | See Opp. to Plaintiff's MIL No. 6 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 281 | Defendant Warner Music Inc.'s Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 19, 2015, marked Highly Confidential Attorneys' Eyes Only (including exhibits) | | See Opp. to Plaintiff's MIL No. 6 |
| 282 | Defendants UMG Recordings, Inc.'s, and Roc-A-Fella Records, LLC's Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 22, 2015, marked Confidential Attorneys' Eyes Only  (including exhibits) | | See Opp. to Plaintiff's MIL No. 6 |
| 283 | Defendant UMG Commercial Services, Inc.'s Supplemental Responses to Plaintiff's Second Set of Interrogatories dated June 23, 2015, marked Highly Confidential Attorneys' Eyes Only (including exhibits) | | See Opp. to Plaintiff's MIL No. 6 |
| 284 | Kennedy Damages Charts | | Vague<br>Daubert Motion No. 3<br>Hearsay<br>Relevance<br>Rule 403 |
| 285 | Copyright Registration for Big Pimpin (RP6-0097) | Relevance<br>Rule 403 | |
| 286 | August 8, 2001 Letter from Ancliff to A. Fahmy (EMA0012) | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | Authentication<br>Hearsay<br>Relevance<br>Rule 403 |
| 287 | January 1, 2007 License Between Arab Audio and EMI Music Arabia (EMA0013-0026) | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | Relevance<br>Rule 403 |
| 288 | January 30, 2006 Declaration of Adrian Cheesley in Support of EMI Music Arabia's Brief Rebutting Jurisdiction (DEFS0715-0729) | | Relevance<br>Rule 403 |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 289 | Defendant EMI Music Arabia, Inc.'s Brief Rebutting Personal Jurisdiction (DEFS0730-0749) | | Relevance<br>Rule 403 |
| 290 | Live Nation Contracts dated 2008 - 2013, marked highly confidential attorneys' eyes only (SCC00438-00519) | | Relevance<br>Rule 403<br>Foundation |
| 291 | November 30, 2000 Fax from Cheesley to Amroussi (EMA0068) | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 292 | December 2, 2000 Fax from Amroussi to Cheesley (EMA0069-0071) | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 293 | December 18, 2000 Fax from Cheesley to Amroussi (EMA0072) | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 294 | Responses to Plaintiff's Second Set of Interrogatories by Defendants | Relevance<br>Rule 403 | |
| 295 | Articles/Press re Big Pimpin in Concert (PL625-789, 791-802) | | Defendants' Motion in Limine No. 8<br>Relevance<br>Hearsay<br>Authentication<br>Rule 403<br>Foundation |
| 296 | Big Pimpin Ringtones (PL790) | | Hearsay<br>Authentication<br>Foundation |
| 297 | EMI Music Publishing/EMI Music Arabia Agreement (EMI45-69, Plaintiff's 174-198) | | Relevance<br>Rule 403 |
| 298 | March-April 2001 Communications Between David Braun and EMI (SJ67-76, 78-83) | | |
| 301 | Expert Report of Lawrence Ferrara, Ph.D. (with all exhibits/appendices, including audio exhibits) | Duplicative of Ex. 267<br>Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---------|-------------|------------------------|------------------------|
| 302 | Rebuttal Expert Report of Lawrence Ferrara, Ph.D. (with all exhibits/appendices, including audio exhibits) | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation | |
| 303 | Mechanical Copyright License for Big Pimpin (SJ 0059 - SJ 0062, SJ 0085 - SJ 0086) [Exhibit 2 to the Gawley Declaration filed on May 20 , 2013] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation | |
| 304 | Settlement Agreement Between Arc Music Incorporated and Roc-A-Fella Records (SJ  0170 - SJ 0182) [Exhibit 3 to the Gawley Declaration filed on May 20, 2013] | Duplicative of Ex. 31 | |
| 305 | Agreement between The Island Def Jam Group and Warner Bros. Records Inc. dated October 12, 2004 (SJ 0133 - SJ 0142) [Exhibit 5 to the Gawley Declaration filed on May 20, 2013] | Authentication<br>Hearsay<br>Relevance<br>Rule 403 | |
| 306 | Written confirmation from Magdi El Amroussi of Sout el Phan from the business records of EMI Music Arabia, with fax heading dated September 14, 2000 (EMA 0003) [Exhibit 3 to the Dhamodiwala Declaration filed on February 26, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 307 | Agreement between EMI Music Arabia and Arab Audio FZ, LLC ("Arab Audio"), dated August 1, 2008 (EMA 0027 - EMA 0031) [Exhibit 4 to the Dhamodiwala Declaration filed on February 26, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 308 | Agreement Addendum from the business records of EMI Music Arabia between EMI Music Arabia and Arab Audio, dated January 1, 2010 (EMA 0032 - EMA 0034) [Exhibit 5 to the Dhamodiwala Declaration filed on February 26, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 309 | Agreement Addendum dated January 1, 2013, between EMI Music Arabia and Arab Audio (EMA 0035 - EMA 0036) [Exhibit 6 to the Dhamodiwala Declaration filed on February 26, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 310 | Documents produced by Broadcast Music, Inc. (DEFS 2778 - DEFS 2835) [Exhibit 11 to the Lewis Declaration filed on February 27, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 311 | Web page displaying results of a search query on the website www.bmi.com, dated February 26, 2015 [Exhibit 12 to the Lewis Declaration filed on February 27, 2015] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 312 | 2002 Egyptian Copyright Act (Law No. 82 of 2002 Pertaining to the Protection of Intellectual Property Rights) [Exhibit 6 to the Wesley Declaration filed on February 2, 2015] | | |
| 313 | Guest Performer Releases between MTVN and Linkin Park and Jay-Z [Exhibit 1 to the Horwitz Declaration filed on May 6, 2013] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 314 | List summarizing dates and times of MTV telecast [Exhibit 2 to the Horwitz Declaration filed on May 6, 2013] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 315 | Summary of airing dates of advertisements promoting MTV program [Exhibit 3 to the Horwitz Declaration filed on May 6, 2013] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 316 | Letter from Christopher Ancliff to Paul LiCalsi dated October 30, 2000 [Exhibit 4 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 317 | Barton Weiss response to David Braun letter dated March 30, 2001, with attachment [Exhibit 6 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 318 | David Braun letter to Barton Weiss dated April 1, 2001 (P 035 - P 036) [Exhibit 7 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 319 | Barton Weiss response letter to David Braun dated April 18, 2001 (P 046-P 047) [Exhibit 8 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 320 | Letter from David Braun to Christopher Ancliff dated April 18, 2001 (P 048- P 049) [Exhibit 9 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 321 | Letter from Christopher Ancliff to David Braun dated April 19, 2001  (P 052) [Exhibit 10 to Ancliff Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 322 | Synchronization license to Marcy Projects Productions II from Warner/Chappell Music, Inc. dated December 7, 2004 (SJ 0155 - SJ 0159) [Exhibit 3 to McNicoll Declaration filed 5/20/13] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---------|-------------|------------------------|------------------------|
| 323 | Synchronization license to Marcy Projects Productions II from Kyambo Joshua dated September 27, 2004 (SJ 0143 - SJ 0146) [Exhibit 4 to McNicoll Declaration filed 5/20/13] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 324 | Poster promoting theatrical release of "Fade to Black" [Exhibit 5 to McNicoll Declaration filed 5/20/13] | | |
| 325 | Cover artwork for "Fade to Black" DVD. [Exhibit 6 to McNicoll filed 5/20/14] | | |
| 326 | Harry Fox Agency licenses regarding Big Pimpin' (SJ 0059 - SJ 0062) [Exhibit 1 to Sandsmark Declaration filed 5/20/13] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 327 | License between EMI Music Publishing and Warner Bros. Records dated December 3, 2004 (SJ 0147 - SJ 0149) [Exhibit 2 to Sandsmark Declaration filed 5/20/13] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 328 | License between EMI Music Publishing and Marcy Projects Productions II regarding "Fade to Black" (SJ 0150 - SJ 0154) [Exhibit 3 to Sandsmark Declaration filed 5/20/13] | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 329 | Linkin Park Collision Course Agreement dated October 12, 2004 (SJ 0127 - SJ 0132) [Exhibit 2 to Hamilton Declaration filed 5/20/2013] | | |
| 330 | Front and Back cover of "Collision Course" album [Exhibit 5 to Hamilton Declaration filed 5/20/2013] | Best Evidence Rule<br>Duplicative of Ex. 56 | |
| 331 | Front of booklet and pages from booklet accompanying "Collision Course" [Exhibit 6 to Hamilton Declaration filed 5/20/2013] | Best Evidence Rule<br>Duplicative of Ex. 56 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 332 | Article appearing in *Al-Ahram Weekly* dated June 1-7, 2000, titled "Pimpin' A Classic" [Exhibit 9 to Lewis Declaration filed on December 13, 2010] | Hearsay Relevance Rule 403 Authentication | |
| 333 | Various articles and web pages of *Al-Ahram Weekly* dated June through August 2000 [Exhibit 8 to the Zohny Declaration filed on December 13, 2010] | Hearsay Relevance Rule 403 Authentication | |
| 334 | Newspaper obituary regarding death of Magdi El Amroussy [Exhibit 10 to the Zohny Declaration filed on December 13, 2010] | Hearsay Relevance Rule 403 Authentication | |
| 335 | Web pages regarding "Khosara Khosara" ringtones [Exhibit 14 to the Zohny Declaration filed on December 13, 2010] | Hearsay Relevance Rule 403 Authentication | |
| 336 | Web page of results from RIAA searchable database located at http://riaa.com/goldandplatinumdata.php?content_selector=gold-platinum-searchable-database [Exhibit 5 to the Lewis Declaration filed on August 25, 2011] | | |
| 337 | Exhibit 107 to the Deposition of Osama Fahmy, followed by a certified translation thereof [Exhibit 9 to the Lewis Declaration filed May 20, 2013] | | Relevance Rule 403 Authentication Hearsay Foundation |
| 338 | Letter attached as Exhibit 46 in the deposition of David A. Braun taken on April 4, 2007 [Exhibit 18 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 | |
| 339 | Letter from Jeremy Wakefield to David Braun dated April 23, 2001, produced by Plaintiff (00378, P050) [Exhibit 19 to the Lewis Declaration filed on May 20, 2013] | Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 340 | Web page located at http://weekly.ahram.org.eg/2000/484/culture.htm (SJ 0053) [Exhibit 21 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 341 | Screenshot of web page located at http://www.ahram.org.eg/archive/wafContent.aspx?id=7&IssueId=819, and certified translation thereof [Group Exhibit 22 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 342 | *Al Ahram Weekly* article titled "Dr. Mursi Saad El-Din passed away" [Exhibit 23 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 343 | *Al Ahram Weekly* article appearing at http://weekly.ahram.org.eg/News/2382/23/Kariological-times-of-a-kindly-man.aspx [Exhibit 24 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 344 | Obituary of Mursi Saad el-Din dated May 5, 2013, appearing on Al Ahram Daily website, followed by certified translation [Group Exhibit 25 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 345 | Obituary of Magdi Al-Amorousi dated October 31, 2002, appearing on website of *Al-Sharq Al-Awsat* [Group Exhibit 26 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 346 | *Los Angeles Times* article regarding David Braun dated February 2, 2013 [Exhibit 27 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 347 | *USA Today* article titled "Friends, family pay tribute to Pimp C," dated December 13, 2007 [Exhibit 28 to the Lewis Declaration filed on May 20, 2013] | Hearsay Relevance Rule 403 Lacks Foundation | |
| 348 | Database results generated at http://riaa.com/goldandplatinumdata.php?content_selector=gold-platinum-searchable-database [Exhibit 37 to the Lewis Declaration filed on May 20, 2013] | Duplicative of Ex. 336 | |
| 349 | Database results generated at http://riaa.com/goldandplatinumdata.php?content_selector=gold-platinum-searchable-database [Exhibit 38 to the Lewis Declaration filed on May 20, 2013] | | |
| 350 | Cover and liner notes from CD released by EMI Music Arabia titled "Ayam We Layali/ Fata Ahlami" [Exhibit 4 to the Ancliff Declaration filed on February 27, 2015] | Best Evidence Rule Authentication | |
| 351 | Correspondence dated May 15, 2001 sent by Ahmed Fahmy to Christopher Ancliff and to EMI Music Arabia (EMA 0008) [Exhibit 7 to the Ancliff Declaration filed on February 27, 2015] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 352 | Correspondence from EMI Music Arabia to Alam el Phan dated May 17, 2001 (EMA 0009) [Exhibit 8 to the Ancliff Declaration filed on February 27, 2015] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 353 | Correspondence from Alam el Phan to EMI Music Arabia dated May 23, 2001 (EMA 0010 - EMA 0011) [Exhibit 9 to the Ancliff Declaration filed on February 27, 2015] | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 354 | November 14, 2000 letter from Paul LiCalsi to Chris Ancliff and Michael C.A. Eaton (RP6-0055-56) | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 355 | November 17, 2000 from Michael Elkin to Paul LiCalsi (RP6-0059-60) | Hearsay Relevance Rule 403 Lacks Foundation Authentication | |
| 356 | Letter dated July 5, 2001 from H. Joseph Mello to Christopher Bavitz re: settlement agreement (RP6-0329) | Hearsay Relevance Rule 403 Lacks Foundation Authentication | Relevance Rule 403 |
| 357 | "Hits Collection" promotional materials (DEFS 2754-2756) | | |
| 358 | Printouts from Copyright Office database regarding registrations of Big Pimpin'/Papercut, Collision Course CD/DVD (DEFS 2757-2762) | Best Evidence Rule Hearsay Relevance Rule 403 | |
| 359 | Printouts from Copyright Office database regarding Fade to Black motion picture (DEFS 2762-2764) | Best Evidence Rule Hearsay Relevance Rule 403 | |
| 360 | MTV promotional spots (DVD) (DEFS 2569) | | |
| 361 | "The Hits Collection, Vol. 1" CD (shrinkwrapped with stickers) (DEFS 2775) | | |
| 362 | Collision Course sticker (two sides) (DEFS 2776) | | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 363 | EMI Music Arabia CD - The Movie Collection, "Ayam We Layali/ Fata Ahlami" (DEFS 2837) | | Relevance<br>Rule 403<br>Authentication<br>Foundation<br>Hearsay<br><u>See</u> Defendants' MIL No. 3 |
| 364 | Liner notes, Hossam Ramzy, "Best of Abdul Halim Hafiz" (DEFS 2838-2846) | | |
| 365 | Website printouts from Sounddogs.com, SamAsh.com, Producerloops.com (DEFS 2847-2871) | Hearsay<br>Authentication<br>Relevance<br>Rule 403 | |
| 366 | License agreement dated November 1, 2004 between Warner Bros. Records Inc. and ARC Records Incorporated (DEFS 2872-2875) | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 367 | Letter dated August 17, 2000 from Dag Sandsmark to Jennifer Justice, enclosing EMI Music Arabia CD  (DEFS 2883-2884) | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 368 | Fax dated October 8, 2004 from Jennifer Justice to Chip McLean re Jay-Z/Big Pimpin (DEFS 2885-2892) | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 369 | Copyright Registration Certificate SR 362-314, "MTV Ultimate Mash-Ups Presents Jay-Z/Linkin Park Collision Course" (DEFS 2895-2896) | Best Evidence Rule<br>Hearsay<br>Relevance<br>Rule 403 | |
| 370 | Sample license agreements (DEFS 2931-3050; DEFS 3071-3159) | Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |
| 371 | E-mails between Antoinette Trotman (Universal Music) and Chip McLean (Warner Bros. Records) dated September 23, 2004 to October 26, 2004 (DEFS 3051-3070) | Hearsay<br>Relevance<br>Rule 403<br>Lacks Foundation<br>Authentication | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 372 | Fade to Black production agreement dated January 1, 2004 | | |
| 373 | Warner financial backup materials (W 0008-0009; W 0010-0738; W 0739-0752; W 0753-0756; W 0757-0901; W 0903-0904; W 0905-1801; W 1802-4571; W 4572-4626; W 4627-4629; W 4630-4632; W 4633; W 4634-4635; W 4636-5476; W 5477-5934) | FRCP 26/37 – starting at W0905 Lacks Foundation Hearsay | |
| 374 | UMG financial back-up materials (U 0569-0932) | Lacks Foundation Hearsay | |
| 375 | UMG Distribution financial back-up materials (U 0933-1086) | | |
| 376 | Paramount financial back-up materials (PAR 0038-0045) | FRCP 26/37 | |
| 377 | Tim Mosley financial back-up materials (TM 0025-26; 0004-0023; TM 0024) | FRCP 26/37 | |
| 378 | Linkin Park financial back-up materials (LP 0001-10; W 4633) | FRCP 26/37 – W4633 | |
| 379 | "Unplugged," *Billboard,* January 12, 2002 | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 380 | "Jay-Z, Linkin Park 'Mash-Up' Tops Album Chart," *Billboard* (December 8, 2004) | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 381 | "Meteora (2003)," *Entertainment Weekly* (March 28, 2003) | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 382 | "Jay Z," Grammy.com, available at http://www.grammy.com/artist/jay-z | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 383 | "Excursion with a Park Ranger," *Los Angeles Times* (April 4, 2005), available at http://articles.latimes.com/print/2005/apr/24/entertainment/ca-popeye24 | FRCP 26/37 Hearsay Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 384 | "Readers' Poll: The Best Linkin Park Songs," *Rolling Stone* (July 4, 2012), available at http://www.rollingstone.com/music/pictures/readers-poll-the-best-linkin-park-songs-20120704 | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 385 | "The Greatest MCs of All Time," mtv.com, available at http://www.mtv.com/bands/h/hip_hop_week/2006/emcees/ | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 386 | Andy Kellman, Review of Jay Z "The Hits Collection, Vol. 1," AllMusic.Com. | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 387 | Mohammad Maraghah, "The Future of the Independent Egyptian Music in the Digital Era" (University of Agder Master's Thesis, 2013) | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 388 | Carter Concert Promotional Materials (SCC000064-67, 71-72, 76-131) | | |
| 389 | Live Nation Concert Revenues and Costs (SCC000521) | | Relevance Foundation |
| 390 | Pre-Live Nation Concert Revenues and Costs (SCC000314-363) | | Relevance Foundation |
| 391 | Domestic Earnings History – Gross Royalties (SCC000520) | | Relevance Foundation |
| 392 | Merchandise Revenue Reports (SCC000210-313)* | | Relevance Foundation |
| 393 | BMI Repertoire Print-Out | FRCP 26/37 Hearsay Relevance Rule 403 | |
| 394 | Excerpt of Deposition Testimony of David A. Braun in Nafal v. Carter (DEFS 2469, 2479-2480, 2550, 2600) [Exhibit 2 to the Lewis Declaration filed on February 27, 2015] | Relevance Rule 403 | |

| Ex. No. | Description | Plaintiff's Objections | Defendants' Objections |
|---|---|---|---|
| 395 | BMI Music Performance Agreement Facilities – 10,000 and more seats | FRCP 26/37 Hearsay Relevance Rule 403 Lacks Foundation | |
| 396 | BMI Music License for Venue – with less than 10,000 seats | FRCP 26/37 Hearsay Relevance Rule 403 Lacks Foundation | |
| 397 | Web page displaying BMI Agreements with Foreign Performing Rights Organizations, dated August 6, 2015 | FRCP 26/37 Hearsay Relevance Rule 403 Lacks Foundation | |
| 398 | December 9, 2004 Amendment to Amended and Restated Agreement Between Roc-A-Fella Records, LLC and Shawn Carter p/k/a Jay Z (SCC00527-537) | FRCP 26/37 Hearsay Relevance Rule 403 Lacks Foundation | |
| 399 | January 1, 2004 Agreement Between Leroy & Morton Productions, Inc., Marcy Projects Productions II, Inc. and Roc-A-Fella Records, LLC (SCC00538-SCC00541) | FRCP 26/37 Hearsay Relevance Rule 403 Lacks Foundation | |

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3   At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My

4 business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

5   On September 4, 2015, I served true copies of the following document(s) described as **[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER** on

6 the interested parties in this action as follows:

7 ### SEE ATTACHED SERVICE LIST

8   **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.

9 Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will

10 be served by mail or by other means permitted by the court rules.

11   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

12 of a member of the bar of this Court at whose direction the service was made.

13   Executed on September 4, 2015, at Los Angeles, California.

14

15                                        /s/
                                        _____
16                                        Tamara L. Kawashima

17

18

19

20

21

22

23

24

25

26

27

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

# SERVICE LIST

## *Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

### United States District Court, Western Division – Case No. 2:07-CV-05715 CAS (PJWx)

| | |
|---|---|
| Linda M. Burrow<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.:   (213)629-9040<br>Fax:   (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Andrew Bart, Esq.<br>Ava U. McAlpin, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212.891.1600<br>Fax: 212.891-1699<br>Email:        abart@jenner.com<br>            amcalpin@jenner.com | Lead Counsel for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Daniel A. Rozansky<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Tel.: (213) 239-5100<br>Fax: (213) 239-5199<br>drozansky@jenner.com | |

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER

1  Russell J. Frackman, Esq.
   David Steinberg, Esq.
2  Alexa L. Lewis, Esq.
   MITCHELL SILBERBERG & KNUPP LLP
3  11377 West Olympic Boulevard
   Los Angeles, California 90064-1683
4  Tel.:   310.312.2000
   Fax:   310.312.3100
5  Email:  rjf@msk.com
           all@msk.com
6          das@msk.com

7  Christine T. Lepera (Pro Hac Vice)
   MITCHELL SILBERBERG & KNUPP LLP
8  12 East 49th Street, 30th Floor
   New York, NY 10017
9  Tel.: 212.509-3900
   Fax: 212.5097239
10 Email: ctl@msk.com

Attorneys for Defendants Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

52.4

PROPOSED PRE-TRIAL CONFERENCE ORDER