1  RUSSELL J. FRACKMAN (SBN 49087)
      rjf@msk.com
2  DAVID A. STEINBERG (SNB 130593)
      das@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, California 90064-1683
   Telephone:  (310) 312-2000
5  Facsimile:   (310) 312-3100

6  CHRISTINE T. LEPERA (CL 9311)
      ctl@msk.com
7  MITCHELL SILBERBERG & KNUPP LLP
   12 East 49th Street, 30th Floor
8  New York, NY 10017
   Telephone:  (212) 509-3900
9  Facsimile:   (212) 509-7239

10 Attorneys for Defendants

11           UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  Osama Ahmed Fahmy, | Case No. CV 07-05715 CAS (PJWx) |
| 14           Plaintiff, | The Honorable Christina A. Snyder |
| 15       v. | **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER PERMITTING TAHEMTAN DHAMODIWALA TO TESTIFY REMOTELY AT TRIAL FROM DUBAI, UNITED ARAB EMIRATES** |
| 16  Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc., | |
| | Trial:           October 13, 2015 |
| 26           Defendants. | |

# *EX PARTE* APPLICATION

PLEASE TAKE NOTICE that Defendants will and do hereby apply to the Court *ex parte* for an Order allowing Tahemtan Dhamodiwala to testify remotely at trial via live videoconference from Dubai, United Arab Emirates.

This Application is based upon this *Ex Parte* Application, the attached Memorandum of Points and Authorities, the Declaration of David A. Steinberg ("Steinberg Decl."), the Declaration of Tahemtan Dhamodiwala ("Dhamodiwala Decl."), and such other and further oral or documentary evidence and legal memoranda as may be presented at or before any hearing on this Application.

Defendants have given notice of this Application to Plaintiff Osama Fahmy, through his counsel. *See* Steinberg Decl., ¶ 5. Plaintiff has stated that he intends to oppose the *Ex Parte* Application. *Id.*

Dated:  September 28, 2015          MITCHELL SILBERBERG & KNUPP LLP


                                    By: /s/David A. Steinberg
                                        David A. Steinberg
                                        Attorneys for Defendants

**Preliminary Statement**

Pursuant to Federal Rule of Civil Procedure 43(a), Defendants respectfully submit this application for an order permitting Tahemtan Dhamodiwala, a resident of Dubai, United Arab Emirates, to testify remotely at trial via live videoconference. His testimony will be limited to providing context for and authenticating a few business records produced during discovery in this case. Good cause exists for the relief sought.

**Summary of Relevant Facts**

Trial in this case is set for October 13, 2015. Defendants were informed that one of their witnesses, Tahemtan Dhamodiwala, will not be able to testify in person in Los Angeles at trial. *See* Dhamodiwala Decl., ¶ 4; Steinberg Decl., ¶ 2. Mr. Dhamodiwala currently resides in Dubai, United Arab Emirates. Dhamodiwala Decl., ¶ 4; Steinberg Decl., ¶ 2. He has never been to Los Angeles or anywhere else in the United States. Dhamodiwala Decl., ¶ 4.

Mr. Dhamodiwala is the Chief Financial Officer of non-party Universal Music MENA (Middle East and North Africa region), which took over the operations of EMI Music Arabia FZE ("EMI Music Arabia") in or about November 2013. Dhamodiwala Decl., ¶ 1. Formerly, he was Finance Director for EMI Music Arabia from June 2009 through September 2013, and began employment at EMI Music Arabia as an accountant in January 2003. *Id.*, ¶ 2; Steinberg Decl., ¶ 2. As part of his position, Mr. Dhamodiwala is familiar with the books and records of EMI Music Arabia as they were kept in the ordinary course of business. Dhamodiwala Decl., ¶ 2.

Due to his responsibilities as Chief Financial Officer of Universal Music MENA, Mr. Dhamodiwala cannot travel to Los Angeles to testify at trial. Dhamodiwala Decl., ¶ 4; Steinberg Decl., ¶ 2. During the period between October

12 and October 23, Universal Music MENA will be conducting its annual budget review sessions in Dubai. These review sessions were scheduled well in advance and involve local financial teams as well as the heads of each business team. There will be over a dozen people involved in these sessions and the budget review sessions cannot be rescheduled. As Chief Financial Officer, Mr. Dhamodiwala cannot miss annual budget review sessions. Dhamodiwala Decl., ¶ 4; Steinberg Decl., ¶ 2.[1]

On February 26, 2015, Mr. Dhamodiwala submitted a declaration to the court in support of Defendants' Joint Opposition to Plaintiff's Partial Motion for Summary Judgment. *See* Dhamodiwala Decl., ¶ 3, Ex. 1; Steinberg Decl., ¶ 3. In that declaration, he attached certain business records of EMI Music Arabia, and provided some brief context for these documents. At the time, Plaintiff did not object to Mr. Dhamodiwala's declaration. Steinberg Decl., ¶ 3.

Mr. Dhamodiwala is also listed on Defendant's trial witness list. Plaintiff filed a motion *in limine* seeking to exclude him as a witness, but on September 24, 2015, this Court denied Plaintiff's motion:

> Witness Dhamodiwala merely intends to testify to authenticate various books and records obtained from non-party EMI Arabia. Opp. to Pl.'s Mot. in Lim. No. 5, at 4. Dhamodiwala has previously authenticated similar documents in connection with plaintiff's February 2, 2015 motion for summary judgment. *Id*. Furthermore, other than that Dhamodiwala was not timely disclosed, plaintiff has not identified a particular reason why he will suffer prejudice if this witness is permitted to

---

[1] Mr. Dhamodiwala is available to testify on either October 16 or October 20. This will not interfere with the budget review sessions because testimony will be given at night in Dubai. Dhamodiwala Decl., ¶ 5.

authenticate EMI Arabia documents. *See* Pl.'s Mot. in Lim. No. 5, at 1. Accordingly, plaintiff's motion to exclude Dhamodiwala is DENIED.

Order on Pretrial Pleadings, Docket No. 626, p. 14.

At trial, Defendants intend to ask Mr. Dhamodiwala to again authenticate certain EMI Music Arabia business records produced in this case and to provide limited context concerning these documents. Steinberg Decl., ¶ 3. Since Mr. Dhamodiwala cannot travel to Los Angeles during trial, the only way that he can provide this testimony at trial is by live videoconference.

As the Court may recall, on March 10, 2015, the Court held a status conference to determine whether the initial May 12, 2015 trial date should be continued. The Court gave October 13, 2015 as a potential new trial date. Steinberg Decl., ¶ 4. In response, Defendants expressed concerns that some foreign witnesses might not be available to testify in person for the new proposed trial date. *Id.* The Court stated that the issue of remote testimony would only be decided at a time after the parties met and conferred, if and when it became certain that remote testimony would be necessary. *Id.*

Counsel for Plaintiff and Defendants met and conferred on this issue on Thursday, September 24, 2015. Steinberg Decl., ¶ 5. Defendants offered to forgo Mr. Dhamodiwala's live testimony if Plaintiff would agree that the exhibits in question are in fact EMI Music Arabia's business records and allow Defendants' counsel to read his authenticating declaration to the jury. *Id.* Plaintiff declined, offering no explanation of any prejudice resulting from Mr. Dhamodiwala's remote testimony. *Id.* Defendants were thus forced to file the instant *Ex Parte* Application.

Mitchell Silberberg & Knupp LLP

3

**DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR AN ORDER PERMITTING TAHEMTAN DHAMODIWALA TO TESTIFY REMOTELY AT TRIAL**

## Argument

### I. *EX PARTE* RELIEF IS WARRANTED.

*Ex parte* relief is proper where: (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures, and (2) where the moving party is without fault in creating the situation necessitating *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488, 492 (C.D. Cal. 1995).

With regard to the first factor, trial is two weeks away and Defendants will be unable to properly prepare for trial without knowing whether Mr. Dhamodiwala will be permitted to testify remotely. Clearly, time is of the essence. With regard to the second factor, *ex parte* relief has not been necessitated by any lack of diligence or misconduct of Defendants. This Court specifically instructed the parties that the issue of remote testimony would only be decided at a time after the parties met and conferred, if and when the parties could not agree and it became certain that remote testimony would be necessary. The parties have now met and conferred and relief is necessary.

Accordingly, Defendants now bring this Application requesting that this Court permit Mr. Dhamodiwala to testify remotely at trial via live videoconference from Dubai.

### II. GOOD CAUSE EXISTS TO PERMIT REMOTE TESTIMONY.

Federal Rule of Civil Procedure 43(a) provides that although a witness's testimony must be taken in open court, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

Good cause exists to permit Mr. Dhamodiwala to testify at trial via live videoconference. As Chief Financial Officer of Universal Music MENA, Mr.

1  Dhamodiwala must be in Dubai during the period between October 12 and October
2  23, when Universal Music MENA will be conducting its annual budget review
3  sessions.  The budget review was scheduled well in advance and cannot be
4  rescheduled.  There will be over a dozen people involved in these sessions,
5  including local financial teams and the heads of each business team.  As Chief
6  Financial Officer, Mr. Dhamodiwala cannot miss annual budget review sessions.
7  *See* Dhamodiwala Decl., ¶ 4.

       Even if Mr. Dhamodiwala were available, the burden of international travel would justify the use of remote testimony for such a limited purpose.  *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) ("The cost of international travel can provide good cause for contemporaneous transmission of testimony."); *Dagen v. CFC Grp. Holdings Ltd.*, 2003 U.S. Dist. LEXIS 20029, at *4 (S.D.N.Y. Nov. 7, 2003) (international witnesses allowed to testify telephonically due to "international travel considerations, legitimate business concerns and cost" associated with in person testimony); *Virtual Architecture, Ltd. v. Rick*, 2012 U.S. Dist. LEXIS 15118, at *4-5 (S.D.N.Y. Feb. 7, 2012) (similar).

       Travel cost and inconvenience alone justifies the use of remote live testimony even when the witnesses are located within the United States.  *See, e.g., Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000) (affirming use of telephonic testimony for hearing in California where witness was in Missouri); *Scott Timber, Inc. v. U.S.*, 93 Fed. Cl. 498, 500 (2010) (approving use of videoconferencing at trial where "[t]he significant geographical distance between Oregon and Washington, D.C.[] represent[ed] a 'compelling circumstance' justifying the use of contemporaneous transmission."); *Fed. Trade Comm'n v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D. D.C. 2000) (finding good cause for allowing videoconference testimony where witness was in Oklahoma and hearing was in Washington, D.C.).  In order to authenticate the EMI Music Arabia

1  business records at trial, Mr. Dhamodiwala would have to travel across the world,
2  much further than any domestic witness.
3        Plaintiff will not be prejudiced by Mr. Dhamodiwala's remote testimony.
4  Plaintiff has had adequate notice that Mr. Dhamodiwala would likely be called by
5  Defendants to testify at trial.  Mr. Dhamodiwala is listed on Defendants' trial
6  witness list.  Moreover, on February 26, 2015, Mr. Dhamodiwala submitted a
7  declaration to the court in support of Defendants' Joint Opposition to Plaintiff's
8  Partial Motion for Summary Judgment.  In that declaration, he attached certain
9  business records of EMI Music Arabia, and provided some brief context for these
10 documents.  At the time, Plaintiff did not object to the declaration.
11       At trial, Mr. Dhamodiwala's testimony will be limited to authenticating
12 certain documents produced by EMI Music Arabia in this case and providing
13 context concerning these documents.  And as this Court has previously concluded,
14 there can be no harm to Plaintiff in allowing Mr. Dhamodiwala to testify for this
15 limited purpose when Plaintiff has had clear notice of both Defendants' intention
16 to call him as a witness and of his proffered testimony.  *See Swedish Match*, 197
17 F.R.D. at 1 ("That the plaintiffs now seek to present Mr. Cross via live video feed
18 does not prejudice the defendants because the defendants had ample notice of Mr.
19 Cross's appearance pursuant to plaintiff's witness list.").  All exhibits pertaining to
20 Mr. Dhamodiwala will be provided to him in advance of his examination.
21 Steinberg Decl., ¶ 7.  Should Plaintiff choose to do so, he can also identify
22 additional exhibits for cross-examination and provide these exhibits to Mr.
23 Dhamodiwala in advance of his video testimony.  *Id.*
24       Plaintiff additionally cannot claim prejudice because, like every other
25 witness who will testify at trial, Mr. Dhamodiwala will testify live, under oath, and
26 will be subject to direct, cross, and redirect examination.  *Lopez v. NTI, LLC*, 748
27 F. Supp. 2d at 480; *Adam v. Carvalho*, 138 Fed. App'x 7, 8 (9th Cir. 2005)
28

("Because Poorman was a sworn, out-of-state witness, and his testimony was subject to cross-examination, the videoconference complied with the requirements of Federal Rule of Civil Procedure 43(a)."); *Beltran-Tirado*, 213 F.3d at 1186 (remote testimony was "fair" where party had an adequate opportunity to cross-examine the witness).

Defendants will make all necessary arrangements for IT support during trial to ensure that the video conference begins on time, the transmission is as clear as possible, and that the jurors can see and hear the witness and vice versa. Steinberg Decl., ¶ 6. Even though Mr. Dhamodiwala will not be testifying in person, to the extent necessary, the jury will still be able to "observe [his] demeanor and evaluate his credibility in the same manner as traditional live testimony." *Lopez*, 748 F. Supp. 2d at 480; *Swedish Match*, 197 F.R.D. at 2 ("To prefer live testimony over testimony by contemporaneous video transmission is to prefer irrationally one means of securing the witness's testimony which is exactly equal to the other."); *Virtual Architecture*, 2012 U.S. Dist. LEXIS 15118, at *7 ("appropriate safeguards" requirement of Rule 43(a) satisfied where "the technology enabled the witness to observe and comprehend 'the very ceremony of trial and the presence of the factfinder'" and "the jury was presented with a close approximation of in person testimony") (internal citation omitted). Because "there is no practical difference between live testimony and contemporaneous video transmission," it follows that Mr. Dhamodiwala should be permitted to testify via live video feed. *Swedish Match*, 197 F.R.D. at 2.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this *Ex Parte* Application be granted.

Dated: September 28, 2015                MITCHELL SILBERBERG & KNUPP LLP

                                         By: /s/David A. Steinberg
                                             David A. Steinberg
                                             Attorneys for Defendants