DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (CL 9311)
  ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants
Other than Shawn Carter (p/k/a Jay-Z)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>            Plaintiff,<br><br>    v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>            Defendants. | Case No. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SUBMIT SUPPLEMENTAL MATERIALS TO THE EXPERT REPORT OF SCOTT MARCUS**<br><br>*[Declaration of David A. Steinberg Filed Concurrently Herewith]*<br><br>Action<br>Commenced: August 31, 2007<br>Trial:         October 13, 2015 |

Mitchell
Silberberg &
Knupp LLP

7129824.3

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

## I. INTRODUCTION

The Court held in its September 25, 2015 Order (hereafter, the "Order") that Plaintiff may not introduce expert musicologist testimony at trial regarding alleged similarities between *Khosara, Khosara* ("*Khosara*") and *Big Pimpin'* to the extent that testimony "relies on … sound recordings" of *Khosara*, as opposed to the "lead sheet" for *Khosara*. Order at 36. The Court further held: "**To the extent**, based on this ruling, **it is necessary** for plaintiff to supplement" his expert musicologist reports, "plaintiff may request additional time to do so ….." *Id.* (emphasis added).

In his *ex parte* motion, Plaintiff now requests permission to "supplement" the report of his expert musicologist Dr. Scott Marcus ("Marcus"). However, Plaintiff has failed to explain exactly what this "supplementation" would contain, let alone establish why it is **necessary**.[1] This is not surprising, given that Plaintiff's other expert musicologist, Judith Finell ("Finell"), has already proffered extensive opinions regarding alleged similarities between the "lead sheet" for *Khosara* and *Big Pimpin'*.[2] Thus, any "supplementation" of Marcus's report inevitably would be improperly cumulative of Finell's opinions, or otherwise improper.[3]

---

[1] After Plaintiff's counsel announced their intent to file this *ex parte* motion, Defendants asked them to provide a copy of Dr. Marcus's proposed supplemental opinion, so that Defendants could assess it. Because Plaintiff's counsel refused to comply with this request, and still have not explained why any supplementation is necessary, Defendants are not "ambivalent" about Plaintiff's *ex parte* motion (as Plaintiff incorrectly claims), but instead are actively opposing the motion for all of the reasons set forth herein.

[2] Pointedly, Plaintiff does not seek to "supplement" Ms. Finell's opinions.

[3] As explained in more detail below, in late September 2015, Plaintiff belatedly produced to Defendants – without any explanation or justification – various unauthenticated hearsay materials, which include (but are not limited to) additional sheet music for *Khosara*. Defendants suspect that Marcus' proposed "supplemental" report would make use of these materials. Because these materials should have been produced to Defendants in discovery years ago, Plaintiff should be precluded from making any use of them at trial, whether in a "supplemental" report from Marcus, or otherwise.

The trial of this action is only two (2) weeks away. Defendants' counsel should not be distracted from their last few days of trial preparation with analyzing new opinions from Marcus, deposing Marcus again, and potentially moving to preclude his new opinions[4], when Plaintiff has failed to establish that it is necessary to supplement Marcus's report in the first instance. For these reasons, and those set forth below, Plaintiff's *ex parte* motion should be denied.[5]

## II. ARGUMENT

### A. Plaintiff Has Failed to Establish that Supplementation of the Marcus Report Is Necessary

As explained above, this Court has made clear that Marcus's opinions only should be supplemented at this late date to the extent it is "necessary" to do so. Order at 36. Plaintiff has failed to provide a single reasons why supplementation is necessary. Moreover, it is clear that supplementation would be entirely improper for the reasons set forth below.

#### 1. Any Opinion By Marcus Regarding Alleged Similarities Between the Lead Sheet and *Big Pimpin'* Would Be Improperly Cumulative of Its Other Expert Finell's Opinions on That Identical Subject

As the Ninth Circuit has held, and as this Court recognized at the pre-trial conference, "[a] district court may exclude relevant, but cumulative evidence, because of 'considerations of undue delay, waste of time, or needless presentation.'" *Davis v. Mason County,* 927 F.2d 1473, 1484 (9th Cir. 1991) (quoting Fed. R. Evid. 403). *Accord*, *United States v. Humphries*, 539 Fed. Appx.

---

[4] Plaintiff concedes that, to the extent Marcus is allowed to supplement his opinions, Defendants are entitled to move to preclude them thereafter. Pl. Br. at 3.

[5] Plaintiff argues in his *ex parte* motion that his purported "need to supplement Dr. Marcus' report does not arise through lack of diligence." Pl. Br. at 3. This is incorrect. Plaintiff has long been on notice of Defendants' position that the sound recordings of *Khosara* do not reflect the Plaintiff's alleged composition copyright in *Khosara*. Presumably, it was for this very reason that Plaintiff's other expert musicologist Finell previously proffered an extensive musicological comparison between the *Khosara* lead sheet and *Big Pimpin'*.

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**

782, 783 (9th Cir. 2013). Pursuant to this standard, any testimony from Marcus regarding alleged similarities between the *Khosara* lead sheet and *Big Pimpin'* would be improperly cumulative of the extensive opinions which Finell has already proffered on that identical subject.[6] Specifically, Finell's Rebuttal Report dated April 28, 2015 in this action contains extensive analysis of the lead sheet, and comparisons of the musical expression in the lead sheet to that in *Big Pimpin'*. *See, e.g.,* Finell Rebuttal Report at ¶ 2 ("… we have reviewed the lead sheet for purposes of this report, and have made comparisons to both 'Big Pimpin'' and 'BP/Papercut' …..").[7] *See also id.* at ¶¶ 13, 38(b), 40, 41(b), 42, 43, 44, 45(c), 45(d), 52, 53(b), 58. Thereafter, at her July 30, 2015 deposition, Finell provided further elaboration on these opinions. (*See, e.g.,* Finell Dep., 170:3-185:2; 190:7-13; 214:3-223:1.)[8]

For this reason, Plaintiff's *ex parte* motion should be denied. *See Davis*, 927 F.2d at 1484 (affirming decision of district court, which refused to allow two experts to testify on the "same topic," even though the experts may have had different "expertise and experience …."). Indeed, it is especially important that the Court exclude cumulative testimony from this particular trial, given the substantial number of complex issues to be tried, and the limited amount of trial time.

> **2.  Marcus Apparently Seeks to Provide Improper Testimony Regarding Plaintiff's Untimely Production of Hearsay Documents Which Are Barred from Use under Rule 37(c)**

On September 18 and 21, 2015 – well over ten months after the fact discovery cutoff in this action – Plaintiff's counsel sent Defendants an untimely document production consisting of the following unauthenticated hearsay

---

[6] Given the extensive nature of her opinions on the subject, we assume that Finell is Plaintiff's principal expert witness regarding alleged similarities between *Khosara* and *Big Pimpin'*.

[7] The Finell Rebuttal Report is attached as Exhibit A to the Declaration of David A. Steinberg filed concurrently herewith ("Steinberg Declaration").

[8] The pertinent pages from the transcript of the deposition of Ms. Finell, taken on July 30, 2015, are attached as Exhibit B to the Steinberg Declaration.

materials: (1) photographs (which appear to be of Baligh Hamdy and Abdul Halim Hafiz, among others); (2) pages of Arabic text and sheet music which appear to be excerpts from a book (which Defendants do not possess) entitled "Collection Des Chants de Abdl Halim Hafez [*sic*] (vol. III.)"[9]; and (3) documents which appear to be screenshots (and which are largely in Arabic) from the "Discogs" website. Plaintiff has not provided Defendants with any explanation of what these materials are, how they were obtained, or why they were produced in such an untimely fashion. Steinberg Declaration, ¶ 4. Clearly, any use of these materials at trial is barred by the untimely date of their production. *See* Fed. R. Civ. P. 37(c). Moreover, none of these materials are set forth on the parties' joint exhibit list.

Nonetheless, it appears that Plaintiff seeks for Marcus to reference and rely upon these materials in his proposed supplemental report. This would also be wholly improper. It is well established that an expert may not rely upon materials which were not produced in a timely fashion and are precluded under Rule 37(c). *See, e.g., Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230-31 (7th Cir. 1996) (undisclosed charts prepared by expert to rebut opposing expert properly excluded); *U.S. v. 14.3 Acres of Land*, 2009 U.S. Dist. LEXIS 7148, at *26-34 (S.D. Cal. Jan. 30, 2009) (court struck untimely supplemental report and related testimony where party had known about the documents on which supplemental report was based for months and supplement was submitted just before final pretrial conference); *United Phosphorus v. Midland Fumigant*, 173 F.R.D. 675, 677-78 (D. Kan. 1997) (undisclosed exhibits excluded from expert report).[10]

---

[9] One of the pages of sheet music appears to contain a version of *Khosara*. However, there are substantial differences between this page and the "lead sheet" which was previously produced to Defendants and filed with the Court. These include, but are not limited to, differences in pitch centers, meters, rhythmic durations, and metrical placements.

[10] It would similarly be improper for Marcus to attempt to proffer any opinions at this late date regarding the alleged value of a license for *Khosara*. (The reports which Marcus has served to date do not contain any opinions expressly addressing this issue.) Plaintiff has consistently contended that this is a purportedly relevant

Plaintiff's *ex parte* motion should be denied for this reason, as well.

### B. If The Court Allows Plaintiff to Supplement Marcus's Report, It Should Place Restrictions upon That Supplementation

For the reasons set forth above, there is no basis to allow Marcus to supplement his opinion. However, given that trial is imminent, if the Court does allow a supplementation by Marcus, it should impose the following restrictions and conditions in order to minimize the burden to Defendants and the probability of further motion practice regarding this issue. *First,* the Court should order, for the reasons set forth above, that any supplemental report by Marcus may not be cumulative of Finell's opinions. *Second,* the Court should also order that any supplemental report by Marcus may not refer to or rely upon materials which were not exchanged during the fact discovery period. *Third,* in order to minimize burden upon Defendants, the Court should order that Marcus be made available for deposition during the week of October 5, 2015, in the offices of Defendants' counsel at a date and time that is convenient for them. *Finally*, in the interest of fairness, the Court should hold that Defendants' expert musicologist Dr. Lawrence Ferrara may address and respond at trial to any new "supplemental" opinions by Marcus.

### III.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's *ex parte* motion.

DATED: September 28, 2015
        MITCHELL SILBERBERG & KNUPP LLP

By:/s/David A. Steinberg
Christine Lepera
Russell J. Frackman
David A. Steinberg
Attorneys for Various Defendants

issue for trial, and had the opportunity to timely submit expert opinions regarding this issue, but chose not to do so.