CHRISTINE LEPERA (Pro Hac Vice)
  ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANDREW H. BART (Pro Hac Vice)
  abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
  drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Counsel for Defendants – Continued after signatures

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, | CASE NO. CV 07-05715 CAS (PJWx) |
| Plaintiff, | The Honorable Christina A. Snyder |
| v. | |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Ferrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Network Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music, Inc., | **DEFENDANTS' TRIAL BRIEF REGARDING DETERMINATION OF ANY AWARD OF PROFITS BY THE COURT**<br><br>Pre-Trial Conf.: September 16, 2015<br>Trial: October 13, 2015 |
| Defendants. | |

In the parties' [Proposed] Final Pre-Trial Conference Order, Defendants identified certain issues that "require determination by the Court…." Dkt. No. 609-1, at 21:17-19. Among those were multiple related issues relating to whether Plaintiff had satisfied his burden of proving that there is a non-speculative, causal nexus between the alleged infringement by each defendant and the various categories of net profits earned purportedly as a result of their alleged infringement, and the amount, if any, of such net profits attributable to the alleged infringement. Id. at 22:17-23:26. At the Final Pre-Trial Conference, the Court ordered the parties to brief the Court's role in determining these profits-related issues. For the reasons stated herein, pursuant to the Supreme Court's decision in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014), and recent Ninth Circuit authority, the Court, not the jury, should determine the amount of profits, if any, to be awarded pursuant to 17 U.S.C. § 504(b).

## I.   Petrella Decided That the Profits Remedy is Equitable

In Petrella, the Supreme Court directly addressed for the first time whether an award of part of an infringer's profits constitutes equitable or legal relief. While recognizing that "recovery of profits is not easily characterized as legal or equitable," the Supreme Court held that the profit recovery remedy under the Copyright Act is "equitable." 134 S. Ct. at 1967 n.1 (quotation marks and citations omitted).[1] "That disposition places recovery of defendant's profits squarely on the equitable side of the ledger." 3 M. & D. Nimmer, NIMMER ON COPYRIGHT § 12.06[B][3][d][i], at 12-160.4(43).

---

[1] The Supreme Court had previously alluded to this, but never so held directly. See Feltner v. Columbia Pictures Telev., Inc., 523 U.S. 340, 352 (1998) (describing "monetary relief that we have characterized as equitable, such as actions for disgorgement of improper profits"); Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 402 (1940) (describing the "exercise of the equity jurisdiction upon an accounting to determine the profits 'which the infringer shall have made from such infringement'"); id. at 399 ("recovery [of profits] had been allowed in equity both in copyright and patent cases as appropriate equitable relief incident to a decree for an injunction").

## II. After Petrella, the Ninth Circuit Decided That There is *No* Seventh Amendment Right to a Jury Trial on Profits

In Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc., 778 F.3d 1059 (9th Cir. 2015), a jury found that the defendants had infringed plaintiffs' trademark. "Over Plaintiffs' objection, the trial judge [rather than the jury] calculated [defendants'] net profits…. Plaintiffs claim[ed] that this procedure violated their Seventh Amendment right to a jury trial, because the Seventh Amendment necessitates a jury calculation of profits to be disgorged." Id. at 1074.

In a decision issued this year (after Petrella), the Ninth Circuit disagreed, holding that "[a] claim for disgorgement of profits under [the Lanham Act] is equitable, not legal." Id. at 1075. "Moreover, even if the claim were legal, the specific issue of profit determination cannot be said to be traditionally tried to a jury." Id. Thus, the Ninth Circuit held that there is no Seventh Amendment right to a jury trial on the amount of the infringing defendant's profits to be awarded to a trademark plaintiff. Id. at 1075-76. The court distinguished the legal issue addressed in the Supreme Court's decision in Dairy Queen, 369 U.S. 469 (1962):[2]

> Contrary to Plaintiffs' argument, Dairy Queen, Inc. v. Wood, [cite], does not broadly hold that a Lanham Act claim for disgorgement of profits is a legal claim. Rather, the Supreme Court characterizes the Dairy Queen claim as a legal claim for damages (not disgorgement of profits). See Feltner, 523 U.S. at 346.

Id. at 1075. Thus, after Fifty-Six Hope Road, there is *no* right to a jury trial in the Ninth Circuit on the amount of profits, if any, to be awarded from an infringer.

---

[2] In Dairy Queen, the Supreme Court had held that it was error to deny a request for a jury trial in a case seeking an accounting for profits in an action arising out of a license in which the defendant agreed to pay for the exclusive right to use a trademark. 369 U.S. at 476-79. The Court did not address the right to a jury to determine profits in an action alleging infringement.

### III. The Court, Not the Jury, Should Determine Any Award of Profits Here

This Court must follow <u>Fifty-Six Hope Road</u> and hold that the remedy of an award of profits under the Copyright Act is to be decided by the Court, not the jury. <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit, and 'are not to resolve splits between circuits no matter how egregiously in error they may feel their own circuit to be.'") (citations omitted). The remedy of an award of profits attributable to the infringement is substantively identical under the Lanham Act and under the Copyright Act. <u>Compare</u> 15 U.S.C. § 1117(a) <u>with</u> 17 U.S.C. § 504(b). Thus, there is no principled reason not to apply the holding of <u>Fifty-Six Hope Road</u> to this action, or to allow the jury to make the purely equitable decision regarding the amount of profits (if any) to be awarded to Plaintiff.

There is no Ninth Circuit authority to the contrary. Plaintiff is likely to rely on <u>Sid & Marty Krofft TV Prods. v. McDonald's Corp.</u>, 562 F.2d 1157 (9th Cir. 1977), but any such argument is unavailing for at least two reasons. First, the court in <u>Krofft</u> held that "the parties intended to withhold the issue of profits from the jury." <u>Id.</u> at 1173. "The district court therefore was in error in concluding that <u>Dairy Queen</u> compelled the jury to consider profits in this case." <u>Id.</u> at 1175. Since the court's holding was premised on the parties' intention to withhold the profits issue from the jury, the court's subsequent statements regarding the plaintiffs' purported "right" to a jury trial were mere dicta.[3] <u>See</u> <u>Cetacean Cmty. v. Bush</u>, 386 F.3d 1169, 1173 (9th Cir. 2004) (refusing to follow statements in prior opinion that were "nonbinding dicta"; "A statement is dictum when it is made during the course of delivering a judicial opinion, but . . . is unnecessary to the decision in the case

---

[3] In dicta, the court stated that the particular facts of the case amounted to "basically a money claim for damages" and, therefore, that "Plaintiffs in this case had a right to a jury trial." <u>Krofft</u>, 562 F.2d at 1174-75 (quotation marks and citation omitted). However, that dicta was limited, on its face, to the facts of "th[at] case" and, in any event, was not necessary to the court's decision, since the court held that the parties could, and did, waive any purported "right" to a jury trial on profits.

and [is] therefore not precedential.") (quotation marks and citations omitted, alterations in original); Ruff v. Sullivan, 907 F.2d 915, 918 (9th Cir. 1990) ("This panel is not bound by dicta from prior cases…."). In the 37 years since Krofft was decided, the Ninth Circuit has never followed its dicta to hold that an award of an infringer's profits must be made by a jury. To the contrary, in Fifty-Six Hope Road, the court held the exact *opposite*, without even addressing the Krofft dicta.

Second, even if Krofft had been binding authority, it was overruled on this issue by the Supreme Court's determination, for the first time, in Petrella, that profits are an equitable (not legal) remedy.[4]

## IV. At Minimum, the Court Should Determine Apportionment of Profits Attributable to the Infringement

Even assuming *arguendo* it were good authority as to profits generally (it is not), Krofft did not address the apportionment of profits attributable to the purported infringement. 562 F.2d at 1173-75. Thus, even if there were a right to a jury determination on the amount of gross revenue having a causal nexus to the infringement (there is no such right), at minimum, this Court should perform its equitable role in determining which portions, if any, of Defendants' profits are

---

[4] At least some courts that, prior to Petrella, had insisted on a jury decision regarding profits did so because the "profits" remedy at issue was not the disgorgement of profits relevant in this action but rather a calculation of profits as a "proxy" for the plaintiff's actual damages. See Black & Decker Corp. v. Positec USA Inc., 2015 U.S. Dist. LEXIS 102665, at *13-16 (N.D. Ill. Aug. 5, 2015) ("A second line of cases suggests that a jury right may exist depending on the theory of profits; where profits are a proxy for damages, a jury right exists, but where profits are premised on unjust enrichment, a jury right does not exist.") (citing, *inter alia*, Krofft). To the extent such "proxy" recovery could ever be proper in the first place (and Defendants do not concede that it is), Plaintiff has waived the right to seek legal damages calculated based on Defendants' profits. See Dkt. No. 582. Thus, "profits as proxy for damages" are not at issue here. Rather, Plaintiff seeks pure disgorgement of profits under Section 504(b), recovery clearly premised on an "unjust enrichment" theory. See Polar Bear Prods. v. Timex Corp., 384 F.3d 700, 718 (9th Cir. 2004) ("Like its predecessor, the purpose of § 504(b) is to compensate fully a copyright owner for the misappropriated value of its property and to avoid unjust enrichment by defendants, who would otherwise benefit from this component of profit through their unlawful use of another's work.") (quotation marks and citation omitted).

attributable to the purported infringement.[5] The Court undoubtedly has the authority to do so. See, e.g., Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826, 829 (9th Cir. 1985) (affirming district court's apportionment decision); Russell v. Price, 612 F.2d 1123, 1130-31 (9th Cir. 1979) (same); Bruce v. Weekly World News, 310 F.3d 25, 31-32 (1st Cir. 2002) (same); see also Kamar, Inc. v. Russ Berrie & Co. Inc., 752 F.2d 1326, 1332 (9th Cir. 1984) (apportionment "is a factual determination to be made by the district court"); H.R. Rep. No. 1476, 94th Cong., 2d Sess. 161 (1976) ("where some of the defendant's profits result from the infringement and other profits are caused by different factors, it will be necessary for the court to make an apportionment").

## Conclusion

For these reasons, there is no right to a jury trial on profits, and this Court should determine the amount of profits, if any, to be awarded under Section 504(b).[6]

---

[5] First, a plaintiff must show a causal nexus between the infringement and the gross revenue earned by the defendant. Only then does a defendant bear the burden of apportioning the profits that were not the result of the infringement. 17 U.S.C. § 504(b); Polar Bear Prods. v. Timex Corp., 384 F.3d 700, 713 (9th Cir. 2004); Mackie v. Rieser, 296 F.3d 909, 915 (9th Cir. 2002).

[6] In addition, as discussed in Defendants' Memorandum of Contentions of Fact and Law (Dkt. No. 532, at 17:14-18:2), and in the [Proposed] Final Pre-Trial Conference Order (Dkt. No. 609-1, at 22:13-16), if Plaintiff prevails and any profits are deemed attributable to the infringement, this Court still should refuse to award any such profits based on Plaintiff's unreasonable delay in filing this action. See Petrella, 134 S. Ct. at 1978 ("The circumstances here may … warrant limiting relief at the remedial stage…. [¶] Should Petrella ultimately prevail on the merits, the District Court, in … assessing profits, may take account of her delay in commencing suit."). This determination indisputably is for the Court. Id.

DATED: September 28, 2015         MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
Christine Lepera
Russell J. Frackman
David A. Steinberg
Attorneys for Various Defendants

DATED: September 28, 2015         JENNER & BLOCK LLP

By: /s/Daniel Rozansky
Andrew H. Bart
Daniel Rozansky
Attorneys for Defendant Shawn Carter (pka Jay Z)

DAVID A. STEINBERG (SBN 130593)
   das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (CL 9311)
   ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for All Defendants other than SHAWN CARTER (pka Jay Z)*

DANIEL A. ROZANSKY (SBN 161647)
drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

1 ANDREW H. BART (Pro Hac Vice)
abart@jenner.com
2 JENNER & BLOCK LLP
919 Third Avenue
3 New York, NY 10022
Telephone: (212) 891-1600
4 Facsimile: (212) 891-1699

5 *Attorneys for Defendant SHAWN CARTER (pka Jay Z)*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28