BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697

Attorneys for Plaintiff
OSAMA AHMED FAHMY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,<br><br>Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT**<br><br>Complaint filed: August 31, 2007<br>Trial Date: Oct. 13, 2015 |

562788.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 1

    A. Prior to the Merger of Courts of Law and Equity, Profit Apportionment Was a Hybrid Remedy of Law and Equity. ................... 1

    B. Precedent and Practical Considerations Favor a Jury Determination of Profits for Infringement. ............................................. 4

III. CONCLUSION ............................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Beacon Theatres, Inc. v. Westover*,
  359 U.S. 500 (1959) ............................................................................................. 4

*Black & Decker Corp. v. Positec USA Inc.*,
  No. 11-CV-5426, 2015 WL 4656749 (N.D. Ill. Aug. 5, 2015) .............................. 4

*City of Monterey v. Del Monte Dunes at Monterey, Ltd.*,
  526 U.S. 687 (1999) ............................................................................................. 1

*Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*,
  106 F.3d 284 (9th Cir. 1997) ............................................................................... 4

*Crocker v. Piedmont Aviation, Inc.*,
  49 F.3d 735 (D.C. Cir. 1995) ............................................................................... 2

*Dairy Queen v. Wood*,
  369 U.S. 469 (1962) ............................................................................................. 5

*Dean v. Mason*,
  61 U.S. 198 (1857) ............................................................................................... 3

*Feltner v. Columbia Pictures Television, Inc.*,
  523 U.S. 340 (1998) ........................................................................................ 3, 4

*Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*,
  778 F.3d 1059 (9th Cir. 2015) ............................................................................. 4

*Legal Servs. Corp. v. Velazquez*,
  531 U.S. 533 (2001) ............................................................................................. 1

*Mowry v. Whitney*,
  81 U.S. 620 (1871) ............................................................................................... 3

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  134 S. Ct. 1962 (2014) ..................................................................................... 1, 4

*Root v. Railway Co.*,
  105 U. S. 189 (1881) ....................................................................................... 2, 3

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
   309 U.S. 390 (1940) .................................................................................................. 3

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*,
   562 F.2d 1157 (9th Cir. 1977) ........................................................................... 2, 4, 5

*Simler v. Conner*,
   372 U.S. 221 (1963) .................................................................................................. 4

*Swofford v. B & W, Inc.*,
   336 F.2d 406 (5th Cir. 1964) ................................................................................. 3, 5

*Tilghman v. Proctor*,
   125 U.S. 136 (1888) .................................................................................................. 2

*Tull v. United States*,
   481 U.S. 412 (1987) .................................................................................................. 1

**FEDERAL STATUTES**

15 U.S.C.
   § 1117 ....................................................................................................................... 4

17 U.S.C.
   § 504 ......................................................................................................................... 4

**OTHER AUTHORITIES**

1 William Holdsworth, A History of English Law 229 (6th ed. 1938) ......................... 2

4 Nimmer on Copyright § 14.03[E] ............................................................................. 5

*Baily v. Taylor,* 1 Russ. & M. 73 (Court of Chancery 1829) ...................................... 3

*Moses v. Macferlan*, 2 Burr. 1005, 97 Eng. Rep. 676 681
   (King's Bench 1760) ................................................................................................ 2

Ninth Circuit Model Civil Jury Instruction 17.24 (2007) ............................................ 5

Restatement (Third) of Restitution and Unjust Enrichment
   § 4, Comment a (2010) ......................................................................................... 1, 2
   § 4, Comment b (2010) ............................................................................................ 1

## I. INTRODUCTION

To determine whether a particular claim triggers the Seventh Amendment, the Court must: (1) "compare the statutory action to the 18th-century actions brought in the courts of England prior to merger of the courts of law and equity," and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417-18 (1987). If "history does not provide a clear answer, [the Court] look[s] to precedent and functional considerations." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 718 (1999). History, precedent and practical considerations favor the conclusion that the Seventh Amendment requires a jury to determine the apportionment of profits arising from copyright infringement.

## II. ARGUMENT

### A. Prior to the Merger of Courts of Law and Equity, Profit Apportionment Was a Hybrid Remedy of Law and Equity.

"Like other restitutional remedies, recovery of profits 'is not easily characterized as legal or equitable,' for it is an 'amalgamation of rights and remedies drawn from both systems.' Restatement (Third) of Restitution and Unjust Enrichment § 4, Comment b, p. 28 (2010)." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 n.1 (2014).[1] "Causes of action that would be readily classified today as part of restitution came to be accepted in courts of law in the 17th and early 18th centuries…." Restatement (Third) of Restitution and Unjust Enrichment § 4, Comment a (2010). Moreover, the underlying theory of liability for profits recovery,

---

[1] In *Petrella,* the Supreme Court stated that the profits-recovery remedy under the Copyright Act would be treated "as 'equitable' in this case" (*i.e. Petrella*). *Id*. But the Court's decision did not address the Seventh Amendment or its application to—what the Court described as—the "protean character of the profits-recovery remedy." *Id*. (internal quotation marks omitted). "Judicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed." *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 557 (2001). Indeed, the Court in *Petrella* emphasized that it was treating the remedy as equitable "in this case," 134 S. Ct. at 1967 n.1, suggesting the limited application of its assumption to situations not then considered by the Court.

although "framed in equitable terms," originated in 1760 in the English courts of law. *Id*. (citing *Moses v. Macferlan*, 2 Burr. 1005, 1008, 1012 (K.B. 1760) (involving an action for "refund" of moneys paid to defendant by third party)).[2]

After reviewing early American and English law, the Supreme Court concluded that the recovery of an infringer's profits was a law/equity hybrid awarded by chancery courts to avoid multiple suits (one in a court of equity for an injunction and another in a court of law for financial relief):

> The general rule has been sometimes said to be based upon the theory that the infringer is converted into a trustee for the owner of the patent, as regards the profits made by the use of his invention. But, as has been recently declared by this court, upon an elaborate review of the cases in this country and in England, it is more strictly accurate to say that a court of equity, which has acquired, upon some equitable ground, jurisdiction of a suit for the infringement of a patent, will not send the plaintiff to a court of law to recover damages, but will itself administer full relief, by awarding, as an equivalent or a substitute for legal damages, a compensation computed and measured by the same rule that courts of equity apply to the case of a trustee who has wrongfully used the trust property for his own advantage.

*Tilghman v. Proctor*, 125 U.S. 136, 148 (1888) (citing *Root v. Railway Co.*, 105 U.S. 189, 214, 215 (1881)). Similarly, in *Root*, the Supreme Court explained:

> [H]aving acquired jurisdiction upon some equitable grounds to grant relief, [the court of equity] would retain the cause for the sake of administering an entire remedy and complete justice, rather than send him to a court of law for redress in a second action…. This rule was adopted, not for the purpose of acquiring jurisdiction, but, in cases where, having jurisdiction to grant equitable relief, the court was not permitted by the principles and practice in equity to award damages in the sense in which the law gives them, but a substitute for damages, at the election of the complainant, for the purpose of preventing multiplicity of suits….[I]t is a rule of administration and not of jurisdiction; and although the creature of equity, it is recognized as well at law as one of the measures, though not the limit, for the recovery of damages.

105 U.S. at 214-15. *See also Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977) (explaining that, in copyright infringement cases, "'[a]n accounting for profits, although a creature of

---

[2] The opinion in *Macferlan* was issued by the Lord Chief Justice of the King's Bench, which was a court of law, not equity. *See Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 745 (D.C. Cir. 1995) (citing 1 William Holdsworth, <u>A History of English Law</u> 229 (6th ed. 1938)).

562788.1

2

**PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT**

equity, is a rule of administration and not of jurisdiction. The court of equity awarded compensatory damages incidental to an injunction to avoid multiplicity of suits and not because the jury lacked competence.'" (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 411 (5th Cir. 1964))); *Mowry v. Whitney*, 81 U.S. 620, 653 (1871) ("The profits which are recoverable against an infringer of a patent are in fact a compensation for the injury the patentee has sustained from the invasion of his right. They are the measure of his damages. Though called profits, they are really damages…."); *Dean v. Mason*, 61 U.S. 198, 203 (1857) (same).[3]

Because an award of an infringer's profits shared characteristics of a legal remedy (and was characterized as a "question of damages"), chancery courts lacked jurisdiction over a cause of action that sought only the infringers' profits: instead, a chancery court could only award profits if they were incidental to purely equitable relief, such as injunctions. *See Baily v. Taylor,* 1 Russ. & M. 73 (English Court of Chancery 1829) ("Unless that primary right to an injunction exists, this court has no jurisdiction with reference to a mere question of damages."); *Swofford*, 336 F.2d at 411 ("[A]n accounting of profits…was only incidental to the equitable ground for the intervention of the equity court, the injunction against continuing infringements. Thus, unless the primary right to an injunction existed, the court of equity had no jurisdiction with reference to 'a mere question of damages'; this corollary principle was applied by both English and American courts in patent and copyright infringement cases."); *Root*, 105 U.S. at 215-16 ("[A] bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; … such relief ordinarily is incidental to some other equity…."); *Sheldon v. Metro-Goldwyn Pictures Corp.,* 309 U.S. 390, 399 (1940) ("[R]ecovery of profits… had

---

[3] A jury may determine a remedy for copyright infringement that is not tied to the plaintiff's losses. *See, e.g., Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (Seventh Amendment provides right to jury trial on statutory copyright award). In *Feltner*, the Court explained that, prior to 1791, a jury determined whether a copyright infringer forfeited an amount per infringing page. *Id*. at 349.

been allowed in equity both in copyright and patent cases as appropriate equitable relief incident to a decree for an injunction."). Contrary to what defendants seek here, a chancery court lacked jurisdiction to determine an infringer's profits in isolation from purely equitable relief. Such financial recovery for infringement would have been decided by a jury.

Consequently, history indicates that the remedy of an infringer's profits inextricably intertwined law and equity: the remedy was an equivalent of legal damages that could be used—for administrative efficiency—by chancery courts, but (because of its legal nature) only when combined with a purely equitable remedy (*e.g.,* an injunction). Otherwise, the litigant would seek financial recovery before a jury. The historical "protean character" of the profits remedy for copyright infringement, *Petrella*, 134 S. Ct. at 1967 n.1, warrants finding in favor of a constitutional right because "federal policy favoring jury trials is of historic and continuing strength," *Simler v. Conner*, 372 U.S. 221, 222 (1963) (collecting cases), and "the risk of error is greater when denying rather than recognizing a constitutional right," *Black & Decker Corp. v. Positec USA Inc.*, No. 11-CV-5426, 2015 WL 4656749, at *6 (N.D. Ill. Aug. 5, 2015). *See also Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510 (1959) (explaining that Court's judgment "must, wherever possible, be exercised to preserve jury trial").

### B. Precedent and Practical Considerations Favor a Jury Determination of Profits for Infringement.

The Ninth Circuit has held that plaintiffs have a right to a jury trial on profits for copyright infringement. *Krofft*, 562 F.2d at 1175 (9th Cir. 1977).[4] The Court

---

[4] Although the Ninth Circuit recently held that there is no right to a jury trial to determine profits arising from trademark liability, *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1076 (9th Cir. 2015), that decision was made in light of "the slim history of pre–1791, trademark-like cases." *Id.* As indicated above, no such paucity exists in the historical record with respect to copyright/patent infringement cases—as detailed by the Ninth Circuit in *Krofft*. In addition, the Ninth Circuit in *A.V.E.L.A.* emphasized that "§ 1117's language allows judges to determine the amount of profits." *Id.* (citing 15 U.S.C. § 1117(a) ("The court shall assess such

explained:

> We do not believe that this practice in patent and copyright infringement cases, which was justified historically to avoid multiplicity of litigation in a divided procedure, should be continued in a merged system where such multiplicity can be avoided by one civil action. It is a well-settled doctrine that the distinction of jurisdiction, between law and equity, is constitutional, to the extent to which the Seventh Amendment forbids any infringement of the right of trial by jury, as fixed by the common law. To continue the past practice is to convert an administrative rule into a jurisdictional one so as to deprive the parties of a jury on what is basically a money claim for damages based on a charge of . . . infringement.

*Id*. at 1175 (quoting *Swofford*, 336 F.2d 411). Furthermore, the Supreme Court has held that legal issues "incidental" to equitable issues are still entitled to a jury trial. *Dairy Queen v. Wood*, 369 U.S. 469, 473 (1962). *See also* 4 Nimmer on Copyright § 14.03[E] ("[F]ollowing the doctrine of *Dairy Queen v. Wood* it has been stated that, in a copyright infringement action, there is a right to a jury trial on the issue of defendants' profits. Particularly after *Feltner...*, the danger arises that denying trial by jury on this issue to a party who so requests will be deemed constitutionally suspect." (footnotes omitted)). Moreover, the Ninth Circuit offers model jury instructions on apportioning profits from copyright infringement: a futile practice if there were no such jury right. *See* Ninth Circuit Model Civil Jury Instruction 17.24.

## III. CONCLUSION

History, precedent and the predilection for protecting the right to a jury trial favor the conclusion that the Seventh Amendment requires a jury to determine profits arising from copyright infringement.

Dated: September 28, 2015                BROWNE GEORGE ROSS LLP
                                                                     Peter W. Ross
                                                                     Keith J. Wesley
                                                                     Jonathan L. Gottfried

                                                       By:   *s/ Jonathan L. Gottfried*
                                                                  Jonathan L. Gottfried
                                                         Attorneys for Plaintiff Osama Ahmed Fahmy

---

profits and damages or cause the same to be assessed under its direction."). No comparable language exists in 17 U.S.C. § 504(b).

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On September 28, 2015, I served true copies of the following document(s) described as **PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2015, at Los Angeles, California.

 s/ Diane Torosvan
Diane Torosvan

562788.1

-1-

**PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT**

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division –
Case No. 2:07-CV-05715 CAS (PJWx)**

| | |
|---|---|
| Linda M. Burrow<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.:  (213)629-9040<br>Fax:   (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Andrew Bart, Esq.<br>Ava U. McAlpin, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212.891.1600<br>Fax: 212.891-1699<br>Email:       abart@jenner.com<br>           amcalpin@jenner.com | Lead Counsel for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Daniel A. Rozansky<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Tel.: (213) 239-5100<br>Fax: (213) 239-5199<br>drozansky@jenner.com | |

562788.1

-1-

**PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT**

| | |
|---|---|
| Russell J. Frackman, Esq.<br>David Steinberg, Esq.<br>Alexa L. Lewis, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Tel.:   310.312.2000<br>Fax:   310.312.3100<br>Email:  rjf@msk.com<br>         all@msk.com<br>         das@msk.com<br><br>Christine T. Lepera (Pro Hac Vice)<br>MITCHELL SILBERBERG & KNUPP LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>Tel.: 212.509-3900<br>Fax: 212.5097239<br>Email: ctl@msk.com | **Attorneys for Defendants**<br>Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc. |

562788.1

2

**PLAINTIFF'S BRIEF ON THE SEVENTH AMENDMENT RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS FOR COPYRIGHT INFRINGEMENT**