UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 1, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - EX PARTE APPLICATION FOR LEAVE TO SUBMIT SUPPLEMENTAL MATERIALS TO THE EXPERT REPORT OF SCOTT MARCUS (Filed 09/25/15)[627]

## I.   INTRODUCTION AND BACKGROUND

In its order of September 25, 2015, the Court granted in part and denied in part defendants' motion to exclude or limit the testimony of plaintiff's expert witness Scott Marcus ("Marcus"). Dkt. 626, at 36. Specifically, the Court ruled that "to the extent Marcus' testimony regarding similarities between *Big Pimpin'* and *Khosara* relies on . . . sound recordings, plaintiff may not offer that testimony at trial." Id. The Court further stated: "To the extent, based on this ruling, it is necessary for plaintiff to supplement Marcus' expert report, plaintiff may request additional time to do so and defendants may request the opportunity to depose Marcus regarding any additions to his testimony or expert report." Id.

Plaintiff now requests that he be permitted to supplement the expert report of Marcus. Dkt. 627., at 1. Defendants' oppose this request. Dkt. 630.

## II.   DISCUSSION

In its prior order the Court expressly invited plaintiff to file a supplement to Marcus' expert report. Dkt. 626, at 36. Nonetheless, defendants argue that plaintiff should not be permitted to supplement Marcus' report because they believe that supplementation is not necessary and would be improperly cumulative of the testimony of plaintiff's other expert witness Judith Finell ("Finell"). Opp'n., at 2-3. As the Court previously explained, Marcus' original report was based, in part, on a comparison

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 1, 2015 |
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

between defendants' allegedly infringing work *Big Pimpin'* and a sound recording of *Khosara Khosara* ("*Khosara*"). Dkt. 626, at 36-37. However, because plaintiff conceded that his copyright in the *Khosara* musical composition did not cover sound recordings of *Khosara*, the Court determined that it would be improper for Marcus to testify regarding similarities between *Big Pimpin'* and a sound recording of *Khosara*. Id. at 37. Nonetheless, the Court found that Marcus was otherwise qualified to testify as a musicologist, and therefore determined that he "may still testify regarding similarities between the written composition of *Khosara* and *Big Pimpin'*." Id. In the instant request, plaintiff merely seeks to tailor Marcus' report to comply with the Court's ruling. Accordingly, the Court finds that plaintiff's request is well taken and is therefore **GRANTED**. Moreover, to the extent Marcus' testimony may be cumulative of Finell's testimony, that concern is more appropriately addressed within the context of trial.[1]

Plaintiff shall serve Marcus' supplemental report on defendants no later than **October 2, 2015**. Plaintiff is further ordered to make Marcus available for deposition regarding the additions to his expert report no later than **October 8, 2015**.

In addition, defendants shall have the opportunity for their own expert musicologist, Ferrara, to respond and address any supplemental opinions by Marcus. To the extent defendants determine that such a response is necessary, they shall serve a

---

[1] Defendants also argue that Marcus should be precluded from referencing any documents or materials in his expert report that were not disclosed during fact discovery. Opp'n., at 3-4. Specifically, defendants identify several documents which they assert were untimely disclosed by plaintiff, but that Marcus intends to rely upon in his supplemental report. Id. However, defendants have not identified any prejudice they will suffer from permitting Marcus to reference these materials in his report or testimony. Moreover, the Court in its September 25, 2015 order denied a similar objection from plaintiff that defendants' expert Lawrence Ferrara ("Ferrara") should be precluded from referencing prior art that had only been disclosed for the first time at his deposition. Dkt. 626, at 10. Accordingly, defendants' objection is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 1, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

rebuttal report on plaintiff no later than **October 7, 2015** and make Ferrara available for deposition no later than **October 12, 2015**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |