BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Osama Ahmed Fahmy

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br>              Plaintiff,<br>     vs.<br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>              Defendants. | Case No. 07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENSE COUNSEL TO PRODUCE UNADULTERATED VERSION OF DEFENDANT SHAWN CARTER'S VIDEO DEPOSITION FOR USE AT TRIAL**<br><br>*[Jonathan Gottfried Declaration and Proposed Order Filed Concurrently Filed Herewith]*<br><br>Complaint filed:  August 31, 2007<br>Trial Date:  Oct. 13, 2015 |

563885.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff Osama Ahmed Fahmy will and hereby does apply to the Court *ex parte* for an Order requiring defense counsel to agree to the production of an unadulterated version of the video deposition of defendant Shawn Carter, including the removal of all watermarks imposed over defendant Shawn Carter's face in the video of his deposition. Plaintiff intends to use a video of Mr. Carter's deposition at trial. Because Mr. Carter's counsel claims that plaintiff's counsel lacks the ethical integrity to abide by the Court's protective order (even though defense counsel is the only counsel to have been sanctioned in this case for discovery misconduct), defense counsel have imposed a watermark over Mr. Carter's face in the videotape of his deposition and have refused to remove it for purposes of trial. Nothing justifies defendants' continuing obstructive behavior with respect to evidence.

Plaintiff's counsel has repeatedly and unsuccessfully attempted to reach a compromise with defense counsel. To prevent further delay and because plaintiff's counsel needs to arrange video excerpts from the deposition prior to trial commencing on October 13, the Court should consider the requested relief on an expedited basis.

On October 2, 2015 at approximately 9:45 AM, Plaintiff's counsel provided notice via telephone of his intention to file this application to counsel for Defendant Shawn Carter, Daniel A. Rozansky of Jenner & Block, 633 West 5th Street, Suite 3600, Los Angeles, CA 90071-2054, (213) 239-2223, drozansky@jenner.com. Defense counsel subsequently indicated that they opposed the requested relief.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Jonathan Gottfried, the files in this action, and all other matters properly presented to the Court prior to its ruling.

563885.1

DATED: October 2, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Jonathan Gottfried

By    /s/ Jonathan Gottfried
       Jonathan Gottfried

Attorneys for Plaintiff Osama Ahmed Fahmy

563885.1

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENSE COUNSEL TO PRODUCE UNADULTERATED VERSION OF VIDEO DEPOSITION

## MEMORANDUM OF POINTS AND AUTHORITIES

At the videotaped deposition of defendant Shawn Carter on October 28, 2014, counsel for Mr. Carter demanded that the court reporter maintain the original deposition video and that no copies be made without the consent of all counsel. In addition, any copies had to be watermarked. So that the deposition could proceed, plaintiff's counsel agreed but reserved his right to seek de-designation. (Ex. C)[1]

In the video of Mr. Carter's deposition provided to plaintiff's counsel, there is a watermark of the name of plaintiff's law firm ("BROWNE GEORGE ROSS") imposed over Mr. Carter's face throughout the entirety of the video. *See* Ex. D (screenshot of video deposition of Mr. Carter). Because plaintiff's counsel intends to use this video during Mr. Carter's cross-examination (and a watermark floating over a deponent's face with the name, in all capitals, of a law firm is distracting), plaintiff's counsel asked defense counsel to agree to remove the watermark from the video for purposes of trial. (Gottfried Decl. ¶¶ 4-5)  Notably, no other video deposition in this case has been adulterated in that fashion. Defense counsel did not agree. Plaintiff's counsel then proposed a compromise: the watermark would remain in the video but it would be moved so that it was not covering Mr. Carter's face. (*Id*.)  Defense counsel refused, accusing plaintiff's counsel of lacking the ethical integrity to safeguard Mr. Carter's video. (*Id*.)  In fact, plaintiff's counsel has been involved in this case for years and handled numerous confidential documents without incident. The evidence in this case is subject to a protective order, which plaintiff's counsel has respected. The only counsel to be sanctioned in this case for discovery misconduct is Mr. Carter's counsel.

---

[1] Unless otherwise indicated, all exhibits are attached to the accompanying Declaration of Jonathan Gottfried. Defense counsel designated the entire transcript of Mr. Carter—even the conversation among counsel about the watermarking—as highly confidential. Consequently, counsel's conversation about the watermarking has been filed under seal.

563885.1

Nonetheless, in order to justify their efforts to obstruct the presentation of plaintiff's case with an adulterated video, defense counsel pointed to two examples of allegedly unethical behavior by plaintiff's counsel:

*First*, when the parties recently electronically exchanged trial exhibits among counsel in preparation for delivering them to the Court, plaintiff's counsel uploaded its trial exhibits to an electronic database maintained by Mr. Carter's counsel.  These trial exhibits included the Live Nation Agreement since the Live Nation Agreement is a trial exhibit.  Yet counsel for Mr. Carter claimed that plaintiff's counsel had behaved improperly by uploading this trial exhibit into the database of Mr. Carter's counsel because no other defense counsel in this case were purportedly allowed to view the Live Nation Agreement.  Mr. Carter's counsel accused plaintiff' counsel of violating (unspecified) Court orders.  According to Mr. Carter's counsel, this is evidence that plaintiff's counsel is unethical and cannot be trusted with an unadulterated version of Mr. Carter's video.  (Ex. B)

*Second,* Mr. Carter's counsel accused plaintiff's counsel of leaking a video deposition several years ago in another case to the media.  (Ex. B)

The Court should reject both of defense counsel's improper accusations. Neither is accurate and neither justifies punishing plaintiff's counsel by requiring them use an adulterated video deposition.  *First,* with respect to the Live Nation Agreement, plaintiff's counsel did nothing improper.  Plaintiff's counsel uploaded their trial exhibits to a databased maintained by Mr. Carter's counsel, and one of these trial exhibits (as defense counsel knows) is the Live Nation Agreement.  Whether other defense counsel had access to Mr. Carter's database does not mean that plaintiff's counsel did anything improper.  The idea that other defense counsel in this case are prohibited from viewing the Live Nation Agreement trial exhibit is

563885.1

PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENSE COUNSEL TO PRODUCE
UNADULTERATED VERSION OF VIDEO DEPOSITION

baseless.[2]  Plaintiff's counsel did not violate any protective order or confidentiality agreement by exchanging trial exhibits solely with defense counsel in this case. There is nothing in the Court's protective order that allows a party to produce a document to one party's counsel but not another party's counsel.  Nor was there any other order that prevented plaintiff's counsel from exchanging trial exhibits among defense counsel in this case—the suggestion by Mr. Carter's counsel to the contrary is merely an absurd attempt to undermine plaintiff's case by requiring him to use an adulterated video on cross-examination.[3]

*Second*, defense counsel's accusations that plaintiff's counsel improperly leaked a deposition video in another case is baseless.

Notably, there is no claim that the video deposition of Mr. Carter in this case is irrelevant (it obviously is); and defense counsel has not asked that any portion of Mr. Carter's testimony be under seal.

The Court has an inherent power to regulate litigation and to preserve and protect the integrity of proceedings before it.  *See Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 764 (1980) ("The inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812)); *Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad*

---

[2] Counsel agreed that a slip sheet would be included in lieu of the Live Nation Agreement in the trial exhibits that Mr. Carter's counsel prepared for the Court until the Court ruled upon defense counsel's motion to exclude the Live Nation Agreement.  There was no agreement that the Live Nation Agreement would not be included among the trial exhibits exchanged with counsel. (Gottfried Decl. ¶ 6)

[3] In May 2015—in the same order sanctioning Mr. Carter's counsel for discovery misconduct—Magistrate Judge Walsh order Mr. Carter's counsel to "produce an unredacted version of the Live Nation Agreement." (Dkt. No. 511)  Because of the technological manner in which Mr. Carter's counsel had previously produced this document to plaintiff's counsel, M.J. Walsh further ordered that "[t]his document is to be produced to Plaintiff's counsel in either hard copy or on a thumb drive." *Id*. This order did not allow Mr. Carter's counsel to withhold the agreement from other counsel.

563885.1

*Acad.*, 781 F. Supp. 2d 852, 856 (D. Minn. 2011) ("It is this Court's inherent power, authority, and duty to ensure the administration of justice and the integrity of the litigation process."); *Canzoneri v. McCormick*, No. 3:12-CV-1241-G-BK, 2012 WL 1864309, at *1 (N.D. Tex. Apr. 26, 2012) report and recommendation adopted, No. 3:12-CV-1241-G BK, 2012 WL 1864282 (N.D. Tex. May 22, 2012) ("Federal courts have inherent authority 'to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority.' *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)"). The Court should use that authority to enable plaintiff's counsel to show an unadulterated video of Mr. Carter's deposition to the jury. The evidence is already covered by the Court's protective order, and defense counsel's suggestion that the court's powers are inadequate is as baseless as their assertion that plaintiff's counsel is unprofessional. Consequently, the Court should order defense counsel to remove the watermark from Mr. Carter's deposition.

Respectfully Submitted:

DATED: October 2, 2015          BROWNE GEORGE ROSS LLP
                                Peter W. Ross
                                Keith J. Wesley
                                Jonathan Gottfried

                                By    /s/ Jonathan Gottfried
                                      Jonathan Gottfried
                                Attorneys for Plaintiff Osama Ahmed Fahmy

563885.1