ANDREW H. BART (Pro Hac Vice)
  abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
  drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendant SHAWN CARTER (pka Jay Z)

CHRISTINE LEPERA (Pro Hac Vice)
  ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000

Attorneys for all other Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Bob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.,<br><br>Defendants. | Case No. 2:07-cv-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION FOR ORDER REQUIRING DEFENSE COUNSEL TO PRODUCE A VERSION OF DEFENDANT SHAWN CARTER'S VIDEO DEPOSITION WITHOUT A WATERMARK**<br><br>Complaint filed: Aug. 31, 2007<br>Discovery Cutoff: Nov. 28, 2014<br>Current Trial Date: Oct. 13, 2015 |

Given the opportunity for substantial prejudice if copies of the videotaped deposition of Defendant Shawn Carter (p/k/a Jay Z) were leaked to the media or otherwise commercially exploited, the parties agreed that if copies of the deposition video were made, those copies would bear a watermark with the receiving party's law firm name. Plaintiff now seeks to renege on the parties' agreement based on his self serving and wholly insufficient allegation that the watermark is "distracting." He asks the Court for an order rescinding the parties' agreement and ordering Defendants to give permission for Plaintiff to request a non-watermarked copy of the deposition video from the court reporter's office.

The Court should deny Plaintiff's *ex parte* application. As Plaintiff's counsel knows well, videotaped depositions of celebrities like Mr. Carter are often leaked to the press. Indeed, just three years ago, a copy of the videotaped deposition of the rapper Lil Wayne taken by Plaintiff's counsel was leaked to TMZ. That video did not have a watermark, and the party responsible for the leak was never identified. Affixing a watermark to Mr. Carter's deposition video is the only way to prevent (or at least to trace) a similar leak in this case. Importantly, the translucent watermark does not obstruct viewing the video at all. Indeed, Defendants' counsel has viewed a version of the deposition with a similar watermark and was fully able to understand Mr. Carter's testimony and see his facial expressions and movements. Accordingly, the Court should not disturb the parties' agreement.

**I.      The Parties Agreed To Watermark Copies of the Deposition Video.**

Over the past few years, numerous videotaped depositions of celebrities have been leaked to tabloids like TMZ, and made available to the public on video-sharing websites, like YouTube. For example, in mid-2012, Plaintiff's counsel took the deposition of rapper Lil Wayne. Only a few months later, a video of that deposition was posted by TMZ and re-posted on multiple websites. The TMZ

1
DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR ORDER REQUIRING DEFENSE
COUNSEL TO VERSION OF DEFENDANT'S VIDEO DEPOSITION WITHOUT A WATERMARK

article accompanying the video explained that, at the deposition "Lil Wayne [was] grilled by . . . lawyer, Pete Ross from the powerhouse law firm of Browne George Ross." Russell Decl., Ex. A. Other news websites ran with the story, and profiled Mr. Ross and his firm. Russell Decl., Ex. B.

Contrary to Plaintiff's claims, Defendants do not assert that Mr. Ross and the lawyers at his firm intentionally leaked the Lil Wayne deposition video. The Defendants have no knowledge of the leak's source.[1] Indeed, this issue is a straw man. How the leak occurred is irrelevant. What matters is that private deposition testimony was leaked and that because the video was not watermarked, no one could be held responsible for that leak.

Because of concerns like these, at the beginning of Mr. Carter's deposition, counsel for both parties reached an agreement protecting the deposition video. The parties agreed that, like other depositions involving confidential information, the deposition would be designated "attorneys' eyes only." Gottfried. Decl. Ex. C. The parties also took additional precautions that were unique to Mr. Carter's deposition. They agreed that the videographer would personally deliver the original video to the court reporter's office, where it would be kept under lock and key. *Id.* The parties also agreed that copies of the video would not be made or transmitted without the written consent of all counsel in the case. *Id.* As part of that agreement, if copies of the deposition video were made in the future, both

---

[1] Wholly apart from the leak of the Lil Wayne video, Plaintiff's treatment of the Live Nation Agreement casts doubt on Plaintiff's care in properly handling confidential materials. As Plaintiff's counsel was well aware, the Live Nation Agreement had only been produced to Plaintiff, and not to the other parties in this matter. As explained in Defendants' recent briefing, "The Live Nation Agreement is so sensitive that when Mr. Carter produced the agreement to Plaintiff's counsel, ***it was not produced to co-defendants or their counsel***." ECF No. 624 at 2 (emphasis added). In a telephone call, counsel for Mr. Carter specifically asked Plaintiff's counsel not to upload the Live Nation Agreement to a document repository the parties had set up to review trial exhibits. Despite their express agreement to this request, Plaintiff nonetheless posted the Live Nation Agreement to the document repository, which was accessible to all the parties until counsel for Mr. Carter removed it.

parties acknowledged it was "essential" that the copies be watermarked with the name of the receiving party's firm. *Id.* There was no exception to this "essential" provision. Plaintiff should not now be allowed to turn his back on this agreement.

Plaintiff also claims that he can de-designate the watermark pursuant to the Protective Order entered in this case. However, the Protective Order does not cover the watermarking of exhibits. *See* ECF at 193. Rather, the watermarking agreement reached by the parties was unique to Mr. Carter's deposition. While Plaintiff's counsel reserved his right to move to de-designate portions of the deposition transcript under the Protective Order, he never once asserted that he had the right to "de-watermark" the deposition video, and this was not part of the parties' agreement.

## II.  The Watermark Does Not Impede Plaintiff's Ability to Use the Deposition Video At Trial.

The watermark consists of three lines of translucent text with the "Browne George Ross" logo. Plaintiff asserts that the watermark "is distracting." ECF No. 641 at 4. However, this translucent logo will not prevent the jury from paying close attention to Mr. Carter's words and demeanor in the video. Indeed, the watermark does not obscure Mr. Carter's face and still allows the jury to clearly see his facial expressions. Similar watermarks and confidentiality stamps appear in numerous exhibits in this case, and Plaintiff has never asserted that those markings will distract the jury from considering that evidence.

Any purported concern about the jury's ability to see Mr. Carter's facial expression should be alleviated by the fact that Defendants have agreed to produce Mr. Carter as a witness at trial and Plaintiff has not designated any portions of Mr. Carter's deposition transcript to be played into the record. Accordingly, Plaintiff will only use Mr. Carter's deposition video to play short clips for cross-

examination purposes. This unobtrusive watermark will not distract the jury from focusing on these short video clips.

Recognizing that there is no good faith basis to renege on his express agreement as to watermarking, Plaintiff has suggested that a "fair compromise" would be to move the watermark to the corner of the screen shot. That is manifestly insufficient to protect Mr. Carter's concerns about the unauthorized exploitation of the video. With a watermark in the corner, the video could easily be reformatted or re-sized to exclude the watermark, making a leak of the video untraceable.

## CONCLUSION

For the foregoing, reasons Defendants respectfully requests that the Court exclude deny Plaintiff's *ex parte* application.

Dated: October 5, 2015            JENNER & BLOCK LLP

By: s/ Andrew H. Bart
Andrew H. Bart

Attorneys for Defendant
SHAWN CARTER (pka Jay Z)

Dated: October 5, 2015            MITCHELL SILBERBERG & KNUPP LLP

By: s/ Christine Lepera
Christine Lepera
Russell J. Frackman
David A. Steinberg
Bradley J. Mullins

Attorneys for VARIOUS DEFENDANTS

## **ATTESTATION OF FILER**

Pursuant to Local Rule 5-4.3.4, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  October 5, 2015                    JENNER & BLOCK LLP

                                           By:  s/ Andrew H. Bart
                                                Andrew H. Bart
                                                Attorneys for Defendant
                                                SHAWN CARTER (pka Jay Z)