1 | BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
2 |   pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
3 |   kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
4 |   jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
5 | Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697
6 |
Attorneys for Plaintiff
7 | OSAMA AHMED FAHMY

8 |                    UNITED STATES DISTRICT COURT

9 |        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual, | Case No. 2:07-CV-05715 CAS (PJWx) |
| Plaintiff, | The Hon. Christina A. Snyder |
| vs. | **PLAINTIFF'S [PROPOSED] DISPUTED JURY INSTRUCTIONS** |
| JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC., | Complaint filed:  August 31, 2007 Trial Date:  Oct. 13, 2015 |
| Defendants. | |

565549.1

# INDEX

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 1 | CONDUCT OF THE JURY | 9th Cir. Civ. Jury Instr. 1.12 | 1 |
| 2 | COPYRIGHT—DEFINED | 9th Cir. Civ. Jury Instr. 17.1 | 4 |
| 3 | COPYRIGHT INFRINGEMENT— ELEMENTS— OWNERSHIP AND COPYING | 9th Cir. Civ. Jury Instr. 17.4 | 6 |
| 4 | COPYRIGHT INFRINGEMENT— ORIGINALITY | 9th Cir. Civ. Jury Instr. 17.12 | 8 |
| 5 | COPYRIGHT INFRINGEMENT— ORIGINALITY | *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012) | 10 |
| 6 | COPYRIGHT IN A MUSICAL COMPOSITION AND COPYRIGHT IN A SOUND RECORDING | 17 U.S.C. § 102(a)(2), (7); *Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002); 3 Melville B. Nimmer & David Nimmer, *Nimmer* on Copyright §§ 2.05[D]; 2.10. | 12 |
| 7 | COPYING—ACCESS AND SUBSTANTIAL SIMILARITY | 9th Cir. Civ. Jury Instr. 17.15 | 14 |
| 8 | COPYRIGHT INFRINGEMENT— COPYING—ACCESS DEFINED | 9th Cir. Civ. Jury Instr. 17.16 | 16 |
| 9 | SUBSTANTIAL SIMILARITY | *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004); *Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) | 18 |
| 10 | INVERSE RATIO RULE | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000); *Swirsky v. Carey*, 376 F.3d 844 (9th Cir. 2004) | 20 |
| 11 | COPYRIGHT—LICENSE DEFENSE | 9th Cir. Civ. Jury Instr. 17.11 | 22 |
| 12 | COPYRIGHT—LICENSE DEFENSE—SCOPE OF | *Davis v. Blige*, 505 F.3d 90 (2d. Cir. 2007) | 24 |

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| | TRANSFER | | |
| 13 | COPYRIGHT—LICENSE DEFENSE—EXCEEDING SCOPE OF LICENSE | *S.O.S., Inc. v. Payday, Inc., 886* F.2d 1081 (9th Cir. 1989) | 26 |
| 14 | COPYRIGHT—LICENSE DEFENSE—EGYPTIAN AGREEMENTS | *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998); *Russian Academy of Sciences v. Am. Geophysical Union*, 1998 WL 34333239 (D.D.C. 1998); Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971); Dkt. 531-1, Ex. A to Plaintiff's Memorandum of Contentions of Fact and Law (1954 and 2002 Egyptian Laws) | 28 |
| 15 | COPYRIGHT—LICENSE DEFENSE—INTERPRETATION OF AGREEMENTS | *Norfolk & Western Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117 (1991) | 30 |
| 16 | COPYRIGHT—LICENSE DEFENSE—NO LICENSE DEFENSE ABSENT DISAGREEMENT BETWEEN THE PARTIES TO THE LICENSE | *Jules Jordan Video v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) | 32 |
| 17 | INTERPRETATION—DISPUTED WORDS | CACI Jury Instr. 314 | 34 |
| 18 | INTERPRETATION—INDUSTRY CUSTOM | California Code Civil Procedure § 1856(c); *Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc.*, 205 Cal.App.3d 442, (1988) | 36 |
| 19 | INTERPRETATION—PROTECTION OF AUTHOR'S RIGHTS | *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989) | 38 |
| 20 | COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT | *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012); *In re Barboza*, 545 F.3d 702 (9th Cir. 2008) | 40 |

565549.1

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 21 | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS | 9th Cir. Civ. Jury Instr. 17.24; *Kamar Int'l, Inc. v. Russ Berrie & Co., Inc*., 752 F.2d 1326 (9th Cir. 1984) | 42 |
| 22 | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—INSEPARABLE ELEMENTS OF PROFIT | *Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007 (9th Cir. 1994) | 44 |
| 23 | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS--DEDUCTION OF TAXES--WILLFUL INFRINGEMENT | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000); *Oracle America, Inc. v. Google Inc*., --- F.Supp.3d ---, 2015 WL 5522086 (N.D. Cal. Sept. 18, 2015) | 46 |
| 24 | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION OF OVERHEAD--WILLFUL INFRINGEMENT | *Saxon v. Blann*, 968 F.2d 676 (8th Cir. 1992); Melville B. Nimmer, Nimmer on Copyright, § 14.03[C][3]; *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc*., 772 F.2d 505 (9th Cir. 1985) | 48 |

## PROPOSED JURY INSTRUCTION NO. 1.

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to

1   learn about the case on your own.

2          The law requires these restrictions to ensure the parties have a fair trial based

3   on the same evidence that each party has had an opportunity to address.  A juror

4   who violates these restrictions jeopardizes the fairness of these proceedings, and a

5   mistrial could result that would require the entire trial process to start over.  If any

6   juror is exposed to any outside information, please notify the court immediately.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 1.12

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

### PROPOSED JURY INSTRUCTION NO. 2.

### COPYRIGHT—DEFINED

### (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1)  authorize or make additional copies, or otherwise reproduce the copyrighted work;

(2)  recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3)  distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

(4)  perform publicly a copyrighted musical work; and

(5)  display publicly a copyrighted musical work.

It is the owner of a copyright who may exercise these exclusive rights to copy.  In general, copyright law protects against production, adaptation, distribution, performance, or display of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.1 [modified]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 3.

## COPYRIGHT INFRINGEMENT—ELEMENTS—

## OWNERSHIP AND COPYING

## (17 U.S.C. § 501(a)–(b))

Anyone who exercises the exclusive rights to copy, without the owner's permission, infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.  the plaintiff is the owner of a valid copyright; and

2.  the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.4 [modified]




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 4.

### COPYRIGHT INFRINGEMENT—ORIGINALITY

Plaintiff is the owner of the copyright in the musical composition *Khosara Khosara*.  Defendants challenge whether Plaintiff's copyright is valid.

A copyright is valid if it is an original work.  An original work may include or incorporate elements taken from prior works.  The original parts of the plaintiff's work is the part created:

1.    independently by the work's author, that is, the author did not copy it from another work; and

2.    by use of at least some minimal creativity.

In copyright law, the "original element" of a work need not be new or novel.

Requesting Party:            Plaintiff

Authority:                   9th Cir. Civ. Jury Instr. 17.12 [modified]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 5.

### COPYRIGHT INFRINGEMENT—ORIGINALITY

A valid copyright can consist of an original selection, coordination, and arrangement of unoriginal elements.

Requesting Party:          Plaintiff

Authority:                 *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012) ("Original selection, coordination, and arrangement of unprotectible elements may be protectible expression.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 6.

## COPYRIGHT IN A MUSICAL COMPOSITION AND COPYRIGHT IN A SOUND RECORDING

### 17 U.S.C. § 102(a)(2), (7)

Sound recordings and musical compositions are separate works with their own copyrights.

A musical composition is the music and words to a song, consisting of rhythm, harmony, melody, and lyrics. The author of a musical composition is generally the song's composer and/or lyricist.

A sound recording is a musical performance captured in a form that can be played back, such as a record, audio cassette tape, or digital music file. The author of a sound recording is generally the performer who is recorded, and/or the record producer who makes the recording.

Copyright in a recording of a song is not the same as, or a substitute for, copyright in the underlying musical composition. Therefore, use of a sound recording by someone other than its owner requires permission from both the owner of the sound recording copyright and the owner of the musical composition copyright.

565549.1

-12-

1   Requesting Party:      Plaintiff

2   Authority:      17 U.S.C. § 102(a)(2), (7); *Newton v. Diamond*, 204 F.

3      Supp. 2d 1244, 1248-49 (C.D. Cal. 2002) ("Sound

4      recordings and their underlying musical compositions are

5      separate works with their own distinct copyrights. . . .  The

6      rights of a copyright in a sound recording do not extend to

7      the song itself, and *vice versa*. . . .  A musical composition

8      consists of rhythm, harmony, and melody. . . [s]ound

9      recordings are works that result from the fixation of a

10      series of musical, spoken or other sounds. . . .  [T]he sound

11      recording is the sound produced by the performer's

12      rendition of the musical work.") (citations and quotes

13      omitted); *See also* 3 Melville B. Nimmer & David

14      Nimmer, *Nimmer on Copyright* §§ 2.05[D]; 2.10.

15

16

17

18

19 _____ GIVEN

20 _____ GIVEN AS MODIFIED

21 _____ REFUSED

22 _____ WITHDRAWN

23

24

25

26

27

28

565549.1

-13-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 7.

## COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

I previously instructed that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work *Khosara Khosara*.  The plaintiff may show the defendant copied from *Khosara Khosara* by showing by a preponderance of the evidence that the creator of *Big Pimpin'* had access to *Khosara Khosara* and that there are substantial similarities between *Big Pimpin'* and original elements of *Khosara Khosara*.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.15 [modified]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>PROPOSED JURY INSTRUCTION NO. 8.</u>

### COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

You may find that whoever created *Big Pimpin'* had access to *Khosara Khosara* if he had a reasonable opportunity to view or hear *Khosara Khosara* before *Big Pimpin'* was created.

Access may be shown by:

1. a chain of events connecting *Khosara Khosara* and the creator of *Big Pimpin'*s opportunity to view that work; or

2. *Khosara Khosara* being widely disseminated; or

3. a similarity between *Khosara Khosara* and *Big Pimpin'* that is so "striking" that it is highly likely the works were not created independent of one another.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.16 [modified]




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED JURY INSTRUCTION NO. 9.

## SUBSTANTIAL SIMILARITY

You may find substantial similarities between the plaintiff's and defendant's works where the defendant's work copies only a portion of the plaintiff's work but the copied portion is qualitatively important.

Requesting Party:        Plaintiff

Authority:                *Swirsky v. Carey*, 376 F.3d 841, 852 (9th Cir. 2004)
                         ("Even if a copied portion be relatively small in proportion
                         to the entire work, if qualitatively important, the finder of
                         fact may properly find substantial similarity"); *Baxter v.*
                         *MCA, Inc.,* 812 F.2d 421, 425 (9th Cir. 1987) (same).


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

# PROPOSED JURY INSTRUCTION NO. 10.

## INVERSE RATIO RULE

If the plaintiff makes a strong showing of access, then a lesser showing of substantial similarity is required.

Requesting Party:          Plaintiff

Authority:                 *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (the inverse ratio rule "requires a lesser showing of substantial similarity if there is a strong showing of access"); *Swirsky v. Carey*, 376 F.3d 844-45 (9th Cir. 2004) (same)


_____ GIVEN
_____ GIVEN AS MODIFIED
_____ REFUSED
_____ WITHDRAWN

### PROPOSED JURY INSTRUCTION NO. 11.

### COPYRIGHT—LICENSE DEFENSE

The defendants contend that they own licenses that permit them to use *Khosara Khosara* in *Big Pimpin'*.

A copyright owner may transfer or convey exclusively to another person any of the rights comprised in the copyright.  The person to whom this right is transferred is called a licensee.  The person who transferred the right is called a licensor.  A license to use a copyright is a form of a contract.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.11 [modified]

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 12.

### COPYRIGHT—LICENSE DEFENSE—SCOPE OF TRANSFER

A copyright owner or licensor may not convey more rights than he or she owns.

Requesting Party:          Plaintiff

Authority:                 *Davis v. Blige*, 505 F.3d 90, 99 (2d. Cir. 2007) ("Early in the twentieth century, we stated in the copyright context the venerable principle of the law of property that, while an owner may convey any of his rights to others permanently or temporarily, he may not convey more than he owns.  Accordingly, an owner may give a license to someone to exploit the work in some way, provided he owns that particular copyright interest.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____WITHDRAWN

-25-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**PROPOSED JURY INSTRUCTION NO. 13.**</u>

**COPYRIGHT—LICENSE DEFENSE—EXCEEDING SCOPE OF LICENSE**

A copyright licensee who exceeds the scope of his or her license commits copyright infringement.

Requesting Party:          Plaintiff

Authority:                 *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____WITHDRAWN

-27-

## **PROPOSED JURY INSTRUCTION NO. 14.**

### **COPYRIGHT—LICENSE DEFENSE—EGYPTIAN AGREEMENTS**

Three of the agreements the defendants rely upon to support their license defense are a 1968 agreement between Baligh Hamdy and Sout el Phan, a 1995 agreement between Osama Ahmed Fahmy and Sout el Phan, and a 2002 agreement between Fahmy and Mohsen Jaber.  These three agreements are governed by Egyptian law.

Under Egyptian law, the author of a copyright has the right to transfer to a third party all or some of his economic rights in the copyright.  To be valid, the transfer must be:

1. Certified in writing; and

2. Contain an explicit and detailed indication of each right to be transferred with the extent and purpose of transfer and the duration and place of exploitation.

Under Egyptian law, an author (and, if the author is deceased, the author's heir) possesses the right to prevent any deletion or modification of his work.  Any attempt to transfer this right is null and void.

Under Egyptian law, the author is the person who creates the work.  Unless proven otherwise, the author is the person whose name is indicated on, or attributed to, the published work.

Requesting Party:  Plaintiff

Authority:    Para. 1 (Egyptian law applies):  *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 84 (2d Cir. 1998); *Russian Academy of Sciences v. Am. Geophysical Union*, 1998 WL 34333239, at *1 (D.D.C. 1998); Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971).

        Para. 2 (requirements for Egyptian license):  See Dkt. 531-1, Ex. A to Plaintiff's Memorandum of Contentions of Fact and Law, 1954 Law at Art. 37; Ex. B, 2002 Law at Art. 149.

        Para. 3 (void transfers):  See Dkt. 531-1, Ex. A to Plaintiff's Memorandum of Contentions of Fact and Law, 1954 Law at Articles 7, 9, and 38; Ex. B, 2002 Law at Articles 143 and 145.

        Para. 4 (author):  See Dkt. 531-1, Ex. A to Plaintiff's Memorandum of Contentions of Fact and Law, 2002 Law at Article 138(3).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____WITHDRAWN

## **PROPOSED JURY INSTRUCTION NO. 15.**

### **COPYRIGHT—LICENSE DEFENSE—INTERPRETATION OF AGREEMENTS**

Laws that exist at the time and place of the making and performance of a contract enter into and form a part of the contract, as fully as if those laws had been expressly referred to or incorporated in the terms of the contract.

Requesting Party:     Plaintiff

Authority:            *Norfolk & Western Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 130 (1991), *quoting Farmers & Merchants Bank of Monroe v. Fed. Reserve Bank of Richmond*, 262 U.S. 649, 660 (1923) ("[l]aws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms.  This principle embraces alike those laws which affect its construction and those which affect its enforcement or discharge.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____WITHDRAWN

## **PROPOSED JURY INSTRUCTION NO. 16.**

### **COPYRIGHT—LICENSE DEFENSE—NO LICENSE DEFENSE ABSENT DISAGREEMENT BETWEEN THE PARTIES TO THE LICENSE**

When there is no dispute between a copyright licensor and licensee regarding the scope of the license, a person or entity who is not a party to the license cannot challenge that scope.

| | | |
|---|---|---|
| 1 | Requesting Party: | Plaintiff |
| 2 | Authority: | *Jules Jordan Video v. 144942 Canada Inc.*, 617 F.3d |
| 3 | | 1146, 1157 (9th Cir. 2010) ("It would be unusual and |
| 4 | | unwarranted to permit third parties such as the instant |
| 5 | | defendants to invoke § 101 [of the Copyright Act] to avoid |
| 6 | | a suit for infringement when there is no dispute between |
| 7 | | the two potential owners, and both are plaintiffs to the |
| 8 | | lawsuit.  Accordingly, we conclude that the district court |
| 9 | | erred in holding that the motion pictures were works for |
| 10 | | hire[.]"). |

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED JURY INSTRUCTION NO. 17.

## INTERPRETATION—DISPUTED WORDS

The plaintiff and the defendants dispute the meaning of various contracts that the defendants claim provide them a license.

In deciding what the words of a contract mean, you must decide what the parties intended at the time the contract was created. You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

Requesting Party:           Plaintiff

Authority:                  CACI Jury Instr. 314 [modified].




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 18.

### INTERPRETATION—INDUSTRY CUSTOM

You should assume that the parties to a contract intended the words in their contract to conform to any special meanings that adhere to those words among members of the parties' trade or industry.  Each contracting party is presumed to enter an agreement with knowledge of prevailing industry custom even if there is no specific proof that the party knew of the custom.

1   Requesting Party:          Plaintiff

2   Authority:                California Code Civil Procedure § 1856(c) ("The terms set

3                             forth in a writing . . . may be explained or supplemented

4                             by . . . usage of trade"); *Midwest Television, Inc. v. Scott,*

5                             *Lancaster, Mills & Atha, Inc.*, 205 Cal.App.3d 442, 451

6                             (1988) ("Generally, when there is a custom in a certain

7                             industry, those engaged in that industry are deemed to

8                             have contracted in reference to that practice unless the

9                             contrary appears. [c-o].  The prevailing industry custom

10                            binds those engaged in the business even though there is

11                            no specific proof that the particular party to the litigation

12                            knew of the custom.").

13

14

15

16   _____ GIVEN

17   _____ GIVEN AS MODIFIED

18   _____ REFUSED

19   _____ WITHDRAWN

20

21

22

23

24

25

26

27

28

## <u>PROPOSED JURY INSTRUCTION NO. 19.</u>

### INTERPRETATION—PROTECTION OF AUTHOR'S RIGHTS

You must construe a copyright license in accordance with the purposes underlying federal copyright law.  Chief among these purposes is the protection of the author's rights.

Requesting Party:        Plaintiff

Authority:               *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989) ("The license must be construed in accordance with the purposes underlying federal copyright law. [c-o]. Chief among these purposes is the protection of the author's rights.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## **PROPOSED JURY INSTRUCTION NO. 20.**

## **COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT**

### **(17 U.S.C. § 504(c)(2))**

An infringement is considered willful when the plaintiff has proved by a preponderance of the evidence that (1) the defendant knowingly infringed, or (2) the defendant's actions were the result of reckless disregard for or willful blindness to the copyright holder's rights.

| | | |
|---|---|---|
| 1 | Requesting Party: | Plaintiff |
| 2 | Authority: | *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 |
| 3 | | F.3d 668, 674 (9th Cir. 2012) ("[T]o prove 'willfulness' |
| 4 | | under the Copyright Act, the plaintiff must show (1) that |
| 5 | | the defendant was actually aware of the infringing activity, |
| 6 | | or (2) that the defendant's actions were the result of |
| 7 | | 'reckless disregard' for, or 'willful blindness' to, the |
| 8 | | copyright holder's rights"), quoting *Louis Vuitton* |
| 9 | | *Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, |
| 10 | | 944 (9th Cir. 2011); *In re Barboza*, 545 F.3d 702, 707 (9th |
| 11 | | Cir. 2008) (same). |

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

_____

## **PROPOSED JURY INSTRUCTION NO. 21.**

## **COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS**

### **(17 U.S.C. § 504(b))**

If you find that the defendant infringed the plaintiff's copyright, the plaintiff is entitled to any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of *Big Pimpin'*. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all overhead and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving by a preponderance of the evidence that the expenses were of actual assistance in the use or sale of *Big Pimpin'*.

Unless you find that a portion of the profit from the use or sale of *Big Pimpin'* is attributable to factors other than use of *Khosara Khosara*, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.

Requesting Party:          Plaintiff

Authority:                 9th Cir. Civ. Jury Instr. 17.24; *Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1332 (9th Cir. 1984) (deduction for permitted "only when the infringer can demonstrate it was of actual assistance in the production, distribution or sale of the infringing product").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**<u>PROPOSED JURY INSTRUCTION NO. 22.</u>**

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—INSEPARABLE ELEMENTS OF PROFIT**

**(17 U.S.C. § 504(b))**

If you determine that the infringing and noninfringing elements of *Big Pimpin'* cannot be readily separated, all of the defendant's profits from *Big Pimpin'* should be awarded to the plaintiff.

Requesting Party:          Plaintiff

Authority:                 *Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994) ("where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff.").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## <u>PROPOSED JURY INSTRUCTION NO. 23.</u>

### COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION OF TAXES--WILLFUL INFRINGEMENT

### (17 U.S.C. § 504(c)(2))

If you determine that the defendant infringed on the plaintiff's copyright willfully, then you shall not deduct any payments of income tax when calculating the defendant's profit.

1  Requesting Party:         Plaintiff

2  Authority:               *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487-88

3                           (9th Cir. 2000), citing *L.P. Larson, Jr., Co. v. Wm.*

4                           *Wrigley, Jr., Co.*, 277 U.S. 97, 99-100 (1928) (income

5                           taxes are not considered a "deductible expense" in cases of

6                           willful copyright infringement); see also *Oracle America,*

7                           *Inc. v. Google Inc.*, --- F.Supp.3d ---, 2015 WL 5522086,

8                           at *4 (N.D. Cal. Sept. 18, 2015) ("our court of appeals has

9                           indicated that a deduction for income tax and excess

10                          profits taxes should be disallowed where the infringement

11                          was willful").

12

13

14

15  _____ GIVEN

16  _____ GIVEN AS MODIFIED

17  _____ REFUSED

18  _____ WITHDRAWN

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED JURY INSTRUCTION NO. 24.

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION OF OVERHEAD--WILLFUL INFRINGEMENT**

**(17 U.S.C. § 504(c)(2))**

If you determine that the defendant infringed on the plaintiff's copyright willfully, then you shall not deduct any overhead expenses when calculating the defendant's profit.

Requesting Party:          Plaintiff

Authority:                 *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992)

                           ("Overhead may not be deducted from gross revenues to

                           arrive at profits when an infringement was deliberate or

                           willful."); *see also* Melville B. Nimmer, Nimmer on

                           Copyright, § 14.03[C][3]; *cf. Frank Music Corp. v. Metro-*

                           *Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985)

                           (implying that overhead may not be deducted when

                           calculating a willful copyright infringer's wrongful gain).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1  Respectfully Submitted:

2

3  DATED:  October 7, 2015                    BROWNE GEORGE ROSS LLP
                                              Peter W. Ross
4                                             Keith J. Wesley
                                              Jonathan Gottfried
5

6                                             By  _____/s/ Jonathan Gottfried_____
7                                                     Jonathan Gottfried
                                              Attorneys for Plaintiff Osama Ahmed Fahmy
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

565549.1

-50-