1  CHRISTINE LEPERA (Pro Hac Vice)
   ctl@msk.com
2  DAVID A. STEINBERG (SBN 130593)
   das@msk.com
3  Mitchell Silberberg & Knupp LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100
   ANDREW H. BART (Pro Hac Vice)
6  abart@jenner.com
   DANIEL A. ROZANSKY (SBN 161647)
7  drozansky@jenner.com
   JENNER & BLOCK LLP
8  633 West 5th Street, Suite 3600
   Los Angeles, California 90071
9  Telephone: (213) 239-5100
   Facsimile: (213) 239-5199
10 Counsel for Defendants – Continued after signatures

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13 Osama Ahmed Fahmy,                    | CASE NO. CV 07-05715 CAS (PJWx)

14        Plaintiff,                     | The Honorable Christina A. Snyder

15    v.                                 | **DEFENDANTS' [PROPOSED]
                                         | DISPUTED JURY
16 Jay-Z (aka Shawn Carter), Timothy     | INSTRUCTIONS**
   Mosely, Kyambo Joshua, Rob Bourdon,   |
17 Brad Delson, Mike Shinoda, Dave Ferrell, | Trial Date:  October 13, 2015
   Joseph Hahn, Chester Bennington, Big  | Time:        9:30 a.m.
18 Bad Mr. Hahn Music, Chesterchaz       | Ctrm:        5
   Publishing, EMI Blackwood Music, Inc.,|
19 EMI Music Publishing Ltd., Kenji      |
   Kobayashi Music, Lil Lulu Publishing, |
20 Machine Shop Recordings, LLC, Marcy   |
   Projects Productions II, Inc., MTV    |
21 Network Enterprises Inc., Nondisclosure |
   Agreement Music, Paramount Home       |
22 Entertainment, Inc., Paramount Pictures |
   Corporation, Radical Media, Rob Bourdon |
23 Music, Roc-A-Fella Records, LLC,      |
   Timbaland Productions, Inc., UMG      |
24 Recordings, Inc., Universal Music and |
   Video Distribution, Inc., and Warner  |
25 Music, Inc.,                          |

26        Defendants.

27

28

Mitchell
Silberberg &
Knupp LLP
7161196.1

_____
                **DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS**

1       Defendants submit the following proposed jury instructions, in addition to

2   the joint instructions separately filed.  The instructions are split into separate

3   sections for the liability phase and, if necessary, the damages phase.  In accordance

4   with the Court's local rules, the Parties intend to submit objections to the disputed

5   jury instructions on Friday, October 9, 2015.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

## INDEX OF PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1. | CONDUCT OF THE JURY | 9th Cir. 1.12 (modified) | 1 |
| 2. | CONTRACT INTERPRETATION— GENERAL | CACI 314 | 3 |
| 3. | WRITING SOLE GUIDE | Cal. Civ. Code §§ 1638, 1639 | 4 |
| 4. | INTERPRETATION— GIVING EFFECT TO GENERAL INTENT AND PURPOSE | Cal. Civ. Code §§ 1650, 1652 | 5 |
| 5. | INTERPRETATION— CONSTRUCTION BY CONDUCT | CACI 318 | 6 |
| 6. | STATUTE OF LIMITATIONS | Order dated December 9, 2011 (Docket No. 309); see also Order dated December 3, 2013 (Docket No. 386). | 7 |
| 7. | INTRODUCTION TO COPYRIGHT CLAIM | 3 Kevin F. O'Malley, *et al.*, Federal Jury Practice & Instructions § 160.01 (5th ed. 2001); 9th Cir. 17.0; 9th Cir.17.1 (modified); *Mattel, Inc. v. Goldberger Doll Mf'g Co.*, 365 F.3d 133, 135-36 (2d Cir. 2004); *Lamps Plus, Inc. v. Seattle Lighting* | 8 |

Mitchell Silberberg & Knupp LLP

7161196.1

i

[PROPOSED] JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| | | *Fixture Co.*, 345 F.3d 1140, 1143-44 (9th Cir. 2003). | |
| 8. | EXPLANATION OF MUSICAL COMPOSITIONS AND SOUND RECORDINGS | *Newton v. Diamond*, 349 F.3d 591, 592-93 (9th Cir. 2003) | 10 |
| 9. | RIGHT TO RECEIVE ROYALTIES | *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 834-35 (9th Cir. Cal. 1996) ("[R]oyalty rights reserved in a contract transferring a copyright are a concern of state contract law only and are not a concern of federal law at all."); *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 161-162 (S.D.N.Y. 2001) ("the right to receive royalties is not a copyright interest"), citing *TB Harms Co. v. Eliscu*, 339 F.2d, 823,825 (2d Cir. 1964) ("Infringement, as used in copyright law, does not include everything that may impair the value of the | 12 |

Mitchell
Silberberg &
Knupp LLP

7161196.1

ii

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
|  |  | copyright; it is doing one or more of those things which § 1 of the [1909] Act, 17 U.S.C. § 1, reserves exclusively to the copyright owner."). |  |
| 10. | OWNERSHIP AND COPYING | 9th Cir. 17.4 (modified). | 13 |
| 11. | OWNERSHIP OF A VALID COPYRIGHT | 9th Cir. 17.5 (modified); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1143-47 (9th Cir. 2003). | 14 |
| 12. | ORIGINALITY | 3 Kevin F. O'Malley, *et al.*, <u>Federal Jury Practice & Instructions</u> § 160.23 (5th ed. 2001); 9th Cir. 17.12 (modified); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991); *Mattel, Inc. v. Goldberger Doll Mf'g Co.*, 365 F.3d 135-36 (2d Cir. 2004); *L. Batlin & Son, Inc. v. Snyder*, | 15 |

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | 536 F.2d 486, 489-90 (2d Cir. 1976); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548-49 (S.D.N.Y. 2000); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1146-47 (9th Cir. 2003); *Satava v. Lowry*, 323 F.3d 805, 910 (9th Cir. 2003). | |
| 13. | FAIR USE | 9th Cir. 17.18 (modified); *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1176 (9th Cir. 2013); *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 938-42 (9th Cir. 2002); *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1279 (9th Cir. 2013); see also *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 586 (1994). | 17 |
| 14. | COPYRIGHT INTERESTS—ASSIGNEE | 9th Cir. 17.10 | 20 |

| Number | Title | Source | Page Number |
|---|---|---|---|
| 15. | COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE | 9th Cir. 17.11 | 21 |
| 16. | COPYRIGHT INTERESTS—NONEXCLUSIVE LICENSEE | Dkt. No. 509 | 22 |
| 17. | COPYRIGHT INTERESTS—BLANKET LICENSE | *Freeplay Music, Inc. v. Cox Radio, Inc.,* 404 F. Supp. 2d 548, 552-554 (S.D.N.Y. 2005). | 23 |
| 18. | LICENSES – COVENANTS VS. CONDITIONS | *Sun Microsystems, Inc. v. Microsoft Corp.*, 81 F. Supp. 2d 1026 (N.D. Cal. 2000); *Standard Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 383 (9th Cir. 1965) ("[A] court will not imply that a covenant is a condition unless it clearly appears the parties so intended it ."). | 25 |
| 19. | THE TRANSFER OF ECONOMIC RIGHTS | 17 U.S.C. §§ 106, 201, 204; Egypt Law No. 82 of 2002 (2002 Intellectual Property Law), Articles 147 and 149 (author may transfer "all or some of his economic rights"); Order dated May | 26 |

v

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|---|---|---|---|
| | | 27, 2015 (Docket No. 509) at 2; Order dated May 2, 2011 (Docket No. 271) at 15;  Cal. Civ. Code § 3531 ("The law never requires impossibilities."); *In re Nofziger*, 925 F.2d 428, 434 (D.C. Cir. 1991) ("Legislatures are presumed to act reasonably and statutes will be construed to avoid unreasonable and absurd results."). | |
| 20. | TRANSFERABLE ADAPTATION RIGHT UNDER EGYPTIAN LAW | Order dated May 27, 2015 (Docket No. 509) at 2; Order dated May 2, 2011 (Docket No. 271) at 15.  *See also, e.g.,* Berne Convention, Article 6*bis* ("Independently of the author's economic rights, and even after the transfer of the said rights, the author shall have the right to claim authorship of the work and to object to any distortion, | 28 |

Mitchell
Silberberg &
Knupp LLP

7161196.1

vi

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|---|---|---|---|
| | | mutilation or other modification of, or other derogatory action in relation to, the said work, which would be prejudicial to his honor or reputation."); Berne Convention, Article 12 (separate economic right of adaptation); 17 U.S.C. 106A(a) (moral rights of attribution and integrity in visual works are "independent of the exclusive rights provided in section 106"). | |
| 21. | EGYPTIAN MORAL RIGHTS | Order dated May 27, 2015 (Docket No. 509) at 2, 9 n.6; Order dated May 2, 2011 (Docket No. 271) at 15-16 & n.8; *Kelley v. Chicago Park Dist.*, 635 F.3d 290, 296 (7th Cir. Ill. 2011), *cert. denied*, 132 S. Ct. 380 (2011) (Moral rights "are understood as rights inhering in the artist's personality, transcending | 29 |

Mitchell
Silberberg &
Knupp LLP

7161196.1

vii

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | property and contract rights and existing independently of the artist's economic interest in his work."); *Garcia v. Google, Inc.,* 786 F.3d 733, 746 (9th Cir. Cal. 2015) ("Nor is [plaintiff] protected by the benefits found in many European countries, where authors have 'moral rights' to control the integrity of their works and to guard against distortion, manipulation, or misappropriation."), citing *Kelley*, *supra*; Nimmer on Copyright § 8D.01 ("The[] separate viability [of moral rights] is such that a full transfer of copyright may suffice for all economic purposes, but may exert no impact on the assertion of [moral rights] claims."); Egypt Law No. 82 of 2002 (2002 Intellectual Property Law) at | |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | Articles 143 (providing moral rights), 147 and 149 (providing transferable economic rights including right of adaptation); Berne Convention at Articles 6*bis*, 12. | |
| 22. | COPYING—ACCESS AND SUBSTANTIAL SIMILARITY | 9th Cir. 17.15 (modified); *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Masterson Mktg. v. KSL Rec. Corp.*, 495 F. Supp. 2d 1044,1049  (S.D. Cal. 2007). | 31 |
| 23. | SUBSTANTIAL SIMILARITY | Comment to 9th Cir. 17.17; *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (9th Cir. 2010); *Newton v. Diamond*, 349 F.3d 591, 594-98 (9th Cir. 2003); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 824-25 (9th Cir. 2002). | 32 |
| 24. | *DE MIMINIS* USE | *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1256-57 (C.D. Cal. | 34 |

1X

Mitchell Silberberg & Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | 2002), *aff'd* 349 F.3d 591 (9th Cir. 2003). | |
| 25. | "THIN" COPYRIGHT | Comment to 9th Cir. 17.12; *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996); *American Code Co. v. Bensinger*, 282 F. 829, 833 (2d Cir. 1922); *Gund v. Smile Int'l, Inc.*, 691 F. Supp. 642, 645 (E.D.N.Y. 1988), aff'd, 872 F.2d 1021 (2d Cir. 1989). 4 <u>Nimmer on Copyright</u>, §13.03, 13-28; *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994); *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003). | 35 |
| 26. | AGENCY | 9th Cir. 4.8 (modified) | 36 |
| 27. | PRESCRIPTION | Egyptian Civil Code, Article 140; <u>see also</u> Declaration of Walid Abou Farhat (Docket No. 568-2), ¶ 16. | 37 |
| 28. | WAIVER | *Intel Corp. v.* | 38 |

Mitchell Silberberg & Knupp LLP

7161196.1

x

**[PROPOSED] JURY INSTRUCTIONS**

| Number | Title | Source | Page Number |
|---|---|---|---|
|  |  | *Hartford Acc. & Idem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991); *AirWair Int'l Ltd. v. Schultz*, 2015 U.S. Dist. LEXIS 36195 at *27-28 (N.D. Cal. Mar. 23, 2015); *Eliminator Custom Boats v. Am. Marine v. Am. Marine Holdings, Inc.*, 2007 U.S. Dist. LEXIS 96414 at *6 (C.D. Cal. Nov. 5, 2007); CACI 336. |  |
| 29. | ESTOPPEL | Order dated August 12, 2013 (Docket No. 380) at 18-20; *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (for estoppel purposes, "[a] holding out may be accomplished by silence and inaction"); *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003) ("[I]t is accepted that estoppel may be accomplished by a plaintiff's silence and inaction"); | 40 |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
|        |       | *DeCarlo v. Archie Comic Publications, Inc.,* 127 F. Supp. 2d 497, 509-510 (S.D.N.Y. 2001); *Compaq Computer Corp. v. Ergonome, Inc.,* 210 F. Supp. 2d 845, 849 (S.D. Tex. 2002) ("Equitable estoppel "focuses on what the [accused infringer] has been led to reasonably believe from the [claimant's] conduct."); *Hadady Corp. v. Dean Witter Reynolds,* 739 F. Supp. 1392, 1399 (C.D. Cal. 1990); *Hayden v. Chalfant Press, Inc.,* 177 F. Supp. 303, 308 (S.D. Cal. 1959) ("Estoppel inures not only to the benefit of a party, but also to those in privity with or who claim under him whether as assignees or not."); *see also Arctic Cat, Inc. v. Injection Research Specialists, Inc.,* |  |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|---|---|---|---|
| | | 362 F. Supp. 2d 1113, 1127 (D. Minn. 2005); Docket No. 418 at 10 (vacating orders at Docket Nos. 380 and 386 only "to the extent that [they] found that laches barred plaintiff's claims"). | |
| 30. | UNCLEAN HANDS | 4 Nimmer on Copyright § 13.09; Dollar Sys., Inc. v. Avcar Leasing Sys., Inc., 890 F.2d 165, 173 (9th Cir. 1989). | 43 |
| 31. | EVIDENCE LOST AS A RESULT OF DELAY | Dkt. No. 380 (August 12, 2013 Order at 11-13). | 44 |
| 32. | INNOCENT INFRINGEMENT | 9th Cir. 17.26 | 45 |
| 33. | WILLFUL INFRINGEMENT | 9th Cir. 17.27 (modified); Evergreen Safety Council v. RSA Network Inc., 697 F.3d 1221, 1228 (9th Cir. 2012); Danjaq LLC v. Sony Corp., 263 F.3d 942, 956-959 (9th Cir.2001); Docket Nos. 380, 386. | 46 |
| 34. | DUTY OF JURY | 9th Cir. 1.1C (modified). | 49 |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|---|---|---|---|
| 35. | DAMAGES | 9th Cir. 1.5 (modified), 5.1 (modified), 17.22 (modified); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 514 n.8 (9th Cir. 1985); *Shapiro, Bernstein, & Co. v. 4636 S. Vermont Ave., Inc.*, 367 F.2d 236, 241 (9th Cir. 1966). | 51 |
| 36. | CAUSAL NEXUS | 9th Cir. 17.24 (modified); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711-12 (9th Cir. 2004); *Mackie v. Reiser*, 296 F.3d 909, 911-15 (9th Cir. 2002); *Davis v. Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001); *Dash v. Mayweather*, 731 F.3d 303, 327 (4th Cir. 2013); *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977); 4 *Nimmer on Copyright* § 14.03[B]. | 53 |
| 37. | CONCERT REVENUES | *Cream Records, Inc. v. Joseph Schlitz Brewing* | 54 |

[PROPOSED] JURY INSTRUCTIONS

Mitchell Silberberg & Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | *Co.*, 754 F.2d 826, 828-29 (9th Cir. 1985); Model 9th Cir. 17.24; ECF No. 309, at 10-12. | |
| 38. | APPORTIONMENT/ DEDUCTIONS | 9th Cir. 17.24 (modified); *Sheldon v. Metro-Goldwyn Pictures, Inc.*, 309 U.S. 390, 405-06 (1939); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 517-19 (9th Cir. 1985); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1549-50 (9th Cir. 1989); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000); *Oracle Am., Inc. v. Google Inc.*, --- F. Supp. 3d ----, 2015 WL 5522086, at *4 (N.D. Cal. 2015). | 56 |
| 39. | RECOVERABLE PROFITS LIMITED TO MUSICAL COMPOSITION | Order dated September 24, 2015 (Docket No. 626) at 20, citing Newton v. Diamond, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002) ("Plaintiff contends that | 58 |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| | | Defendants' sampling infringed upon his underlying musical composition. Accordingly, the court must first determine what elements of plaintiff's work are protected by his copyright in the musical composition, as opposed to those protected by the copyright in the sound recordings, and 'filter out' the latter."); see also id. at 1248-49 ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights."); 6 Nimmer on Copyright § 30.01 (defining sound recordings as "the physical embodiment of a particular performance of the musical composition"). | |
| 40. | RECOVERY LIMITED TO SHARE OF COPYRIGHT | *Edward B. Marks Music Corp. v.* | 59 |

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell Silberberg & Knupp LLP

7161196.1

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
|  |  | *Jerry Vogel Music Co.*, 140 F.2d 268, 270 (2d Cir. 1944) (where co-owners not joined, recovery limited to "the plaintiff's own part," including "its proper share of the profits"); *Manno v. Tenn. Prod. Ctr., Inc.*, 2009 U.S. Dist. LEXIS 60994, 15-16 (S.D.N.Y. July 18, 2009), citing Nimmer on Copyright § 12.03 (2009). |  |
| 41. | STIPULATIONS OF FACT (DAMAGES) | 9th Cir. 3.3 (modified) | 60 |
| 42. | RETURN OF VERDICT | 9th Cir. 3.3 (modified) | 61 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13

# LIABILITY PHASE

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

7161196.1

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 1
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

1

2      Because you will receive all the evidence and legal instruction you properly

3      may consider to return a verdict: do not read, watch, or listen to any news or

4      media accounts or commentary about the case or anything to do with it; do

5      not do any research, such as consulting dictionaries, searching the Internet or

6      using other reference materials; and do not make any investigation or in any

7      other way try to learn about the case on your own.

8

9      In addition, you may not speak to the lawyers for any reason until your

10     deliberations have concluded and I have instructed you that you are free to speak

11     with them.  The lawyers are also obligated not to communicate with you during the

12     course of the trial.  You are not permitted to converse or communicate with the

13     lawyers, whether or not it concerns the subject matter of the case.  If you see one of

14     the lawyers in the hallway or in the elevator and he or she does not make contact,

15     please do not interpret that as the lawyer being unfriendly; he or she is simply

16     fulfilling his or her ethical duty.  The law requires these restrictions to ensure the

17     parties have a fair trial based on the same evidence that each party has had an

18     opportunity to address.  A juror who violates these restrictions jeopardizes the

19     fairness of these proceedings[, and a mistrial could result that would require the

20     entire trial process to start over].  If any juror is exposed to any outside

21     information, please notify the court immediately.

22

23     **SOURCE:**   9th Cir. 1.12 (modified)

24

25                              **DEFENDANTS' POSITION**

26

27                              **PLAINTIFF'S OBJECTION**

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

2

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 2**

**CONTRACT INTERPRETATION—GENERAL**

In this case, in order to determine whether Plaintiff transferred, sold, licensed, or otherwise conveyed to another person or entity any or all of his economic interests (if any) in the "Khosara" musical composition, you must interpret contracts.

In deciding what the words of a contract mean, you must determine what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

**SOURCE:**   CACI 314

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

7161196.1

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 3

## WRITING SOLE GUIDE

When the contract at issue is a written contract, you should determine what the parties intended at the time the contract was made based on the writing alone, if possible.  Where the language is clear and not absurd, it must be followed.

**SOURCE:**   Cal. Civ. Code §§ 1638, 1639

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

1   **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 4**

2   **INTERPRETATION—GIVING EFFECT TO GENERAL INTENT AND**

3   **PURPOSE**

4

5   Particular clauses of a contract are subordinate to its general intent.  In

6   deciding what the words of a contract meant to the parties, you should resolve

7   inconsistencies in a way that gives effect to the general intent and purpose of the

8   whole contract.

9

10   **SOURCE:**   Cal. Civ. Code §§ 1650, 1652

11

12   **DEFENDANTS' POSITION**

13

14   **PLAINTIFF'S OBJECTION**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1    **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 5**

2    **INTERPRETATION—CONSTRUCTION BY CONDUCT**

3

4         In deciding what the words in a contract meant to the parties, you may

5    consider how the parties acted after the contract was created but before any

6    disagreement between the parties arose.

7

8    **SOURCE:**   CACI 318

9

10                          **DEFENDANTS' POSITION**

11

12                          **PLAINTIFF'S OBJECTION**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 6
## STATUTE OF LIMITATIONS

I have found that all of Plaintiff's claims alleging copyright infringement prior to August 31, 2004 are barred due to the statute of limitations.  To find a defendant liable, you must find that they committed copyright infringement on or after August 31, 2004.

**SOURCE:**  Order dated December 9, 2011 (Docket No. 309); <u>see</u> <u>also</u> Order dated December 3, 2013 (Docket No. 386).

### DEFENDANTS' POSITION

### PLAINTIFF'S OBJECTION

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 7**
**INTRODUCTION TO COPYRIGHT CLAIM**

Plaintiff has filed a claim against Defendants for violation of the United States Copyright Act, which governs this case.  In order for you to undertake your responsibility, you must know what a copyright is, what it protects, and what it does not protect.  Copyright confers certain exclusive rights to the owner of a work including the rights to:

(1)  Reproduce or authorize the reproduction of the copyrighted work;

(2)  Prepare derivative works based upon the copyrighted work.

(3)  Distribute the copyrighted work to the public;

(4)  Perform publicly a copyrighted musical work; and

It is the owner of a copyright who may exercise these rights.  The term "owner" includes the author of the work or an assignee.

Copyright does not protect ideas or themes, only an author's particularized expression of an idea or theme.

**SOURCE:**  3 Kevin F. O'Malley, *et al*., Federal Jury Practice & Instructions § 160.01 (5th ed. 2001); 9th Cir. 17.0; 9th Cir.17.1 (modified); *Mattel, Inc. v. Goldberger Doll Mf'g Co.*, 365 F.3d 133, 135-36 (2d Cir. 2004); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1143-44 (9th Cir. 2003).

Mitchell
Silberberg &
Knupp LLP

7161196.1

1

**DEFENDANTS' POSITION**

2

3

**PLAINTIFF'S OBJECTION**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 8**

**EXPLANATION OF MUSICAL COMPOSITIONS AND SOUND RECORDINGS**

Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights.

A musical composition consists of rhythm, harmony, melody, and structure captured in written form.  A musical composition's copyright protects the generic sound that would necessarily result from any performance of the piece.

Sound recordings are works that result from the fixation of a series of musical, spoken, or other sounds.  In other words, the sound recording is the sound produced by a performer's rendition of a musical composition.  The same musical composition can be performed and embodied in different ways in multiple sound recordings.

In this case, Plaintiff has no rights in any sound recording of the "Khosara" musical composition, and only claims to own a copyright in a musical composition.  I have already ruled that Plaintiff may not prove ownership or authorship of any "Khosara" musical composition based upon any sound recordings said to embody performances of the "Khosara" musical composition.

**SOURCE:**   *Newton v. Diamond*, 349 F.3d 591, 592-93 (9th Cir. 2003)

**DEFENDANTS' POSITION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

10

**[PROPOSED] JURY INSTRUCTIONS**

1

**PLAINTIFF'S OBJECTION**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

1
2

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 9
## RIGHT TO RECEIVE ROYALTIES

3

4
5

     The right to receive royalties from use of a copyrighted work is not an exclusive right that can be enforced through a claim of copyright infringement.

6

7
8
9
10
11
12
13
14
15

**SOURCE:**  *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 834-35 (9th Cir. Cal. 1996) ("[R]oyalty rights reserved in a contract transferring a copyright are a concern of state contract law only and are not a concern of federal law at all."); *Hayes v. Carlin Am., Inc.*, 168 F. Supp. 2d 154, 161-162 (S.D.N.Y. 2001) ("the right to receive royalties is not a copyright interest"), <u>citing</u> *TB Harms Co. v. Eliscu*, 339 F.2d, 823,825 (2d Cir. 1964) ("Infringement, as used in copyright law, does not include everything that may impair the value of the copyright; it is doing one or more of those things which § 1 of the [1909] Act, 17 U.S.C. § 1, reserves exclusively to the copyright owner.").

16

17

## DEFENDANTS' POSITION

18

19

## PLAINTIFF'S OBJECTION

20
21
22
23
24
25
26
27
28

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 10

## OWNERSHIP AND COPYING

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1. the plaintiff is the owner of a valid copyright; and

2. the defendant copied original elements from the copyrighted work.

As I will explain to you in a moment, the term "original" has a special meaning for purposes of copyright law that may be different from your everyday use of the term.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**SOURCE:**   9th Cir. 17.4 (modified).

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

13

**[PROPOSED] JURY INSTRUCTIONS**

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 11
## OWNERSHIP OF A VALID COPYRIGHT

Plaintiff is the owner of a valid copyright in the *Khosara* musical composition for purposes of this action if Plaintiff proves the following two elements by a preponderance of the evidence.

1.  The copyright in the work, which originated with the author (*i.e.*, the person who actually created the work), has been properly transferred to Plaintiff (and thereafter not transferred by him) to permit him to claim ownership of the composition during the period at issue in this trial, which is the period after August 31, 2004;

2.  Plaintiff complied with all of the formalities of the copyright law.

You must find that Plaintiff has proved both of these elements by a preponderance of the evidence before you can consider whether Plaintiff has proved other aspects of Plaintiff's claim.

**SOURCE:**   9th Cir. 17.5 (modified*); Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 654 F.3d 958, 962 (9th Cir. 2011); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1143-47 (9th Cir. 2003).

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

14
**[PROPOSED] JURY INSTRUCTIONS**

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 12

## ORIGINALITY

The indispensable requirement of any copyright protection is originality. Although a copyrighted work may include or incorporate elements taken from prior works, the original part of a copyrighted work is the part created:

1.     independently by the work's author, that is, the author did not copy it from another work (although it need not be new or novel); and

2.     by use of some minimal creativity.

Copyright protection does not extend if an author expended effort in creating something that contained variations from previously existing art that are only trivial, miniscule, common, or trite.  Plaintiff must show that the author of the work made a substantial original contribution or a substantial original variation distinguishable from previously existing works.

Because copyright protection for musical works depends upon originality, Plaintiff must prove that the expression in the "Khosara" musical composition for which he seeks protection was created solely by the author, and not copied by the author from other sources.  In other words, the author may look at other works for ideas or inspiration, but if the author merely copies or mimics what is in other public sources or works, then the author's design is not original, and the copyright, if it is obtained, is not to be considered a valid copyright.

If Defendants offer proof of lack of originality or copyrightability into evidence, the burden of proof shifts back to Plaintiff to overcome such evidence.

Mitchell
Silberberg &
Knupp LLP

7161196.1

15

1   Even if the Defendants' work is similar to Plaintiff's composition, if the aspects of

2   Plaintiff's composition at issue are not sufficiently original to Plaintiff, then the

3   Defendants are not liable for copyright infringement.

4

5   **SOURCE:**   3 Kevin F. O'Malley, *et al.*, Federal Jury Practice & Instructions

6   § 160.23 (5th ed. 2001); 9th Cir. 17.12 (modified); *Feist Publications, Inc. v. Rural*

7   *Tel. Serv. Co.*, 499 U.S. 340, 345 (1991); *Mattel, Inc. v. Goldberger Doll Mf'g Co.*,

8   365 F.3d 135-36 (2d Cir. 2004); *L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486,

9   489-90 (2d Cir. 1976); *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548-49 (S.D.N.Y.

10  2000); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991); *Lamps*

11  *Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1146-47 (9th Cir. 2003);

12  *Satava v. Lowry*, 323 F.3d 805, 910 (9th Cir. 2003).

13

14                                    **DEFENDANTS' POSITION**

15

16                                    **PLAINTIFF'S OBJECTION**

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

# [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 13

## FAIR USE

One who is not the owner of the copyright may use the copyrighted work in a reasonable way without the consent of the copyright owner under the circumstances described below.  Such use of a copyrighted work is called a fair use.  The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendants have the burden of proving this defense by a preponderance of the evidence.  If you find that Defendants proved by a preponderance of the evidence that Defendants made a fair use of the Plaintiff's work, your verdict should be for Defendants.

In determining whether the use made of the work was fair, you should consider the following factors:

1.     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2.     the nature of the copyrighted work;

3.     the amount and substantiality of the portion of Plaintiff's work that was used in relation to the Plaintiff's work as a whole; and

4.     the effect of the use upon the potential market for or value of the copyrighted work.

1    Factor one and factor four are generally viewed as the most important

2    factors.

3

4    The first factor in the fair use inquiry is "the purpose and character of the

5    use, including whether such use is of a commercial nature or is for nonprofit

6    educational purposes."  The central purpose of this factor is to see whether and to

7    what extent the new work is transformative.  One work transforms another when

8    the new work adds something new, with a further purpose or different character,

9    altering the first with new expression, meaning or message.  The use must be

10   productive and must employ the copied material in a different manner or for a

11   different purpose from the original.  Where copying of copyrighted material

12   merely repackages or republishes the original it is unlikely to pass the test because

13   it would merely supersede the objects of the original.  If, on the other hand, the

14   secondary use adds value to the original – if the copied material is used as raw

15   material, transformed in the creation of new information, new aesthetics, new

16   insights and understandings – this is the very type of activity that the fair use

17   doctrine intends to protect for the enrichment of society.  For a new work to be

18   transformative, it does not need to comment on the original.

19

20   The second fair use factor is "the nature of the copyrighted work."  The use

21   by defendants of works which have already been published are more likely to

22   qualify as fair use because the first appearance of the artist's expression has

23   already occurred.

24

25   The third factor looks to the quantitative amount and qualitative value of the

26   original work used in relation to the justification for that use.

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

18

**[PROPOSED] JURY INSTRUCTIONS**

The fourth factor asks what effect the allegedly infringing use has on the potential market for or value of the copyrighted work.  This factor considers the extent of market harm caused by the particular actions of the alleged infringer and also whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original.  Where the allegedly infringing use does not substitute for the original and serves a different market function, this factor weighs in favor of fair use.

**SOURCE:**  9th Cir. 17.18 (modified); *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1176 (9th Cir. 2013); *L.A. News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 938-42 (9th Cir. 2002); *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1279 (9th Cir. 2013); <u>see</u> <u>also</u> *Campbell v. Acuff-Rose Music*, 510 U.S. 569, 586 (1994).

## **DEFENDANTS' POSITION**

## **PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 14**

**COPYRIGHT INTERESTS—ASSIGNEE**

A copyright owner may transfer, sell or convey to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred, sold, or conveyed becomes the owner of the copyrights in the work.

**SOURCE:**  9th Cir. 17.10

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1    **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 15**

2    **COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE**

3

4        A copyright owner may transfer, sell or convey exclusively to another

5    person any of the rights comprised in the copyright.  To be valid, the transfer, sale,

6    or conveyance must be in writing.  The person to whom this right is transferred is

7    called a licensee.

8

9    **SOURCE:**  9th Cir. 17.11

10

11                    **DEFENDANTS' POSITION**

12

13                    **PLAINTIFF'S OBJECTION**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 16**

**COPYRIGHT INTERESTS—NONEXCLUSIVE LICENSEE**

In addition to exclusive licenses, licenses can also be nonexclusive.  A nonexclusive license gives the licensee the right to use a musical composition, while the licensor remains free to license the same right to others.  A nonexclusive license may be granted orally, or may even be implied from conduct.  Consent given in the form of permission or lack of objection is also equivalent to a nonexclusive license.  A nonexclusive license is not required to be in writing, and is a defense to copyright infringement.

**SOURCE:**  Dkt. No. 509

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

22

1

2

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 17
## COPYRIGHT INTERESTS—BLANKET LICENSE

3

4      One type of licensee is a performing rights organization.  A performing

5   rights organization is an entity that obtains from the owner of a copyright or

6   exclusive rights in musical compositions the nonexclusive right to further license

7   the public performance of those musical compositions.  The performing rights

8   organization maintains a repertoire of musical compositions licensed in this way.

9   A performing rights organization may then grant a nonexclusive blanket license to

10  a facility (including a concert venue) or anyone with promotional responsibility at

11  that facility, in exchange for a fee.  That blanket license authorizes the facility (and

12  any person performing at the facility) to play, perform, or cause to be performed

13  any musical composition in the performing rights organization's repertoire.

14      Defendants contend that at all relevant times a performing rights

15  organization or organizations such as BMI, ASCAP, and SESAC had the

16  nonexclusive right to further license the public performance of the *Khosara*

17  musical composition.  Defendants also contend that they were authorized to

18  perform the *Khosara* musical composition at any facility that had obtained a

19  blanket license from a performing rights organization, as long as that blanket

20  license included the right to perform the *Khosara* musical composition.

21

22      A Defendant's public performance of the *Khosara* musical composition is

23  not infringing if you find by a preponderance of the evidence that:

24

25      (1)    A performing rights organization obtained the right to further license

26  the public performance of the *Khosara* musical composition; and

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1    (2)    The Defendant performed the *Khosara* musical composition pursuant

2  to the terms of a blanket license granted by a performing rights organization to the

3  facility, or anyone with promotional responsibility at that facility, at which he

4  performed.

5

6  **SOURCE:**   *Freeplay Music, Inc. v. Cox Radio, Inc.,* 404 F. Supp. 2d 548, 552-554

7  (S.D.N.Y. 2005).

8

9                      **DEFENDANTS' POSITION**

10

11                      **PLAINTIFF'S OBJECTION**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 18
## LICENSES – COVENANTS VS. CONDITIONS

In determining whether any restriction exists in a license agreement, you must also determine whether the restriction is a "covenant" in the license or a "condition" of the license.  A covenant is a contractual promise which if breached does not create an infringement claim.  On the other hand, if a condition of a license is not honored, a claim of infringement may arise.  Where language may be interpreted either as a covenant or a condition, you should look to the totality of the agreement.

**SOURCE:**  *Sun Microsystems, Inc. v. Microsoft Corp.*, 81 F. Supp. 2d 1026 (N.D. Cal. 2000); *Standard  Oil Co. of Cal. v. Perkins*, 347 F.2d 379, 383 (9th Cir. 1965) ("[A] court will not imply that a covenant is a condition unless it clearly appears the parties so intended it .").

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 19

2

## THE TRANSFER OF ECONOMIC RIGHTS

3

4      Copyright includes the right to adapt the work – that is, to prepare derivative

5  works based upon a work such as a musical composition.  In both the United States

6  and in Egypt, the adaptation right is an "economic right" or "financial right."

7

8      In the United States and in Egypt, a copyright owner can transfer all or some

9  of his or her economic rights in a work, including the adaptation right, to another

10  person through a written contract.  When transferring only some economic rights,

11  the contract must identify which specific rights the copyright owner intends to

12  transfer.  When transferring all economic rights, it is not necessary to specifically

13  list each right; a contract is sufficient if it indicates an intent to transfer all of the

14  copyright owner's economic rights.  In deciding what the parties to a contract

15  intended, you must use Instruction Nos. ___-___ regarding contract interpretation.

16

17  **SOURCE:**  17 U.S.C. §§ 106, 201, 204; Egypt Law No. 82 of 2002 (2002

18  Intellectual Property Law), Articles 147 and 149 (author may transfer "all or some

19  of his economic rights"); Order dated May 27, 2015 (Docket No. 509) at 2; Order

20  dated May 2, 2011 (Docket No. 271) at 15;  Cal. Civ. Code § 3531 ("The law

21  never requires impossibilities."); *In re Nofziger*, 925 F.2d 428, 434 (D.C. Cir.

22  1991) ("Legislatures are presumed to act reasonably and statutes will be construed

23  to avoid unreasonable and absurd results.").

24

25

## DEFENDANTS' POSITION

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

1   **PLAINTIFF'S OBJECTION**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

# [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 20

## TRANSFERABLE ADAPTATION RIGHT UNDER EGYPTIAN LAW

I have already determined that a transferable right to adapt or make derivative works from copyrighted material exists independently of inalienable moral rights under Egyptian law.

**SOURCE:**   Order dated May 27, 2015 (Docket No. 509) at 2; Order dated May 2, 2011 (Docket No. 271) at 15.  *See also, e.g.,* Berne Convention, Article 6*bis* ("Independently of the author's economic rights, and even after the transfer of the said rights, the author shall have the right to claim authorship of the work and to object to any distortion, mutilation or other modification of, or other derogatory action in relation to, the said work, which would be prejudicial to his honor or reputation."); Berne Convention, Article 12 (separate economic right of adaptation); 17 U.S.C. 106A(a) (moral rights of attribution and integrity in visual works are "independent of the exclusive rights provided in section 106").

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell Silberberg & Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 21

## EGYPTIAN MORAL RIGHTS

Egypt recognizes authors and their heirs to have "moral rights" that exist independently of economic rights in a copyrighted work. Even if economic rights in a work have been transferred to another owner, in Egypt, moral rights allow authors and their heirs to claim authorship of works, and to object to any modification of a work considered by them as a "distortion" or "mutilation." This is true even if an author has transferred economic rights permitting adaptations and/or derivative works. While economic rights are always transferable, Egyptian moral rights cannot be transferred: they are personal to the author and descend to the author's heirs.

I have already determined that the United States does not recognize moral rights in musical compositions, and does not permit authors of musical compositions or their heirs to assert copyright infringement claims based on moral rights. In this lawsuit, you have been asked to decide whether Defendants violated United States copyright law, which recognizes only economic rights in musical compositions. As a result, you need to determine what economic rights in the "Khosara" musical composition were transferred. You have not been asked to decide whether Defendants violated Plaintiff's Egyptian moral rights.

**SOURCE:** Order dated May 27, 2015 (Docket No. 509) at 2, 9 n.6; Order dated May 2, 2011 (Docket No. 271) at 15-16 & n.8; *Kelley v. Chicago Park Dist.*, 635 F.3d 290, 296 (7th Cir. Ill. 2011), *cert. denied*, 132 S. Ct. 380 (2011) (Moral rights "are understood as rights inhering in the artist's personality, transcending property and contract rights and existing independently of the artist's economic interest in his work."); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. Cal. 2015) ("Nor

Mitchell
Silberberg &
Knupp LLP

7161196.1

1  is [plaintiff] protected by the benefits found in many European countries, where

2  authors have 'moral rights' to control the integrity of their works and to guard

3  against distortion, manipulation, or misappropriation."), citing *Kelley*, *supra*;

4  Nimmer on Copyright § 8D.01 ("The[] separate viability [of moral rights] is such

5  that a full transfer of copyright may suffice for all economic purposes, but may

6  exert no impact on the assertion of [moral rights] claims."); Egypt Law No. 82 of

7  2002 (2002 Intellectual Property Law) at Articles 143 (providing moral rights),

8  147 and 149 (providing transferable economic rights including right of adaptation);

9  Berne Convention at Articles 6*bis*, 12.

10

11  **DEFENDANTS' POSITION**

12

13

14  **PLAINTIFF'S OBJECTION**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 22**

**COPYING—ACCESS AND SUBSTANTIAL SIMILARITY**

I previously instructed that Plaintiff has the burden of proving that the creators of the Defendants' work copied original elements from the "Khosara" musical composition.  Plaintiff may show the creators of the Defendants' work copied from the "Khosara" musical composition by showing, by a preponderance of the evidence, that the creators of the Defendants' work had access to the "Khosara" musical composition and that there are substantial similarities between the Defendants' work and original elements of the "Khosara" musical composition.

However, no matter how similar the two works are, Defendants have not infringed upon Plaintiff's copyright unless it is the original aspects of the Plaintiff's work that are copied or taken.  If Defendants copied or took those portions of Plaintiff's work which were not original to Plaintiff, then Defendants are not liable for copyright infringement.

**SOURCE:**  9th Cir. 17.15 (modified); *Feist Publications v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Masterson Mktg. v. KSL Rec. Corp.*, 495 F. Supp. 2d 1044,1049  (S.D. Cal. 2007).

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

31

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 23
## SUBSTANTIAL SIMILARITY

For an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement. This means that even where the fact of copying is conceded, no legal consequences will follow from that fact unless the copying is substantial. Even where there is some copying, that fact is not conclusive of infringement. Some copying is permitted. In addition to copying, it must be shown that this has been done to an unfair extent.

This case involves not only use of a composition, but also use of a sound recording of a particular performance of that composition that was authorized and licensed. Because the Defendants were indisputably authorized to use the "Khosara" sound recording, if you find Plaintiff to be the owner of an enforceable copyright, your inquiry is confined only to whether the allegedly unauthorized use of the "Khosara" musical composition itself was substantial enough to sustain an infringement claim. Therefore, you may consider only Defendants' alleged appropriation of the song's compositional elements and must remove from consideration all the elements unique to the performance in the sound recording. Stated another way, you must "filter out" the licensed elements of the sound recording to get down to the elements of the composition, as the composition is the sole basis for Plaintiff's infringement claim.

Once you have isolated the basis of Plaintiff's infringement action – the "Khosara" musical composition, devoid of the unique performance elements in the sound recording – you turn to the focus of the inquiry: whether Defendants' use of the composition, as opposed to their authorized use of the sound recording, was substantial enough to sustain an infringement action. You may find that two works

Mitchell Silberberg & Knupp LLP

7161196.1

32

are substantially similar if the plaintiff shows by a preponderance of the evidence both of the following:

    (1)    The two works share a similarity of some material amount of protectable expression based on external, objective criteria (after the unprotectable elements in the two works have been identified and filtered out); and

    (2)    The total concept and feel of the works is substantially similar. In conducting these two tests, the "Khosara" musical composition and the Defendants' work both should be considered as a whole.

**SOURCE:**   Comment to 9th Cir. 17.17; *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (9th Cir. 2010); *Newton v. Diamond*, 349 F.3d 591, 594-98 (9th Cir. 2003); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 824-25 (9th Cir. 2002).

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 24**

***DE MIMINIS* USE**

Substantial similarity does not exist if Defendants can establish, by a preponderance of the evidence, that the alleged use of the "Khosara" musical composition in Big Pimpin' was *de minimis*.  "*De minimis*" is a Latin term, which the dictionary defines as meaning "lacking significance or importance."

In a copyright infringement case, a use is considered de minimis if an average audience member would not recognize that the Plaintiff's work has been used in the Defendants' work.

In assessing whether Defendants have met their burden, you should compare the allegedly used portion to the "Khosara" musical composition as a whole.  If the allegedly used portion is insignificant to the original, in terms of both quality and quantity, then there has not been a recognizable taking from the original work, and the Defendants' alleged use is considered *de minimis*.

**SOURCE:**  *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1256-57 (C.D. Cal. 2002), *aff'd* 349 F.3d 591 (9th Cir. 2003).

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

34

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 25
## "THIN" COPYRIGHT

The degree of protection afforded by a copyright is measured by what is actually copyrightable in it.  Many copyrights represent a significant creative effort, and are therefore reasonably robust, whereas others reflect only the minimum of creativity necessary for copyright.  The latter are labeled "thin" copyrights.  Where the quantum of originality is slight, and the resulting copyright is thin, infringement can only be established by very close or virtually identical copying.  In other words, if substantial similarity is the normal measure required to demonstrate infringement, "supersubstantial" similarity must pertain when dealing with "thin" works.

**SOURCE:**   Comment to 9th Cir. 17.12; *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996); *American Code Co. v. Bensinger*, 282 F. 829, 833 (2d Cir. 1922); *Gund v. Smile Int'l, Inc.*, 691 F. Supp. 642, 645 (E.D.N.Y. 1988), aff'd, 872 F.2d 1021 (2d Cir. 1989).  4 Nimmer on Copyright, §13.03, 13-28; *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994); *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003).

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

[PROPOSED] JURY INSTRUCTIONS

1    **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 26**

2                                         **AGENCY**

3

4          In 2001 and 2002, a lawyer named David Braun was the attorney/agent to

5    Plaintiff, and, therefore, any act or omission of Mr. Braun was the act or omission

6    of Plaintiff.

7

8    **SOURCE:**   9th Cir. 4.8 (modified)

9

10                               **DEFENDANTS' POSITION**

11

12                               **PLAINTIFF'S OBJECTION**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 27**

**PRESCRIPTION**

A party who seeks to procure the avoidance of a contract may be prescribed (i.e., barred) from doing so if they fail to challenge the contract within a set duration of time.

Under Egyptian law, the right to procure the avoidance of a contract is prescribed if not invoked within three years. This period runs, in case of legal incapacity, from the date of the cessation of such incapacity; in the case of mistake or fraudulent misrepresentation, from the date the mistake or misrepresentation is discovered; or in the case of duress, from the date it has ceased. In no case can avoidance be claimed as a result of mistake, fraudulent representation, or duress when fifteen years have elapsed from the date of the conclusion of the contract.

**SOURCE:**  Egyptian Civil Code, Article 140; see also Declaration of Walid Abou Farhat (Docket No. 568-2), ¶ 16.

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

37

**[PROPOSED] JURY INSTRUCTIONS**

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 28

## WAIVER

Defendants assert that Plaintiff has waived any right to bring this suit because, in December 2002, he signed an agreement with Mohsen Jaber surrendering all economic rights under Egyptian copyright law in the "Khosara" musical composition (including among others the right to prepare adaptations or derivative works), and surrendered to Mr. Jaber all rights to seek financial compensation regarding the "Khosara" musical composition from any party.   A waiver may arise from an oral or written relinquishment of a right, or may arise impliedly from conduct inconsistent with an intention to enforce the right asserted. Defendants also assert that Plaintiff impliedly waived any rights in the "Khosara" musical composition by acting in a manner inconsistent with an intent to enforce such rights.

You should find waiver if you find either that:

(1)     Plaintiff intentionally waived economic rights in the "Khosara" musical composition with knowledge of those rights and with an intent to relinquish them; or,

(2)     Plaintiff acted in a manner inconsistent with an intent to enforce economic rights in the "Khosara" musical composition such that a reasonable person would believe that he had relinquished such rights.

If you find that, by executing the December 2002 agreement, or through any other of his actions, Plaintiff expressly or impliedly waived the ability to assert

ownership of economic rights in the "Khosara" musical composition, or to pursue claims relating to such economic rights, then you must find waiver.

**SOURCE:**   *Intel Corp. v. Hartford Acc. & Idem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991); *AirWair Int'l Ltd. v. Schultz*, 2015 U.S. Dist. LEXIS 36195 at *27-28 (N.D. Cal. Mar. 23, 2015); *Eliminator Custom Boats v. Am. Marine v. Am. Marine Holdings, Inc.*, 2007 U.S. Dist. LEXIS 96414 at *6 (C.D. Cal. Nov. 5, 2007); CACI 336.

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

39

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 29**

**ESTOPPEL**

"Equitable estoppel" is a legal doctrine that can prevent a plaintiff from asserting claims against a defendant based on something that he or she has done or failed to do.  If equitable estoppel is found, even if Plaintiff otherwise established the elements of his claim that Defendants infringed his copyright in the "Khosara" musical composition by exploiting Big Pimpin', you must find in favor of Defendants.

Equitable estoppel is an affirmative defense to be determined by the Court. However, you are asked to provide me with an advisory finding on whether Plaintiff is equitably estopped so as to bar his claims.

To establish the defense of equitable estoppel here, four elements must be present:

(1) Plaintiff must know the facts underlying the defendant's alleged infringement;

(2) Plaintiff must intend the defendant to rely upon his conduct (which may include silence or inaction), or must act in a way that gives the defendant the right to believe Plaintiff intended the defendants' reliance;

(3) the defendants must be ignorant of the true facts; and

1    (4) the defendants must rely on Plaintiff's conduct, silence, or action to his

2 or its detriment, directly, or through a relationship with other parties with which

3 the defendant is related.

4

5    This Court has already made the following determinations which you must

6 adopt:

7

8    (1) Plaintiff knew of his claim that Big Pimpin was infringing no later than

9 December 2000, seven years before he brought this case.

10

11    (2) Commencing in March 2001, Plaintiff hired an attorney named David

12 Braun to investigate his potential copyright claims regarding "Big Pimpin"

13

14    (3) Mr. Braun wrote letters on Plaintiff's behalf to EMI Music Arabia and

15 EMI Music Arabia told Mr. Braun that it held rights to publish the "Khosara"

16 musical composition and authorize Big Pimpin's use.

17

18    (4) After the 2001 correspondence between Braun and EMI Music Arabia in

19 2001, Plaintiff did not assert any claim against any defendant in this case until

20 2007,  nor did Plaintiff contest EMI Music Arabia's statement to Braun at any

21 earlier time.

22

23    (5) Defendants lost evidence and incurred adverse economic consequences

24 as a result of Plaintiff's delay in filing suit.

25

26    Based on those determinations, what is left for you to determine is whether it

27 was reasonable for each Defendant, directly or indirectly through others, to rely

28

1   upon Plaintiff's conduct I just described, to believe that he did not intend to assert

2   a claim.

3

4   **SOURCE:**   Order dated August 12, 2013 (Docket No. 380) at 18-20; *Hampton v.*

5   *Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960) (for estoppel

6   purposes, "[a] holding out may be accomplished by silence and inaction"); *Carson*

7   *v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003) ("[I]t is accepted that estoppel

8   may be accomplished by a plaintiff's silence and inaction"); *DeCarlo v. Archie*

9   *Comic Publications, Inc.,* 127 F. Supp. 2d 497, 509-510 (S.D.N.Y. 2001); *Compaq*

10   *Computer Corp. v. Ergonome, Inc.*, 210 F. Supp. 2d 845, 849 (S.D. Tex. 2002)

11   ("Equitable estoppel "focuses on what the [accused infringer] has been led to

12   reasonably believe from the [claimant's] conduct."); *Hadady Corp. v. Dean Witter*

13   *Reynolds*, 739 F. Supp. 1392, 1399 (C.D. Cal. 1990); *Hayden v. Chalfant Press,*

14   *Inc.*, 177 F. Supp. 303, 308 (S.D. Cal. 1959) ("Estoppel inures not only to the

15   benefit of a party, but also to those in privity with or who claim under him whether

16   as assignees or not."); *see also Arctic Cat, Inc. v. Injection Research Specialists,*

17   *Inc.*, 362 F. Supp. 2d 1113, 1127 (D. Minn. 2005); Docket No. 418 at 10 (vacating

18   orders at Docket Nos. 380 and 386 only "to the extent that [they] found that laches

19   barred plaintiff's claims").

20

21                              **DEFENDANTS' POSITION**

22

23                              **PLAINTIFF'S OBJECTION**

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

42

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 30**

**UNCLEAN HANDS**

Defendants claim as a defense that Plaintiff's actions preclude his claims entirely under a concept called "unclean hands." To establish this defense, Defendants must prove the following:

(1) Plaintiff's conduct violated conscience, good faith, or other equitable principles, or he "dirtied his hands" in connection with the copyright he asserts in the "Khosara" musical composition; and

(2) this improper conduct relates directly to the subject matter of his claim.

If Defendants establish these elements, then Plaintiff is barred from claiming copyright infringement.

**SOURCE:**   4 Nimmer on Copyright § 13.09; <u>Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.</u>, 890 F.2d 165, 173 (9th Cir. 1989).

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

**[PROPOSED] JURY INSTRUCTIONS**

Mitchell
Silberberg &
Knupp LLP

7161196.1

1

2

3

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 31

## EVIDENCE LOST AS A RESULT OF DELAY

4      I have determined that Plaintiff's delay in filing this lawsuit has prejudiced

5   (i.e., harmed) Defendants because a central witness, Magdi Amorousi, died before

6   Plaintiff filed this lawsuit.  Mr. Amorousi was the president and attorney of the

7   Sout el Phan company, and acted on Sout el Phan's behalf in connection with

8   transactions that Defendants assert allowed them to use the "Khosara" musical

9   composition in Big Pimpin'.  In reaching a verdict, you may assume that the

10   testimony of Mr. Amorousi would have tended to support Defendants' assertion

11   that Sout el Phan transferred to EMI Music Arabia the right to license the

12   "Khosara" musical composition for use in Big Pimpin'.

13

14   **SOURCE:**   Dkt. No. 380 (August 12, 2013 Order at 11-13).

15

16                          **DEFENDANTS' POSITION**

17

18                          **PLAINTIFF'S OBJECTION**

19

20

21

22

23

24

25

26

27

28

## [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 32
## INNOCENT INFRINGEMENT

If you determine that any Defendant infringed Plaintiff's copyright in the "Khosara" musical composition, you must also decide whether that infringement was innocent.  An infringement is considered innocent when the Defendant has proved both of the following elements by a preponderance of the evidence:

    1. Defendant was not aware that his or its acts constituted infringement of Plaintiff's copyright; and

    2. Defendant had no reason to believe that his or its acts constituted an infringement of Plaintiff's copyright.

**SOURCE:**  9th Cir. 17.26

## DEFENDANTS' POSITION

## PLAINTIFF'S OBJECTION

Mitchell
Silberberg &
Knupp LLP

7161196.1

1

## **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 33**

2

## **WILLFUL INFRINGEMENT**

3

4       If you determine that any Defendant infringed Plaintiff's copyright in the

5   "Khosara" musical composition, and that such infringement was not innocent, you

6   must also decide whether that infringement was willful.  An infringement is

7   considered willful if the Plaintiff has proven both of the following elements by a

8   preponderance of the evidence:

9

10      (1)  Defendant engaged in acts that infringed Plaintiff's copyright; and

11

12      (2)  Defendant knew that those acts infringed Plaintiff's copyright.

13

14      An infringement is not considered willful when a Defendant had a

15   reasonable belief that he had a license to use the copyrighted work or that the use

16   of the work was otherwise authorized.  A Defendant's continued use of a

17   copyrighted work even after being notified of the alleged infringement is not

18   willful so long as that Defendant believed reasonably, and in good faith, that the

19   use of the copyrighted work was not infringing.

20

21      I have already determined that, through June 2006, Defendants did not

22   commit willful infringement because the March 30, 2001 agreement between

23   Mosley and EMI Music Arabia provided Defendants with a reasonable basis upon

24   which to believe that they had the rights to produce Big Pimpin'.  In order to find

25   that defendants acted willfully, you must determine that the March 30, 2001

26   agreement expired and that each defendant acted recklessly in not knowing that it

27   expired.

28

1  **SOURCE:**  9th Cir. 17.27 (modified); *Evergreen Safety Council v. RSA Network*

2  *Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012); *Danjaq LLC v. Sony Corp.,* 263 F.3d

3  942, 956-959 (9th Cir.2001); Docket Nos. 380, 386.

4

5  **DEFENDANTS' POSITION**

6

7  **PLAINTIFF'S OBJECTION**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>DAMAGES PHASE (IF NECESSARY)</u>**

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 34**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case regarding the award of damages.  In addition, all of the general and closing instructions I read to you before you deliberated regarding the Defendants' liability remain in effect for this second phase of your deliberations, including issues such as the burden of proof, guidelines for considering evidence and witness credibility, and your duties as jurors.  A copy of these instructions, as well as the instructions I read to you during the liability phase, will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to determine damages based on all the evidence in the case, including the evidence presented during the liability phase of the trial.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

1   **<u>SOURCE:</u>**  9th Cir. 1.1C (modified).

3                   **<u>DEFENDANTS' POSITION</u>**

5                   **<u>PLAINTIFF'S OBJECTION</u>**

# [DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 35

## DAMAGES

During the liability phase of this trial, you determined that the following Defendants were liable for copyright infringement:

[LIST DEFENDANTS FOUND LIABLE]

It is for you to determine what damages, if any, Plaintiff has proved were caused by each Defendant's copyright infringement. The fact that you found a Defendant liable for copyright infringement does not mean that Defendant is liable for damages. You may not presume that a particular Defendant is liable for damages simply because you found that Defendant was liable for copyright infringement. Instead, you may only award damages against a Defendant if Plaintiff proves that the Defendant's infringement caused him to suffer damages and proves the amount of the damages caused by that Defendant's infringement. Plaintiff must prove damages by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. In reaching this determination, bear in mind that you must award damages as to each Defendant separately and that you must award only those damages that Plaintiff proved were caused by each separate Defendant's infringing acts.

In this case, the only damages Plaintiff is seeking are the profits of the Defendants, to the extent those profits are attributable to a Defendant's infringement.

**<u>SOURCE:</u>**   9th Cir. 1.5 (modified), 5.1 (modified), 17.22 (modified); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 514 n.8 (9th Cir. 1985); *Shapiro, Bernstein, & Co. v. 4636 S. Vermont Ave., Inc.*, 367 F.2d 236, 241 (9th Cir. 1966).

<u>**DEFENDANTS' POSITION**</u>

<u>**PLAINTIFF'S OBJECTION**</u>

Mitchell
Silberberg &
Knupp LLP

7161196.1

52

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 36**

**CAUSAL NEXUS**

The Plaintiff is entitled to recover a Defendant's profits to the extent, and only to the extent, that the Defendant generated identifiable revenue as a direct result of the infringement.  You may not award all of the Defendant's revenue regardless of its source; instead, you should award only that revenue that bears a causal nexus to the infringement.

In order to prove a causal nexus between an infringement and the Defendant's revenue, the Plaintiff must prove by a preponderance of the evidence that the revenue in question is a direct result of the infringement.  To prove that the existence of a causal nexus exists between the infringement and the Defendant's revenue, the Plaintiff may only rely on non-speculative evidence.  You may not award a Defendant's revenue to the Plaintiff if the connection of that revenue to the infringement is remote or based on speculation.

**SOURCE:**   9th Cir. 17.24 (modified); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711-12 (9th Cir. 2004); *Mackie v. Reiser*, 296 F.3d 909, 911-15 (9th Cir. 2002); *Davis v. Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001); *Dash v. Mayweather*, 731 F.3d 303, 327 (4th Cir. 2013); *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977); 4 *Nimmer on Copyright* § 14.03[B].

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 37**

**CONCERT REVENUES**

Plaintiff seeks to recover a share of the profits that Defendant Carter earned from concerts since August 31, 2004. Those profits are recoverable only if Plaintiff proves by a preponderance of the evidence that such profits directly resulted from the use of a portion of the *Khosara* composition in the song *Big Pimpin'*.

You may not award profits from Defendant Carter's concerts to the extent that those profits were generated by other factors that drove audiences to buy concert tickets, including Defendant Carter's celebrity and star power, the celebrity of the artists with whom he performed, the marketing and branding of the concerts, the concert experience itself, the concert's production values, the desire to see Defendant Carter perform in person, or the desire to hear a set of Defendant Carter's songs performed as a set list. Plaintiff must prove, by a preponderance of the evidence, that there is an identifiable amount of concert revenues generated solely as a direct result of the performance of *Big Pimpin'*.

From any concert revenue solely attributable to the performance of the song *Big Pimpin'*, you must also deduct any expenses Defendant Carter incurred in producing that concert revenue. Deductible expenses include all management and royalty fees, and all operating, overhead, production costs associated with producing Defendant Carter's concert profits. Defendant Carter may also deduct any income taxes he paid on the revenue, unless Plaintiff proves by a preponderance of the evidence that that Defendant Carter's infringement was willful.

Finally, you may not award profits earned by Defendant Carter as a direct result of the performance of *Big Pimpin'* at his concerts to the extent that those profits were generated by other factors that led to the popularity of the song *Big*

1   *Pimpin'*, including the lyrics, the chanted hook, the vocal performance, the

2   production, the arrangement, the marketing, and the use of the sound recording (as

3   distinct from the composition) of *Khosara.*

4

5   AUTHORITY:  *Cream Records, Inc. v. Joseph Schlitz Brewing Co.*, 754 F.2d 826,

6   828-29 (9th Cir. 1985); Model 9th Cir. 17.24; ECF No. 309, at 10-12.

7

8   **DEFENDANTS' POSITION**

9

10  **PLAINTIFF'S OBJECTION**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 38**
**APPORTIONMENT/DEDUCTIONS**

Plaintiff is entitled to recover a Defendant's profits to the extent, and only to the extent, that such profits are a direct result of that Defendant's use of the "Khosara" musical composition.  Therefore, if you find that there is such a causal nexus to the use of the "Khosara" musical composition, you must first deduct any expenses that Defendant incurred in producing the revenue.  Deductible expenses include all management and royalty fees, and all operating, overhead, and production costs associated with producing the Defendant's revenue.  Each Defendant may also deduct any income taxes it paid on the revenue, unless Plaintiff proves by a preponderance of the evidence that that particular Defendant's infringement was willful.

Second, you must next deduct the revenue that is attributable to factors other than the "Khosara" musical composition, such as celebrity and star power, the contributions of other artists, the song's lyrics, sound recording, or any factor other than the use of the "Khosara" musical composition.

Each Defendant has the burden of proving any deductions to which it is entitled and the other attributable factors by a preponderance of the evidence.

**SOURCE:**   9th Cir. 17.24 (modified); *Sheldon v. Metro-Goldwyn Pictures, Inc.*, 309 U.S. 390, 405-06 (1939); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 517-19 (9th Cir. 1985); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1549-50 (9th Cir. 1989); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000); *Oracle Am., Inc. v. Google Inc.*, --- F. Supp. 3d ----, 2015 WL 5522086, at *4 (N.D. Cal. 2015).

Mitchell
Silberberg &
Knupp LLP

7161196.1

56

1

2 **DEFENDANTS' POSITION**

3

4 **PLAINTIFF'S OBJECTION**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 39**

**RECOVERABLE PROFITS LIMITED TO MUSICAL COMPOSITION**

Your task is to determine what profits of each Defendant, if any, are directly attributable to the use of the "Khosara" musical composition.   Profits that you find to be attributable to a particular performance and/or sound recording of the "Khosara" composition but not to the "Khosara" composition itself should be treated as unrelated and excluded from any award of profits.

**SOURCE:**   Order dated September 24, 2015  (Docket No. 626) at 20, citing *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002) ("Plaintiff contends that Defendants' sampling infringed upon his underlying musical composition.  Accordingly, the court must first determine what elements of plaintiff's work are protected by his copyright in the musical composition, as opposed to those protected by the copyright in the sound recordings, and 'filter out' the latter."); *see also id.* at 1248-49 ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights."); 6 Nimmer on Copyright § 30.01 (defining sound recordings as "the physical embodiment of a particular performance of the musical composition").

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

**[PROPOSED] JURY INSTRUCTIONS**

**[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 40**

**RECOVERY LIMITED TO SHARE OF COPYRIGHT**

Any award of profits must be limited to the percentage share of the copyright in the "Khosara" musical composition, if any, which Plaintiff has proven he owns.

**SOURCE:**  *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 268, 270 (2d Cir. 1944) (where co-owners not joined, recovery limited to "the plaintiff's own part," including "its proper share of the profits"); *Manno v. Tenn. Prod. Ctr., Inc*., 2009 U.S. Dist. LEXIS 60994, 15-16 (S.D.N.Y. July 18, 2009), citing Nimmer on Copyright § 12.03 (2009).

**DEFENDANTS' POSITION**

**PLAINTIFF'S OBJECTION**

Mitchell
Silberberg &
Knupp LLP

7161196.1

59

1

## **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 41**

2

## **STIPULATIONS OF FACT (DAMAGES)**

3

4       The parties have agreed to certain facts that will be read to you.  You should

5   therefore treat these facts as having been proved.

6

7       [Facts to be read to the jury: TO BE COMPLETED]

8

9   **SOURCE:**   9th Cir. 3.3 (modified)

10

11

## **DEFENDANTS' POSITION**

12

13

## **PLAINTIFF'S OBJECTION**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **[DEFENDANTS' PROPOSED] JURY INSTRUCTION NO. 42**

2    **RETURN OF VERDICT**

3

4         As in the liability phase, a verdict form has been prepared for you.  After

5    you have reached unanimous agreement on a verdict, your presiding juror will fill

6    in the form that has been given to you, sign and date it, and advise the court that

7    you are ready to return to the courtroom.

8

9    **SOURCE:**   9th Cir. 3.3 (modified)

10

11                          **DEFENDANTS' POSITION**

12

13                          **PLAINTIFF'S OBJECTION**

14

15

16

17

18

19   DATED: October 7, 2015            MITCHELL SILBERBERG & KNUPP LLP

20

21                                    By:/s/David A. Steinberg
22                                    Christine Lepera
                                      David A. Steinberg
23                                    Attorneys for Various Defendants

24

25

26

27

28

1   DATED: October 7, 2015       JENNER & BLOCK LLP

2

3                    By:/s/ Andrew H. Bart

4                    Andrew H. Bart
                   Daniel Rozansky

5                    Attorneys for Defendant Shawn Carter (pka Jay Z)

6

7

8   DAVID A. STEINBERG (SBN 130593)
     das@msk.com

9   MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard

10   Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000

11   Facsimile: (310) 312-3100

12

13   CHRISTINE LEPERA (CL 9311)
     ctl@msk.com

14   MITCHELL SILBERBERG & KNUPP LLP
   12 East 49th Street, 30th Floor

15   New York, New York 10017-1028
   Telephone: (212) 509-3900

16   Facsimile: (212) 509-7239

17   *Attorneys for All Defendants other than SHAWN CARTER (pka Jay Z)*

18

19   DANIEL A. ROZANSKY (SBN 161647)
   drozansky@jenner.com

20   JENNER & BLOCK LLP
   633 West 5th Street, Suite 3600

21   Los Angeles, California 90071
   Telephone: (213) 239-5100

22   Facsimile: (213) 239-5199

23

24

25

26

27

28

1
2   ANDREW H. BART (Pro Hac Vice)
    abart@jenner.com
3   JENNER & BLOCK LLP
    919 Third Avenue
4   New York, NY 10022
    Telephone: (212) 891-1600
5   Facsimile: (212) 891-1699
6   *Attorneys for Defendant SHAWN CARTER (pka Jay Z)*
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

**[PROPOSED] JURY INSTRUCTIONS**