

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA

10   Osama Ahmed Fahmy,

11        Plaintiff,

12        v.

13   Jay-Z (aka Shawn Carter), Timothy
     Mosely, Kyambo Joshua, Rob Bourdon,
14   Brad Delson, Mike Shinoda, Dave Ferrell,
     Joseph Hahn, Chester Bennington, Big
15   Bad Mr. Hahn Music, Chesterchaz
     Publishing, EMI Blackwood Music, Inc.,
16   EMI Music Publishing Ltd., Kenji
     Kobayashi Music, Lil Lulu Publishing,
17   Machine Shop Recordings, LLC, Marcy
     Projects Productions II, Inc., MTV
18   Network Enterprises Inc., Nondisclosure
     Agreement Music, Paramount Home
19   Entertainment, Inc., Paramount Pictures
     Corporation, Radical Media, Rob Bourdon
20   Music, Roc-A-Fella Records, LLC,
     Timbaland Productions, Inc., UMG
21   Recordings, Inc., Universal Music and
     Video Distribution, Inc., and Warner
22   Music, Inc.,

23        Defendants.

24

25

26

27

28

CASE NO. CV 07-05715 CAS (PJWx)

The Honorable Christina A. Snyder

**JOINT [PROPOSED] JURY INSTRUCTIONS**

Trial Date:    October 13, 2015
Time:          9:30 a.m.
Ctrm:          5

Mitchell
Silberberg &
Knupp LLP

After conferring, the Parties submit the following proposed jury instructions. In accordance with the Court's local rules, the Parties intend to submit objections to the disputed jury instructions on Friday, October 9, 2015.

Mitchell
Silberberg &
Knupp LLP

# INDEX OF JOINT PROPOSED JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|--------|-------|--------|-------------|
| 1. | DUTY OF JURY (COURT READS INSTRUCTIONS ONLY) | 9th Cir. 1.1B | 1 |
| 2. | DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) | 9th Cir. 1.1C | 2 |
| 3. | BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE | 9th Cir. 1.3 | 3 |
| 4. | TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS | 9th Cir. 1.5 | 4 |
| 5. | WHAT IS EVIDENCE | 9th Cir. 1.6 | 5 |
| 6. | WHAT IS NOT EVIDENCE | 9th Cir. 1.7 | 6 |
| 7. | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. 1.8 | 8 |
| 8. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. 1.9 (modified) | 9 |
| 9. | RULING ON OBJECTIONS | 9th Cir. 1.10 | 10 |
| 10. | CREDIBILITY OF WITNESSES | 9th Cir. 1.11 | 11 |
| 11. | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. 1.13 | 13 |
| 12. | TAKING NOTES | 9th Cir. 1.14 | 14 |
| 13. | JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION OF ORAL TESTIMONY | 9th Cir. 1.16 (modified) | 15 |
| 14. | USE OF INTERPRETERS IN COURT | 9th Cir. 1.17 | 16 |

Mitchell Silberberg & Knupp LLP

i

[PROPOSED] JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| 15. | BENCH CONFERENCES AND RECESSES | 9th Cir. 1.18 | 17 |
| 16. | OUTLINE OF TRIAL | 9th Cir. 1.19 | 18 |
| 17. | STIPULATIONS OF FACT | 9th Cir. 2.2 | 19 |
| 18. | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9th Cir. 2.4 | 22 |
| 19. | USE OF INTERROGATORIES OF A PARTY | 9th Cir. 2.10 | 23 |
| 20. | EXPERT OPINION | 9th Cir. 2.11 | 24 |
| 21. | CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE | 9th Cir. 2.12 | 25 |
| 22. | CHARTS AND SUMMARIES IN EVIDENCE | 9th Cir. 2.13 | 26 |
| 23. | DUTY TO DELIBERATE | 9th Cir. 3.1 | 27 |
| 24. | COMMUNICATION WITH COURT | 9th Cir. 3.2 | 28 |
| 25. | RETURN OF VERDICT | 9th Cir. 3.3 | 29 |
| 26. | COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE | 9th Cir. 17.11 | 30 |
| 27. | INTERPRETATION—MEANING OF ORDINARY WORDS | CACI 315 | 31 |
| 28. | INTERPRETATION—MEANING OF TECHNICAL WORDS | CACI 316 | 32 |
| 29. | UNEXPRESSED INTENT IS NOT RELEVANT | Cal. Civ. Code §§ 1636, 1638, 1639; *St. Paul Mercury Ins. Co.* | 33 |

Mitchell
Silberberg &
Knupp LLP

ii

[PROPOSED] JURY INSTRUCTIONS

| Number | Title | Source | Page Number |
|---|---|---|---|
| | | *v. Frontier Pac. Ins. Co.*, 111 Cal. App. 4th 1234, 1247 n.8. | |
| 30. | INTERPRETATION— CONSTRUCTION OF CONTRACT AS A WHOLE | CACI 317 | 34 |
| 31. | INTERPRETATION— INCORPORATION BY REFERENCE | *Colden v. Asmus*, 322 F. Supp. 1163, 1165 (S.D. Cal. 1971) | 35 |

Mitchell Silberberg & Knupp LLP

iii

1
2
3
4
5
6
7
8
9

# JOINT [PROPOSED] JURY INSTRUCTIONS

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mitchell
Silberberg &
Knupp LLP

565489.1

## [PROPOSED] JURY INSTRUCTION NO. 1

## DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**SOURCE:**  9th Cir. 1.1B

Mitchell
Silberberg &
Knupp LLP

565489.1

1

## [PROPOSED] JURY INSTRUCTION NO. 2

## DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**SOURCE:**  9th Cir. 1.1C

**[PROPOSED] JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:**  9th Cir. 1.3

Mitchell
Silberberg &
Knupp LLP

565489.1

3

# [PROPOSED] JURY INSTRUCTION NO. 4

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**SOURCE:**  9th Cir. 1.5

## [PROPOSED] JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers are agreed.

**SOURCE**:   9th Cir. 1.6

## [PROPOSED] JURY INSTRUCTION NO. 6
### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1  **<u>SOURCE:</u>**  9th Cir. 1.7

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

# [PROPOSED] JURY INSTRUCTION NO. 7

## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**SOURCE:**  9th Cir. 1.8

# [PROPOSED] JURY INSTRUCTION NO. 8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both direct and circumstantial evidence.  The law makes no distinction between the weight to be given to direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**SOURCE:**  9th Cir. 1.9 (modified)

# [PROPOSED] JURY INSTRUCTION NO. 9

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**SOURCE:**   9th Cir. 1.10

**[PROPOSED] JURY INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

Mitchell Silberberg & Knupp LLP

1      The weight of the evidence as to a fact does not necessarily depend on the

2  number of witnesses who testify about it.

3

4  **SOURCE:**   9th Cir. 1.11

1

## [PROPOSED] JURY INSTRUCTION NO. 11

2

## NO TRANSCRIPT AVAILABLE TO JURY

3

4      During deliberations, you will have to make your decision based on what

5  you recall of the evidence.  You will not have a transcript of the trial.  I urge you to

6  pay close attention to the testimony as it is given.

7

8      If at any time you cannot hear or see the testimony, evidence, questions or

9  arguments, let me know so that I can correct the problem.

10

11  **SOURCE:**  9th Cir. 1.13

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# [PROPOSED] JURY INSTRUCTION NO. 12

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left on your seats in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**SOURCE:**  9th Cir. 1.14

# [PROPOSED] JURY INSTRUCTION NO. 13

## JURY TO BE GUIDED BY OFFICIAL ENGLISH
## TRANSLATION OF ORAL TESTIMONY

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreters.  Although some of you may know Arabic, it is important that all jurors consider the same evidence.  Therefore, you must accept the English interpretation of oral testimony. You must disregard any different meaning.

**SOURCE:**  9th Cir. 1.16 (modified)

# [PROPOSED] JURY INSTRUCTION NO. 14

## USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party solely upon the use of an interpreter to assist that witness or party.

**SOURCE:**  9th Cir. 1.17

Mitchell
Silberberg &
Knupp LLP

**[PROPOSED] JURY INSTRUCTION NO. 15**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**SOURCE:**  9th Cir. 1.18

Mitchell
Silberberg &
Knupp LLP

565489.1

# [PROPOSED] JURY INSTRUCTION NO. 16

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**SOURCE:** 9th Cir. 1.19

# [PROPOSED] JURY INSTRUCTION NO. 17

## STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

[Facts to be read to the jury:

- Baligh Hamdy was an Egyptian national.

- Plaintiff Osama Ahmed Fahmy is an heir of Baligh Hamdy.

- Plaintiff Osama Ahmed Fahmy resides in Egypt.

- Baligh Hamdy passed away in 1993.

- Defendants UMG Recordings, Inc., Roc-A-Fella Records, LLC, and Universal Music Group Distribution Corporation distributed the single Big Pimpin' and the following albums that contained Big Pimpin' as a track:  Vol. 3…Life and Times of S. Carter, Jay-Z MTV Unplugged, Vol. 1…The Hits Collection.

- The album Vol. 3… Life and Times of S. Carter was released on or about December 28, 1999.

- The album Jay-Z, MTV Unplugged, was released on December 18, 2001.

- The album Vol. I…The Hits Collection was released on or about November 22, 2010.

1       •       Defendants Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell,

2 Joseph Hahn, and Chester Bennington have at all times relevant hereto been

3 members of the band Linkin Park.  These defendants were each involved in the

4 creation and distribution of the album and DVD entitled Collision Course, which

5 contained the mashup Big Pimpin'/Papercut.

6

7       •       Defendant Warner Bros. Records Inc. (erroneously sued as Warner

8 Music Inc.) distributed the album and DVD entitled Collision Course.

9

10       •       Defendant MTV Networks Enterprises, Inc. produced a television

11 program in 2004 titled "Ultimate Mashups - Live" (the "Show") depicting

12 performances of songs from the album Collision Course including Big

13 Pimpin'/Papercut.  MTV Networks Enterprises, Inc. contributed materials,

14 including the Show, for use in the album and DVD entitled Collision Course and

15 was involved with the album entitled Jay-Z, MTV Unplugged.

16

17       •       The album and DVD Collision Course was released on or about

18 November 29, 2004.

19

20       •       Through November 21, 2013, Defendant EMI Blackwood Music, Inc.

21 co-owned and administered the musical composition Big Pimpin'.

22

23       •       Defendants Paramount Home Entertainment, Inc. and Paramount

24 Pictures Corporation distributed the movie and DVD entitled Fade to Black.  Big

25 Pimpin' was one of the songs performed in the film.

26

27       •       The movie Fade to Black was released in theaters on November 5,

28 2004 and on DVD in April 2005.

Mitchell Silberberg & Knupp LLP

**JOINT [PROPOSED] JURY INSTRUCTIONS**

1

2       •    Plaintiff filed this case on August 31, 2007.]

3

4 **SOURCE:**  9th Cir. 2.2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] JURY INSTRUCTION NO. 18**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**SOURCE:**  9th Cir. 2.4

Mitchell
Silberberg &
Knupp LLP

565489.1

**JOINT [PROPOSED] JURY INSTRUCTIONS**

# [PROPOSED] JURY INSTRUCTION NO. 19

## USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**SOURCE:**  9th Cir. 2.10

# [PROPOSED] JURY INSTRUCTION NO. 20

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SOURCE:**  9th Cir. 2.11

# [PROPOSED] JURY INSTRUCTION NO. 21

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**SOURCE:**  9th Cir. 2.12

# [PROPOSED] JURY INSTRUCTION NO. 22

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**SOURCE:**  9th Cir. 2.13

## [PROPOSED] JURY INSTRUCTION NO. 23

### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**SOURCE:**  9th Cir. 3.1

Mitchell
Silberberg &
Knupp LLP

565489.1

**JOINT [PROPOSED] JURY INSTRUCTIONS**

## [PROPOSED] JURY INSTRUCTION NO. 24
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**SOURCE:**  9th Cir. 3.2

1

**[PROPOSED] JURY INSTRUCTION NO. 25**

2

**RETURN OF VERDICT**

3

4      A verdict form has been prepared for you. [*Any explanation of the verdict*

5  *form may be given at this time.*]  After you have reached unanimous agreement on

6  a verdict, your presiding juror will fill in the form that has been given to you, sign

7  and date it, and advise the court that you are ready to return to the courtroom.

8

9  **SOURCE:**  9th Cir. 3.3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

## [PROPOSED] JURY INSTRUCTION NO. 26
## COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE

A copyright owner may transfer, sell or convey exclusively to another person any of the rights comprised in the copyright.  To be valid, the transfer, sale, or conveyance must be in writing.  The person to whom this right is transferred is called a licensee.

**SOURCE:**  9th Cir. 17.11

Mitchell
Silberberg &
Knupp LLP

# [PROPOSED] JURY INSTRUCTION NO. 27

## INTERPRETATION—MEANING OF ORDINARY WORDS

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

**SOURCE:**  CACI 315

Mitchell
Silberberg &
Knupp LLP

## **[PROPOSED] JURY INSTRUCTION NO. 28**

## **INTERPRETATION—MEANING OF TECHNICAL WORDS**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

**SOURCE:**  CACI 316

**[PROPOSED] JURY INSTRUCTION NO. 29**

**UNEXPRESSED INTENT IS NOT RELEVANT**

If one party's understanding was not communicated to the other party at the time the contract was created, that private understanding is not relevant and you must disregard it.

**SOURCE:**  Cal. Civ. Code §§ 1636, 1638, 1639; *St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co.*, 111 Cal. App. 4th 1234, 1247 n.8.

1

## **[PROPOSED] JURY INSTRUCTION NO. 30**

2

## **INTERPRETATION—CONSTRUCTION OF CONTRACT AS A WHOLE**

3

4        In deciding what the words of a contract meant to the parties, you should

5   consider the whole contract, not just isolated parts. You should use each part to

6   help you interpret the others, so that all the parts make sense when taken together.

7

8   **SOURCE:**  CACI 317

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] JURY INSTRUCTION NO. 31

## INTERPRETATION—INCORPORATION BY REFERENCE

Where a contract incorporates by reference the contents of another writing, the two documents constitute one agreement and should be read together.

**SOURCE:**   *Colden v. Asmus*, 322 F. Supp. 1163, 1165 (S.D. Cal. 1971)

1  Dated:  October 7, 2015          BROWNE GEORGE ROSS LLP

2

3                                    By: /s/ Keith J. Wesley
                                        Peter W. Ross
                                        Keith J. Wesley
4                                       Jonathan Gottfried
                                        Attorneys for Plaintiff,
5                                       Osama Ahmed Fahmy

6

7

8  Dated:  October 7, 2015          MITCHELL SILBERG & KNUPP LLP

9

10                                   By: /s/ David A. Steinberg
                                        Christine Lepera
                                        David A. Steinberg
11                                      Attorneys for Various Defendants

12

13  Dated:  October 7, 2015           JENNER & BLOCK

14

15                                   By: /s/ Daniel A. Rozansky
                                        Andrew H. Bart
                                        Daniel A. Rozansky
16                                      Attorneys for Defendant,
                                        Shawn Carter (pka Jay Z)

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP