1  CHRISTINE LEPERA (Pro Hac Vice)
2    ctl@msk.com
   DAVID A. STEINBERG (SBN 130593)
3    das@msk.com
   MITCHELL SILBERBERG & KNUPP LLP
4  11377 West Olympic Boulevard
   Los Angeles, CA  90064-1683
5  Telephone: (310) 312-2000
   Facsimile: (310) 312-3100
6
7  ANDREW H. BART (Pro Hac Vice)
     abart@jenner.com
8  DANIEL A. ROZANSKY (SBN 161647)
     drozansky@jenner.com
9  JENNER & BLOCK LLP
   633 West 5th Street, Suite 3600
10 Los Angeles, California 90071
   Telephone: (213) 239-5100
11 Facsimile: (213) 239-5199
12 Counsel for Defendants – Continued after signatures

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15 Osama Ahmed Fahmy,                  Case No. CV 07-05715 CAS (PJWx)

16          Plaintiff,                 The Honorable Christina A. Snyder

17      v.                             **DEFENDANTS' PROPOSED
                                       SPECIAL VERDICT FORMS**
18 Jay-Z (aka Shawn Carter), Timothy
19 Mosely, Kyambo Joshua, Rob Bourdon,
   Brad Delson, Mike Shinoda, Dave Farrell,
20 Joseph Hahn, Chester Bennington, Big     Trial Date:    October 13, 2015
   Bad Mr. Hahn Music, Chesterchaz
21 Publishing, EMI Blackwood Music, Inc.,
   EMI Music Publishing Ltd., Kenji
22 Kobayashi Music, Lil Lulu Publishing,
   Machine Shop Recordings, LLC, Marcy
23 Projects Productions II, Inc., MTV
   Networks Enterprises Inc., Nondisclosure
24 Agreement Music, Paramount Home
   Entertainment, Inc., Paramount Pictures
25 Corporation, Radical Media, Rob Bourdon
   Music, Roc-A-Fella Records, LLC,
26 Timbaland Productions, Inc., UMG
   Recordings, Inc., Universal Music and
27 Video Distribution, Inc., and Warner
   Music Inc.,
28          Defendants.

Mitchell
Silberberg &
Knupp LLP

7149649.4

DEFENDANTS' PROPOSED SPECIAL VERDICT FORMS

# LIABILITY PHASE [PROPOSED]

# SPECIAL VERDICT FORM

We the jury in the above-entitled action answer the questions submitted to us as follows:

## SECTION A:  LICENSE/STANDING

**Question 1:**

Did Defendants receive a license to exploit *Big Pimpin'*?

Yes _____    No _____

Please continue to Question 2.

**Question 2:**

As of December 2002, did Plaintiff convey all of his economic rights in the *Khosara* musical composition to Mohsen Jaber?

Yes _____    No _____

Please continue to Question 3.

**Question 3:**

As of December 2002, did Plaintiff convey to Mohsen Jaber the exclusive economic right to license a "sample" of the *Khosara* musical composition?

Yes _____    No _____

Please continue to the next page.

7149649.4

**SECTION B: EQUITABLE ESTOPPEL [ADVISORY]**

**Question 4:**

Is Plaintiff equitably estopped from asserting his claims in this action?

Yes _____     No _____


Please review your answers to Questions 1-3 in Section A.  If you answered yes to any of the questions in Section A (Questions 1-3), you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

Otherwise, please continue to the next page.

7149649.4

# SECTION C:  COPYRIGHT OWNERSHIP

## Question 5:

Did Plaintiff prove, by a preponderance of evidence, that Baligh Hamdy authored the lead sheet of the *Khosara* Composition (Exhibit 133) (the "Lead Sheet") or any part thereof?

Yes _____   No _____


If your answer to Question 5 is no, you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

If your answer to Question 5 is yes, continue to Question 6.


## Question 6:

Is the Lead Sheet original expression protected by copyright?

Yes _____   No _____


If your answer to Question 6 is no, you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

If your answer to Question 6 is yes, continue to Question 7.

7149649.4

## SECTION D: COPYING

**Question 7**:

Does *Big Pimpin'* contain any protectable element of the music from the Lead Sheet that is original to Baligh Hamdy?

Yes _____    No _____


If your answer to question 7 is no, you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

If your answer to question 7 is yes, continue to Question 8.


**Question 8**:

Is the original, protectable portion of the Lead Sheet substantially similar to *Big Pimpin'* and not *de minimis*?

Yes _____    No _____


If your answer to question 8 is no, you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

If you answer to question 8 is yes, continue to Question 9.


**Question 9**:

**Question 9.a**:  Did Timothy Mosley (p/k/a Timbaland) infringe Plaintiff's copyright in the *Khosara* Composition?

Yes _____    No _____

**Question 9.b**:  Did Shawn Carter (p/k/a Jay-Z) infringe Plaintiff's copyright in the *Khosara* Composition?

Yes _____    No _____

**Question 9.c**:  Did Rob Bourdon infringe Plaintiff's copyright in the *Khosara* Composition?

4

1          Yes _____     No _____

2          **Question 9.d**:  Did Brad Delson infringe Plaintiff's copyright in the

3    *Khosara* Composition?

4          Yes _____     No _____

5          **Question 9.e**:  Did Mike Shinoda infringe Plaintiff's copyright in the

6    *Khosara* Composition?

7          Yes _____     No _____

8          **Question 9.f**:  Did Dave Farrell infringe Plaintiff's copyright in the *Khosara*

9    Composition?

10          Yes _____     No _____

11          **Question 9.g**:  Did Joseph Hahn infringe Plaintiff's copyright in the

12    *Khosara* Composition?

13          Yes _____     No _____

14          **Question 9.h**:  Did Chester Bennington infringe Plaintiff's copyright in the

15    *Khosara* Composition?

16          Yes _____     No _____

17          **Question 9.i**:  Did EMI Blackwood Music, Inc. infringe Plaintiff's

18    copyright in the *Khosara* Composition?

19          Yes _____     No _____

20          **Question 9.j**:  Did Warner Music, Inc. infringe Plaintiff's copyright in the

21    *Khosara* Composition?

22          Yes _____     No _____

23          **Question 9.k**:  Did UMG Recordings, Inc. infringe Plaintiff's copyright in

24    the *Khosara* Composition?

25          Yes _____     No _____

26          **Question 9.l**:  Did Roc-A-Fella Records, LLC infringe Plaintiff's copyright

27    in the *Khosara* Composition?

28          Yes _____     No _____

7149649.4

1    **Question 9.m**:  Did Universal Music Group Distribution Corp. infringe

2    Plaintiff's copyright in the *Khosara* Composition?

3        Yes _____    No _____

4    **Question 9.n**:  Did MTV Networks Enterprises, Inc. infringe Plaintiff's

5    copyright in the *Khosara* Composition?

6        Yes _____    No _____

7    **Question 9.o**:  Did Paramount Home Entertainment, Inc. infringe Plaintiff's

8    copyright in the *Khosara* Composition?

9        Yes _____    No _____

10   **Question 9.p**:  Did Paramount Pictures Corporation infringe Plaintiff's

11   copyright in the *Khosara* Composition?

12       Yes _____    No _____

13

14       If your answer to every sub-part of Question 9 was "No," you have found

15   for Defendants.  Please skip the remaining questions, go to the last page, and

16   follow the directions.

17       Otherwise, continue to Question 10.

18

19

20

21

22

23

24

25

26

27

28

6

## SECTION E: BLANKET LICENSE

**Question 10**:

Did Defendant Carter prove, by a preponderance of the evidence, that:

(1)     A performing rights organization obtained the right to license the public performance of the *Khosara* musical composition; and

(2)     The venues at which Defendant Carter performed, or the promoters who arranged his performance, obtained a blanket license from a performing rights organization whose repertoire or catalogue included the *Khosara* musical composition?

Yes _____     No _____

Please continue to Question 11.

7149649.4

**SECTION F: FAIR USE**

**<u>Question 11</u>**:

    Is the original, protectable portion of the Lead Sheet that is copied in *Big Pimpin'* fair use?

    Yes _____    No _____


    If your answer to question 11 is yes, you have found for Defendants.  Please skip the remaining questions, go to the last page, and follow the directions.

    If you answer to question 11 is no, continue to Question 12.

7149649.4

# SECTION G: WILLFUL INFRINGEMENT

**Question 12**:

    **Question 12.a**:  Did Shawn Carter (p/k/a Jay-Z) willfully infringe Plaintiff's copyright in the *Khosara* Composition?

    Yes _____   No _____

    **Question 12.b**:  Did Timothy Mosley (p/k/a Timbaland) willfully infringe Plaintiff's copyright in the *Khosara* Composition?

    Yes _____   No _____

    **Question 12.c**:  Did UMG Recordings Inc. or Roc-A-Fella Records, LLC willfully infringe Plaintiff's copyright in the *Khosara* Composition?

    Yes _____   No _____

    **Question 12.d**:  Did Universal Music Group Distribution Corp. willfully infringe Plaintiff's copyright in the *Khosara* Composition?

    Yes _____   No _____

    Please continue to the next page.

7149649.4

1    The foreperson should now sign this verdict form.

2

3    Dated: _____        Signed:_____

4                                                              Jury Foreperson

5

6        After this verdict form has been signed, notify the bailiff that you are ready

7    to present your verdict in the courtroom.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7149649.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DAMAGES PHASE [PROPOSED] SPECIAL VERDICT FORM

## SECTION A

## APPORTIONMENT

**Album and Film Apportionment**

<u>Vol. 3</u>

1.      Did Plaintiff prove by a preponderance of the evidence that any of Defendants' net profits earned after August 31, 2004 from sales of the Jay-Z album *Vol. 3… Life and Times of S. Carter* (the "*Vol. 3* album") directly resulted from the use of the *Khosara Khosara* musical composition in the version of *Big Pimpin'* included on that album (the "*Big Pimpin'* Track")?

Yes _____   No _____

If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits for sales of the *Vol. 3* album and you must answer "0" in Question 2.

2.      What percentage, if any, of the net profits generated from the *Vol. 3* album after August 31, 2004 directly resulted from the use of the *Big Pimpin'* Track on that album?

_____ %

<u>The Hits Collection</u>

3.      Did Plaintiff prove by a preponderance of the evidence that any of Defendants' net profits from sales of the album *Jay-Z: The Hits Collection, Volume One* (the "*Hits Collection* album") directly resulted from the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* Track included on that album?

Yes _____   No _____

1

1

2       If the answer is yes, proceed to the next question.

3       If the answer is no, Plaintiff is not entitled to any profits for sales of the *Hits*

4   *Collection* album and you must answer "0" to Question 4.

5

6       4.      What percentage, if any, of the net profits generated from the *Hits*

7   *Collection* album directly resulted from the use the *Big Pimpin'* Track included on

8   that album?

9       _____ %

10

11      The Unplugged Album

12      5.      Did Plaintiff prove by a preponderance of the evidence that any of

13  Defendants' net profits earned after August 31, 2004 from sales of the Jay-Z

14  album *MTV Unplugged* (the "*Unplugged* album") directly resulted from the use of

15  the *Khosara Khosara* musical composition in the version of *Big Pimpin'* included

16  in that album (the "Unplugged *Big Pimpin'* Version")?

17      Yes _____   No _____

18

19      If the answer is yes, proceed to the next question.

20      If the answer is no, Plaintiff is not entitled to any profits for sales of the

21  *Unplugged* album and you must answer "0" to Question 6.

22

23      6.      What percentage, if any, of the net profits generated from the

24  *Unplugged* album after August 31, 2004 directly resulted from the use the

25  Unplugged *Big Pimpin'* Version included on that album?

26      _____ %

27

28

2

1

2     <u>Fade to Black</u>

3     7.     Did Plaintiff prove by a preponderance of the evidence that any of

4     Defendants' net profits from sales of the film *Fade to Black* directly resulted from

5     the use of the *Khosara Khosara* musical composition in the version of *Big*

6     *Pimpin'* performed in that film (the "Fade to Black *Big Pimpin'* Version")?

7     Yes _____     No _____

8

9     If the answer is yes, proceed to the next question.

10    If the answer is no, Plaintiff is not entitled to any profits for sales of the film

11    *Fade to Black* and you must answer "0" to Question 8.

12

13    8.     What percentage, if any, of the net profits generated from the film

14    *Fade to Black* directly resulted from the use of the Fade to Black *Big Pimpin'*

15    Version in that film?

16    _____ %

17

18    <u>Collision Course Sales</u>

19    9.     Did Plaintiff prove by a preponderance of the evidence that any of

20    Defendants' net profits from sales of the album and DVD *Collision Course*

21    ("*Collision Course*") directly resulted from the use of the *Khosara Khosara*

22    musical composition in *Big Pimpin'/Papercut* as contained in *Collision Course*?

23    Yes _____     No _____

24

25    If the answer is yes, proceed to the next question.

26    If the answer is no, Plaintiff is not entitled to any profits for sales of

27    *Collision Course* and you must answer "0" to Question 10.

28

7161263.3

10.     What percentage, if any, of the net profits generated from sales of *Collision Course* directly resulted from the use of *Big Pimpin'* /*Papercut* as contained in *Collision Course*?

\_\_\_\_\_ %

### Collision Course Licensing

11.     Did Plaintiff prove by a preponderance of the evidence that any of Defendants' net profits from licensing of *Collision Course* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'*/*Papercut* as contained in *Collision Course*?

If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits for licensing of *Collision Course* and you must answer "0" to Question 12.

12.     What percentage, if any, of the net profits generated from licensing of *Collision Course* directly resulted from the use of *Big Pimpin'* /*Papercut* as contained in *Collision Course*?

\_\_\_\_\_ %

**Song Apportionment**

### Big Pimpin' Track

13.     Did Plaintiff prove by a preponderance of the evidence that any of Defendants' net profits directly resulting from the *Big Pimpin'* Track are, in turn, a direct consequence of the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* Track?

Yes \_\_\_\_     No \_\_\_\_

4

7161263.3

If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits for sales of the *Big Pimpin' Track* and you must answer "0" to Question 14.

14.    What percentage, if any, of the profits directly resulting from the *Big Pimpin' Track* are, in turn, a direct consequence of the portion of the *Khosara Khosara* musical composition used in that *Big Pimpin'* Track?

_____ %

Unplugged Big Pimpin' Version

15.    Did Plaintiff prove by a preponderance of the evidence that any of Defendants' net profits directly resulting from the Unplugged *Big Pimpin'* Version are, in turn, a direct consequence of the use of the *Khosara Khosara* musical composition in the Unplugged *Big Pimpin'* Version?

Yes _____    No _____

If the answer is yes, proceed to the next question

If the answer is no, Plaintiff is not entitled to any profits for sales of the Unplugged *Big Pimpin'* Version and you must answer "0" to Question 16.

16.    What percentage, if any, of the profits directly resulting from the Unplugged *Big Pimpin'* Version are, in turn, a direct consequence of the portion of the *Khosara Khosara* musical composition used in Unplugged *Big Pimpin'* Version?

_____ %

5

1    <u>Fade to Black Version</u>

2    17.    Did Plaintiff prove by a preponderance of the evidence that any of

3  Defendants' net profits directly resulting from the Fade to Black *Big Pimpin'*

4  Version are, in turn, a direct consequence of the use of the *Khosara Khosara*

5  musical composition in the Fade to Black *Big Pimpin'* Version?

6    Yes _____    No _____

7

8    If the answer is yes, proceed to the next question.

9    If the answer is no, Plaintiff is not entitled to any profits for sales of the Fade

10  to Black *Big Pimpin'* Version and you must answer "0" to Question 18.

11

12    18.    What percentage, if any, of the profits directly resulting from the Fade

13  to Black *Big Pimpin'* Version are, in turn, a direct consequence of the portion of

14  the *Khosara Khosara* musical composition used in the Fade to Black *Big Pimpin'*

15  Version?

16    _____ %

17

18    <u>Big Pimpin' Musical Composition</u>

19    19.    Did Plaintiff prove by a preponderance of the evidence that any of

20  Defendants' net profits earned after August 31, 2004 from music publishing

21  income from the *Big Pimpin'* musical composition (as opposed to any sound

22  recording) directly resulted from the use of the *Khosara Khosara* musical

23  composition in the *Big Pimpin'* musical composition?

24    Yes _____    No _____

25

26    If the answer is yes, proceed to the next question.

27    If the answer is no, Plaintiff is not entitled to any profits for sales of *Big*

28

6

1    *Pimpin'/Papercut* and you must answer "0" to Question 20.

2

3        20.    What percentage, if any, of the profits directly resulting from the *Big*

4    *Pimpin'* musical composition (as opposed to any sound recording) directly

5    resulted from the use of the *Khosara Khosara* musical composition in in the *Big*

6    *Pimpin'* musical composition?

7        _____ %

8

9    <u>Big Pimpin'/Papercut Recording</u>

10       21.    Did Plaintiff prove by a preponderance of the evidence that any of

11   Defendants' net profits directly resulting from *Big Pimpin'/Papercut* are, in turn, a

12   direct consequence of the use of the *Khosara Khosara* musical composition in *Big*

13   *Pimpin'/Papercut*?

14       Yes _____    No _____

15

16       If the answer is yes, proceed to the next question.

17       If the answer is no, Plaintiff is not entitled to any profits for sales of *Big*

18   *Pimpin'/Papercut* and you must answer "0" to Question 22.

19

20       22.    What percentage, if any, of the profits directly resulting from *Big*

21   *Pimpin'/Papercut* are, in turn, a direct consequence of the portion of the *Khosara*

22   *Khosara* musical composition used in *Big Pimpin' /Papercut*?

23       _____ %

24

25   <u>Big Pimpin'/Papercut Musical Composition</u>

26       23.    Did Plaintiff prove by a preponderance of the evidence that any of

27   Defendants' net profits earned after August 31, 2004 from music publishing

28   income from the *Big Pimpin' /Papercut* musical composition (as opposed to any

7161263.3

sound recording) directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin' /Papercut* musical composition?

Yes _____      No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits for sales of the *Big Pimpin'/Papercut* musical composition and you must answer "0" to Question 24.


24.    What percentage, if any, of the profits directly resulting from the *Big Pimpin' /Papercut* musical composition (as opposed to any sound recording) directly resulted from the use of the *Khosara Khosara* musical composition in in the *Big Pimpin' /Papercut* musical composition?

_____ %


Please continue to Section B.

7161263.3

1

## SECTION B

2

## UMG AND ROC-A-FELLA

3        25.    Did Plaintiff prove by a preponderance of the evidence that any net

4    profits earned by UMG Recordings, Inc. or Roc-A-Fella Records, LLC

5    (collectively, "UMG") after August 31, 2004 in connection with *Big Pimpin'* or

6    *Big Pimpin'/Papercut* directly resulted from the use of the *Khosara Khosara*

7    musical composition in *Big Pimpin'* or *Big Pimpin'/Papercut*?

8        Yes _____    No _____

9

10        If the answer is yes, proceed to the next question.

11        If the answer is no, Plaintiff is not entitled to any profits from UMG and

12    there are no damages.  Skip to Section C.

13

14    **Vol. 3**

15        26.    The parties have stipulated that UMG generated revenue of $xxxxxx

16    in connection with the *Vol. 3* album after August 31, 2004.

17

18        What amount of deductible expenses did UMG prove by a preponderance of

19    the evidence that it incurred after August 31, 2004 in connection with the *Vol. 3*

20    album?  $ _____.

21

22        27.    Please subtract the amount in your answer to Question 26 from

23    $xxxxxx to determine the amount, if any, of UMG's net profits from the *Vol. 3*

24    album after August 31, 2004.  $ _____.

25

26        28.    Please multiply the amount in your answer to Question 27 by the

27    percentage you determined in Question 2, above, to determine the amount, if any,

28    of UMG's net profits from the *Vol. 3* album after August 31, 2004 attributable to

7161263.3

1    the *Big Pimpin' Track*: $ _____.

2

3    **The Hits Collection**

4       29.    The parties have stipulated that UMG generated revenue of $xxxxxx

5    in connection with the *Hits Collection* album.

6

7       What amount of deductible expenses did UMG prove by a preponderance of

8    the evidence that it incurred in connection with the *Hits Collection* album?

9    $ _____.

10

11       30.    Please subtract the amount in your answer to Question 29 from

12    $xxxxxx to determine the amount, if any, of UMG's net profits from the *Hits*

13    *Collection* album.   $ _____.

14

15       31.    Please multiply the amount in your answer to Question 30 by the

16    percentage you determined in Question 4, above, to determine the amount, if any,

17    of UMG's net profits from the *Hits Collection* album attributable to the *Big*

18    *Pimpin' Track*:   $ _____.

19

20    **Big Pimpin' Single**

21       32.    The parties have stipulated that UMG generated revenue of $xxxxxx

22    in connection with the *Big Pimpin'* Track (separate from any albums on which it

23    was contained) (the "*Big Pimpin'* Single") after August 31, 2004.

24

25       What amount of deductible expenses did UMG prove by a preponderance of

26    the evidence that it incurred in connection with the *Big Pimpin'* Single after

27    August 31, 2004?   $ _____.

28

7161263.3

33.     Please subtract the amount in your answer to Question 32 from $xxxxxx to determine the amount, if any, of UMG's net profits from the *Big Pimpin'* Single after August 31, 2004.  $ _____.


**Big Pimpin' Apportionment**

34.     Please add the amounts in your responses to Questions 28, 31, and 33 to calculate the amount, if any, of UMG's net profits attributable to the *Big Pimpin'* Track:  $ _____.


35.     Please multiply the amount in your response to Question 34 by the percentage you determined in Question 14, above, to determine the amount, if any, of UMG's net profits after August 31, 2004 attributable to the portion of the *Khosara Khosara* musical composition used in the *Big Pimpin'* Track:

$ _____.


**Unplugged**

36.     The parties have stipulated that UMG generated revenue of $xxxxxx in connection with the *Unplugged* album after August 31, 2004.

What amount of deductible expenses did UMG prove by a preponderance of the evidence that it incurred in connection with the *Unplugged* album release after August 31, 2004?  $ _____.


37.     Please subtract the amount in your answer to Question 36 from $xxxxxx to determine the amount, if any, of UMG's net profits from the *Unplugged* album after August 31, 2004.  $ _____.

11

38.   Please multiply the amount in your response to Question 37 by the percentage you determined in Question 6, above, to determine the amount, if any, of UMG's net profits from the *Unplugged* album attributable to the Unplugged *Big Pimpin'* Version:   $ _____.

39.   Please multiply the amount in your response to Question 38 by the percentage you determined in Question 16, above, to determine the amount, if any, of UMG's net profits attributable to the portion of the *Khosara Khosara* musical composition used in the Unplugged *Big Pimpin'* Version: $ _____.

**Collision Course**

40.   The parties have stipulated that UMG generated revenue of $xxxxxx in connection with *Collision Course*.  UMG does not claim any deductible expenses.

Please multiply $xxxxxx by the percentage you determined in Question 10, above, to determine the amount, if any, of UMG's net profits from *Collision Course* attributable to *Big Pimpin'/Papercut*:  $ _____.

41.   Please multiply the amount in your response to Question 40 by the percentage you determined in Question 22, above, to determine the amount, if any, of UMG's net profits attributable to the portion of the *Khosara Khosara* musical composition used in *Big Pimpin'/Papercut*:  $ _____.

12

**<u>Total</u>**

42.     Please add the amounts in your responses to Questions 35, 39, and 41 to calculate the total amount, if any, of profits to be awarded from UMG: $ _____.

Please continue to Section C.

## SECTION C

## UMG COMMERCIAL SERVICES

43.    Did Plaintiff prove by a preponderance of the evidence that any net profits earned by UMG Commercial Services, Inc. ("UMG Commercial") after August 31, 2004 in connection with *Big Pimpin'* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'*?

Yes _____    No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits from UMG Commercial and there are no damages.  Skip to Section D.


## Vol. 3

44.    The parties have stipulated that UMG Commercial generated revenue of $xxxxxx in connection with the *Vol. 3* album after August 31, 2004.


What amount of deductible expenses did UMG Commercial prove by a preponderance of the evidence that it incurred after August 31, 2004 in connection with the *Vol. 3* album?   $ _____.


45.    Please subtract the amount in your answer to Question 44 from $xxxxxx to determine the amount, if any, of UMG Commercial's net profits from the *Vol. 3* album after August 31, 2004.  $ _____.


46.    Please multiply the amount in your answer to Question 45 by the percentage you determined in Question 2, above, to determine the amount, if any, of UMG Commercial's net profits from the *Vol. 3* album after August 31, 2004 attributable to the *Big Pimpin'* Track:   $ _____.

14

1

2      **The Hits Collection**

3          47.     The parties have stipulated that UMG Commercial generated revenue

4      of $xxxxxx in connection with the *Hits Collection* album.

5

6          What amount of deductible expenses did UMG Commercial prove by a

7      preponderance of the evidence that it incurred in connection with the *Hits

8      Collection* album?   $ _____.

9

10         48.     Please subtract the amount in your answer to Question 47 from

11     $xxxxxx to determine the amount, if any, of UMG Commercial's net profits from

12     the *Hits Collection* album.  $ _____.

13

14         49.     Please multiply the amount in your response to Question 48 by the

15     percentage you determined in Question 4, above, to determine the amount, if any,

16     of UMG Commercial's net profits from the *Hits Collection* album attributable to

17     the *Big Pimpin'* Track:

18     $ _____.

19

20     **Big Pimpin' Single**

21         50.     The parties have stipulated that UMG Commercial generated revenue

22     of $xxxxxx in connection with the *Big Pimpin'* Single after August 31, 2004.

23

24         What amount of deductible expenses did UMG Commercial prove by a

25     preponderance of the evidence that it incurred after August 31, 2004 in connection

26     with the *Big Pimpin'* Single?   $ _____.

27

28

7161263.3

51.     Please subtract the amount in your answer to Question 50 from $xxxxxx to determine the amount, if any, of UMG Commercial's net profits from the *Big Pimpin'* Single after August 31, 2004.  $ _____ .

**Big Pimpin' Apportionment**

52.     Please add the amounts in your responses to Questions 45, 49, and 51 to calculate the amount, if any, of UMG Commercial's net profits attributable to the *Big Pimpin'* Track:  $ _____ .

53.     Please multiply the amount in your response to Question 52 by the percentage you determined in Question 14, above, to determine the amount, if any, of UMG Commercial's net profits attributable to the portion of the *Khosara Khosara* musical composition used in the *Big Pimpin'* Track:  $ _____ .

**Unplugged**

54.     The parties have stipulated that UMG Commercial generated revenue of $xxxxxx in connection with the *Unplugged* Album after August 31, 2004.

What amount of deductible expenses did UMG Commercial prove by a preponderance of the evidence that it incurred after August 31, 2004 in connection with the *Unplugged* album?   $ _____ .

55.     Please subtract the amount in your answer to Question 54 from $xxxxxx to determine the amount, if any, of UMG Commercial's net profits from the *Unplugged* album after August 31, 2004.  $ _____ .

56.     Please multiply the amount in your answer to Question 55 by the percentage you determined in Question 6, above, to determine the amount, if any,

16

of UMG Commercial's net profits from the *Unplugged* album after August 31,

2004 attributable to the Unplugged *Big Pimpin'* Version:

$ _____.


57.     Please multiply the amount in your response to Question 56 by the

percentage you determined in Question 16, above, to determine the amount, if

any, of UMG Commercial's net profits after August 31, 2004 attributable to the

portion of the *Khosara Khosara* musical composition used in the Unplugged *Big

Pimpin'* Version:   $ _____.


**Total**

58.     Please add the amounts in your responses to Questions 53 and 57 to

calculate the total amount, if any, of profits to be awarded from UMG

Commercial:   $ _____.


Please continue to Section D.

7161263.3

## SECTION D

## PARAMOUNT

59.    Did Plaintiff prove by a preponderance of the evidence that any net profits earned by Paramount Home Entertainment, Inc. or Paramount Pictures Corporation (collectively, "Paramount") in connection with the film *Fade to Black* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'*?

Yes _____   No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits from Paramount and there are no damages.  Skip to Section E.


60.    The parties have stipulated that Paramount generated revenue of $xxxxxx in connection with the film *Fade to Black*.


What amount of deductible expenses did Paramount prove by a preponderance of the evidence that it incurred the film *Fade to Black*?
$ _____.


61.    Please subtract the amount in your answer to Question 60 from $xxxxxx to determine the amount, if any, of Paramount's net profits from the film *Fade to Black*.  $ _____.


62.    Please multiply the amount in your response to Question 61 by the percentage you determined in Question 8, above, to determine the amount, if any, of Paramount's net profits from the film *Fade to Black* attributable to the Fade to

18

Black *Big Pimpin'* Version:   $ _____.

63.     Please multiply the amount in your response to Question 62 by the percentage you determined in Question 18, above, to determine the amount, if any, of Paramount's net profits attributable to the portion of the *Khosara Khosara* musical composition used in the Fade to Black *Big Pimpin'* Version:

$ _____.

Please continue to Section E.

19

## SECTION E

## WARNER

64.     Did Plaintiff prove by a preponderance of the evidence that any net profits earned by Warner Music, Inc. ("Warner") in connection with *Big Pimpin'/Big Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'/Big Papercut*?

Yes _____     No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits from Warner and there are no damages.  Skip to Section F.


**Collision Course Sales**

65.     The parties have stipulated that Warner generated revenue of $xxxxxx in connection with sales *Collision Course*.


What amount of deductible expenses did Warner prove by a preponderance of the evidence that it incurred in connection with sales of *Collision Course*? $ _____.


66.     Please subtract your answer in Question 65 from $xxxxxx to determine the amount, if any of Warner's net profits in collection with *Collision Course*: $ _____.


67.     Please multiply the amount in your response to Question 66 by the percentage you determined in Question 10, above, to determine the amount, if any, of Warner's net profits from sales of the *Collision Course* album attributable

20

7161263.3

1     to *Big Pimpin'/Papercut*:  $ _____.

2

3     **Collision Course Licensing**

4     68.     The parties have stipulated that Warner generated revenue of $xxxxxx

5     in connection with licensing of *Collision Course*.

6

7     What amount of deductible expenses did Warner prove by a preponderance

8     of the evidence that it incurred in connection with licensing of *Collision Course*?

9     $ _____.

10

11     69.     Please subtract your answer in Question 68 from $xxxxxx to

12     determine the amount, if any of Warner's net profits in collection with licensing of

13     *Collision Course*:  $ _____.

14

15     70.     Please multiply the amount in your response to Question 69 by the

16     percentage you determined in Question 12, above, to determine the amount, if

17     any, of Warner's net profits from licensing of the *Collision Course* album

18     attributable to *Big Pimpin'/Papercut*:  $ _____.

19

20     **Big Pimpin'/Papercut**

21     71.     The parties have stipulated that Warner generated revenue of $xxxxxx

22     from the track *Big Pimpin'/Papercut*, separate from the *Collision Course* album.

23

24     What amount of deductible expenses did Warner prove by a preponderance

25     of the evidence that it incurred in connection with the track *Big Pimpin'/Papercut*,

26     separate from the *Collision Course* album?  $ _____.

27

28

21

7161263.3

72.     Please subtract the amount in your answer to Question 71 from $xxxxxx to determine the amount, if any, of UMG's net profits from the track *Big Pimpin'/Papercut*, separate from the *Collision Course* album.  $ _____.

**Total**

73.     Please add the amounts in your responses to Questions 67, 70, and 72: $ _____.

74.     Please multiply the amount in your response to Question 73 by the percentage you determined in Question 22, above, to determine the amount, if any, of Warner's net profits attributable to the portion of the *Khosara Khosara* musical composition used in *Big Pimpin'/Papercut*:   $ _____.

Please continue to Section F.

## SECTION F

## MTV NETWORKS

75.    Did Plaintiff prove by a preponderance of the evidence that any net profits earned by MTV Networks Enterprises, Inc. ("MTV") in connection with *Big Pimpin'/Big Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'/Big Papercut*?

Yes _____    No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits from MTV and there are no damages.  Skip to Section G.


76.    The parties have stipulated that MTV generated revenue of $xxxxxx in connection with *Collision Course*.  MTV does not claim any deductible expenses.  Thus, its net profit was $xxxxxx.


Please multiply $xxxxxx by the percentage you determined in Question 12, above, to determine the amount, if any, of MTV's net profits from *Collision Course* attributable to *Big Pimpin'/Papercut*:   $ _____.


77.    Please multiply the amount in your response to Question 76 by the percentage you determined in Question 22, above, to determine the amount, if any, of MTV's net profits attributable to the portion of the *Khosara Khosara* musical composition used in *Big Pimpin'/Papercut*:  $ _____.


Please continue to Section G.

23

7161263.3

## SECTION G

## LINKIN PARK PARTIES

78.     Did Plaintiff prove by a preponderance of the evidence that any net profits earned by Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, Kenji Kobayashi Music, Machine Shop Recordings, LLC, Nondisclosure Agreement Music, or Rob Bourdon Music (collectively, "Linkin Park") in connection with *Big Pimpin'/Big Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'/Big Papercut*?

Yes _____     No _____

If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any profits from Linkin Park and there are no damages.  Skip to Section H.

79.     The parties have stipulated that Linkin Park generated revenue of $xxxxxx in connection with sales of *Collision Course*, separate from individual sales of *Big Pimpin'/Papercut*.

Please multiply $xxxxxx by the percentage you determined in Question 10, above, to determine the amount, if any, of Linkin Park's revenues from sales of *Collision Course* attributable to *Big Pimpin'/Papercut*:   $ _____.

80.     The parties have stipulated that Linkin Park generated revenue of $xxxxxx in connection with licensing of *Collision Course*.

Please multiply $xxxxxx by the percentage you determined in Question 12, above, to determine the amount, if any, of Linkin Park's revenues from licensing

24

7161263.3

of *Collision Course* attributable to *Big Pimpin'*/*Papercut*:   $ _____.

81.    The parties have stipulated that Linkin Park generated revenue of $xxxxxx in connection with sales and other exploitation of *Big Pimpin'*/*Papercut*, separate from sales of *Collision Course* as a whole.

Please add $xxxxxx plus each of the amounts determined in your responses to Questions 79 and 80, to determine the total amount, if any, of Linkin Park's revenues attributable to *Big Pimpin'*/*Papercut*:   $ _____.

82.    The parties have stipulated that Linkin Park incurred deductible expenses of xx% of revenue, as a commission.  Please multiply the amount in your response to Question 81 by xx% (.xx):  $ _____.

83.    What percentage, if any, of Linkin Park's revenues did it pay in taxes? $ _____.

84.    Please multiply the percentage in your response to Question 83 by the amount in your response to Question 81:  $ _____.

85.    Please subtract the amounts in your responses to Questions 82 and 84 from the amount in your response to Question 81 to determine the amount, if any, of Linkin Park's net profits attributable to Big Pimpin'/Papercut: $ _____.

86.    Please multiply the amount in your response to Question 85 by the percentage you determined in Question 22, above, to determine the amount, if any, of Linkin Park's net profits attributable to the portion of the *Khosara*

25

7161263.3

1   *Khosara* musical composition used in *Big Pimpin'*/*Papercut*:  $ _____.

3      Please continue to Section H.

7161263.3

## SECTION H

## EMI BLACKWOOD MUSIC, INC.

87.    Did Plaintiff prove by a preponderance of the evidence that any net profits earned by EMI Blackwood Music, Inc. ("EMI") after August 31, 2004 in connection with *Big Pimpin'* or *Big Pimpin'/Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'* or *Big Pimpin'/Papercut*?

Yes _____    No _____

If the answer is yes, proceed to the next question

If the answer is no, Plaintiff is not entitled to any of EMI's profits and there are no damages.  Skip to Section I.

88.    The parties have stipulated that EMI generated revenue of $xxxxxx in connection with *Big Pimpin'*.  The parties have stipulated that EMI paid $xxxxxx in royalties to third parties in connection with *Big Pimpin'*.

Did EMI prove by a preponderance of the evidence that its payment of royalties to third parties in connection with *Big Pimpin'* are a deductible expense?

Yes _____    No _____

If the answer is yes, EMI's net profit from *Big Pimpin'* was $xxxxxx.

If the answer is no, EMI's net profit from *Big Pimpin'* was $xxxxxx.

89.    Please multiply the amount of EMI's net profit from the *Big Pimpin'* musical composition, determined in Question 88, by the percentage you determined in Question 20, above, to determine the amount of EMI's net profit attributable to the use of the *Khosara Khosara* musical composition in *Big*

27

1    *Pimpin'*:  $_____.

2

3         90.    The parties have stipulated that EMI generated revenue of $xxxxxx in

4    connection with *Big Pimpin'/Papercut.*  The parties have stipulated that EMI paid

5    $xxxxxx in royalties to third parties in connection with *Big Pimpin'/Papercut.*

6

7         Did EMI prove by a preponderance of the evidence that its payment of

8    royalties to third parties in connection with *Big Pimpin'/Papercut* are a deductible

9    expense?

10        Yes _____    No _____

11

12        If the answer is yes, EMI's net profit from *Big Pimpin'/Papercut* was

13   $xxxxxx.

14        If the answer is no, EMI's net profit from *Big Pimpin'/Papercut* was

15   $xxxxxx.

16

17        91.    Please multiply the amount of EMI's net profit from the *Big

18   Pimpin'/Papercut* musical composition, determined in Question 90, by the

19   percentage you determined in Question 24, above, to determine the amount of

20   EMI's net profit attributable to the use of the *Khosara Khosara* musical

21   composition in *Big Pimpin'/Papercut*:  $_____.

22

23        92.    Add the amounts determined in Question 89 and Question 91 to

24   determine the amount of EMI's net profits, if any, attributable to the use of the

25   *Khosara Khosara* musical composition in *Big Pimpin'* or *Big Pimpin'/Papercut*:

26   $_____.

27

28        Please continue to Section I.

7161263.3

## SECTION I

### MOSLEY

93.     Did Plaintiff prove by a preponderance of the evidence that any net profits earned by Timothy Mosley ("Mosley") after August 31, 2004 in connection with *Big Pimpin'* or *Big Pimpin'/Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'* or *Big Pimpin'/Papercut*?

Yes _____   No _____

If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any of Mosley's profits, and there are no damages.  Skip to Section J.

94.     The parties have stipulated that Mosley generated revenue of $xxxxxx in connection with *Big Pimpin'*.

Please multiply $xxxxxx times the percentage you determined in Question 20, above, to determine the amount, if any, of Mosley's gross revenue attributable to the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* musical composition: $_____.

95.     The parties have stipulated that Mosley generated revenue of $xxxxxx in connection with *Big Pimpin'/Papercut*.

Please multiply $xxxxxx times the percentage you determined in Question 24, above, to determine the amount, if any, of Mosley's gross revenue attributable to the use of the *Khosara Khosara* musical composition in the *Big Pimpin'/*

29

*Papercut* musical composition: $_____.

96.    Please add the amounts in your responses to Questions 94 and 95 to determine the total amount of Mosley's gross revenue, if any, attributable to the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* or *Big Pimpin'/Papercut* musical compositions:  $_____.

97.    The parties have stipulated that Mosley incurred deductible commission expenses in the amount of xx% of income.  Please multiply xx% (.xx) times your answer to Question 94:  $_____.

98.    Did Mosley prove by the preponderance of the evidence that he incurred deductible legal expenses in the amount of xx% of income?

Yes _____   No _____

99.    If the answer to Question 98 is yes, please multiply xx% (.xx) times your answer to Question 96.  If the answer to Question 98 is no, please put in "0":  $_____.

100.   In the liability phase of the trial, did you find Mosley committed willful infringement?

Yes _____   No _____

If the answer is yes, Mosley is not entitled to deduct his taxes and you must answer "0" to Question 101.

If the answer is no, Mosley is entitled to deduct his taxes.  Please continue to the next question.

30

7161263.3

101.   The parties have stipulated that Mosley paid taxes at a rate no lower than xx% of income.  Please multiply xx% (.xx) times your answer to Question 96:  $_____.

102.   Please add the numbers determined in your responses to Questions 97, 99, and 101 to determined Mosley's deductible expenses:  $_____.

103.   Please subtract the number in your response to Question 102 from the amount in your response to Question 96 to determine the amount, if any, of Mosley's net profits attributable to the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* or *Big Pimpin'/Papercut* musical compositions:  $_____.

Please continue to Section J.

7161263.3

## SECTION J

### CARTER

104.   Did Plaintiff prove by a preponderance of the evidence that any net profits earned by Shawn Carter after August 31, 2004 in connection with *Big Pimpin'* or *Big Pimpin'/Papercut* directly resulted from the use of the *Khosara Khosara* musical composition in *Big Pimpin'* or *Big Pimpin'/Papercut*?

Yes _____   No _____


If the answer is yes, proceed to the next question.

If the answer is no, Plaintiff is not entitled to any of Carter's profits, and there are no damages.  Please sign and date the verdict form.


### The Big Pimpin' Track

105.   The parties have stipulated that Carter generated revenue of $xxxxxx in connection with the album *Vol. 3 . . . Life & Times of S. Carter* after August 31, 2004.


Please multiply $xxxxxx times the percentage you determined in Question 2 to determine the amount, if any, of Carter's gross revenue directly resulting from the use of the *Big Pimpin'* Track in the album *Vol. 3 . . . Life & Times of S. Carter*:  $_____.


106.   The parties have stipulated that Carter generated revenue of $xxxxxx in connection with the album *Jay Z: The Hits Collection, Volume 1*.


Please multiply $xxxxxx times the percentage you determined in Question 4 to determine the amount, if any, of Carter's gross revenue directly resulting from the use of the *Big Pimpin'* Track in the album *Jay Z: The Hits Collection, Volume*

32

7161263.3

*1:* $_____$.

107.   The parties have stipulated that Carter generated revenue of $xxxxxx in connection with the *Big Pimpin'* Track after August 31, 2004.

Please add $xxxxxx to the amounts in your answers 105 and 106, to determine the amount of Carter's gross revenue directly resulting from the *Big Pimpin'* Track: $_____$.

108.   Please multiply the amount in your response to Question 107 times the percentage you determined in Question 14, to determine the amount, if any, of Carter's gross revenue directly resulting from the use of the *Khosara Khosara* musical composition in the *Big Pimpin'* Track:  $_____$.

**The Unplugged Version**

109.   The parties have stipulated that Carter generated revenue of $xxxxxx in connection with the album *Jay Z: Unplugged* after August 31, 2004.

Please multiply $xxxxxx times the percentage you determined in Question 6 to determine the amount, if any, of Carter's gross revenue directly resulting from the use of the Unplugged *Big Pimpin'* Version in the album *Jay Z: Unplugged*: $_____$.

110.   Please multiply the amount in your response to Question 109 times the percentage you determined in Question 16 to determine the amount, if any, of Carter's gross revenue directly resulting from the use of the *Khosara Khosara* musical composition in the album *Jay Z: Unplugged*: $_____$.

7161263.3

1

2    **The Fade to Black Version**

3    111.   The parties have stipulated that Carter generated revenue of $xxxxxx

4    in connection with the film *Fade to Black.*

5

6    Please multiply $xxxxxx times the percentage you determined in Question 8

7    to determine the amount, if any, of Carter's gross revenue directly resulting from

8    the use of the Fade to Black *Big Pimpin'* Version in the film *Fade to Black*:

9    $_____.

10

11   112.   Please multiply the amount in your response to Question 111 times

12   the percentage you determined in Question 18 to determine the amount, if any, of

13   Carter's gross revenue directly resulting from the use of the *Khosara Khosara*

14   musical composition in the film *Fade to Black*: $_____.

15

16   **Big Pimpin'/Papercut**

17   113.   The parties have stipulated that Carter generated revenue of $xxxxxx

18   in connection with the album *Collision Course.*

19

20   Please multiply $xxxxxx times the percentage you determined in Question

21   10 to determine the amount, if any, of Carter's gross revenue directly resulting

22   from the use of *Big Pimpin'/Papercut* in the album *Collision Course:*

23   $_____.

24

25   114.   The parties have stipulated that Carter generated revenue of $xxxxxx

26   in connection with *Big Pimpin'/Papercut* after August 31, 2004.

27

28   Please add $xxxxxx to the amount you determined in Question 113:

34

1   $_____.

2

3       115.   Please multiply the amount you determined in Question 114 times the

4   percentage you determined in Question 24 to determine the amount, if any, of

5   Carter's gross revenue directly resulting from the use of the *Khosara Khosara*

6   musical composition in *Big Pimpin'/Papercut*: $_____.

7

8       **Total Revenue**

9       116.   Please add the amounts in your responses to Questions 108, 110, 112,

10   and 115 to determine the total amount of Carter's gross revenue, if any, directly

11   resulting from the use of the *Khosara Khosara* musical composition in sound

12   recordings, albums, or films containing *Big Pimpin'* or *Big Pimpin'/Papercut*:

13   $_____.

14

15       **Expenses**

16       117.   The parties have stipulated that Carter incurred deductible

17   commission expenses in the amount of  xx% of income.  Please multiply xx%

18   (.xx) times your answer to Question 116:  $_____.

19

20       118.   Did Carter prove by the preponderance of the evidence that he

21   incurred deductible legal expenses in the amount of xx% (.xx) of income?

22       Yes _____    No _____

23

24       119.   If the answer to Question 118 is yes, please multiply xx% (.xx) times

25   your answer to Question 116.  If the answer to Question 118 is no, please put in

26   "0": $_____.

27

28

7161263.3

120.   The parties have stipulated that Carter paid taxes at a rate no lower than xx% of  income.  Please multiply xx%  (.xx) times your answer to Question 116: $_____.

121.   Please add the numbers determined in your responses to Questions 117, 119, and 120 to determine Carter's deductible expenses: $_____.

122.   Please subtract the number in your response to Question 121 from the amount in your response to Question 116 to determine the amount, if any, of Carter's net profits directly resulting from the use of the *Khosara Khosara* musical composition in sound recordings, albums, or films containing *Big Pimpin'* or *Big Pimpin'/Papercut*:  $_____.

Please continue to Section K.

7161263.3

# SECTION K

## CONCERT REVENUE

123.   You must determine the amount of Defendant Shawn Carter's revenue from concerts, if any, that the Plaintiff has proven by a preponderance of the evidence was a direct consequence of the performance of the song *Big Pimpin'*. Please keep in mind that you may only consider revenue earned after August 31, 2004.  Please set forth this determination **on Line A** below.  If you determine that none of Mr. Carter's concert revenue directly resulted from the performance of the song *Big Pimpin'*, please write "0" on Line A below, skip the remaining questions, and sign and date this form.

**LINE A**:   $_____

124.   If you find by a preponderance of the evidence that any of Mr. Carter's concert revenue was a direct consequence of his performance of the song *Big Pimpin'*, you must also determine the amount of that concert revenue, if any, that Mr. Carter has proven by a preponderance of the evidence was attributable to factors other than the use of the musical composition *Khosara Khosara* in the song *Big Pimpin'*.  These factors may include, but are not necessarily limited to:

a.   Other aspects of the song *Big Pimpin'*, including the lyrics, the chanted hook, the vocal performance and flow, the production and arrangement, and the marketing of the song;

b.   Factors other than the song *Big Pimpin'* that caused individuals to purchase concert tickets, including Mr. Carter's celebrity and star power (as well as the celebrity and star power of his co-headliners, opening acts, and guest stars), marketing and branding, the concert experience, Mr. Carter's live performance, the production values, and the desire to hear a sequence of Mr. Carter's songs as a set list; and

37

c.     The value of the sound recording of *Khosara Khosara* (as opposed to the musical composition).

Please set forth the amount of revenue you attribute to factors other than the use of the musical composition *Khosara Khosara* on **Line B** below:

**LINE B**:     $_____

125.   Please determine the amount of money, if any, that Mr. Carter has proven by a preponderance of the evidence he incurred in expenses associated with generating that concert revenue.  This amount includes all management fees and all operating, overhead, and production costs associated with producing Mr. Carter's concert revenue, and incomes taxes he paid in connection with that revenue.  Please set forth this determination on **Line C** below:

**LINE C**:     $_____

126.   Please determine the amount of Mr. Carter's concert revenues you award in lost profits by subtracting the numbers you set forth on **Line B** and **Line C** from the number you set forth on **Line A**.  Please set forth that amount on the line below:

**LINE A [$_____] – LINE B [$_____] – LINE C [$_____] =**

**TOTAL**:     $_____

7161263.3

1    The foreperson should now sign this verdict form.

2

3    Dated: _____        Signed:_____

4                                                Jury Foreperson

5    After this verdict form has been signed, notify the bailiff that you are ready

6    to present your verdict in the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7161263.3

1

2

3     DATED: October 7, 2015          MITCHELL SILBERBERG & KNUPP LLP

4

5                                    By:/s/David A. Steinberg
                                     _____
6                                    Christine Lepera
                                     David A. Steinberg
7                                    Attorneys for Various Defendants

8

9     DATED: October 7, 2015          JENNER & BLOCK LLP

10

11                                   By:/s/ Andrew H. Bart
                                     _____
                                     Andrew H. Bart
12                                   Daniel Rozansky
                                     Attorneys for Defendant Shawn Carter (pka
13                                   Jay Z)

14

15

16    DAVID A. STEINBERG (SBN 130593)
         das@msk.com
17    MITCHELL SILBERBERG & KNUPP LLP
      11377 West Olympic Boulevard
18    Los Angeles, CA  90064-1683
      Telephone: (310) 312-2000
19    Facsimile: (310) 312-3100

20

21    CHRISTINE LEPERA (CL 9311)
         ctl@msk.com
22    MITCHELL SILBERBERG & KNUPP LLP
      12 East 49th Street, 30th Floor
23    New York, New York 10017-1028
      Telephone: (212) 509-3900
24    Facsimile: (212) 509-7239

25    *Attorneys for All Defendants other than SHAWN CARTER (pka Jay Z)*

26

27    DANIEL A. ROZANSKY (SBN 161647)
      drozansky@jenner.com
28    JENNER & BLOCK LLP
      633 West 5th Street, Suite 3600

                                         40

7161263.3

Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

ANDREW H. BART (Pro Hac Vice)
abart@jenner.com
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Defendant SHAWN CARTER (pka Jay Z)*

41