UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - *EX PARTE* APPLICATION RE: TRIAL CONTINUANCE OR, IN THE ALTERNATIVE, TO PRECLUDE DEPOSITION TESTIMONY

    On October 6, 2015, the Court held a telephonic status conference with the parties to discuss defendants' *Ex Parte* application. Defendants seek a continuance of the trial date in light of recent revelations that Plaintiff, Osama Ahmed Fahmy ("Fahmy") will be unable to appear at trial due to health complications. In the alternative, defendants request that the Court preclude plaintiff from introducing his deposition testimony in lieu of his live testimony. Having reviewed defendants' application, Dkt. 642, plaintiff's opposition to the application, Dkt. 647, and defendants' reply in support of the application, Dkt. 652, the Court finds and concludes as follows.

    Pursuant to Federal Rule of Civil Procedure 32(a)(4) "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds" that the witness is unavailable. A witness is deemed to be unavailable if: (a) the witness is dead; (b) the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition; (c) the witness cannot attend or testify because of age, illness, infirmity, or imprisonment; (d) the party offering the deposition could not procure the witness's attendance by subpoena; or (e) exceptional circumstances make it desirable — in the interest of justice and with due regard to the importance of live testimony in open court — to permit the deposition to be used. Fed. R. Civ. P. 32(a)(4)(A)-(E).

    Here, Fahmy resides in Cairo, Egypt and has resided there since this litigation was initiated. Opp'n., at 10. Accordingly, he falls squarely within Rule 32's definition of an "unavailable" witness. See Fed. R. Civ. P. 32(a)(4)(B); see also Houser v. Snap-On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 6, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Tools Corp., 202 F. Supp. 181, 189 (D. Md. 1962) ("[T]he mere absence of the deponent from the 100 mile area is sufficient, and the party attempting to submit the deposition into evidence need not proffer an excuse for the failure of the deponent to appear in court."). Defendants argue that, while Fahmy is more than 100 miles away from the court, his deposition testimony should still be excluded because he "procured" his own absence. See Application, at 7 (citing Fed. R. Civ. P. 32(a)(4)(B)).  However, where a party has always resided more than 100 miles from the court, they cannot be said to have "procured" their own absence from trial.  See Richmond v. Brooks, 227 F.2d 490, 493 (2d Cir. 1955) (holding that plaintiff who had lived in California throughout the case had not "procured" her own absence from trial in New York); Bellamy v. Molitor, 108 F.R.D. 1, 2 (W.D. Ky. 1983) ("In this case, obviously, as the defendant has always resided more than one hundred miles from the place of trial, he did not procure his absence."). Accordingly, the Court finds that Fahmy is unavailable within the meaning of Rule 32 and therefore his deposition testimony may be admitted at trial.

     Plaintiff contends that Fahmy is unavailable for the alternative reason that he is unable to attend trial on account of "illness." Opp'n., at 7 (citing Fed. R. Civ. P. 32(a)(4)(C)). The parties dispute the extent of Fahmy's health complications. and whether those complications render Fahmy unable to appear at trial.  However, the Court does not reach this issue because Fahmy is otherwise "unavailable" by virtue of his residing in Egypt.

     Finally, defendants request that the Court continue the trial date of October 13, 2015 in light of the recent revelation that Fahmy will not be appearing to testify at trial. However, this action has been pending for nearly eight years, and in light of the at times complicated schedules of the many parties involved in this litigation, the Court finds that further delaying the trial at this time is not appropriate.

     In accordance with the foregoing, defendants requests to continue the trial or, in the alternative, to preclude the deposition testimony of plaintiff is DENIED.

     IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |