| | |
|---|---|
| 1 | CHRISTINE LEPERA (Pro Hac Vice)<br>  ctl@msk.com |
| 2 | DAVID A. STEINBERG (SBN 130593)<br>  das@msk.com |
| 3 | MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard |
| 4 | Los Angeles, CA 90064-1683<br>Telephone: (310) 312-2000 |
| 5 | Facsimile: (310) 312-3100 |
| 6 | ANDREW H. BART (Pro Hac Vice)<br>  abart@jenner.com |
| 7 | DANIEL A. ROZANSKY (SBN 161647)<br>  drozansky@jenner.com |
| 8 | JENNER & BLOCK LLP<br>633 West 5th Street, Suite 3600 |
| 9 | Los Angeles, California 90071<br>Telephone: (213) 239-5100 |
| 10 | Facsimile: (213) 239-5199 |
| 11 | Counsel for Defendants – Continued after signatures |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>    Plaintiff,<br><br>    v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Ferrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Network Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music, Inc.,<br><br>    Defendants. | CASE NO. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE: REQUEST FOR JUDICIAL NOTICE OF FACTS REGARDING *NAFAL V. CARTER* (2:05-cv-02480) AND *FAHMY V. JAY-Z*** <br><br>Trial Date:   October 13, 2015<br>Time:         9:30 a.m.<br>Ctrm:         5 |

Plaintiff's Trial Brief seeking judicial notice of purported "facts" from this and an unrelated action is both procedurally and factually improper and should be denied.

As an initial matter, Plaintiff disclosed neither the Complaint nor the Dismissal in the *Nafal* action in the Joint Exhibit List, which was finalized and signed by the Court in its Pre-Trial Conference Order. (Dkt. No. 628.)

This Court has repeatedly found the *Nafal* action to be irrelevant to the assessment of Plaintiff's claims in this case. *See, e.g.,* Docket Nos. 212, 309, 380. Had Plaintiff timely disclosed his intent to utilize the Complaint or Dismissal in that action (or any purported "facts" related thereto), Defendants would have had the opportunity to seek their preclusion through motions *in limine*. If the Court allows the jury to consider such "facts" as evidence, Defendants will be at a particular disadvantage because they are now unable to cross-examine Plaintiff at trial concerning these alleged facts or anything else Plaintiff's counsel may attempt to raise relating to the *Nafal* action.

Plaintiff's request for judicial notice of other alleged "facts" from the current action is equally without merit and improper. Taken in turn, for the reasons set forth below, the Court should deny the belated requests set forth in Plaintiff's trial brief.

## NAFAL ACTION

**Plaintiff's Proposed Purported Fact No. 1:** "The following defendants were previously sued for infringing the copyright to Khosara Khosara…"

This is clearly prejudicial and confusing, since it implies that Defendants actually ***did*** infringe the copyright in Khosara, which of course has never been found. It also implies there have been multiple "claims" against Defendants.

Moreover, it seeks to confuse the jury by pointing to a copyright claim by a *third party* in a manner this Court already has found to be improper. *See* Order on motions *in limine*, Dkt. No. 626 at 23-24: "Defendants seek to preclude plaintiff from introducing evidence of civil actions and other allegations of copying made against defendants…. [P]ursuant to Federal Rule of Evidence 403, defendants' motion is **GRANTED**." *Id*. (emphasis added).

Finally, this purported "fact" is simply not relevant. The Court has held that Plaintiff "*avoided*" filing a lawsuit of his own until 2007. Dkt. 309 at 10 ("[T]he district court concluded, and the Ninth Circuit affirmed, that plaintiff actually avoided filing an action prior to the one in 2007."); *see also* Dkt. No. 380 at 9-10. Plaintiff now seeks to confuse the jury through a last-minute attempt to paint Defendants as bad actors and excuse his own dilatory lawsuit.

**Plaintiff's Proposed Fact No. 2:** "That case [*Nafal*] was filed in April 2005 by a man named Julian Nafal ***purportedly*** on behalf of the heirs of Baligh Hamdy." (emphasis added).

This purported fact is both inaccurate and deliberately misleading. The *Nafal* lawsuit was not filed "on behalf of the heirs of Baligh Hamdy." The Complaint alleged that Nafal and Sima were ***licensees***, and elsewhere names various Hamdy heirs as purported copyright owners (and does not mention Fahmy at all). *Nafal v. Carter* (2:05-cv-02480), Dkt. No. 1; *see* Gottfried Decl., Ex. A.

Indeed, Plaintiff in this action has sought to ***disavow*** that Nafal was acting in any representative capacity at all, dismissing him as "an obsessed fan" of Baligh Hamdy. Fahmy Opp. to Motion to Intervene at 1 (Dkt. 202). Exploring the contours and details of the *Nafal* action would significantly lengthen and complicate the trial by injecting issues the Court already has determined to be irrelevant to the present action.

**Plaintiff's Proposed Fact No. 3:** "In August 2007, the Court dismissed that case after determining that Mr. Nafal was not a proper representative of the heirs."

The district court dismissed the *Nafal* action, and was affirmed by the Ninth Circuit, because it determined that Nafal was not an exclusive licensee and did not have standing – the referenced August 2007 order did not determine he was not a proper "representative." *See Nafal v. Carter*, 540 F. Supp. 2d 1128, 1143 (C.D. Cal. 2007): "Plaintiff has no standing because he is at best a glorified non-exclusive licensee to whom Sima may from time to time assign a cause of action."

Even assuming this fact to be true, it would only serve to ***confirm*** the irrelevance of the *Nafal* action, and to confirm that admitting this proposed fact as evidence would be prejudicial, irrelevant, or both.

## RULINGS IN THIS CASE

Preliminarily, it is not necessary (or appropriate here) for the Court to take judicial notice of its own prior rulings. *Preven v. County of L.A.*, 2011 U.S. Dist. LEXIS 78431 (C.D. Cal. June 17, 2011) ("With respect to plaintiffs' Exhibit 10, the Court need not take judicial notice of its own rulings in this matter."); *see also Fid. Nat'l Fin., Inc. v. Friedman*, 235 Fed. Appx. 596, 598 (9th Cir. Cal. 2007). Here, there is particular reason not to treat the proposed facts as suitable for judicial notice.

**Plaintiff's Proposed Fact No. 4:** "Baligh Hamdy authored and owned the copyright in the Khosara, Khosara musical composition."

**Plaintiff's Proposed Fact No. 5:** "Plaintiff Osama Fahmy is a co-owner of the Khosara, Khosara copyright."

These purported "facts" are misleading, incomplete, and emphasize the critical threshold issues of ownership faced by Plaintiff. Since the Court's May 2011 Order – and further in the wake of its Orders of December 9, 2011, May 27, 2015, and September 26, 2015 – the Court has recognized the significant burden faced by Plaintiff in this regard.[1] These "facts" are at odds with the Court's most recent rulings concerning ownership and raise more questions than they resolve. What exactly *is* the copyright in the Khosara Khosara musical composition? Is "judicial notice" of ownership of such a composition by Baligh Hamdy at some unspecified point in the past likely to prejudicially suggest continued ownership of a copyright interest by Plaintiff today?

Like Plaintiff's proposed facts concerning the *Nafal* action, these proposed facts are the opposite of matters "not subject to reasonable dispute." F.R.E. 201. In its May 27, 2015 Order, the Court held that Plaintiff's ownership of any copyright interest during the remaining statutory period after August 2004 was ***not*** resolved, and presented issues of fact: *See* Dkt. 509 at 7: "The Court finds that there are ***genuine issues of fact*** as to whether plaintiff conveyed all of his rights, and that plaintiff's claims should not be dismissed on the basis of lack of standing at this juncture." As a result, the Court should not take "judicial notice" of its prior rulings. They have been clarified since they were issued and would create confusion for the jury.

DATED: October 9, 2015                MITCHELL SILBERBERG & KNUPP LLP

By: /s/David A. Steinberg
    Christine Lepera
    David A. Steinberg
    Attorneys for Various Defendants

---

[1] As the Court has acknowledged, the "gravamen" of Plaintiff's 2010 motion for summary adjudication was directed not to ownership but to issues of foreign law and Defendants' chain of title (which were denied), and Defendants noted that certain facts would be assumed to be true for the purposes of the motion only. Dkt. No 271 at 7; Dkt. No. 626 at 21, citing Dkt. 243-1, at 1 n.1.

DATED: October 9, 2015            JENNER & BLOCK LLP

By: /s/Daniel Rozansky
Andrew H. Bart
Daniel Rozansky
Attorneys for Defendant Shawn Carter
(pka Jay Z)

DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (CL 9311)
  ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Various Defendants*

DANIEL A. ROZANSKY (SBN 161647)
  drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

ANDREW H. BART (Pro Hac Vice)
  abart@jenner.com
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

*Attorneys for Defendant SHAWN CARTER (pka Jay Z)*

Mitchell Silberberg & Knupp LLP

7152121.2

5

**OPPOSITION TO PLAINTIFF'S TRIAL BRIEF RE/REQUEST FOR JUDICIAL**