CHRISTINE LEPERA (Pro Hac Vice)
ctl@msk.com
DAVID A. STEINBERG (SBN 130593)
das@msk.com
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

ANDREW H. BART (Pro Hac Vice)
abart@jenner.com
DANIEL A. ROZANSKY (SBN 161647)
drozansky@jenner.com
JENNER & BLOCK LLP
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Counsel for Defendants – Continued after signatures

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy,<br><br>Plaintiff,<br><br>v.<br><br>Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Ferrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Network Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music, Inc.,<br><br>Defendants. | CASE NO. CV 07-05715 CAS (PJWx)<br><br>The Honorable Christina A. Snyder<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>Pre-Trial Conf.:     September 14, 2015<br>Trial:                     October 13, 2015 |

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

# INDEX

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 1. | CONDUCT OF THE JURY | 9th Cir. Civ. Jury Instr. 1.12 | 1 |
| 2. | COPYRIGHT—DEFINED | 9th Cir. Civ. Jury Instr. 17.1 | 3 |
| 3. | COPYRIGHT INFRINGEMENT— ELEMENTS— OWNERSHIP AND COPYING | 9th Cir. Civ. Jury Instr. 17.4 | 5 |
| 4. | COPYRIGHT INFRINGEMENT— ORIGINALITY | 9th Cir. Civ. Jury Instr. 17.12 | 7 |
| 5. | COPYRIGHT INFRINGEMENT— ORIGINALITY | *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012) | 9 |
| 6. | COPYRIGHT IN A MUSICAL COMPOSITION AND COPYRIGHT IN A SOUND RECORDING | 17 U.S.C. § 102(a)(2), (7); *Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002); 3 Melville B. Nimmer & David Nimmer, *Nimmer* on Copyright §§ 2.05[D]; 2.10. | 11 |
| 7. | COPYING—ACCESS AND SUBSTANTIAL SIMILARITY | 9th Cir. Civ. Jury Instr. 17.15 | 14 |
| 8. | COPYRIGHT INFRINGEMENT— COPYING—ACCESS DEFINED | 9th Cir. Civ. Jury Instr. 17.16 | 16 |
| 9. | SUBSTANTIAL SIMILARITY | *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004); *Baxter v. MCA, Inc.*, 812 F.2d 421 (9th Cir. 1987) | 18 |
| 10. | INVERSE RATIO RULE | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000); *Swirsky v. Carey*, 376 F.3d 844 (9th Cir. 2004) | 20 |
| 11. | COPYRIGHT—LICENSE DEFENSE | 9th Cir. Civ. Jury Instr. 17.11 | 22 |

Mitchell Silberberg & Knupp LLP

7162584.2

i

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| 12. | COPYRIGHT—LICENSE DEFENSE—SCOPE OF TRANSFER | *Davis v. Blige*, 505 F.3d 90 (2d. Cir. 2007) | 24 |
| 13. | COPYRIGHT—LICENSE DEFENSE—EXCEEDING SCOPE OF LICENSE | *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989) | 26 |
| 14. | COPYRIGHT—LICENSE DEFENSE—EGYPTIAN AGREEMENTS | *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998); *Russian Academy of Sciences v. Am. Geophysical Union*, 1998 WL 34333239 (D.D.C. 1998); Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971); Dkt. 531-1, Ex. A to Plaintiff's Memorandum of Contentions of Fact and Law (1954 and 2002 Egyptian Laws) | 28 |
| 15. | COPYRIGHT—LICENSE DEFENSE—INTERPRETATION OF AGREEMENTS | *Norfolk & Western Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117 (1991) | 31 |
| 16. | COPYRIGHT—LICENSE DEFENSE—NO LICENSE DEFENSE ABSENT DISAGREEMENT BETWEEN THE PARTIES TO THE LICENSE | *Jules Jordan Video v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010) | 33 |
| 17. | INTERPRETATION—DISPUTED WORDS | CACI Jury Instr. 314 | 35 |
| 18. | INTERPRETATION—INDUSTRY CUSTOM | California Code Civil Procedure § 1856(c); *Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc.*, 205 Cal.App.3d 442, (1988) | 36 |
| 19. | INTERPRETATION—PROTECTION OF AUTHOR'S RIGHTS | *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081 (9th Cir. 1989) | 39 |
| 20. | COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT | *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012); | 41 |

Mitchell Silberberg & Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

| Inst. No. | Title | Source | Page |
|---|---|---|---|
| | | *In re Barboza*, 545 F.3d 702 (9th Cir. 2008) | |
| 21. | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS | 9th Cir. Civ. Jury Instr. 17.24; *Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326 (9th Cir. 1984) | 43 |
| 22. | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—INSEPARABLE ELEMENTS OF PROFIT | *Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007 (9th Cir. 1994) | 45 |
| 23. | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION OF TAXES--WILLFUL INFRINGEMENT | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000); *Oracle America, Inc. v. Google Inc.*, --- F.Supp.3d ---, 2015 WL 5522086 (N.D. Cal. Sept. 18, 2015) | 47 |
| 24. | COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION OF OVERHEAD--WILLFUL INFRINGEMENT | *Saxon v. Blann*, 968 F.2d 676 (8th Cir. 1992); Melville B. Nimmer, Nimmer on Copyright, § 14.03[C][3]; *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505 (9th Cir. 1985) | 48 |

Mitchell Silberberg & Knupp LLP

7162584.2

iii

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 1:

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to

1   Case 2:07-cv-05715-CAS-PJW Document 655 Filed 10/07/15 Page 5 of 54 Page

2   ID #:15221 learn about the case on your own.

3          The law requires these restrictions to ensure the parties have a fair trial based

4   on the same evidence that each party has had an opportunity to address. A juror

5   who violates these restrictions jeopardizes the fairness of these proceedings, and a

6   mistrial could result that would require the entire trial process to start over. If any

7   juror is exposed to any outside information, please notify the court immediately.

8

9          Requesting Party:  Plaintiff

10         Authority:    9th Cir. Civ. Jury Instr. 1.12

11

12                          **<u>DEFENDANTS' OBJECTION</u>**

13         Defendants and Plaintiff both propose a version of the 9th Circuit model

14   instruction No. 1.12 (*see* Defendants' Proposed Instruction No. 1).  The proposed

15   instructions differ only in the addition by Defendants of the first four sentences in

16   the last paragraph of the proposed instruction.  This addition informs the jury

17   regarding their interaction with the lawyers in the case.  It is an accurate statement

18   of both the jurors' and the lawyers' obligations, and is necessary both to ensure

19   that jurors understand their obligations and to ensure that jurors do not make any

20   negative inferences based on lawyers' behavior.  Thus, Defendants' Proposed

21   Instruction No. 1 should be used in lieu of this proposed instruction.

22

23         _____ GIVEN

24         _____ GIVEN AS MODIFIED

25         _____ REFUSED

26         _____ WITHDRAWN

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 2:

## COPYRIGHT—DEFINED

## (17 U.S.C. § 106)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize or make additional copies, or otherwise reproduce the copyrighted work;

(2) recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3) distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

(4) perform publicly a copyrighted musical work; and

(5) display publicly a copyrighted musical work.

It is the owner of a copyright who may exercise these exclusive rights to copy. In general, copyright law protects against production, adaptation, distribution, performance, or display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.


Requesting Party:  Plaintiff

Authority:   9th Cir. Civ. Jury Instr. 17.1 [modified]


## DEFENDANTS' OBJECTION

Both Plaintiff and Defendants propose instructions based on model instruction 17.1 (*see* Defendants' Proposed Instruction No. 7).  Unlike this instruction, however, Defendants' Proposed Instruction No. 7 accurately sets forth several basic propositions about copyright law.  It makes clear, as the Ninth Circuit has stated, that the "rights protected under the Copyright Act include the rights of

1   reproduction, preparation of derivative works, distribution, and display." *Altera*

2   *Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (citing 17 U.S.C. §

3   106).  It also emphasizes that copyright only protects expression, rather than ideas

4   or themes.  *See* 17 U.S.C. § 102; *Golan v. Holder*, 132 S. Ct. 873, 890 (2012).

5   And it correctly states that a copyright may be exercised by the owner or by an

6   assignee.  *See* Model 9th Cir. 17.10.  Thus, the Court should adopt Defendants'

7   Proposed Instruction No. 7 in lieu of this proposed instruction.

8

9   _____ GIVEN

10  _____ GIVEN AS MODIFIED

11  _____ REFUSED

12  _____ WITHDRAWN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 3:

## COPYRIGHT INFRINGEMENT—ELEMENTS—

## OWNERSHIP AND COPYING

### (17 U.S.C. § 501(a)–(b))

Anyone who exercises the exclusive rights to copy, without the owner's permission, infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving both of the following by a preponderance of the evidence:

1.      the plaintiff is the owner of a valid copyright; and

2.      the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Requesting Party:  Plaintiff

Authority:    9th Cir. Civ. Jury Instr. 17.4 [modified]

## DEFENDANTS' OBJECTION

Defendants and Plaintiff both propose a version of the 9th Circuit Model Instruction No. 17.4 (*see* Defendants' Proposed Instruction No. 10).  However, Plaintiffs' instruction, though seemingly similar to the model, completely misstates established copyright law in its opening sentence ("Anyone who exercises the exclusive rights to copy, without the owner's permission, infringes the copyright.").  That simply is not an accurate statement of the law.

By contrast, Defendants' instruction closely tracks the model, and differs only in the addition of the third paragraph, which is intended to better educate the jury on copyright law.  This addition is entirely neutral and instructs the jurors that the "original" used in a copyright context may differ from the interpretation that

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

they assign the term in everyday use.  Thus, Defendants' Proposed Instruction No. 10 should be used in lieu of this misleading and incomplete instruction.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1    <u>**PROPOSED JURY INSTRUCTION NO. 4:**</u>

2    **COPYRIGHT INFRINGEMENT—ORIGINALITY**

3    Plaintiff is the owner of the copyright in the musical composition *Khosara*

4    *Khosara*. Defendants challenge whether Plaintiff's copyright is valid.

5    A copyright is valid if it is an original work. An original work may include

6    or incorporate elements taken from prior works. The original parts of the plaintiff's

7    work is the part created:

8    1.    independently by the work's author, that is, the author did not copy it

9    from another work; and

10    2.    by use of at least some minimal creativity.

11    In copyright law, the "original element" of a work need not be new or novel.

12

13    Requesting Party:  Plaintiff

14    Authority:    9th Cir. Civ. Jury Instr. 17.12 [modified]

15

16    <u>**DEFENDANTS' OBJECTION**</u>

17    Defendants and Plaintiff both propose a version of the Ninth Circuit Model

18    Instruction No. 17.12 (*see* Defendants' Proposed Instruction No. 12).  The first

19    sentence of Plaintiff's proposed instruction ("Plaintiff is the owner of the copyright

20    in the musical composition *Khosara Khosara*") is entirely misleading and cannot

21    be adopted by this Court.  Notably, Plaintiff provides no authority to support this

22    addition – because there is none.  Defendants have ***not*** conceded that Plaintiff is

23    the owner of the copyright in the "Khosara" musical composition, let alone during

24    the remaining statutory period after August 2004.  Neither has this Court so held.

25    *See* Dkt. 509 at 7 (finding "***genuine issues of fact*** as to whether plaintiff conveyed

26    all of his rights" under his 2002 agreement and thus no longer had standing)

27    (emphasis added); *see also* Dkt. No. 626 at 21, citing Dkt. 243-1, at 1 n.1.

28    Further, it is difficult to determine why ownership of the copyright in the

"Khosara" composition has any bearing on an originality instruction.  This addition by Plaintiff is merely an effort to confuse and mislead the jury.

On the other hand, Defendants' proposed instruction accurately summarizes the law regarding originality.  It is black letter law that, to quality for copyright protection, a work must be original to the author.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).  The amount of creativity required in order to meet the originality standard, though low, requires something more than a "merely trivial" variation.  *Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003); *Feist Publications*, 499 U.S. at 345.  This is the law on which the jury should be instructed, and Defendants' Proposed Instruction No. 12 should be adopted in lieu of this inaccurate, misleading, and insufficient instruction.


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 5:

## COPYRIGHT INFRINGEMENT—ORIGINALITY

A valid copyright can consist of an original selection, coordination, and arrangement of unoriginal elements.

Requesting Party:  Plaintiff

Authority:   *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 849 (9th Cir. 2012) ("Original selection, coordination, and arrangement of unprotectible elements may be protectible expression.").

## DEFENDANTS' OBJECTION

Plaintiff's proposed instruction grossly oversimplifies the weakness of a copyright that includes "unoriginal elements."  Defendants do not propose an instruction that is directly on point, but Defendants' Instruction No. 25 ("'Thin' Copyright") should be considered together with this proposed instruction.  In contrast to Plaintiff's proposed instruction, Defendants' proposed instruction, which is drawn from the Comment to Ninth Circuit Model Instruction 17.12, provides jurors with a comprehensive, accurate overview of the concept of a "thin copyright."  It is black letter law that, where the range of protectable expression is narrow, the resulting copyright is thin and "protects against only virtually identical copying." *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003); *see also Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994).

Defendants intend to demonstrate at trial that, if Plaintiff possessed a copyright in the "Khosara" musical composition, this copyright was "thin," as the song consisted primarily of elements incapable of copyright protection. Defendants' instruction – unlike this instruction – therefore is necessary to educate the jury as to what a "thin" copyright is and how to apply the law to the facts they

Mitchell
Silberberg &
Knupp LLP

7162584.2

9

will be presented at trial.   Thus, Defendants' Instruction No. 25 should be given in
its entirety in place of this grossly oversimplified, vague, alternative.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED JURY INSTRUCTION NO. 6:**

**COPYRIGHT IN A MUSICAL COMPOSITION AND COPYRIGHT IN A SOUND RECORDING**

**17 U.S.C. § 102(a)(2), (7)**

Sound recordings and musical compositions are separate works with their own copyrights.

A musical composition is the music and words to a song, consisting of rhythm, harmony, melody, and lyrics. The author of a musical composition is generally the song's composer and/or lyricist.

A sound recording is a musical performance captured in a form that can be played back, such as a record, audio cassette tape, or digital music file. The author of a sound recording is generally the performer who is recorded, and/or the record producer who makes the recording.

Copyright in a recording of a song is not the same as, or a substitute for, copyright in the underlying musical composition. Therefore, use of a sound recording by someone other than its owner requires permission from both the owner of the sound recording copyright and the owner of the musical composition copyright.

Requesting Party:  Plaintiff

Authority:    17 U.S.C. § 102(a)(2), (7); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002) ("Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights. . . . The rights of a copyright in a sound recording do not extend to the song itself, and *vice versa*. . . . A musical composition consists of rhythm, harmony, and melody. . . . [s]ound recordings are works that result from the fixation of a series of musical, spoken or other sounds. . . . [T]he sound recording is the sound produced by the performer's rendition of the musical work.") (citations and quotes omitted); See

also 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §§ 2.05[D]; 2.10.

## DEFENDANTS' OBJECTION

Both Plaintiff and Defendants have proposed instructions drawing a distinction between a copyright in a musical composition and a copyright in a sound recording (*see* Defendants' Proposed Instruction No. 8). The proposed instructions differ materially only in the last paragraph of each proposed instruction. This Court should adopt Defendants' proposed instruction (and not Plaintiff's) because it is an accurate statement of the law, while Plaintiff's assertion that "the use of a sound recording by someone other than its owner requires permission from ***both the owner of the sound recording copyright and the owner of the musical composition copyright***" grossly misstates established 9th Circuit law and will mislead the jury. Neither the *Newton* district court nor Ninth Circuit panel (nor any other Ninth Circuit authority) decision has so held.

Defendants' proposed instruction also is preferable to Plaintiff's because its last paragraph clarifies to the jury that Plaintiff does not own a copyright in any sound recording of "Khosara." (The last paragraph of Defendants' proposed instruction No. 8 reads: "In this case, Plaintiff has no rights in any sound recording of the "Khosara" musical composition, and only claims to own a copyright in a musical composition. I have already ruled that Plaintiff may not prove ownership or authorship of any "Khosara" musical composition based upon any sound recordings said to embody performances of the "Khosara" musical composition.") This is necessary in light of the Court's ruling precluding Plaintiff from proving ownership of a copyright in the "Khosara" musical composition using sound recordings said to embody performances of the composition. *See* Docket No. 626, pp. 22-23 ("[P]laintiff's counsel confirmed that plaintiff does not claim to hold a copyright in the sound recordings themselves." "Presenting the sound recordings

1  at trial carries a significant risk of confusing and misleading the jury."

2  "[R]egardless of the methodology plaintiff elects to establish infringement, he must

3  prove that the copyrighted lead sheet has been infringed as opposed to the

4  uncopyrighted sound recordings.").

5      Although Plaintiff will not be permitted to introduce evidence of sound

6  recordings at trial, testimony regarding the distinction between musical

7  compositions and sound recordings will be given.  In order to determine whether

8  infringement has occurred, jurors will need to conduct a filtering exercise similar

9  to that conducted in *Newton*, in order to determine which elements of the

10  "Khosara" musical composition, if any, are present in "Big Pimpin.'"  Thus, the

11  directions in the last paragraph of Defendants' Proposed Instruction No. 8 is

12  necessary, and that instruction should be used in lieu of this insufficient proposed

13  instruction.

14

15      _____ GIVEN

16      _____ GIVEN AS MODIFIED

17      _____ REFUSED

18      _____ WITHDRAWN

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

13

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1

### PROPOSED JURY INSTRUCTION NO. 7:

2

### COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

3      I previously instructed that the plaintiff has the burden of proving that the

4  defendant copied original elements from the plaintiff's copyrighted work *Khosara*

5  *Khosara*. The plaintiff may show the defendant copied from *Khosara Khosara* by

6  showing by a preponderance of the evidence that the creator of *Big Pimpin'* had

7  access to *Khosara Khosara* and that there are substantial similarities between *Big*

8  *Pimpin'* and original elements of *Khosara Khosara*.

9

10     Requesting Party:  Plaintiff

11     Authority:    9th Cir. Civ. Jury Instr. 17.15 [modified]

12

13

### DEFENDANTS' OBJECTION

14     Defendants and Plaintiff both propose a version of Ninth Circuit Model

15  Instruction No. 17.15 (*see* Defendants' Proposed Instruction No. 22).  The

16  proposed instructions differ only in the addition by Defendants of the second

17  paragraph. (Paragraph 2 in Defendants' Proposed Instruction No. 22 states:

18  "However, no matter how similar the two works are, Defendants have not

19  infringed upon Plaintiff's copyright unless it is the original aspects of the

20  Plaintiff's work that are copied or taken.  If Defendants copied or took those

21  portions of Plaintiff's work which were not original to Plaintiff, then Defendants

22  are not liable for copyright infringement.").  That addition instructs the jury that

23  only the original elements of a work are relevant to determine whether

24  infringement has occurred.  This is an accurate and relevant statement of the law,

25  supported by the case law cited.  It is necessary to ensure that jurors do not

26  consider irrelevant or unprotectable aspects of Plaintiff's work when determining

27  whether there is substantial similarity between the two works at issue.  Thus,

28

1   Defendants' Proposed Instruction No. 22 should be used in lieu of this instruction,

2   which omits that relevant and necessary language.

3

4          _____ GIVEN

5          _____ GIVEN AS MODIFIED

6          _____ REFUSED

7          _____ WITHDRAWN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 8:

## COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

You may find that whoever created *Big Pimpin'* had access to *Khosara Khosara* if he had a reasonable opportunity to view or hear *Khosara Khosara* before *Big Pimpin'* was created.

Access may be shown by:

1.    a chain of events connecting *Khosara Khosara* and the creator of *Big Pimpin'*s opportunity to view that work; or

2.    *Khosara Khosara* being widely disseminated; or

3.    a similarity between *Khosara Khosara* and *Big Pimpin'* that is so "striking" that it is highly likely the works were not created independent of one another.


Requesting Party:  Plaintiff

Authority:    9th Cir. Civ. Jury Instr. 17.16 [modified]


## DEFENDANTS' OBJECTION

First, this instruction omits perhaps the most crucial element – Plaintiff's **burden** to prove each element by a preponderance of the evidence.  By omitting that burden, this instruction threatens to mislead the jury by instructing it that it "may find" access without Plaintiff meeting its burden.  That is inappropriate.

Second, Plaintiff significantly alters the standard for access stated in the model instruction, without offering any authority to support such alteration.  That is inappropriate.

Third, this instruction is unnecessary and misleading.  Access is not an issue to be determined at trial, and this instruction threatens to mislead the jury regarding the focus of its inquiry at trial.  This instruction should be omitted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 9:

## SUBSTANTIAL SIMILARITY

You may find substantial similarities between the plaintiff's and defendant's works where the defendant's work copies only a portion of the plaintiff's work but the copied portion is qualitatively important.

Requesting Party:  Plaintiff

Authority:   *Swirsky v. Carey*, 376 F.3d 841, 852 (9th Cir. 2004) ("Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity"); *Baxter v. MCA, Inc*., 812 F.2d 421, 425 (9th Cir. 1987) (same).

## DEFENDANTS' OBJECTION

Defendants and Plaintiff propose vastly different "substantial similarity" instructions (*see* Defendants' Proposed Instruction No. 23).  Plaintiff's proposed instruction is a gross oversimplification of the substantial similarity rule.  Rather than provide an objective instruction that will assist the jury in making its finding, Plaintiff has cherry-picked favorable Ninth Circuit language to mislead the jury into thinking that the amount of similarity is insignificant to determining whether a copyright has been infringed.  On the other hand, Defendants' instruction explains, clearly, objectively, and step by step, how the jury should analyze substantial similarity.  The process proposed by Defendants is supported by extensive case law in this circuit.  *See, e.g.  Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624-29 (9th Cir. 2010); *Newton v. Diamond*, 349 F.3d 591, 594-98 (9th Cir. 2003); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 824-25 (9th Cir. 2002).  It is crucial that the jurors do not consider irrelevant or unprotectable aspects of Plaintiff's work when determining whether there is substantial similarity between the two works at issue.  Thus, Defendants' Proposed Instruction No. 23 should be

used in lieu of Plaintiff's insufficient and misleading competing Proposed Instruction No. 9.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1
2

**PROPOSED JURY INSTRUCTION NO. 10:**

**INVERSE RATIO RULE**

3
4

     If the plaintiff makes a strong showing of access, then a lesser showing of substantial similarity is required.

5
6

     Requesting Party:  Plaintiff

7
8
9
10

     Authority:   *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (the inverse ratio rule "requires a lesser showing of substantial similarity if there is a strong showing of access"); *Swirsky v. Carey*, 376 F.3d 844-45 (9th Cir. 2004) (same).

11
12

**DEFENDANTS' OBJECTION**

13
14
15
16
17

     This instruction is unnecessary and misleading.  Access is not an issue to be determined at trial, and this instruction threatens to mislead the jury regarding the focus of its inquiry at trial.  Defendants also do not concede that evidence will include a "strong showing of access" (even if access becomes relevant).  Thus, this instruction is irrelevant and more likely to mislead and confuse than assist the jury.

18
19
20
21
22
23
24
25

     Further, this instruction does not follow the Ninth Circuit model instructions on access and substantial similarity (Nos. 17.15 through 17.17), which fully and accurately describe the necessary law.  By contrast, this instruction seeks to cherry-pick and highlight one particular portion of the law on access to skew the instructions in Plaintiff's favor.  This is improper.  *See United States v. Wilson*, 2010 U.S. Dist. LEXIS 71303, at *8-10 (D. N.M. June 24, 2010) (rejecting proposed jury instruction that was "unnecessary" and placed "improper emphasis" on certain testimony over others).

26

     For all of those reasons, this instruction should be omitted.

27
28

Mitchell
Silberberg &
Knupp LLP

7162584.2

20

1

_____ GIVEN

2

_____ GIVEN AS MODIFIED

3

_____ REFUSED

4

_____ WITHDRAWN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 11:

## COPYRIGHT—LICENSE DEFENSE

The defendants contend that they own licenses that permit them to use *Khosara Khosara* in *Big Pimpin'*.

A copyright owner may transfer or convey exclusively to another person any of the rights comprised in the copyright. The person to whom this right is transferred is called a licensee. The person who transferred the right is called a licensor. A license to use a copyright is a form of a contract.

Requesting Party:  Plaintiff

Authority:    9th Cir. Civ. Jury Instr. 17.11 [modified]

## DEFENDANTS' OBJECTION

Defendants and Plaintiff both propose a version of the Ninth Circuit Model Instruction No. 17.11 (*see* Defendants' Proposed Instruction No. 15).  This instruction is necessary to help the jury understand how Defendants' chain of title, which included exclusive licenses, granted them the rights to use "Khosara" in "Big Pimpin'."

Both proposed instructions mirror the second paragraph of the model instruction.  They differ, however, in that Plaintiff has added two additional sentences to the model, the first and last of its proposed instruction ("The defendants contend that they own licenses that permit them to use *Khosara Khosara* in *Big Pimpin'*."  "A license to use a copyright is a form of a contract.")  Plaintiff's additions are entirely unnecessary.  Further, the first sentence of Plaintiff's proposed instruction misstates and oversimplifies Defendants' position.  Defendants do not merely contend that they own licenses that permit them to use "Khosara" in "Big Pimpin'."  Rather, they also contend that Plaintiff assigned all

1  of his rights in the "Khosara" musical composition to third parties.  Plaintiff's

2  oversimplification omits this key fact, resulting in a misleading instruction.

3     Defendants' instruction, by contrast, cites *verbatim* from the model

4  instruction.  As such, Defendants' Proposed Instruction No. 15 should be used in

5  lieu of Plaintiff's Proposed Instruction No. 11.

6

7     _____ GIVEN

8     _____ GIVEN AS MODIFIED

9     _____ REFUSED

10    _____ WITHDRAWN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 12:

## COPYRIGHT—LICENSE DEFENSE—SCOPE OF TRANSFER

A copyright owner or licensor may not convey more rights than he or she owns.


Requesting Party:  Plaintiff

Authority:   *Davis v. Blige*, 505 F.3d 90, 99 (2d. Cir. 2007) ("Early in the twentieth century, we stated in the copyright context the venerable principle of the law of property that, while an owner may convey any of his rights to others permanently or temporarily, he may not convey more than he owns. Accordingly, an owner may give a license to someone to exploit the work in some way, provided he owns that particular copyright interest.").


## DEFENDANTS' OBJECTION

Defendants offer Proposed Instruction No. 14, which tracks model instruction No. 17.10, describing assignments of copyright interests and the effects thereof.  Defendants then offer Proposed Instruction No. 15, which tracks model instruction No. 17.11, describing exclusive licenses of copyright interests and the effects thereof.  Defendants also offer Proposed Instruction No. 16 regarding nonexclusive licenses, which cites and quotes from this Court's Order in Docket No. 509.  That instruction provides additional instruction directly relevant to the issues at trial.  These instructions are sufficient to instruct the jury regarding the various types of transfers at issue at trial, and they track the model instructions and this Court's Order. By contrast, this instruction seeks to cherry-pick one particular case citation to skew the instructions in Plaintiff's favor.  This is improper. *See United States v. Wilson*, 2010 U.S. Dist. LEXIS 71303, at *8-10 (D. N.M. June 24, 2010) (rejecting proposed jury instruction that was "unnecessary" and placed "improper emphasis" on certain testimony over others).

1        _____ GIVEN

2        _____ GIVEN AS MODIFIED

3        _____ REFUSED

4        _____ WITHDRAWN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 13:**

**COPYRIGHT—LICENSE DEFENSE—EXCEEDING SCOPE OF LICENSE**

A copyright licensee who exceeds the scope of his or her license commits copyright infringement.

Requesting Party:  Plaintiff

Authority:   *S.O.S., Inc. v. Payday, Inc*., 886 F.2d 1081, 1087 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license.").

**DEFENDANTS' OBJECTION**

Defendants offer Proposed Instruction No. 14, which tracks model instruction No. 17.10, describing assignments of copyright interests and the effects thereof.  Defendants then offer Proposed Instruction No. 15, which tracks model instruction No. 17.11, describing exclusive licenses of copyright interests and the effects thereof.  Defendants also offer Proposed Instruction No. 16 regarding nonexclusive licenses, which cites and quotes from this Court's Order in Docket No. 509.  That instruction provides additional instruction directly relevant to the issues at trial.  These instructions are sufficient to instruct the jury regarding the various types of transfers at issue at trial, include licenses, and they track the model instructions and this Court's Order. By contrast, this instruction seeks to cherry-pick one particular case citation to skew the instructions in Plaintiff's favor.  This is improper.  *See United States v. Wilson*, 2010 U.S. Dist. LEXIS 71303, at *8-10 (D. N.M. June 24, 2010) (rejecting proposed jury instruction that was "unnecessary" and placed "improper emphasis" on certain testimony over others).

1          _____ GIVEN

2          _____ GIVEN AS MODIFIED

3          _____ REFUSED

4          _____ WITHDRAWN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 14:

## COPYRIGHT—LICENSE DEFENSE—EGYPTIAN AGREEMENTS

Three of the agreements the defendants rely upon to support their license defense are a 1968 agreement between Baligh Hamdy and Sout el Phan, a 1995 agreement between Osama Ahmed Fahmy and Sout el Phan, and a 2002 agreement between Fahmy and Mohsen Jaber. These three agreements are governed by Egyptian law.

Under Egyptian law, the author of a copyright has the right to transfer to a third party all or some of his economic rights in the copyright. To be valid, the transfer must be:

1.    Certified in writing; and

2.    Contain an explicit and detailed indication of each right to be transferred with the extent and purpose of transfer and the duration and place of exploitation.

Under Egyptian law, an author (and, if the author is deceased, the author's heir) possesses the right to prevent any deletion or modification of his work. Any attempt to transfer this right is null and void.

Under Egyptian law, the author is the person who creates the work. Unless proven otherwise, the author is the person whose name is indicated on, or attributed to, the published work.

Requesting Party:  Plaintiff

Authority:    Para. 1 (Egyptian law applies): *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 84 (2d Cir. 1998); *Russian Academy of Sciences v. Am. Geophysical Union*, 1998 WL 34333239, at *1 (D.D.C. 1998); Restatement (Second) Conflicts of Laws, §§ 108-09, 222 (1971).

1    Para. 2 (requirements for Egyptian license): See Dkt. 531-1, Ex. A to

2  Plaintiff's Memorandum of Contentions of Fact and Law, 1954 Law at Art. 37; Ex.

3  B, 2002 Law at Art. 149.

4

5    Para. 3 (void transfers): See Dkt. 531-1, Ex. A to Plaintiff's Memorandum of

6  Contentions of Fact and Law, 1954 Law at Articles 7, 9, and 38; Ex. B, 2002 Law

7  at Articles 143 and 145.

8

9    Para. 4 (author): See Dkt. 531-1, Ex. A to Plaintiff's Memorandum of

10  Contentions of Fact and Law, 2002 Law at Article 138(3).

11

12                         **DEFENDANTS' OBJECTION**

13    Plaintiff's proposed instruction grossly misstates Egyptian law and seeks to

14  confuse the jury regarding the independent nature of economic rights and moral

15  rights.  This Court already has held (and has confirmed) that "a transferable right to

16  adapt or make derivative works from copyrighted material 'exists independently of

17  inalienable moral rights' under Egyptian law."  May 27, 2015 Order (Dkt. No. 509)

18  at 2, citing May 2, 2011 Order (Dkt. No. 271) at 15.  Nonetheless, Plaintiff here

19  points to separate ***moral rights*** provisions under Egypt's 1954 and 2002 copyright

20  law, and seeks to use them to mislead the jury to believe that, under Egyptian law,

21  authors automatically retain a non-transferable right "to prevent any deletion or

22  modification of his work" and to imply that such a right serves to define the scope

23  of economic rights conveyed under a license agreement or assignment.  *See, e.g.,*

24  Article 37 of Egypt's 1954 law (permitting the license of all economic rights

25  specified under Articles 5, 6, and 7, including the right to adapt or modify), Article

26  147 of Egypt's 2002 law (identifying the right to exploit through adaptation as an

27  economic right transferable under Article 149, notwithstanding moral rights

28  provisions of Article 143).  *See also generally* Trial Brief Re: Defendants' Request

Mitchell
Silberberg &
Knupp LLP

7162584.2

29

1   to Bifurcate and Resolve Foreign Law Issues First (Dkt. 568) and Declaration of

2   Walid Abou Farhat in support thereof (Dkt. 568-2), both incorporated herein by

3   reference.

4         In accordance with Article 6*bis* of the Berne Convention (confirmed by

5   Plaintiff's expert to be "identical" to Egyptian law), Egyptian law permits authors

6   or their heirs to ***object*** to uses of their work considered to be a "distortion" or a

7   "mutilation" (*see* Article 143 of 2002 law), but such right – applicable only in

8   Egypt or in other moral rights jurisdictions (not in the United States) – is wholly

9   independent of transferable economic rights including the right of adaptation.

10   Defendants also hereby incorporate by reference their Proposed Instruction No. 21

11   and accompanying position statement, *infra*.   For all of these reasons, Plaintiff's

12   proposed instruction should be rejected as inaccurate and misleading.

13

14         _____ GIVEN

15         _____ GIVEN AS MODIFIED

16         _____ REFUSED

17         _____ WITHDRAWN

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 15:

## COPYRIGHT—LICENSE DEFENSE—INTERPRETATION OF AGREEMENTS

Laws that exist at the time and place of the making and performance of a contract enter into and form a part of the contract, as fully as if those laws had been expressly referred to or incorporated in the terms of the contract.

Requesting Party:  Plaintiff

Authority:   *Norfolk & Western Ry. Co. v. Am. Train Dispatchers Ass'n*, 499 U.S. 117, 130 (1991), *quoting Farmers & Merchants Bank of Monroe v. Fed. Reserve Bank of Richmond*, 262 U.S. 649, 660 (1923) ("[l]aws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms. This principle embraces alike those laws which affect its construction and those which affect its enforcement or discharge.").

## DEFENDANTS' OBJECTION

This instruction is likely to (and appears designed to) confuse the jury by attempting to call into question this Court's Orders that Plaintiff may not enforce moral rights in this action, and that the right to make a derivative work is a freely transferable economic right under Egyptian law.  In its Order dated May 2, 2011 (Docket No. 271), the Court determined that a transferable right to adapt or make derivative works from copyrighted material "exists independently of inalienable moral rights" under Egyptian law.  *Id*. at 15.  In its Order dated May 27, 2015 (Docket No. 509), the Court reiterated that it had "determined that a transferable right to adapt or make derivative works from copyrighted material 'exists independently of inalienable moral rights' under Egyptian law."  *Id*. at 2 (quoting Dkt. No. 271 at 15).

1    Through this instruction, Plaintiff seeks to obtain on the sly what he is

2    barred by law – and by this Court's Orders – from obtaining: redress for the breach

3    of his purported "moral rights" that are not cognizable in this country or in this

4    Court.  The "place of performance" in Plaintiff's agreements was ***not*** limited to

5    Egypt but was instead ***worldwide***, including the United States.  Even assuming that

6    laws concerning Egyptian moral rights might be considered as somehow

7    "incorporated" into these agreements, they would remain distinctively moral rights,

8    and their violation could give rise only to a claim for infringement of moral rights

9    within Egypt or other moral rights jurisdictions, not of any exclusive rights

10   recognized under United States copyright law.

11   Moreover, because the "place of performance" was worldwide, the relevant

12   "[l]aws that exist at the time and place of the … performance" of the agreements at

13   issue are worldwide copyright laws, including those of the United States (which

14   rejects moral rights).  As such, the instruction would encourage the jury to

15   improperly treat Egyptian moral rights law as a proper basis for claims brought

16   under U.S. law.

17

18   _____ GIVEN

19   _____ GIVEN AS MODIFIED

20   _____ REFUSED

21   _____ WITHDRAWN

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 16:

## COPYRIGHT—LICENSE DEFENSE—NO LICENSE DEFENSE ABSENT DISAGREEMENT BETWEEN THE PARTIES TO THE LICENSE

When there is no dispute between a copyright licensor and licensee regarding the scope of the license, a person or entity who is not a party to the license cannot challenge that scope.


Requesting Party:  Plaintiff

Authority:   *Jules Jordan Video v. 144942 Canada Inc*., 617 F.3d 1146, 1157 (9th Cir. 2010) ("It would be unusual and unwarranted to permit third parties such as the instant defendants to invoke § 101 [of the Copyright Act] to avoid a suit for infringement when there is no dispute between the two potential owners, and both are plaintiffs to the lawsuit.  Accordingly, we conclude that the district court erred in holding that the motion pictures were works for hire[.]").


## DEFENDANTS' OBJECTION

This proposed instruction attempts to cherry-pick a particular quote out of context from an inapposite case to create law that the jury must apply.  That is improper.  In Jules Jordan plaintiffs included both an actor and the creator of the videos in which the actor appeared.  The actor alleged that defendants copied and sold 13 copyrighted DVDs owned by the company or the actor and featuring the actor's performances, and claimed right of publicity and copyright infringement. The district court held that because actor was employed by the company, the films were works for hire and therefore the copyrights were improperly registered in plaintiff's name.  *Id*. at 1155.  The court rejected this approach, finding that any mistake was inadvertent and immaterial, since company was a "one-man shop" of actor.  *Id*. at 1155-56.  Thus, the court rejected attempts by defendant to call into question ownership of the copyright as between the two plaintiffs.  It was in that

1  context that the court wrote (quoting another case with internal quotation marks
2  Plaintiff misleadingly omits) that "Section 204(a) is designed to resolve disputes
3  between owners and transferees and to protect copyright holders from persons
4  mistakenly or fraudulently claiming oral licenses or copyright ownership. *Billy-*
5  *Bob Teeth*, 329 F.3d. at 592.  When there is no dispute between the copyright
6  owner and transferee, '"it would be unusual and unwarranted to permit a third-
7  party infringer to invoke § 204(a) to avoid suit for copyright infringement."' *Id*.
8  (quoting *Imperial Residential Design v. Palms Dev. Group*., 70 F.3d 96, 99 (11th
9  Cir. 1995))." *Id*. at 1157.  This quotation – and the Jules Jordan decision itself –
10  are entirely irrelevant to the claims at issue here.  That case does not stand for the
11  position that Defendants cannot challenge Plaintiff's fictional and self-serving
12  interpretation of the agreements he signed that directly affect Defendants' rights.
13  That suggestion is absurd.  The Court should reject Plaintiff's overreaching attempt
14  to create law that simply does not exist simply to attempt to skew the jury
15  instructions in its own favor.

16

17  _____ GIVEN

18  _____ GIVEN AS MODIFIED

19  _____ REFUSED

20  _____ WITHDRAWN

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1
2

## PROPOSED JURY INSTRUCTION NO. 17:

## INTERPRETATION—DISPUTED WORDS

3          The plaintiff and the defendants dispute the meaning of various contracts

4   that the defendants claim provide them a license.

5          In deciding what the words of a contract mean, you must decide what the

6   parties intended at the time the contract was created. You may consider the usual

7   and ordinary meaning of the language used in the contract as well as the

8   circumstances surrounding the making of the contract.

9

10         Requesting Party:  Plaintiff

11         Authority:    CACI Jury Instr. 314 [modified].

12

13                          **DEFENDANTS' POSITION**

14         Defendants have no objections to this instruction, and it should be

15   considered a joint instruction.  Defendants also withdraw their Proposed

16   Instruction Number 2 in favor of this instruction.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1    <u>**PROPOSED JURY INSTRUCTION NO. 18:**</u>

2    **INTERPRETATION—INDUSTRY CUSTOM**

3    You should assume that the parties to a contract intended the words in their

4    contract to conform to any special meanings that adhere to those words among

5    members of the parties' trade or industry.  Each contracting party is presumed to

6    enter an agreement with knowledge of prevailing industry custom even if there is

7    no specific proof that the party knew of the custom.

8

9    Requesting Party:  Plaintiff

10   Authority:    California Code Civil Procedure § 1856(c) ("The terms set forth

11   in a writing . . . may be explained or supplemented by . . . usage of trade");

12   *Midwest Television, Inc. v. Scott, Lancaster, Mills & Atha, Inc.*, 205 Cal.App.3d

13   442, 451 (1988) ("Generally, when there is a custom in a certain industry, those

14   engaged in that industry are deemed to have contracted in reference to that practice

15   unless the contrary appears. [c-o]. The prevailing industry custom binds those

16   engaged in the business even though there is no specific proof that the particular

17   party to the litigation knew of the custom.").

18

19   <u>**DEFENDANTS' OBJECTION**</u>

20   Defendants object to this instruction on multiple grounds.  As a preliminary

21   matter, this instruction may prove wholly irrelevant to this case.  First, under

22   California law, "[t]he language of a contract is to govern its interpretation, if the

23   language is clear and explicit, and does not involve an absurdity."  Cal. Civ. Code

24   § 1638.  Likewise, "[w]hen a contract is reduced to writing, the intention of the

25   parties is to be ascertained from the writing alone, if possible; subject, however, to

26   the other provisions of this title."  Cal. Civ. Code § 1639.  At trial Defendants will

27   contend, and Plaintiff's Egyptian law expert concedes, the terms of the agreements

28   themselves are plain and unambiguous and their interpretation should be guided by

Mitchell
Silberberg &
Knupp LLP

7162584.2

36

1 their unambiguous terms.  Thus, this rule of interpretation will never become

2 relevant.

3        Second, under California contract law, "the only theory upon which custom

4 or usage regarding a term of a contract is admissible is where the evidence

5 establishes there was no discussion regarding the disputed term by the parties."

6 *Varni Bros. Corp. v. Wine World, Inc.*, 35 Cal. App. 4th 880, 890 (1995); *Reely v.*

7 *Chapman*, 177 Cal. App. 2d 260, 263 (1960).  Industry custom will only be

8 relevant to this case if the testimony at trial indicates that there was no discussion

9 between the parties to the contracts regarding the term when the contract was

10 negotiated.  Nothing in the record suggests that industry custom will be implicated

11 at trial.

12        Third, this instruction misstates established law on the role of custom and

13 practice in determining the meaning of a contract.  In fact, "[m]erely providing that

14 a usage exists is, however, not necessarily sufficient to permit introduction of the

15 evidence to aid in the interpretation of a contract…  For evidence of custom to

16 have potency it must be established that the parties to the contract were aware of

17 the existence of the custom."  *City Sav. & Loan Assoc. v. Gen. Ins. Co.*, 386 F.

18 Supp. 1210, 1218 (N.D. Cal. 1974).  Further, in order for a contracting party to be

19 "presumed to enter an agreement with knowledge of prevailing industry custom"

20 as Plaintiff proposes, the usage must be "so widely accepted in the trade that the

21 other party is presumed to have known of it when contracting."  *Id*. at 1219-20;

22 *May v. Morganelli-Heumann & Assocs.*, 618 F.2d 1362, 1368 (9th Cir. 1980) ("A

23 custom or usage is implied into the contract only if both parties knew of the custom

24 or 'it was so well known that [the parties] may be presumed to have known of it'");

25 *Heggblade-Marguleas-Tenneco, Inc. v. Sunshine Biscuit, Inc.*, 9 Cal. App. 3d 948,

26 956-57 (1976) ("persons carrying on a particular trade are deemed to be aware of

27 prominent trade customs applicable to their industry. The knowledge may be actual

28

1   or constructive, and it is constructive if the custom is of such general and universal

2   application that the party must be presumed to know of it.").

3          Not only is Plaintiff's instruction irrelevant to the facts of this case, but it

4   also mischaracterizes the way that industry custom is used to interpret contract

5   terms.  Plaintiff's proposed instruction should be denied in its entirety.

6

7          _____ GIVEN

8          _____ GIVEN AS MODIFIED

9          _____ REFUSED

10         _____ WITHDRAWN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 19:

## INTERPRETATION—PROTECTION OF AUTHOR'S RIGHTS

You must construe a copyright license in accordance with the purposes underlying federal copyright law.  Chief among these purposes is the protection of the author's rights.

Requesting Party:  Plaintiff

Authority:   *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989) ("The license must be construed in accordance with the purposes underlying federal copyright law. [c-o].  Chief among these purposes is the protection of the author's rights.").

## DEFENDANTS' OBJECTION

This proposed instruction is another attempt to instruct the jury in a misleading, inaccurate, and slanted statement of "law" that grossly overstates the authority on which it relies.  There are multiple purposes for copyright laws.  For example, the United States Constitution empowers Congress to enact copyright laws "[t]o promote the Progress of Science and useful Arts…."  U.S. Const., Art. I, § 8 Cl. 8.  The Supreme Court has held that "[o]ne of the fundamental purposes behind the Patent and Copyright Clauses of the Constitution was to promote national uniformity in the realm of intellectual property."  Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U. S. 141, 162 (1989).  The Supreme Court also has emphasized "'the speech-protective purposes and safeguards' embraced by copyright law" (Golan v. Holder, 132 S. Ct. 873, 890 (2012)) and the fact that "copyright law ultimately serves the purpose of enriching the general public thorough access to creative works[.]"  Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994).  There is no need to address the purposes of copyright law with the jury in this case.  Moreover, it is manifest that directing the jury as to only one purpose of

1    copyright law without a full consideration of the subject is misleading and

2    prejudicial.  The Court should omit Plaintiff's improper proposed instruction.

3

4           _____ GIVEN

5           _____ GIVEN AS MODIFIED

6           _____ REFUSED

7           _____ WITHDRAWN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **PROPOSED JURY INSTRUCTION NO. 20:**

2   **COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT**

3   **(17 U.S.C. § 504(c)(2))**

4   An infringement is considered willful when the plaintiff has proved by a

5   preponderance of the evidence that (1) the defendant knowingly infringed, or (2)

6   the defendant's actions were the result of reckless disregard for or willful blindness

7   to the copyright holder's rights.

8

9   Requesting Party:  Plaintiff

10   Authority:    *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d

11   668, 674 (9th Cir. 2012) ("[T]o prove 'willfulness' under the Copyright Act, the

12   plaintiff must show (1) that the defendant was actually aware of the infringing

13   activity, or (2) that the defendant's actions were the result of 'reckless disregard'

14   for, or 'willful blindness' to, the copyright holder's rights"), quoting *Louis Vuitton*

15   *Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 944 (9th Cir. 2011); *In re*

16   *Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (same).

17

18   **DEFENDANTS' OBJECTION**

19   Both Plaintiff and Defendants have offered instructions on willful

20   infringement. (*See* Defendants' proposed instruction No. 33.)  However, this

21   instruction is inaccurate and incomplete.  The first paragraph of Defendants'

22   proposed instruction and the following elements set forth the elements exactly as

23   stated in the Ninth Circuit model instruction 17.27.  By contrast, this proposed

24   instruction seeks to alter the formulation of the Ninth Circuit model instruction in

25   its favor.  Indeed, Plaintiff's proposed instruction omits entirely the threshold

26   requirement that Plaintiff prove by a preponderance of the evidence that each

27   Defendant engaged in acts that infringed Plaintiff's copyright, as stated accurately

28   in the model instruction (and in Defendants' instruction).  The Court should reject

Mitchell
Silberberg &
Knupp LLP
7162584.2

41

1 Plaintiff's attempt to skew the willfulness determination in its favor and should use

2 the language of the model instruction set forth in Defendants' proposed instruction

3 No. 33.

4       This instruction also omits key information in the second and third

5 paragraph of Defendants' proposed instruction No. 33, which is necessary to

6 accurately and thoroughly instruct the jury on the relevant law, this Court's

7 relevant Orders, and the manner in which the must apply the law to the facts.

8 Defendants' proposed instruction No. 33 should be given in its entirety in place of

9 Plaintiff's inaccurate and insufficient alternative.

10

11       _____ GIVEN

12       _____ GIVEN AS MODIFIED

13       _____ REFUSED

14       _____ WITHDRAWN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 21:**

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS**

**(17 U.S.C. § 504(b))**

If you find that the defendant infringed the plaintiff's copyright, the plaintiff is entitled to any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

The defendant's profit is determined by deducting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of *Big Pimpin'*. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all overhead and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving by a preponderance of the evidence that the expenses were of actual assistance in the use or sale of *Big Pimpin'*.

Unless you find that a portion of the profit from the use or sale of *Big Pimpin'* is attributable to factors other than use of *Khosara Khosara*, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the percentage of the profit, if any, attributable to factors other than infringing the copyrighted work.


Requesting Party:  Plaintiff

Authority:   9th Cir. Civ. Jury Instr. 17.24; *Kamar Int'l, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1332 (9th Cir. 1984) (deduction for permitted "only when the infringer can demonstrate it was of actual assistance in the production, distribution or sale of the infringing product").

Mitchell
Silberberg &
Knupp LLP

7162584.2

43

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1

## <u>DEFENDANTS' OBJECTION</u>

2         Both Plaintiff and Defendants have proposed variations of Ninth Circuit

3 Model Instruction No. 17.24.  (*See* Defendants' proposed instruction No. 38.)

4 Defendants' proposed instruction No. 38 is a more thorough, accurate, and relevant

5 description of the relevant profits inquiry than this instruction proposed by

6 Plaintiff.  Unlike this instruction, Defendants' proposed instruction specifically

7 addresses the specific types of expenses that the jury will be faced with (*e.g.*,

8 management and royalty fees, production costs, and taxes).  Likewise, it sets forth

9 the specific law, supported by the case law cited, that Defendants are entitled to

10 deduct any income taxes they paid on their revenue, unless Plaintiff proves by a

11 preponderance of the evidence that a particular Defendant's infringement was

12 willful.  That relevant detail is missing from this proposed instruction.  Similarly,

13 the second paragraph of Defendants' proposed instruction No. 38 provides specific

14 examples of factors other than the *Khosara* composition that Defendants seek to

15 prove directly resulted in their net profits.  Such detail is missing from this

16 proposed instruction.  The Court should instruct the jury using Defendants' more

17 thorough and relevant proposed instruction No. 38 rather than this proposed

18 instruction.

19

20         _____ GIVEN

21         _____ GIVEN AS MODIFIED

22         _____ REFUSED

23         _____ WITHDRAWN

24

25

26

27

28

## PROPOSED JURY INSTRUCTION NO. 22:

## COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—INSEPARABLE

## ELEMENTS OF PROFIT

### (17 U.S.C. § 504(b))

If you determine that the infringing and noninfringing elements of *Big Pimpin'* cannot be readily separated, all of the defendant's profits from *Big Pimpin'* should be awarded to the plaintiff.

Requesting Party:  Plaintiff

Authority:   *Nintendo of Am., Inc. v. Dragon Pacific Int'l*, 40 F.3d 1007, 1012 (9th Cir. 1994) ("where infringing and noninfringing elements of a work cannot be readily separated, all of a defendant's profits should be awarded to a plaintiff.").

## DEFENDANTS' OBJECTION

This instruction is misleading.  First, Plaintiff does not actually contend that infringing and non-infringing elements of *Big Pimpin'* cannot be readily separated. Indeed, his experts give opinions on the amounts of *Khosara* used in the song and amounts of profits attributable to *Khosara*, so there is no basis for this opinion. Because there is no factual basis for this instruction, it should not be given.

Second, the sole authority cited is an entirely inapposite trademark case, which dealt with the defendant's use of the plaintiff's *Nintendo* trademark to sell counterfeit cartridges.  *Nintendo*, 40 F.3d at 1012.  There was no copyrighted material at issue in *Nintendo*, let alone material that could be apportioned between infringing elements and non-infringing elements, as here.  Indeed, this instruction is entirely unnecessary in that there is no dispute that elements of each of the various albums, films, and other exploitations at issue are entirely unrelated to *Big Pimpin'* (let alone *Khosara*).

1        Finally, this instruction is unnecessary.  Plaintiff's proposed instruction No.

2  21 states that "Unless you find that a portion of the profit from the use or sale of

3  *Big Pimpin'* is attributable to factors other than use of *Khosara Khosara*, all of the

4  profit is to be attributed to the infringement. The defendant has the burden of

5  proving the percentage of the profit, if any, attributable to factors other than

6  infringing the copyrighted work."  *See supra*.  Repeating this statement in a

7  separate instruction (let alone a misleadingly worded one such as this) would be

8  unnecessary and would place improper emphasis on one aspect of the profits

9  analysis.  *See United States v. Wilson*, 2010 U.S. Dist. LEXIS 71303, at *8-10 (D.

10  N.M. June 24, 2010) (rejecting proposed jury instruction that was "unnecessary"

11  and placed "improper emphasis" on certain testimony over others).

12

13       _____ GIVEN

14       _____ GIVEN AS MODIFIED

15       _____ REFUSED

16       _____ WITHDRAWN

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO. 23:**

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION**

**OF TAXES--WILLFUL INFRINGEMENT**

**(17 U.S.C. § 504(c)(2))**

If you determine that the defendant infringed on the plaintiff's copyright willfully, then you shall not deduct any payments of income tax when calculating the defendant's profit.

Requesting Party:  Plaintiff

Authority:    *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487-88 (9th Cir. 2000), citing *L.P. Larson, Jr., Co. v. Wm. Wrigley, Jr., Co.*, 277 U.S. 97, 99-100 (1928) (income taxes are not considered a "deductible expense" in cases of willful copyright infringement); see also *Oracle America, Inc. v. Google Inc.*, ---F.Supp.3d ---, 2015 WL 5522086, at *4 (N.D. Cal. Sept. 18, 2015) ("our court of appeals has indicated that a deduction for income tax and excess profits taxes should be disallowed where the infringement was willful").

**DEFENDANTS' POSITION**

Defendants have no objections to this instruction, and it should be considered a joint instruction.

1

2

3

4

**PROPOSED JURY INSTRUCTION NO. 24:**

**COPYRIGHT—DAMAGES—DEFENDANT'S PROFITS—DEDUCTION**

**OF OVERHEAD--WILLFUL INFRINGEMENT**

**(17 U.S.C. § 504(c)(2))**

5

6

7

If you determine that the defendant infringed on the plaintiff's copyright willfully, then you shall not deduct any overhead expenses when calculating the defendant's profit.

8

9   Requesting Party:  Plaintiff

10  Authority:    *Saxon v. Blann*, 968 F.2d 676, 681 (8th Cir. 1992) ("Overhead

11  may not be deducted from gross revenues to arrive at profits when an infringement

12  was deliberate or willful."); see also Melville B. Nimmer, Nimmer on Copyright, §

13  14.03[C][3]; *cf. Frank Music Corp. v. Metro- Goldwyn-Mayer, Inc.*, 772 F.2d 505,

14  515 (9th Cir. 1985) (implying that overhead may not be deducted when calculating

15  a willful copyright infringer's wrongful gain).

16

17  **DEFENDANTS' OBJECTION**

18  This instruction is not an accurate statement of Ninth Circuit law.  The only

19  Ninth Circuit authority cited by Plaintiff, *Frank Music*, states that "[a] portion of

20  an infringer's overhead properly may be deducted from gross revenues to arrive at

21  profits, at least where the infringement was not willful, conscious, or deliberate."

22  772 F.2d at 515.  There, the Ninth Circuit upheld the district court's determination

23  that the infringement was not willful.  Thus, the court's statement about "at least"

24  was pure dicta.  The *Frank Music* court in no way held that willful infringement

25  bars deduction of overhead, and Defendant is not aware of (and Plaintiff does not

26  cite) any other Ninth Circuit authority so holding.  It is axiomatic that a jury

27  instruction is improper where it does not accurately state the law.

28

Mitchell
Silberberg &
Knupp LLP

7162584.2

48

1    _____ GIVEN

2    _____ GIVEN AS MODIFIED

3    _____ REFUSED

4    _____ WITHDRAWN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED: October 7, 2015              MITCHELL SILBERBERG & KNUPP LLP
2                                       By:/s/David A. Steinberg
                                        Christine Lepera
3                                       David A. Steinberg
                                        Attorneys for All Defendants other than
4                                       Shawn Carter (pka Jay Z).
5
6   DATED: October 7, 2015              JENNER & BLOCK LLP
                                        By:/s/ Andrew H. Bart
7                                       Andrew H. Bart
                                        Daniel Rozansky
8                                       Attorneys for Defendant Shawn Carter (pka
                                        Jay Z)
9
10
11  DAVID A. STEINBERG (SBN 130593)
12  das@msk.com
    Mitchell Silberberg & Knupp LLP
13  11377 West Olympic Boulevard
14  Los Angeles, CA  90064-1683
    Telephone: (310) 312-2000
15  Facsimile: (310) 312-3100
16
17  CHRISTINE LEPERA (CL 9311)
18  ctl@msk.com
    Mitchell Silberberg & Knupp LLP
19  12 East 49th Street, 30th Floor
20  New York, New York 10017-1028
    Telephone: (212) 509-3900
21  Facsimile: (212) 509-7239
22  *Attorneys for All Defendants other than SHAWN CARTER (pka Jay Z)*
23  DANIEL A. ROZANSKY (SBN 161647)
24  drozansky@jenner.com
    JENNER & BLOCK LLP
25  633 West 5th Street, Suite 3600
26  Los Angeles, California 90071
    Telephone: (213) 239-5100
27  Facsimile: (213) 239-5199
28

Mitchell
Silberberg &
Knupp LLP

7162584.2

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS

1   ANDREW H. BART (Pro Hac Vice)
2   abart@jenner.com
    JENNER & BLOCK LLP
3   919 Third Avenue
4   New York, NY 10022
    Telephone: (212) 891-1600
5   Facsimile: (212) 891-1699
6   *Attorneys for Defendant SHAWN CARTER (pka Jay Z)*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28