1  CHRISTINE LEPERA (Pro Hac Vice)
   ctl@msk.com
2  DAVID A. STEINBERG (SBN 130593)
   das@msk.com
3  Mitchell Silberberg & Knupp LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA  90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  ANDREW H. BART (Pro Hac Vice)
   abart@jenner.com
7  DANIEL A. ROZANSKY (SBN 161647)
   drozansky@jenner.com
8  JENNER & BLOCK LLP
   633 West 5th Street, Suite 3600
9  Los Angeles, California 90071
   Telephone: (213) 239-5100
10 Facsimile: (213) 239-5199

11 Counsel for Defendants – Continued after signatures

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Osama Ahmed Fahmy, | CASE NO. CV 07-05715 CAS (PJWx) |
| Plaintiff, | The Honorable Christina A. Snyder |
| v. | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORMS** |
| Jay-Z (aka Shawn Carter), Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Ferrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Network Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music, Inc., | Trial Date:   October 13, 2015<br>Time:         9:30 a.m.<br>Courtroom:    5 |
| Defendants. | |

Defendants hereby object to Plaintiff's Proposed Special Verdict Forms (Docket No. 653), filed on October 7, 2015.  Defendants filed Defendants' Proposed Special Verdict Forms (Docket No. 659) the same day.  The Court should adopt Defendants' proposed forms in lieu of Plaintiff's proposed forms, which are insufficient and misleading, fail to differentiate even among the various Defendants, fail to address numerous relevant issues of law, including Defendants' affirmative defenses, and fail to provide for any rational manner in which the jury may reach a sufficient verdict in either the liability phase or, if necessary, the damages phase.

In general, using a special verdict form is "preferable to the opaque general verdict."  Ling Nan Zheng v. Liberty Apparel Co., 617 F.3d 182, 186 (2d Cir. 2010) (quoting Skidmore v. Bait. & O.R. Co., 167 F.2d 54, 67 (2d Cir. 1948)).  As commentators have recognized, "[t]he special verdict is a useful device for clarification of jury verdicts and for focusing the jurors' attention on the disputed facts without the confusion that often results from a lengthy charge."  Robert Jones, Rutter Guide: Federal Civil Trials and Evidence § 18:16 (2012).

Here, Plaintiff's proposed verdict form for the liability phase contains only two questions: (1) "Did the plaintiff prove by a preponderance of the evidence that his copyright in the musical composition *Khosara Khosara* was infringed by *Big Pimpin*?"; and (2) "Did any of the following defendants infringe willfully? [Listing five of Defendants.]"  That is insufficient.  The first question does not even refer to any of the Defendants, leaving unanswered the crucial question – was Plaintiff's copyright infringed by whom?  Question 2 merely asks about willful infringement.  The jury may very well answer yes to Question 1, and no to Question 2.  If so, which Defendant or Defendants are liable?  This form is entirely ambiguous, and more akin to an "opaque" and unhelpful general verdict than a proper special verdict.  See Chlopek v. Federal Ins. Co., 499 F.3d 692, 701 (7th Cir. 2007) (a

verdict form must "accurately, adequately, and clearly state the relevant issues, and ambiguous, biased, misleading, or confusing questions may warrant reversal.").

Moreover, Plaintiff's proposed verdict form for liability omits crucial questions that must be determined. For example, it omits Defendants' affirmative defenses of fair use, standing, and equitable estoppel (for which this Court has indicated it will seek an advisory decision from the jury). It also fails to address each of the various legal theories that will be presented to the jury at trial in the liability phase. Plaintiff himself submitted, as part of the Final Pretrial Conference Order, five different questions that he contended would be tried by the jury. See Docket No. 638, at 20. Yet Plaintiff's proposed verdict form does not even address each of those issues. See Jones & Rosen, Rutter Guide: FED. CIV. TRIALS & EVID. (TRG 2015) ¶ 18:23, at 18-11 to 18-23 ("A special verdict form should include questions that allow the jury to address all issues essential to the judgment.") (citing Sanchez-Lopez v. Fuentes-Pujols, 375 F.3d 121, 134, 140 (1st Cir. 2004) (special verdict form's failure to address all affirmative defenses contributed to vacatur of verdict); Saman v. Robbins, 173 F.3d 1150, 1155 (9th Cir. 1999)).

By contrast, Defendants submitted a detailed verdict form for the liability phase of trial that adequately sets forth each of the relevant questions the jury will be asked to make. Further, even if certain of the questions posed by Defendants on their proposed verdict form could possibly be consolidated into a single question of the type proposed by Plaintiff, such consolidation would not be desirable. This case presents a number of discrete issues. The jury's determination of the liability phase of trial will be aided by a more comprehensive and orderly special verdict form. See Florek v. Village of Mundelein, Ill., 649 F.3d 594, 599 n.1 (7th Cir. 2011) (encouraging use of special verdict form to clarify separate issues). Likewise, this Court will be aided in deciding any post-trial motions if the jury is presented each of Defendants' proposed questions. See Rural Water Dist. No. 4, Douglas County, Kansas v. City of Eudora, Kansas, 659 F.3d 969, 980 n.7 (10th

Mitchell Silberberg & Knupp LLP

3

Cir. 2011). For these reasons, the Court should adopt Defendants' verdict form on liability in lieu of Plaintiff's insufficient proposed form.

Similarly, Plaintiff's proposed verdict form on damages asks but one question – "What is the amount of profits, if any, attributable to each defendant's infringement of the musical composition *Khosara Khosara*?" This question is equally insufficient. Plaintiff seeks a disgorgement of profits from sixteen different defendants who purportedly exploited the *Khosara Khosara* musical composition in four different sound recordings, no less than two different musical compositions, on four different albums, as well as in a film and at concerts. Plaintiff's own experts have sworn – and likely will testify – to various ranges of apportionment of profits for each of these various exploitations, in many cases with different ranges of apportionment for different Defendants as to the same exploitation. *See* Trial Exs. 250-252, 259. A single question is insufficient in a trial with such variable issues across multiple Defendants. See Jones & Rosen, Rutter Guide: FED. CIV. TRIALS & EVID. (TRG 2015) ¶ 18:22.1, at 18-10 ("Special verdicts are commonly used in patent and other complex cases.").

A detailed verdict form is especially necessary for the Plaintiff's claim for concert revenues, an extraordinary and unprecedented remedy that to Defendants' knowledge has never been awarded in any case. Because the damages Plaintiff seeks are so attenuated from the alleged infringement, it is important for the advisory jury to make specific findings regarding the alleged causal link between the two. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 711 n.7 (9th Cir. 2004). Indeed, an advisory jury verdict using a general verdict form would be of minimal use to the Court because it "throws its mantle of impenetrable darkness over the operations of the jury" and "conceal[s] the jury's misunderstanding or even disregard of the judge's instructions. Foster v. Moore-McCormack Lines, Inc., 131 F.2d 907, 908 (2d Cir. 1942); see also Jones, RUTTER GUIDE: FED. CIV. TRIALS & EVID. (TRG 2012) § 18:5b.

By submitting an inadequate verdict form, Plaintiff transparently seeks to encourage the jury to abdicate its responsibility to analyze each Defendant's profits separately, and each exploitation separately, and to skip its necessary analysis of the actual revenue and expense numbers to be shown to the jury, in favor of a short-cut "here's a number"-type award.  This is improper.  Defendants' carefully considered special verdict form logically and thoroughly lays out for the jury a step-by-step analysis that allows the jury to fulfill its duty to consider each Defendant's actual revenues and expenses for its various alleged exploitations.  Defendants' proposed special verdict form, unlike Plaintiff's proposed form, will facilitate, rather than obfuscate, the relevant analysis and the application of the various figures to be presented to the jury.  See Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1160 (9th Cir. 2010) (in copyright infringement action with numerous plaintiffs and defendants, 31-page special verdict form with 170 questions was not misleading or confusing and was properly employed).

The fact that Defendants' proposed verdict form on damages contains questions that are not ultimate factual questions, but preliminary calculations necessary to reach the ultimate award of profits, if any, does not render it improper.  Those questions are necessary to allow the jury to calculate profits, and may be disregarded once the ultimate profits determination is made for each Defendant.  See Jones & Rosen, Rutter Guide: FED. CIV. TRIALS & EVID. (TRG 2015) ¶ 18:25, at 18-12 ("A special verdict form that includes irrelevant questions may be approved.  Once the jury answers the ultimate factual questions, irrelevant questions of law may be disregarded.") (citing Lee v. Andersen, 616 F.3d 803, 811-12 (8th Cir. 2010)).

Defendants' proposed form also will potentially conserve judicial resources if any issues are appealed after trial.  See Rural Water Dist. No. 4, Douglas County, Kansas v. City of Eudora, Kansas, 659 F.3d 969, 980 n.7 (10th Cir. 2011) ("A principal advantage of using a special rather than a general verdict is that an

Mitchell Silberberg & Knupp LLP

error may only affect a few of the trial court's findings, thus limiting a new trial or vacatur of the judgment to the issues covered by the tainted findings.").

For all of these reasons, the Court should reject Plaintiff's overly simplified and insufficient form on damages, and should accept Defendants' proposed form.

DATED: October 9, 2015                MITCHELL SILBERBERG & KNUPP LLP

                                      By:/s/David A. Steinberg
                                      Christine Lepera
                                      David A. Steinberg
                                      Attorneys for C Defendants

DATED: October 9, 2015                JENNER & BLOCK LLP

                                      By:/s/ Andrew H. Bart
                                      Andrew H. Bart
                                      Daniel Rozansky
                                      Attorneys for Defendant Shawn Carter (pka Jay Z)

DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (CL 9311)
  ctl@msk.com
MITCHELL SILBERBERG & KNUPP LLP
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Various Defendants*

6

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORMS

1  DANIEL A. ROZANSKY (SBN 161647)
   drozansky@jenner.com
2  JENNER & BLOCK LLP
3  633 West 5th Street, Suite 3600
   Los Angeles, California 90071
4  Telephone: (213) 239-5100
   Facsimile: (213) 239-5199
5
6  ANDREW H. BART (Pro Hac Vice)
   abart@jenner.com
7  JENNER & BLOCK LLP
   919 Third Avenue
8  New York, NY 10022
   Telephone: (212) 891-1600
9  Facsimile: (212) 891-1699

10  *Attorneys for Defendant SHAWN CARTER (pka Jay Z)*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

7

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORMS