UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - TRIAL BRIEFS RE: RIGHT TO JURY TRIAL ON APPORTIONMENT OF PROFITS

## I.   INTRODUCTION

If the jury determines that defendants are liable for infringing plaintiff's copyright in the *Khosara Khosara* musical composition, plaintiff may be entitled to remedies pursuant to 17 U.S.C. § 504(b) of the Copyright Act. Among the remedies permitted by this section is a disgorgement of defendants' profits attributable to use of the infringed work. In light of the Supreme Court's recent decision in Petrella v. Metro-Goldwyn-Mayer, Inc., the Court recognizes that there is ambiguity regarding whether disgorgement of profits is properly considered an equitable or a legal remedy and, accordingly, whether these damages should be assessed by the jury or by the Court. Therefore, at the pretrial conference the Court asked the parties to provide supplemental briefing on this issue.

Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II.   DISCUSSION

To determine whether the right to a jury trial attaches to a statutory claim, courts must: (1) "compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity"; and (2) "examine the remedy sought and determine whether it is legal or equitable in nature." S.E.C. v. Rind, 991 F.2d 1486, 1493 (1993) (citing Tull v. United States, 481 U.S. 412, 417 (1987)). "The second inquiry is more important." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

In <u>Petrella</u>, the Court addressed in a footnote the question of whether an award of profits under the Copyright Act is equitable or legal in nature:

> Like other restitutional remedies, recovery of profits is not easily characterized as legal or equitable, for it is an amalgamation of rights and remedies drawn from both systems. Given the "protean character" of the profits-recovery remedy we regard as appropriate its treatment as "equitable" in this case.

134 S. Ct. 1962, at 1967 n.1 (internal quotations and citations omitted). The Court's discussion indicates that an award of profits under the Copyright Act may in fact be an equitable remedy. <u>See also</u> 3 Melville B. Nimmer & David Nimmer, <u>Nimmer on Copyright</u> § 12.06[B][3][d][i] ("[<u>Petrella</u>]'s disposition places recovery of defendant's profits squarely on the equitable side of the ledger."). Nonetheless, the Court's use of the qualifying language "in this case" belies such a broad interpretation.

Defendants have directed the Court's attention to <u>Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.</u> ("<u>A.V.E.L.A.</u>"), a Ninth Circuit opinion issued after <u>Petrella</u>. Dkt. 631, at 2. In <u>A.V.E.L.A.</u>, a district court determined that the court and not the jury should calculate the amount of profits attributable to the defendants' infringement of plaintiff's trademark. 778 F.3d 1059, at 1074. In affirming the district court, the Ninth Circuit held that "[a] claim for disgorgement of profits under [the Lanham Act] is equitable, not legal." <u>Id.</u> at 1075. Defendants argue that, after <u>A.V.E.L.A.</u>, "there is *no* right to a jury trial in the Ninth Circuit on the amount of profits, if any, to be awarded from an infringer." Dk.t 631, at 2 (emphasis in original). However, the decision in <u>A.V.E.L.A.</u> was made in the context of the Lanham Act. Both the Lanham Act and the Copyright Act provide as a remedy a disgorgement of defendants profits attributable to infringement. 17 U.S.C. § 504(b); 15 U.S.C. § 1117(a). Unlike the Copyright Act, however, the Lanham Act expressly states that profits should be awarded "subject to the principles of equity" and permits a court to substitute its own judgment if it determines that an award based on profits is "either inadequate or excessive." 15 U.S.C. § 1117(a); <u>see also</u> <u>A.V.E.L.A.</u>, 778 F.3d at 1076 ("§ 1117's language allows judges to determine the amount of profits"). Accordingly, the Court is not persuaded that <u>A.V.E.L.A.</u> controls in this case.

Nonetheless, while the case law does not provide a definitive answer, in light of <u>Petrella</u> it appears that the appropriate course is to treat the award of profits as an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 9, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

equitable remedy.  See also Nimmer on Copyright § 12.06[B][3][d][i] ("Absent development of appropriate case law, however, it seems best to follow the Supreme Court majority's lead by presumptively treating profits as equitable in nature.").  Therefore, the Court will calculate the amount profits, if any, to be awarded pursuant to §504(b).

      Notwithstanding the foregoing, the Court believes that the assistance of a jury may be helpful in determining the appropriate measure of profits to which plaintiff may be entitled.  Accordingly, the Court will have the issue of plaintiff's recovery of profits presented to the jury and will treat the jury's verdict on this issue as advisory.

      IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |