UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - TRIAL BRIEF RE: PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

## I.   INTRODUCTION

On October 5, 2015, plaintiff filed a trial brief requesting that the Court take judicial notice of several facts contained in publicly available court documents and this Court's prior orders. Dkt. 650. Defendants' oppose this request. Dkt. 667.

Specifically, plaintiff requests that the Court take judicial notice of the following facts from Nafal v. Carter, 2:05-cv-02480-SVW-PJW (C.D. Cal.): (1) various defendants in the instant action were previously sued for infringing the copyright in *Khosara, Khosara* ("*Khosara*"); (2) Nafal v. Carter, was filed in April 2005 by a man named Julian Nafal purportedly on behalf of the heirs of Baligh Hamdy; and (3) in August 2007, the Honorable Judge Stephen Wilson dismissed Nafal v. Carter after determining that Julian Nafal ("Nafal") was not a proper representative of the heirs of the Baligh Hamdy. Dkt. X, at 1. In addition, plaintiff requests that the Court take judicial notice of two facts from its May 2001 order granting in part plaintiff's motion for partial summary judgment: (1) Baligh Hamdy authored and owned the copyright in the *Khosara* musical composition; (2) plaintiff is a co-owner of the *Khosara* copyright. Dkt. 650, at 1-2.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice of a facts that are not subject to reasonable dispute because they are: (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 13, 2015 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z ET AL. | | |

### III. ANALYSIS

Plaintiff argues that the Court may take judicial notice of these facts because they are all based on publicly available court documents. Dkt. 650, at 1-2. Plaintiff also contends that these facts are relevant to several issues at trial and that taking judicial notice of these facts will save time at trial by eliminating the need for certain witnesses and evidence. Id. at 2. Defendants respond that many of these facts are irrelevant to the instant action and that presenting these facts to the jury may be confusing and misleading. Dkt. 667, at 1.

The Court finds that taking judicial notice of these facts is not appropriate. Regarding the May 2011 order, the Court's prior rulings are interlocutory in nature and as such are subject to change. As trial progresses the parties may present evidence that causes the Court to revisit these rulings. For example, defendants intend to present evidence that plaintiff has assigned his rights in the *Khosara* composition and therefore is no longer an "owner" of the *Khosara* copyright. See Dkt. 628. Since the Court's May 2011 order, the Court has recognized that the issue of plaintiff's ownership of a copyright in *Khosara* is disputed by the parties. See Dkt. 509, 626. Accordingly, taking judicial notice of these facts from the Court's prior order may confuse the jury and would improperly impede defendants ability to contest the issue of plaintiff's ownership of a copyright in *Khosara*.

Similarly, taking judicial notice of the Nafal case may inappropriately confuse the jury. In that case, plaintiff, Nafal, claimed to hold an interest in the *Khosara* copyright and accordingly brought suit for copyright infringement against several of the defendants in this action. Dkt. 650, Ex. A, "Nafal Complaint." The court, in dismissing Nafal's case, found that "Plaintiff has no standing because he is at best a glorified non-exclusive licensee." Nafal v. Carter, 540 F. Supp. 2d 1128, 1143 (C.D. Cal. 2007). The fact that a third-party, who may or may not hold interests in the *Khosara* composition, has previously sued several defendants for copyright infringement is not particularly relevant to this case. Moreover, presenting evidence of another case in which defendants were accused of infringing a copyright in the *Khosara* composition may be highly confusing and lead the jury to draw impermissible inferences regarding defendants liability for infringement in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | October 13, 2015 |
| Title | OSAMA AHMED FAHMY V. JAY-Z ET AL. | | |

Accordingly, plaintiff's request for judicial notice is DENIED.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |