BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697

Attorneys for Plaintiff
OSAMA AHMED FAHMY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,<br><br>　　　　　Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**PLAINTIFF OSAMA AHMED FAHMY'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 58**<br><br>Jury Trial Date:<br>　　Oct. 13, 2015, at 9:30 a.m. |

574612.1

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 14, 2015, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court for the Central District of California, Western Division, located at 312 N. Spring Street, Los Angeles, California 90012, plaintiff Osama Ahmed Fahmy will and hereby does move the Court for an Order entering final judgment in this case pursuant to Federal Rule of Civil Procedure 58.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities in support thereof, the files in this action, and all other matters properly presented to the Court prior to its ruling.

DATED:  November 16, 2015        BROWNE GEORGE ROSS LLP
                                                                        Peter W. Ross
                                                                        Keith J. Wesley
                                                                        Jonathan Gottfried

                                                             By:   *s/ Keith J. Wesley*
                                                                           Keith J. Wesley

                                                            Attorneys for Plaintiff Osama Ahmed Fahmy

574612.1

-1-

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 58, Plaintiff Osama Ahmed Fahmy hereby moves this Court for entry of final judgment. Federal Rule Civil Procedure 58 provides that every judgment (with exceptions not relevant here) must be set forth on a separate document. The purpose of this rule is to ensure that the time for appeal does not linger indefinitely. *See* Fed. R. Civ. P. 58, Advisory Committee Notes for the 2002 Amendments.

Federal Rule of Civil Procedure 58(d) permits a party to move the court for a judgment set forth on a separate document as required by Rule 58(a). Rule 58(d) was added by the 2002 Amendments to "protect all needs for prompt commencement of the period for motions, appeals, and execution or other enforcement." Fed. R. Civ. P. 58, Advisory Committee Notes for the 2002 Amendments.

On October 21, 2015, the Court granted defendants' motion for judgment as a matter of law. (Dkt. No. 708) Accordingly, plaintiff respectfully requests that the Court enter a separate final judgment in the form attached as Exhibit A.[1] Pursuant to Local Rule 7-3, the parties conferred regarding the language to be used in a judgment and could not agree on the issues discussed below.

As a threshold matter, the Court dismissed this case because it concluded that plaintiff possessed only moral rights, over which the Court lacked subject-matter jurisdiction. Prior to the Court's ruling, defendants pressed this argument. *See* Defs.' Opp. to Motion for Summary Judgment (Dkt. No. 242 at 1:7-12) ("Because moral rights claims are not subject to U.S. copyright protection and are not cognizable in federal court, this Court lacks subject matter jurisdiction over them.");

---

[1] Whether the Court enters an "order" dismissing the case or a "judgment" terminating the case, plaintiff simply seeks a final document from which he can pursue his appeal.

Defs.' Motion for Judgment as a Matter of Law (Dkt. No. 701 at 7:4-5) ("Egyptian moral rights are not available under United States law, and they cannot give rise to jurisdiction in a U.S. court.").

In granting defendants' motion and dismissing this case, the Court embraced defendants' arguments, explaining that it lacked jurisdiction over the subject matter of moral rights: "to the extent defendants have violated any of plaintiff's moral rights, his [Mr. Fahmy's] recourse…is to go into Egypt before an Egyptian court and ask it to enforce his moral rights." (Dkt. No. 708 at p. 11 (internal quotation marks omitted)). The Court explained that the "United States, by and large, does not recognize moral rights." *Id*. at p. 10 (citing *Garcia v. Google, Inc*., 786 F.3d 733, 746 (9th Cir. 2015) ("United States copyright law generally does not recognize moral rights.")). Thus even if plaintiff had a winning claim for violation of his moral rights, the Court concluded that it lacked the power to award a remedy, which could only be obtained in an Egyptian court.

Other courts have agreed with defendants' and this Court's assessment that conclusions regarding moral rights implicate subject-matter jurisdiction. *See, e.g., Friedman v. Zimmer,* No. CV 15-502 GHK (EX), 2015 WL 6164787, at *6 (C.D. Cal. July 10, 2015) ("Plaintiff has not made a sufficient showing that we have subject matter jurisdiction over his moral rights claims."); *Choe v. Fordham Univ. Sch. of Law*, 920 F. Supp. 44, 49 (S.D.N.Y. 1995) ("There is no federal claim for violation of plaintiff's alleged 'moral rights'….[P]laintiff's purported 'moral rights' claim is dismissed…[a]bsent federal jurisdiction….").[2]

---

[2] This is consistent with the Supreme Court's ruling in *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, in which the Supreme Court explained that when a court concludes that plaintiff lacks even an arguable cause of action because of the limits of a court's power, then subject-matter jurisdiction is implicated. *Id*., 134 S. Ct. 1377, 1391 (2014) ("the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction").

574612.1

-3-

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT

In light of the Court's dismissal of the case for its lack of jurisdiction over claims of moral rights, the following issues (which have been disputed by the parties) should be resolved in plaintiff's favor:

**The Case Was Not Dismissed on the Merits**

Defendants proposed that the Court dismiss the case on the merits. But "standing is an aspect of subject matter jurisdiction and…no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution." *Fleck & Associates, Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1107 (9th Cir. 2006) (citing *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110, 122 S.Ct. 511, 151 L.Ed.2d 489 (2001)). *See also EMI Entm't World, Inc. v. Karen Records, Inc*., No. 05 CIV. 390 LAP, 2015 WL 1623805, at *2 (S.D.N.Y. Feb. 27, 2015) ("As the Supreme Court recently recognized, a court does not have the authority to reach the merits of a case where it finds that a plaintiff does not have standing. *See Hollingsworth v. Perry*, 133 S.Ct. 2652, 2659 (2013). From this principle, it follows that dismissal for lack of standing is necessarily not a decision on the merits."); Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." (emphasis added)). Consequently, the Court should not dismiss this case on the merits since the Court concluded that it could not make any ruling on plaintiff's alleged claim for moral rights.

**The Case Should Be Dismissed Without Prejudice**

Defendants proposed that the case be dismissed with prejudice. But dismissal for lack of standing must be without prejudice. *See United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) ("Since we conclude that Stalley lacks standing …, the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits.

Consequently, the district court should have dismissed the complaint without prejudice…." (internal citation omitted)); *Rudnicki v. WPNA 1490 AM,* No. 04 C 5719, 2009 WL 4800030, at *11 (N.D. Ill. Dec. 10, 2009) (dismissing, without prejudice, for lack of standing claim of copyright infringement where plaintiff "retain[ed] nontransferable moral rights to his work under Polish law…[but] does not have an 'exclusive right' under a copyright that is cognizable under 17 U.S.C. § 501(b)"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216–20 (10th Cir. 2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice.") (cited with approval in *Fleck*, 471 F.3d at 1106-07 (ordering district court that lacked jurisdiction on standing grounds to dismiss case without prejudice)); *Kasap v. Folger Nolan Fleming & Douglas, Inc*., 166 F.3d 1243, 1248 (D.C. Cir. 1999) ("We conclude by noting that the district court improperly dismissed appellant's suit with prejudice. As appellees concede, dismissals for lack of jurisdiction are not decisions on the merits and therefore have no *res judicata* effect on subsequent attempts to bring suit in a court of competent jurisdiction.").

**The Court Should Not Declare Defendants to Be Prevailing Parties**

Defendants seek to declare themselves "prevailing parties" in any final judgment. But:

> when an action is dismissed for lack of subject matter jurisdiction, there is no "prevailing party" for purposes of section 505. *See Cook v. Peter Kiewit Sons Co*., 775 F.2d 1030, 1035 (9th Cir. 1985) (stating that a district court cannot rule upon the merits of a claim after determining that it lacks subject matter jurisdiction); *W.G. v. Senatore*, 18 F.3d 60 (2d Cir. 1994) (holding that where a court lacks subject matter jurisdiction over a claim, it also lacks jurisdiction to award attorneys' fees after such claim is dismissed); *TorresNegron v. J & N Records, LLC*, 504 F.3d 151, 164-65 (1st Cir. 2007) (stating that when a party obtains dismissal for lack of subject matter jurisdiction, it has not prevailed on the merits, and may not be considered a prevailing party for purposes of the Copyright Act, and therefore cannot invoke section 505).

*McCormick v. Amir Const., Inc*., No. CV05-7456 CAS PJW, 2008 WL 4534266, at *1 (C.D. Cal. Oct. 6, 2008). *See also Giddings v. Vision House Prod., Inc.,* No. CV

05-2963PHXMHM, 2009 WL 1674420, at *1 (D. Ariz. June 12, 2009) ("[B]ecause the underlying copyright infringement claim was dismissed for lack of subject matter jurisdiction, this Court cannot rule on the merits of the attorneys' fees claim and must dismiss the claim for lack of subject matter jurisdiction.").

Even if the Court had subject-matter jurisdiction, defendants would not qualify as "prevailing" parties under Section 505 because the merits of the case were not reached. As one district court recently explained:

> Even if this Court had subject matter jurisdiction over the instant action, Defendants do not qualify as "prevailing" under Section 505. 17 U.S.C. § 505. That provision authorizes an award of reasonable attorneys' fees to the prevailing party in any action brought under the Copyright Act. A party is not considered "prevailing," however, when it "has failed to secure a judgment on the merits or a court-ordered consent decree ...." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 600 (2001) (considering fee provisions under the FHAA and ADA but implying that its holding also applies to the "[n]umerous federal statutes [that] allow courts to award attorney's fees and costs to the 'prevailing party' "); *see also TRF Music Inc. v. Alan Ett Music Grp., LLC*, No. 06 Civ. 0349, 2006 WL 1376931, at *2 (S.D.N.Y. May 18, 2006) (quoting *Buckhannon*, 532 U.S. at 600) (applying *Buckhannon* to a motion for fees under Section 505); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)) ("Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."); *Am. Acad. of Religion v. Napolitano*, No. 06 Civ. 588, 2011 WL 1157698, at *4 (S.D.N.Y. Mar. 25, 2011) ("To be a 'prevailing party,' a party must secure a judgment on the merits.").

*EMI Entm't World, Inc.*, 2015 WL 1623805, at *1.

## **CONCLUSION**

For the reasons stated above, plaintiff Osama Ahmed Fahmy respectfully requests that the Court enter final judgment pursuant to the form attached as Exhibit A to this motion.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: November 15, 2015

BROWNE GEORGE ROSS LLP
Peter W. Ross
Keith J. Wesley
Jonathan L. Gottfried

By     /s/ Keith Wesley
        Keith J. Wesley
Attorneys for Plaintiff Osama Ahmed Fahmy

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC.,<br><br>Defendants. | Case No. 2:07-CV-05715 CAS (PJWx)<br><br>The Hon. Christina A. Snyder<br><br>**[PROPOSED] JUDGMENT**<br><br>Complaint filed:   Aug. 31, 2007<br>Discovery Cutoff: Nov. 28, 2014<br>Trial Date:           Oct. 13, 2015 |

[PROPOSED] JUDGMENT

# [PROPOSED] JUDGMENT

Pursuant to the Court's Order dated October 21, 2015 granting Defendants' Motion for Judgment as a Matter of Law (ECF No. 708), it is HEREBY ORDERED:

(1) That Plaintiff's action be, and hereby is, dismissed without prejudice; and

(2) That final judgment be entered in favor of Defendants Jay Z (aka Shawn Carter), Timothy Mosley (erroneously sued as Timothy Mosely), Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, EMI Blackwood Music, Inc., MTV Networks Enterprises Inc., Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Roc-A-Fella Records, LLC, UMG Records, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc. (collectively, "Defendants"), and against Plaintiff.

//
//

The Clerk is instructed to enter judgment accordingly.

IT IS SO ORDERED.

Dated: _____, 2015         _____
                                    The Honorable Christina A. Snyder
                                    United States District Judge

-1-
[PROPOSED] JUDGMENT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On November 16, 2015, I served true copies of the following document(s) described as **[PROPOSED] JUDGMENT** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2015, at Los Angeles, California.

/s/ Lynne Burns
Lynne E Burns

574612.1

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division –
Case No. 2:07-CV-05715 CAS (PJWx)**

| | |
|---|---|
| Linda M. Burrow, Esq.<br>CALDWELL LESLIE<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, California 90017<br>Tel.:  (213)629-9040<br>Fax:   (213)629-9022<br>Email: burrow@caldwell-leslie.com | Attorneys for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Andrew Bart, Esq.<br>Ava U. McAlpin, Esq.<br>919 Third Avenue<br>New York, NY 10022<br>Tel: 212.891.1600<br>Fax: 212.891-1699<br>Email:       abart@jenner.com<br>          amcalpin@jenner.com | Lead Counsel for Defendant<br>Shawn Carter (pka Jay Z) |
| JENNER & BLOCK LLP<br>Daniel A. Rozansky, Esq.<br>L. David Russell, Esq.<br>633 West 5th Street, Suite 3600<br>Los Angeles, California 90071<br>Tel.: (213) 239-5100<br>Fax: (213) 239-5199<br>drozansky@jenner.com<br>drussell@jenner.com | |

574612.1

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | Russell J. Frackman, Esq.<br>David Steinberg, Esq.<br>Alexa L. Lewis, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>11377 West Olympic Boulevard<br>Los Angeles, California 90064-1683<br>Tel.:   310.312.2000<br>Fax:   310.312.3100<br>Email:  rjf@msk.com<br>        all@msk.com<br>        das@msk.com |
| 7<br>8<br>9<br>10 | Christine T. Lepera (Pro Hac Vice)<br>MITCHELL SILBERBERG & KNUPP LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>Tel.: 212.509-3900<br>Fax: 212.5097239<br>Email: ctl@msk.com |

Attorneys for Defendants Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.

574612.1

PLAINTIFF'S BRIEF ON ENTRY OF FINAL JUDGMENT