BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100 / Facsimile: (310) 275-5697

Attorneys for Plaintiff
OSAMA AHMED FAHMY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| OSAMA AHMED FAHMY, an individual, | Case No. 2:07-CV-05715 CAS (PJWx) |
| Plaintiff, | The Hon. Christina A. Snyder |
| vs. | **PLAINTIFF OSAMA AHMED FAHMY'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 58** |
| JAY-Z (aka SHAWN CARTER), TIMOTHY MOSELY, KYAMBO JOSHUA, ROB BOURDON, BRAD DELSON, MIKE SHINODA, DAVE FARRELL, JOSEPH HAHN, CHESTER BENNINGTON, BIG BAD MR. HAHN MUSIC, CHESTERCHAZ PUBLISHING, EMI BLACKWOOD MUSIC, INC., EMI MUSIC PUBLISHING LTD., KENJI KOBAYASHI MUSIC, LIL LULU PUBLISHING, MACHINE SHOP RECORDINGS, LLC, MARCY PROJECTS PRODUCTIONS II, INC., MTV NETWORKS ENTERPRISES INC., NONDISCLOSURE AGREEMENT MUSIC, PARAMOUNT HOME ENTERTAINMENT, INC., PARAMOUNT PICTURES CORPORATION, RADICAL MEDIA, ROB BOURDON MUSIC, ROC-A-FELLA RECORDS, LLC, TIMBALAND PRODUCTIONS, INC., UMG RECORDINGS, INC., UNIVERSAL MUSIC AND VIDEO DISTRIBUTION, INC., AND WARNER MUSIC INC., | Hearing Date: December 14, 2015<br>Hearing Time: 10:00 a.m.<br>Courtroom: 5 (Spring Street) |
| Defendants. | |

578402.1

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   ARGUMENT ..................................................................................... 3

    A.   Defendants Are Judicially Estopped from Arguing that the Court's Ruling Does Not Implicate Subject-Matter Jurisdiction. .......... 3

    B.   The Court's Ruling Implicated Article III Standing. ............................ 5

        1.   Under the Court's Ruling, an Injury to Moral Rights Is Not an Injury to a Cognizable Interest. .................................. 5

        2.   Under the Court's Ruling, Plaintiff Suffered No Concrete Injury-In-Fact. ................................................................. 6

            a.   Plaintiff Did Not Pursue Actual Damages at Trial. ........... 6

            b.   Under the Court's Ruling, Plaintiff Could Point to No Violation of a Statutory Right. ..................................... 7

    C.   Contrary to Defendants' Argument, the Court's Analysis of Standing Under the Copyright Act Does Not Mean that Constitutional Standing Was Not Implicated. ........................................ 8

    D.   The Court's Ruling Was Not a Decision on the Merits. ...................... 12

    E.   The Court Should Dismiss the Case Without Prejudice. ...................... 15

    F.   Defendants Are Not Prevailing Parties. ............................................... 16

    G.   The Court Should Not Dismiss With Prejudice and on the Merits Defendants Who Were Previously Dismissed Without Prejudice ........ 16

III.  CONCLUSION ................................................................................ 17

578402.1

-i-

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

4

## <u>CASES</u>

5

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human
Res.*,

6

532 U.S. 598 (2001) .......................................................................................... 16

7

8

*Cadkin v. Loose*,

569 F.3d 1142 (9th Cir. 2009) .......................................................................... 16

9

*Chaudhry v. City of Los Angeles*,

10

751 F.3d 1096 (9th Cir. 2014) ............................................................................ 6

11

*Choyce v. SF Bay Area Indep. Media Ctr.*,

12

No. 13-CV-01842-JST, 2014 WL 5597274 (N.D. Cal. Nov. 3, 2014) ..........11-12

13

*Edwards v. First Am. Corp.*,

14

610 F.3d 514 (9th Cir. 2010) .............................................................................. 0

15

*EMI Entm't World, Inc. v. Karen Records, Inc.*,

No. 05 CIV. 390 LAP, 2013 WL 2480212 (S.D.N.Y. June 10, 2013) ............... 13

16

*EMI Entm't World, Inc. v. Karen Records, Inc.*,

17

No. 05 CIV. 390 LAP, 2015 WL 1623805 (S.D.N.Y. Feb. 27, 2015)................ 13

18

*Fernandez v. Brock*,

19

840 F.2d 622 (9th Cir. 1988) ............................................................................ 14

20

*Friedman v. Zimmer*,

21

No. CV 15-502 GHK (EX), 2015 WL 6164787 (C.D. Cal. July 10,
2015) ............................................................................................................15-16

22

23

*Hamilton v. State Farm Fire & Cas. Co.*,

24

270 F.3d 778 (9th Cir. 2001) ..........................................................................3-4

25

*Hammer v. Sam's East, Inc.*,

754 F.3d 492 (8th Cir. June 5, 2014)................................................................ 11

26

*Havens Realty Corp. v. Coleman*,

27

455 U.S. 363 (1982) ........................................................................................... 7

28

## TABLE OF AUTHORITIES
### (cont'd)

**Page(s)**

*Hollingsworth v. Perry*,
   133 S. Ct. 2652 (2013)...................................................................................... 15

*HyperQuest, Inc. v. N'Site Sols., Inc.*,
   632 F.3d 377 (7th Cir. 2011) ........................................................................... 11

*Lang v. Morris*,
   No. C-11-1366 EMC, 2011 WL 6055513 (N.D. Cal. Dec. 6, 2011) ................... 16

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (2014).............................................................................*passim*

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ..............................................................................2, 5, 8

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
   795 F.3d 997 (9th Cir. 2015) ....................................................................... 11, 15

*Minden Pictures, Inc. v. John Wiley & Sons, Inc.*,
   No. C-12-4601 EMC, 2014 WL 1724478 (N.D. Cal. Apr. 29, 2014) ......11, 14-15

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
   No. CV 05-6838 CAS MANX, 2010 WL 4116852
   (C.D. Cal. Aug. 18, 2010) ...................................................................................... 5

*Raines v. Byrd*,
   521 U.S. 811 (1997) ............................................................................................ 5

*Ray Charles Found. v. Robinson*,
   795 F.3d 1109 (9th Cir. 2015) ......................................................................10-11

*Reed Elsevier, Inc. v. Muchnick*,
   559 U.S. 154 (2010) ...................................................................................... 4, 12

*Righthaven LLC v. Hoehn*,
   716 F.3d 1166 (9th Cir. 2013)..................................................................*passim*

*Robey v. Shapiro, Marianos & Cejda, L.L.C.*,
   434 F.3d 1208 (10th Cir. 2006) ......................................................................... 9

-iii-

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

1

## <u>TABLE OF AUTHORITIES</u>
### (cont'd)

2

3

**Page(s)**

4

*Robins v. Spokeo, Inc.*,
5     742 F.3d 409 (9th Cir. 2014) .......................................................... 7, 9

6

*Russell v. Rolfs*,
7     893 F.2d 1033 (9th Cir. 1990) ........................................................ 2, 4

8

*Slack v. Int'l Union of Operating Engineers*,
9     No. C-13-5001 EMC, 2014 WL 4090383 (N.D. Cal. Aug. 19, 2014)................. 10

10

*Steel Co. v. Citizens for a Better Environment*,
11     523 U.S. 83 (1998) ................................................................... 15

12

*Torres–Negron v. J & N Records, LLC*,
13     504 F.3d 151 (1st Cir. 2007) .......................................................... 17

14

*Tourgeman v. Collins Fin. Servs., Inc.*,
15     755 F.3d 1109 (9th Cir. 2014) ..................................................... 2, 7, 9

16

*Verizon Md. Inc. v. Public Serv. Comm'n of Md.*,
17     535 U.S. 635 (2002) ..................................................................... 6

18

*Vianix Delaware LLC v. Nuance Commc'ns, Inc.*,
19     No. CIV09-0067NLHJS, 2009 WL 1364346 (D. Del. May 12, 2009)............... 15

20

*Wages v. I.R.S.*,
21     915 F.2d 1230 (9th Cir. 1990) ........................................................ 15

22

*Warth v. Seldin*,
23     422 U.S. 490 (1975) ................................................................... 6, 9

## <u>STATUTES</u>

24

17 U.S.C. § 504(b) .......................................................................... 7

25

17 U.S.C. § 505.............................................................................. 16

26

27

28

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Until the filing of their Opposition (Dkt. No. 715), defendants repeatedly argued that this Court lacked subject-matter jurisdiction over this lawsuit because: (1) ***"Plaintiff's Case is Solely about Moral Rights"*** (Dkt. No. 701 at 6:3 (emphasis and italics in original)), and (2) "Egyptian moral rights are not available under United States law, and they cannot give rise to jurisdiction in a U.S. court" (*id.* at 7:4-5). *See also id.* at 6:16-20 ("Plaintiff can no longer pretend that this is not a moral rights claim, that he is seeking to enforce in the United States where no such claim is available."); Defs.' Opp. to Motion for Summary Judgment, dated Dec. 13, 2010 (Dkt. No. 242) at 1:11-13 ("[B]ecause Plaintiff's motion now makes clear that he is attempting to assert a violation of moral rights under Egyptian law, this Court lacks subject matter jurisdiction over this lawsuit."); *id.* at 6:19-20 ("Plaintiff necessarily concedes that he is asserting a claim for violation of moral rights under Egyptian law, which is not cognizable in this Court….Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims…."); *id.* at 7:10-12 ("Because moral rights claims are not subject to U.S. copyright protection and are not cognizable in federal court, this Court lacks subject matter jurisdiction over them.").

Having succeeded in persuading the Court that plaintiff was only pursuing non-cognizable claims for moral rights, defendants now face the dilemma of having to switch positions in order to seek attorney's fees. Defendants do not dispute that if a court lacks subject-matter jurisdiction over a dispute, then it cannot dismiss the case with prejudice, on the merits, or with a prevailing party. This well-established rule, which was detailed in plaintiff's opening brief, remains untouched by defendants' Opposition. Instead, defendants argue—in contradiction with their prior positions to this Court—that this case is primarily about non-moral rights and does not implicate subject-matter jurisdiction. For three reasons, defendants' arguments

578402.1

-1-

1   fail.

2       *First,* defendants are judicially estopped from asserting the opposite of a

3   position that they previously convinced the Court to adopt in order to obtain an

4   advantage.  Defendants' conduct is a straight-forward example of "a litigant playing

5   fast and loose with the courts."  *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.

6   1990).

7       *Second*, according to the Court's ruling, plaintiff failed to identify any harm

8   to a legally protected interest that can be redressed by an American court.  That is

9   the "constitutional minimum of standing."  *Lujan v. Defenders of Wildlife*, 504 U.S.

10  555, 560 (1992).   Plaintiff sought statutory relief for violation of a statutory right

11  that this Court concluded was not cognizable in an American court.  *See* Dkt. No.

12  708 at 12 ("crucially to the issue of plaintiff's standing, because the right to prevent

13  modification of a work is a moral right, it is not enforceable in a suit before this

14  Court").  The Court's ruling was not on the merits:  to the contrary, the Court stated

15  that plaintiff could pursue his claims in Egypt and declined to address the merits.  In

16  their opposition, defendants rely upon inapposite cases involving plaintiffs who

17  claimed actual damages (which readily satisfy *Lujan*'s injury-in-fact requirement) or

18  ran afoul of claim-processing rules (*e.g.,* copyright registration requirements).

19  Neither is relevant to this case.

20      *Third*, defendants are wrong to argue that the Court's ruling implicated

21  statutory—as opposed to constitutional—standing merely because the Court

22  concluded that plaintiff was not the legal or beneficial owner of an exclusive right

23  under the Copyright Act.  "In cases involving statutory rights, the particular statute

24  and the rights it conveys [ ] guide the standing determination" under Article III.

25  *Tourgeman v. Collins Fin. Servs., Inc*., 755 F.3d 1109, 1114 (9th Cir. 2014) (internal

26  quotation marks omitted).  In *Righthaven LLC v. Hoehn*, the Ninth Circuit

27  conducted a detailed "analysis of the assignment contracts that was necessary for

28  determining standing" in a lawsuit for copyright infringement.  *Id*., 716 F.3d 1166,

1172-73 (9th Cir. 2013).  As in this case, the Court concluded that the plaintiff "was not the owner of any exclusive rights under the Copyright Act.  It therefore lacked standing to sue for infringement." *Id*. at 1171.  The Ninth Circuit emphasized that the lawsuit by plaintiff (who—like the plaintiff in this case—sought only statutory relief for a statutory violation) was dismissed for lack of subject-matter jurisdiction, and the Ninth Circuit rejected the argument that the dismissal constituted a determination on the merits.  *Id*. at 1172-73.  This Court should follow similar reasoning in light of its determination that plaintiff possessed only a potential claim for violation of his moral rights that was unenforceable in this Court but potentially valid abroad.

Finally, even if the Court concludes that its ruling did not implicate subject-matter jurisdiction, the Court should nonetheless decline to enter defendants' proposed judgment at Dkt. No. 714-1 because that judgment would dismiss with prejudice certain defendants who were long ago dismissed without prejudice.

Consequently, the Court should enter final judgment pursuant to the form attached as Exhibit A to plaintiff's motion.

II.   **ARGUMENT**

A.   **Defendants Are Judicially Estopped from Arguing that the Court's Ruling Does Not Implicate Subject-Matter Jurisdiction.**

Defendants are judicially estopped from arguing—as they do now—that the Court's ruling on plaintiff's standing did not implicate the Court's subject-matter jurisdiction.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co*., 270 F.3d 778, 782 (9th Cir. 2001).  The court invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of "general consideration[s] of the orderly administration of justice and

-3-

regard for the dignity of judicial proceedings" and to "protect against a litigant playing fast and loose with the courts." *Russell*, 893 F.2d at 1037. The following factors may be relevant in evaluating whether the doctrine applies: (1) a party has asserted inconsistent positions, (2) the party previously succeeded in persuading the Court to accept the party's earlier position, and (3) the party would obtain an unfair advantage if not estopped. *Hamilton*, 270 F.3d at 782. Each of these criteria is satisfied here.

*First,* defendants' past positions (which emphasized the Court's lack of subject-matter jurisdiction) and current position (which disclaims the relevance of subject-matter jurisdiction to the Court's holding) are inconsistent. In opposing plaintiff's motion for summary judgment, defendants argued that:

- "[B]ecause Plaintiff's motion now makes clear that he is attempting to assert a violation of moral rights under Egyptian law, this Court lacks subject matter jurisdiction over this lawsuit." (Dkt. No. 242 at 1:11-13)

- "Plaintiff necessarily concedes that he is asserting a claim for violation of moral rights under Egyptian law, which is not cognizable in this Court....Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims...." *Id.* at 6:19-20.

- "Because moral rights claims are not subject to U.S. copyright protection and are not cognizable in federal court, this Court lacks subject matter jurisdiction over them." *Id.* at 7:10-12.

In subsequently seeking judgment as a matter of law, defendants argued: "Egyptian moral rights are not available under United States law, and they cannot give rise to jurisdiction in a U.S. court."[1]  (Dkt. No. 701 at 7:4-5)  All of these statements contradict defendants' current position that the Court's ruling "does not implicate the Court's subject matter jurisdiction." (Defs.' Opp. at 3:11-12)  *See also id.* at 3:8-9 (arguing that the Court does not "lack[] subject matter jurisdiction over

---

[1] "[T]he term 'jurisdictional' properly applies only to prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) implicating that authority."  *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160-61 (2010) (internal quotation marks omitted).

1  Plaintiff's lawsuit").

2      *Second,* defendants persuaded the Court to accept their earlier positions.  In

3  ruling upon plaintiff's motion for summary judgment, this Court held that "[t]o the

4  extent that plaintiff[] request[s] that the Court determine whether defendants' use of

5  *Khosara, Khosara* violated plaintiff's moral rights in the work by making changes

6  that might be considered 'mutilation or distortion' of the original work, the Court

7  agrees with defendants that the claim does not arise under U.S. copyright law."

8  (Dkt. no. 271 at 15-16, n.8)  Similarly, the Court granted defendants' motion for

9  judgment as a matter of law on the ground that plaintiff had only claims for moral

10  rights and "does not have standing."  (Dkt. No. 708 at 18)

11      *Third,* defendants seek to use their contradictory position to gain an unfair

12  advantage:  namely, to be labeled prevailing parties that may qualify for attorney's

13  fees.

14      Consequently, the Court should hold that defendants are judicially estopped

15  from arguing that the Court's decision did not implicate its subject-matter

16  jurisdiction.  *See, e.g., Negrete v. Allianz Life Ins. Co. of N. Am.,* No. CV 05-6838

17  CAS MANX, 2010 WL 4116852, at *6 n.10 (C.D. Cal. Aug. 18, 2010) ("The record

18  is replete with statements made by Allianz's counsel wherein it represented that the

19  *Mooney* and *Negrete* cases were distinct and different class action cases, and thus

20  the Court concludes, in the alternative, that Allianz is judicially estopped to assert

21  the defense of claim preclusion.").

22      **B.**    **The Court's Ruling Implicated Article III Standing.**

23          **1.**    **Under the Court's Ruling, an Injury to Moral Rights Is Not an Injury to a Cognizable Interest.**

24      The "constitutional minimum of standing" requires an invasion of a legally

25  protected interest that is concrete, particularized and can be redressed by an

26  American court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  *See also*

27  *Raines v. Byrd,* 521 U.S. 811, 819 (1997) ("We have also stressed that the alleged

28  

578402.1

-5-

injury must be legally and judicially cognizable.").  An injury to moral rights—which is all that the Court concluded that plaintiff was asserting—is not an injury to a legally and judicially cognizable interest.  In ruling on defendants' motion for judgment as a matter of law, this Court explained that "crucially to the issue of plaintiff's standing, because the right to prevent modification of a work is a moral right, it is not enforceable in a suit before this Court."  (Dkt. No. 708 at 12) Regardless of the merits of plaintiff's claim, the Court concluded that plaintiff's "recourse, as explained by Farhat, is 'to go into Egypt before an Egyptian court and ask it to enforce' his moral rights."  *Id*. at 11.  In other words, under the Court's ruling, even if defendants violated plaintiff's moral rights, this Court cannot redress that wrong.  This implicates constitutional, not statutory, standing.  *See Chaudhry v. City of Los Angeles,* 751 F.3d 1096, 1109 (9th Cir. 2014) ("Article III 'standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal.'" (quoting *Warth v. Seldin,* 422 U.S. 490, 500 (1975)); *see also Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction.").[2]

### 2. Under the Court's Ruling, Plaintiff Suffered No Concrete Injury-In-Fact.

#### a. Plaintiff Did Not Pursue Actual Damages at Trial.

Not only is a violation of moral rights—under the Court's holding—not an

---

[2] In *Lexmark International*, the issue was whether a competitor had standing under the Lanham Act to assert claims for false advertising and association.  *Id*., 134 S. Ct. at 1384.  The Court concluded that the competitor's injuries were proximately caused by violations of the Lanham Act and fell within the "zone of interests" regulated by the Act.  *Id*. at 1388.  The Supreme Court distinguished between "statutory standing" and "subject matter jurisdiction."  It described the latter as "the court's statutory or constitutional *power* to adjudicate the case." *Id*. at 1387 n.4 (quoting *Verizon Md. Inc. v. Public Serv. Comm'n of Md*., 535 U.S. 635, 642-643 (2002)).

invasion of a legally protected interest, it does not raise a concrete injury-in-fact. The Supreme Court and Ninth Circuit have held that a plaintiff can demonstrate in various ways a concrete injury-in-fact sufficient to confer Article III standing.  One way is by demonstrating economic losses.  For example, in *Lexmark International*, the Supreme Court explained that the plaintiff's "allegations of lost sales and damage to its business reputation give it standing under Article III." *Id*., 134 S.Ct. at 1386.  Only after concluding that the plaintiff had demonstrated a cognizable injury did the Supreme Court then address statutory standing. *Id*.  In contrast to the plaintiff in *Lexmark International*, plaintiff Osama Fahmy did not claim lost sales or other economic losses at trial.  Instead, plaintiff sought the statutory recovery of defendants' profits under 17 U.S.C. § 504(b), which was dependent on the recognition of a statutory right.  (Dkt. No. 655 (Plaintiff's Proposed, Disputed Jury Instructions) at Instruction Nos. 21-22)).

### b.  Under the Court's Ruling, Plaintiff Could Point to No Violation of a Statutory Right.

Another way of demonstrating a concrete injury-in-fact is by pointing to the violation of a statutory right. *See Tourgeman*, 755 F.3d at 1115 ("For this reason, 'the violation of a statutory right is usually a sufficient injury in fact to confer standing.'" (quoting *Robins v. Spokeo, Inc*., 742 F.3d 409, 412 (9th Cir. 2014)).  *See also Havens Realty Corp. v. Coleman,* 455 U.S. 363, 374 (1982) ("the Art. III requirement of injury in fact [was] satisfied" by "alleged injury to [the plaintiffs'] statutorily created right to truthful housing information").  When an injury-in-fact depends solely upon the violation of a statutory right, then a court's conclusion that the statutory right is not cognizable implicates subject-matter jurisdiction.  For example, in *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013), plaintiff sought only statutory relief against an alleged infringer under the Copyright Act. After conducting an extensive "analysis of the assignment contracts that was

necessary for determining standing,"[3] the Ninth Circuit concluded that plaintiff "was not the owner of any exclusive rights under the Copyright Act.  It therefore lacked standing to sue for infringement."  *Id*. at 1172-73.  The Ninth Circuit confirmed that the lawsuit was properly dismissed for lack of subject-matter jurisdiction and rejected the argument that the dismissal constituted a determination on the merits.  *Id*.

In this case, the Court held "crucially to the issue of plaintiff's standing" that plaintiff lacked any "enforceable" right under American law.  (Dkt. No. 708 at 12)  Consequently, under the Court's holding, plaintiff lacked any injury-in-fact:  he could point to no cognizable right whose infringement could be redressed by this Court.

**C.** **Contrary to Defendants' Argument, the Court's Analysis of Standing Under the Copyright Act Does Not Mean that Constitutional Standing Was Not Implicated.**

In arguing that the Court dismissed the case for lack of statutory standing, defendants rely primarily on the fact that the Court's standing analysis involved the Copyright Act.[4]  (Defs. Opp. at pp. 4-6)  But the fact that a determination of standing requires a court to analyze a statute does not mean that only statutory standing is involved.  As the Ninth Circuit has explained, "[i]n cases involving statutory rights, 'the particular statute and the rights it conveys [ ] guide the standing

---

[3] This analysis included analyzing "the substance and effect of the contract" as well as the parties' intent.  *Id*. at 1169, 1171.

[4] Defendants also argue that "the Court's Judgment Order never once mentions subject matter jurisdiction, never once references constitutional standing, and does not conduct the constitutional standing inquiry required under *Lujan* and its progeny."  (Defs.' Opp. at 6:19-21)  Equally, it can be said that the Court's Judgment Order never once mentions statutory or prudential standing and does not conduct the zone-of-interest inquiry required for statutory standing under *Lexmark*.  *See id.*, 135 S.Ct. at 1388 ("a statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked" (internal quotation marks omitted)).

1  determination'" under Article III.  *Tourgeman*, 755 F.3d at 1114 (quoting *Donoghue*

2  *v. Bulldog Investors Gen. P'ship*, 696 F.3d 170, 178 (2d Cir. 2012)).  *See also Robey*

3  *v. Shapiro, Marianos & Cejda, L.L.C.*, 434 F.3d 1208, 1212 (10th Cir. 2006) (where

4  a court is "dealing with legal rights created by Congress under the FDCPA ... the

5  'injury in fact' analysis for purposes of Article III is directly linked to the question

6  of whether [the plaintiff] has suffered a cognizable statutory injury").  "'Essentially,

7  the standing question in such cases is whether the constitutional or statutory

8  provision on which the claim rests properly can be understood as granting persons in

9  the plaintiff's position a right to judicial relief.'"  *Tourgeman*, 755 F.3d at 1115

10  (quoting *Warth*, 422 U.S. at 500).  Where—as here—the alleged injury-in-fact is

11  statutory (as opposed to actual damages), the Court's determination of constitutional

12  standing necessarily involves statutory analysis.

13      The Ninth Circuit's reasoning in *Tourgeman* (which the Ninth Circuit decided

14  after the Supreme Court's opinion in *Lexmark*) is instructive.  In that case, the

15  plaintiff alleged a violation of his statutory right not to be the target of misleading

16  debt collection communications under the Fair Debt Collection Practices Act

17  ("FDCPA").  *Id.* at 1115.  The plaintiff did not claim to have suffered actual

18  damages as a result of defendants' acts.  *Id.*  The defendants challenged both

19  plaintiff's constitutional and statutory standing, each of which the Ninth Circuit

20  addressed in turn.  With respect to plaintiff's constitutional standing, the Ninth

21  Circuit explained:

22          The alleged violation of this statutory right…constitutes a cognizable
            injury under Article III.   And "[w]hen the injury in fact is the violation
23          of a statutory right that we inferred from the existence of a private
            cause of action, causation and redressability"—the two other elements
            of standing—"will usually be satisfied." *Robins [v. Spokeo, Inc.]*, 742
24          F.3d at 414 [(9th Cir. 2014)].  Such is the case here.…We conclude,
            therefore, that [plaintiff] has constitutional standing.
25

26  *Id.* at 1116.

27      With respect to statutory standing, the Ninth Circuit analyzed the text and

28  purpose of the FDCPA in order to conclude that a plaintiff who did not receive a

1   debt-collection letter directed towards him at the time it was sent nonetheless had

2   standing to challenge the lawfulness of the letter under the FDCPA.  *Id*. at 1117.

3          Likewise, in *Edwards v. First Am. Corp.,* 610 F.3d 514 (9th Cir. 2010), the

4   question was whether plaintiff had Article III standing under another statute:  the

5   Real Estate Settlement Procedures Act ("RESPA").  The Ninth Circuit explained:

6          The injury required by Article III can exist solely by virtue of statutes
       creating legal rights, the invasion of which creates standing….Thus, we
7       must look to the text of RESPA to determine whether it prohibited
       Defendants' conduct;  if it did, then Plaintiff has demonstrated an
8       injury sufficient to satisfy Article III.

9   *Id*. at 515.

10         It follows from *Edwards* that where a plaintiff claims only a statutory injury

11  derived from a statutory right that the Court concludes is not cognizable under the

12  applicable statute, then Article III standing is absent.  For example, in *Slack v. Int'l*

13  *Union of Operating Engineers*, No. C-13-5001 EMC, 2014 WL 4090383 (N.D. Cal.

14  Aug. 19, 2014), plaintiffs sought monetary and injunctive relief under ERISA.  *Id*. at

15  *12.

16         The Court concludes that Plaintiffs do not have Article III standing to
       allege an ERISA cause of action for monetary damages simply based
17      on the alleged violation of an ERISA trustee's breach of fiduciary
       duties.  Courts have expressly rejected the idea that ERISA, in
18      imposing fiduciary duties on Plan trustees, creates statutory rights the
       violation of which is sufficient to confer standing upon plan
19      participants

20  *Id*.  Similarly, this Court concluded that plaintiff lacked standing (and, by necessary

21  implication, constitutional standing) because there was no invasion of a cognizable

22  statutory right.

23         In arguing to the contrary, defendants rely upon cases in which plaintiffs

24  sought actual damages and, because a concrete injury-in-fact was apparent, the

25  courts' analyses of statutes were limited to statutory standing.  For example:

26  •  In *Ray Charles Found. v. Robinson*, 795 F.3d 1109 (9th Cir. 2015), a
       songwriter's foundation sued his children under the Copyright Act and state-
27      law claims for breach of contract.  The Ninth Circuit first concluded that
       plaintiff had satisfied Article III standing because the plaintiff alleged actual
28      damages:  namely, the cessation of ongoing payments caused by defendants'

termination notices. *Id.* at 1115 (explaining that defendants' actions "would deprive the Foundation of its income stream; and a declaration of the terminations' invalidity would redress that deprivation"). Only after finding injury-in-fact did the Court proceed to apply the zone-of-interest test in order to analyze statutory standing. *Id.* at 1120.

- In *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015), a licensing agent claimed that a publisher had improperly used photographs. *Id.* at 1001. In contrast to Mr. Fahmy's case, constitutional standing was readily established in *Minden Pictures* because the plaintiff sought actual damages. *See* Complaint at p. 9, *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, Dkt. No. 1 (C.D. Cal. July 12, 2013) (No. 13-3246) (seeking "[a]n award of Plaintiff's actual damages"). The court therefore did not need to analyze whether a violation of a statutory right under the Copyright Act constituted a cognizable injury under Article III. Consequently, the Ninth Circuit focused on statutory standing: whether plaintiff was an exclusive or non-exclusive licensee under the Copyright Act. *Minden Pictures*, 795 F.3d at 1001.

- In *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377 (7th Cir. 2011), a software company alleged that a licensee had illegally sold derivative works—including source code belonging to the plaintiff—"for more than $700,000." *Id.* at 381. The Seventh Circuit explained that "[m]any parties who have not crossed the 'T's and dotted the 'i's in their copyright licenses would have no trouble demonstrating injury in fact, causation, and redressability—the three indispensable requirements for constitutional standing, but their efforts to sue will nonetheless be thwarted by the statutory requirement." *Id.* at 381 (internal citation omitted). Because the plaintiff in *HyperQuest* could point to ample, actual damages, the Seventh Circuit focused on analyzing statutory standing. *Id.* at 382-386.

- As noted above, in *Lexmark International*, the Supreme Court explained that the plaintiff's "allegations of lost sales and damage to its business reputation give it standing under Article III." *Id.*, 134 S.Ct. at 1386.

In contrast to the above cases, plaintiff Fahmy did not assert actual damages—which made the Court's standing analysis dependent upon the threshold constitutional inquiry (which the Court answered in the negative): did plaintiff have a legally protected, concrete interest that could be redressed by an American court? *See Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498 & n. 3 (8th Cir. June 5, 2014) (noting that "the actual-injury requirement may be satisfied … by the invasion of a legal right that Congress created").

Defendants' arguments also rest upon another set of inapposite cases—those involving claim-processing rules. *See, e.g.,* Defs.' Opp. at 9:22-27 (citing *Choyce v. SF Bay Area Indep. Media Ctr.*, No. 13-CV-01842-JST, 2014 WL 5597274 (N.D.

1   Cal. Nov. 3, 2014) (dismissing copyright claim where plaintiff failed to satisfy

2   registration requirement).  The Supreme Court has explained that a "statutory

3   condition that requires a party to take some action before filing a lawsuit is not

4   automatically a jurisdictional prerequisite to suit."  *Reed Elsevier, Inc. v. Muchnick*,

5   559 U.S. 154, 166 (2010) (internal quotation marks omitted) (holding that

6   requirement for copyright registration was a "claim-processing" rule and did not

7   restrict subject-matter jurisdiction).  Defendants have repeatedly argued that federal

8   courts lack subject-matter jurisdiction over moral-rights claims; and they cannot

9   reasonably be characterized as claim-processing rules.

10                                           ***

11           This Court granted judgment in favor of defendants because it concluded that

12  plaintiff failed to claim an invasion of a legally protected interest that was concrete

13  and could be redressed by an American court.  Consequently, under the Court's

14  reasoning, it lacked subject-matter jurisdiction to resolve this dispute.

15          **D.      The Court's Ruling Was Not a Decision on the Merits.**

16          Defendants argue that the Court's ruling was on the merits because:  (1) the

17  Court "carefully analyzed, in detail, the language in the 2002 Agreement and the

18  testimony of the parties' Egyptian law experts" (Defs.' Opp. at 4:22-24), (2) the

19  Court merely determined that "Plaintiff had failed to prove the first element of a

20  copyright claim" (*id*. at 5:3-4), and (3) the Court analyzed economic rights (*id*. at

21  1:20-2:6).  None of these arguments supports the conclusion that the Court ruled on

22  the merits of this dispute.

23          *First*, a court's analysis of a licensing agreement or other evidence does not

24  transform a jurisdictional holding into one on the merits.  The Ninth Circuit has

25  made clear that a district court cannot assume the truth of jurisdictional allegations;

26  and a plaintiff's mere allegation that a statutory right was violated is insufficient to

27  satisfy Article III standing.  *See Fernandez v. Brock*, 840 F.2d 622, 630 (9th Cir.

28  1988) (stating that "a plaintiff who merely claims that a defendant violated a

statutory duty does not necessarily satisfy the requirement of injury in fact in article III").  Consequently, courts may analyze licensing agreements and other evidence in order to determine whether Article III standing exists in a copyright case.  *See, e.g., Righthaven*, 716 F.3d at 1169-72 ("[T]he assignment agreements used language purporting to transfer ownership to Righthaven is not conclusive.  We must consider the substance of the transaction.").  Furthermore, courts routinely grant jurisdictional discovery in order to consider evidence regarding jurisdictional issues. The fact that the Court heard expert testimony does not transform its decision into one on the merits.[5]

        *Second,* defendants incorrectly argue that the Court's ruling was necessarily on the merits because the Court concluded that plaintiff "is not the 'legal or beneficial owner of an exclusive right under a copyright' for purposes of this suit." (Dkt. No. 708 at 18)  But the Court's conclusion that plaintiff may be able to enforce his moral rights in Egypt—and the Court's refusal to address the merits of that claim—emphasizes that the Court did not resolve this dispute on the merits. Furthermore, in *Righthaven*, the Ninth Circuit held that a case was dismissed for lack of subject-matter jurisdiction where:  (1) the plaintiff's sole injury-in-fact was statutory, and (2) the plaintiff "was not the owner of any exclusive rights under the Copyright Act.  It therefore lacked standing to sue for infringement." *Id*., 716 F.3d at 1171.  Defendants' argument therefore contradicts precedent.

---

[5] Defendants intimate that when a court rules on a matter late in a case, the ruling must be on the merits.  (Defs.' Opp. at 3:19-4:2)  But in *EMI Entm't World,* the Court determined that it lacked subject-matter jurisdiction upon a motion to set aside judgment based upon newly discovered evidence (including testimony).  The Court further explained that its decision was not on the merits.  *See EMI Entm't World, Inc. v. Karen Records, Inc.*, No. 05 CIV. 390 LAP, 2013 WL 2480212, at *3 (S.D.N.Y. June 10, 2013); *EMI Entm't World, Inc. v. Karen Records, Inc*., No. 05 CIV. 390 LAP, 2015 WL 1623805, at *1 (S.D.N.Y. Feb. 27, 2015).

-13-

*Third*, defendants incorrectly argue that the Court's ruling did not implicate subject-matter jurisdiction because the Court focused on economic, not moral, rights.  (Defs.' Opp. at 1:20-2:6)  Defendants' current position contradicts their prior positions and should therefore be judicially estopped.  For example, in seeking judgment as a matter of law, defendants argued:

- **"Plaintiff's Case is Solely about Moral Rights."**  (Dkt. No. 701 at 6:3 (emphasis and italics in original)).

- "Plaintiff can no longer pretend that this is not a moral rights claim, that he is seeking to enforce in the United States where no such claim is available. Plaintiff wants this Court (and jury) to manufacture a moral right of 'integrity,' out of whole cloth when none exists here.  Plaintiff's moral rights exist in Egypt, not here." (*Id.* at 6:16-20)

- "In his opening, Plaintiff's counsel made it clear that Plaintiff's '*case is about moral rights here and in Egypt*.' 10/13 Trial Tr. at 62.  As emphasized below, Plaintiff's counsel conceded: "So what are the issues for you to decide here? ***In my view there's really only one issue***.  Did [Defendants] get approval from Hamdy or his heirs to change the music by looping the introduction over and over again?  In other words, ***did they respect Hamdy's moral rights***." Id. at 66 (emphasis added)." (*Id.* at 6:4-10)

Defendants' effort to downplay the importance of moral rights also ignores the plain language of the Court's ruling.  *See* Dkt. No. 708 at 12 ("crucially to the issue of plaintiff's standing, because the right to prevent modification of a work is a moral right, it is not enforceable in a suit before this Court.") (emphasis added).

The Court's analysis of the scope of plaintiff's moral and non-moral rights under licensing agreements did not transform its decision into one on the merits. Again, the Ninth Circuit's decision in *Righthaven* is instructive.  In that case, the Ninth Circuit analyzed the bundle of rights assigned to plaintiff in order to determine whether any of them qualified as "exclusive rights" under the Copyright Act.  *Id.*, 716 F.3d at 1169-72.   The Ninth Circuit concluded that plaintiff only had non-exclusive rights  *Id.* at 1172-73.  The Ninth Circuit made clear that its decision was not on the merits.[6]  *Id*. at 1172.  Similarly, this Court's analysis of plaintiff's

---

[6] In *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2014 (footnote continued)

1  moral and non-moral rights did not result in a decision on the merits when the Court

2  concluded that it lacked authority to rule on plaintiff's moral claims.

3                                                   ***

4         The Court's ruling regarding standing was therefore not on the merits.  *See*

5  *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2659 (2013) ("Because we find that

6  petitioners do not have standing, we have no authority to decide this case on the

7  merits, and neither did the Ninth Circuit."); *Wages v. I.R.S.*, 915 F.2d 1230, 1234

8  (9th Cir. 1990) ("A jurisdictional dismissal is not a judgment on the merits.").

9         **E.      The Court Should Dismiss the Case Without Prejudice.**

10        The Supreme Court has explained that "[w]ithout jurisdiction the court cannot

11 proceed at all in any cause.  Jurisdiction is power to declare the law, and when it

12 ceases to exist, the only function remaining to the court is that of announcing the

13 fact and dismissing the cause."  *Steel Co. v. Citizens for a Better Environment*, 523

14 U.S. 83, 94 (1998) (internal quotations omitted).

15        Defendants argue that the Court must dismiss this case with prejudice because

16 the Court's decision did not implicate subject-matter jurisdiction.  (Defs.' Opp. at

17 7:6-8:10)  They do not dispute that decisions based upon lack of subject-matter

18 jurisdiction should be without prejudice.  For the reasons discussed above, the

19 _____

20 WL 1724478 (N.D. Cal. Apr. 29, 2014), a district court rejected the argument that,

21 under the Ninth Circuit's decision in *Righthaven*, standing under the Copyright Act

   is always a jurisdictional question under Article III.  *Id*. at *3-*4.  Plaintiff's

22 position is not at odds with the district court in *Minden*.  Plaintiff is not suggesting

23 that standing under the Copyright Act is always and only a jurisdictional question

   under Article III.  There are constitutional and statutory aspects to standing, and

24 subject-matter jurisdiction is implicated when an injury-in-fact depends solely upon

   the violation of a statutory right.  *See Vianix Delaware LLC v. Nuance Commc'ns,*

25 *Inc.,* No. CIV09-0067NLHJS, 2009 WL 1364346, at *2 (D. Del. May 12, 2009)

26 ("Here, because Vianix Delaware LLC is not the owner of the copyrights, and it

   does not have a beneficial interest in the copyrights it alleges defendant violated, it

27 could not have suffered an invasion of its legally protected interest.").

28

Court's ruling implicated subject-matter jurisdiction, and this case should therefore be dismissed without prejudice.  This is consistent with the Court's acknowledgement that plaintiff could file his lawsuit elsewhere.  (Dkt. No. 708 at 11 ("Accordingly, to the extent defendants have violated any of plaintiff's moral rights, his recourse, as explained by Farhat, is 'to go into Egypt before an Egyptian court and ask it to enforce' his moral rights.")).

**F.      Defendants Are Not Prevailing Parties.**

Defendants do not dispute that, when a ruling is premised on subject-matter jurisdiction, there is no prevailing party under 17 U.S.C. § 505.  *See* Pl.'s Memo. at 5:17-6:4 (discussing case law).  Instead, they argue that the Court dismissed this case for lack of statutory standing.  (Defs.' Opp. at 9-10)  As discussed above, the Court's ruling implicated subject-matter jurisdiction and was not on the merits. Defendants' argument regarding prevailing parties therefore fails.[7]

**G.      The Court Should Not Dismiss With Prejudice and on the Merits Defendants Who Were Previously Dismissed Without Prejudice.**

Defendants ask the Court to enter the proposed judgment lodged at Dkt. No. 714-1.  (Defs.' Opp. at 11:1-6)  Regardless of whether the Court concludes that its ruling implicated subject-matter jurisdiction, the Court should not enter an order

---

[7] In arguing that they are prevailing parties, defendants emphasize the material-alteration test set forth by the Supreme Court in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001).  (Defs.' Opp. at 8:16-9:4)  But that holding does not alter the rule that a Court lacking subject-matter jurisdiction cannot declare a prevailing party.  *See Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) (holding that, after *Buckhannon*, there is no prevailing party under the Copyright Act for a dismissal without prejudice); *Torres–Negron v. J & N Records, LLC*, 504 F.3d 151, 164 & n. 9 (1st Cir. 2007) (holding that *Buckhannon* material alteration test applies to copyright claims and concluding dismissal for lack of subject matter jurisdiction does not confer prevailing party status) (cited with approval in *Cadkin*, 569 F.3d at 1149); *Lang v. Morris*, No. C-11-1366 EMC, 2011 WL 6055513, at *2 (N.D. Cal. Dec. 6, 2011) (concluding that post-*Buckhannon*, "dismissals for lack of subject matter jurisdiction do not create prevailing parties").

dismissing defendants who have already been dismissed.  In August 2008, this Court dismissed without prejudice defendants Kyambo Joshua; Lil Lulu Publishing, Marcy Projects Productions II, Inc, and Radical Media.  (Dkt. No. 91)  Nonetheless, defendants seek an order dismissing with prejudice these same defendants.  (Dkt. No. 714-1)  Having already dismissed these defendants without prejudice, the Court cannot re-assert jurisdiction over them and re-dismiss them—this time, with prejudice.  Consequently, any judgment the Court enters should not include those defendants.

III.   **CONCLUSION**

For the reasons stated above, plaintiff Osama Ahmed Fahmy respectfully requests that the Court enter final judgment pursuant to the form attached as Exhibit A to its motion.

Dated:  November 30, 2015          BROWNE GEORGE ROSS LLP
                                   Peter W. Ross
                                   Keith J. Wesley
                                   Jonathan L. Gottfried


                                   By   _/s/ Jonathan Gottfried_____
                                        Jonathan Gottfried
                                   Attorneys for Plaintiff Osama Ahmed Fahmy

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On November 30, 2015, I served true copies of the following document(s) described as **PLAINTIFF OSAMA AHMED FAHMY'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 58** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2015, at Los Angeles, California.

/s/ Jonathan L. Gottfried
Jonathan L. Gottfried

578402.1

---

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

# SERVICE LIST

*Osama Ahmed Fahmy v. Jay-Z (aka Shawn Carter), et al.*

**United States District Court, Western Division –**
**Case No. 2:07-CV-05715 CAS (PJWx)**

Linda M. Burrow, Esq.                                           Attorneys for Defendant
CALDWELL LESLIE                                                Shawn Carter (pka Jay Z)
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017
Tel.:   (213)629-9040
Fax:   (213)629-9022
Email: burrow@caldwell-leslie.com

JENNER & BLOCK LLP                                            Lead Counsel for Defendant
Andrew Bart, Esq.                                              Shawn Carter (pka Jay Z)
Ava U. McAlpin, Esq.
919 Third Avenue
New York, NY 10022
Tel: 212.891.1600
Fax: 212.891-1699
Email:       abart@jenner.com
          amcalpin@jenner.com

JENNER & BLOCK LLP
Daniel A. Rozansky, Esq.
L. David Russell, Esq.
633 West 5th Street, Suite 3600
Los Angeles, California 90071
Tel.: (213) 239-5100
Fax: (213) 239-5199
drozansky@jenner.com
drussell@jenner.com

578402.1

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT

<div style="display:flex">

1  Russell J. Frackman, Esq.
   David Steinberg, Esq.
2  Alexa L. Lewis, Esq.
   MITCHELL SILBERBERG & KNUPP LLP
3  11377 West Olympic Boulevard
   Los Angeles, California 90064-1683
4  Tel.:   310.312.2000
   Fax:   310.312.3100
5  Email:  rjf@msk.com
           all@msk.com
6          das@msk.com

7  Christine T. Lepera (Pro Hac Vice)
   MITCHELL SILBERBERG & KNUPP LLP
8  12 East 49th Street, 30th Floor
   New York, NY 10017
9  Tel.: 212.509-3900
   Fax: 212.5097239
10 Email: ctl@msk.com

</div>

Attorneys for Defendants Timothy Mosely, Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings, LLC, Marcy Projects Productions II, Inc., MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment, Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc.

578402.1

---

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT