UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58 (Dkt. 713, filed November 16, 2015)

DEFENDANTS' REQUEST FOR ORAL ARGUMENT (Dkt. 726, filed December 28, 2015)

## I. INTRODUCTION & BACKGROUND

On August 31, 2007, plaintiff Osama Ahmed Fahmy ("plaintiff") filed suit against defendants Jay-Z (aka Shawn Carter) ("Jay-Z"), Timothy Mosley ("Mosley"), Kyambo Joshua, Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, Joseph Hahn, Chester Bennington, Big Bad Mr. Hahn Music, Chesterchaz Publishing, EMI Blackwood Music Inc., EMI Publishing Ltd., Kenji Kobayashi Music, Lil Lulu Publishing, Machine Shop Recordings LLC, Marcy Projects Productions II, MTV Networks Enterprises Inc., Nondisclosure Agreement Music, Paramount Home Entertainment Inc., Paramount Pictures Corporation, Radical Media, Rob Bourdon Music, Roc-A-Fella Records LLC, Timbaland Productions Inc., UMG Recordings Inc., Universal Music and Video Distribution Inc., and Warner Music Inc., alleging various claims of copyright infringement. Dkt. 1. In brief, plaintiff alleged that the song *Big Pimpin'* ("*Big Pimpin'*") infringed his rights in the song *Khosara, Khosara* ("*Khosara*").

On October 21, 2015, the Court granted defendants' motion for judgment as a matter of law. Dkt. 708. In that order, the Court determined that in a 2002 agreement between plaintiff and Mohsen Mohammed Jaber ("Jaber"), the owner of an Egyptian music company, plaintiff had assigned all of his economic rights in *Khosara* to Jaber. Id. at 18. The Court also determined that, to the extent plaintiff may have retained any moral rights in *Khosara*, those rights arose under Egyptian law and were therefore not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

cognizable as a matter of American law. Id. at 11. Accordingly, the Court concluded as follows:

> In summary, the 2002 Agreement provides that plaintiff assigns the "financial usage rights as stated in the Law No. 82 OF THE YEAR 2002." As of the signing of that agreement, Jaber was "solely," "fully," and "irrevocably" the owner of all of the economic rights in the *Khosara* musical composition. Of course, plaintiff retains the "moral rights" to the *Khosara* musical composition. As a matter of Egyptian law, no contract could ever purport to assign an artist or his successors' moral rights in a work. However, because plaintiff may only pursue a claim in this court based on infringement of economic rights, he is not the "legal or beneficial owner of an exclusive right under a copyright" for purposes of this suit. Accordingly, plaintiff does not have standing to bring the instant suit for copyright infringement.

Id. at 18.

      In light of this order, on November 16, 2015, plaintiff filed the instant motion for entry of a final judgment pursuant to Federal Rule of Civil Procedure 58. Dkt. 713. On November 23, 2015, defendants filed an opposition, Dkt. 715, and on November 30, 2015, plaintiff filed a reply, Dkt. 716. The Court held a hearing on December 14, 2015. At the hearing, defendants requested that the Court permit them to file supplemental briefing addressing whether plaintiff had asserted that he suffered actual damages in this action. The Court granted this request. Accordingly, on December 18, 2015, defendants' filed a supplemental brief in opposition to plaintiff's motion, Dkt. 724, and on December 24, 2015, plaintiff filed his own supplemental brief, Dkt. 725. Having carefully considered the parties' arguments, the Court finds and concludes as follows.[1]

---

[1] On December 28, 2015, defendants filed a request for further oral argument. However, the Court has already heard oral argument regarding the instant motion and does not find that additional oral argument is necessary. See also C.D. Cal. L.R. 7-15 (where appropriate and where not required by statute, "the Court may dispense with oral argument on any motion"). Accordingly, defendants' request is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

## II. ANALYSIS

      Subject to several exceptions, none of which is relevant here, Federal Rule of Civil Procedure 58 provides that every judgment must be set out in a separate document. In the instant motion, and in light of the Court's order granting defendant's motion for judgment as a matter of law, plaintiff requests that the Court enter a final judgment. Nonetheless, the parties do not agree on the form that this judgment should take. Principally, the parties dispute whether the Court's prior order finding that plaintiff lacked standing constituted a dismissal of plaintiff's case on the merits. More specifically, the parties dispute whether the Court determined that plaintiff lacked standing as a matter of constitutional standing—i.e., Article III's requirement of an injury in fact—or statutory standing—i.e., that he had not demonstrated that he was the owner of a valid interest in a copyright, the statutory requirement to bring an action pursuant to the Copyright Act

      Constitutional standing derives from the case-or-controversy requirement of Article III and limits the jurisdiction of federal courts to cases in which the plaintiff has suffered (1) an "injury in fact"; (2) that is "fairly . . . traceable to the challenged action of the defendant"; and (3) that it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). As courts have recognized, constitutional "standing is an aspect of subject matter jurisdiction and . . . no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution." Fleck & Associates, Inc. v. Phoenix, City of, an Arizona Mun. Corp., 471 F.3d 1100, 1106 n.4 (9th Cir. 2006) (citing Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 110 (2001)); see also Hollingsworth v. Perry, 133 S.Ct. 2652, 2659 (2013) ("Because we find that petitioners do not have standing, we have no authority to decide this case on the merits, and neither did the Ninth Circuit."). Accordingly, if the Court dismissed plaintiff's case for lack of constitutional, i.e. Article III, standing, the Court would have lacked jurisdiction to reach the merits of plaintiff's case.

      By contrast with constitutional standing, the question of statutory standing involves "whether a legislatively conferred cause of action encompasses a particular plaintiff's claim" Lexmark Intern., Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1387 (2014). As the Supreme Court has explained, statutory standing "does not implicate subject-matter jurisdiction" and instead is generally considered to go to the merits of a plaintiff's claim. Id. at 1387 n.4. Specifically in the context of the Copyright

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Act, courts have generally held that a finding that a plaintiff does not own a valid interest in a copyright is properly construed as a determination that a plaintiff lacks statutory, not constitutional, standing. See, e.g., Minden Pictures, Inc. v. John Wiley & Sons, Inc., 795 F.3d 997 (9th Cir. 2015) ("[T]he issue is whether Minden has a statutory right to sue for infringement under the Copyright Act, which is properly addressed in a motion under Rule 12(b)(6), not whether Minden has satisfied the requirements of Article III, which is properly addressed in a motion under Rule 12(b)(1).").

    In the instant case, the Court determined that plaintiff had assigned all of his economic rights in *Khosara* to Jaber and therefore was not "[t]he legal or beneficial owner of an exclusive right under a copyright." Moreover, in reaching this decision the Court cited and relied upon the standard set forth in 17 U.S.C. § 501(b)—the standing provision of the Copyright Act. Accordingly, the Court's ruling is appropriately considered as a determination that plaintiff lacked statutory standing.

    Nonetheless, plaintiff argues that, under the circumstances of this case, statutory standing also implicates the Court's jurisdiction under Article III. Specifically, plaintiff contends that he has never asserted that he suffered any actual damages in this case (such as lost sales or other economic losses). Therefore, plaintiff argues that the sole "injury in fact" asserted in this case was for a violation of plaintiff's statutory rights under the Copyright Act. Accordingly, in plaintiff's view, when the Court determined that plaintiff was not the owner of a valid copyright in *Khosara*, it necessarily determined that the only injury in fact alleged by plaintiff was not cognizable. In other words, plaintiff argues that because he asserted only a violation of his statutory rights, and did not assert any actual damages, the statutory and constitutional standing inquiries effectively merged in this case.

    There is some authority to support plaintiff's argument. For example, in Righthaven LLC v. Hoehn, 716 F.3d 1166 (9th Cir. 2013), the plaintiff sought only statutory relief under the Copyright Act and did not assert any actual damages. The defendant moved either: (a) to dismiss plaintiff's case for lack of standing; or (b) in the alternative, for summary judgment on the grounds of a claimed fair use defense. Righthaven LLC v. Hoehn, 792 F. Supp. 2d 1138, 1143-44 (D. Nev. 2011). The district court determined that the plaintiff did not possess "any exclusive rights necessary to bring suit," and therefore granted the defendant's motion to dismiss for lack of standing. Id. Nonetheless, the district court then went on to address the defendant's fair use defense and concluded that, in the alternative, defendant was also entitled to summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

judgment on its fair use defense. Id. at 1147, 1151. On appeal, the Ninth Circuit held that it was an error for the district court to have reached the fair use defense because, having determined that the plaintiff did not own a cognizable interest in the copyright at issue, the district court lacked subject matter jurisdiction to reach the merits of the case. Righthaven, 716 F.3d at 1172. Thus, Righthaven suggests that, where a plaintiff asserts only a violation of his statutory rights under the Copyright Act, and does not assert any actual damages, or other injury in fact, a determination as to statutory standing also implicates the Court's subject matter jurisdiction under Article III. See also Fernandez v. Brock, 840 F.2d 622, 630 (9th Cir. 1988) ("[A] plaintiff who merely claims that a defendant violated a statutory duty does not necessarily satisfy the requirement of injury in fact in article III.").

On the other hand, numerous courts have held that a decision regarding statutory standing under the Copyright Act goes to the merits of a case, rather than the courts subject-matter jurisdiction. See, e.g., Minden Pictures, Inc., 795 F.3d at 1001; HyperQuest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 381 (7th Cir. 2011). And, the Ninth Circuit has stated that "the violation of a statutory right is usually a sufficient injury in fact to confer standing." Robins v. Spokeo, Inc., 742 F.3d 409, 412 (9th Cir. 2014), *cert granted*, 135 S.Ct. 1892 (2015); see also Fulfillment Servs. Inc. v. United Parcel Serv., Inc., 528 F.3d 614, 618–19 (9th Cir. 2008) ("The injury required by Article III can exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.' ") (quoting Warth v. Seldin, 422 U.S. 490, 500 (1975)).

However, the Court does not need to determine whether plaintiff may have Article III standing in the absence of an allegation that he has suffered actual damages, because plaintiff is incorrect about the allegations he has made in this case. Contrary to plaintiff's assertion, he has claimed actual damages since the inception of this case. In his complaint, plaintiff alleged that he had suffered damages and would continue to suffer damages as a result of defendants' alleged infringement. Dkt. 1. Thus, at the time plaintiff initiated this action he alleged that he had suffered actual damages. See also Newman–Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."); Haro v. Sebelius, 747 F.3d 1099, 1108 (9th Cir. 2013) ("We consider whether the elements of Article III standing, as articulated in Lujan, were satisfied at the time the complaint was filed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

    At no point in this case did plaintiff ever dismiss or waive his claim for actual damages. See Dkt. 531, at 7 (noting that plaintiff had not "voluntarily abandoned any pleaded claims"). And plaintiff continued to assert that he had suffered actual damages throughout this case. See, e.g., Dkt 416, at 22 ("Therefore, regardless of Plaintiff's claim for disgorgement of wrongful profits, Plaintiff requires Defendants' financial statements in order to calculate its actual damages—a form of relief that even Defendants admit remains available."); Dkt. 433, at 12 ("All parties—as well as the Ninth Circuit—agree that a reasonable royalty is a valid measure of actual damages in a copyright case."); Dkt. 531, at 1 ("If infringement is proven, then the plaintiff is entitled to his actual damages suffered as a result of infringement."). Lastly, in the Final Pretrial Conference Order, plaintiff identified "the amount of plaintiff's actual damages" as one of the issues to be tried to the jury. Dkt. 628. Accordingly, from the initiation of this case and continuing until trial, plaintiff asserted that he was seeking "actual damages."

    Nonetheless, plaintiff argues that he had abandoned his claim for actual damages by the time that trial began. Specifically, he notes that, in their motions *in limine*, defendants explained that "Plaintiff has produced not a single shred of evidence, nor proffered any lay person or expert testimony, that would support any measure of actual damages . . . Plaintiff cannot recover actual damages, and should be barred from attempting to present evidence at this late stage." Dkt. 565, at 1, 3. Plaintiff did not oppose this motion, Dkt. 582, and the Court granted it, Dkt. 626. Further, plaintiff notes that, in their proposed jury instructions, none of the parties submitted instructions on actual damages. See Dkt. 655, 657. However, what is dispositive regarding whether or not plaintiff waived his claim for actual damages is the Final Pretrial Conference Order, which unequivocally stated that plaintiff was seeking actual damages. A final pretrial conference order "controls the course of the action unless *the court* modifies it." Fed. R. Civ. P. 16(d) (emphasis added); see also El-Hakem v. BJY Inc., 415 F.3d 1068, 1077 (9th Cir. 2005) ("A pretrial order controls the subsequent course of the action unless modified 'upon a showing of good cause.' ") (citing Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002)). At no point did either party move the Court to modify the pretrial conference order, and the original order stating that plaintiff was seeking actual damages remained in effect until the end of this case.

    Further, that plaintiff ultimately failed to present evidence of his actual damages at trial is of little import to the issue of plaintiff's standing under Article III. Rather, the fact that plaintiff failed to substantiate his alleged claim for actual damages indicates, not that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

plaintiff lacked standing, but that plaintiff did not prevail on the merits of his claim.[2] "Jurisdiction established at the pleading stage by a claim of injury that is not successfully challenged at that stage is not lost when at trial the plaintiff fails to substantiate the allegation of injury; instead the suit is dismissed on the merits." Kohen v. Pac. Inv. Mgmt. Co. LLC, 571 F.3d 672, 677 (7th Cir. 2009) (Posner, J.); see also Lexmark, 134 S. Ct. at 1387 n.4 ("the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction").

      Accordingly, when the Court ultimately dismissed this case for lack of statutory standing, that did not deprive the Court of subject-matter jurisdiction. Rather, jurisdiction under Article III was independently established because plaintiff claimed, throughout this case, that he had suffered actual damages as a result of defendants' alleged infringement of *Khosara*. Numerous courts have found that, where Article III jurisdiction is independently established, a decision that a plaintiff lacks statutory standing under the Copyright Act constitutes a decision on the merits. See, e.g., Ray Charles Found. v. Robinson, 795 F.3d 1109 (9th Cir. 2015); Minden Pictures, Inc., 795 F.3d at 1001; HyperQuest, Inc., 632 F.3d at 381.

      Therefore, the Court finds that the judgment in this case should reflect that this action was decided on the merits and the dismissal of plaintiff's claims should be with prejudice. See also, HyperQuest, Inc., 632 F.3d at 381 (affirming where district court determined that plaintiff lacked statutory standing under the Copyright Act and noting that "the [district] court correctly realized that its ruling was one with prejudice"); In re Kohner, 2015 WL 4980435, at*2 (Bankr. D. Ariz. Aug. 19, 2015) ("In the Ninth Circuit, dismissals for lack of statutory standing qualify as Rule 12(b)(6) dismissals for failure to state a claim and have *preclusive effect*.") (emphasis added) (citing Vaughn v. Bay Envt'l. Mgmt., Inc., 567 F.3d 1021, 1024 (9th Cir.2009)).

---

     [2] The fact that plaintiff did not present evidence of his actual damages *at trial* is also of no consequence to the issue presented by this motion. The Court bifurcated the damages and liability phase of trial in this case and granted judgment as a matter of law in favor of defendants at the end of the liability phase of the trial. Accordingly, this case did not reach the damages phase of trial and *neither* party presented any evidence regarding the appropriate measure of plaintiff's damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

Moreover, even if it is assumed, *arguendo*, that plaintiff lacked Article III standing, and thus that the Court did not have jurisdiction to reach the merits of this case, the Court would still find that it had jurisdiction to dismiss this case with prejudice as an exercise of the Court's inherent authority to determine its own jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 118 (1998) ("a court always has jurisdiction to determine its own jurisdiction") (Stevens, J., concurring) (citing United States v. Mine Workers, 330 U.S. 258, 290 (1947)). "A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits that precludes a later action on the same claim in a court that does have subject-matter jurisdiction. But the dismissal does preclude relitigation of the same jurisdiction issue." 18A Wright & Miller, Federal Practice and Procedure: Civil Procedure § 4336 (2d. ed.); see also Reed v. Columbia St. Mary's Hosp., 782 F.3d 331, 335 (7th Cir. 2015) ("It is generally true that a dismissal said to be without prejudice for lack of subject-matter jurisdiction can, through the doctrine of issue preclusion, bar the invocation of a federal court's subject-matter jurisdiction in a second lawsuit based on the same facts"); Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir.1999) ("It may seem paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court. But the paradox is superficial. A court has jurisdiction to determine its own jurisdiction.").

Finally, the Court finds that defendants should be declared the prevailing parties in this action. "[A] 'prevailing party' is one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001). Numerous courts in the Ninth Circuit have found that a defendant who obtains a determination that the plaintiff lacks statutory standing under the Copyright Act is a "prevailing party." See, e.g., Cadkin v. Bluestone, 290 F. App'x 58, 59 (9th Cir. 2008); Maljack Prods., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 885, 889 (9th Cir. 1996); Minden Pictures, Inc., 2014 WL 172447, at *8 (N.D. Cal. Apr. 29, 2014); Choyce v. SF Bay Area Indep. Media Ctr., 2014 WL 5597274, at*4 (N.D. Cal. Nov. 3, 2014). This is exactly the relief defendants obtained here when the Court granted defendants' motion for judgment as a matter of law. Accordingly, defendants are the "prevailing parties" in this action.[3]

---

[3] Notwithstanding the foregoing, the Court is still disinclined to award attorneys' fees in this matter. The Copyright Act provides that "the court *may* also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added). As the Supreme Court has recognized, "the word 'may' clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
|---|---|---|---|
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

### III. CONCLUSION

In accordance with the foregoing, the Court enters the following final judgment in this action, which shall be set forth in a separate document pursuant to Rule 58 of the Federal Rule of Civil Procedure.

Pursuant to the Court's order dated October 21, 2015 granting Defendants' Motion for Judgment as a Matter of Law, Dkt. 708, it is **HEREBY ORDERED ADJUDGED AND DECREED as follows**:

(1)     That final judgment, pursuant to Federal Rule of Civil Procedure 58, be entered in favor of Defendants Jay-Z (aka Shawn Carter), Timothy Mosley (erroneously sued as Timothy Mosely), Rob Bourdon, Brad Delson, Mike Shinoda, Dave Farrell, EMI Blackwood Music, Inc., EMI Music Publishing Ltd., Kenji Kobayashi Music, Machine Shop Recordings, LLC, MTV Networks Enterprises, Inc., Nondisclosure Agreement Music, Paramount

---

connoted discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994). The Ninth Circuit has articulated five non-exclusive factors to consider in determining whether to grant a prevailing party attorneys' fees: " '[1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence.' " Inhale, Inc. v. Starbuzz Tobacco, Inc., 739 F.3d 446, 449 (9th Cir. 2014) (quoting Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994)). Here, the Court finds it significant that no finding was ever made regarding the underlying claim of copyright infringement. See also Minden Pictures., 2014 WL 1724478, at *6 ("[W]hile Wiley undoubtedly succeeded in this action, the Court finds the degree of success is mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made."). Furthermore, as the parties are well aware, this case involved numerous, complicated questions of Egyptian law, many of which remained contested until very late stages in this litigation and were crucial to the Court's finding that plaintiff lacked statutory standing. Under these circumstances, the Court cannot find that the arguments advanced by plaintiff were "objectively unreasonable," nor can the Court find that plaintiff's claim was "frivolous."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:07-cv-05715-CAS(PJWx) | Date | February 1, 2016 |
| Title | OSAMA AHMED FAHMY V. JAY-Z, ET AL. | | |

       Home Entertainment, Inc., Paramount Pictures Corporation, Rob Bourdon Music, Roc-A-Fella Records, LLC, Timbaland Productions, Inc., UMG Recordings, Inc., Universal Music and Video Distribution, Inc., and Warner Music Inc. (collectively, "defendants"), and against Plaintiff;

(2)    That plaintiff's claims for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101, et seq., and for Unfair Business Practices under Cal. Bus. Prof. Code § 17200 and common law be, and hereby are, dismissed on the merits in their entirety with prejudice;

(3)    That defendants are the prevailing parties on those claims set forth in paragraph 2; and

(4)    That this judgment does not address whether plaintiff has the right to assert a claim for alleged infringement of his foreign moral rights, if any, in any jurisdiction that recognizes such rights.[4]

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |

---

[4] Defendants request that the Court enter judgment dismissing all defendants who were originally named in this action. Early in this litigation, in August 2008, the Court dismissed without prejudice defendants Kyambo Joshua, Lil Lulu Publishing, Marcy Projects Productions II, Inc., and Radical Media. Dkt. 91. Nonetheless, defendants now request that the Court enter an order dismissing these defendants *with* prejudice. Plaintiff has never sought to rename these defendants in this action and the Court does not find it appropriate to reassert jurisdiction over these defendants so that the Court may dismiss them again—this time with prejudice. Accordingly, the judgment entered by the Court does not include these defendants.